# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | Civil Action No.: 04-0163 GMS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) | JURY TRIAL DEMANDED |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) | |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) | |
| FRANK J. OSBORNE, JR., CHRISTINA REWA | ) | |
| AND URS CORPORATION | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY | ) | |
| | ) | |
| Third Party Defendant. | ) | |

## MOTION FOR PROTECTIVE ORDER

The City of Newark, through counsel, moves this Court for a Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  As cause, the Court is shown as follows:

1.    The City of Newark "Newark" has repeatedly and consistently asked Plaintiff Donald M. Durkin Contracting, Inc. ("Durkin"), through its counsel, to coordinate site visits to the Newark Reservoir project site through counsel and at an appropriately scheduled time. Attached are copies of letters sent to Plaintiff's counsel dated June 15, 2004 and June 10, 2005 at Exhibits A and B, both admonishing against reported trespass and photographs being taken by Durkin representatives.

2.    On May 23, 2005 counsel for Durkin forwarded a photograph taken of the Newark Reservoir construction site which was not taken by Newark, the engineer URS

Corporation or the replacement contractor, George & Lynch, which are the only entities

authorized access to the site.  Counsel for Plaintiff did not respond to an inquiry regarding the

source of the photograph.  See attached email at Exhibit C.

3.    On June 1, 2005 a resident of a neighborhood bordering the Newark Reservoir

project called 911 to report a marked Durkin truck and a man "working up the [Reservoir] road

there as if he's spying."   The caller stated that "It's as if he scoped out the area and is just sitting

there, giving a report or something."  See attached transcript of 911 call at Exhibit D.

4.    Representatives of Plaintiff, specifically Michael D. Durkin and James Durkin,

were arrested for criminal trespass at the Reservoir on the evening of June 20, 2005.  The

Durkins were advised by Newark police that they were not allowed to return to the property.

Attached is a copy of the police report at Exhibit E.

5.    On June 23, 2005 the contractor who replaced Durkin to complete the Reservoir

project, George & Lynch, realized that surveying grade stakes used for construction layout had

been deliberately changed.  See attached Incident Report from URS Corporation at Exhibit F.

6.    The grade stakes were obviously switched by individuals knowledgeable about

surveying and the resultant effect which the careful and calculated change would have on

subsequent work performed by George & Lynch.  See attached Affidavit of Floyd W. Metz, Jr.

at Exhibit G.

7.    On July 11, 2005 two white males dressed in camouflage clothing were observed

taking photographs of the Newark Reservoir project with a telephoto lens.  The men fled the area

when approached by George & Lynch representatives.  See attached police report at Exhibit H.

8.    Although the source cannot be verified, low flying planes have been observed

taking photographs of the Reservoir project.   It should also be noted that Newark's Mayor

Vance Funk, III, Esquire was told by a resident that marked Durkin trucks had parked in front of

her residence which is adjacent to the Reservoir project and traversed her property to gain

access.  Unfortunately the resident's name is unavailable.

9.      Notwithstanding the foregoing, Newark accommodated Plaintiff's recent request

for a site visit on June 27, 2005 which was attended by Michael D. Durkin and James Durkin.

See attached sign in sheet at Exhibit I.  Newark has accommodated every request by Plaintiff for

site access.   The Plaintiff has never requested photographs of ongoing construction, nor has

Plaintiff attempted to make arrangements to take photographs.

10.      Federal Rule of Civil Procedure Rule 26(c) provides that the Court "may make

any order which justice requires to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense, including…(2) that the disclosure or discovery may be

had only on specified terms and conditions, including a designation of the time and place."

11.      The continued trespass and defiance of Plaintiff is not only illegal, but in terms of

the pending lawsuit, completely inappropriate.  The recent sabotage was clearly performed by

individuals knowledgeable about surveying and the Reservoir construction work, and possessing

an interest in interference with the continued construction effort.

12.      Had George & Lynch not noticed the subtle change in the grade stakes, it would

have constructed the Reservoir embankment improperly causing thousands of dollars in damages

as well as lost time.  George & Lynch is reasonably concerned about further sabotage to its work

and equipment.  See Aff'd of Floyd W. Metz, Jr., Exhibit G at Paras. 8 and 10.

13.      Further, in that Newark is a municipality, there is a risk to public good and

welfare if Plaintiff is not restricted from trespass and sabotage is not prevented which could

ultimately affect costs and fees paid by Newark residents.

14.     Warnings from the undersigned counsel as well as the criminal arrest have obviously done nothing to stop the illegal and unacceptable activities of the Plaintiff.

15.     Newark respectfully requests an Order from this Court barring Plaintiff and all its representatives from the Newark Reservoir project or nearby vicinity.  Plaintiff should be barred from utilizing or relying upon any photographs or information obtained in an improper method. See *Greyhound Lines, Inc. v. Peter Pan Bus Lines, Inc.*, 845 F. Supp. 295, 302 ("The plaintiff should not benefit from illegal trespass.").

WHEREFORE, Defendant City of Newark requests this Honorable Court for a Protective Order prohibiting entry and trespass by Plaintiff Donald M. Durkin Contracting Company, Inc. on the Newark Reservoir project site and immediate vicinity and barring the usage of any information obtained during any unauthorized site visit.

TIGHE, COTTRELL & LOGAN, P.A.


/s/ Victoria K. Petrone
Paul Cottrell, Esquire (#2391)
Victoria K. Petrone, Esquire (#4210)
First Federal Plaza, Suite 500
P.O. Box 1031
Wilmington, DE 19899
(302) 658-6400
*Counsel for the City of Newark, its Mayor*
*and Council*

Date: July 13, 2005