**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | CASE NO. 04-0163-GMS |
| vs. | |
| DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | |

**ORDER**

AND NOW, this _____ day of _____, 2005, upon

consideration of the Motion for Protective Order by the City of Newark, and any response

thereto, it is hereby ORDERED that said Motion is denied with prejudice.

BY THE COURT:

_____
                                                                                    J.

KOP:318561v1 3514-04

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

---

DONALD M. DURKIN CONTRACTING,
INC., *Plaintiff*
vs.
CITY OF NEWARK, et al., *Defendants*
and
CITY OF NEWARK, *Third-Party Plaintiff*    CASE NO. 04-0163-GMS
vs.
DONALD M. DURKIN CONTRACTING
and FEDERAL INSURANCE COMPANY,
*Third-Party Defendants*

**ANSWER OF DONALD M. DURKIN CONTRACTING, INC.
TO THE MOTION FOR PROTECTIVE ORDER
BY THE CITY OF NEWARK**

1.      Denied.  Although the correspondence attached as Exhibits "A" and "B" to the

City of Newark's Motion for Protective Order were forwarded by counsel for the City of Newark

to counsel for Donald M. Durkin Contracting, Inc. ("Durkin Contracting"), the characterization

of this allegation is specifically denied.  Although Michael Durkin and James Durkin have

periodically entered onto the Newark Reservoir Project ("Project") site without prior notice to the

City of Newark, they did so based upon information provided to them that actions being taken by

or on behalf of the City of Newark were inconsistent with Durkin Contracting's and its surety,

Federal Insurance's rights, and also to confirm and document the reports of non-conforming and

deficient work being performed by George & Lynch, Inc.  See Affidavits of Michael D. Durkin

and James W. Durkin, attached hereto as Exhibits "A" and "B".  Without intending to be all

inclusive, Durkin Contracting had been advised that materials for which they and Federal

Insurance were being held financially accountable had been left unprotected, and that work was

being performed by the "follow on" contractor, George & Lynch, Inc., in a manner and method

KOP:318561v1 3514-04

which was materially inconsistent with the plans, drawings and specifications–notwithstanding

the claim by the City that all work at the Project by George & Lynch, Inc. was being performed

under the old specifications and that conditions were being created on the Project site which

would be held to the account of Durkin Contracting in the future. It is admitted that on each

occasion when the City of Newark notified counsel for Durkin Contracting, that representatives

of Durkin Contracting were advised to refrain from entering onto the Project site.

2.     It is admitted only that a copy of a photograph was forwarded to counsel for the

City of Newark and Federal by counsel for Durkin Contracting with the question, "Do you know

the date this picture was taken?".

3.     Denied. Durkin Contracting is unaware of the activities of the unnamed resident

or the reason for the purported "911" telephone call. However, as indicated in the affidavits of

James and Michael Durkin, Durkin Contracting was granted permission by the owner of land that

borders the Project site to enter onto her property to observe the activities on the Project.

4.     Admitted.

5.     Denied. Durkin Contracting is unaware whether, or to what extent, if any, any of

the survey grading stakes alleged to have been placed by George & Lynch, Inc. were altered by

others. As further answer, to the extent that this allegation is made to suggest or insinuate that

Michael D. Durkin or James W. Durkin were in any way responsible for purportedly altering

survey grading stakes, the allegation is false. See Exhibits A & B attached hereto.

6.     Denied. The attached affidavit referenced as Exhibit "G" to the City of Newark's

Motion for Protective Order reflects the speculative conclusion of the George & Lynch

representative, and the contents of that affidavit are incorrectly characterized in these allegations.

As further answer, the averments set forth in paragraph 5 above are incorporated here in full.

      7.     Durkin is unaware of "two white males dressed in camouflage clothing [who] were observed taking photographs of the Newark Reservoir project with a telephoto lens." To the extent that the allegation is made to suggest or insinuate that any representatives of Durkin Contracting are or were engaged in this activity, it is specifically denied.

      8.     Durkin Contracting is without any information as to any of the alleged reported incidents of low flying aircraft above the reservoir taking photographs. Durkin Contracting has periodically documented the activities at the site and has requested that aerial photographs be taken. To the extent the allegation suggests that Durkin Contracting has "trespassed" on the site in obtaining the aerial photographs, the same is specifically denied.

By way of further response, Durkin Contracting did obtain permission of one of the landowners whose property abuts the Project site to enter onto her property and observe the nature and progress of the construction work by George & Lynch, Inc. See Exhibits "A" and "B" attached hereto.

      9.     It is admitted only that a site visit occurred on June 27, 2005, which was attended by Michael D. Durkin and James Durkin. It is Durkin Contracting's understanding that the City of Newark was to provide photographs and video tapes of the ongoing construction activities, along with Project records, to Federal, but that the photographs have, to this point, not been provided by the City of Newark.

      10.    Denied as a legal conclusion to which no response is required.

      11.    It is specifically denied that Durkin Contracting has ever authorized, directed or otherwise endorsed any criminal conduct, including, but not limited to, trespassing. It is further

specifically and categorically denied that Durkin Contracting engaged in "sabotage" as alleged, and that any such allegations, inferences or insinuations are baseless and malicious. It is further specifically and categorically denied that Durkin Contracting has any "interest in interference with the continued construction effort." Indeed, such a suggestion is absurd on its face since the City has asserted a counterclaim against Durkin Contracting and a claim against Federal. The suggestion that Durkin Contracting would purposefully cause an increase in costs to complete the Project is simply illogical. As further answer, Durkin Contracting has an absolute right and vested interest in the means, methods and manner in which the remaining work on the Project is performed, insofar as the City of Newark seeks recovery of any amounts from Durkin Contracting and its surety, Federal, in connection with same.

12.     Denied. Durkin Contracting has no knowledge concerning the allegations set forth relating to any alleged changes made in the survey grading stakes placed by George & Lynch, Inc., let alone whether George & Lynch, Inc. believes or perceives same to be "sabotage to its work and equipment." The innuendo that Durkin Contracting is in any way responsible for "sabotage" is malicious, frivolous and made in bad faith. Durkin Contracting incorporates its answers to paragraphs 5 and 6 above as though set forth in full herein.

13.     Denied. The City of Newark's allegations concerning any alleged sabotage are false and malicious, and appear to be motivated and designed solely to unreasonably deny Durkin Contracting and its counsel and representatives future access to document the nature and progress of construction at the Project.

14.     Denied. It is specifically and categorically denied that there has been any "illegal" or "unacceptable" conduct by any representatives of Durkin Contracting after the arrest of James

W. Durkin or Michael D. Durkin.  To the extent the City of Newark is alleging that there is any continuing misconduct on the part of any representative of Durkin Contracting, such allegations are groundless and are calculated and designed solely to unreasonably deny Durkin Contracting and its counsel and representatives future access to document the nature and progress of construction at the Project.  Durkin Contracting demands that the City produce evidence of any supposed ongoing activities and proof of sabotage by Durkin Contracting.  Should such proof be lacking, the allegations and innuendos should be withdrawn.

15.    Denied as legal conclusions to which no response is required.  As further answer, there is no legal basis for prospectively denying Durkin Contracting and its counsel and consultants access to the Project site during the pendency of this litigation, particularly when there remains substantial disagreement concerning the City of Newark's representations as to the nature and manner of construction and what was observed by Durkin Contracting and its counsel and consultants on June 27, 2005.

As further answer, it is specifically denied that the case of Greyhound Lines, Inc. v. Peter Pan Bus Lines, 845 F. Supp. 295, (E.D. Pa. 1994) – which involved claims for injunctive relief when the defendant recruited "hawkers" from homeless shelters in Philadelphia to harass and assault the Greyhound employees and passengers on Greyhound buses and impede access into the Greyhound terminal – has any relevance or applicability to the circumstances at bar.

Finally, any photographs taken by James W. Durkin and Michael D. Durkin simply document the Project site conditions, which the City of Newark or its representatives are ostensibly doing on a daily basis; consequently, there is no "benefit" or advantage to be gained by Durkin Contracting by virtue of its employees having taken the photographs.  Durkin Contracting

agrees that copies of the photographs will be made available to the City of Newark.

WHEREFORE, Donald M. Durkin Contracting requests that the Motion of the City of Newark be denied with prejudice.

<div style="margin-left: 45%;">

**Powell, Trachtman, Logan,**
**Carrle & Lombardo, P.C.**

By: _____

Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
Attorneys for Plaintiff

</div>

KOP:318561v1 3514-04

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | CASE NO. 04-0163-GMS |
| vs. |  |
| CITY OF NEWARK, et al., *Defendants* and | **CERTIFICATE OF SERVICE** |
| CITY OF NEWARK, *Third-Party Plaintiff* |  |
| vs. |  |
| DONALD M. DURKIN CONTRACTING, et al., *Third-Party Defendants* |  |

I, Paul A. Logan, counsel for Plaintiff certify that on July 25, 2005, a true and correct copy of the foregoing Answer of Donald M. Durkin Contracting, Inc. to the Motion for Protective Order by the City of Newark  was served upon the following in the manner indicated:

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F. Godwin, John H. Farrell, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr. and Christina Rewa
Via Facsimile Transmission and Ordinary Mail

Samuel J. Arena, Jr., Esquire
Patrick R Kingsley, Esquire
David M. Burkholder, Esquire
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant Federal Insurance Company
Via Facsimile Transmission and Ordinary Mail

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation
Via Facsimile Transmission and Ordinary Mail

**Powell, Trachtman, Logan, Carrle & Lombardo, P.C**

By: _____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
Attorneys for Plaintiff

KOP:318561v1 3514-04