Exhibit "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br>vs.<br>CITY OF NEWARK, et al., *Defendants*<br>and<br>CITY OF NEWARK, *Third-Party Plaintiff*<br>vs.<br>DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

## AFFIDAVIT OF JAMES W. DURKIN

I, James W. Durkin, being duly sworn, do hereby depose and state:

1. I am of legal age and competent to make this Affidavit in support of Plaintiff's Answer to the Motion for Protective Order by the City of Newark ("Motion"). All statements made in this Affidavit are made upon the basis of my personal knowledge.

2. I am the corporate Secretary of Donald M. Durkin Contracting, Inc. ("Durkin Contracting") and I was in charge of administering the financial records, including the payroll, vendor and subcontractor accounts, and payment requisitions for the company on the project for the City of Newark known as the Water Supply Reservoir ("Project").

3. At some point in the spring of 2005, I received permission from Barbara Szweczyk, who resides at 191 Kenneth Court, Newark, Delaware, to enter onto her property to observe the nature and progress of the construction activities by George & Lynch, Inc. at the Project.

4. Upon receiving permission to enter onto the property of Ms. Szweczyk, myself and Michael Durkin went onto Ms. Szweczyk's property, which borders the reservoir and is

KOP:318526v1 3514-04

located alongside and above the reservoir, to order observe the nature and progress of the work of George & Lynch, Inc. at the Project.

5. At no time did I or any other employee or representative from Durkin Contracting enter onto the reservoir premises dressed in "camouflage clothing" as alleged in paragraph 7 of the City of Newark's Motion and I have no information as to who these purported individuals were.

6. At no time did I or any other employee or representative from Durkin Contracting disturb, move or relocate any of the grading stakes at the Project after Durkin Contracting was removed from the Project. Further, I have no information respecting any such activities.

7. At some point in the late spring of 2005, I received information from suppliers providing materials for the Project that the construction work performed by George & Lynch, Inc., specifically as it related to the embankment construction, was not in accordance with the technical requirements and standards imposed and enforced upon Durkin Contracting by the City of Newark when Durkin Contracting was performing its work on the Project.

8. The information I received concerning the activities of George & Lynch, Inc. was in direct contradiction to the reports being provided to Durkin Contracting by the City of Newark, namely that the construction activities of George & Lynch, Inc. were in complete conformance and compliance with the requirements and standards imposed upon Durkin Contracting with respect to construction of the embankments.

9. I acknowledge that on May 19, 2005, May 20, 2005, May 21, 2005 and on June 20, 2005, I entered onto the reservoir site to more closely observe the condition of the

embankment work performed by George & Lynch, Inc., after rain events, and that I did not obtain prior permission from the City of Newark to enter onto the premises on those occasions.

10. On June 20, 2005 and again on June 27, 2005, during an arranged site visit with counsel for Durkin Contracting and Federal Insurance Company, I observed and confirmed that the embankment work being performed by George & Lynch, Inc. was deficient and defective in several material respects, and was not in conformance and compliance with the requirements and standards imposed upon Durkin Contracting with respect to construction of the embankments.

11. During the site visit referenced in paragraphs 9 and 10 of this Affidavit, I documented the conditions I observed by taking photographs, copies of which are being made available to the City of Newark.

12. At no time after Durkin Contracting was terminated by the City of Newark did I, or anyone associated with Durkin Contracting, disturb or destroy any construction, surveying or materials on the site or interfere with George & Lynch, Inc's activities; all we did was document the conditions on the site by photographing the site.

I state under penalty of perjury that the facts in the foregoing Affidavit are true and correct to the best of my knowledge, information and belief.

Date: 7/25/05

James W. Durkin

SWORN AND SUBSCRIBED before me this 25th day of July, 2005.

Notary Public

NOTARIAL SEAL
CHERYL SMITH, Notary Public
Norristown Boro., Montgomery County
My Commission Expires April 17, 2006

KOP:318526v1 3514-04