# IN THE UNITED STATES DISTRICT COURT DELAWARE
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) |
| | ) C.A. No. 04-0163 GMS |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| v. | ) |
| | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) |
| FRANK J. OSBORN, JR., and | ) |
| CHRISTIANA REWA, | ) |
| | ) |
| Defendants/ | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Third-Party Defendant. | ) |

-----------------------------------------------------------

| | |
|---|---|
| CITY OF NEWARK, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| URS CORPORATION, | ) |
| | ) |
| Third-Party Defendant. | ) |

**MEMORANDUM OF URS CORPRATION IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY THIRD-PARTY COMPLAINT**

2

        JAMES S. GREEN, ESQ. (DE0481)
        jgreen@svglaw.com
        GEORGE H. SEITZ, III, ESQ. (DE667)
        gseitz@svglaw.com
        KEVIN A. GUERKE, ESQ. (DE4096)
        kguerke@svglaw.com
        GEORGE H. SEITZ, IIII (DE667)
        KEVIN A. GUERKE, ESQ. (DE4096)
        SEITZ, VAN OGTROP & GREEN, P.A
        222 Delaware Avenue, Suite 1500
        P. O. Box 68
        Wilmington, DE  19899
        (302) 888-0600
            Attorneys for Third-Party Defendant
            URS Corporation

Dated:  12/6/05

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ...................................................................................................... i

TABLE OF CITATIONS ..................................................................................................... ii

    I.    NATURE AND STAGE OF PROCEEDINGS. ..................................................... 1

    II.    STATEMENT OF FACTS. .................................................................................. 2

    III.    SUMMARY OF ARGUMENT ............................................................................ 4

    IV.    ARGUMENT. ....................................................................................................... 5

        A.    The Third-Party Complaint Should be Dismissed. ................................... 5

        B.    In the alternative, the Court should stay the Third-Party Complaint. .................. 6

    V.    CONCLUSION. ................................................................................................... 9

## **TABLE OF CITATIONS**

Cases

Black v. Indiana Area School District, 985 F.2d 707 (3d Cir. 1993) ................................ 6

Blaustein v. Standard Oil Co., 45 A.2d 533, 535 (Del.Super. 1945) .................................. 7

Brooks v. Savitch, 576 A.2d 1239, 1335 (Del.Super. 1989) .............................................. 5

Chesapeake Utilities Corp. v. C&P Telephone Co., 401 A.2d 101 (Del. Super 1979)
    Aff'd. 415 A.2d 486 (Del. 1980) ................................................................................. 5

Fed. R. Civ. P. 7(a) ..................................................................................................... 2, 5

Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983) ................... 7

In Re Cessna Distributorship Antitrust Litigation, 185 F.3d 61, 66-67 (2d. Cir. 1999) ..... 2

Lanova Corporation v. Atlas Imperial Diesel Engine Co., 64 A.2d 419, 420
    (Del.Super. 1949) ...................................................................................................... 7

Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) ............................................................ 6

Will v. Calvert Fire Ins. Co., 437 U.S. 655, 665-66, 98 S.Ct. 2552, 2558-59,
    57 L.Ed.2d 504 (1978) ............................................................................................... 7

I.    **NATURE AND STAGE OF PROCEEDINGS.**

The action was commenced on March 16, 2004.  The City of Newark filed an Answer, Counterclaim, and Third-Party Complaint on April 12, 2004, but asserted no Cross-claim against URS.  On September 8, 2004, all parties executed a Stipulation of Dismissal dismissing URS from the action.

On October 7, 2005, Newark filed a Third-Party Complaint against URS seeking contribution and/or indemnification from URS should Newark be found liable to Durkin.  The Third-Party Complaint was served on URS' registered agent on November 16, 2005.  On December 6, 2005, URS filed a Motion to Dismiss or, in the Alternative, to Stay Newark's Third Party Action.  This is URS' Memorandum in support of that Motion.

II.     **STATEMENT OF FACTS.**

The instant case was commenced on March 16, 2004 by Donald M. Durkin Contracting, Inc. ("Durkin") against the City of Newark, Delaware ("Newark"), its Mayor, and City Council Members (collectively the "City Defendants"), and URS Corporation ("URS"). Newark and the City Defendants filed a Counterclaim against Durkin and a Third-Party Complaint against Durkin's bonding company, Federal Insurance Co. ("Federal").

Newark was served with the Complaint in March 2004. Pursuant to Fed. R. Civ. P. 12(a), it had twenty days to serve an Answer to the Complaint. A Cross-Claim is not considered a separate pleading, but is part of the Answer. See Fed. R. Civ. P. 7(a); In Re Cessna Distributorship Antitrust Litigation, 185 F.3d 61, 66-67 (2d. Cir. 1999). Thus, Newark's Cross-Claim, if any, should have been filed with its Answer which was filed on April 12, 2004. To fail to pursue a Cross-claim at that time, but wait until a month after URS had been voluntarily dismissed from the case some 18 months after it filed its Answer, is inexplicable and borders on the absurd.

As the Court well knows, the instant dispute revolves around the construction of a reservoir for Newark (the "Reservoir"). URS was, and is, the Design Engineer for the Reservoir and Durkin was awarded the bid by Newark to construct the Reservoir. Durkin was terminated by Newark and, thereafter, sued Newark, the City Defendants and URS. Durkin had no contractual relationship with URS, and its Complaint alleged a variety of intentional torts against URS. Importantly, URS brought no claims against any of the other parties and none of the parties, other than Durkin, asserted any claims against URS.

On September 3, 2004, the Court entered a Scheduling Order, including the setting of a ten-day jury trial for September 19, 2005.

Following the Scheduling Conference and Order in September 2004, the parties engaged in extensive paper discovery and conducted two mediations, one in December 2004, and another in June 2005. Despite their efforts, the parties were unable to resolve the case through mediation. However, on September 8, 2005, the parties filed a Stipulation of Dismissal dismissing URS from the action. On October 7, 2005, the Court entered a new Scheduling Order, <u>inter alia</u>, setting a ten-day jury trial for September 25, 2006. On that same date, Newark filed a Third-Party Complaint against URS bringing it back into the case from which it had just been dismissed a month earlier. The Third Party Complaint seeks indemnification and/or contribution from URS in the event that Newark is found liable to Durkin on Durkin's Complaint.

Thus, more than a year and a half after this case was commenced and a month after URS was voluntarily dismissed from the action, Newark has decided to assert claims against its Engineer, URS.

**III.    SUMMARY OF ARGUMENT**

The Court, in the interest of controlling its docket and judicial economy, should exercise its discretion to dismiss or stay Newark's Third Party Complaint against URS.

## IV.   ARGUMENT.

### A.   *The Third-Party Complaint Should be Dismissed.*

The Court should dismiss Newark's Third-Party Complaint against URS. The claim now asserted by Newark against URS was available to it in March of 2004, when this action was commenced. Yet, it waited until URS was dismissed, more than a year and a half into the litigation to assert its claim. There are no other claims pending by or against URS. However, if the Third-Party Complaint is allowed to proceed, URS will be required to plead any compulsory counterclaims it has against Newark further complicating (and perhaps delaying) an already complex and lengthy case.

Delaware law is clear that a cause of action for contribution arises at the moment that a person pays more than his proportionate share of a joint obligation. Brooks v. Savitch, 576 A.2d 1239, 1335 (Del.Super. 1989). The statute of limitations for a claim for indemnification does not begin to run until the indemnitee suffers damage. The point at which the indemnitee suffers loss or damage through the payment of a claim after judgment or settlement is the determining factor. Chesapeake Utilities Corp. v. C&P Telephone Co., 401 A.2d 101 (Del. Super 1979) Aff'd. 415 A.2d 486 (Del. 1980).

Because Newark's claim is conditioned upon a verdict against it in favor of Durkin, its claim will never have to be litigated unless Durkin prevails on one or more of its claims against Newark, for which URS would arguably be responsible. Clearly, URS could have no liability as indemnitor or contributor on some of Durkin's claims. For example, it is difficult to see how URS could be liable for contribution or indemnification

on Durkin's Civil Rights Claim (Count I).  See, Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982) ("Acts of …private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts").  See also, Black v. Indiana Area School District , 985 F.2d 707 (3d Cir. 1993).

With regard to the various tort claims: Interference with contract (Count II); Defamation (Count III); Conversion (Count IV); Fraud (Count V); and Conspiracy (Count VI), with the voluntary dismissal of URS, there is no basis to assert joint-tort liability or to impose contribution under the Contribution Among Joint Tort Feasors Act.  The remaining claim by Durkin against Newark is Breach of Contract (Count VII).  Any liability of URS for indemnification and/or contribution would depend upon the terms of the contract between URS and Newark.  However, none of those terms are even alleged by Newark in its Third-Party Complaint.

In any event, as noted above, Newark's claims for indemnification and contribution are inchoate claims that do not mature unless and until an underlying obligation accrues.  An underlying obligation of URS to Newark is dependent upon a judgment against Newark in favor of Durkin.  Until such time as that may occur, URS should not be dragged back into this case.

### B.     *In the alternative, the Court should stay the Third-Party Complaint.*

If the Court determines that dismissal of the Third-Party Complaint is not appropriate, then the Court should stay the litigation of the Third Party Complaint until after the trial of the underlying claims in the interest of judicial economy and controlling the Court's docket.

The ability to grant a stay is a fundamental power that falls within the discretion of the Court. Blaustein v. Standard Oil Co., 45 A.2d 533, 535 (Del.Super. 1945)(See Lanova Corporation v. Atlas Imperial Diesel Engine Co., 64 A.2d 419, 420 (Del.Super. 1949)). "The power to stay proceedings is incidental to the power inherent in every court to schedule disposition of the cases on its docket so as to promote fair and efficient adjudication. How this can best be done is a decision properly vested in the trial courts." Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983)(*quoting* Landis v. North American Co., 299 U.S. 248, 255, 57 S.Ct. 163, at 165-66 (1936). District courts are afforded broad discretion when it comes to scheduling their calendars, and as a result one cannot assert in the absence of a blatant abuse of the court's discretion, that a "litigant's right to a particular result is 'clear and indisputable.' " Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983)(*quoting* Will v. Calvert Fire Ins. Co., 437 U.S. 655, 665-66, 98 S.Ct. 2552, 2558-59, 57 L.Ed.2d 504 (1978). The Court most certainly has the power to grant a stay when justice so requires. Blaustein v. Standard Oil Co., 45 A.2d 533, 536 (Del.Super. 1945).

Newark's claim for contribution and/or indemnification from URS will be rendered moot by a judgment in Newark's favor. In any event, those claims do not ripen unless and until there is a judgment against Newark for which contribution and/or indemnification may be available under some viable joint tort or contract theory. The Court has very broad discretion to postpone the consideration of these claims and thereby simplify the instant controversy. A judgment in favor of Newark against Durkin will extinguish the claims against URS and obviate any further consideration. An adverse

verdict against Newark will define the parameters and extent of its claim for contribution and/or indemnification against URS, which can then be litigated, if necessary. In either event, the most efficient use of the resources of the Court and parties would be promoted. For these reasons, a stay of Newark's Third-Party Complaint should be granted.

V.     **CONCLUSION.**

For all of the reasons stated, the Third Party Complaint of the City of Newark against URS Corporation should be dismissed or, in the alternative, stayed pending resolution of the claims among Durkin, Newark, and Federal.

**Respectfully submitted,**

**SEITZ, VAN OGTROP & GREEN, P.A**

/s/ James S. Green
JAMES S. GREEN, ESQ. (DE0481)
jgreen@svglaw.com
GEORGE H. SEITZ, III, ESQ. (DE667)
gseitz@svglaw.com
KEVIN A. GUERKE, ESQ. (DE4096)
kguerke@svglaw.com
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
        Attorneys for Third-Party Defendant
        URS Corporation

Dated:  12/6/05

## CERTIFICATE OF SERVICE

I, James S. Green, Esquire, hereby certify that on this 6th day of December, 2005, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**MEMORANDUM OF URS CORPRATION IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY THIRD-PARTY COMPLAINT**

/s/ James S. Green
_____
James S. Green (ID No. 0481)
jgreen@svglaw.com