# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| | ) | Civil Action No. 04-0163 GMS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) | JURY TRIAL DEMANDED |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) | |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) | |
| FRANK J. OSBORNE, JR., and | ) | |
| CHRISTINA REWA | ) | |
| | ) | |
| Defendants/Third Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY and | ) | |
| URS CORPORATION | ) | |
| | ) | |
| Third Party Defendants. | ) | |

### CITY OF NEWARK'S ANSWERING BRIEF IN OPPOSITION TO
### URS CORPORATION, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE,
### STAY THIRD-PARTY COMPLAINT

TIGHE COTTRELL & LOGAN, P.A.

Paul Cottrell, Esquire (# 2391)
Victoria K. Petrone, Esquire (# 4210)
First Federal Plaza
704 North King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899 - 1031
tel. 302.658.6400
fax. 302.658.9836
e-mail: p.cottrell@lawtcl.com
*Counsel for City of Newark*

Dated: December 20, 2005

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      I.       . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

      II.      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## **TABLE OF AUTHORITIES**

**Case**                                                                                                           **Page**

*Fehlhaber v. Indian Trails, Inc.*, 45 F.R.D. 285 (D. Del. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Other Authority**

Fed. R. Civ.P. 14 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10 Del. C. §6301 *et seq* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin Contracting, Inc. filed its *Complaint* on March 16, 2004 which included claims against both URS Corporation, Inc. and the City of Newark. City of Newark filed its *Answer, Counterclaim and Third-Party Complaint* against Federal Insurance Company on April 12, 2004. URS filed its *Answer* on April 26, 2004. URS was dismissed from the lawsuit on September 8, 2005.

Newark filed its *Third-Party Complaint* against URS on October 7, 2005 and concurrently served counsel for URS. Newark also served URS's registered agent on November 16, 2005.

## SUMMARY OF ARGUMENT

Newark's *Third-Party Complaint* against URS should remain a part of the main action because it involves the same issues, same documents and same witnesses. The basis for the *Third-Party Complaint* arises directly out of the allegations of Durkin's *Complaint* and as such URS is a proper defendant.

The *Third-Party Complaint* should also not be stayed for the same reasons. Allowing resolution of the *Third-Party Complaint* in the main action would be the most efficient use of time and judicial resources.

## STATEMENT OF FACTS

Plaintiff Donald M. Durkin Contracting, Inc. ("Durkin") was retained by the City of Newark to construct the Newark Water Supply Reservoir (the "Project" or the "Reservoir"). After the Project was approximately 70% complete Durkin refused to continue performance and its contract with Newark was terminated. Durkin filed its *Complaint* on March 16, 2004 which included claims against both URS Corporation, Inc. ("URS") and the City of Newark ("Newark"). Durkin avers in its *Complaint* that "URS expressly and impliedly warranted the adequacy of the design...[and] the completeness of the bid and contract documents." *Complaint*, ¶26. Durkin asserts damages "due to defects in URS' design" (¶70) and further that "URS attempted to conceal its own design errors and financial responsibility for the errors." (¶89). Durkin cites its expert's report in the *Complaint* in which the expert "confirmed the defects in the design, the existence of significant life/safety issues, [and] that the as-designed system was not 'constructable.'" (¶107).

URS in-house professionals and experts re-evaluated the design, analyzed the allegations by Durkin's expert and advised Newark that the Reservoir design was safe and constructable. Newark retained a separate expert to evaluate Durkin's allegations who also determined that the design was safe and constructable. The Reservoir was completed by another contractor and is currently in the process of being filled with water. Nonetheless, Durkin's allegations regarding adequacy, safety and constructability remain at issue in the litigation.

Durkin's *Complaint* contains counts for breach of contract and various intentional torts. As there is no contractual relationship between Durkin and URS, Durkin agreed to dismiss URS. On September 8, 2005 the parties attended a Scheduling Conference in which the claims against URS were discussed and the Court granted leave for Newark to file its *Third-Party Complaint*. URS was

3

dismissed via stipulation from the lawsuit on the same day. Newark filed its *Third-Party Complaint* against URS on October 7, 2005 and concurrently served counsel for URS based on counsels' representations that they would accept service. Several weeks later counsel for URS advised Newark that URS would require service upon its registered agent. Newark served URS's registered agent on November 16, 2005.

**ARGUMENT**

Newark's *Third-Party Complaint* was filed approximately 18 months after the Plaintiff's *Complaint* was filed, however, very little occurred during that period in terms of formal litigation. The parties participated in two mediations. Some documents were exchanged but formal discovery was not developed. As such, URS's characterization that the timing of the *Third-Party Complaint* "is inexplicable and borders on the absurd" is disingenous and ignores the facts of the evolution of this action. Immediately upon learning that Durkin decided to dismiss URS, Newark announced its intention to formalize a claim against URS. The Court was advised of Newark's intent to file the *Third-Party Complaint* against URS at the September 8, 2005 Scheduling Conference and accommodation was made in the resultant *Scheduling Order* for that event. If the adequacy and propriety of the design is at issue in the litigation, then URS is a proper defendant.

**I.    The Third-Party Complaint Should Not Be Dismissed**

Under Federal Rule of Civil Procedure Rule 14 a complaint may be served upon a party who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim. The *Third-Party Complaint* against URS arises, in part, out of the contract between the parties. In addition, the Delaware law recognizes by the statute the right to file a contribution claim against a joint tortfeasor. 10 Del. C. §6301 *et seq.*

URS asks the Court for a dismissal based on the nature of contribution and indemnification claims in that the obligations would not arise until Newark suffers loss or damage through the payment of a claim. However, the right to contribution attaches at the time of negligence. *Fehlhaber v. Indian Trails, Inc.*, 45 F.R.D. 285 (D. Del. 1986). Claims for contribution and indemnification

5

are routinely asserted in the original litigation.

Newark's claim against URS arises directly out of the allegations set forth in Durkin's *Complaint*. Since the controversy between Durkin and Newark concerns the exact issues supporting the *Third-Party Complaint*, and those issues directly concern the actions and the design performed by URS, dismissal of the *Third-Party Complaint* would be improper.

## II.    The Third-Party Complaint Should Not be Stayed

A stay of the *Third-Party Complaint* would not promote judicial economy. In fact, it would create an additional burden on the Court and the parties. If it is determined that Durkin's claims are without merit, then the claims against URS would be extinguished along with those against Newark. If, however, it is determined that Durkin's allegations regarding the design are valid, then the stayed action against URS would be revived and would necessitate <u>another</u> proceeding to formalize the liability of URS using the same documents and the same witnesses. Duplicative discovery and litigation would be a complete waste of judicial resources and completely contrary to the Court's interest in judicial economy.

Durkin's *Complaint* is rife with allegations concerning the design, making URS an appropriate defendant in the main action. The jury should be permitted to resolve all claims as to all parties in one proceeding. In fact, URS's threat of filing a counterclaim against Newark supports Newark's position that the *Third-Party Complaint* should be litigated in the main action so that all claims arising out of the same set of facts may be resolved by one jury. In addition, URS has been a defendant all along so it would not be prejudiced by the joinder.

**CONCLUSION**

WHEREFORE, for the reasons as stated above, Defendant City of Newark requests this Honorable Court for Order denying *URS Corporation, Inc.'s Motion To Dismiss, Or, In The Alternative, Stay Third-Party Complaint*.

TIGHE COTTRELL & LOGAN, P.A.

Paul Cottrell, Esquire (# 2391)
Victoria K. Petrone, Esquire (# 4210)
First Federal Plaza
704 North King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899 - 1031
tel. 302.658.6400
fax. 302.658.9836
e-mail: p.cottrell@lawtcl.com
*Counsel for City of Newark*

Dated: December 20, 2005