IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

### MEMORANDUM OF LAW OF DONALD M. DURKIN CONTRACTING, INC. RESPECTING MOTION TO DISMISS OF URS CORPORATION

Although Donald M. Durkin Contracting, Inc.("Durkin") is not named as a respondent to URS Corporation's ("URS") Motion to Dismiss, because the issues raised by URS directly impact it, Durkin hereby responds and submits this memorandum in support of its position. . For the reasons set forth below, Durkin agrees that URS's Motion should be granted and that the City of Newark's proposed late joinder be denied.

Durkin believes that a brief recital of the chronology of the litigation will assist the Court in its decision. On March 16, 2004, Durkin filed a civil complaint against the City of Newark ("City"), the members of City Council and URS arising from the wrongful termination of the Contract. Durkin's claims included civil rights violations under 42 U.S.C. §1983, interference

KOP:329713v1 3514-04

with existing and prospective contractual relations, defamation, conversion, fraud and misrepresentation, common law conspiracy and breach of contract.

Although clearly within its rights to do so, the City asserted no claims against URS and URS made no claims against the City. In the succeeding fourteen months, the City made no claims against URS.

In August, 2005, URS was dismissed as a defendant by the Stipulation of all parties, including the City pursuant to Fed. R.C.P. 41(a)(1).

Durkin believes that the late joinder of URS should be considered in light of the standards to be applied to requests for late joinder. In *United States v. New Castle County*, 642 F. Supp. 1258 (D. Del. 1986), the Court stated that when faced with motions to dismiss for late joinder, "the courts of this circuit have examined the (1) possible prejudice to the plaintiff, (2) the possible prejudice to the third-party defendants, (3) the reasons for the delay in joinder, and (4) whether the joinder will delay or unnecessarily complicate the trial."

To begin, the City has proffered no explanation whatsoever for its delay. The City has made no claim that it only recently became aware of facts previously unknown to it. The allegations in Durkin's Complaint have not changed since its Amended Complaint and the conduct of URS is well known to the City. The only change to the "legal landscape" was Durkin's effort to simplify the litigation by discontinuing all claims against URS. Indeed, Durkin's decision to dismiss URS was made with the procedural posture of the case being that no claims had been made by the City against URS. Durkin's actions to simplify and expedite will be undermined and Durkin prejudiced if the City is permitted to make this belated maneuver.

If permitted to join URS at this late date, the litigation will now become unnecessarily

complicated. Instead of the jury considering only the contract between Durkin and the City, it will need to consider another, the contract between the City and URS. Instead of the jury being focused on the damages to Durkin owed by the City, the possible apportionment of the damages will now become a possible issue.

The City offers no explanation why it must assert and resolve its claims against URS *in this litigation at this time* when it did make any efforts to do so in the many, many months that preceded URS's dismissal by Durkin. It claims no epiphany of some previously unperceived rights or fact. Certainly, should the City prospectively believe that its liability to Durkin is derivative of some conduct by URS, it can seek indemnification in the future. While Durkin does not necessarily agree with URS that the actions of the City are "inexplicable and border on the absurd", Durkin does believe that the belated current effort by the City to pull URS back into the legal fray appears to be a tactic by the City designed only to delay and complicate the litigation Durkin has attempted to expedite and simplify.

Further, when this Court set the number of days set aside for trial, it did so with there being no claims *inter se* the City and URS. Respectfully, to allow the City to belatedly and adversely affect this Court's trial schedule is not warranted.

Significantly, the City alleges no prejudice whatsoever if its claims against URS are deferred. Contrariwise, Durkin's efforts to simplify, focus and expedite will be thwarted by unexplained dilatory conduct by the City.

The issue before the Court is not whether joinder is legally permissible, but rather, whether the City has adequately explained its belated activity, provided assurances that there will be no prejudice to Durkin or impacts to the trial. Durkin suggests that the City has not met the

KOP:329713v1 3514-04

standard for belated joinder and asks that this Court grant URS' Motion.

            Respectfully submitted,

            **Powell, Trachtman, Logan,**
             **Carrle & Lombardo, P.C.**

By: _____
   Paul A. Logan
   Delaware Supreme Court ID #3339
   475 Allendale Road, Suite 200
   King of Prussia, PA 19406
   Telephone: 610-354-9700
   Telefacsimile: 610-354-9760
   Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Paul A. Logan, counsel for Plaintiff certify that on January 9, 2006, a true and correct copy of the foregoing Memorandum of Law of Donald M. Durkin Contracting, Inc. Respecting Motion to Dismiss of URS Corporation was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F. Godwin, John H. Farrell, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr. and Christina Rewa

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation

Samuel J. Arena, Jr., Esquire
Patrick R Kingsley, Esquire
David M. Burkholder, Esquire
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant
Federal Insurance Company

Kevin W. Goldstein, Esquire
Stradley, Ronon, Stevens & Young, LLP
300 Delaware Avenue
Suite 800
P. O. Box 2170
Wilmington, DE 19801
Attorneys for Third-Party Defendant
Federal Insurance Company

**Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.**

By: _____
Paul A. Logan