IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORNE, JR., CHRISTINA REWA AND URS CORPORATION, | ) JURY TRIAL DEMANDED |
| Defendants, | ) |
| vs. | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| Third Party Defendant. | ) |

**Notice of Deposition Pursuant to FED. R. CIV. P. 30(b)(6)**
**Directed to Federal Insurance Company**

Please take notice that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Third-Party Plaintiff, the City of Newark (the "City"), intends to take the deposition upon oral examination of Third-Party Defendant, Federal Insurance Co. ("Federal"), concerning all matters described in Attachment A on Thursday, February 16, 2006 at 9:30 a.m. at the offices of Tighe, Cottrell & Logan, P.A., 704 N. King Street, Suite 500, Wilmington, DE 19801 in the above-captioned matter ("Litigation").

Federal is further requested to bring to the deposition all documents relating to the matters stated in Attachment A or used in or otherwise reviewed or relied upon by deponent(s) in obtaining knowledge of the matters identified in Attachment A or otherwise preparing for the deposition.

**Attachment A**

Third-Party Plaintiff, the City of Newark ("City"), requires that Third-Party Defendant, Federal Insurance Company ("Federal"), produce for deposition the most knowledgeable witness(es) regarding the following topics:

1. The basis and grounds for Federal's determination that the City's termination of Donald M. Durkin Contracting, Inc. ("Durkin") was improper.

2. The basis and grounds for Federal's determination that the City failed to comply with the requirements of Contract No. 02-02 – Construction of a Water Supply Reservoir for the Newark Reservoir (hereinafter, the "Durkin Construction Contract") between Durkin and the City, with respect to the City's termination of the contract, including Section 15.2 thereof.

3. The basis and grounds for Federal's determination that the City failed to comply with the requirements of Paragraph 3 of the bond designated as Bond No. 8128-39-26 (the "Performance Bond") and provided by Federal, as surety, and Durkin, as principal, to the City, as obligee.

4. The basis and grounds for Federal's determination that the documents or other communications that the City sent to Federal and/or Durkin failed to constitute the notice and/or notices required by the Durkin Construction Contract, including Section 15.2, which were provided to Durkin and Federal prior to the termination of the Durkin Construction Contract.

5. The basis and grounds for Federal's position that the meeting of December 9, 2003 does not constitute the meeting required by Paragraph 3.1 of the Performance Bond prior to the City's termination of the Durkin Construction Contract.

6. The content, subject matter and substance of any meetings, discussions, notes, memoranda or other documents by or between any Federal employees or representatives, including legal counsel, and between Federal employees or representatives and any employees or representatives of Durkin, and between any Federal employees or representatives with any third parties concerning or relating to the matters of inquiry described in paragraphs 1 through 5 of this Attachment A.

7. The basis and grounds for Federal's contention that any investigations, analysis, evaluations, proposals and recommendations by the City, URS Corporation ("URS") or any consultants retained by the City concerning the design of the reservoir's upper slope (including but not limited to the use of Fabriform in conjunction with rip rap), the constructability of the design of the upper slope, and the safety of the design of the upper slope, and any changes to that design from the initial concept design for the Project through completion of construction support in any way any of Federal's defenses to the City's claims against Federal.

8. The basis and grounds for Federal's contention that any investigations, analysis, evaluations, proposals and recommendations by the City, URS or any consultants retained by the City concerning the design of the lower

slope (including, but not limited to, the use of Zone IV cover soils), the constructability of the design of the lower slope, and the safety of the design of the lower slope, and any changes to that design from the initial concept design for the Project through completion of construction, support in any way any of Federal's defenses to the City's claims against Federal.

9. The basis and grounds for Federal's contention that any investigations, analysis, evaluations, proposals and recommendations by the City, URS or any consultants retained by the City concerning the design, the safety and long-term stability of the reservoir embankment, and any changes to that design from the initial concept design for the Project through completion of construction, support in any way any of Federal's defenses to the City's claims against Federal.

10. The basis and grounds for Federal's contention that the City's reasons for undertaking, implementing, accepting or rejecting the results of any of the investigations, analyses, evaluations, proposals or recommendations concerning or relating to the matters of inquiry in paragraphs 7, 8 and 9 of this Attachment A support in any way any of Federal's defenses to the City's claims against Federal.

11. The basis and grounds for Federal's contention that any and all meetings, discussions, proposals and other correspondence between Durkin and the City regarding:

    a. the design, safety and/or constructability of the reservoir;
    b. the use of Fabriform in conjunction with rip rap;

    c. Zone IV cover soils; and

    d. the termination of Durkin,

support in any way any of Federal's defenses to the City's claims against Federal.

12. The basis and grounds for Federal's contention that any and all measures or actions considered and/or taken by the City to re-bid or re-let the remaining work on the Project following the termination of the Durkin Construction Contract, including without limitation all actions by the City that led up to the execution of Construction Contract 04-15 ("Construction Contract 04-15") between the City and George & Lynch, Inc. ("George & Lynch"), including any and all efforts to comply with applicable statutes and regulations, support in any way any of Federal's defenses to the City's claims against Federal. The scope of the inquiry will include all meetings, discussions, proposals and evaluations of alternatives and options, and any negotiations or other contacts with potential bidders/proposers, including, but not limited to, George & Lynch.

13. The basis and grounds for Federal's contention that any and all changes considered and/or implemented by the City with respect to, without limitation, the reservoir design, the sequence of construction, the means and methods of construction, and the pricing and payment terms set forth in the contract documents for the Durkin Construction Contract as compared with Construction Contract 04-15 support in any way any of Federal's defenses to the City's claims against Federal.

14. The basis and grounds for Federal's contention that the negotiation and agreement upon the terms of Construction Contract 04-15, which includes without limitation the development of the scope of services, the pricing structure, proposals provided by George & Lynch, any and all qualifications, limitations and exclusions by George & Lynch with respect to the obligations, duties, responsibilities and risks assumed by Durkin in the Durkin Construction Contract, and any and all differences in the scope of services, pricing, allocation of risks and responsibilities between the Durkin Construction Contract and Construction Contract 04-15 support in any way any of Federal's defenses to the City's claims against Federal.

15. The basis and grounds for Federal's contention that the City's allegation and contention that Durkin was in default under the terms of the Durkin Construction Contract is incorrect.

16. The basis and grounds for Federal's contention that any test sections constructed on the reservoir and the results of any tests covering:

    a. soil compaction;
    b. interface shear strength of the Fabriform and the upper slope; and
    c. the interface shear strength between the Fabriform and rip rap,
       support in any way any of Federal's defenses to the City's claims against Federal.

17. The basis and grounds for Federal's contention that the plasticity, cohesion, erodibility and stability of the project soils, including but not

limited to Zone IV soils, support in any way any of Federal's defenses to the City's claims against Federal.

18. The basis and grounds for Federal's contention that Durkin's obligation to mitigate soil erosion supports in any way any of Federal's defenses to the City's claims against Federal.

19. The basis and grounds for Federal's contention that any aspects of the performance by George & Lynch of Construction Contract 04-15, to include without limitation any changes to the scope of work, all change orders requested, all change orders issued, all proposals, discussions, negotiations, recommendations or directives concerning the protection of the cover soils in the Zone IV area, including, without limitation, the installation, maintenance and removal of rain sheets or other alternative means of protection, as well as all costs submitted and/or invoiced to the City by George & Lynch and all amounts paid by the City to George & Lynch in connection with its work on the Project, support in any way any of Federal's defenses to the City's claims against Federal.

20. The basis and grounds for Federal's contention that the results of all factor of safety calculations or analysis performed by the City, URS, Craig Calabria, Schnabel Engineering, Joseph Ellam or any other individual or entity pertaining to the reservoir and relating to:

    a. the stability of the embankment;
    b. Fabriform and rip rap design;
    c. Zone IV cover soils; and

    d.  factor of safety analyses reflected in URS letter, dated October 14, 2003 and directed to the City, support in any way any of Federal's defenses to the City's claims against Federal.

        TIGHE, COTTRELL & LOGAN, P.A.

        /s/ Paul Cottrell
        Paul Cottrell, Esquire (#2391)
        Victoria K. Petrone, Esquire (#4210)
        One Customs House Square, Suite 500
        P.O. Box 1031
        Wilmington, DE 19899
        (302) 658-6400
        *Counsel for the City of Newark, its Mayor and Council*

Date: January 20, 2006