# TIGHE, COTTRELL & LOGAN, P.A.

704 NORTH KING STREET, SUITE 500
P.O. BOX 1031
WILMINGTON, DELAWARE 19899
Telephone Number: (302) 658-6400

The Honorable Gregory M. Sleet
U.S. District Court
844 N. King Street, Lockbox 19
Wilmington, DE 19801

January 23, 2006

**RE:   Donald M. Durkin Contracting, Inc. v. Newark, Civil Action No. 04-0163 GMS**

Dear Judge Sleet:

Defendants ("City of Newark") submit this letter brief per the Court's request during the teleconference of Thursday, January 12, over whether the City must produce minutes of Executive Sessions of the Council even though the purpose of these sessions was to discuss this litigation.

Plaintiff ("Durkin") says these minutes are discoverable and makes three arguments. First, Durkin asserts that any privilege ends once the litigation begins. Second, Durkin asserts that the presence of any third party at any session voids the attorney/client privilege. Third, Durkin argues that the personal notes of attendees at these sessions, unless taken at the direction of counsel, fails to implicate the work product doctrine. The City respectfully submits that Durkin's interpretation of the protections afforded under the Delaware Freedom of Information Act (the "Act"), 29 *Del. C.* § 10004 et seq., as well as the above referenced privileges, is incorrect.

(1) Durkin cites to *Common Cause of Delaware v. Red Clay*, 1995 Del. Ch. Lexis 165, to support its proposition that, under the Act, the City has the burden to establish that (1) an executive session was warranted; and (2) the documents created are still subject to being withheld from public disclosure. While *Common Cause* did hold that the public entity has the burden to show that the session was held for a proper purpose, the Court was satisfied from the deposition testimony of the members of the Board that the discussions were proper. Likewise, Durkin will be able to depose all individual defendants to determine the propriety of the executive sessions

The Act clearly allows the City to withhold executive session minutes so long as public disclosure would defeat the lawful purpose for holding the session. The purpose of each of the sessions at issue was precisely to discuss the potential for litigation with Durkin and, later, the actual litigation. The Act expressly permits an executive session to be held to discuss with counsel both pending and potential litigation. 29 *Del. C.* § 10004 (b)(4). Durkin's position, that the commencement of litigation destroys the privilege, flies in the face of the actual language of the Act. Plain English tells us that, so long as the litigation is pending, the minutes can be withheld. And the assertion that certain minutes made during the executive session are, in Durkin's view, important to its case, does not trump the attorney/client privilege or the protections of the Act.

(2) The presence of a third-party, such as a consultant, does not destroy the privilege. First, when the third-party "possesses a commonality of interest with the client," the protections of the Act remain. *Smithkline Beecham Corp. v. Apotex Corp.*, E.D. Pa., 2005 WL 3597712. (See also, *Interfaith Housing Del., Inc. v. Town of Georgetown*, 841 F. Supp. 1393, 1397 (D. Del. 1994); citing, *In re Grand Jury*

The Honorable Gregory M. Sleet
January 23, 2006
Page Two

*Investigation*, 918 F.2d 374, 386 & n. 20 (3d Cir.1990) (presence of client's agent or person with "commonality of interest" with the client will not vitiate the attorney-client privilege). Durkin cites to *Union Carbide Corp. v. Dow Chem. Co.*, 619 F. Supp. 1036 (D. Del. 1985) to support its position that the presence of URS during an executive session waives the privilege because URS was a "non-essential third-party." However, the Court in *Union Carbide* in fact held that third-party communications do retain the protective shield if the parties have a "common legal interest," such as where they are co-defendants or are involved in or anticipate joint litigation. *Id.* at p. 1048. At all relevant times, there was a "commonality of interest" between URS and Newark with regards to the design and Durkin's claims. More specifically, in February of 2004, the City and URS were clearly anticipating being sued as joint defendants, as they eventually were. (There are 13 minutes at issue. URS representatives were present at two. The City's expert, Calabria, was present at one and on a teleconference during another. But the Act does not say its protections are voided merely by the presence of third parties, nor should it be interpreted in this fashion since that would prevent Council from securing the input of experts on highly technical matter, as was done here. Even in the context of attorney/client privilege, the involvement of third persons to whom disclosure is reasonably necessary to further the purpose of the legal consultation preserves confidentiality of communication and, thus, no waiver of the attorney-client privilege occurs. 81 Am Jur 2d WITNESSES § 348. *Baxter Int'l, Inc. v. Rhone-Poulenc Rorer, Inc.*, 2004 Del. Ch. LEXIS 134 *12 (when disclosure to a third party is necessary for the client to obtain informed legal advice, courts have recognized exceptions to the rule that disclosure waives the attorney-client privilege); see also, *Ramada Inns v. Dow Jones & Co.*, 523 A.2d 968, 972 (Del. Super. 1986).)

(3) As to Durkin's contention that notes made by attendees to the meeting are discoverable, undersigned counsel has confirmed that no Council member made or kept personal notes. Some notes were kept by City officials at the meetings. But the statute specifically says that "such minutes or portions thereof, and any public records pertaining to executive sessions . . . may be withheld." 29 *Del. C. Sec.* 10004(f). These notes are public records pertaining to the executive session.

The Act also states at 29 *Del.C.* Sec. 10002(g)(9) that, for purposes of the Act, "Any records pertaining to pending or potential litigation which are not records of any court" shall **not** be deemed a Public Record. Therefore, records relating to pending or potential litigation are not required to be made available to the public under the Act, and the City cannot be compelled to provide them. *Koyste v. State Police*, 2001 WL 1198950 (Del. Super.). Therefore, Defendants respectfully ask this Court to deny Durkin's request for an order to produce Executive Session minutes and notes or other documents related to those sessions.

Very truly yours,
TIGHE, COTTRELL & LOGAN, P.A.

By: _____
Paul Cottrell  DE #2391

cc:   All counsel of Record
      Clerk of the Court