LAW OFFICES
# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO
A PROFESSIONAL CORPORATION

MICHAEL G. TRACHTMAN
PAUL A. LOGAN*º
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, IIIº
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*º
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LAROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER°
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*
ALLISON J. STRUPCZEWSKI

*ALSO ADMITTED IN NJ
"ALSO ADMITTED IN MD
. ALSO ADMITTED IN DE
ºALSO ADMITTED IN NY

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

January 25, 2006

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

PLEASE REPLY TO:

KING OF PRUSSIA


FILED
JAN 25 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

The Honorable Gregory M. Sleet
U.S. District Court
District of Delaware
844 N. King Street, Lockbox 19
Wilmington, DE 19801

Re: Donald M. Durkin Contracting, Inc. v. City of Newark, et al., Civil Action No. 04-0163 GMS

Dear Judge Sleet:

Donald M. Durkin Contracting, Inc. ("Durkin") hereby submits its response to the letter brief of the City of Newark ("City').

The City advances three basic arguments to preclude the disclosure of documents generated during executive sessions of City Council and the notes generated by employees of the City at or after these sessions. First, the City argues that the Act allows the City to withhold the executive session minutes and related documents respecting the potential for and actual litigation with Durkin citing 29 Del. C. § 10004 (b)(4). This exception is the statutory embodiment of the attorney-client privilege afforded to public bodies, but does not expand the City's right to withhold documents beyond the established limits of the attorney-client privilege. See *Delaware Solid Waste Authority v. News-Journal Co.*, 480 A.2d 628, 631 (Del. 1984).

The general rule of law is that "(I)f information is communicated to an attorney in the presence of a third party, usually the attorney-client privilege does not protect the disclosure of that communication." *Constar Int'l, Inc. v. Cont'l Petchs, Inc.*, 2003 U.S. Dist. Lexis 21132, 4-5 (D. Del. 2003). The City has acknowledged that in some executive sessions, third parties, including URS representatives, were present, but claims that the "common interest doctrine" nevertheless protects minutes from discovery. Frankly, it is difficult to comprehend the City's thesis that there was then, or is now, a "commonality of interest" between URS and the City. URS had no "interest" in terminating the City's contract with Durkin, and any other alleged "common interest" was vitiated with the City filed suit against URS for its role in causing damages to Durkin.

KOP:331637v4 3514-04

The Honorable Gregory M. Sleet
January 25, 2006
Page 2

      The City also argues that the presence of a third-party "consultant" does not destroy the attorney-client privilege. It is unclear whether the City is claiming that URS attained the status of "consultant", but URS has never been identified as a litigation expert or consultant to the City. URS is the designer of the reservoir, and was not, at least certainly not prior to this litigation, retained by the City "to assist it in obtaining facts and information necessary to provide legal advice and assistance." See, *American Standard, Inc. v. Pfizer, Inc.*, Civ. A. No. 83-834, 1986 U.S. Dist. LEXIS 27389 at *11 (D. Del. Mar. 31, 1986)

      After it terminated Durkin, the City did retain Craig Calabria as a consultant. But Mr. Calabria's reports have now been disclosed by the City, his deposition has begun and his opinions, reports and discussions with the City are no longer treated as privileged. The statutory basis for withholding the documents reflecting Mr. Calabria's comments no longer exists. In point of law, 29 Del. C. § 10004 (f) provides that "such minutes or portions thereof, and any public records pertaining to executive sessions conducted pursuant to this section, may be withheld from public disclosure so long as public disclosure would defeat the lawful purpose for the executive session, but no longer." The executive sessions with Mr. Calabria should no longer be protected.

      In *Tulip Computers Int'l B.V. v. Dell Computer Corp.*, 2002 U.S. Dist. LEXIS 23886, 5-6 (D. Del. 2002), Magistrate Judge Thyne ordered the production of documents writing that "the possibility of litigation may have been addressed in the reviewed documents, *but the there is nothing to indicate that they primarily contain the mental impressions, opinions, conclusions, observations or legal theories of an attorney or that the reviewed documents were necessarily prepared in anticipation of litigation or under the direction of an attorney*." The same conclusion is warranted respecting the documents sought by Durkin, especially as they relate to the reasons for termination of Durkin in February, 2004.

      Finally, in *News-Journal Co. v. McLaughlin*, 377 A.2d 358, 362 (Del. Ch. 1977), the Chancery Court stated that "one purpose of sunshine laws is to prevent at nonpublic meetings the crystallization of secret decisions to a point just short of ceremonial acceptance, that rarely could there be any purpose to a nonpublic pre-meeting conference except to conduct some part of the decisional process behind closed doors, and that a sunshine statute, being for the benefit of the public, should be construed so as to frustrate all such evasive devices. (Citations omitted)." On its face, the executive session immediately preceding the vote to terminate Durkin on February 2, 2004, was such a discussion. The minutes of the Council meeting on February 2, 2004, disclose that Council adjourned to executive session, met with URS representatives for over an hour, returned to the meeting, and without debate or discussion, immediately voted to terminate Durkin's contract based on alleged non-performance. After the vote, they adjourned. Nothing more has ever been said and the "facts" behind the conclusion of non-performance have never been made public.

      There is no statutory or decisional basis to justify the City's withholding of the requested records, especially where the apparent purposes of the executive session were to avoid the required public discussion on issues related to the reservoir contract and safety issues raised by Durkin.

      Respectfully,

      Paul A. Logan

cc:    All counsel of record
        Clerk of the Court

KOP:331637v4 3514-04