

Stradley Ronon Stevens & Young, LLP
Great Valley Corporate Center
30 Valley Stream Parkway
Malvern, PA 19355-1481
Telephone (610) 640-5800
Fax (610) 640-1965
www.stradley.com

March 27 2006

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 North King Street
Room 4324, Lockbox 19
Wilmington, DE 19801

      RE:   ***Donald M. Durkin Contracting, Inc. v. City of Newark, et al.***
             **U.S.D.C. Del., Civil Action No. 04-0163-GMS**

Dear Judge Sleet:

      In accordance with Paragraph 3(a) of the Court's September 23, 2004 Scheduling Order, I respectfully submit the following Agenda item regarding the unresolved discovery issue to be heard at the Court's earliest possible convenience.

### AGENDA

Federal would like to address the following item with the Court:

- The City of Newark, contrary to prior agreements, is unilaterally refusing to make Carol Houck available for the remainder of her scheduled deposition, except for two hours on March 28.

      Federal served a Notice of Deposition Pursuant To FED R. CIV. P. 30(b)(6) Directed To The City Of Newark (the "City") on January 18, 2006. The 30(b)(6) deposition was initially scheduled but later postponed with no alternative date set. Ms. Houck and Carl Luft, the City Manager, were originally scheduled for depositions on March 22-23 and 28 and 30, regardless of order. The City decided to postpone Mr. Luft's deposition without reason, and the parties, in lieu of having the issue resolved by the Court, agreed to have Ms. Houck's deposition over the same four-day period, with Mr. Luft to be rescheduled for another date.

      Ms. Houck's deposition – in her individual capacity – commenced on March 22. During the second day of Ms. Houck's deposition, counsel for the City announced that Ms.

The Honorable Gregory M. Sleet
March 27, 2006
Page 2

Houck was actually testifying in her representative capacity as well. Her deposition adjourned at 3:00 p.m. on March 23.

The City, however, is now unilaterally refusing to produce Ms. Houck, in her dual capacities, for the remainder of the agreed-upon period and only making her available for <u>two</u> hours on March 28. In addition to contravening Rule 30(d)(2), the City's actions deprive Federal of its right to depose Ms. Houck pursuant to its 30(b)(6) notice. Indeed, Federal has not yet had the opportunity to ask Ms. Houck any questions. Federal thus requests that the Court compel the City to make Ms. Houck available in her dual capacities for deposition on March 28 and 30.

Federal will continue its good faith efforts to resolve the above issue prior to the conference.

Respectfully submitted,

STRADLEY, RONON, STEVENS
& YOUNG, LLP

Patrick R. Kingsley
David M. Burkholder

cc:   Paul Cottrell, Esquire
      James S. Green, Esquire
      Paul A. Logan, Esquire
      (*all via electronic filing*)