IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Donald M. Durkin Contracting, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| City of Newark, *et al.*, ) | |
| ) | |
| Defendants and Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| Federal Insurance Company, ) | C.A. No. 04-163 (GMS) |
| ) | |
| Third-Party Defendant. ) | |
| ) | |
| City of Newark, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| URS Corporation, ) | |
| ) | |
| Third-Party Defendant. ) | |

## **MEMORANDUM**

**I.     INTRODUCTION**

Presently before the court in the above-captioned action are a motion to dismiss filed by third-party defendant URS Corporation ("URS"), and a motion for summary judgment filed by third-party defendant Federal Insurance Company ("Federal"). For the following reasons, the court will deny both motions.

## II.  DISCUSSION

### A.  URS' Motion to Dismiss

For the past several years, the City of Newark ("the City") has been trying to construct a water-supply reservoir. In the summer of 2000, the City contracted with URS "for professional services related to the design and construction administration" of the reservoir. (D.I. 98 ¶ 1.) The City also contracted with Donald M. Durkin Contracting, Inc. ("Durkin") to do the actual construction in April of 2002. Everything was proceeding more-or-less as expected until late 2003, when Durkin claims to have discovered defects in URS' design. From there, the relationship among the parties deteriorated, and the City eventually terminated its contract with Durkin. In response, Durkin initiated the present action on March 16, 2004, naming as defendants the City, the mayor of Newark, certain members of the Newark city council, and URS. During a September 8, 2005 status conference before the court, the parties filed a stipulation of dismissal (without prejudice) as to URS. (D.I. 93.) However, during that same conference, the court granted the City leave to file a third-party complaint against URS. On October 7, 2005, the City followed through and filed a third-party complaint, alleging that URS is liable for contribution and/or indemnity in the event that judgment is rendered against the City "related to the design and/or termination." (D.I. 98 ¶ 5.)

URS now moves to dismiss the City's third-party complaint, or in the alternative, to stay until judgment is actually rendered against the City. In support of dismissal, URS condemns the City, on the one hand, for not filing its third-party complaint until nearly nineteen months after Durkin originally filed suit, and on the other hand, for filing its third-party complaint before any "underlying obligation accrues," *i.e.*, before judgment is rendered against the City. (D.I. 101 at 5-6.) Fortunately, the court need not decide which of these conflicting arguments represents URS' true position

because neither warrants dismissal. URS has been in this case since day one, so URS cannot legitimately argue that it will suffer prejudice as a newcomer. And, as the City points out, contribution and indemnification claims are routinely asserted as part of the original litigation before the underlying liability has been established. In fact, the Federal Rules of Civil Procedure specifically allow for the addition of third-party defendants "*[a]t any time* after commencement of the action." Fed. R. Civ. P. 14(a) (emphasis added). In support of a stay, URS argues that a judgment in favor of the City will moot the claims against URS, and therefore, it would be more efficient to wait and see if such a judgment comes to pass. However, that argument fails to account for the fact that URS' alleged design flaws are central both to Durkin's claims, and to the City's claims. Thus, it makes the most sense to resolve those issues only once. As such, URS' motion to dismiss will be denied.

### B.      Federal's Motion for Summary Judgment

In a separate third-party complaint, the City alleges that Federal is in default of a performance bond it issued as security in the event that Durkin failed to perform as promised. Federal argues that summary judgment in its favor is appropriate because, as required by the terms of the bond, (1) there was never "a conference . . . to discuss methods of performing the Construction Contract," and (2) the City did not wait twenty days after giving notice of the need for such a conference to formally terminate the contract. Regarding Federal's first argument, it is undisputed that a conference did take place. However, Federal contends that it was not a conference "to discuss methods of performing the Construction Contract," but rather an off-the-record settlement conference at which the City insisted that all conversations be inadmissible at any future proceeding. Yet, there is evidence to suggest that Federal knew the conference was being convened for the purpose of complying with the

terms of the bond, and also that Federal failed to voice any objection upon learning that the City characterized the conference as a settlement conference and wanted the conversations therein to be inadmissible. (Cavallaro Dep. at 43:20-24, 51:18-52:5.) Moreover, the terms of the bond do not specify whether the conference may be characterized as a settlement conference, or whether the conversations at the conference must be admissible in a future proceeding. Therefore, the court holds that there is sufficient evidence from which a factfinder could conclude that the requisite conference took place.

As to Federal's second argument, the City was obligated under the terms of the bond to (1) request the above-mentioned conference prior to terminating the contract, and (2) refrain from terminating the contract until twenty days after making the conference request. Under the terms of the construction contract, the City was separately obligated to give notice of its intent to terminate the contract seven days before actual termination. In a letter of November 21, 2003, the City informed Federal that it [the City] was "considering" declaring Durkin in default. Federal argues that summary judgment is appropriate because, in its view, the City is trying to use that letter to satisfy both its obligation under the bond to request the conference, and its obligation to terminate no sooner than twenty days after the conference request – an obviously-impossible task using only a single letter. (D.I. 129 at 6.) It seems that Federal misapprehends the City's position, which is (1) that the letter of November 21 satisfied its obligation under the terms of the bond to request the conference, as well as its obligation under the terms of the construction contract to provide seven-days notice, and (2) that a second letter written on February 3, 2004 satisfied its obligation to refrain from terminating for twenty days. Of course, whether the content of those letters actually fulfilled the City's obligations is a question for the factfinder. Suffice it to say, it would be improper to grant

summary judgment given the genuine issues of material fact in the record. Consequently, Federal's motion will be denied.

## III. CONCLUSION

For the reasons set forth above, the court will deny the motions of both third-party defendants.

Dated: April 5, 2006

/s/ 
UNITED STATES DISTRICT JUDGE



FILED
APR 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| Donald M. Durkin Contracting, Inc., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| City of Newark, *et al.*, | ) ) ) | |
| Defendants and Third-Party Plaintiffs, | ) ) ) ) | |
| v. | ) ) | |
| Federal Insurance Company, | ) ) | C.A. No. 04-163 (GMS) |
| Third-Party Defendant. | ) ) ) | |
| City of Newark, | ) ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| URS Corporation, | ) ) ) | |
| Third-Party Defendant. | ) ) | |

## ORDER

IT IS HEREBY ORDERED THAT:

1. The URS Corporation's motion to dismiss (D.I. 100) be DENIED; and

2. The Federal Insurance Company's motion for summary judgment (D.I. 122) be DENIED.

Dated: April 5, 2006

/s/ _____
UNITED STATES DISTRICT JUDGE

FILED
APR 5 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE