IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Donald M. Durkin Contracting, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Newark, *et al.*, | ) | |
| | ) | C.A. No. 04-163 (GMS) |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| URS Corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM**

**I.   INTRODUCTION**

Presently before the court in the above-captioned action is a discovery dispute between plaintiff Donald M. Durkin Contracting, Inc. ("Durkin") and defendant City of Newark ("the City"), in which Durkin seeks the production of "all Executive Session meeting minutes and notes taken by City Council members" on or before February 2, 2004, pertaining to the subject matter of this litigation. (D.I. 113 at 2; D.I. 121 at 7:22-8:4.) For the following reasons, the court will order submission of those documents for *in camera* review.

**II.   BACKGROUND**

For the past several years, the City has been trying to construct a water-supply reservoir. In the summer of 2000, the City contracted with URS Corporation ("URS") "for professional services related to the design and construction administration" of the reservoir. (D.I. 98 ¶ 1.) In April of 2002, the City also contracted with Durkin to do the actual construction. Everything was proceeding

more-or-less as expected until late 2003, when Durkin claims to have discovered defects in URS' design. From there, the relationship among the parties deteriorated, and the City eventually terminated its contract with Durkin by a letter dated February 3, 2004. In response, Durkin initiated the present action on March 16, 2004, naming as defendants the City, the mayor of Newark, certain members of the Newark City Council, and URS. On September 8, 2005, the parties stipulated to the dismissal of URS without prejudice. (D.I. 93.) On October 7, URS was brought back into the case via a third-party complaint filed by the City for contribution and/or indemnification. (D.I. 98.) In the period of time leading up to termination, the City Council held thirteen closed-door "executive sessions." Representatives of URS were present at two sessions, and the City's expert, Craig Calabria, was present at two sessions as well. Durkin, over the City's objection, seeks to compel production of the minutes from those sessions and any notes taken by Council members.

### III.    DISCUSSION

In an effort to increase the transparency of the various governing bodies in this state, Delaware enacted a Freedom of Information Act ("FOIA"), Del. Code Ann. tit. 29, §§ 10001-10005 (2003 & Supp. 2005), which permits citizens to inspect and copy all "public records," § 10003(a). In keeping with the spirit of transparency, the term "public record" is broadly defined:

> "Public record" is information of any kind, owned, made, used, retained, received, produced, composed, drafted or otherwise compiled or collected, by any public body, relating in any way to public business, or in any way of public interest, or in any way related to public purposes, regardless of the physical form or characteristic by which such information is stored, recorded or reproduced. For purposes of this chapter, the following records shall not be deemed public:
> . . .
> (9) Any records pertaining to pending or potential litigation which are not records of any court[.]

§ 10002(g). However, that breadth is somewhat tempered by FOIA's "Open Meetings" provision:

> (a) Every meeting of all public bodies shall be open to the public except those closed pursuant to subsections (b), (c), (d) and (g) of this section.
>
> (b) A public body may call for an executive session closed to the public pursuant to subsections (c) and (e) of this section, but only for the following purposes:
>
> . . .
>
>> (4) Strategy sessions, including those involving legal advice or opinion from an attorney-at-law, with respect to collective bargaining or pending or potential litigation, but only when an open meeting would have an adverse effect on the bargaining or litigation position of the public body[.]
>
> . . .
>
> (f) Each public body shall maintain minutes of all meetings, including executive sessions, conducted pursuant to this section, and shall make such minutes available for public inspection and copying as a public record. Such minutes shall include a record of those members present and a record, by individual members (except where the public body is a town assembly where all citizens are entitled to vote), of each vote taken and action agreed upon. *Such minutes or portions thereof, and any public records pertaining to executive sessions conducted pursuant to this section, may be withheld from public disclosure so long as public disclosure would defeat the lawful purpose for the executive session, but no longer.* . . .

§ 10004 (emphasis added). Thus, assuming an executive session is called for a proper purpose under § 10004(b)(4), FOIA does not require disclosure of the minutes or public records pertaining thereto if such disclosure would defeat the purpose of calling the closed-door session in the first place.

Based on the City's representations in its papers, the purpose of the thirteen executive sessions at issue was "to discuss the potential for litigation with Durkin and, later, the actual litigation." (D.I. 110 at 1.) However, there may be reason to doubt that assertion in light of the fact that the City did not involve counsel in this matter until "November-early December" of 2003, and yet the first executive sessions appear to have been in "the September-October 2003 time frame." (D.I. 121 at 8:1-2, 9:2-3.) As neither the minutes nor the notes have been submitted, the court is unable to determine whether they are subject to disclosure under FOIA. Even if they are not subject to public disclosure, the minutes and notes remain subject to discovery under the Federal Rules of

Civil Procedure unless they are protected by privilege or by the work-product doctrine. But again, the court is unable to make that determination without reviewing the documents at issue. Thus, the court will order an organized submission of the minutes and notes for *in camera* review. As part of its submission, the City must identify the author of each document, the author's relationship to the case, the executive session at which each document was created, the persons in attendance at each session, the asserted source of protection (*i.e.*, privilege or work product) for each document, and any other information relevant to the legal elements of the asserted source of protection.

## IV.  CONCLUSION

For the aforementioned reasons, the court will order submission of the minutes and notes from the thirteen executive sessions for *in camera* review.

Dated: April 7, 2006                                    /s/ Gregory M. Sleet
                                                        UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Donald M. Durkin Contracting, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| City of Newark, *et al.*, | ) | |
| | ) | C.A. No. 04-163 (GMS) |
| Defendants and Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| URS Corporation, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

### **ORDER**

IT IS HEREBY ORDERED THAT:

    The City SUBMIT the minutes and notes from the thirteen executive sessions at issue for *in camera* review in the manner described in the memorandum accompanying this order.


Dated: April 7, 2006                      /s/ Gregory M. Sleet
                                                     UNITED STATES DISTRICT JUDGE