IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| URS CORPORATION, | ) | |
| Third-Party Defendant. | ) | |

**OPENING BRIEF OF THIRD-PARTY DEFENDANT,
FEDERAL INSURANCE COMPANY, IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION AND REARGUMENT</u>**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant,
Federal Insurance Company

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II. CONCISE STATEMENT OF FACTS .................................................................................1

III. SUMMARY OF ARGUMENT ............................................................................................1

IV. ARGUMENT ........................................................................................................................2

V. CONCLUSION AND RELIEF SOUGHT ..........................................................................5

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

Bank of Brewton, Inc. v. Int'l Fid. Ins. Co., 837 So.2d 747 (Ala. 2002) .................................. 4, 5

Blaine Econ. Dev. Auth. v. Royal Elec. Co., 520 N.W.2d 473 (Minn. Ct. App. 1994) ................. 4

E.I. Du Pont Nemours and Co. v. Admiral Ins. Co., 711 A.2d 45 (Del. 1995) ............................. 3

GB Sciences Corp. v. Ishihara Sangyo Kaisha, Ltd., 270 F. Supp.2d 476 (D. Del. 2003) ............. 3

Harsco Corp. v. Zlotnicki, 799 F.2d 906 (3d Cir. 1985) ............................................................... 2

Ierardi v. Lorillard, Inc., 1991 WL 158911, *2 (E.D. Pa. Aug. 13, 1991) ..................................... 3

L&A Contracting Co. v. Southern Concrete Servs., Inc., 17 F.3d 106 (5th Cir. 1994) .................. 4

Rainey v. Am. Forest and Paper Assoc., Inc., 26 F. Supp. 2d 82 (D.D.C. 1998) ........................... 3

Rhoune-Poulenc Basic Chemicals Co. v. Am. Motorists Ins. Co., 616 A.2d 1192 (Del. 1992) ............................................................................................................................... 4

Seaboard Surety Co. v. Town of Greenfield, 266 F. Supp.2d 189 (D. Mass. 2003) ....................... 4

I.     **NATURE AND STAGE OF PROCEEDINGS**

On March 14, 2006, Federal moved for an award of summary judgment in its favor and against Third Party Plaintiff, City of Newark based on the unambiguous terms of a Performance Bond and a Construction Contract. By a Memorandum and Order dated April 5, 2006, the Court denied Federal's motion. Federal now files this motion for reconsideration and reargument of that Order.

II.    **CONCISE STATEMENT OF FACTS**

Federal understands that the Court is familiar with the relevant factual background of this dispute. Therefore, Federal incorporates herein by reference the Statement of Facts set forth in its Opening Brief in Support of its Motion for Summary Judgment.

III.   **SUMMARY OF ARGUMENT**

Federal respectfully submits that the Court did not address all of the bases that entitle Federal to judgment as a matter of law. The issue before the Court by way of this motion is whether the City's letter dated November 21, 2003 satisfied the City's obligation under the contracts at issue to declare Durkin in default and provide notice of its intent to terminate Durkin's right to complete the Construction Contract. Even if it is the City's position

> (1) that the letter of November 21 satisfied its obligations under the terms of the bond to request the conference, as well as its obligation under the terms of the construction contract to provide seven-days notice, and (2) that a second letter written on February 3, 2004 satisfied its obligation to refrain from terminating for twenty days,

the November 21 letter does not satisfy the City's obligations under the terms of the Construction Contract to provide sufficient notice of default termination. Federal's argument that it was impossible for a single letter to satisfy more than one of the City's obligations was only one of Federal's arguments. The admission of the City's corporate designee that the November 21, 2003 letter does **not** satisfy the relevant terms of the Construction Contract is

binding on the City and cannot be changed at trial. Separate and apart from this admission, this same letter also fails to satisfy the clear terms of the contracts at issue as a matter of law.

Federal's motion concerns the interpretation and legal effect of the express terms of these contracts and the legal sufficiency of that letter, which are a matter for the Court and not the jury to decide. Accordingly, reconsideration of the April 5, 2006 Memorandum and Order is proper.

### IV.  ARGUMENT

The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir. 1985). Where a party seeks to correct manifest errors of law, a motion for reconsideration is proper. Id.

In the April 5, 2006 Memorandum and Order, the Court suggests that Federal "misapprehend[ed] that City's position" that the November 21, 2003 letter "satisfied [the City's] obligation under the terms of the Construction Contract to provide seven days notice . . . and (2) that a second letter written on February 3, 2004 satisfied the obligation to refrain from terminating for twenty days." See Memorandum at 4. The Court concludes that "whether the content of those letters actually fulfilled the City's obligation is a question for the factfinder." Id. But even if that is the City's position, because there is no factual dispute concerning whether the November 21, 2003 letter satisfied the City's obligation under the Construction Contract and the Performance Bond, Federal is entitled to judgment as a matter of law. This is so for two separate and independent reasons.

First, the City's designee clearly admitted that the November 21, 2003 letter is **not** the City's required seven days' written notice of its termination of Durkin's right to complete the Construction Contract. The City is bound by this admission at trial and, therefore, there is no issue of fact for a jury to consider.

2

Specifically, the City's designee testified:

| | |
|---|---|
| Federal: | Well, my question was, and I think it could be fairly answered yes or no, is this [the November 21, 2003] letter formal termination of Durkin? |
| Houck: | This is not the formal termination of Durkin letter, no, it is not. |
| Federal: | Is this seven days' notice of termination of Durkin? |
| Houck: | I believe **that letter came later**. |
| Federal: | **So this is not the seven-day notice letter to Durkin. Correct?** |
| Houck: | **I don't believe so.** |

The testimony of a party's designee is binding on the party. Ierardi v. Lorillard, Inc., 1991 WL 158911, *2 (E.D. Pa. Aug. 13, 1991) ("Admissions made by the [30(b)(6)] deponent will be binding on his principal."); Rainey v. Am. Forest and Paper Assoc., Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998) (same). Consequently, the City's admission wholly removes the issue of whether the November 21, 2003 letter provides the requisite seven days' notice of termination under the Construction Contract from the province of the jury. There is simply no issue of fact left for a jury to consider.

Second, the content of the November 21, 2003 letter fails as a matter of law to satisfy the terms of the contracts at issue. The question of whether that letter satisfied the unambiguous terms of the contracts is also a matter of law for the Court to decide. It is well settled that the Court and not the jury should resolve issues relating to the interpretation of the language of a written agreement. See, e.g., GB Sciences Corp. v. Ishihara Sangyo Kaisha, Ltd., 270 F. Supp.2d 476, 481 (D. Del. 2003) (citations omitted) (disputes concerning "the interpretation of unambiguous contracts are resolvable as a matter of law"); E.I. Du Pont Nemours and Co. v. Admiral Ins. Co., 711 A.2d 45, 56 (Del. 1995) (interpretation of language of contract is question

3

of law); Rhoune-Poulenc Basic Chemicals Co. v. Am. Motorists Ins. Co., 616 A.2d 1192, 1195 (Del. 1992) (proper construction of any contract is "purely question of law").

It is equally clear that the Court should determine, as a matter of law, the sufficiency of a notice of termination under the construction contract.  See Bank of Brewton, Inc. v. Int'l Fid. Ins. Co., 837 So.2d 747, 754 (Ala. 2002) (determining as a matter of law that alleged notice of default was insufficient to comply with terms of performance bond); see also Blaine Econ. Dev. Auth. v. Royal Elec. Co., 520 N.W.2d 473, 477 (Minn. Ct. App. 1994) (determining as a matter of law that owner's notice letter, which failed to provide the requisite seven days' notice of termination, failed to satisfy contractual notice provision); Seaboard Surety Co. v. Town of Greenfield, 266 F. Supp.2d 189, 197-98 (D. Mass. 2003) (construing sufficiency of notices under a performance bond as a matter for the court).

As a matter of law, the November 21, 2003 letter does not constitute a notice of default termination.  By its own terms, the letter is merely a "**precautionary letter**."  The City states that it is merely "**considering declaring** [Durkin] in default."  The City's letter:

- does **not** state that Durkin is in default;
- does **not** declare any intention to terminate Durkin's right to complete the Construction Contract; and
- does **not** even include the word "terminate."

A jury cannot properly consider the issue of whether this letter satisfies the terms of the contracts at issue.  If there is any ambiguity in the November 21, 2003 letter, it fails, as a matter of law, to satisfy the terms of the contract.  See L&A Contracting Co. v. Southern Concrete Servs., Inc., 17 F.3d 106, 111 (5th Cir. 1994) (as a matter of law, letters purportedly declaring a default were insufficient as they did not even contain word "default" and were not an unequivocal declaration of default); see also Seaboard Surety Co., 266 F. Supp.2d at 196 (contractually-required notices must be clear and "unambiguous in order to fulfill their intended

4

purpose."); Bank of Brewton, supra (letter purportedly terminating contractor was not unequivocal and, therefore, was insufficient as a matter of law). Therefore, whether the terms of the Performance Bond and the Construction Contract have been satisfied by the November 21, 2003 letter is properly for the Court to decide. There is no issue for the jury. Federal's motion should be granted.

### V.   CONCLUSION AND RELIEF SOUGHT

In sum, even if the City contends that "the February 3, 2004 letter satisfied its obligation to refrain from terminating for twenty days," the November 21, 2003 letter nevertheless fails to satisfy the City's obligation to declare Durkin in default and provide notice of its intent to terminate Durkin's right to complete the Construction Contract. Therefore, Federal is entitled to judgment as a matter of law, for the two separate and independent reasons set forth above. Federal respectfully requests that the Court grant its Motion for Reargument and enter summary judgment in its favor and against the City on the City's third party complaint. Alternatively, Federal respectfully requests that the Court certify the Memorandum and Order, with respect to

5

the aforementioned controlling question of law, for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b).

Respectfully submitted,

/s/ _____
STRADLEY, RONON, STEVENS & YOUNG, LLP

Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY RONON STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

6

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2006, I caused a true and correct copy of the Motion of Third-Party Defendant, Federal Insurance Company, for Reconsideration and Reargument and Opening Brief in Support to be served via overnight delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA   19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE   19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE   19899
*Attorneys for Defendant,*
*URS Corporation*

/s/
Kevin W. Goldstein

465975