IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORNE, JR., CHRISTINA REWA AND URS CORPORATION, | ) JURY TRIAL DEMANDED |
| Defendants, | ) |
| vs. | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| Third Party Defendant. | ) |

**ANSWERING BRIEF
OF DEFENDANTS CITY OF NEWARK, ITS MAYOR AND COUNCIL
IN OPPOSITION TO THIRD-PARTY DEFENDANT FEDERAL INSURANCE
COMPANY'S MOTION FOR RECONSIDERATION AND REARGUMENT**

TIGHE COTTRELL & LOGAN, P.A.

Paul Cottrell, Esquire (# 2391)
Victoria Petrone, Esquire (# 4210)
One Customs House
704 North King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899 - 1031
tel. 302.658.6400
fax. 302.658.9836
e-mail: p.cottrell@lawtcl.com
*Counsel for the City of Newark, its Mayor and Council*

Dated: May 3, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS .................... 1

SUMMARY OF ARGUMENT .............................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 1

ARGUMENT .......................................................................................................................... 2

CONCLUSION ....................................................................................................................... 4

# TABLE OF CITATIONS

**Case**                                                                                                    **Page**

*Abu-Jamal v. Horn,* No. CIV. A. 99-5089, 2001 WL 1609761 (E.D.Pa.2001)..............3

*Clark v. Tarrant County,* 798 F.2d 736(5th Cir. 1986)............................................2

*Dentsply Int'l. Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385 (D.Del.1999).......................3

*Karr v. Castle,* 768 F.Supp. 1087(D.Del.1991)..................................................3

**Other Authority**

28 USCA § 1292(b)...................................................................................4

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Federal Insurance Company ("Federal") filed a *Motion for Summary Judgment* to which the City of Newark ("the City") filed an answering brief and Federal filed a reply. The Court denied Federal's Motion by written *Memorandum and Order* dated April 5, 2006.

Federal has filed a *Motion for Reconsideration and Reargument*. This is the City's *Answering Brief*.

## SUMMARY OF ARGUMENT

The Court properly denied Federal's *Motion for Summary Judgment*. Federal simply restates its previous arguments and requests a different result. Federal misled the Court in its request to file its *Motion for Summary Judgment* and relies in its *Motion for Reargument* upon deposition testimony which has been clarified and which very much indicates a factual dispute. Federal's heavy reliance on witness testimony is an admission that the dispute is factual in nature and, as the Court has already ruled, summary judgment is inappropriate. Federal's *Motion for Reconsideration* should be denied.

## STATEMENT OF FACTS

The City incorporates herein by reference its Statement of Facts set forth in its *Answering Brief* to Federal's *Motion for Summary Judgment*.

-2-

## ARGUMENT

Federal bases its *Motion for Reconsideration* on the argument that the Court failed to consider certain elements of Federal's *Motion for Summary Judgment*, notwithstanding the detailed *Memorandum* issued by the Court explaining its decision which serves as proof that the Court devoted significant time reviewing the issues. Federal simply repeats the same arguments and the same caselaw and requests a different result. Federal includes repeated citation to the testimony of the City's 30(b)(6) designee Carol Houck thereby essentially admitting that the dispute is fact-based. The Court correctly ruled that material facts are in dispute and that summary judgment is inappropriate.

The Court should note that Federal requested leave to file its *Motion for Summary Judgment*, writing to the Court on February 2, 2006: "Federal's motion is based entirely on the law, the contracts and written communications among the parties. Deposition testimony will not add to or subtract from the relevant facts necessary for the Court to resolve Federal's summary judgment motion…" Notwithstanding the representation that no discovery was needed to support its motion, Federal relies heavily on fact witness testimony taken *after* leave was granted and to which the City has not had the opportunity to rebut as discovery is ongoing.

The unilateral use of the Deposition of Carol Houck in a motion for summary judgment, and a subsequent decision relying upon same, will effectively nullify all further discovery with regards to the factual issues presented by her testimony. (See *Clark v. Tarrant County*, 798 F.2d 736, 746 (5th Cir. 1986), wherein the Court states that the "purpose of the Rule 56 notice requirement is that the summary judgment may not be used to cut off discovery").

And as to the so-called admitted "facts," Federal argues yet again that the November 21, 2003 letter cannot both satisfy the performance bond and the construction contract. Federal quotes a statement by Carol Houck procured on the third day of her testimony. Ms. Houck was asked if she believed the November 21, 2003 letter satisfied the seven-day notice requirement of the contract (*not* Federal's performance bond) to which she replied "I don't believe so." It is reliance on this quote that Federal believes entitles it to summary judgment on its performance bond. However, Ms. Houck clarifies in her Errata Sheet:

> Further, my reply on line 9 is incorrect if it suggests that the November 21, 2003 letter was not the seven-day notice letter. My reply, "I don't believe so" would reflect my understanding that the November 21, 2003 letter was not the only effort made by Newark to put both Durkin and the Surety on notice. I believe that the November 21, 2003 letter was one of the seven-day notices as were the February 3 and February 4, 2004 letters.

Exhibit A. The point is, there still exists a dispute of fact with respect to the November 21, 2003 letter. In its *Memorandum* on the import of the November 21, 2003 letter and a related letter written on February 3, 2004, the Court correctly stated that "whether the content of those letters actually fulfilled the City's obligations is a question for the factfinder."

Motions for reconsideration are to be granted sparingly. *Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991). The purpose of a motion for reconsideration is not to "rehash arguments already briefed." *Dentsply Int'l. Inc. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999). (See also Exhibit B, *Abu-Jamal v. Horn,* No. CIV. A. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa.2001) "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.") Yet Federal does exactly

-3-

that; rehashes the arguments that have already been briefed and decided by the Court. The *Motion for Reconsideration* should not be granted. In ruling that the issue is one of material fact and not controlling law, certification pursuant to 28 USCA § 1292(b) is also inappropriate.

## CONCLUSION

WHEREFORE, for the reasons as stated above, Defendants City of Newark, its Mayor and Council Members, request this Honorable Court for an Order DENYING Federal's *Motion* and for an Order finding Federal in default of its Bond.

TIGHE COTTRELL & LOGAN, P.A.

*/s/ Paul Cottrell*
_____
Paul Cottrell, Esquire (# 2391)
Victoria Petrone, Esquire (# 4210)
First Federal Plaza
704 North King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899 - 1031
tel. 302.658.6400
fax. 302.658.9836
e-mail: p.cottrell@lawtcl.com
*Counsel for the City of Newark, its Mayor and Council*