IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Donald M. Durkin Contracting, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| City of Newark, *et al.*, | ) |
| | ) C.A. No. 04-163 (GMS) |
| Defendants and Third-Party Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| URS Corporation, | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER

Presently before the court in the above-captioned action is a discovery dispute between plaintiff Donald M. Durkin Contracting, Inc. ("Durkin") and defendant City of Newark ("the City"), in which Durkin seeks the production of "all Executive Session meeting minutes and notes taken by City Council members" pertaining to the subject matter of this litigation. (D.I. 113 at 2.) On April 5, 2006, the court ordered the submission the documents in question for *in camera* review. As part of that submission, the court directed the City to "identify the author of each document, the author's relationship to the case, the executive session at which each document was created, the persons in attendance at each session, the asserted source of protection (*i.e.*, privilege or work product) for each document, and any other information relevant to the legal elements of the asserted source of protection." (D.I. 132 at 4.)

After reviewing the documents, it appears that they are in fact the relevant Executive Session minutes authored by the City Secretary, and each document identifies the date of the Executive

Session as well as the persons present. The City contends that all of these documents are protected by Delaware's Freedom of Information Act ("FOIA"), Del. Code Ann. tit. 29, §§ 10001-10005 (2003 & Supp. 2005). FOIA permits the City to withhold Executive Session minutes from "public disclosure so long as public disclosure would defeat the lawful purpose for the executive session, but no longer." § 10004(f). Indeed, the Executive Sessions were called for a lawful purpose, i.e., to discuss the City's strategy for potential litigation against Durkin. § 10004(b)(4). It goes without saying that the City's position in the litigation would be compromised by revealing the substance of its strategy discussions. Therefore, because "public disclosure would defeat the lawful purpose for the executive session," FOIA permits the City to withhold the minutes.

Nevertheless, Delaware's FOIA laws do not alleviate the City of its discovery obligations in federal court. Unless the documents are privileged, the City must produce them.[1] Because this is a case brought pursuant to the court's diversity jurisdiction, the Federal Rules of Evidence provide:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501. Delaware's attorney-client privilege rule reads as follows:

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the client's lawyer or the lawyer's representative, (2) between the lawyer and the lawyer's representative, (3) by the client or the client's representative or the client's lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another in a matter of common interest, (4) between representatives of the client or between the client and a representative of the

---

[1] In its submission, the City identifies only FOIA and attorney-client privilege as the sources of protection for the minutes. Because the court directed the City to explicitly set forth the source of protection for each document, any protection under the work product doctrine has been waived.

client, or (5) among lawyers and their representatives representing the same client. D.R.E. § 502(b). Given that standard, the attorney-client privilege clearly protects minutes from Executive Sessions conducted in the absence of third persons and during which litigation (or imminent litigation) with Durkin was discussed with counsel (either the City Solicitor or the City's trial counsel). Therefore, the City need not produce minutes from the following Executive Sessions: November 24, 2003, February 23, 2004, May 24, 2004, July 12, 2004, September 13, 2004, September 27, 2004, October 11, 2004, October 25, 2004, November 8, 2004, and January 24, 2005. However, the minutes from the Executive Session of February 2, 2004 are not privileged because a representative of third-party defendant URS Corporation ("URS") was present. Likewise, a portion of the minutes from the Executive Session of April 26, 2004 is not privileged because URS representatives were present from 10:22 p.m. until 11:45 p.m. Lastly, regarding the minutes from the Executive Session of June 14, 2004, it appears that a Captain Conway was present from 9:28 p.m. until 10:47 p.m. The City provides no explanation regarding the relationship between Captain Conway and the City. Therefore, the minutes from that portion of the June 14 Executive Session are not privileged.

IT IS HEREBY ORDERED THAT:

1. The Executive Session minutes from February 2, 2004 be PRODUCED in full; and

2. The Executive Session minutes from April 26, 2004 and June 14, 2004 be PRODUCED in part as described above.

Dated: May 9, 2006

UNITED STATES DISTRICT JUDGE

FILED
MAY 9 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

3