IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**REPLY BRIEF OF THIRD-PARTY DEFENDANT,
FEDERAL INSURANCE COMPANY, IN SUPPORT OF ITS
<u>MOTION FOR RECONSIDERATION AND REARGUMENT</u>**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein
Delaware Bar ID No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19899

Samuel J. Arena, Jr. (pro hac vice)
Patrick R. Kingsley (pro hac vice)
David M. Burkholder (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES…………………………………………………………..ii

I.     INTRODUCTION……………………………………………………………...1

II.    REPLY ARGUMENT…………………………………………………………..2

       A.    The City's Proposed Errata Sheet Attempts To Create
           A Sham Issue Of Fact And Must Be Disregarded………………………...2

       B.    Even If The Court Were To Consider The City Designee's
           Proposed Clarifications, Federal Is Still Entitled To Judgment
           As A Matter Of Law……………………………………………………….5

III.   CONCLUSION AND RELIEF SOUGHT…………………………………….....9

# TABLE OF AUTHORITIES

Page

**I.   Cases**

Burns v. Board of County Commissioners of Jackson County,
330 F.3d 1275 (10th Cir. 2003)..........................................................................3

Clark v. Tarrant County,
789 F.2d 736 (5th Cir. 1986) .............................................................................4

Franks v. Nimmo,
796 F.2d 1230 (10th Cir. 1986) .........................................................................3

Greenway v. Int'l Paper Co.,
144 F.R.D. 322 (W.D. La. 1992)........................................................................3

Ierardi v. Lorillard, Inc.,
1991 WL 158911 (E.D. Pa. Aug. 3, 1991)..........................................................4

**II.   Statutes**

28 U.S.C. §1292(b) ...........................................................................................10

**III.   Rules**

FED. R. CIV. P. 30(e)............................................................................................3

## I. **INTRODUCTION**

Federal submits this reply brief to address the proposed errata sheet submitted by the City in support of the deposition testimony of the City's Rule 30(b)(6) designee, Carol Houck, and the City's unfounded (and unsupportable) allegations that Federal somehow "misled the Court in its request to file its *motion for summary judgment* . . ." by relying on the deposition testimony of the City's own designee.[1] In point of fact, Federal did **not** rely on deposition testimony in support of its motion for summary judgment. The City's designee was deposed *after* the motion was filed but *before* Federal's reply brief was due. Federal merely included an obviously-relevant admission in its reply brief, which simply confirmed the basis of its original motion for summary judgment. The City's designee admitted the obvious, and Federal merely pointed that out to the Court. Federal's inclusion of this admission in its reply brief was wholly proper.

Federal did not mislead the Court in its request for leave to file a motion for summary judgment. Federal included the City designee's admission in the reply brief because, whether the City likes it or not, the admission is a fact of record, which the Court must know about for the determination of Federal's motion. Further, the testimony of the City's designee clearly establishes that Federal's position, driven by the applicable law, documents and contracts at issue, was right all along: there is no material dispute that the November 21, 2003 letter does not satisfy the City's requisite seven days' notice of intent to terminate. The deposition testimony of

---

[1] As set forth below, the changes set forth in the errata sheet are complete substantive alterations. Moreover, the timing of the City's submission of the errata sheet is curious inasmuch as the City submitted the errata sheet nearly two weeks after Federal's motion for reconsideration was filed. The City had ample time and opportunity to revisit any actual (or purported) confusion or unclear portions of the testimony of its designee over the course of the designee's four-day deposition. Instead, the City's attorneys chose not to ask the City's designee any questions or even attempt to clarify any alleged confusion. Furthermore, the City's complaints about the timing of Federal's motion for summary judgment are meritless: the City itself agreed to allow Federal to file the motion on the date that Federal did so. The City's complaints about the results of that decision are baseless. Federal did not mislead the Court in any manner, and the City's allegations to the contrary are unfounded.

the City's designee merely confirms as much. Also, the City designee's testimony – under oath and juxtaposed against the proposed errata sheet – clearly demonstrates that the City is now attempting to conform the facts to its arguments.

Federal moved the Court to reconsider the Memorandum and Order dated April 5, 2006 only because that Order did not address all of the bases that entitle Federal to judgment as a matter of law. In particular, the Order did not consider the effect of the clear admission of the City's designee that the November 21, 2003 letter is not the requisite seven days' written notice under the Construction Contract, and it did not consider that the content of the same letter fails as a matter of law to satisfy the terms of the contracts at issue. Federal's basis for moving for reconsideration is wholly proper under the law. In any event, the City's opposition to the instant motion fails for two reasons.

First, the City attempts to create sham issues of fact and substantively alter its designee's testimony through the subject errata sheet, which must be disregarded. Second, even if the Court were to consider (which it should not) this new testimony by the City's designee, Federal is still entitled to judgment as a matter of law because the three letters referenced in the City's proposed errata sheet, individually and collectively, fail to satisfy the City's obligations under the contracts at issue. The City wholly ignores the fact that the sufficiency of the content of these letters is an issue for the Court and not a jury to decide.

## II. REPLY ARGUMENT

### A. The City's Proposed Errata Sheet Attempts To Create A Sham Issue Of Fact And Must Be Disregarded

In its Answering Brief, the City contends that it has clarified the testimony of the City designee through a proposed errata sheet. The City claims that the so-called "clarifications"

2

somehow establish that there is a factual dispute as to whether the contents of the November 21, 2003 letter satisfies the contracts at issue. These contentions, however, are meritless.

The City's errata sheet must be disregarded. The law holds that an errata sheet will be disregarded when it "constitutes an attempt to create a sham fact issue." <u>Burns v. Board of County Commissioners of Jackson County</u>, 330 F.3d 1275, 1282 (10th Cir. 2003) (noting there is no distinction between sham Rule 30(e) corrections and sham affidavits); see e.g., <u>Franks v. Nimmo</u>, 796 F.2d 1230 (10th Cir. 1986). Whether a party's errata sheet constitutes an attempt to create sham issues of fact is determined by "whether the [deponent] was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the [errata sheet] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the [errata sheet] seeks to explain." <u>Burns</u>, 330 F.3d at 1282.

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to deposition testimony in form or substance. FED. R. CIV. P. 30(e). However, "[t]he Rule cannot be interpreted to allow one to *alter* what was said under oath." <u>Burns</u>, 330 F.3d at 1282 (emphasis added); <u>Garcia v. Pueblo Country Club</u>, 299 F.3d 1233 (10th Cir. 2002); <u>Greenway v. Int'l Paper Co.</u>, 144 F.R.D. 322, 325 (W.D. La. 1992). Indeed, "[i]f that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses." <u>Burns</u>, 330 F.3d at 1282. "A deposition is not a take home exam." <u>Id.</u>

Here, the City's designee admitted that the November 21, 2003 letter was not the City's seven days' written notice under the Construction Contract. In the proposed errata sheet, however, the City now completely alters that response to: "my reply on line 9 is *incorrect* if it

3

suggests that the November 21, 2003 letter was not the seven-day notice letter." See Errata Sheet (emphasis added). The City's attempt to create a sham fact issue is clear.

First, the City's designee was cross-examined during her entire four-day deposition. The deposition took place over the course of two weeks, and it was on the third day of her testimony that she admitted that the City did not consider the November 21, 2003 letter to constitute the requisite seven days' notice under the Construction Contract. The deponent was fresh off a five-day break from the last installment of her deposition.[2] The City had ample time and opportunity to correct any substantive or perceived deficiencies on the record that (and the next) day but chose not to do so.[3] Second, the proposed "clarifications" set forth in the errata sheet are not based on newly-discovered evidence, and should have been known by the City's designee at the time she was being deposed. See Ierardi v. Lorillard, Inc., 1991 WL 158911, *1 (E.D. Pa. Aug. 3, 1991) (party producing Rule 30(b)(6) designee has obligation to "prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the" party).[4] Third, although the errata sheet appears to assume that the City designee's testimony is

---

[2] The deposition took place on March 22, 23, 28 and 30, 2006, and the City's counsel was present for the entire time.

[3] The City also claims that the use of its designee's deposition testimony and any decision relying on that testimony will somehow "effectively nullify all further factual discovery with regards to the factual issues presented by her testimony." Answering Brief at 2. This claim is baseless and the case law relied upon the City for this argument is inapplicable. Indeed, Clark v. Tarrant County, 789 F.2d 736 (5th Cir. 1986) deals with whether proper notice was given under Rule 56(c) for a party's motion to dismiss pursuant to Rule 12(b)(6), which the court treated as a motion for summary judgment. In determining that the party opposing the motion for summary judgment had received proper notice under Rule 56(c), the court stated that "while it might be the better practice to give express notice that the court intends to treat a Rule 12(b)(6) motion as a motion for summary judgment, failure to give such notice does not require reversal." Clark, 789 F.2d at 746 (internal citations omitted). The court added that a further purpose of the notice requirement for converted 12(b)(6) motions is "that the summary judgment may not be used to cut off discovery." Id. Here, there can be no question that the City had adequate notice of the date upon which Federal's motion for summary judgment was to be filed. After all, the City stipulated to the filing date. Moreover, there can be no question that, knowing full well that Federal's motion for summary judgment was pending during the four-day deposition of the City's designee, the City cannot reasonably complain that discovery or its opportunity to explore issues pertinent to the motion for summary judgment were cut off.

[4] See A-56 of Appendix to Federal's Motion for Reconsideration and Reargument.

4

somehow confusing or misleading, it is plain that the question regarding the City's meaning to the November 21, 2003 letter was simple, direct and clear. It is self-evident that the answer of City designee to the straightforward question of Federal's counsel does not reflect any obvious confusion that would require clarification.

In addition, the errata sheet contradicts the Court's articulation of the City's own position and demonstrates that there is no genuine issue of material fact. See April 5, 2006 Memorandum at 4. As the Court has described the City's argument, "the letter of November 21 satisfied [the City's] obligation under the terms of the bond to request the conference [required under Subparagraph 3.1 of the Performance Bond], as well as its obligation under the terms [of Section 15.2] of the construction contract to provide seven days notice, and that a second letter written on February 3, 2004 satisfied its obligation to refrain from terminating for twenty days [as required by Subparagraph 3.2 of the Performance Bond]." Id. The February 3, 2004 letter is **not** a seven-day notice of termination but rather conveys the actual and immediate termination itself. The City's proposed errata sheet, therefore, contradicts not only the sworn testimony of the City's designated representative but is also fundamentally inconsistent with the only scenario identified by the Court as potentially generating a fact issue sufficient to withstand summary judgment.

    **B.    Even If The Court Were To Consider The City Designee's Alleged Clarifications, Federal Is Still Entitled To Judgment As A Matter Of Law**

Fourteen days after the filing of Federal's Motion for Reconsideration and Reargument, and 35 days after the third day of her deposition was concluded, the City's designee belatedly attempts to "clarify" her deposition testimony by way of a proposed errata sheet. Contradicting her previous testimony under oath, the City's designee now states that her deposition testimony:

> . . . is *incorrect* if it suggests that the November 21, 2003 letter was not the seven-day notice letter. My reply, "I don't believe so" would reflect my understanding that the November 21, 2003 letter was not the only effort made by Newark to put both Durkin and the Surety on notice. I believe that the November 21, 2003 letter was one of the seven-day notices as were the February 3 and February 4, 2004 letters.

City's Answering Brief at 3 (emphasis added). Even if this <u>new</u> testimony were considered by this Court (which it should not be) and accepted as true for purposes of this motion, Federal is still entitled to judgment as a matter of law for at least two reasons.

<u>First</u>, by not addressing Federal's argument that "the content of the November 21, 2003 letter fails as a matter of law to satisfy the terms of the contracts at issue," and by now taking the newfound position through its designee that its "February 3 and February 4, 2004 letters" also were "seven-day notices," the City apparently has conceded that the November 21, 2003 letter by itself is deficient as a matter of law. The City has not refuted, because it cannot refute, that the November 21, 2003 letter cannot be a notice of default termination because the November 21, 2003 letter states that it is a "**precautionary letter**" and because it states that the City is merely "**considering declaring** [Durkin] in default." The City's letter:

- does <u>not</u> state that Durkin is in default;

- does <u>not</u> declare any intention to terminate Durkin's right to complete the construction contract; and

- does <u>not</u> even include the word "terminate."

The City's November 21, 2003 letter is deficient as a matter of law. No amount of "clarified" deposition testimony by the City's designee can resurrect this letter or create factual issues where there are none.

<u>Second</u>, assuming that the "February 3 and February 4 letters" were meant to be "seven-day notice" letters as the City now contends, based upon the designee's "clarified" deposition

6

testimony set forth in the errata sheet, these letters also fail as a matter of law to satisfy the terms of the Construction Contract because there can be no factual dispute that these letters did not provide the requisite seven days' notice. There is no dispute that on February 2, 2004 at 11 o'clock p.m., the City Council unanimously voted: "that Donald M. Durkin Contracting, Inc. **be terminated immediately** from further involvement in the construction of the Newark reservoir . . . ."[5] Likewise, there is no dispute that on the very next day, February 3, 2004, the City sent a letter to Durkin and Federal that communicated exactly what the City Council did: terminate Durkin's right to complete the construction contract **immediately**. It also is undisputed that the February 3, 2004 letter states that "the City of Newark declares a contractor default and hereby formally terminates [Durkin's] right to complete the [Construction Contract] . . . ."[6] There can be no other meaning to this letter but that Durkin's right to complete the Construction Contract is **immediately** terminated. In that very letter, the City also makes an **immediate** demand on Federal to provide coverage under the performance bond. That demand would clearly make no sense if the February 3, 2004 letter truly provided seven days notice of termination in the future.

Contrary to what the City's designee now states through her "clarified" deposition testimony, the February 3, 2004 letter itself establishes that it was not meant to be the City's seven days' written notice to Federal and Durkin. The February 3, 2004 letter provides:

> The City of Newark provided written notice of its intent to terminate Durkin on November 21, 2003, thereby satisfying the notice requirements under Article 15 of the Contract in addition to satisfying the notice requirements under the bond.[7]

---

[5] See A-12 of Appendix to Federal's Motion for Summary Judgment (emphasis added).

[6] See A-14 of Appendix to Federal's Motion for Summary Judgment.

[7] See A-14 of Appendix to Federal's Motion for Summary Judgment.

Even if the Court were to accept the proposed errata sheet testimony, the February 3, 2004 letter obviously cannot function as the seven days' written notice of termination requirement because the February 3, 2004 letter states that some **other** letter (the November 21, 2003 letter) purportedly fulfilled that requirement.[8]

The February 4, 2004 letter from the City's outside counsel also does not satisfy the City's obligation to provide the notice of default required by the Construction Contract. In its prior briefs, the City suggested that the February 4, 2004 letter somehow "rectifies" the City's failure to give proper notice of termination to Durkin and Federal. Now, the City contends that that letter somehow itself satisfied the City's notice obligations. This letter is deficient as a matter of law for at least two reasons.

First, there is no factual dispute that by that letter, the City's outside counsel purportedly offered to "suspend the effective date of the termination letter for an additional 7 days." As an offer to suspend the effective date of the "termination letter," the City's February 4, 2004 letter establishes that the effective date of the termination communicated by the February 3, 2004 letter was **immediate** and that it was not to be effective in seven days, as the City now contends.

Second, there is no dispute that the City's termination of Durkin's right to perform the construction contract was never rescinded. For that matter, the February 4, 2004 letter itself does not even purport to rescind the City's Manager's letter of the day before. The February 4, 2004 letter merely seeks to "suspend" the termination. Even if the City Council could somehow "unterminate" Durkin's right to complete the contract by offering to suspend the termination (the City cites no <u>legal</u> authority for that proposition), the undisputed fact remains that no such action to rescind or suspend the termination was ever taken by City Council. Indeed, rather than

---

[8] Federal previously demonstrated that the November 21, 2003 letter is deficient as a matter of law.

serving to "rectify" the City's failure to provide Durkin and Federal with the requisite seven days notice of intent to terminate Durkin's rights, the February 4, 2004 offer by the City's outside counsel to "suspend the effective date of the termination letter" underscores the City's failure to provide the required seven days notice prior to default terminating Durkin.

Thus, even if the Court were to accept the City designee's "clarified" deposition testimony that she "believe[s] that the November 21, 2003 letter was one of the seven-day notices as were the February 3 and February 4, 2004 letters," the City has still failed to demonstrate that these letters, individually or collectively, satisfy the City's contractual obligation to provide the required seven days' notice prior to default terminating Durkin's right to complete the Construction Contract.

### III.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in Federal's motion and opening brief, which are hereby incorporated by reference, Federal respectfully requests that the Court grant its motion for reconsideration and reargument and enter summary judgment in its favor and against the City on the City's Third-Party Complaint. Alternatively, Federal respectfully requests that the Court

certify the Memorandum and Order, with respect to the aforementioned controlling question of law, for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b).

Respectfully submitted,

/s/_____
STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax


Samuel J. Arena, Jr. (pro hac vice)
Patrick R. Kingsley (pro hac vice)
David M. Burkholder (pro hac vice)
2600 One Commerce Square
Philadelphia, PA   19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I, Kevin W. Goldstein, Esquire, do hereby certify that on May 10, 2006, I caused a copy of the Reply Brief of Third-Party Defendant, Federal Insurance Company, in Support of its Motion for Reconsideration and Reargument to be served via overnight delivery and electronic filing upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ _____
Kevin W. Goldstein

469497