IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 04-0163 (GMS) |
| CITY OF NEWARK, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## STIPULATED CONFIDENTIALITY ORDER

**I.     STIPULATION**

WHEREAS, in the course of this litigation, Plaintiff, Donald M. Durkin Contracting, Inc. ("Durkin") and Third-Party Defendant, Federal Insurance Company ("Federal"), seek disclosure of information from non-party, George & Lynch, Inc. ("George & Lynch") which George & Lynch regards as being of a confidential trade secret, and/or propriety nature;

WHEREAS, all Parties to this action agree to establish a mechanism to protect the disclosure of such confidential, trade secret, or proprietary information used in connection with the above-captioned litigation; and

IT IS HEREBY STIPULATED by and between the Parties and by their respective undersigned Counsel of Record herein, that the following Confidentiality Order shall govern the disclosure of confidential, trade secret, and/or proprietary information provided by George & Lynch under Fed. R. Civ. P. 26 and throughout discovery in this litigation.

## II. DEFINITIONS

    A.    The designation "CONFIDENTIAL" may be applied by George & Lynch to any type of information which it believes in good faith to constitute, contain, reveal or reflect proprietary or sensitive personnel, financial, business or technical information, the disclosure of which would give another entity an unfair competitive advantage and/or expose third parties to annoyance, embarrassment, or oppression.

    B.    "Confidential Information" refers to all information which is subject to the designation "CONFIDENTIAL", as described above.

    C.    "Counsel of Record" means the attorneys and law firms which have appeared as counsel of record for any Party in this litigation, including all attorneys, para-professionals, clerks and secretaries associated with or employed by such attorneys and law firms, whose review of such information is necessary to the attorneys prosecuting or defending this litigation.

    D.    "Party" means every Party to the above-captioned litigation and every director, officer, employee and managing agent of every Party to this litigation.

    E.    "Confidentiality Order" means this Stipulated Confidentiality Order.

## III. TERMS OF THE CONFIDENTIALITY ORDER

    1.    MATERIALS SUBJECT TO DESIGNATION. All originals or copies of documents obtained by production of documents (hereinafter collectively referred to as "Information") may be designated by George & Lynch in conformity with the definitions set forth above.

    2.    TREATMENT OF "CONFIDENTIAL" INFORMATION. Information designated as "CONFIDENTIAL" shall not be disclosed, given, shown, made available or

communicated in any way to any person or entity other than counsel of record for a Party, or to a Party or a Party's expert or consultant, so long as each individual other than Counsel of Record has executed, before disclosure of any such documents, a Commitment of Confidentiality in the form attached as Exhibit A. Such information shall be used by a non-producing Party only for the purposes of this litigation.

3. <u>OUTSIDE EXPERTS AND CONSULTANTS</u>. Documents designated as "CONFIDENTIAL" may be shown to experts or consultants, together with their clerical personnel, who are retained by a Party in connection with preparation for trial or trial in this action, provided that before disclosure to any such expert or consultant, the person to whom such information is to be disclosed shall execute and deliver to the attorney for the disclosing entity a written Commitment of Confidentiality, in the form attached hereto as Exhibit A.

4. <u>MANNER OF DESIGNATING DOCUMENTS</u>. The designation of documents containing Confidential Information shall be made by placing the legend "CONFIDENTIAL" on each page of any document that George & Lynch wishes to protect against disclosure or use, or, in the case of computer disks or tape, on the cover or container of the disk or tape. A designation of Confidential Information as to any thing of which inspection or sampling has been requested shall be made by placing the legend "CONFIDENTIAL" on the thing or container within which it is stored or by some other means of designation agreed upon by the requesting Party and George & Lynch. All documents and things shall be marked prior to the provision of a physical copy thereof to any entity. However, any failure to designate and mark as provided in this Paragraph shall not preclude George & Lynch from thereafter, in good faith, making such a designation and requesting a receiving Party to so mark such documents or

things so designated. After such a request, such documents or things shall be fully subject to this Confidentiality Order as if they had been initially so designated.

5. <u>MANNER OF DESIGNATING DEPOSITION TESTIMONY AND EXHIBITS</u>. Any representative, agent or employee of George & Lynch giving deposition testimony in connection with this litigation may request the designation of his/her testimony or any portion thereof, or deposition exhibits or any portion thereof, as "CONFIDENTIAL" by advising the reporter and all Parties of such fact on the record during the deposition, or within thirty (30) days after the deposition transcript is available. In addition, George & Lynch may request the designation of any part or all of any deposition, or any part of all or any deposition exhibit, as "CONFIDENTIAL" at the time of the deposition or within thirty (30) days after the deposition transcript is available. Each page of the transcript that is so designated shall be marked with the legend "CONFIDENTIAL". If a deposition or any part thereof or any exhibit thereto is designated as "CONFIDENTIAL" and is to be filed with the Court, the deposition transcript and exhibits shall be filed in accordance with Paragraph 7 below.

6. <u>MANNER OF DESIGNATING PLEADINGS, BRIEFS, DISCOVERY RESPONSES, AND OTHER MEMORANDA</u>. All or part of pleadings, briefs, other memoranda, responses to interrogatories, to requests for production of documents may be designated as Confidential Information by the responding Party using Confidential Information as defined in this Stipulation by marking the word "CONFIDENTIAL" on the face of the response and each page which contains the designated material.

7. <u>FILING DOCUMENTS WITH THE COURT</u>. All information designated as Confidential Information which is filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed in

accordance with the procedures of the Court for electronic filing of documents under seal or otherwise lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the word "CONFIDENTIAL", and a statement substantially in the following form:

> "This envelope contains documents that are subject to a Confidentiality Order entered by the Court in this action governing use of confidential discovery material. This envelope shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter."

Upon the failure of the filing Party to designate Confidential Information properly and file such Confidential Information in accordance with this Confidentiality Order, any Party or George & Lynch, who in good faith believes that designation and filing under seal is required may so designate the Confidential Information within ten (10) days of learning of the filing. Notice of such designation shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such information under seal.

8. <u>CONFIDENTIAL INFORMATION AT TRIAL</u>. Subject to the Federal Rules of Evidence, Confidential Information may be offered in evidence at trial or any Court hearing. If a Party desires to use George & Lynch's Confidential Information at trial, such Party shall provide at least ten (10) days' notice to George & Lynch of such intent to use Confidential Information. Any Party or George & Lynch may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as Confidential Information and, if so, what protection, if any, may be afforded to such Confidential Information.

9. <u>NO EFFECT ON DESIGNATING ENTITY'S OWN USE</u>. Nothing contained in this Order shall affect the right of George & Lynch to disclose to its officers,

directors, employees, partners, or consultants or to use as it desires any Confidential Information designated and produced as "CONFIDENTIAL".

10.   LEGAL EFFECT OF DESIGNATIONS. The designation of any document, material or information as "CONFIDENTIAL" is intended solely to facilitate compliance with Fed. R. Civ. P. 26 and discovery in this action, and neither such designation nor treatment in conformity with such designation shall be construed in any way as an admission or agreement by any Party that the designated disclosure constitutes or contains any Confidential Information. Failure to so designate any document or thing shall not constitute a waiver of any claim that such documents or things do contain Confidential Information.

11.   OBJECTIONS.

(a)   If any Party believes that a document or other information which has been designated by George & Lynch as "CONFIDENTIAL" is not entitled to be treated as Confidential Information, counsel for that Party will notify counsel for George & Lynch in writing of the disagreement with the "CONFIDENTIAL" designation. Counsel for the Parties and George & Lynch shall confer in an attempt to reach an agreement regarding the confidential status of the document or information within five (5) business days after receipt of such notice.

(b)   If counsel for the Parties and George & Lynch are unable to resolve the disagreement within five (5) business day period set forth in Paragraph 11(a) herein, the Parties shall follow the procedure for resolving discovery disputes set forth in the Court's most recent Scheduling Order. Until the Court resolves the issue, the document or information with respect to which such motion is made will be treated as subject to the terms of this Confidentiality Order. This Confidentiality Order does not change George & Lynch's burden to

establish that information is confidential and should be subject to this Confidentiality Order and protected under Fed. R. Civ. Proc. 26.

12. **REMOVAL OF CONFIDENTIAL DESIGNATION.** Unless otherwise ordered by the Court, any information designated "CONFIDENTIAL" shall lose all protections set forth in this Confidentiality Order upon:

(a) discussion or disclosure in any opinion or order of the Court available to the public; or

(b) discussion or disclosure to the public by George & Lynch; or

(c) Court-ordered determination that the information is not confidential.

13. **CLIENT CONSULTATION.** Nothing in this Confidentiality Order shall prevent or otherwise restrict counsel from rendering advice to their Party clients and, in the course thereof, relying generally on examination of Confidential Information.

14. **FINAL DISPOSITION OF ACTION.** Upon the final disposition of this action, each Counsel of Record shall promptly return to counsel for the George & Lynch, upon written request, all information designated "CONFIDENTIAL" and all copies made thereof or shall represent in writing that all such information has been destroyed. However, Counsel of Record may retain a file copy of any document filed with the Court, a copy of any written discovery responses, and a transcript of any deposition, testimony, together with all exhibits thereto.

15. **SURVIVAL OF TERMS.** Absent written modification hereof by the Parties hereto and George & Lynch if applicable, or further order of the Court, the provisions of this Confidentiality Order that restrict the disclosure and use of Confidential Information shall

7

survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Confidentiality Order.

16. <u>EFFECT ON DISCOVERY</u>. This Confidentiality Order shall not preclude or limit the right of any Party to oppose discovery on any ground(s) that would otherwise be available.

17. <u>STIPULATION BINDING WHEN SIGNED</u>. This Confidentiality Order shall be binding on the Parties hereto and George & Lynch when signed regardless of whether or when the Court enters its order hereon.

18. <u>COUNTERPARTS</u>. This Confidentiality Order may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

19. If George & Lynch produces documents pursuant to a subpoena issued in the case, such production shall be deemed to be made pursuant to this Confidentiality Order.

SO STIPULATED AND AGREED:

| | |
|---|---|
| STRADLEY, RONON, STEVENS & YOUNG, LLP | TIGHE, COTTRELL & LOGAN, P.A. |

/s/ Patrick R. Kingsley
Patrick R. Kingsley, Esquire (Pro Hac Vice)
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8029
*Attorneys for Federal Insurance Company*

/s/ Paul Cottrell
Paul Cottrell, Esquire (ID No. 2391)
One Customs House, 704 N. King Street
Wilmington, DE 19899
(302) 658-6400
*Attorneys for City of Newark Defendants*

| | |
|---|---|
| SEITZ, VAN OGTROP & GREEN, P.A. | POWELL, TRACHTMAN, LOGAN CARRLE & LOMBARDO, P.C. |

/s/ James S. Green
James S. Green, Jr., Esquire (ID No. 481)
200 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899
(302) 888-0606
*Attorneys for URS Corporation, Inc.*

/s/ Paul A. Logan
Paul A. Logan, Esquire (ID No. 3339)
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(610) 354-9700
*Attorneys for Donald M. Durkin Contracting, Inc.*

Dated: July 28, 2006


IT IS SO ORDERED this _____ day of _____, 2006.


_____
THE HONORABLE GREGORY M. SLEET
United States District Court Judge

## EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF NEWARK, *et al.*, )<br>)<br>Defendants. ) | C.A. No. 04-0163 (GMS) |

### COMMITMENT OF QUALIFIED PERSON
### PURSUANT TO CONFIDENTIALITY ORDER

I hereby affirm that: (1) I have received and read a copy of the Stipulated Confidentiality Order agreed to by the parties and entered with the Court; (2) I understand the terms thereof and agree to be bound thereby; and (3) I am aware that a violation of such Order may result in a finding of contempt of Court.

In addition, I agree that if I am subpoenaed or otherwise requested in any litigation or dispute to testify regarding Confidential Information, or to otherwise disclose such Confidential Information, as that term is defined in the Stipulated Confidentiality Order, I agree to be bound by the terms of the above-referenced Stipulated Confidentiality Order to the extent allowed by the law, and I shall give immediate notice of such subpoena or request to the counsel in the captioned matter who disclosed or provided access to such Confidential Information to me and to each of the following persons:

Patrick R. Kingsley, Esquire
STRADLEY, RONON, STEVENS
   & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103
(215) 564-8029
Fax: (215) 564-8120
*Attorneys for Federal Insurance Company*


Paul Cottrell, Esquire (ID No. 2391)
TIGHE COTTRELL & LOGAN, P.A.
704 North King Street—Suite 500
Wilmington, Delaware 19801
(302) 658-6400
Fax: (302) 658-9836
*Attorneys for City of Newark and City Council Members*


Paul A. Logan, Esquire (ID No. 3339)
POWELL, TRACHTMAN, LOGAN,
   CARRLE & LOMBARDO, P.C.
475 Allendale Road—Suite 200
King of Prussia, Pennsylvania 19406
(610) 354-9700
Fax: (610) 354-9760
*Attorneys for Donald M. Durkin Contracting, Inc.*


George H. Seitz III, Esquire (ID No. 667)
SEITZ VAN OGTROP & GREEN, P.A.
200 Delaware Avenue—Suite 1500
Wilmington, Delaware 19801
(302) 888-0600
Fax: (302 888-0606
*Attorneys for URS Corporation*


Date:_____

_____
Signature
Name:_____

[PAC 739766]

2