# IN THE UNITED STATES DISTRICT COURT DELAWARE
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ) | |
| ) | C.A. No. 04-0163 GMS |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CITY OF NEWARK, ET AL., ) | |
| ) | |
| Defendants/ ) | |
| Third Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |
| -------------------------------------------------------------- | |
| CITY OF NEWARK, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| URS CORPORATION, ) | |
| ) | |
| Third-Party Defendant. ) | |

**OPENING BRIEF IN SUPPORT OF URS CORPORATION'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO AN
ALLEGED LACK OF SAFETY OF THE NEWARK RESERVOIR**

            JAMES S. GREEN, ESQ. (DE0481)
            SEITZ, VAN OGTROP & GREEN, P.A
            222 Delaware Avenue, Suite 1500
            P. O. Box 68
            Wilmington, DE  19899
            (302) 888-0600
              Attorneys for Third-Party Defendant
              URS Corporation

Dated:  August 21, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

TABLE OF CITATIONS ............................................................................................... ii

    I.    NATURE AND STAGE OF PROCEEDINGS. ...................................................... 1

    II.    SUMMARY OF ARGUMENT .............................................................................. 1

    III.    CONCISE STATEMENT OF FACTS. ................................................................. 2

    IV.    ARGUMENT. ....................................................................................................... 3

        A.    Evidence as to the Alleged Lack of Safety of the Completed Reservoir Should be Excluded Because it is Irrelevant to the Issue of Durkin's Termination. ................................................................................................ 3

        B.    Evidence as to the Alleged Lack of Safety of the Completed Reservoir Should be Excluded Because any Marginal or Possible Relevance is far Outweighed by its Prejudicial Nature. ...................................................... 5

    V.    CONCLUSION. .................................................................................................... 5

# TABLE OF CITATIONS

Cases

Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993).................... 4, 5

Empire Gas Corporation v. American Bakeries Company, 646 F. Supp. 269, 276 (N.D. Ill. 1986)........................................................................................................ 4

Kumho Tire Company, LTD. v. Carmichael, 526 U.S. 137, 141 (1999) ........................... 4


Other Authorities

Federal Rules of Evidence ....................................................................................... 3,4,5

I.  **NATURE AND STAGE OF PROCEEDINGS.**

On March 16, 2004, Donald M. Durkin Contracting, Inc. ("Durkin") sued the City of Newark, Delaware, its Mayor, and Council ("Newark") and URS Corporation ("URS") alleging a variety of tort and contract claims stemming from Newark's termination of Durkin as the contractor for the construction of a reservoir for Newark (the "Contract") on February 2, 2004. Newark Counterclaimed against Durkin and filed a Third-Party claim against Federal Insurance Company ("Federal"), Durkin's bonding company, seeking its costs incurred or to be incurred in completing the reservoir. Durkin dismissed URS, but Newark filed a Third Party Complaint seeking indemnification and/or contribution against URS. URS answered the Third Party Complaint and asserted a Counterclaim against Newark for fees and expenses owed by Newark.

URS now moves *in Limine* to exclude documentary or testimonial evidence related to an alleged lack of safety of the now completed reservoir. This is URS' Opening Brief in Support of its Motion *in Limine*.

II.  **SUMMARY OF ARGUMENT**

After Durkin's termination by Newark, and during the course of this litigation, an expert retained by Third-Party Defendant, Federal, opined that the Newark reservoir, when completed and filled, would be unsafe. Because this opinion was not a basis for Durkin's failure to construct the interior slopes of the reservoir or Newark's termination of Durkin, it is irrelevant to any issue in this case and should be excluded. Moreover, it should be excluded because it is a very controversial scientific issue with a great potential

to inflame the jury. Any relevance is far outweighed by the prejudicial effect of such evidence.

III.    **CONCISE STATEMENT OF FACTS.**

This case involves the seminal issue of whether Newark properly terminated Durkin for cause, and is thus entitled to damages from Durkin and/or its bonding company, Federal, for its cost to complete the reservoir; or, conversely, whether the termination was improper and, thus, entitles Durkin to damages incurred as a result of Newark's termination of the Contract.

Durkin has argued that Newark's termination was wrongful: First because Newark did not provide the proper notice required by the Contract; and, Second, because any inactivity by Durkin which led to its termination was the result of Durkin's inability to construct the interior slopes of the reservoir "as designed" by URS.

In the late summer of 2003, after the reservoir was approximately 70% complete, Durkin began placing what is known as the Zone IV soil on the interior slopes of the reservoir over a geosynthetic liner and fabric system which lined the interior of the reservoir. A series of significant rain events caused the limited amount of Zone IV soil which had been placed by Durkin on the interior slopes to erode. Durkin opined that the Zone IV soil could not be constructed as designed, and stopped its placement or attempted placement of Zone IV soil on the interior slopes over the synthetic liner system. URS and the City disagreed with Durkin, and ultimately Newark, through URS, directed Durkin to resume construction of the reservoir as designed. Durkin refused, unless it was paid more money than its bid price. Newark refused to pay more, holding

Durkin to its bid. This impasse ultimately led to Newark's decision to terminate Durkin on February 2, 2004. Durkin filed this action on March 16, 2004.

Prior to termination, Durkin <u>never</u> argued that the overall design of the reservoir was unsafe or posed any threat to area residents because of potential failure. Importantly, neither Durkin nor Federal ever argued that this issue of "Global Stability" or safety of the reservoir had caused Durkin to stop placing Zone IV.[1]

After the litigation was well under way, one of Federal's experts, Gregory N. Richardson, wrote a "white paper" on October 20, 2004. In this paper, Dr. Richardson opined that the design of the reservoir will present an unreasonable risk to the lives of the citizens of Newark, and will fail. (See Richardson letter App. A-1 to A-94). URS responded to the allegations raised in the Richardson paper and attested to the safety and integrity of the design. (See App. A-95 to A-184). During the pendency of this suit, the replacement contractor, George & Lynch, Inc., completed the reservoir. It is now filled and operational.

IV.   **ARGUMENT.**

   A.   *Evidence as to the Alleged Lack of Safety of the Completed Reservoir Should be Excluded Because it is Irrelevant to the Issue of Durkin's Termination.*

Any documentary or testimonial evidence related to allegations that the Newark Reservoir is unsafe and poses a safety risk to area residents should be excluded because it is irrelevant to the issue of whether Newark's termination of Durkin was proper.

---

[1] Indeed, the evidence will show that the Zone IV covering of the interior slope is designed not for structural stability of the reservoir, but to protect the liner from damage both during construction and while the reservoir is in use.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence which is not relevant to the determination of the action is, therefore, inadmissible. Fed. R. Evid. 402. The testimony of experts must also be relevant to the "task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 597 (1993); See also, Kumho Tire Company, LTD. v. Carmichael, 526 U.S. 137, 141 (1999) (extending Daubert from testimony based on "scientific" knowledge to testimony based on "technical" or "other specialized" knowledge). It is the task of the trial judge to ensure that an expert's testimony is relevant. Daubert, 509 U.S. at 597. The task at hand for Durkin is to attempt to show that there were flaws in the design of the interior slopes of the reservoir, particularly the placement of the Zone IV which affected the constructability as specified, and therefore determine the propriety of Durkin's termination. The propriety of the termination rests upon whether the inactivity of Durkin on the project was caused by flaws in the Zone IV, and, also upon whether there was proper notice of termination pursuant to the contract documents. Dr. Richardson's personal opinion of the potential safety risks posed by the reservoir to the surrounding citizens after its construction and filling has no bearing on Durkin's argument that the Zone IV soil was not constructable as designed, nor on the propriety of notice given to Durkin by Newark, and, therefore, should be excluded as irrelevant to the task at hand. Because the report and opinion were created after the termination, it could not have been relied on. See Empire Gas Corporation v. American Bakeries Company, 646 F. Supp. 269, 276 (N.D. Ill. 1986).

**B.    *Evidence as to the Alleged Lack of Safety of the Completed Reservoir Should be Excluded Because any Marginal or Possible Relevance is far Outweighed by its Prejudicial Nature.***

Assuming, *arguendo*, that Dr. Richardson's opinion relating to the overall safety of the Newark Reservoir is relevant; it should be excluded because of its prejudicial effect on the jury. "Rule 403 permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . .' Judge Weinstein has explained: 'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" Daubert, 509 U.S. at 595. Whatever probative value Dr. Richardson's post-termination opinion as to the safety risk posed by the Newark Reservoir to the area residents may have, it is substantially outweighed by the inflammatory nature of presenting to the jury that catastrophic events and even death may result from the completed reservoir. The marginal probative value of this evidence is greatly outweighed by the prejudicial effect of Dr. Richardson's opinions of the alleged safety risks posed by the completed reservoir.

**V.    CONCLUSION.**

For the foregoing reasons, the Court should exclude any evidence and/or reference to the safety of the Newark reservoir.

                                                **SEITZ, VAN OGTROP & GREEN, P.A**

                                                **/S/ James S. Green**
                                                **JAMES S. GREEN, ESQ. (DE0481)**
                                                222 Delaware Avenue, Suite 1500
                                                P. O. Box 68
                                                Wilmington, DE  19899
                                                (302) 888-0600
                                                       Attorneys for Third-Party Defendant
                                                       URS Corporation

Dated:  August 21, 2006

**CERTIFICATE OF SERVICE**

I, James S. Green, Esquire, hereby certify that on this 21st day of August, 2006, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**OPENING BRIEF IN SUPPORT OF URS CORPORATION'S
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE RELATING TO AN
ALLEGED LACK OF SAFETY OF THE NEWARK RESERVOIR**

/s/  James S. Green
_____
James S. Green (ID No. 0481)
jgreen@svglaw.com