## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## PLAINTIFF, DONALD M. DURKIN CONTRACTING, INC.'S,
## <u>PROPOSED JURY INSTRUCTIONS</u>

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

KOP:347036v2 3514-04

## P1.   **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.[1]

---

[1] Uniform Jury Instructions in the United States District Court for the District of Delaware.

KOP:347036v2 3514-04

## P2.    <u>CONSIDERATION OF EVIDENCE</u>

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.[2]

---

[2] Uniform Jury Instructions in the United States District Court for the District of Delaware.

KOP:347036v2 3514-04

## P3.   **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.[3]

---

[3] Uniform Jury Instructions in the United States District Court for the District of Delaware.

KOP:347036v2 3514-04

**P4.   STATEMENTS OF COUNSEL**

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.[4]

---

[4] Uniform Jury Instructions in the United States District Court for the District of Delaware.

5

## P5.    CREDIBILITY OF WITNESSES

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

KOP:347036v2 3514-04

This instruction applies to all witnesses.[5]

---

[5] Uniform Jury Instructions in the United States District Court for the District of Delaware.

KOP:347036v2 3514-04

**P6.   EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.[6]

---

[6] Uniform Jury Instructions in the United States District Court for the District of Delaware.

8

**P7.** **NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.[7]

---

[7] Uniform Jury Instructions in the United States District Court for the District of Delaware.

9

## P8.    __BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE__

This is a civil case. Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.[8]

---

[8] Uniform Jury Instructions in the United States District Court for the District of Delaware. *See also Oberly v. Howard Hughes Medical Inst.,* Del. Ch., 472 A.2d 366, 1984 Del. Ch. LEXIS 410 (1984) (defining preponderance of the evidence).

KOP:347036v2 3514-04

### P9.    DELIBERATION AND VERDICT

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

KOP:347036v2 3514-04

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished.

Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.[9]

---

[9] Uniform Jury Instructions in the United States District Court for the District of Delaware.

12

**P10.   CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.[10]

---

[10] Preliminary Jury Instructions – Civil (GMS) Rev. 1/18/06.

KOP:347036v2 3514-04

## P11.   <u>COUNTERCLAIM / THIRD PARTY CLAIMS</u>

In this case, there are two (2) Counterclaims that have been filed.  One (1) Counterclaim has been filed by the City of Newark, *et al.* against Donald M. Durkin Contracting, Inc.   In that Counterclaim the City of Newark, *et al.* is asserting that Donald M. Durkin Contracting, Inc.   is liable to it.

The second Counterclaim has been filed URS Corporation, Inc. against the City of Newark.  In the second Counterclaim URS Corporation, Inc. is asserting that the City of Newark is liable to it.

These parties stand in the same relationship to each other as a plaintiff would to a defendant.  A Counterclaim is simply another set of claims that the parties to the main case have brought against each other. The reason you will hear and decide these claims is that they are related to the same facts and circumstances as the main case.

Also, in this case, two (2) third party claims have been filed.  The Third Party Plaintiff in the first third party claim is the City of Newark, *et al.*  The Third Party Defendant in the first third party claim is Federal Insurance Company.

The Third Party Plaintiff in the second third party claim is the City of Newark, *et al.*  The Third Party Defendant in the first third party claim is URS Corporation, Inc.

These parties stand in the same relationship to each other as a plaintiff would to a defendant.  A third party claim is simply another set of claims that the parties to the main case have brought against someone else. The reason you will hear and decide these claims is that they are related to the same facts and circumstances as the main case.[11]

---

[11] DEL. P.J.I. Civ. §3.5 (2000), edited to reflect the facts of the case.

KOP:347036v2 3514-04

**P12.** <u>**EXISTENCE OF A CONTRACT**</u>

There is no dispute between the City of Newark, *et al.* and Donald M. Durkin

Contracting, Inc. whether there was a Contract, and you should accept this as fact. The issue for

you to determine is whether there was a breach of that Contact.

15

## P13.   RECOVERY FOR BREACH OF CONTRACT

Because Donald M. Durkin Contracting, Inc. was a party to the contract at issue, Donald M. Durkin Contracting, Inc. would be entitled to recover damages from the City of Newark for any breach of the contract.  To establish that the City of Newark is liable to Donald M. Durkin Contracting, Inc. for breach of contract, Donald M. Durkin Contracting, Inc. must prove that one or more of the City's duties and obligations under the terms of Donald M. Durkin Contracting, Inc.'s contract with the City of Newark was not performed in accordance with the contract, and that Donald M. Durkin Contracting, Inc. has sustained damages as a result of the City of Newark's failure to perform in accordance with the terms of the contract.[12]

---

[12] DEL. P.J.I. Civ. §19.20 (2000).  *See also Emmett S. Hickman Co. v. Emelio Capaldi Developer, Inc.,* 1969 Del. Super. LEXIS 298 (1969).

KOP:347036v2 3514-04

## P14.    BREACH OF CONTRACT BURDEN OF PROOF – GENERALLY

The party bringing an action on a contract must prove both its own performance and a breach by the other party.[13]

---

[13] *Emmett S. Hickman Co. v. Emelio Capaldi Developer, Inc.,* 1969 Del. Super. LEXIS 298 (1969); *Hudson v. D&V Mason Contractors, Inc.,* 252 A. 2d 166, 1969 Del. Super. LEXIS 309 (1969).

KOP:347036v2 3514-04

**P15.    BREACH OF CONTRACT – 7 DAYS PRIOR WRITTEN NOTICE**

Under the Contract between Donald M. Durkin Contracting, Inc. and the City of Newark, the City of Newark must provide Donald M. Durkin Contracting, Inc. with 7 days prior written notice of its intention to terminate Donald M. Durkin Contracting, Inc.  If you find that the City of Newark did not provide Donald M. Durkin Contracting, Inc. with 7 days prior written notice prior to terminating Donald M. Durkin Contracting, Inc., then you must find that the City of Newark breached the Contract.[14]

---

[14] Water Supply Reservoir City of Newark, Delaware Contract 02-02, §15.2.

KOP:347036v2 3514-04

**P16.    VIOLATION OF CIVIL RIGHTS - COUNCILPERSONS**

Donald M. Durkin Contracting, Inc. contends that the actions of Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa deprived Donald M. Durkin Contracting, Inc. of property and liberty without due process of law.

First, you must determine if Donald M. Durkin Contracting, Inc. was deprived of a constitutionally protected right.

Second, you must determine if Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa were acting under the color of state law when it deprived Donald M. Durkin Contracting, Inc. of a constitutionally protected right. A person "acts under the color of state law" when the person has exercised power possessed by virtue of state law and made possible only because the person is clothed with the authority of state law.[15]

---

[15] *Woodlen v. PLTWS Jimenez 705310, et al.,* 2005 U.S. Dist. LEXIS 9670 (D. Del. 2005); *Martin v. Delaware Law School of Widener University, et al.,* 625 F. Supp. 1288, 1985 U.S. Dist. LEXIS 12382 (D. Del. 1985).

KOP:347036v2 3514-04

**P17.     <u>VIOLATION OF CIVIL RIGHTS – THE CITY OF NEWARK</u>**

If you find that Donald M. Durkin Contracting, Inc. has proved that it was deprived of a constitutionally protected right by a preponderance of the evidence, you must consider whether the City of Newark is also liable to Donald M. Durkin Contracting, Inc.  The City of Newark is not responsible because it employed Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa.  The City of Newark is liable if Donald M. Durkin Contracting, Inc. proves by a preponderance of the evidence that the conduct of Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa was a result of the official policy of the City of Newark.[16]

---

[16] *Monell v. City of New York Dep't of Soc. Soc. Svcs.,* 436 U.S. 658 (1978).

KOP:347036v2 3514-04

**P18.  INTENTIONAL INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP**

One who intentionally and improperly induces or otherwise intentionally causes a third party not to perform a contract with another party is responsible to that other party for the loss suffered as a result of the breach of contract.

One who purposely and improperly induces or otherwise purposely causes a third party not to enter into or continue a prospective contractual relation with another is responsible to that other party for the loss suffered as a result of the prevention or interference with the contractual relationship.

Donald M. Durkin Contracting, Inc. is alleging that the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa have intentionally interfered with existing and prospective contracts of Donald M. Durkin Contracting, Inc.  You must determine whether or not the conduct of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa was improper.

In doing so, you may consider the following factors:

(1) the nature of the conduct of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa;

(2) the motive of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa;

(3) Donald M. Durkin Contracting, Inc.'s interests;

(4) the expectations of the parties involved;

(5) the relations between the parties involved;

(6) the interest that the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa sought to advance;

(7) whether the acts of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa were done for the purpose of causing the interference or whether it was merely incidental to another purpose;

(8) the proximity or remoteness of the conduct of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa to the interference; and

(9) society's interest in protecting business competition as well as its interest in protecting the individual against interference with the pursuit of gain.[17]

---

[17] DEL. P.J.I. Civ. §12.7 (2000), edited to reflect the facts of the case. *See also Irwin & Leighton, Inc., v. W.M. Anderson Co.*, 532 A.2d 983, 1987 Del. Ch. LEXIS 530 (1987); *Bowl-Mor Company Inc. v. Brunswick Corp.*, 297 A.2d 61, 1972 Del. Ch. LEXIS 134 (1972); *De Bonaventura v. Nationwide Mut. Ins.*, Del. Ch., 419 A.2d 942, 1980 Del. CH. LEXIS 434 (1980), *aff'd*, Del. Supr., 428 A.2d 1151, 1981 Del. LEXIS 293 (1981); *Connolly v. Labowitz*, 519 A.2d 138, 1986 Del. Super. LEXIS 1522 (1986).

KOP:347036v2 3514-04

## P19.   DEFAMATION

Defamation is a communication that tends to injure a person's "reputation" in the ordinary sense of that word; that is, some statement or action that diminishes the esteem, respect, goodwill, or confidence in which the person is held and tends to cause bad feelings or opinions about the person. Defamation necessarily involves the idea of disgrace. In this sense, a communication is defamatory if it tends to lower the person in the estimation of the community or if it deters third parties from associating or dealing with the person defamed.

But defamation occurs only when the defamatory information is communicated to someone other than the person to whom it refers. In the law, this is known as "publication."[18]

---

[18] DEL. P.J.I. Civ. §11.1 (2000).  *Ramunno v. Cawley*, 705 A.2d 1029, 1998 Del. LEXIS 41(1998); *Gannett Co. v. Re*, 496 A.2d 553, 1985 Del. LEXIS 473 (1985); *Spence v. Funk*, 396 A.2d 967, 1978 Del. LEXIS 655 (1978).

KOP:347036v2 3514-04

**P20.** **<u>LIBEL AND SLANDER</u>**

In general, libel is written defamation.  Slander is oral defamation.[19]

---

[19] DEL. P.J.I. Civ. §11.2 (2000).  *Ramunno v. Cawley*, 705 A.2d 1029, 1998 Del. LEXIS 41 (1998).

KOP:347036v2 3514-04

**P21.**   **SLANDER AS A MATTER OF LAW**

If a statement defames Donald M. Durkin Contracting, Inc. in its trade, business, or profession, Donald M. Durkin Contracting, Inc. need not show that the defamation caused actual monetary loss in order to recover damages.[20]

---

[20] DEL. P.J.I. Civ. §11.3 (2000).  *Spence v. Funk*, 396 A.2d 967, 1978 Del. LEXIS 655 (1978); *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1985 Del. LEXIS 473 (2000).

25

### P22.   **ELEMENTS OF DEFAMATION – NON-PUBLIC FIGURES**

Donald M. Durkin Contracting, Inc. has the burden of proving by a preponderance of the evidence all facts necessary to establish both of the following elements of its claim:

(1) that the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa defamed it; and

(2) that the defamation has been published.[21]

---

[21] DEL. P.J.I. Civ. §11.5 (2000).

KOP:347036v2 3514-04

**P23.** **INTENTIONAL PUBLICATION**

A person intentionally publishes a defamatory communication when that person knows that it is false.[22]

---

[22] DEL. P.J.I. Civ. §11.8 (2000).   PROSSER & KEETON ON TORTS §§ 111-113 (5th ed. 1984).

KOP:347036v2 3514-04

**P24.** <u>**NEGLIGENT PUBLICATION**</u>

A person negligently publishes a defamatory communication when a reasonable person under the circumstances would not have published the communication.[23]

---

[23] DEL. P.J.I. Civ. §11.9 (2000). *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1985 Del. LEXIS 473 (2000).

KOP:347036v2 3514-04

## P25.    <u>INJURY TO REPUTATION</u>

In determining how much Donald M. Durkin Contracting, Inc.'s reputation has been harmed, you must consider the reputation that Donald M. Durkin Contracting, Inc. enjoyed before the defamatory publication as compared to the reputation that it enjoyed after the publication, and whether that reputation has actually been diminished since the publication. You may also consider the manner in which the defamatory matter was distributed and the extent of its circulation in Donald M. Durkin Contracting, Inc.'s community and whether those who read the Memorandum issued to potential bidders understood it to refer to Donald M. Durkin Contracting, Inc.[24]

---

[24] DEL. P.J.I. Civ. §11.11 (2000).  *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1985 Del. LEXIS 473 (2000).

KOP:347036v2 3514-04

## P26.   <u>PRESUMPTION OF GOOD REPUTATION</u>

In the absence of contrary evidence, the law presumes that the plaintiff, at the time any defamatory statements were made, enjoyed a good name and reputation.[25]

---

[25] DEL. P.J.I. Civ. §11.14 (2000).  *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1985 Del. LEXIS 473 (2000).

KOP:347036v2 3514-04

**P27.**  **CONVERSION**

Donald M. Durkin Contracting, Inc. contends that the City of Newark appropriated materials purchased by Donald M. Durkin Contracting, Inc. but not paid for by the City of Newark.

Donald M. Durkin Contracting, Inc. has the burden of proving by a preponderance of the evidence all facts necessary to establish the following elements of its claim:

(1) it had a property interest in the converted goods;

(2) it had a right to possession of the goods; and

(3) it sustained damages.[26]

---

[26] *Commerce National Insurance Services v. Buckler, et al.,* 2003 U.S. Dist. LEXIS 22429 (D. Del. 2003); *Sanirab Corporation v. Sunroc Corporation,* 2002 Del. Super. LEXIS 350 (2002).

KOP:347036v2 3514-04

**P28.   FRAUD**

Fraud consists of the following five elements:

(1) the false representation of a fact that is important to another;

(2) the knowledge or belief that this representation was false, or was made with reckless indifference to the truth;

(3) the intent to induce Donald M. Durkin Contracting, Inc. to act on the false representation;

(4) the fact that Donald M. Durkin Contracting, Inc. acted, in justifiable reliance on the false representation; and

(5) damage to Donald M. Durkin Contracting, Inc. as a result of this reliance.

A false representation may be asserted by words or by conduct. A fact is important if it would cause a reasonable person to decide to act in a particular way, or if the maker of the misrepresentation knew another person would regard it as important.

If you find that Donald M. Durkin Contracting, Inc. has proved all of the above elements by a preponderance of the evidence, then the City of Newark is liable for fraud.[27]

---

[27] DEL. P.J.I. Civ. §16.1 (2000), edited to reflect the facts of the case. *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 1992 Del. LEXIS 324 (1992); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1983 Del. LEXIS 448 (1983).

KOP:347036v2 3514-04

## P29.   <u>INTENTIONAL CONCEALMENT OF FACTS</u>

Fraud does not merely consist of overt misrepresentations. Fraud may also occur when someone deliberately conceals facts important to a transaction, causing Donald M. Durkin Contracting, Inc. to rely on the deception to its detriment. This concealment can occur by a person's silence in the face of a duty to disclose the facts or by some action taken to prevent Donald M. Durkin Contracting, Inc. from discovering the facts important to the transaction.[28]

---

[28] DEL. P.J.I. Civ. §16.3 (2000).  *Gaffin v. Teledyne, Inc.*, 611 A.2d 467, 1992 Del. LEXIS 324 (1992); *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1983 Del. LEXIS 448 (1983).

KOP:347036v2 3514-04

**P30.    CONSPIRACY**

Donald M. Durkin Contracting, Inc. contends that the City of Newark and URS Corporation, Inc. engaged in and continue to engage in a conspiracy to violate Donald M. Durkin Contracting, Inc.'s rights.

Donald M. Durkin Contracting, Inc. has the burden of proving by a preponderance of the evidence all facts necessary to establish the following elements of its claim:

(1) an agreement between two or more people;

(2) an unlawful act done to further the conspiracy (such as fraud, defamation, intentional interference with a contractual relationship or conversion); and

(3) damage to Donald M. Durkin Contracting, Inc.[29]

---

[29] *Capano Management Co., et al., v. Transcontinental Insurance Co., et al.,* 78 F. Supp. 2d 320, 1999 U.S. Dist. LEXIS 19647 (D. Del. 1999); *McLaughlin v. Copeland,* 455 F. Supp. 749, 1978 U.S. Dist. LEXIS 17164 (D. Del. 1978); *Nicolet v. Nutt, et al.,* 525 A. 2d 146, 1987 Del. LEXIS 1099 (Sup. Ct. 1987).

KOP:347036v2 3514-04

**P31.**   **DEFAMATION - DAMAGES -- COMPENSATORY OR NOMINAL**

If you find that Donald M. Durkin Contracting, Inc. has not sustained its burden of proof, the verdict must be for the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa.

If you do find that Donald M. Durkin Contracting, Inc. is entitled to recover for damages that were proximately caused by the defamatory statements of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa, you should consider the compensation to which Donald M. Durkin Contracting, Inc. is entitled.

In determining the amount of compensatory damages for defamation, you must consider all the facts and circumstances of the case as revealed by the evidence. Factors to consider include:

(1) the nature and character of the statements in the Memorandum issued to potential bidders on the Reservoir Project;

(2) the language used;

(3) the occasion when the statements were published;

(4) the extent of their circulation;

(5) the probable effect on those to whose attention they came; and

(6) the probable and natural effect of the defamatory statements on Donald M. Durkin Contracting, Inc.'s business, and standing in the community.

You should award Donald M. Durkin Contracting, Inc. damages that will fairly and adequately compensate it for:

KOP:347036v2 3514-04

(1) any damage to its reputation and standing in the community; and

(3) any special injury such as monetary loss suffered by Donald M. Durkin Contracting, Inc.

Your award must be based on the evidence and not on speculation. The law does not furnish any fixed standards by which to measure damage to reputation and counsel are not permitted to argue that a specific sum would be reasonable. You must be governed by your own experience and judgment, by the evidence in the case, and by the purpose of a damages award: fair and reasonable compensation for harm wrongfully caused by another. A person who has been defamed but who has not suffered any injury may recover nominal damages, usually in the amount of $1.00.[30]

---

[30] DEL. P.J.I. Civ. §11.9 (2000), edited to reflect the facts of the case. *Gannett Co., Inc. v. Kanaga*, 750 A.2d 1174, 1985 Del. LEXIS 473 (2000).

KOP:347036v2 3514-04

**P32.     INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
            – DAMAGES**

Donald M. Durkin Contracting, Inc. is entitled to be fairly and adequately compensated

for:

(1) the monetary loss of the contractual benefits suffered by Donald M. Durkin

Contracting, Inc.;

(2) all other losses suffered by Donald M. Durkin Contracting, Inc. as a direct result of

the act of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton,

Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson

Rewa; and

(3) the harm to Donald M. Durkin Contracting, Inc.'s reputation suffered by it as a result

of the acts of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson

Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and

Councilperson Rewa.[31]

---

[31] DEL. P.J.I. Civ. §22.8 (2000), edited to reflect the facts of the case. *See also Bowl-Mor Company Inc. v. Brunswick Corp.*, 297 A.2d 61, 1972 Del. Ch. LEXIS 134 (1972); *De Bonaventura v. Nationwide Mut. Ins.*, Del. Ch., 419 A.2d 942, 1980 Del. CH. LEXIS 434 (1980), *aff'd*, Del. Supr., 428 A.2d 1151, 1981 Del. LEXIS 293 (1981).

### P33.  **PUNITIVE DAMAGES**

If you decide to award compensatory damages to Donald M. Durkin Contracting, Inc., you must determine whether the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa are also liable to Donald M. Durkin Contracting, Inc. for punitive damages.

Punitive damages are different from compensatory damages. Compensatory damages are awarded to compensate the plaintiff for the injury suffered. Punitive damages, on the other hand, are awarded in addition to compensatory damages for the purpose of punishing the person doing the wrongful act and to discourage such persons and others from similar wrongful conduct in the future.

You may award punitive damages to punish the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa for their outrageous conduct and to deter them, and others like them, from engaging in similar conduct in the future if you find by a preponderance of the evidence that the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa acted intentionally or recklessly.

Punitive damages cannot be awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence. Intentional conduct refers to conscious awareness. Reckless conduct refers to conscious indifference. Each requires that the defendant foresee that their conduct threatens a particular harm to another. Reckless conduct is a conscious indifference that amounts to a "I don't care" attitude. Reckless conduct occurs when a person,

with no intent to cause harm, performs an act so unreasonable and dangerous that they know or should know that there is an eminent likelihood of harm that can result.

The law provides no fixed standards for the amount of punitive damages but leaves the amount to your sound discretion, exercised without passion or prejudice. In determining any award of punitive damages, you must consider the following: the reprehensibility or outrageousness of the conduct of the City of Newark, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa and the amount of punitive damages that will deter them and others like them from similar conduct in the future. You may consider the financial condition of Defendants for this purpose only.  Defendant's financial condition must not be considered in assessing compensatory damages. Any award of punitive damages must bear a reasonable relation to Donald M. Durkin Contracting, Inc.'s compensatory or nominal damages. If you find that Donald M. Durkin Contracting, Inc. is entitled to an award of punitive damages, you must state the amount of punitive damages separately on the verdict form.[32]

---

[32] DEL. P.J.I. Civ. §22.27 (2000), edited to reflect the facts of the case. *Devaney v. Nationwide Mut. Auto Ins. Co.*, 679 A.2d 71, 1996 Del. LEXIS 251 (Del. Sup. Ct. 1996); *Burgess v. The Bike Athletic Co., et al.*, 1990 U.S. Dist. LEXIS 5927 (D. Del. 1990); *Reiver v. Murdoch & Walsh, P.A.*, 625 F. Supp. 998, 1985 U.S. Dist. LEXIS 23634 (D. Del. 1998).

**P34.    SPOLIATION OF EVIDENCE – FINAL CONSTRUCTION OF THE RESERVOIR[33]**

There is evidence from which you may conclude that the City of Newark may have intentionally suppressed or destroyed the evidence of the final construction of the Reservoir, including the final contours, construction and elevations of the interior embankments. In your deliberations, if you conclude that this is the case, that is, that the loss of the evidence of the final construction of the Reservoir, including the final contours, construction and elevations of the interior embankments was due to the intentional conduct of the City of Newark, then you may conclude that the missing evidence would have been unfavorable to the City of Newark's case.[34]

---

[33] If the Court finds that Donald M. Durkin Contracting, Inc. is entitled to a spoliation inference that will allow the jury to assume that the destroyed evidence of the final construction of the Reservoir, including the final contours, construction and elevations of the interior embankments, would have been unfavorable to the City of Newark, then Donald M. Durkin Contracting, Inc. proposes the following Jury Instruction.

[34] DEL. P.J.I. Civ. §23.17 (2000), edited to reflect the facts of the case. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003); *Gumbs v. International Harvester Corp.,* 718 F.2d 88, 1983 U.S. App. LEXIS 16363 (3d Cir. 1983); *Muzzleman v. National Rail Passenger Corp.,* 839 F. Supp. 1094, 1993 U.S. Dist. LEXIS 18290 (D. Del. 1993).

KOP:347036v2 3514-04

**P35.** **SPOLIATION OF EVIDENCE – OFFICIAL BACKUP DOCUMENTATION GENERATED BY URS CORPORATION, INC.[35]**

There is evidence from which you may conclude that the City of Newark's consultant, URS Corporation, Inc., may have intentionally suppressed or destroyed the official backup field documentation. In your deliberations, if you conclude that this is the case, that is, that the loss of the evidence of the official backup field documentation was due to the intentional conduct of the City of Newark and its consultant URS Corporation, Inc., then you may conclude that the missing evidence would have been unfavorable to the City of Newark's case.[36]

---

[35] If the Court finds that Donald M. Durkin Contracting, Inc. is entitled to a spoliation inference that will allow the jury to assume that the destroyed evidence of the official backup field documentation by the City of Newark's consultant (URS Corporation, Inc.) would have been unfavorable to the City of Newark and to the City of Newark's consultant, then Donald M. Durkin Contracting, Inc. proposes the following Jury Instruction.

[36] DEL. P.J.I. Civ. §23.17 (2000), edited to reflect the facts of the case. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003); *Gumbs v. International Harvester Corp.,* 718 F.2d 88, 1983 U.S. App. LEXIS 16363 (3d Cir. 1983); *Muzzleman v. National Rail Passenger Corp.,* 839 F. Supp. 1094, 1993 U.S. Dist. LEXIS 18290 (D. Del. 1993).

**P36.    SPOLIATION OF EVIDENCE – "BRIEFING PACKETS" AND OTHER INFORMATION PROVIDED TO CITY COUNCIL[37]**

There is evidence from which you may conclude that the City of Newark and the City Council may have intentionally suppressed or destroyed the "briefing packets" and other information provided to the City Council in advance of the City Council Meetings, if you conclude that this is the case, that is, that the loss of the evidence of the "briefing packets" and other information provided to the City Council in advance of the City Council Meetings was due to the intentional conduct of the City of Newark, then you may conclude that the missing evidence would have been unfavorable to the City Council and the City of Newark's case.[38]

---

[37] If the Court finds that Donald M. Durkin Contracting, Inc. is entitled to a spoliation inference that will allow the jury to assume that the destroyed evidence of the "briefing packets" and other information provided to the City Council in advance of the City Council Meetings would have been unfavorable to the City of Newark and to the City Council, then Donald M. Durkin Contracting, Inc. proposes the following Jury Instruction.

[38] DEL. P.J.I. Civ. §23.17 (2000), edited to reflect the facts of the case. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003); *Gumbs v. International Harvester Corp.,* 718 F.2d 88, 1983 U.S. App. LEXIS 16363 (3d Cir. 1983); *Muzzleman v. National Rail Passenger Corp.,* 839 F. Supp. 1094, 1993 U.S. Dist. LEXIS 18290 (D. Del. 1993).

KOP:347036v2 3514-04

### P37.    DAMAGES – BREACH OF CONTRACT – GENERAL

If you find that the City of Newark committed a breach of contract, Donald M. Durkin Contracting, Inc. is entitled to compensation in an amount that will place it in the same position it would have been if the contract had been properly performed. The measure of damages is the loss actually sustained as a result of the breach of the contract.

These damages may include, but are not limited to:

- Lost profits

- Loss revenue

- Loss of bonding capacity

- Loss of ability to conduct business

- Cost of demobilization of equipment and related expenses

- Loss of equipment equity due to turn back

- Cost of idle equipment fleet

- Cost of overhead

- Cost of business loans, including interest on loans

- All fees and charges of engineers or other professionals retained

- All attorneys' fees Donald M. Durkin Contracting, Inc is responsible for in this litigation (including those of its surety Federal Insurance Company)

- All professional and expert fees Donald M. Durkin Contracting, Inc is responsible for in this litigation (including those of its surety Federal Insurance Company)

- All court costs Donald M. Durkin Contracting, Inc. incurred in this litigation (including those of its surety Federal Insurance Company)

KOP:347036v2 3514-04

- All attorneys' fees Donald M. Durkin Contracting, Inc. is responsible for as a result of lawsuits commenced against it by its subcontractors as a result of the breach of contract

- All court costs Donald M. Durkin Contracting, Inc. incurred in lawsuits commenced against it by its subcontractors as a result of the breach of contract

- All fees and charges of engineers or other professionals retained by Donald M. Durkin Contracting, Inc. in lawsuits commenced against it by its subcontractors as a result of the breach of contract

- All surety Federal Insurance Company reimbursement obligations

- All claims, losses and damages incurred in settlement of terminated subcontractor and supplier agreements as a result of the breach of contract

- All other expenses incurred by Donald M. Durkin Contracting, Inc. as a result of the breach of contract[39]

---

[39] DEL. P.J.I. Civ. §22.24 (2000), edited to reflect the facts of the case. *See also* Water Supply Reservoir City of Newark, Delaware Contract 02-02, §§15.4, 17.5.

**P38.**   **DAMAGES – BREACH OF CONTRACT – METHOD OF PAYMENT FOR INCOMPLETE WORK UNDER THE CONTRACT**

If you find that the City of Newark committed a breach of contract, Donald M. Durkin Contracting, Inc. is entitled under its Contract with the City of Newark to be paid for all incomplete work as of the date of termination on a time and materials basis.[40]

---

[40] *See* Water Supply Reservoir City of Newark, Delaware Contract 02-02, §15.4; Carol Houck 3/30/06 Deposition, page 668-669, lines 24-11; Motion in Limine to preclude the City from offering evidence or arguments that the method for paying for incomplete work under the Contract is a different method than what its Federal Rule of Civil Procedure Rule 30(b)(6) witness indicated.

KOP:347036v2 3514-04

**P39. <u>CONSTRUCTION OF AMBIGUOUS TERMS – BREACH OF CONTRACT</u>**

The language of a contract must be construed most strongly against the party who drafted the contract. The City of Newark drafted the Contract for construction of the Reservoir.[41]

---

[41] *Goodman v. Continental Casualty Co.*, 347 A.2d 662, 1975 Del. Super. LEXIS 155 (1975); *Rhone-Poulenc v. American Motors Ins. CO.*, 616 A.2d 1192, 1992 Del LEXIS 469 (1992); *Pettinaro Constr. Co. v. Utica Mut. Ins. Co.*, 2001 U.S. Dist. LEXIS 9044 (D. Del. 2001).

KOP:347036v2 3514-04

**P40.    DUTY TO MITIGATE DAMAGES – CONTRACT**

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered.  To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances.  This reduction, however, must be measured with reasonable probability.[42]

---

[42] DEL. P.J.I. Civ. §22.26 (2000).  *McClain v. Faraone*, 369 A.2d 1090, 1977 Del. Super. LEXIS 98 (1977); *Nash v. Hoopes*, 332 A.2d 411, 1975 Del. Super. LEXIS 172 (1975); *Katz v. Exclusive Auto Leasing, Inc.*, 282 A.2d 866, 1971 Del Super. LEXIS 135 (1971).

47

**P41.**   **DEPOSITION – USE AS EVIDENCE**

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.[43]

---

[43] DEL. P.J.I. Civ. §23.5 (2000); *Firestone Tire & Rubber Co. v. Adams*, 541 A.2d 567, 1988 Del. LEXIS 155 (1988).

**P42.** <u>**BIFURCATION OF LIABILITY AND DAMAGES**</u>

In a general sense, a civil trial such as this has two issues, liability and damages. I have bifurcated this trial, that is, cut this trial into two parts, such that you have heard only the evidence that relates to liability and you will decide that issue first. I will be instructing you only on the law that applies to the issue of liability at this time. You must not let speculation as to the Plaintiff's or any other party's claims of damages enter your deliberations on the issue of liability.

In this case there is more than one party seeking damages from one or more of the another parties. In other words, the Plaintiff Donald M. Durkin Contracting, Inc. is seeking damages from the City of Newark, the City of Newark is seeking damages from Donald M. Durkin Contracting, Inc. and Federal Insurance Company, and URS Corporation is seeking damages from the City of Newark. If you find that any of the parties has proven one or more of their liability claims, then the parties will proceed to a trial on the issue of damages before a federal magistrate. If you find that none of the parties have proven any of the claims of liability, then this case is over because the issue of damages arises only if one party has been proven to be liable to another for damages.[44]

---

[44] *Fed. R. Civ. P. 42(b). See e.g. Ciena Corp. et al., v. Corvis Corp.,* 210 F.R.D. 519, 2002 U.S. Dist. LEXIS 20826 (D. Del. 2002); *Enzo Life Sciences, Inc. v. Digene Corp., et. al.,* 2003 U.S. Dist. LEXIS 10202 (D. Del. 2003).

KOP:347036v2 3514-04