**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF**
**IN SUPPORT OF MOTION IN LIMINE AS TO**
**PLAINTIFF'S CIVIL RIGHTS CLAIM**

        TIGHE, COTTRELL & LOGAN, P.A.
        By: /s/ Paul Cottrell
        Paul Cottrell (Delaware I.D. No. 2391)
        Victoria K. Petrone (Delaware I.D. No. 4210)
        704 N. King Street
        P.O. Box 1031
        Wilmington, DE 19899
        P: (302) 658-6400
        F: (302) 658-9836
        email: p.cottrell@lawtcl.com
        *Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 19, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    **PLAINTIFF'S CONTRACT DID NOT GIVE RISE TO A PROTECTIBLE PROPERTY INTEREST AS REQUIRED TO SUSTAIN A CIVIL RIGHTS CLAIM** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case**                                                       **Page**

*Helman v. State*, 784 A.2d 1058 (Del. Super. Ct. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*,
   49 F.3d 915 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

*Paul v. Davis*, 424 U.S. 693 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Other Authority**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a claim for violation of its civil rights under 42 U.S.C. § 1983 against the City of Newark and Individual Defendants (cumulatively "Newark").

## SUMMARY OF ARGUMENT

Durkin's contract with the City of Newark did not give rise to a property interest protectible by 42 U.S.C. § 1983 therefore Durkin's claim for violation of civil rights should be dismissed as a matter of law.

## STATEMENT OF FACTS

Defendant City of Newark terminated its construction contract with Durkin. Durkin filed its *Complaint* against the City of Newark and its then-current Council Members and Mayor individually for breach of contract, a variety of tort claims and for violation of its civil rights under 42 U.S.C. § 1983.

## ARGUMENT

Durkin's *Complaint* includes the claim that the Newark Defendants "violated and continue to violate the procedural and substantive due process of Durkin." *Complaint*, Para. 145. But the contract between Newark and Durkin does not give rise to a property interest protectible by the Constitution[1] and the claim should be dismissed.

The controlling authority in the 3rd Circuit on the question of when a contract gives rise to a protectible property interest is *Linan-Faye Construction Co., Inc. v. Housing Authority of the*

---

[1] Nor is there a liberty interest in reputation. *Helman v. State*, 784 A.2d 1058, 1070 (Del. Super. Ct. 2001), *Paul v. Davis*, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976).

*City of Camden*, 49 F.3d 915 (3rd Cir. 1995). Linan-Faye was a public housing contractor that was hired by the Housing Authority of the City of Camden ("HACC") to renovate housing units. Before physical construction began, numerous disputes arose that ultimately resulted in the lawsuit. Approximately one year after the contract was signed, HACC elected to terminate Linan-Faye's contract claiming that Linan-Faye refused to begin work. Linan-Faye objected to the termination and filed an action which included a civil rights claim under 42 U.S.C.A. §1983. The letter of termination appeared to state the termination was for cause, but Camden also claimed that it could terminate for convenience. The Court considered both circumstances, focusing primarily on the convenience question. "[I]t is beyond dispute today that a contract with a state entity can give rise to a property right protected under the Fourteenth Amendment. . . . Nevertheless, . . . the Supreme Court has never said that every state contract gives rise to such a protectible property interest." *Id.* at 931. Such contracts giving rise to a protectible property interest must have: (1) an entitlement provision (welfare benefits, tenure, social security benefits, etc.); or (2) "the contract itself includes a provision that the state entity can terminate the contract **only** for cause." Id. at 932 (emphasis added).

Here, Newark's contract does not include an entitlement provision and does not provide that termination may only be effectuated for cause. (Exhibit A, Contract Para. 15.4 "...OWNER may, without cause...elect to terminate the Agreement.")

The *Linan-Faye* Court stated:

> Many . . . courts have observed that if every breach of contract by someone acting under color of state law constituted a deprivation of property for procedural due process purposes, the federal courts would be called upon to pass judgment on the procedural fairness of the processing of a myriad of contract

claims against public entities. We agree that such a wholesale federalization of state public contract law seems far afield from the great purposes of the due process clause.

49 F.3d at 932. The Court found that Linan-Faye's contract with Camden did "not fall into either of the two categories we delineated in *Unger v. National Residents Matching Program*, 928 F.2d 1392 (3d Cir. 1991)" and affirmed the dismissal of Linan-Faye's § 1983 claim. Similarly, this Court should dismiss Durkin's § 1983 claim.[2]

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court enter an Order dismissing Plaintiff Donald M. Durkin Contracting Inc.'s Count I of its Complaint for Violation of Civil Rights under 42 U.S.C. § 1983.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*

---

[2] Durkin's civil rights claim is also the subject of a Motion in Limine to dismiss on the basis of Qualified Immunity, See *City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity*.