# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF MOTION IN LIMINE AS TO
## VALUATION OF PLAINTIFF'S DAMAGES

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 19, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    IF NEWARK BREACHED THE CONTRACT DURKIN IS
ENTITLED TO EXPECTATION TYPE DAMAGES OR
THE DAMAGES OUTLINED IN THE CONTRACT
TERMINATION FOR CONVENIENCE CLAUSE . . . . . . . . . . . . . . 2

    II.   TOTAL COST METHOD FOR VALUING DAMAGES IS
NOT AVAILABLE WHERE AN EXPRESS CONTRACT
GOVERNS THE RELATIONSHIP BETWEEN THE PARTIES . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# **TABLE OF AUTHORITIES**

**Case**                                                                                                          **Page**

*Dick Baker Home Improvements v. Anderson* 2003 WL 22931395
   (Del.C.P May 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781
   (Del. Super. Ct. Jan. 28, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Genencor International, Inc. v. Novo Nordisk A/S*, 766 A.2d 8 (Del. 2000) . . . . . . . . . . 2

*J.J. White, Inc. v. Metropolitan Merchandise Mart,* 107 A.2d 892 (Del. Super. 1954). 2

*Lichter v. Mellon-Stuart Co.,* 305 F.2d 216 (3rd. Cir. 1962). . . . . . . . . . . . . . . . . . . . . . 4

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*,
   49 F.3d 915 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Servidone Constr. Corp. v. United States*, 931 F.2d 860 (Fed. Cir. 1991) . . . . . . . . . . . 4

*Stoltz Realty Co. v. Paul,* 1995 WL 654152 (Del. Super. Ct. Sept. 20, 1995) . . . . . . . . 5

*WRB Corp. v. United States*, 183 Ct. Cl. 409 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Other Authority**

Restatement (Second) of Contracts § 344(a) (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). In the event it is entitled to damages, Durkin seeks to recover damages based on a quantum meruit, restitution or total cost method.

## SUMMARY OF ARGUMENT

If it is determined that Durkin was properly terminated, Newark is entitled to the damages outlined by the contract between Newark and Durkin which include the costs to complete the project in excess of the unpaid contract balance.

If it is found that Durkin was not properly terminated by Newark for cause, the Court must then treat Durkin as having been terminated for convenience. In that event, according to the contract, Durkin's damages would be limited to the payment for completed and accepted work in accordance with its contract price, including overhead and profit, and costs of termination, and nothing more.

## STATEMENT OF FACTS

Durkin and the City entered into a contract for the amount of $9,679,000. When the project was approximately 70% complete, Durkin's contract was terminated. Durkin was paid for most of the work completed, but the final few payment applications were held by the City due to the termination, as was its right under the contract. Durkin contends that it is entitled, in part, to over five million dollars in damages which represent its actual costs to perform *the entire project*, plus re-calculated inflated equipment rates.

**ARGUMENT**

I. **IF NEWARK BREACHED THE CONTRACT DURKIN IS ENTITLED TO EXPECTATION TYPE DAMAGES OR THE DAMAGES OUTLINED IN THE CONTRACT TERMINATION FOR CONVENIENCE CLAUSE**

In Delaware, the proper measure of damages for breach of contract is generally the loss actually sustained as a result of the breach. *J.J. White, Inc. v. Metropolitan Merchandise Mart,* 107 A.2d 892 (Del. Super. 1954). The remedy seeks to give the nonbreaching the party the benefit of its bargain by putting that party in the position it would have been **but for** the breach. *Genencor International, Inc. v. Novo Nordisk A/S*, 766 A.2d 8, 11 (Del. 2000) (citing Restatement (Second) of Contracts § 344(a) (1981) (defining "expectation interest" as a party's interest in "having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed.")). In the context of a construction contract, the "benefit of the bargain" damages would constitute lost anticipated profits. However, where the contract contains a termination for convenience clause, damages are calculated according to that clause, not expectation damages. *Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*, 49 F.3d 915 (3rd Cir. 1995).

In *Linan-Faye Construction Co., Inc.*, the Court examined the termination for convenience provision of a public works construction contract. Linan-Faye was a public housing contractor that was hired by the Housing Authority of the City of Camden ("HACC") to renovate housing units. Before physical construction began, numerous disputes arose that ultimately resulted in the lawsuit. Approximately one year after the contract was signed, HACC elected to terminate Linan-Faye's contract. Linan-Faye objected to the termination and filed an action which included a civil rights claim under 42 U.S.C.A. §1983 (Durkin has also pled a civil rights violation under §1983). Eventually, HACC filed a motion for summary judgment on Linan-

Faye's §1983 action and argued that Linan-Faye's damages should be limited pursuant to the termination for convenience clause under the contract. The parties disputed whether Linan-Faye had been terminated for cause or convenience. The 3rd Circuit affirmed summary judgment on the §1983 claim and converted the termination for default into a termination for convenience. *Id.* The Court stated that constructive termination for convenience, an outgrowth of termination for convenience, is a judge-made doctrine that allows an actual breach by the government to be retroactively justified. *Id.* at 923, citing *Maxima Corp. v. United States,* 847 F.2d 1549, 1553 (Fed.Cir.1988). Although there is no Delaware state case law on point, the concept is widely recognized in the context of federal contracts.

The *Linan-Faye* decision supports the position that Durkin could recover under the contract's termination for convenience clause. But for that clause, Durkin would recover general breach of contract expectation damages, meaning Durkin would only be entitled to the lost anticipated profits that it would have made on the job had it been allowed to complete performance of the contract. However, at the time of termination Durkin had lost three million dollars on the project (Exhibit A, Deposition of Donald M. Durkin, Page 149, Lines 17-22), so even under expectation damages it would ultimately be entitled to nothing.

**II.    TOTAL COST METHOD FOR VALUING DAMAGES IS NOT AVAILABLE WHERE AN EXPRESS CONTRACT GOVERNS THE RELATIONSHIP BETWEEN THE PARTIES**

Durkin argues that Newark did breach the contract and that the proper measure of damages is restitution, that is, an award under the equitable measure of quantum meruit, also referred to as the "total cost method." Under the total cost method, Durkin would be paid on a time and materials basis for all work completed on the project, ignoring the bid and contract price

and ignoring that Durkin has already been paid for a majority of the work completed. Durkin has gone back and re-calculated the job and seeks payment based on its new valuation of the work. For example, the damages sought include equipment costs recalculated at "blue book rates," not Durkin's actual costs which should be substantially lower as Durkin owns a majority of its equipment. (Exhibit B, Deposition of Donald M. Durkin, Pages 155-156, Lines 20-11 and Page 13-14, Lines 19-1).

The obvious problem with Durkin's creative theory is that the contracted price differs from Durkin's "hindsight" re-valuation of the same work, a difference of millions of dollars. In effect, Durkin is really arguing that it under-bid the job and the fortuitous circumstance of Newark's alleged "wrongful termination" magically gives Durkin another shot at getting its bid right.

The total cost method is not favored and is only used when the contractor can show that something changed causing it to incur greater costs, which has not occurred here. (*See*, *Servidone Constr. Corp. v. United States*, 931 F.2d 860,861-62 (Fed. Cir. 1991); *see also*, *Lichter v. Mellon-Stuart Co.,* 305 F.2d 216, 219 (3rd. Cir. 1962). The use of the total cost method has been "tolerated only when no other mode was available and when the reliability of the supporting evidence was fully substantiated." *WRB Corp. v. United States*, 183 Ct. Cl. 409, 426 (1968). In fact, restitution, which is an equitable remedy, is an inappropriate measure of damages in situations where an express contract governs the relationship between the parties.

It is well-established Delaware law that quantum meruit recovery will only be considered where the relationship of the parties is not governed by an express contract. *Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781 at *14 (Del. Super. Ct. Jan. 28, 2001). When parties

and the services involved in the claim are governed by an express contract, there is no occasion to pursue the theory of quantum meruit. *Id.* Recovery in quantum meruit is quasi-contractual. As a logical result, where there is a written agreement there can be no recovery in quantum meruit. *Stoltz Realty Co. v. Paul,* 1995 WL 654152 at *10 (Del. Super. Ct. Sept. 20, 1995).

The theory that damages should be recalculated after the fact under new and different rates is not supported by caselaw or logic. Delaware courts have accepted this methodology when there **was no pre-contracted rate or price**. *Dick Baker Home Improvements v. Anderson* 2003 WL 22931395 (Del.C.P May 10, 2003). Here, Durkin and Newark had an express contract for a specific lump sum amount. The quantum meruit concept has no application where the parties are subject to an express contract. *Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781 at *14 (Del. Super. Jan. 28, 2001), *Stoltz Realty Co. v. Paul,* 1995 WL 654152 at *10 (Del. Super. Sept. 20, 1995).

It is intuitively obvious that where a contract includes a termination provision, damages are also determined by the contract value. Durkin's actual cost to perform the job, or new idea of what it should have cost, are irrelevant. The contract clearly delineates the type of damages Durkin is entitled to, so total cost, restitution and quantum meruit methodologies for valuing Durkin's damages should be forbidden.

## CONCLUSION

WHEREFORE, Defendant City of Newark respecfully requests that this Court enter an Order denying and otherwise forbidding Plaintiff Donald M. Durkin Contracting Inc. from offering or recovering damages under a total cost, restitution or quantum meruit valuation.

                TIGHE, COTTRELL & LOGAN, P.A.

                By: /s/ Paul Cottrell
                Paul Cottrell (Delaware I.D. No. 2391)
                Victoria K. Petrone (Delaware I.D. No. 4210)
                704 N. King Street,
                P.O. Box 1031
                Wilmington, DE 19899
                P:  (302) 658-6400
                *Attorneys for City of Newark Defendants*