**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF**
**IN SUPPORT OF MOTION IN LIMINE AS TOPLAINTIFF'S CLAIM FOR**
**ECONOMIC DAMAGES AND PROFESSIONAL FEES**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 19, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.      **PLAINTIFF IS BARRED BY THE CONTRACT FROM RECOVERING ECONOMIC LOSS DAMAGES** . . . . . . . . . . . . . . . 1

      II.     **PLAINTIFF IS BARRED BY THE CONTRACT AND LAW FROM RECOVERING PROFESSIONAL FEES** . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Case**                                                                                       **Page**

*Brice v. State, Dept. of Correction*, 704 A.2d 1176 (Del.Supr. 1998). .............. 3

*Chemipal Ltd. v. Slim-Fast Nutritional Foods Intern., Inc.*,
    350 F.Supp.2d 582 (D.Del.,2004) .................................... 3

*Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663 at *3 (Del.Super.,1994) ...... 2

**Other Authority**

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). In the event it is entitled to damages, Durkin seeks to recover economic loss damages and professional fees.

## SUMMARY OF ARGUMENT

If it is determined that Durkin was properly terminated, Newark is entitled to the damages outlined by the contract between Newark and Durkin which include the costs to complete the project in excess of the unpaid contract balance.

If it is found that Durkin was not properly terminated by Newark for cause the Court must then treat Durkin as having been terminated for convenience. In that event, according to the contract, Durkin's damages would be limited to the payment for completed and accepted work in accordance with its contract price, including overhead and profit, and costs of termination, and nothing more.

## STATEMENT OF FACTS

Durkin's contract with the City of Newark was terminated. In event of termination, the contract provides that Newark may recover professional fees, and Durkin may only recover costs related to cancelling its subcontractors. The contract expressly forbids recovery of economic losses.

## ARGUMENT

**I.  PLAINTIFF IS BARRED BY THE CONTRACT FROM RECOVERING ECONOMIC LOSS DAMAGES**

If it is determined that Newark breached the contract, Durkin would be entitled damages outlined in the contract which include payment for completed and acceptable work including fair and reasonable sums for overhead and profit on such work and all reasonable expenses directly attributable to termination. (Exhibit A, Contract, Para. 15.4). The contract also provides that Durkin "shall not be paid on account of loss of anticipated profits or revenue or other economic loss arising out of or resulting from such termination." *Id.* Nonetheless, Durkin has indicated it will request damages arising out of its lost equity in equipment lease/purchase agreements, insurance costs, loans on life insurance policies and lines of credit[1], **all of which are precluded by the contract.**

In addition to being barred by the contract, under Delaware law good will, lost future profits, and lost customers are not awarded in breach of contract actions. *Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663 at *3 (Del.Super.,1994) (granting motion in limine in the breach of contract action with respect to loss of good will, lost future profits, and lost customer base and quoting "Delaware courts have consistently found these damages to be speculative in nature, and; therefore, have barred recovery for them." *Tanner v. Exxon Corp*. Del.Super., C.A. No. 79C-01-005, Stiftel, J. (July 23, 1981), Letter Op. at 5), see also *Chemipal Ltd. v. Slim-Fast Nutritional Foods Intern., Inc.,* 350 F.Supp.2d 582, 595 (D.Del.,2004), ruling that damages for reputational harm are not recoverable in Delaware and granting the Motion to Preclude Testimony on that point).

I. **PLAINTIFF IS BARRED BY THE CONTRACT AND LAW**

---

[1]Durkin indicated in its Interrogatory responses its intent to seek recovery for alleged loss of business, overhead, bonding capacity, revenue, prequalifications, equipment equity and use, surety obligations and damage to reputation, which are similarly not recoverable and should be barred.

### FROM RECOVERING PROFESSIONAL FEES

Durkin has also indicated its intent to seek recovery of professional and attorneys' fees. The "American Rule," followed in Delaware, provides that each party pay its own litigation costs absent a statutory, equitable or contractual provision. *Brice v. State, Dept. of Correction*, 704 A.2d 1176, 1179 (Del.Supr. 1998). There is no applicable statute. The equitable exception for bad faith, wanton or vexatious behavior only applies in extraordinary cases. *Id.* Durkin doesn't even allege that Newark acted in a wanton or willful manner. Paragraphs 97 through 100 of the *Complaint* simply allege that the City's correspondence to Durkin's surety was in bad faith for stating that Durkin was failing to perform under the contract; this hardly rises to the level contemplated by the equitable exception.

The only relevant contract provision states Newark can recover "fees and charges of engineers...attorneys and other professionals and all court...costs" incurred as "claims, costs, losses and damages." (Exhibit A, Contract Para. 17.5, 15.2.4). The provision applies to the types of damages *Newark* can recover. As to Durkin, should it be entitled, the phrase *only applies* as related to terminated subcontracts and supplier agreements. (Exhibit A, Contract Para. and 15.4.3). It is clear that Durkin cannot recover attorneys or professional fees.

### CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court enter an Order denying and otherwise forbidding Plaintiff Donald M. Durkin Contracting Inc. from offering or recovering economic loss damages or professional fees.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*