**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF
IN SUPPORT OF MOTION IN LIMINE AS TO PLAINTIFF'S TORT AND CIVIL
RIGHTS CLAIM ON THE BASIS OF IMMUNITY**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F.
Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
and Christina Rewa*

August 19, 2006

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

      I.     PLAINTIFF'S TORT CLAIMS AGAINST THE CITY OF NEWARK AND INDIVIDUAL DEFENDANTS ARE BARRED BY THE DELAWARE TORT CLAIMS ACT . . . . . . . . . . . . . . . . . . . . . . . . . 1

      II.    PLAINTIFF'S CLAIMS ARE ALSO BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY . . . . . . . . . . . . . . . . . . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# TABLE OF AUTHORITIES

**Case** **Page**

*Board of Regents v. Roth*, 408 U.S. 564 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Carr v. Dewey Beach*, 730 F. Supp. 591 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Carrigan v. Delaware*, 957 F. Supp. 1376 (D. Del. 1997) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Dale v. Town of Elsmere*, 702 A.2d 1219 (Del. Supr. 1997) . . . . . . . . . . . . . . . . . . . . . . 2

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Helman v. State*, 784 A.2d 1058 (Del. Super. Ct. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Izquierdo v. Sills*, 2004 Del. Ch. LEXIS 142  (Del. Ch. Ct. June 29, 2004), . . . . . . . . . . 2

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*,
   49 F.3d 915 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Paul v. Davis*, 424 U.S. 693 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Other Authority**

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

10 Del. C. § 4011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Donald M. Durkin ("Durkin") has asserted various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark").

**SUMMARY OF ARGUMENT**

Durkin's tort and civil rights claims against Newark are precluded by Delaware's County and Municipal Tort Claims Act and the doctrine of qualified immunity and should be dismissed as a matter of law.

**STATEMENT OF FACTS**

Defendant City of Newark terminated its construction contract with Durkin. Durkin filed its *Complaint* against the City of Newark and its then-current Council Members and Mayor individually for breach of contract and a variety of tort claims including Interference with Existing and Prospective Contracts, Defamation/Trade Liable, Conversion, Fraud and Misrepresentation and a claim for Violation of Civil Rights.

**ARGUMENT**

**I.    PLAINTIFF'S TORT CLAIMS AGAINST THE CITY OF NEWARK AND INDIVIDUAL DEFENDANTS ARE BARRED BY THE DELAWARE TORT CLAIMS ACT**

Delaware's County and Municipal Tort Claims Act, 10 Del.C. §§ 4010-4013, immunizes municipalities and its employees from tort claims seeking damages. 10 Del. C. § 4011 provides:

> (a) Except as otherwise expressly provided by statute, all governmental entities and their employees shall be immune from suit on any and all tort claims seeking recovery of damages.

Durkin may only recover in tort against the Mayor and City Council Members in their individual capacity for their acts or omissions undertaken with wanton negligence or willful and malicious

intent *and which cause property damage, bodily injury or death*. 10 Del. C. § 4011(c) (emphasis added). In *Dale v. Town of Elsmere*, 702 A.2d 1219, 1223 (Del. Supr. 1997) the Supreme Court held that "economic harm alone" does not rise to the level required by the statute. In each of the tort claims Durkin alleges, Durkin seeks compensation merely for economic damages (i.e for lost enjoyment and value of the benefits of the contract it had with the City). Durkin makes no cognizable claim for damages related to personal injury or damage to property, therefore, because exceptions to broad grants of immunity are to be construed narrowly, the Mayor and the City Council Members cannot be liable tort damages under any of Durkin's alleged tort theories. *Id*. (see also, *Carr v. Dewey Beach*, 730 F. Supp. 591, 602 (D. Del. 1990) wherein the District Court granted summary judgment on the plaintiff's claims for malicious prosecution, abuse of process, false arrest, and violation of article I, section 6 and section 7, stating that these claims did not suffice to meet the requirements of the statute)(*see also*, *Izquierdo v. Sills*, 2004 Del. Ch. LEXIS 142 *28 (Del. Ch. Ct. June 29, 2004), wherein the Court granted summary judgment against the plaintiff on both his contract claims for wrongful termination and the tort claims related to that termination).

With regards to the claims against the Mayor and the City Council Members, Durkin may never, under any circumstance, recover against these defendants for discretionary conduct falling under Sec. 4011(b)(3) if such conduct amounts to mere negligence, whether or not that conduct is later found to be invalid.[1]

---

[1](b) "Notwithstanding § 4012 of this title, a governmental entity shall not be liable for any damage claim which results from:
 [...]

 (b) the performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.
10 Del. C. § 4011(b)(3).

## II. PLAINTIFF'S CLAIMS ARE ALSO BARRED BY THE DOCTRINE OF QUALIFIED IMMUNITY

Durkin seeks to recover in tort from the City, the Mayor and individual Council Members because of the alleged breach of the relevant contract. Durkin fails to acknowledge, however, that it may not recover against the Movants based upon any tort theory because each is immune from liability either under Delaware's County and Municipal Tort Claims Act, as discussed above, or under the Doctrine of Qualified Immunity.

Specifically, with regards to Durkin's Civil Rights Claim under 42 U.S.C. § 1983, the U.S. Supreme Court held that "government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The U.S. Supreme Court further stated that "bare allegations of malice should not suffice to subject government officials either to the costs of trial or to the burdens of broad-reaching discovery." *Id*. at p. 817. Durkin does not even allege malice in its Complaint, but merely bad faith.

In order to prevail upon its Civil Rights claim, the Court must be satisfied (1) that Durkin's allegations state a claim for a violation of a right secured by the United States Constitution, (2) that the rights and law at issue are clearly established; and (3) that a reasonably competent official should have known that his conduct was unlawful, in light of the clearly established law. *Carrigan v. Delaware*, 957 F. Supp. 1376, 1387 (D. Del. 1997).

Durkin alleges that the Movants have caused damage to Durkin's reputation and ability to contract with suppliers, subcontractors, sureties and owners by terminating Durkin for failing to

perform its obligations under the contract.    No Delaware statute grants Durkin a liberty or property interest in its reputation.  *Helman v. State*, 784 A.2d 1058, 1070 (Del. Super. Ct. 2001). While Delaware courts have recognized a person's interest in their reputation in the newspaper publishing context, the Delaware Supreme Court in *Helman* refused to find that a person had a liberty interest in his reputation when the matter published was truthful, public information.  *Id*. at p. 1071.  Nor has the Supreme Court recognized a federal liberty interest in a person's reputation.  *Paul v. Davis*, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976).

It appears that Durkin has also attempted to assert that the Movants have interfered with its property interest, either in the payments or profits it was to receive under the further performance of the contract, because the City took control of the job site pursuant to the City's contractual right, or by virtue of the termination itself.  The U.S. Constitution does not grant any specific property right.  "Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law."  *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972).  Durkin's ownership interest, if any, in the materials was extinguished either by operation of the express agreement between it and the City or because the City paid for the items which Durkin wrongfully claims an interest.  No logical reading of the applicable contract could infer that Durkin was guaranteed a property interest in the materials subsequent to the City declaring Durkin in breach.  Further, the City paid, or has paid, for all the materials that it retained pursuant to the contract, and allowed Durkin to retrieve any and all equipment in spite of the City's right to retain the items under the agreement.  **And the Third Circuit has ruled that a construction contract such as Durkin's does not give rise to a protectible property interest in the context of a civil rights claim under 42 U.S.C.A. §1983**.

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*, 49 F.3d 915 (3rd Cir. 1995).[2]

Because Durkin cannot point to a recognizable Constitutionally protected liberty or property interest, any evidence that the Defendants violated Durkin's constitutional rights will only confuse the jury and unduly prejudice the defendants and should be precluded as a matter of law.

Further, even if the Court finds that Durkin did have a cognizable liberty or property interest, Durkin would still fail to satisfy the final two requirements for disallowing the Doctrine of Qualified Immunity because such rights are neither clearly established, nor should the Defendants have known that terminating a breaching contractor as per the express agreement is clearly unlawful. If the Court were to hold otherwise, and allow government officials to be personally liable for following the termination provisions of a valid contract, a chill would descend upon the whole of the government procurement industry. At best, countless government contract provisions would be invalidated. At worst, an immeasurable amount of taxpayer dollars would be wasted due to the costs of delays and remediation while government officials weigh whether to terminate a contractor who is in breach of the applicable contract versus their own personal liability if a Court later decides that the termination was incorrectly accomplished.

## **CONCLUSION**

WHEREFORE, Movants respectfully requests that this Court enter an Order dismissing Plaintiff's tort claims and civil rights claim against the City of Newark and the Individual Defendants with prejudice.

---

[2] See City of Newark Defendants' Motion in Limine as to Plaintiff's Civil Rights Claim.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*