**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. ) | Civil Action No.: 04-0163 GMS |
| ) | |
| Plaintiff, ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CITY OF NEWARK et al. ) | |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF
IN SUPPORT OF MOTION IN LIMINE TO BAR
PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES**

        TIGHE, COTTRELL & LOGAN, P.A.
        By: /s/ Paul Cottrell
        Paul Cottrell (Delaware I.D. No. 2391)
        Victoria K. Petrone (Delaware I.D. No. 4210)
        704 N. King Street
        P.O. Box 1031
        Wilmington, DE 19899
        P:  (302) 658-6400
        F:  (302) 658-9836
        email:  p.cottrell@lawtcl.com
        *Attorneys for Defendants City of Newark, Harold F.
        Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
        Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
        and Christina Rewa*

August 19, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    **PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES UNDER TORT CLAIMS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    II.    **PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES UNDER CONTRACT CLAIM** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    III.    **PLAINTIFF IS BARRED FROM SEEKING PUNITIVE DAMAGES DUE TO ITS FAILURE TO PLEAD** . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# **TABLE OF AUTHORITIES**

**Case**                                                                                                                            **Page**

*Carr v. Dewey Beach*, 730 F. Supp. 591 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Dale v. Town of Elsmere*, 702 A.2d 1219 (Del. Supr. 1997) . . . . . . . . . . . . . . . . . . . . 2, 3

*E.I. duPont de Nemours & Co. v. Pressman*, 679 A.2d 436 (Del. 1996) . . . . . . . . . . . . . 5

*Fox v. Rodel, Inc.*, 1999 U.S. Dist. LEXIS 15502 (D. Del. Sept. 13, 1999). . . . . . . . . . 4

*Guthridge v. Pen-Mod, Inc.*, Del.Super., 239 A.2d 709 (1967). . . . . . . . . . . . . . . . . . . . 4

*Izquierdo v. Sills*, 2004 Del. Ch. LEXIS 142 (Del. Ch. Ct. June 29, 2004) . . . . . . . . . . . 3

*Reiver v. Murdoch & Walsh, P.A.*, 625 F. Supp. 998, 1015 (Del. D. 1985) . . . . . . 3, 4, 5

*RKO--Stanley Warner Theatres, Inc. v. Mellon Nat'l Bank & Trust Co.*
    436 F.2d 1297 (3rd Cir. 1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Schueler v. Martin*, 674 A.2d 882 (Del. Super. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **Other Authority**

10 Del. C. § 4011 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

10 Del. C. § 4012 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 8(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has not set forth a claim for punitive damages against the City of Newark or the Individual Defendants (Durkin did seek punitive damages from URS Corporation ("URS") in its *Complaint* but has since dismissed its claims against URS), but has recently indicated its intent to request punitive damages at trial.

## SUMMARY OF ARGUMENT

Durkin is precluded from requesting or recovering punitive damages from the City of Newark or the Individual City Defendants (cumulatively "Newark") as barred by 10 Del. C. §§ 4011 *et seq.*, Delaware law, and Plaintiff's failure to plead punitive damages.

## STATEMENT OF FACTS

Defendant City of Newark terminated its construction contract with Durkin.  Durkin filed its *Complaint* claiming breach of contract for wrongful termination and other various tort claims including Interference with Existing and Prospective Contracts, Defamation/Trade Liable, Conversion, Fraud and Misrepresentation.  Durkin has never formally plead that the City, through its employees, acted recklessly and wantonly or willfully and maliciously in the decision to terminate Durkin from the reservoir project, nor has discovery uncovered evidence of such behavior.  Durkin has never formally requested punitive damages as to the Newark Defendants, however, Durkin has indicated that it will attempt to seek punitive damages against the City, the Mayor and the individual Council Members on each of the above enumerated tort claims

## ARGUMENT

    I.    **PLANTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES UNDER TORT CLAIMS**

Durkin is not entitled to punitive damages because the Newark Defendants have immunity from such liability under 10 Del. C. §§ 4011 and 4012. Section 4011 expressly grants the City, the Mayor and City Council Members immunity "from suit on any and all tort claims seeking recovery of damages." *Id*.

Furthermore, as a matter of law, the City of Newark is immune from liability under 10 Del. C. §§ 4011 and 4012 for the reckless and wanton or willful and malicious employee conduct. *Schueler v. Martin*, 674 A.2d 882 (Del. Super. 1996). In *Schueler*, the Court held that the City of Newark could not be liable for punitive damages even if the plaintiff succeeded in proving that the City's employee, acted in a reckless and wanton or willful and malicious manner. Simply put, Delaware's County and Municipal Tort Claims Act precludes any recovery by Durkin against the City of Newark for punitive damages.

With regards to the claims against the Mayor and the City Council Members, Durkin may never, under any circumstance, recover against these defendants for discretionary conduct falling under Sec. 4011(b)(3) if such conduct amounts to mere negligence, whether or not that conduct is later found to be invalid.[1]

Durkin may only recover punitive damages against the Mayor and City Council Members in their individual capacity for their acts or omissions, undertaken with wanton negligence or willful and malicious intent, *and which causes property damage, bodily injury or death*. 10 Del. C. § 4011(c)(emphasis added). In *Dale v. Town of Elsmere*, 702 A.2d 1219, 1223 (Del. Supr.

---

[1](b) "Notwithstanding § 4012 of this title, a governmental entity shall not be liable for any damage claim which results from:
   [...]

   (b) the performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion be abused and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid or invalid.
10 Del. C. § 4011(b)(3).

1997) the Supreme Court held that "economic harm alone does not constitute property damage as that term is used in the Act." In each of the tort claims Durkin alleges, Durkin seeks compensation merely for economic damages. Because exceptions to broad grants of immunity are to be construed narrowly, the Mayor and the City Council Members cannot be liable for punitive damages under any of Durkin's alleged tort theories which only seek to recover economic damages. *Id*. (see also, *Carr v. Dewey Beach*, 730 F. Supp. 591, 602 (D. Del. 1990), wherein the District Court granted summary judgment on the plaintiff's claims for malicious prosecution, abuse of process, false arrest, and violation of article I, section 6 and section 7, stating that these claims did not suffice to meet the requirements of the statute)(*see also*, *Izquierdo v. Sills*, 2004 Del. Ch. LEXIS 142 *28 (Del. Ch. Ct. June 29, 2004), wherein the Court granted summary judgment against the plaintiff on both his contract claims for wrongful termination and the tort claims related to that termination).

    II.    **PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES UNDER CONTRACT CLAIM**

Should Durkin attempt to seek punitive damages under its breach of contract claim, such recovery would be barred as a matter of law because punitive damages are not usually recoverable under breach of contract claims and Durkin cannot satisfy the requirements of the one exception to the normal bar to recovery.

"In cases in which the breaching party's non-performance was based on that party's belief that a meritorious defense exists, Delaware courts have held as a matter of law that plaintiffs are not entitled to seek punitive damages." *Reiver v. Murdoch & Walsh, P.A.*, 625 F. Supp. 998, 1015 (Del. D. 1985). Durkin must show by a preponderance of the evidence that the Defendant's

actions were motivated by "some form of malice; that is, by ill-will, hatred, spite, or a conscious desire to do injury and hurt the plaintiffs." *Guthridge v. Pen-Mod, Inc.*, Del.Super., 239 A.2d 709, 715 (1967). Delaware case law requires the Court to find the Defendants acted "maliciously and without probable cause, for the purpose of injuring the other party by depriving him of the benefits of the contract" *Reiver*, 625 F. Supp. at 1015.

Durkin has not alleged in its *Complaint*, nor has exhaustive discovery uncovered, any evidence to support any finding that the City of Newark, the Mayor or any Council Members acted in a willful or wanton manner when the decision was made to terminate the contract with Durkin. The City merely followed the steps outlined in the applicable contract and terminated Durkin for refusing to go ahead with the design Durkin contracted to build.

### III.  PLAINTIFF IS BARRED FROM SEEKING PUNITIVE DAMAGES DUE TO ITS FAILURE TO PLEAD

Nowhere in Durkin's *Complaint* does it seek punitive damages against the City of Newark, the Mayor or Newark City Council Members. Further, Durkin does not even allege that the City, the Mayor nor any Council Member acted in a wanton or willful manner. Paragraphs 97 through 100 of the *Complaint* allege that the City wrote a letter to Durkin's surety in bad faith simply because the City gave notice to the surety that Durkin was failing to perform under the contract. Even if the Court were to accept as true that the letter was sent in bad faith, an allegation of bad faith does not support a demand for punitive damages in the contract arena. *Fox v. Rodel, Inc.*, 1999 U.S. Dist. LEXIS 15502 *34 (D. Del. Sept. 13, 1999) (finding that Delaware law recognizes an award of punitive damages in the context of a breach of contract claim only where the conduct alleged amounts to an independent tort, and that mere allegations of bad faith in the termination of an employment contract does not support an award of punitive

damages)(*see also*, *E.I. duPont de Nemours & Co. v. Pressman*, 679 A.2d 436 (Del. 1996) and *Reiver*, 625 F. Supp. at 1015).

Pursuant to Fed. R. Civ. P. 8(a)(3), Durkin's anticipated punitive damages demand should be precluded by the Court because Durkin has made no demand for such against the City, the Mayor or any of the individual Council Members in its Complaint. *RKO--Stanley Warner Theatres, Inc. v. Mellon Nat'l Bank & Trust Co.*, 436 F.2d 1297 (3rd Cir. 1970). In order to satisfy the pleading requirements of Rule 8, Durkin must make a demand for this particular form of relief as to each defendant. There is no viable argument that Durkin's Complaint makes such a demand against the Movants, and any presentation to the jury of the issue should be precluded as a matter of law. Furthermore, because nothing in the Complaint can be construed as an allegation that any of the Movants conducted the termination in a wanton or willful manner, with the intent to injure Durkin, any request for punitive damages should not be allowed to be presented to the jury because Durkin cannot recover same as a matter of law.

## CONCLUSION

WHEREFORE, Movants respectfully requests that this Court enter an Order precluding Plaintiff from requesting or recovering punitive damages from and against the City of Newark or any of the individual Defendants.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street, P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*