IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>   Plaintiff,<br><br> v.<br><br>CITY OF NEWARK, et al.,<br>   Defendants,<br><br> and<br><br>CITY OF NEWARK,<br>   Third-Party Plaintiff,<br><br> v.<br><br>FEDERAL INSURANCE COMPANY,<br>   Third-Party Defendant. | CIVIL ACTION NO. 04-0163 |

**FEDERAL'S OPENING BRIEF
IN SUPPORT OF MOTION *IN LIMINE*
TO EXCLUDE ANY REFERENCE TO OR EVIDENCE OF THE CITY OF NEWARK'S
<u>ALLEGED DAMAGES</u>**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal now moves *in limine* to preclude evidence of any reference to the City's alleged damages for the reasons below.

## SUMMARY OF ARGUMENT

Any references to or evidence of the City's alleged damages must be excluded because the City failed to properly respond to Federal's discovery and further failed to identify or explain any basis supporting its alleged entitlement to the purported damages.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion *in Limine* to Exclude Any Reference to the Alleged Damages of the City of Newark, and are incorporated herein by reference.

## ARGUMENT

The City wholly failed to respond to Federal's interrogatories requesting, among other things, information relating to damages that the City contends are payable under the Performance Bond. Instead, the City chose to ignore Federal's requests and decided simply to surprise Federal with a list of alleged damages of more than $6.5 million, which the City sent only via e-mail to Federal on Sunday night, August 20, 2006, at 6:24 p.m. This list was unaccompanied by any explanation. Sending this crucial information to Federal on the evening before the final pretrial order submissions clearly prevents Federal from having adequate time to prepare for a presentation of the City's damages at trial.

The City has not provided any detail as to how or why it would be entitled to various litigation charges. Under the Performance Bond, Federal could only be liable for certain items resulting "from the actions or failure to act of the Surety" and for the correction of defective work and the completion of the Construction Contract. (See Performance Bond, § 6.) This provision of the bond does not apply to legal fees incurred in seeking recovery from the contractor or its bonding company or in a lawsuit for damages. See Turner Constr. Co. v. First Indem. of Am. Ins. Co., 829 F. Supp. 752, 765 (E.D. Pa. 1993) (holding that to the extent recovery of attorney's fees is provided by the bonds, attorney's fees are only recoverable to the extent necessary to complete the work. Attorney's fees incurred as a result of a separate lawsuit for damages are not recoverable.). As to the other purported damages, Federal can only guess at this point whether they could fall within the bond because the City has failed to provide any explanation of its alleged entitlement to those damages.

This issue is clearly too important to allow the City to ignore the rules relating to pretrial discovery and pretrial submissions.

## **CONCLUSION**

For all the foregoing reasons, Federal respectfully requests that all evidence or references to the City of Newark's alleged damages be excluded from the trial of this matter.

Respectfully submitted,

/s/_____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2006, I caused a true and correct copy of the Motion *In Limine* of Third-Party Defendant, Federal Insurance Company, to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ _____
Kevin W. Goldstein

# 494462