IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>    Plaintiff, | )<br>)<br>) |
| v. | )   CIVIL ACTION NO. 04-0163<br>) |
| CITY OF NEWARK, et al.,<br>    Defendants, | )<br>)<br>) |
| and | )<br>) |
| CITY OF NEWARK,<br>    Third-Party Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| FEDERAL INSURANCE COMPANY,<br>    Third-Party Defendant. | )<br>) |

**FEDERAL'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE
OF THE DECEMBER 9, 2003 SETTLEMENT MEETING**

    Third-Party Defendant, Federal Insurance Company ("Federal"), moves *in limine* to exclude any evidence referencing the December 9, 2003 meeting between Federal, Defendant City of Newark (the "City"), and Plaintiff, Donald M. Durkin Contracting, Inc. ("Durkin"), and, in support thereof, avers as follows:

    1.    On November 21, 2003, the City sent a letter to Federal, in which the City stated that it was "considering declaring" Durkin in default and requested a conference to take place within fifteen days of the letter to discuss Durkin's methods for the completion of the project.

    2.    While the November 21, 2003 letter appeared to be an attempt by the City to track the language of Subparagraph 3.1 of the Performance Bond, the conference required by the bond **never took place**.

- 2 -

      3.     Instead, on December 9, 2003, representatives of the City, Federal and Durkin held an "off the record" settlement meeting. The meeting was so designated as being "off the record" by the City's attorney, Paul Cottrell, at the inception of the meeting.

      4.     An agenda provided by Mr. Cottrell for the December 9, 2003 settlement meeting expressly states that "All conversations during the meeting shall be in the nature of settlement negotiations, and shall be inadmissible in any future proceeding."

      5.     The City's Agenda preventing the use of any discussions from the December 9, 2003 settlement meeting "in any future proceeding" clearly establishes that the meeting was in the nature of a Federal Rule of Evidence 408 settlement conference, in which the parties attempted to negotiate a compromise of their claims.

      6.     In point of fact, the parties never discussed methods of completing the Construction Contract at the meeting, as required by the bond. The parties only discussed the pending disputes.

      7.     Thus, any evidence of or reference to the December 9, 2003 settlement meeting is inadmissible at trial.

- 3 -

WHEREFORE, Federal respectfully requests that, for the foregoing reasons and those set forth in the Opening Brief in support of this motion which is incorporated herein by reference, any evidence or reference to the December 9, 2003 settlement meeting among Federal, the City and Durkin should be excluded from evidence at trial.

Respectfully submitted,

/s/
_____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company