IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>   Plaintiff,<br><br> v.<br><br>CITY OF NEWARK, et al.,<br>   Defendants,<br><br>  and<br><br>CITY OF NEWARK,<br>   Third-Party Plaintiff,<br><br> v.<br><br>FEDERAL INSURANCE COMPANY,<br>   Third-Party Defendant. | CIVIL ACTION NO. 04-0163 |

**FEDERAL'S OPENING BRIEF
IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE
ANY EVIDENCE OF OR REFERENCE TO
THE DECEMBER 9, 2003 SETTLEMENT MEETING**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS............................................. 1

SUMMARY OF ARGUMENT ............................................................................................... 1

CONCISE STATEMENT OF FACTS..................................................................................... 1

ARGUMENT ......................................................................................................................... 1

    A.    Any Evidence Of Or Reference To The December 9, 2003 Settlement Meeting Should Be Excluded As Compromise Negotiations Pursuant To Fed. R. E. 408................................................................................................ 1

CONCLUSION ..................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Cases**

Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521 (3d Cir. 1995) ............................... 1

Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637 (11th Cir. 1990) ............................................ 2

**Rules**

Fed. R. E. 408 ............................................................................................................................ 1

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal now moves *in limine* to preclude any evidence of or any reference to the December 9, 2003 settlement meeting among Federal, Durkin and the City for the reasons set forth below.

## SUMMARY OF ARGUMENT

Federal moves *in limine* to exclude the December 9, 2003 settlement meeting among Federal, the City and Durkin because the meeting itself and the statements made therein constitute inadmissible evidence of settlement discussions pursuant to Fed. R. E. 408.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion *in Limine* to Exclude Any Evidence of or Reference to the December 9, 2003 Settlement Meeting, and are incorporated herein by reference.

## ARGUMENT

**A.    Any Evidence Of Or Reference To The December 9, 2003 Settlement Meeting Should Be Excluded As Compromise Negotiations Pursuant To Fed. R. E. 408**

Rule 408 of the Federal Rules of Evidence bars the introduction of any evidence of the furnishing or offering or promising to furnish "a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." F. R. E. 408. The Rule precludes any "[e]vidence of conduct or statements made in compromise negotiations." Id. Under the Rule, the meaning of dispute includes both litigation and less formal stages of conflict. See Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521, 527 (3d Cir. 1995) (Rule 408 "applies where an actual dispute or a difference of opinion exists, rather

than when discussions crystallize to the point of threatened litigation"). A statement falls within the scope of the exclusion when "the statements or conduct were intended to be part of the negotiations toward compromise." Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637, 642 (11th Cir. 1990).

There can be no dispute that the very occurrence of and the discussions arising in the December 9, 2003 settlement meeting were intended to constitute negotiations aimed toward a compromise. The City's own agenda for the December 9, 2003 meeting dictates that the discussions occurring at the meeting are "in the nature of settlement negotiations" and shall be inadmissible in subsequent proceedings. Thus, it is clear that, **by the City's own terms**, the settlement meeting itself, as well as the discussions in that meeting, was an effort by the parties to compromise or attempt to compromise their then-existing claims. Accordingly, any reference to the settlement meeting or the statements therein should be excluded from evidence at trial.

## **CONCLUSION**

For all the foregoing reasons, Federal respectfully requests that any and all references to the December 9, 2003 meeting and any discussions held during that meeting be excluded.

Respectfully submitted,


/s/_____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850 Phone
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I caused a true and correct copy of the Motion *In Limine* of Third-Party Defendant, Federal Insurance Company, to be served via overnight delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/
_____
Kevin W. Goldstein

# 492001