IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>   Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br>   Defendants,<br><br>and<br><br>CITY OF NEWARK,<br>   Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>   Third-Party Defendant. | )<br>)<br>)<br>)  CIVIL ACTION NO. 04-0163<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FEDERAL'S MOTION *IN LIMINE*
TO EXCLUDE THE DEPOSITION ERRATA SHEETS OF CAROL HOUCK**

Third-Party Defendant, Federal Insurance Company ("Federal"), moves *in limine* to exclude from admission into evidence at trial the errata sheets for the deposition of Carol Houck, the designated representative of Third-Party Plaintiff, City of Newark (the "City"). In support thereof, Federal avers as follows:

  1.  On March 22, 23 and 28, 2006, Federal participated in the deposition of the City's designee, Carol Houck.

  2.  On April 21, 2006, four days after Federal filed its motion for reconsideration of the denial of its motion for summary judgment, the City submitted proposed errata sheets for the March 23 deposition testimony of Houck. On May 2, 2006, the City submitted a proposed errata sheet for Houck's March 28, 2006 deposition.

  3.  In the March 23 errata sheet, the City presents a counter-narrative to the testimony of its designated representative for nearly thirty pages of testimony. The City attempts

to "correct" the testimony by providing a narrative that does not purport to change any particular answer, but is intended to substitute entirely for the question and answer process.

4. Much of this narrative contradicts Houck's deposition testimony.[1]

5. Because the City attempts to substantively and fundamentally alter its designee's testimony through the subject errata sheets, these errata sheets must be precluded.

WHEREFORE, for these reasons and those set forth in the accompanying Opening Brief, which is incorporated herein by reference, the errata sheets of the City's designee, Carol Houck, should be excluded from evidence at trial.

Respectfully submitted,

/s/
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

---

[1] During the March 28, 2006 deposition, the City's designee clearly admitted that the November 21, 2003 letter was not a proper seven day notice under the Construction Contract. In the March 28 errata sheet, however, the City alters that response completely to: "my reply on line 9 is *incorrect* if it suggests that the November 21, 2003 letter was not the seven-day notice letter." See March 28 Errata Sheet (emphasis added).