IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>   Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br>   Defendants,<br><br>  and<br><br>CITY OF NEWARK,<br>   Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>   Third-Party Defendant. | )<br>)<br>)<br>) CIVIL ACTION NO. 04-0163<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FEDERAL'S OPENING BRIEF
IN SUPPORT OF FEDERAL'S MOTION *IN LIMINE*
TO EXCLUDE THE DEPOSITION ERRATA SHEETS OF CAROL HOUCK**

             STRADLEY, RONON, STEVENS & YOUNG, LLP
             Kevin W. Goldstein, Esquire
             Delaware Bar No. 2967
             300 Delaware Avenue, Suite 800
             Wilmington, DE 19801

             Samuel J. Arena, Jr., Esq. (pro hac vice)
             Patrick R. Kingsley, Esq. (pro hac vice)
             David M. Burkholder, Esq. (pro hac vice)
             2600 One Commerce Square
             Philadelphia, PA 19103-7098

             Attorneys for Third-Party Defendant,
             Federal Insurance Company

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................ ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS................................................ 1

SUMMARY OF ARGUMENT ..................................................................................................... 1

CONCISE STATEMENT OF FACTS........................................................................................... 1

ARGUMENT ................................................................................................................................. 1

CONCLUSION .............................................................................................................................. 4

# TABLE OF AUTHORITIES

**Cases**

Burns v. Board of County Commissioners of Jackson County, 330 F.3d 1275 (10th Cir. 2003) ................................................................................................................... 1, 2

Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986) ............................................................... 1

Garcia v. Pueblo Country Club, 299 F.3d 1233 (10th Cir. 2002) ........................................ 2

Greenway v. Int'l Paper Co., 144 F.R.D. 322 (W.D. La. 1992) ........................................... 2

Ierardi v. Lorillard, Inc., 1991 WL 158911, *1 (E.D. Pa. Aug. 3, 1991) ............................. 3

**Rules**

FED. R. CIV. P. 30(e) ....................................................................................................... 2, 3

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal, as surety, provided a bond, designated as Bond No. 8128-39-26 (the "Performance Bond"), to the City, as obligee, for the work of Plaintiff, Donald M. Durkin Contracting, Inc. ("Durkin"), under its Contract No. 02-02 – Construction of a Water Supply Reservoir for the Newark Reservoir (hereafter, the "Construction Contract") with the City. Federal now moves *in limine* to preclude the errata sheets for the March 23 and 28 depositions of the City's designee, Carol Houck.

## SUMMARY OF ARGUMENT

The errata sheets of the City's designee must be precluded because they substantively alter its designee's testimony.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion *in Limine* to Exclude The Errata Sheets of Carol Houck, and are incorporated herein by reference.

## ARGUMENT

The law holds that an errata sheet will be disregarded when it "constitutes an attempt to create a sham fact issue." Burns v. Board of County Commissioners of Jackson County, 330 F.3d 1275, 1282 (10th Cir. 2003) (noting there is no distinction between sham Rule 30(e) corrections and sham affidavits); see e.g., Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986). Whether a party's errata sheet constitutes an attempt to create sham issues of fact is determined by "whether the [deponent] was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or

whether the [errata sheet] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the [errata sheet] seeks to explain." Burns, 330 F.3d at 1282.

Rule 30(e) of the Federal Rules of Civil Procedure permits a deponent to make changes to deposition testimony in form or substance. FED. R. CIV. P. 30(e). However, "[t]he Rule cannot be interpreted to allow one to *alter* what was said under oath." Burns, 330 F.3d at 1282 (emphasis added); Garcia v. Pueblo Country Club, 299 F.3d 1233 (10th Cir. 2002); Greenway v. Int'l Paper Co., 144 F.R.D. 322, 325 (W.D. La. 1992). Indeed, "[i]f that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses." Burns, 330 F.3d at 1282. **"A deposition is not a take home exam."** Id. (emphasis added).

Here, the City's designee admitted that the November 21, 2003 letter was not a proper seven day notice under the Construction Contract. In the proposed errata sheet, however, the City now completely alters that response to: "my reply on line 9 is *incorrect* if it suggests that the November 21, 2003 letter was not the seven-day notice letter." See Errata Sheet (emphasis added). The City's attempt to create a sham fact issue is clear.

First, the City's designee was cross-examined during her entire four-day deposition. The deposition took place on non-consecutive days over the course of two weeks, and it was on the third day of her testimony that she admitted that the City did not consider the November 21, 2003 letter to constitute the requisite seven days' notice under the Construction Contract. The deponent was fresh off a five-day break from the last installment of her deposition.[2] The City had ample time and opportunity to correct any substantive or perceived deficiencies on the

---

[2] The deposition took place on March 22, 23, 28 and 30, 2006, and the City's counsel was present for the entire time.

record that (and the next) day but chose not to do so.  <u>Second</u>, the proposed "clarifications" set forth in the errata sheet are not based on newly-discovered evidence, and were known by the City's designee at the time she was being deposed.  <u>See</u> <u>Ierardi v. Lorillard, Inc.</u>, 1991 WL 158911, *1 (E.D. Pa. Aug. 3, 1991) (party producing Rule 30(b)(6) designee has obligation to "prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the" party).  <u>Third</u>, although the errata sheets appear to assume that the City designee's testimony is somehow confusing or misleading, it is plain that the question regarding the City's meaning applied to the November 21, 2003 letter was simple, direct and clear.  It is self-evident that the answer of City designee to the straightforward question of Federal's counsel does not reflect any obvious confusion that would require clarification.  The City's proposed errata sheets, therefore, contradict the sworn testimony of the City's designated representative and go well beyond the purpose of Rule 30(e).

3

## CONCLUSION

For all the foregoing reasons, Federal respectfully requests that the errata sheets of the City's designated representative, Carol Houck, be excluded from the trial of this matter.

Respectfully submitted,

/s/
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I caused a true and correct copy of the Motion *In Limine* of Third-Party Defendant, Federal Insurance Company, to be served via overnight delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ _____
Kevin W. Goldstein

# 493545