IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-0163 |
| CITY OF NEWARK, et al.,<br>Defendants, | ) ) ) ) | |
| and | ) ) | |
| CITY OF NEWARK,<br>Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY,<br>Third-Party Defendant. | ) ) ) | |

**FEDERAL'S MOTION *IN LIMINE*
TO EXCLUDE THE FEBRUARY 4, 2004 LETTER AND ANY REFERENCE THERETO**

Third-Party Defendant, Federal Insurance Company ("Federal"), moves *in limine* to exclude from admission into evidence at trial any reference to and the February 4, 2004 letter (the "February 4 Letter") from counsel for Third-Party Plaintiff, City of Newark (the "City"), to Plaintiff, Donald M. Durkin Contracting, Inc. ("Durkin"), and Federal. In support thereof, Federal avers as follows:

1.  On February 2, 2004, at a meeting of City Council and without any prior notice to Federal and Durkin, the City unanimously approved a resolution to "immediately terminate" Durkin's right to complete the Construction Contract.

2.  The next morning, on February 3, 2004, the City notified Federal and Durkin of the City's immediate termination of Durkin's right to complete the Construction Contract and demanded that Federal undertake efforts to provide the City with coverage under the performance bond.

- 2 -

      3.     Following Durkin's default termination, the City was notified that Durkin and Federal disputed the adequacy and propriety of the City's termination of Durkin. The City had fundamentally breached the Construction Contract by failing to give Federal and Durkin seven days' advance notice of the termination, but, in any event, the City unequivocally terminated the Construction Contract.

      4.     In response to this notice, on February 4, 2004, the City's litigation counsel, Paul Cottrell, Esquire, sent the February 4 Letter to Federal and Durkin, in which Mr. Cottrell set forth a proposed offer to compromise the issues disputed among the parties.

      5.     The February 4 Letter is irrelevant because it was issued after the City's termination of the Construction Contract. Notwithstanding the impropriety of the termination, the Construction Contract was at an end, rendering any offer to provide an additional cure period irrelevant.

      6.     Further, the February 4 Letter plainly constitutes inadmissible evidence of an offer to compromise the parties' claims pursuant to Fed. R. E. 408.

- 3 -

WHEREFORE, for these reasons and those set forth in the accompanying Opening Brief, which is incorporated herein by reference, the February 4 Letter should be excluded from evidence at trial.

Respectfully submitted,

/s/ _____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company