**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, et al.,<br>Defendants,<br><br>and<br><br>CITY OF NEWARK,<br>Third-Party Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY,<br>Third-Party Defendant. | ) | CIVIL ACTION NO. 04-0163 |

**FEDERAL'S OPENING BRIEF**
**IN SUPPORT OF MOTION *IN LIMINE***
**TO EXCLUDE THE FEBRUARY 4, 2004 LETTER AND ANY REFERENCE THERETO**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS .......... 1

SUMMARY OF ARGUMENT .......... 1

CONCISE STATEMENT OF FACTS .......... 1

A. The February 4 Letter Is Irrelevant Pursuant to Fed. R. E. 401 Because It Was Issued After The Construction Contract Was Ended .......... 1

B. The February 4 Letter Constitutes Inadmissible Evidence Made In Compromise Negotiations Pursuant To Fed. R. E. 408 .......... 3

CONCLUSION .......... 4

# TABLE OF AUTHORITIES

## Cases

Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521 (3d Cir. 1995)................................ 3

BioLife Solutions, Inc. v. Endocare, Inc., 838 A.2d 268 (Del. Ch. Ct. 2003)............................... 2

Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637 (11th Cir. 1990) ............................................... 3

## Rules

Fed. R. E. 402........................................................................................................................ 1

Fed. R. E. 408.................................................................................................................... 1, 3

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal now moves in limine to preclude evidence of any reference to and the February 4, 2004 letter ("February 4 Letter") issued by its litigation counsel, Paul Cottrell, for the reasons below.

## SUMMARY OF ARGUMENT

The February 4 Letter is irrelevant under any circumstances under Fed. R. E. 402 and inadmissible on the grounds that the letter constitutes evidence of compromise negotiations under Fed. R. E. 408.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion *in Limine* to Exclude The February 4, 2004 Letter, and are incorporated herein by reference.

## ARGUMENT

### A. The February 4 Letter Is Irrelevant Pursuant to Fed. R. E. 401 Because It Was Issued After The Construction Contract Was Ended

Rule 402 of the Federal Rules of Evidence provides that evidence which is not relevant is inadmissible. F. R. E. 402. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F. R. E. 401.

A central issue in this case is whether the City breached the Construction Contract when it failed to provide Federal and Durkin with seven days written notice of the termination of Durkin's right to complete the Construction Contract. The February 4 Letter has no bearing on

any fact of consequence relating to the events leading up to the termination of the Construction Contract. As a result, the February 4 Letter is clearly irrelevant.

The City materially breached the Construction Contract by failing to provide Federal and Durkin with seven days' written notice of the termination. Therefore, under Federal's position, the City's litigation counsel, Paul Cottrell, issued the letter *after* the Construction Contract had been materially breached. By February 4, 2004, Durkin's right to complete the Construction Contract had been terminated by an act of City Council. The City admits that only City Council could terminate Durkin's right to complete the Construction Contract. There is no evidence to suggest that the City's attorney had within his power the right to somehow "unterminate" the Construction Contract or rescind the termination by offering to suspend the effective date of the termination. There is also no evidence of another City Council vote to "unterminate" the Construction Contract or otherwise suspend the termination. The City's breach completely discharged any further performance obligation by Durkin or Federal (including any obligation to accept or even recognize this offer from the City's attorney). See BioLife Solutions, Inc. v. Endocare, Inc., 838 A.2d 268, 278 (Del. Ch. Ct. 2003) (citation omitted) ("A party is excused from performance under a contract if the other party is in material breach thereof."). The February 4 Letter is nothing more than a post-termination effort to rectify the improper termination. It does not un-do the City's improper termination.

Even assuming that the City properly terminated the Construction Contract (which it plainly did not), the February 4 Letter nevertheless arises after the Construction Contract is clearly at an end. The letter does not have any tendency to make the existence of any fact of consequence to the determination of the issues more probable or less probable than it would be without the letter.

**B. The February 4 Letter Constitutes Inadmissible Evidence Made In <u>Compromise Negotiations Pursuant To Fed. R. E. 408</u>**

Rule 408 of the Federal Rules of Evidence bars the introduction of any evidence of the furnishing or offering or promising to furnish "a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount." F. R. E. 408. The Rule precludes any "[e]vidence of conduct or statements made in compromise negotiations." Id. Under the Rule, the meaning of dispute includes both litigation and less formal stages of conflict. See Affiliated Mfrs., Inc. v. Aluminum Co. of Am., 56 F.3d 521, 527 (3d Cir. 1995) (Rule 408 "applies where an actual dispute or a difference of opinion exists, rather than when discussions crystallize to the point of threatened litigation"). A statement falls within the scope of the exclusion when "the statements or conduct were intended to be part of the negotiations toward compromise." Blu-J, Inc. v. Kemper CPA Group, 916 F.2d 637, 642 (11th Cir. 1990).

Here, the statements in the February 4 Letter are clearly intended to be part of negotiations toward a compromise. The City's counsel writes that he is "authorized" to "suspend the effective date of the [February 3, 2004] termination letter for an additional seven days" in exchange for Durkin's promise to complete the project "as per design." See Exhibit A to Motion. By the very language of the letter, the City is clearly attempting to negotiate a compromise between the parties over the disputes relating to the adequacy and propriety of the termination of Durkin's right to complete the Construction Contract. Given the language of the February 4 Letter and the circumstances preceding the letter, the purpose of the February 4 Letter is clear: to reach a compromise between the parties over the disputes relating to the termination. Accordingly, Rule 408 mandates that this letter be excluded from evidence at trial.

**CONCLUSION**

For all the foregoing reasons, Federal respectfully requests that the February 4 Letter be excluded from the trial of this matter.

Respectfully submitted,

/s/ ____________________________________

Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 18, 2006, I caused a true and correct copy of the Motion *In Limine* of Third-Party Defendant, Federal Insurance Company, to be served via overnight delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/______________________________
Kevin W. Goldstein