**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

DONALD M. DURKIN CONTRACTING, INC. )
           Plaintiff, )
            )
    v. )      CIVIL ACTION NO. 04-0163
            )
CITY OF NEWARK, et al., )
           Defendants, )
            )
    and )
            )
CITY OF NEWARK, )
           Third-Party Plaintiff, )
            )
    v. )
            )
FEDERAL INSURANCE COMPANY, )
           Third-Party Defendant. )

## FEDERAL'S PROPOSED JURY INSTRUCTIONS

Third-Party Defendant, Federal Insurance Company ("Federal"), incorporates

herein by reference the proposed jury instructions of Plaintiff, Donald M. Durkin Contracting,

Inc. and adds the following jury instructions.

Respectfully submitted,

/s/ _____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP

2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## THIRD PARTY DEFENDANT FEDERAL INSURANCE COMPANY'S, PROPOSED JURY INSTRUCTIONS

**STRADLEY RONON**
Patrick R. Kingsley
David M. Burkholder
Kevin W. Goldstein
300 Delaware Avenue, Suite 800
Wilmington, DE 19801
Telephone: 302-576-5850
Telefacsimile: 302-576-5858
*Attorneys for Third Party Defendant*
*Federal Insurance Company*

Dated: August ___, 2006

## **DIRECTED VERDICT**

FED1.        **Directed Verdict – Breach of Contract**

      Source: Fed. R. Civ. P. 50

      Based upon the law and the facts, the City of Newark has failed to introduce legally sufficient evidence to make out a claim for breach of contract against Third-Party Defendant, Federal Insurance Company, and a verdict is directed to be entered in favor of Federal.

FED1.1        **Directed Verdict – Breach of Good Faith and Fair Dealing**

Source:  Fed. R. Civ. P. 50

Based upon the law and the evidence, the City of Newark has failed to introduce legally sufficient evidence to make out a claim for breach of the covenant of good faith and fair dealing, against Third-Party Defendant, Federal Insurance Company, and a verdict is directed to be entered in favor of Federal.

FED2.        **EXPERT OPINIONS – BASIS FOR OPINION GENERALLY**

In general, the opinion of an expert has value only when you accept the facts upon which it is based. This is true whether the facts are assumed hypothetically by the expert, or they come from the expert's personal knowledge, from some other proper source, or from some combination of these.

FED3.        **HYPOTHETICAL QUESTIONS**

Questions have been asked in which an expert witness was invited to assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions. If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question. By material fact, we mean one that was important to the expert in forming his opinion.

Similarly, if the expert has made it clear that his opinion is based on the assumption that a particular fact did not exist and, from the evidence you find that it did exist and that it was material, you should give no weight to the opinion so expressed.

FED4.        **CONDITION PRECEDENT**

A condition precedent is an act that must be performed before the right to bring an action on the bond accrues. In this case, it is a condition or burden placed upon the beneficiaries of the bond, which they must perform or remove before they can avail themselves of its benefits.

The City of Newark has asserted a claim to Federal under the Performance Bond for the amounts incurred by it in connection with finishing the work on the Newark Reservoir. Pursuant to the terms of the Performance Bond, in order to prevail, the City of Newark must prove by a preponderance of the evidence the following:

1.        That proper notice that the City was considering declaring Durkin in default was provided to Federal and Durkin the claim in accordance with the terms of Subparagraph 3.1 of the Performance Bond;

2.        That the City of Newark met with Federal and Durkin within 15 days of the receipt of this proper notice to discuss methods of performing the Construction Contract before defaulting Durkin;

3.        That the City of Newark waited at least 20 days after Federal and Durkin had received notice as provided in accordance with Subparagraph 3.1 of the Performance Bond;

4.        That the City of Newark declared a "Contractor Default," providing Federal and Durkin at least seven days' written notice of the City of Newark's intent to terminate Durkin's right to complete the Construction Contract in accordance with section 15.2 of the Construction Contract before actually terminating Durkin; and

5.        That the City of Newark had not committed an Owner Default pursuant to Subparagraph 12.4 of the Performance Bond.

Source:        Nat'l Surety Co. v. Architectural Decorating Co., 226 U.S. 276 (1912).

FED5.        **SURETY BOND IS NOT INSURANCE CONTRACT**

A surety bond is not an insurance contract.  An insurance policy is an agreement by which one undertakes for consideration to pay money for another on the death, destruction, loss, or injury of someone or something, whereas a contract of suretyship is one to answer for the debt, default, or miscarriage of another and creates a tripartite relationship between the party secured, the principal obligor, and the surety.  A surety bond can only be invoked when there is a default of the principal on the bonded contract.  In this case, there can only be a proper bond claim if Durkin failed to perform its obligations and was in default when the contract was terminated.

Source:        See generally, 74 Am.Jur.2d Suretyship § 253 (1974); 44 C.J.S. Insurance § 2(b) (1993).

**FED6.**      **SURETY'S OBLIGATIONS CANNOT EXCEED THAT OF ITS**

**PRINCIPAL**

Under the law, a surety's liability cannot be greater than that of its principal. Federal's actual or potential liability is limited to the actual or potential liability of Durkin. If Durkin did not breach any obligation to the City, then Federal cannot be liable. Thus, if Durkin is found to be liable for any damages, Federal, as surety, cannot be found liable for a greater amount of damages than Durkin.

Federal, as surety, is entitled to assert and benefit from the same defenses at the disposal of its principal, Durkin. Thus, if you find that Durkin is entitled to a defense against the City's claims, you must find that Federal, too, is entitled to the same defense.

Source:      Cmt (b) to Restatement (First) of Security § 122 (Westlaw 2006); Rhode Island Hosp. Trust Nat'l Bank v. Ohio Cas. Ins. Co., 789 F.2d 74, 78 (1st Cir. 1986).

FED7.        **TYPE OF NOTICE OF TERMINATION**

The law regards default termination of a construction contract as a drastic measure. Parties who seek to assert a forfeiture are generally held to the very letter of their authority. The right of a breaching party to be given an opportunity to cure is a pre-requisite to valid contract termination. Thus, the law requires that a proper default termination notice must describe the inadequate performance with particularity and must fairly advise the contractor that the owner considers the inadequate performance serious enough that, without prompt correction, the contract will be terminated. A failure by the City of Newark to provide a proper notice of termination to Durkin and Federal, such that the notice described with particularity the inadequate performance, constitutes an Owner Default under the Performance Bond.

If you find that the City of Newark did not provide Federal and Durkin with a proper written notice of termination, you must find in favor of Federal.

Sources:        Clay Bernard Systems Int'l, Ltd. v. United States, 22 Cl. Ct. 804, 810-11 (Cl. Ct. 1991); DeVito v. United States, 413 F.2d 1147, 1153 (Ct. Cl. 1969); King v. United States, 37 Ct. Cl. 428 (1902); 5 Bruner and O'Connor on Construction Law § 18:15 (West 2004).

FED8.    **TIMELINESS OF NOTICE OF TERMINATION**

The right to terminate a construction contract must be exercised in a timely fashion, and if the notice grows stale, it is void. The failure of a party to exercise the right of termination within a reasonable time constitutes a waiver of the right to terminate for the alleged breach. A reasonable time can be hours, days, or weeks depending upon the facts and circumstances underlying the cause of the alleged breach and the failure to provide the notice of termination. Even if a party initially complies with all requirements preceding a valid notice to cure, that party's failure to act within a reasonable time to notify the other party of the termination will be a waiver of the right to terminate for the alleged breach. A failure by the City of Newark to provide written notice of its intent to terminate Durkin's right to complete the Construction Contract to Federal and Durkin within a reasonable time, after original termination, constitutes an Owner Default under the Performance Bond and a waiver of the right to terminate Durkin for the alleged breach.

If you find that the City of Newark's notice of termination was not timely, you must find in favor of Federal.

Sources:    DeVito v. United States, 413 F.2d 1147, 1154 (Ct. Cl. 1969); Vecco Constr. Indus., Inc. v. Century Constr. Co. of Washington, D.C., Inc., 30 B.R. 945, 953 (E.D. Va. 1983); Shared Medical Resources, Inc. v. Americus and Sumter County Hosp. Auth., 672 F. Supp. 509, 524 (M.D. Ga. 1987).

FED9.          **IMPOSSIBILITY OF PERFORMANCE**

When a party to a contract is unavoidably prevented, through no fault of its own, from discharging a contract, the obligation of that party to fulfill the contract is excused.  That is, the performance of the underlying obligation is rendered "impossible."  Upon that occurrence, the obligation of the party required to perform the duty is discharged, and is no longer liable under the contract.

If you find that Durkin's obligation to place, compact and maintain the Zone IV cover soils in accordance with the specifications of the Construction Contract was unavoidably prevented, through no fault of Durkin, you must find in favor of Federal.

Sources:          Restatement, Contracts 2d § 261, 264; Directions v. New Prince Concrete Constr., 200 N.J. Super. 639, 643-44 (App. Div. 1985) (quoting Rothman Realty Corp. v. Bereck, 73 N.J. 590, 601 (1977).

FED10.        **FRUSTRATION OF PURPOSE**

Where, after a contract is made, a party's principal purpose is substantially frustrated, without his fault, by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language or the circumstances indicate to the contrary. The frustration of purpose that will discharge a contractual obligation must be created by a fortuitous event and not by the voluntary act of the promisor. If the existence of a specific thing is necessary for the performance of a duty, its failure to come into existence, destruction, or such deterioration as makes performance impracticable is an event the non-occurrence of which was a basic assumption on which the contract was made.

If you find that Durkin's ability to place, compact and maintain the Zone IV cover soils in accordance with the specifications of the Construction Contract using ordinary means and methods was unavoidably frustrated, through no fault of Durkin, you must find in favor of Federal.

Sources:        City of Newark v. NVF Co., 1980 WL 6367 *4 (Del.Ch. 1980); Martin v. Star Publishing Company, Del.Supr., 126 A.2d 238 (1956); Restatement (Second) of Contracts §§ 261, 264, 265 cmt a.; Ellwood City Forge Corp. v. Fort Worth Heat Treating Co., Inc., 636 A.2d 219, 223; Williams Natural Gas Co. v. Amoco Production Co., 1991 WL 58387 *13 (Del.Ch. 1991).

FED11.     **IMPRACTICABILITY OF PERFORMANCE**

Impracticability excuses the contractor from performance of the work that you find to be impossible by virtue of causes beyond the control of and not foreseeable by either party to the contract. Impossibility, in this context, means that the main purpose of the contract is no longer capable of performance by any means because of, among other things, some state of fact that comes about other than by the contractor's fault that completely frustrates the purpose of the parties in making the contract or an intervening government regulation or order that prohibits execution of the contract.

In this sense, impracticability can occur because of extreme and unreasonable difficulty, expense, injury, or loss involved that was beyond the control of the contractor and not foreseen by either party. If the contractor has proved such impossibility, then the contractor may be excused from strict conformance with the contract requirements.

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2006, I caused a true and correct copy of the foregoing

to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/
Kevin W. Goldstein