IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. )<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF NEWARK, et al., )<br>Defendants, )<br>)<br>and )<br>)<br>CITY OF NEWARK, )<br>Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL INSURANCE COMPANY, )<br>Third-Party Defendant. ) | CIVIL ACTION NO. 04-0163 |

**FEDERAL'S MOTION *IN LIMINE* TO EXCLUDE
THE EXPERTS AND REPORTS OF URS CORPORATION**

Third-Party Defendant, Federal Insurance Company ("Federal"), moves *in limine* to exclude any of the designated experts of Third-Party Defendant, URS Corporation ("URS"), and, in support thereof, avers as follows:

1. On October 7, 2005, the Court entered a scheduling order that provided that the initial reports of the parties' respective designated experts were due on April 28, 2006.

2. As a professional courtesy, the parties agreed amongst themselves to extend by one month the time within which all parties had to identify testifying expert witnesses and exchange expert reports.

3. On or about May 31, 2006, Durkin and Federal identified their experts for trial and submitted reports for each such expert.

4. Federal never agreed to any other extension of time for the identification of experts to testify at trial or the submission of reports.

- 2 -

5. URS did not designate experts on May 31, 2006 as previously agreed. It did not do so in June. It did not do so in July, despite Federal's insistence that URS designate its expert and submit a report at that time. Not until August 7, 2006 – some ten weeks later and only two weeks before the parties' pretrial order was due – did URS submit a laundry list of designated experts that it intends to testify at trial. Its list of alleged expert reports consisted of three generic affidavits, a one-page non-substantive letter from Ron Frobel, and several reports authored by more than one individual. URS attached only one report to its August 7, 2006 letter.

6. URS's experts and their alleged reports must be excluded from evidence because URS submitted its report and numerous designations well beyond the court-imposed deadlines and beyond any extension of the parties, with no valid excuse for the woefully late designations.

7. The affidavits, the multi-authored reports and the one-page report of Ron Frobel must be excluded because they are deficient pursuant to Fed. R. Civ. P. 26(a)(2)(B).

8. In addition, the Court's proposed Final Pretrial Order provides that "Only one expert witness on each subject for each party will be permitted to testify absent good cause shown." See Court's Final Pretrial Order, at n.5. Contrary to the Court's clear guidance, URS purported to identify **ten** experts to testify "[a]s to the issue of the design and constructability of the interior slopes and Zone IV cover soils." See Exhibit A. URS also attempted to identify **thirteen** experts to testify as to "the issue of the overall safety of the reservoir." Id.

9. There is no reasonable means by which Federal can adequately prepare to cross-examine each of these experts, most of whom would never testify at a trial of this matter.

- 3 -

WHEREFORE, for these reasons and those set forth in the accompanying Opening Brief, Federal respectfully requests that the Court exclude URS's designated experts and expert reports from evidence at trial.

Respectfully submitted,

/s/ _____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue, Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company