IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
|     Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
|     Third-Party Defendant. | ) | |

**FEDERAL'S OPENING BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE THE EXPERTS AND REPORTS OF URS CORPORATION**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

STATEMENT OF NATURE AND STAGE OF PROCEEDINGS................................................ 1

SUMMARY OF ARGUMENT .................................................................................................. 1

CONCISE STATEMENT OF FACTS........................................................................................ 1

ARGUMENT ............................................................................................................................. 1

    A.    Any Evidence Of Or Reference To The Expert Reports Of URS Should Be Excluded As Untimely Pursuant To Federal Rule Of Civil Procedure 37(b)(2)............................................................................................................... 1

    B.    Any Evidence Of Or Reference To The URS Expert Reports Should Be Excluded As Incomplete Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)............................................................................................................ 3

CONCLUSION .......................................................................................................................... 4

# TABLE OF AUTHORITIES

## Cases

Dunkin' Donuts Inc. v. Patel, 174 F. Supp. 2d 202 (D.N.J. 2001) .................................................. 4

In re TMI LitigationNuclear Reg., 193 F.3d 613 (3d Cir. 1999) ..................................................... 2

Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894 (3d Cir.1977) ..................... 2

Moore v. Vangelo, 2005 WL 2178918 (E.D.Pa. 2005) .................................................................... 2

Stein v. Foamex Intern., Inc., 2001 WL 936566 at *5 (E.D. Pa. 2001) .......................................... 3

## Rules

Fed. R. Civ. P. 26(a)(2)(B) .................................................................................................... 1, 3, 4

Fed. R. Civ. P. 37(b)(2) ................................................................................................................... 1

Fed. R. Civ. P. 37(b)(2)(B) .............................................................................................................. 2

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal now moves *in limine* to preclude evidence of the experts and their reports of URS Corporation ("URS").

## SUMMARY OF ARGUMENT

URS' designated experts and reports must be excluded because URS failed to designate the experts in a timely manner, designated numerous experts in an effort to obfuscate its true experts and proffered reports that are deficient pursuant to Fed. R. Civ. P. 26(a)(2)(B).

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion *in Limine* to Exclude The Experts And Reports Of URS Corporation, and are incorporated herein by reference.

## ARGUMENT

**A.   Any Evidence Of Or Reference To The Expert Reports Of URS Should Be Excluded As Untimely Pursuant To Federal Rule Of Civil Procedure 37(b)(2)**

URS's experts and their so-called designated reports must be excluded because the designations of those experts and their reports are untimely. The court may impose the sanction of precluding URS's experts for URS's failure to comply with the rules regarding discovery. Fed. R. Civ. P. 37(b)(2). In determining whether a party's report should be precluded, the court may consider: (1) the prejudice or surprise in fact to the party against whom the other party's experts would testify; (2) the ability of non-designating party to cure the prejudice; (3) the extent to which the introduction of the reports would disrupt the orderly and efficient trial of the case; and (4) the bad faith or willingness of the designating party in failing to

comply with the court's pretrial order. <u>Meyers v. Pennypack Woods Home Ownership Ass'n</u>, 559 F.2d 894 (3d Cir.1977). Where an expert report is untimely presented, an appropriate remedy under the Federal Rules of Civil Procedure is to preclude such report. <u>In re TMI Litigation Nuclear Reg.</u>, 193 F.3d 613 (3d Cir. 1999); <u>see also</u> Fed. R. Civ. P. 37(b)(2)(B). Late designation of an expert is permissible only where the failure to meet the deadline "'was the result of excusable neglect.'" <u>See</u> <u>Moore v. Vangelo</u>, 2005 WL 2178918 (E.D.Pa. 2005).

Here, there can be no reasonable debate that the untimely designation of URS's multiple experts will cause prejudice and surprise to Federal. Moreover, Federal has no reasonable ability, less than one month before trial, to depose the numerous designated individuals, some of whom had already testified as fact witnesses. Had URS timely designated these witnesses, perhaps Federal could have deposed them on their opinions and factual knowledge. URS refrained from doing so, thereby hiding the identity of its expert witnesses until it was too late for Federal to prepare for any presentation of such experts at trial.

URS has (or should have) known about the expert designation deadline since October 7, 2005, yet it nevertheless failed to comply with that deadline. In the face of the parties' agreement to extend that deadline by one month, URS again failed to comply. In fact, URS apparently set its own deadline for designating these experts. All of the so-called expert reports, except for Dov Leshchinsky's report, date from 2005 or before; therefore, no conceivable reason for the delay in designating those experts exists other than for strategic and unfair advantage. URS's efforts to sandbag Federal and engage in trial by ambush should not be permitted by the Court. As many of these so-called experts are URS employees, who were deposed by the parties, there is no reasonable excuse to justify URS's failure to designate an expert on a timely basis. Thus, URS's experts must be precluded from testifying at trial.

**B.    The Sheer Number Of URS' Designees Obfuscates The Real Experts**

Further, the sheer number of so-called experts clearly is an attempt to obfuscate the true expert that URS expects to testify at trial. This Court's very pretrial order limits the parties to one expert per topic; yet, URS has inexplicably designated a total of 23 experts for only two topics! Notwithstanding the brief time remaining before trial, these tactics make it impossible for Federal to identify URS' "true" expert on each topic. Therefore, URS' experts must be precluded.

**C.    Any Evidence Of Or Reference To The URS Expert Reports Should Be Excluded As Incomplete Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)**

URS has designated three affidavits, a one-page letter and two URS reports, dated January 30 and April 14, 2004, as alleged expert reports upon which it will rely at trial. These reports, however, are deficient under the law and must be excluded pursuant to Fed. R. Civ. P. 26(a)(2)(B). The Federal Rules of Civil Procedure provide a framework for the form and substance of admissible expert reports. Rule 26(a)(2)(B) provides that an expert report

> shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

See also Stein v. Foamex Intern., Inc., 2001 WL 936566 at *5 (E.D. Pa. 2001).

Under Rule 26, an expert report "is intended to set forth the substance of the direct examination of the expert witness," and must "disclose the data and other information considered by the expert." Advisory Committee Notes to the 1993 Amendments to Rule 26. The test of an expert witness report is whether it is sufficiently complete, detailed and in

3

compliance with the rules governing expert disclosure so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced. Dunkin' Donuts Inc. v. Patel, 174 F. Supp. 2d 202 (D.N.J. 2001).

Here, the so-called expert reports of URS are woefully deficient under Rule 26(a)(2)(B). While the three affidavits appear to set forth several opinions by the affiants, the writings do not contain a statement of **all** opinions to be expressed and the basis and reasons therefor or the data or other information considered by the witness in forming the opinions. Indeed, the affidavits merely recite and refer to other documents, authored by multiple URS employees, as the purported grounds for the affiant's conclusions. The affidavits also do not provide any exhibits to be used as a summary of or support for the opinions; and a list of all publications authored by the witness. In fact, URS has never provided any curriculum vitae for Mssrs. Prouty and Volk.

Furthermore, the one page report from Rob Frobel is nothing more than a letter of recommendation for URS. The Frobel report fails to provide any independent data relied upon by Frobel or any independent analysis that would support his conclusions. See Fed. R. Civ. P. 26(a)(2)(B). The January 30 and April 14, 2004 reports are authored by multiple individuals. None of the sections are identified by or attributed to a specific author. Thus, it is impossible to tell from the submitted reports what section each individual authored or is responsible for under direct examination. To permit the mass of experts designated by URS to testify, through their reports or otherwise, would clearly prejudice Federal on the eve of trial.

## CONCLUSION

For all the foregoing reasons, Federal respectfully requests that URS's designated experts and their respective reports be excluded from the trial of this matter.

Respectfully submitted,

/s/ _____
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850 Phone
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2006, I caused a true and correct copy of the Motion *In Limine* of Third-Party Defendant, Federal Insurance Company, to be served via overnight delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ _____
Kevin W. Goldstein

# 492427