# IN THE UNITED STATES DISTRICT COURT DELAWARE
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ) | |
| ) | C.A. No. 04-0163 GMS |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CITY OF NEWARK, ET AL., ) | |
| ) | |
| Defendants/ ) | |
| Third Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |

-------------------------------------------------------------

| |
|---|
| CITY OF NEWARK, ) |
| ) |
| Third-Party Plaintiff, ) |
| ) |
| v. ) |
| ) |
| URS CORPORATION, ) |
| ) |
| Third-Party Defendant. ) |

**URS CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION IN <u>LIMINE TO EXCLUDE EXPERT WITNESSES OF URS CORPORATION</u>**

                                    JAMES S. GREEN, ESQ. (DE0481)
                                    SEITZ, VAN OGTROP & GREEN, P.A
                                    222 Delaware Avenue, Suite 1500
                                    P. O. Box 68
                                    Wilmington, DE  19899
                                    (302) 888-0600
                                          Attorneys for Third-Party Defendant
                                          URS Corporation

Dated:  August 21, 2006

# **TABLE OF CONTENTS**

TABLE OF CONTENTS......................................................................................................... i

    I.    STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS. ............. 1

    II.    SUMMARY OF ARGUMENT ................................................................................ 1

    III.    CONCISE STATEMENT OF FACTS. .................................................................. 1

    IV.    ARGUMENT. ............................................................................................................ 4

        A.    URS Designated Experts Should be Permitted to Testify. ......................... 4

    V.    CONCLUSION. ........................................................................................................ 5

I.   **STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS.**

URS Corporation ("URS") was originally sued by Donald M. Durkin Contracting, Inc. as a first party defendant. In September 2005, all of the parties executed a Stipulation voluntarily dismissing URS. Newark then filed a Third-Party Complaint against URS asserting claims for indemnification and/or contribution in the event that Newark was found liable to Durkin. URS has asserted a counterclaim against Newark. Federal has asserted no claims against URS and URS has asserted no claims against Federal.

II.  **SUMMARY OF ARGUMENT**

None of the parties adhered to the Scheduling Order and Federal's expert designation was late, yet Federal wants the Court to single out URS for sanctions because it did not adhere to the Scheduling Order. Under all of the circumstances, Federal should not be heard to complain as no prejudice or surprise has occurred. Its Motion should be denied.

III. **CONCISE STATEMENT OF FACTS.**

On October 7, 2005, the Court entered a Modified Scheduling Order which provided, inter alia, that all fact discovery shall be completed on or before February 28, 2006, and all expert discovery shall be completed by June 30, 2006. Initial expert reports were to be provided by April 28, 2006 with response expert reports due thirty days after service of the initial report. However, the parties did not comply with the Scheduling Order.

In fact, most of the discovery in this case took place after the discovery cut off date set by the Court. At least twenty-two depositions were taken after the close of

discovery. Most of these depositions were taken at the request of Durkin and Federal. Some were multiple day depositions. Indeed, four depositions were taken by Durkin and Federal on Saturday, August 19, 2006. URS did not notice or request any depositions. URS has no need for any experts for its case in chief as its only claim in this case is a claim for unpaid engineering fees against Newark. Therefore, it did not need to designate an initial expert.

      Durkin and/or Federal requested and received an informal extension of the due date for their expert reports to May 31, 2006. They produced three expert reports on that date. URS had retained Dr. Dov Leshchinsky, an engineering professor at the University of Delaware, to review and respond to Durkin's and Federal's experts, which response, with the informal extension of the initial reports, would have been due on June 30, 2006. Unfortunately the month extension of the expert deadline moved it into Dr. Leshchinsky's summer recess, when he travels extensively on consulting assignments. This summer he had assignments in Japan, China and Israel, among others. Counsel for URS requested additional time from counsel for Durkin, and it was granted in the same spirit that counsel had worked to resolve other discovery issues without involving the Court. Because Federal and Durkin are directly aligned in this litigation, URS' counsel understood that Durkin's counsel was speaking for both.

      In the Pretrial Order, URS has designated only Dr. Leshchinsky as a trial expert on the Zone IV constructability issue. URS agreed to make him available for deposition and the parties were working to schedule that deposition when Federal filed its Motion <u>in</u>

Limine. This did not appear to be an issue, because other depositions were still being scheduled.

URS has also designated Richard Davidson, a URS employee as an expert to testify as to the overall safety of the reservoir, in the event that the Court allows any evidence on that peripheral issue. Mr. Davidson participated in the December 2004 mediation. URS has also agreed to produce Mr. Davidson for a deposition, if desired.

As far as the "designation" of other experts and/or reports, URS simply identified other persons who may testify on the issues of Zone IV constructability, and reservoir safety (if allowed) and referenced documents and reports previously produced (in 2004) in the course of this case which address those issues. Each of those persons identified is an expert in his field. Most had previously been identified and eight of them have been deposed in this case. Notably, Durkin has included ten (10) of them on its witness list and has identified the 2004 reports as trial exhibits. More significantly, Federal has also included those witnesses on its witness list. Yet it argues that URS is "sandbagging" for identifying these very same potential witnesses that Durkin and Federal identified. This is ludicrous.

With the exception of Dr. Leshchinsky, URS' letter was notice (not due until the pretrial) of what witnesses it may call at trial. Ten of them have been deposed. There is no surprise, prejudice or bad faith.

## IV. ARGUMENT.

### A. *URS Designated Experts Should be Permitted to Testify.*

Application of the considerations outlined by the Court in <u>Meyers v. Pennypack Woods Home Ownership Ass'n.</u>, 559 F.2d 894 (3d. Cir. 1977), cited by Federal at 1-2 of its Brief, compels a denial of its motion.

There is no prejudice or surprise to Federal. The issue of Zone IV constructability was raised at least as early as September 2004. Numerous reports and Affidavits have addressed it. The reservoir safety issue was first raised in October 2004 and was addressed by URS in reports of November and December 2004. All of these reports have been identified by Durkin as trial exhibits.

The introduction of Dr. Leshchinsky's report will not disrupt the orderly and efficient trial of the case. Federal has no claim against URS. URS has no claim against Federal. URS is a Third-Party Defendant to Newark and will likely be the last to present evidence and will not disrupt the trial. Similarly, Mr. Davidson's testimony will not disrupt the trial.

In addition, URS did not withhold any information in bad faith or willfully. As described above, Durkin and Federal's request for an extension to designate their experts pushed the response time into a period when Dr. Leshchinsky was generally unavailable. Moreover, Durkin's counsel agreed to more time given the circumstances. Under this scenario, no bad faith can be shown.

As the Court observed in the telephone conference of August 14, 2006, the Court sets deadlines for a reason. Here, the parties, in good faith, bent these deadlines to

accommodate each other's schedules without bothering the Court. Although Federal took advantage of those informal extensions, it now wants to invoke a deadline to gain a tactical advantage. The Court should not countenance such tactics. Especially when Federal and its principal, Durkin, have identified many of the same "experts" and documents for their case. Moreover, Federal can cure any potential prejudice by deposing Dr. Leshchinsky and, if necessary, Mr. Davidson.

If violation of the Scheduling Order in this case is grounds for exclusion, then Federal's and Durkin's experts must be excluded as well.

### V.    CONCLUSION.

Because there is no prejudice to Federal and the issue of expert designation will not adversely effect the trial, Federal's Motion in Limine should be denied.

**SEITZ, VAN OGTROP & GREEN, P.A**

**/S/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
    Attorneys for Third-Party Defendant
    URS Corporation

Dated:  August 21, 2006

## CERTIFICATE OF SERVICE

I, James S. Green, Esquire, hereby certify that on this 22st day of August, 2006, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**URS CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO THIRD-PARTY DEFENDANT FEDERAL INSURANCE COMPANY'S MOTION IN LIMINE TOEXCLUDE EXPERT WITNESSES OF URS CORPORATION**

/s/  James S. Green
_____
James S. Green (ID No. 0481)
jgreen@svglaw.com