## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | Civil Action No.: 04-0163 GMS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF NEWARK et al. | ) | |

### CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
### IN OPPOSITION OF FEDERAL'S MOTION IN LIMINE TO EXCLUDE
### EVIDENCE OF THE DECEMBER 9, 2003 SETTLEMENT MEETING

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F.*
*Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.*
*Kalbacher, David J. Athey, Frank J. Osborne, Jr.,*
*and Christina Rewa*

August 21, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case**                                                                                    **Page**

*None cited*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Other Authority**

*None cited*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark").  Newark filed a Third-Party Complaint against Durkin's surety, Federal Insurance Company.  Federal seeks to exclude evidence that a meeting occurred on December 9, 2003.

## SUMMARY OF ARGUMENT

This Court has already decided that there is sufficient evidence from which a factfinder could conclude that the requisite meeting took place, noting that Federal's own designee knew the meeting was convened to satisfy the bond requirement.  It is undisputed that the meeting occurred and the jury must be allowed to decide whether the meeting satisfied the bond.

## STATEMENT OF FACTS

On November 21, 2003 the City notified Durkin and Federal of the default following the language from the Bond.   The Bond reads:

> 3.      If there is no Owner Default, the Surety's obligation under the Bond shall arise after:
>
> > 3.1     The Owner has notified the Contractor and Surety at its address as described in Paragraph 10 below, that the Owner is considering declaring a Contractor default and has requested and attempted to arrange a conference with the Contractor and the Surety to be held not later than 15 days after receipt of such notice to discuss methods of performing the Construction Contract….

(Exhibit A, Bond, ¶3.1).   In addition to the requirement of notification that the City was considering declaring a default, Paragraph 3.1 of the Bond also required that the City arrange a

-1-

conference with Durkin and Federal within fifteen days to discuss methods of performing the construction contract.  This required conference occurred on December 9, 2003, the earliest availability of Federal's representative.  Federal admits it attended a conference, but Federal asserts that the December 9 Meeting does not satisfy the Bond conference requirement because an agenda to the Meeting characterized the event as in the nature of settlement discussions.

## <u>ARGUMENT</u>

The issue of whether the December 9 meeting occurred was the subject of Federal's Motion for Summary Judgment which was denied by the Court on April 5, 2006.  In its Memorandum, the Court ruled that a factfinder could conclude that the requisite meeting took place (D.I. #132).  Nowhere in the Bond is it stated that the conference cannot be in the nature of settlement discussions; the Bond simply requires that a meeting occur.  Federal's Rule 30(b)(6) designee testified:

> Q.     Okay.  Now, you did not disagree that that meeting complied with the bond requirements until after the City terminated Durkin's contract. Correct?
> A.     I didn't make any specific objection, that's correct.
> …
> Q.     Okay.  And if you look at the requirements in paragraph 3 where it calls for a conference, it just says conference, doesn't it?
> A.     Let's see what it says.  Attempt to arrange a conference with the contractor and the surety.
> Q.  Is there anything in there that says the meeting has to be on the record?
> A.  It doesn't address that.

(Exhibit B. Dep. of Cavallaro, pp. 43, 52).  In its Memorandum, the Court acknowledged that "the terms of the bond do not specify whether the conference may be characterized as a settlement conference, or whether the conference must be admissible in a future proceeding." *Id.* The Court denied summary judgment regarding satisfaction of the bond requirement, leaving the

determination for the jury.  Federal's attempt to undermine the Court's decision should not be permitted.  Accordingly, Federal's Motion in Limine should be denied and the jury should be allowed to consider the December 9 meeting.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Federal's Motion in Limine to Exclude Evidence of the December 9, 2003 Meeting.


TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*

-3-