# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION OF FEDERAL'S MOTION IN LIMINE TO EXCLUDE THE
## DEPOSITION ERRATA SHEETS OF CAROL HOUCK

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case**                                                         **Page**

*Burns v. Board of County Com'rs of Jackson County*,
    330 F.3d 1275 (C.A.10 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Franks v. Nimmo*, 796 F.2d 1230 (10th Cir.1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authority**

Fed. Rule Civ.P. 30(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Newark filed a Third-Party Complaint against Durkin's surety, Federal Insurance Company ("Federal"). Federal seeks to exclude the errata sheets provided by Newark's 30(b)(6) designee Carol Houck to her deposition testimony.

## SUMMARY OF ARGUMENT

Houck's errata sheets are appropriate clarifications of her testimony, which spanned four days and during which Houck was interrogated repeatedly on key details, yet in a random and confusing manner without the benefit of documents to review. Federal is free to question Houck at trial regarding any perceived inconsistency between her deposition testimony and Errata corrections.

## STATEMENT OF FACTS

Newark has at every instance in this lawsuit asserted that the November 21, 2003 letter provided written notice in satisfaction of the construction contract and performance bond requirements. Carol Houck was deposed over four days, during which she was interrogated on the same topics at various times, and without the benefit of documents to review, including the seven day notice requirement of the contract.

## ARGUMENT

Federal's *Motion* to exclude the errata sheets of Carol Houck is just another bite at the summary judgment apple. Without her clarifications, Federal will assuredly attempt to use her

testimony to argue once again (as Durkin has) that the November 21, 2003 letter was not a seven day notice. This Court has already ruled that whether the content of that letter satisfied the City's obligations is a question for the factfinder. (D.I. #132 April 5, 2006 Memorandum Order denying Federal's Motion for Summary Judgment).

At Federal's request, the Court allowed Houck's deposition to exceed the seven hour Federal Rule. In fact, her deposition spanned four days and over 750 pages of testimony were taken. During that time, Houck was grilled by counsel for Federal, whose behavior was so offensive, Houck was compelled to outline her objection in a May 16, 2006 letter to the undersigned. Houck wrote:

> [Mr. Kingsley] assured Judge Sleet that the additional days were necessary as he had new questions and exhibits to present. In reality, a large number of the Houck exhibits he presented were the same as those presented by counsel for the Durkins, Paul Logan...This was disappointing as well as enlightening as to his urgency to mislead even the Judge in this case.
> :
> [D]uring my deposition, admittedly an important and highly legal exercise, Mr. Kingsley's behavior was in my viewpoint highly unprofessional. It included his yelling questions at me, constantly making noises and huffing and puffing following my answers to questions and even continually tossing his pen into the air and catching it directly across the table from me. While at the time I attempted to ignore his unprofessional and possible intentional behavior, I have since had the opportunity to witness his behavior at the deposition of Donald M. Durkin, Jr. on May 10, 2006. Remarkably, Mr. Kingsley was in great control of himself...

(Exhibit A). And as to her errata comments:

> While Mr. Kingsley is clearly irked by my making corrections to my testimony, I have been advised that the option to make corrections to unclear or misleading responses is my legal right, and in fact on behalf of the City of Newark, my responsibility. The . . . comments related to my testimony, fail to paint a picture I would agree to.

Houck was quite right; Fed. Rule Civ.P. 30(e) allows a deponent to make changes in

form or substance. "[I]n determining whether a material issue of fact exists, an affidavit may not be disregarded because it conflicts with the affiant's prior sworn statements." *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986), and *see, Burns v. Board of County Com'rs of Jackson County*, 330 F.3d 1275, 1282 (C.A.10 2003) (ruling that errata corrections should be treated no differently than affidavits). As the Court noted, the import of the November 21 letter will be decided by the jury, as it is a material fact in contention.

Errata corrections are appropriate when the earlier testimony reflects confusion. *Id.* Regarding her third day of testimony, Houck wrote in the Errata Sheet:

> Once again during my deposition there were repeated references to various exhibits, out of order and with, I believe, the intent to confuse. I have now had the opportunity to review the deposition and further clarify that it is my belief that the letter of November 21, 2003 (Exhibit 20) served to . . . Provide notice of Default and termination to both the Surety (Bond) and Durkin (Contract) . . .

(And see Exhibit B, Pages 353-355 of testimony where Houck asks to see the relevant documents). Further Houck wrote:

> [M]y reply on line 9 is incorrect if it suggests that the November 21, 2003 letter was not the seven-day notice letter. My reply, "I don't believe so." would reflect my understanding that the November 21, 2003 letter was not the only effort made by Newark to put both Durkin and the Surety on notice. I believe that the November 21, 2003 letter was one of the seven-day notices as were the February 3 and February 4, 2004 letters.

Houck's Errata Sheet clarifications were appropriate under Rule 30(e), do not meet the criteria of a "sham affidavit," and should stand as written as clarification of her testimony.

## **CONCLUSION**

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Federal's Motion to Exclude the Deposition Errata Sheets of Carol Houck.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*

-4-