

# CITY MANAGER'S OFFICE

CITY OF NEWARK

220 Elkton Road • P.O. Box 390 • Newark, Delaware 19715-0390

302-366-_7020_ • Fax 302-366-7160 • http://newark.de.us

May 16, 2006

Paul Cottrell, Esquire
Tighe, Cottrell & Logan, P.A.
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899

Dear Paul:

I have recently completed reviewing the reply brief in support of its Motion for Reconsideration and Reargument prepared by Stradley, Ronon, Stevens & Young and felt compelled to put into writing my impressions as well as share some thoughts. To begin, it is my understanding that the motion I refer to was prepared by Patrick Kingsley. This is my belief as he was the only attorney for the surety present during my dates of deposition.

While Mr. Kingsley is clearly irked by my making corrections to my testimony, I have been advised that the option to make corrections to unclear or misleading responses is my legal right and in fact on behalf of the City of Newark, my responsibility. The motion and comments related to my testimony, fail to paint a picture I would agree to. The following is a summary of certain missing pieces:

The motion content –

- Fails to acknowledge that my deposition was originally scheduled to be held over a period of two days. It subsequently was increased to three days and then to a fourth day. It is my understanding that this is highly unusual.

  o Along the same line - the additional two days were suggested to be appropriate by Judge Sleet during an off the record conference call initiated by Pat Kingsley - during which he assured Judge Sleet that the additional days were necessary as he had new questions and exhibits to present. In reality, a large number of the Houck exhibits he presented were the same as those presented by counsel for the Durkins, Paul Logan. This was disappointing as well as

Paul Cottrell
Page 2
May 17, 2006

enlightening as to his urgency to mislead even the Judge in this case.

- Fails to acknowledge that during my deposition, admittedly an important and highly legal exercise, Mr. Kingsley's behavior was in my viewpoint extremely unprofessional. It included his yelling questions at me, constantly making noises and huffing and puffing following my answers to questions and even continually tossing his pen into the air and catching it directly across the table from me. While at the time I attempted to ignore his unprofessional and possibly intentional behavior, I have since had the opportunity to witness his behavior at the deposition of Donald M. Durkin, Jr. on May 10, 2006. Remarkably, Mr. Kingsley was in great control of himself and did not once toss his pen in the air or attempt to disturb Mr. Durkin's testimony. I should note, nor did I or the four other members of counsel present.

- Does not acknowledge testimony that there is no formal requirement for Newark City Council to agree in advance to the termination of Donald M. Durkin Contracting. However, it is a general policy of City Manager Carl Luft to inform and receive support from Council of such important decisions. Further, Council's motion of February 2, 2003 to terminate Donald M. Durkin Contracting immediately, proceeded in the fashion of most votes of this body.

  o When awarding a contract or approving of a project, Council votes in favor of or to award a contract to a specific entity. Though Council's direction is certainly important, it may take weeks or even months to completely fulfill their wishes. They rely on staff to follow through with the appropriate forms, agreements, etc. often associated with the direction. In fact, they are likely not even aware of most of the steps required to enact their direction. Their motion does not state that the direction is given pending staff completion of necessary requirements. The word immediate simply signals the level of importance and agreement among Council to move forward with our important water supply project amid this contractor's failure to proceed.

I appreciate your review of this correspondence and allowing me the opportunity to share these thoughts with you. Unrelated to the motion, although specific to the litigation I continue to be disappointed by the Surety neglecting its responsibility to protect the City

Paul Cottrell
Page 3
May 17, 2006

of Newark from a contractor that refused to perform, failed to follow the direction of the engineer, would not complete the project at the price it bid, etc. The Surety accepted this responsibility when it provided an unsecured bond to Donald M. Durkin Contracting. The Surety's negligence has been further evidenced by proof that its own internal representatives had concerns about the company's ability to complete our job. And the absence of their bond would have prohibited the hiring of Donald M. Durkin. Newark was never made aware of their concerns.

In addition, I point out that Newark was a good owner to this contractor. We worked to address concerns, paid on time and to the tune of $6.2 million. I am convinced that nothing short of an open checkbook would have kept this group on our site working.

If any of my detail presented within is unclear, I respectfully reserve the opportunity to provide you with additional information. Please call!

Thanks so much!

Carol S. Houck
Assistant to the City Manager

cc:    Carl F. Luft, City Manager
       Victoria K. Petrone, Esquire
       Roger Akin, City Solicitor