**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. ) | Civil Action No.: 04-0163 GMS |
| ) | |
| Plaintiff, ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CITY OF NEWARK et al. ) | |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION OF FEDERAL'S MOTION IN LIMINE TO EXCLUDE THE
FEBRUARY 4, 2004 LETTER**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006


**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## **TABLE OF AUTHORITIES**

**Case**                                                                                                          **Page**

*Western Slope Telecommunications Consultants, Inc. v. Telephone & Data*
    *Communications*, 1991 WL 186682 (D.N.J.,1991) . . . . . . . . . . . . . . . . . . . . . . . . . 1

*William M. Hendrickson, Inc. v. National Railroad Passenger Corp.*
    2002 WL 398641 (E.D.Pa.,2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

**Other Authority**

Fed. Rule Civ. P. 8(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Newark filed a Third-Party Complaint against Durkin's surety, Federal Insurance Company. Federal seeks to exclude evidence of a letter written by Newark on February 4, 2004.

## SUMMARY OF ARGUMENT

Newark is entitled under Fed. Rule. C.P. 8(e)(2) to advance alternative theories of defense, being that the November 21, 2003 letter satisfied Newark's obligations and, if it did not, that its February 4 letter did. To prevent Newark from presenting evidence of the February 4 letter and advancing its alternative theory of defense would violate Rule 8(e)(2), hamper the defense, and unduly prejudice Newark.

## STATEMENT OF FACTS

Durkin's breach of contract action arises out of the termination by Newark of Durkin's contract for the Reservoir project. Durkin argues that the termination was wrongful, both factually and procedurally as required by the contract, which includes a seven-day notice provision. Newark contends that a letter sent November 21, 2003 satisfied the seven-day requirement, and that even if it did not, the requirement was met by another letter sent February 4 providing an additional seven days.

## ARGUMENT

The date termination was finally effectuated has been disputed. The decision to terminate

the contract was voted upon by Council on February 2, 2004, notice was sent to Durkin on February 3, 2004, and seven additional days notice were offered by the February 4, 2004 letter which Federal seeks to exclude.  The February 4 letter is key evidence on the issue of whether Newark gave appropriate notice under the construction contract with Durkin.  Reference is made to the *City of Newark's Answering Brief in Opposition of Plaintiff's Motion in Limine Regarding Judicial Admission of the City of Newark Regarding Providing Prior Written Notice of Intent to Terminate the Contract* which is incorporated herein.  Durkin's *Motion* just offers a different angle at trying to keep the same February 4 letter from the jury.

In addition to the reasons set forth in the referenced *Newark Brief*, the February 4 letter must be considered by the jury as it provides critical evidence of Durkin's continued refusal to perform, and thus factual justification for the termination.  Federal has inaccurately characterized the February 4 cure letter as an inadmissible settlement offer, when in fact, Newark was simply asking Durkin one last time if it would get back to work.  Cure notices are routinely considered by Courts in the context of litigation over termination of contracts. *See e.g. William M. Hendrickson, Inc. v. National Railroad Passenger Corp.*, 2002 WL 398641 (E.D.Pa.,2002),  *Western Slope Telecommunications Consultants, Inc. v. Telephone & Data Communications*, 1991 WL 186682 (D.N.J.,1991).

## **CONCLUSION**

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Federal's Motion in Limine to Exclude the February 4, 2004 Letter and Any Reference Thereto.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*