# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION OF FEDERAL'S MOTION IN LIMINE TO EXCLUDE THE
## EVIDENCE OF THE CITY OF NEWARK'S DAMAGES

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case**                                               **Page**

*Iotex Communications, Inc. v. Iota, Inc. et al*,
    1999 Del. Ch. LEXIS 19 (January 19, 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authority**

*None Cited* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Newark filed a Third-Party Complaint against Durkin's surety, Federal Insurance Company. Federal seeks to exclude evidence of Newark's damages.

## SUMMARY OF ARGUMENT

Federal was on notice of Newark's damages as early as the Third-Party Claim against Federal which outlined the nature of damages and the contractual basis therefore.

## STATEMENT OF FACTS

Newark provided notice to Durkin and Federal of its claim for damages in the original claims against those parties. Newark produced evidence of payments to Durkin's subcontractors two years ago when the costs were incurred, and produced a compilation of evidence of payments to URS and George & Lynch, which entities completed their work only recently.

## ARGUMENT

In its *Answer* to Durkin's *Complaint*, Newark explained its claim for damages as the costs of the action, costs of repairing existing work, and the cost of completing the Project by others. (D.I. #7, Answer, Counterclaim, Para. 26). In its Third-Party Claim against Federal, Newark listed the same damages. (D.I. #7, Answer, Third-Party Claim, Para. 15). Newark even identified the Contract and the Bond provisions under which it is entitled to damages (Counterclaim Para. 24, Third-Party Claim Para. 12). And as to Federal's assertion that it is not liable for attorneys' fees, its Bond provides otherwise (Bond Para. 6, stating Federal's obligation to pay for completion

of the construction contract and "additional legal, design, professional and delay costs resulting from [Durkin's] Default and resulting from the actions or failure to act of [Federal].")

Newark's recent damage accounting seeks precisely the damages indicated two years ago, and which could not be totaled until recently as the costs were continuing to accrue. The produced documents are simply evidence of payments to URS and George & Lynch, its replacement contractor. Again, these damages have been accruing over three years as George & Lynch just completed its work, and URS is still performing work. The George & Lynch contract was produced months ago, and evidences Newark's claim for the payments to George & Lynch. Evidence of the payments made by Newark to Durkin's subcontractors were produced in 2004. Further, Newark's 30(b)(6) designee was questioned over four days, during which time Federal, and Durkin, were free to investigate Newark's damages.

Federal failed to move to compel evidence and should not be permitted to ambush the City on the eve of trial with this Motion. The Motion to Exclude Damages is akin to a motion for sanctions. As stated by the Delaware Chancery Court, if a party is confronted with such a situation (such as Federal's belief that it needed more information on damages), the party may seek redress from the court if it feels the discovery process has not been complied with; in the alternative, the party may take the discovery dispute into its own hands and issue third-party subpoenas. *Iotex Communications, Inc. v. Iota, Inc. et al,* 1999 Del. Ch. LEXIS 19 (January 19, 1999). Here, not only did Federal fail to bring any matter to the Court's attention until the twelfth hour, it already has all of the URS and George & Lynch documents upon which Newark's damages are based. Federal has concocted this pre-trial motion and wrapped it in a presentation which would lead the Court to believe that Newark has not been forthcoming with regard to its

participation in the discovery process. That is not the case.

It should be noted as further evidence of the simplicity and clarity of the damages sought by Newark that Newark identified George Sarris as a fact witness regarding damages. Accounting expertise is not required as the damages are a matter of simple arithmetic: all payments to those entities necessary to complete the project, which are the allowable damages under Durkin's contract and Federal's Bond.

## **CONCLUSION**

WHEREFORE, Defendant City of Newark respecfully requests that this Court deny Federal's Motion in Limine to Exclude the evidence of the City of Newark's Damages.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*