**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
|       Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
|       Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
|       Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
|       Third-Party Defendant. | ) | |

**FEDERAL'S REPLY BRIEF IN SUPPORT OF
MOTION *IN LIMINE* TO EXCLUDE ANY REFERENCE TO
THE ERRATA SHEETS OF CAROL HOUCK**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# 495264

## INTRODUCTION

Third-Party Defendant, Federal Insurance Company ("Federal"), replies to the Answering Brief of Third-Party Plaintiff, City of Newark ("City"), in opposition to Federal's Motion *in Limine* to exclude the errata sheets of the City's designee, Carol Houck. As a matter of law, Ms. Houck's testimony was binding on the City, and the City and its counsel had an affirmative obligation to prepare Ms. Houck to provide complete and unevasive answers to Federal's questions on the subjects at issue.[1] It was only in response to Federal's Motion for Reconsideration and Reargument that the City for the very first time decided to completely change (not clarify) the answers of its 30(b)(6) designee.[2] This cannot be permitted.

## ARGUMENT

In the answering brief, the City contends that the substantive alterations of Ms. Houck's testimony are "appropriate clarifications" of her testimony. The City claims that its 30(b)(6) designee was questioned in an allegedly confusing manner and "without the benefit of documents to review."[3] These contentions, however, are meritless for the following reasons.

The City points to no question that it objected to as vague or confusing. Neither Ms. Houck nor the City's counsel ever raised any concern over any question in the sections that Ms. Houck now seeks to rewrite. During the four, non-consecutive days of testimony, the City's

---

[1] The City ignores that its litigation counsel originally consented to the four days of deposition for the City's 30(b)(6) designee but later reneged on that agreement. The City refused to produce Ms. Houck for the agreed-upon number of days. In response, Federal moved this Court to compel Ms. Houck's attendance for the remaining two days of her deposition. The Court granted that motion and ordered the City to make Ms. Houck available for the remaining days of her deposition.

[2] Notably, the City attached a privileged letter from the City's designated representative, Ms. Houck, to its litigation counsel as an exhibit to its Answering Brief. The letter reveals that the City only substantively altered Ms. Houck's deposition testimony in response to Federal's Motion for Reconsideration and Reargument. The attachment of the letter to the City's submission also constitutes an intentional waiver by the City of any claim for privilege relating to the letter or the topics set forth in it.

[3] The City also contends that Federal's pending motion is somehow improper because it purportedly constitutes another attempt at a motion for summary judgment. That contention is obviously false. Federal's motion seeks to strike the errata sheets – a purely evidentiary matter.

litigation counsel never once sought to "clarify" Ms. Houck's allegedly confusing answers. Federal finished deposing Ms Houck halfway through the third day of her testimony. She was deposed and under oath for another day and a half. Yet she remained silent, and her counsel never conducted any re-direct to clarify any alleged confusion (which did not exist) on the record.[4]

The City seems to suggest that it was Federal's burden to prepare the City's designee for the deposition. Quite the contrary, it was the specific obligation of the City and its counsel – and not Federal – to prepare the City's designee by providing to her all pertinent documents in order to answer "fully, completely, [and] unevasively, the questions posed" by Federal. FDIC v. C.H. Butcher, 116 F.R.D. 196, 200 (E.D. Tenn. 1986) (citation omitted). The City can choose its designated representative. Mitsui & Co., Inc. v. Puerto Rico Water Resources Auth., 93 F.R.D. 62, 67 (D. Puerto Rico 1981). But, it is the City's burden to **prepare** that representative. Id. The fact that the City now seems to suggest that its counsel failed to do so does not entitle the City to completely rewrite the testimony of its designee.

The City had more than **three months** to prepare Ms. Houck for her deposition. (D.I. 112.) Federal noticed the deposition of the City's designee on January 18, 2006, and her deposition did not commence until March 22, 2006. That is ample time for Ms. Houck to familiarize herself with every relevant document. Moreover, between those two dates, Federal filed a motion for summary judgment relating to the very testimony that Ms. Houck now claims she needs to rewrite. The focus of Federal's questions could hardly have been a surprise, and any lack of preparation on her part is inexcusable.

---

[4] Indeed, Ms. Houck's only "objection" came on may 16, 2006, more than a month and a half after her deposition ended and while she was no longer under oath, in a letter to her litigation counsel. Her objection was raised for the first time only after she reviewed Federal's motion for reconsideration and reargument.

2

The deposition took place over four, non-consecutive days, with a week-long break between the second and third day of testimony. Federal only questioned Ms. Houck for the first time on the morning of the third day of her deposition following the week-long break. The City's counsel was present for every day, every question, every answer and every exhibit reviewed. The positions and objections stated in the City's Answering Brief were never advanced in person, while the witness was still under oath.

At the deposition, Ms. Houck was shown more than 40 documents that became exhibits to her deposition. She never asked for any documents that she was not presented with at the deposition. If she wanted to review more documents, she had ample opportunity to do so on her own in between the four days of testimony. She could have brought along any documents that she wished. The City's counsel likewise could have brought documents and even re-directed Ms. Houck on the issue but did not. The proposed errata sheets are an after-the-fact rewriting of testimony. They seek to allow Ms. Houck to fundamentally change her answers – as she did – without subjecting herself to the light of cross-examination. That is not proper. "A deposition is not a take-home exam." Burns v. Board of County Commissioners of Jackson County, 330 F.3d 1275, 1282 (10th Cir. 2003).[5]

---

[5] The very cases relied upon by the City, Burns v. Board of County Commissioners of Jackson County, 330 F.3d 1275, 1282 (10th Cir. 2003) and Franks v. Nimmo, 796 F.2d 1230 (10th Cir. 1986), control the outcome of this motion. They establish that the relevant inquiry in this regard is solely "whether the [deponent] was cross-examined during his earlier testimony, whether the affiant had access to the pertinent evidence at the time of his earlier testimony or whether the [errata sheet] was based on newly discovered evidence, and whether the earlier testimony reflects confusion which the [errata sheet] seeks to explain." Burns, 330 F.3d at 1282; Franks, 796 F.2d at 1237. The other issues raised by the City are irrelevant to the inquiry here.

## **CONCLUSION**

The proposed errata sheet constitutes a complete reversal of significant portions of the testimony of the City's designated representative and must be precluded.

Respectfully submitted,

/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2006, I caused a true and correct copy of the foregoing to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ Kevin W. Goldstein
Kevin W. Goldstein

# 495264