IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**PLAINTIFF'S MOTION FOR BIFURCATION OF
THE LIABLITY AND DAMAGES PHASES OF THE TRIAL**

1. Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2. Durkin files this Motion for bifurcation of the liability and the damages phases of the trial.

3. Bifurcation of this trial under Federal Rule of Civil Procedure 42(b) will promote judicial economy, enhance jury comprehension and avoid prejudice.

4. On March 16, 2004, Durkin filed a Complaint against the City and URS seeking to recover damages for the wrongful termination of a construction contract,

which includes claims for interference with existing and prospective contractual relations, defamation, conversion, fraud, misrepresentation, common law conspiracy, breach of contract and civil rights violations under 42 U.S.C. §1983. (Complaint, App. A1-A44).

5. The Contract executed by Durkin and the City provides for reimbursement of attorney's fees, professional fees and court costs. (Selected Contract provision, App. A45-A46, §§15.4, 17.5)

6. Accordingly, Durkin is also seeking the recovery of attorney's fees and costs[1], professional fees including fees of experts, consultants and other professionals.

7. The City filed an Answer, Counterclaim and Third Party Complaint on or about April 12, 2004. (Answer, App. A47-A88).

8. The Counterclaim seeks to recover damages from Durkin, including, *inter alia,* the costs of repairing existing work, costs to complete the Reservoir and costs of the litigation. (App. A55-A59).

9. The Third Party Complaint seeks to recover damages from Durkin's surety, Federal Insurance Company ("Federal"). (App. A60-A62)

10. The City is seeking the same damages from Federal as from Durkin, to include, *inter alia,* the costs of repairing existing work, costs to complete the Reservoir and costs of the litigation, based also upon an alleged breach by Federal of the covenant of good faith and fair dealing. (App. A60-A62).

11. On September 8, 2005 the parties stipulated to the dismissal of URS pursuant to Federal Rule 41(a)(1). (Stipulation, App. A89).

---

[1] The attorney's fees and costs that would be recoverable not only include the attorney's fees and costs of Durkin's own counsel, but also the attorney's fees and costs incurred by Federal based upon the contractual indemnity owed by Durkin to Federal. The fees and costs would also include those fees and costs associated with any lawsuits commenced by Durkin's subcontractors against Durkin and/or Federal arising out of the wrongful termination and withholding of payments by the City.

12. After URS was dismissed, the City filed a Third Party Complaint against URS, asserting, *inter alia,* "in the event that a judgment should be rendered against [the City] related to the design and/or termination, then [the City] would be entitled to contribution, indemnification, or a pro rata determination of the respective shares of liability from URS ..." (Third Party Complaint, App. A90-A95, ¶5, App. A91).

13. Thereafter, URS filed an Answer and Counterclaim to the City's Third Party Complaint. (Answer and Counterclaim, App. A96-A100).

14. In the Counterclaim, URS is seeking to recover against the City for (a) services performed to design and supervise the construction of the Reservoir; (b) litigation support services; and (c) payment to Brandywine Nurseries. (App. A98-A99).

15. Rule 42(b) of the Federal Rules of Civil Procedure governs a request for bifurcation of a trial. *Fed. R. Civ. P. 42(b).*

16. A court has broad discretion in separating claims for trial as a part of its wide discretion in trial management. *See e.g. Ciena Corp. et al., v. Corvis Corp.,* 210 F.R.D. 519, 2002 U.S. Dist. LEXIS 20826 (D. Del. 2002).

17. When considering whether to bifurcate a trial, courts consider whether bifurcation will conserve judicial resources, enhance juror comprehension of the issues to be presented in the case and avoid prejudice. *See e.g. Enzo Life Sciences, Inc. v. Digene Corp., et. al.,* 2003 U.S. Dist. LEXIS 10202 (D. Del. 2003).

18. Courts have also stated that only one (1) of these factors need be present to justify bifurcation. *See e.g. Daniels v. Loizzo, el al.,* 178 F.R.D. 46, 1998 U.S. Dist. LEXIS 3164 (S.D.N.Y. 1998).

19. Bifurcating the liability phase from the damages phase in this matter will both conserve judicial resources and enhance juror comprehension of the issues.

KOP:346638v2 3514-04

20. Bifurcation will also avoid prejudice to the parties by allowing for an orderly submission of proofs on the complex technical issues and segregating the various theories and accompanying computation of damages between the parties.

21. There will be very limited, if any, overlap between the witnesses and documents to be presented in the liability and damages presentations by the parties.

22. The damages portion of this proceeding will be significantly simplified and expedited if the liability issues are presented and resolved in advance.

23. Durkin is claiming damages against the City.

24. The City is claiming damages against Durkin, Federal and apportionment of damages between the City and URS, if the City is found liable to Durkin.

25. URS is also claiming damages against the City.

26. Based on the jury's findings on liability, some damage proofs and analyses can be eliminated. For example, if the City does not succeed on its Counterclaim against Durkin and on its Third Party claim against Federal, there is an entire complex damage analysis that will not need to be presented to the jury.

27. Durkin will also be seeking recovery of attorney's fees and costs, professional fees including fees of experts, consultants and other professionals.

28. For purposes of judicial economy, these damages should be presented to the jury only after an adjudication of liability on the part of the City is determined, since the full measure of fees and costs will not be known until the liability proceedings have been completed.

29. If bifurcation is not permitted, Durkin will not be able to divulge all relevant proofs relating to attorney's fees and costs, professional fees, including fees of

experts, consultants and other professionals due to work product and/or attorney client privilege.

30. There will be no prejudice to the parties if bifurcation is permitted. In fact, prejudice may result to the parties if bifurcation is not allowed because of potential confusion of the jury due to the inordinately complicated damage analysis and collateral issues that will need to be presented to the jury in a non-bifurcated trial. *See e.g. Real v. Bunn-o-Matic Corp.*, 195 F.R.D. 618, 2000 U.S. Dist. LEXIS 12234 (N.D.Ill. 2000) (Discussion of prejudice that may arise because of potential confusion of a jury on complicated issues if bifurcation is denied.).

31. Furthermore, the issues of liability and damages are legally distinct. Therefore, bifurcation will not prejudice the City or any other party. *See Goldman v. Radio Shack Corp.*, 2005 U.S. Dist. LEXIS 9174 (E.D. Pa. 2005).

32. Currently, this matter is scheduled for ten (10) days of trial. If the Court permits bifurcation of liability and damages, Durkin estimates that the liability phase can be completed in that time, and respectfully suggests that the damages phase of the trial could be heard before a federal magistrate.

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that that this Court grant its Motion for bifurcation of the liability and the damages phases of this matter.

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By: _____/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346638v2 3514-04