# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## OPENING BRIEF OF PLAINTIFF
## IN SUPPORT OF MOTION FOR BIFURCATION OF
## THE LIABLITY AND DAMAGES PHASES OF THE TRIAL

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated:  August 16, 2006

## TABLE OF CONTENTS

TABLE OF CITATIONS ...................................................................................................... ii

I.  NATURE AND STAGE OF PROCEEDINGS ............................................................1

II.  SUMMARY OF ARGUMENT ....................................................................................1

III.  CONCISE STATEMENT OF FACTS .........................................................................1

IV.  ARGUMENT ................................................................................................................2

      A.  THE TRIAL SHOULD BE BIFURCATED INTO A
          LIABILITY PHASE AND A DAMAGES PHASE TO
          PROMOTE JUDICIAL ECONOMY, ENHANCE JURY
          COMPREHENSION AND AVOID PREJUDICE ........................................... 2

V.  CONCLUSION AND RELIEF SOUGHT ...................................................................5

# TABLE OF CITATIONS

Page

**Cases**

*Ciena Corp. et al., v. Corvis Corp.,* 210 F.R.D. 519, 2002 U.S. Dist.
    LEXIS 20826 (D. Del. 2002) ................................................................. 3

*Daniels v. Loizzo, el al.,* 178 F.R.D. 46, 1998 U.S. Dist. LEXIS 3164
    (S.D.N.Y. 1998) ...................................................................................... 3

*Enzo Life Sciences, Inc. v. Digene Corp., et. al.,* 2003 U.S. Dist. LEXIS
    10202 (D. Del. 2003) .............................................................................. 3

*Goldman v. Radio Shack Corp.,* 2005 U.S. Dist. LEXIS 9174 (E.D. Pa.
    2005) ....................................................................................................... 5

*Real v. Bunn-o-Matic Corp.,* 195 F.R.D. 618, 2000 U.S. Dist. LEXIS
    12234 (N.D.Ill. 2000) ............................................................................. 5

**Statutes**

42 U.S.C. §1983 ..................................................................................................... 1

**Rules**

Fed. R. Civ. P. 41(a)(1) ......................................................................................... 2

Fed. R. Civ. P. 42(b) ..................................................................................... 1, 2, 3

## I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion for bifurcation of the liability and the damages phases of the trial.

## II.   SUMMARY OF ARGUMENT

Combining the liability and damage presentations to the jury will needlessly complicate and extend the trial of this matter. If the trial is bifurcated into a liability phase and a damages phase, the jury will be able to devote full attention to the liability claims and defenses, and based upon the jury verdict some damage proofs and analyses will be eliminated. Further, the damage computations and testimony may be heard by a federal magistrate, thereby reducing the overall length of trial. For these reasons, bifurcation of this trial under Federal Rule of Civil Procedure 42(b) will promote judicial economy, enhance jury comprehension and avoid prejudice.

## III.   CONCISE STATEMENT OF FACTS

On March 16, 2004, Durkin filed a Complaint against the City and URS seeking to recover damages for the wrongful termination of a construction contract, which includes claims for interference with existing and prospective contractual relations, defamation, conversion, fraud, misrepresentation, common law conspiracy, breach of contract and civil rights violations under 42 U.S.C. §1983. (Complaint, App. A1-A44). The Contract executed by Durkin and the City provides for reimbursement of, among other things, professional fees and court costs. (Selected Contract provision, App. A45-A46, §§15.4, 17.5) Accordingly, as part of its claims Durkin is seeking the recovery of attorney's fees and costs[1], as well as reimbursement of all professional fees, including fees of experts and consultants.

---

[1] The attorney's fees and costs that would be recoverable not only include the attorney's fees and costs of Durkin's own counsel but also the attorney's fees and costs incurred by Federal to the extent that Durkin is required to indemnify Federal. The fees and costs would also include those fees and costs associated with any lawsuits commenced by Durkin's subcontractors against it.

1

The City filed an Answer, Counterclaim and Third Party Complaint on or about April 12, 2004. (Answer, App. A47-A88). The Counterclaim seeks to recover damages from Durkin including, *inter alia,* the costs of repairing existing work, costs to complete the Reservoir and costs of the litigation. (App. A55-A59). The Third Party Complaint seeks to recover damages from Durkin's surety, Federal Insurance Company ("Federal"). (App. A60-A62) The damages that the City is seeking to recover from Federal include, *inter alia,* the costs of repairing existing work, costs to complete the Reservoir, costs of the litigation, and damages for breach of good faith and fair dealing. (App. A60-A62).

Then, on September 8, 2005 the parties stipulated to the dismissal of URS pursuant to Federal Rule 41(a)(1). (Stipulation, App. A89). After URS was dismissed, the City filed a Third Party Complaint against URS asserting, *inter alia,* that "in the event that a judgment should be rendered against [the City] related to the design and/or termination, then [the City] would be entitled to contribution, indemnification, or a pro rata determination of the respective shares of liability from URS ..." (Third Party Complaint, App. A90-A95, ¶5, App. A91). Thereafter, URS filed an Answer and Counterclaim to the City's Third Party Complaint. (Answer and Counterclaim, App. A96-A100). In the Counterclaim, URS is seeking to recover against the City for (a) services performed to design and supervise the construction of the Reservoir; (b) litigation support services; and (c) payment to Brandywine Nurseries. (App. A98-A99).

## IV.    ARGUMENT

### A.    The Trial Should be Bifurcated into a Liability Phase and a Damages Phase to Promote Judicial Economy, Enhance Jury Comprehension and Avoid Prejudice

Rule 42(b) of the Federal Rules of Civil Procedure governs a request for bifurcation of a trial. *Fed. R. Civ. P. 42(b)* Pursuant to Rule 42(b) "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, or third party claim, or any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues ..." *Fed. R. Civ.*

2

*P. 42(b).* A Court has broad discretion in separating claims for trial as a part of its wide discretion in trial management. *See e.g. Ciena Corp. et al., v. Corvis Corp.,* 210 F.R.D. 519, 2002 U.S. Dist. LEXIS 20826 (D. Del. 2002). When considering whether to bifurcate a trial, Courts consider whether bifurcation will conserve judicial resources, enhance juror comprehension of the issues to be presented in the case and avoid prejudice. *See e.g. Enzo Life Sciences, Inc. v. Digene Corp., et. al.,* 2003 U.S. Dist. LEXIS 10202 (D. Del. 2003). Courts have also stated that only one (1) of these factors need to be present to justify bifurcation. *See e.g. Daniels v. Loizzo, el al.,* 178 F.R.D. 46, 1998 U.S. Dist. LEXIS 3164 (S.D.N.Y. 1998).

Bifurcating the liability phase from the damages phase in this matter will both conserve judicial resources and enhance juror comprehension of the issues. Bifurcation will also avoid prejudice to the parties by allowing for an orderly submission of proofs and preventing collateral issues from being raised in the liability phase.

The damages presentations in this case will be inordinately complicated and confusing to a jury if the case is not bifurcated. All parties, with the exception of Federal, are asserting affirmative claims; Durkin is claiming damages against the City; the City is claiming damages against Durkin, Federal and apportionment of damages between the City and URS, if the City is found liable to Durkin; and URS is claiming damages against the City.

Since the jury's findings on liability on the breach of contract claims will find in favor of one party over another, there is no question that some damage proofs and analyses will be rendered moot. As an example, if the City does not succeed on its Counterclaim against Durkin and on its Third Party claim against Federal, there is an entire complex damage analysis that will not need to be presented to or considered by the jury. Similarly, Durkin and Federal will not have to presenting a fairly complicated analysis in defense of the Counterclaim and the Third Party claim, such as proof of extended Project duration costs, detailed analysis of costs and fees

3

submitted to the City by George & Lynch[2], weather delays, cost offsets and delays caused by URS and the City.

On the other hand, if Durkin succeeds on liability, there will be a question of possible apportionment of damages between the City and URS based on the City's Third Party Complaint against URS. Durkin's damage analysis is also multifaceted and juror comprehension would be enhanced if the damages were addressed in a separate trial phase. For example, Durkin's proof analysis will include, but is not limited to, damages incurred due to change order claims, unpaid payment for work, outstanding amounts due to subcontractors, damage to reputation, loss of ability to do business, loss of bonding capacity, loss of equipment equity due to turn-back, equipment costs for operating and standby hours, lost profits, lost opportunities, and business loans.

Moreover, Durkin will be seeking recovery of attorney's fees and costs, professional fees including fees of experts, consultants and other professionals. This will include, but is not limited to, fees and costs for all experts and professionals utilized by Durkin and Federal (based on the indemnification agreement), attorney's fees and costs for Durkin's counsel and Federal's counsel in this matter, and attorney's fees and costs, professional fees including fees of experts, consultants and other professionals incurred by Durkin in the various lawsuits commenced against it by its subcontractors.

For purposes of judicial economy, these damages should be presented to the magistrate after an adjudication of liability on the part of the City is determined. Only after liability of the City is determined will the fees and costs be ripe for resolution and will the full amount of the fees and costs be known.

If the trial is bifurcated and after an adjudication of liability is made, Durkin will be able to present the magistrate with documentation in support of its damages which contain work

---

[2] George & Lynch was the contractor hired by the City after the City terminated Durkin and received no bids on the re bid to finish the Project.

4

product and/or attorney client privilege. Otherwise, if bifurcation is not permitted, Durkin will not be able to divulge all relevant proofs relating to attorney's fees and costs, professional fees, including fees of experts, consultants and other professionals due to work product and/or attorney client privilege. Therefore, presenting all damages in a separately phased trial will also allow for an orderly submittal of proofs and avoid potential jury confusion.

There will be no prejudice to the parties if bifurcation is permitted. In fact, prejudice may result to the parties if bifurcation is not allowed because of potential confusion of the jury due to the inordinately complicated damage analysis and collateral issues that will need to be presented to the jury in a non-bifurcated trial. *See e.g. Real v. Bunn-o-Matic Corp.*, 195 F.R.D. 618, 2000 U.S. Dist. LEXIS 12234 (N.D.Ill. 2000) (Discussion of prejudice that may arise because of potential confusion of a jury on complicated issues if bifurcation is denied.). Furthermore, the issues of liability and damages are legally distinct. Therefore, bifurcation will not prejudice the City. *See Goldman v. Radio Shack Corp.*, 2005 U.S. Dist. LEXIS 9174 (E.D. Pa. 2005).

Currently, this matter is scheduled for ten (10) days of trial. If the Court permits bifurcation of liability and damages, Durkin estimates that the liability phase for all parties can be completed in ten (10) days, with presentation and resolution of the damages phase before a federal magistrate.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for bifurcation of the liability and the damages phases of this matter.

5

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By: _____ /s/ Paul A. Logan _____
        Paul A. Logan
        Delaware Supreme Court ID #3339
        475 Allendale Road, Suite 200
        King of Prussia, PA 19406
        Telephone: 610-354-9700
        Telefacsimile: 610-354-9760
        *Attorneys for Plaintiff and Third Party*
        *Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

6