IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## PLAINTIFF'S MOTION FOR RELIEF FROM INTENTIONAL DESTRUCTION OF "BRIEFING PACKETS" AND OTHER INFORMATION PROVIDED TO CITY COUNCIL IN ADVANCE OF COUNCIL MEETINGS

1.  Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2.  Durkin files this Motion for relief from the intentional destruction of "briefing packets" and other information provided to City Council.

3.  Despite awareness of this litigation, Council Members, deliberately and intentionally destroyed their individual weekly "briefing packets", including all documents provided to them for review in advance of Council meetings.

4.  On March 16, 2004 Durkin filed a Complaint against the City and URS (Complaint, App. A1-A44).

5.  Each Council Member was served with a Request for Production of Documents. (E.g. Kalbacher Requests A45-A49).

6.  The Requests asked for, *inter alia,* all documents relating to the Reservoir and Durkin and all documents relied upon when voting to terminate Durkin. *Id.*

7.  The City and Council Members did not timely respond to the Requests.

8.  On November 22, November 29, December 5, and December 21, 2005 counsel for Durkin wrote to counsel for the City requesting compliance with the discovery requests. (Letters 11/22/05, 11/29/05, 12/5/05 and 12/21/05 App. A50-A55).

9.  Late in December 2005 the City finally produced documents. However, there was not one document from any of the Council Members. (Email 12/29/05, App. A56).

10. Counsel for Durkin immediately emailed counsel for the City on December 29, 2005 indicating that none of the materials produced contained a single document from any of the Council Members. (Email 12/29/05, App. A56).

11. Again, counsel for Durkin counsel wrote to counsel for the City on December 30, 2005 and January 8, 2006 requesting documents from the Council Members. (Letter 12/30/05 and Email 1/8/05, App. A57-A58).

12. On February 6, 2006 Council Member Kalbacher was deposed and for the first time Durkin learned that the City provided its Council Members with "briefing packets". (Karl Kalbacher Deposition 2/6/06, page 15, line 7, App. A63).

2

13. On February 7, 2006 counsel for Durkin again wrote to counsel for the City reminding counsel that the "briefing packets" have never been produced. (Email 2/7/06, App. A80-A81).

14. On February 9, 2006 City counsel advised that "we are gathering [the 'briefing packets'] now and hope to be able to provide you with copy sets next week." (Email 2/9/06, App. A81).

15. What Durkin also learned at Kalbacher's deposition was that Kalbacher deliberately and intentionally disposed of all "briefing packets" and other information provided to him, including all information about this litigation and Durkin. (App. A63-A64, page 15, lines 3-19, page 19, lines 1-13).

16. No one ever advised Kalbacher to maintain and preserve this documentation. (App. A64, page 19, lines 14-18).

17. Current Mayor Funk also shreds everything that he receives from the City, including the "briefing packets." (Vance Funk Deposition 2/10/06, page 62, lines 14-23, App. A71).

18. He has continued to shred documentation throughout this litigation, indicating that it is "an easy decision." (App. A71, page 64, lines 18-21).

19. No one ever informed Mayor Funk due to this litigation, that the City has a duty to preserve evidence which might be relevant. (App. A71, page 64, lines 14-17).

20. A party has an affirmative duty to preserve evidence which might be relevant to the issues in a lawsuit if the party has reason to anticipate the litigation. *See Positran Manufacturing, Inc. v. Diebold, Inc.*, 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (internal citations omitted).

KOP:346606v2 3514-04

21. If a party breaches the duty to preserve evidence or allows the relevant evidence to be destroyed, that party may be sanctioned by the Court. *Id.*

22. There are three (3) factors that a court must consider to determine whether to impose a sanction for spoliation of evidence: (1) the degree of fault and personal responsibility of the party who destroyed the evidence; (2) the degree of prejudice suffered by the other party; and (3) whether there is a lesser sanction that will avoid unfairness to the opposing party and serve as a deterrent. *See Griffith v. Mellon Bank,* 2006 U.S. App. LEXIS 6016 (3d Cir. 2006).

23. To assess the degree of fault of the party who destroyed the evidence, the court must consider if the party intended to impair the other side from effectively litigating its case. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (and cases cited therein).

24. There is no question that the City was aware of the relevance of this documentation.

25. In fact, Durkin served the City and each Council Member with Requests for Documents that requested *inter alia* "all documents related to the City of Newark Reservoir Project" and all documents relied upon when voting to terminate Durkin. (City Request, App. A72-A76). *See e.g. Skeete v. McKinsey & Co.,* 1993 U.S. Dist. LEXIS 9099 at *4 (S.D.N.Y. 1993) ("It is clear that a discovery request places a litigant on notice that the documents or materials sought in the request are potentially relevant to the litigation and, thus, should be preserved.")

26. The City completely failed to take any steps to preserve relevant documents.

KOP:346606v2 3514-04

27.     Additionally, Council Members had an affirmative duty to ensure that relevant documents were not destroyed.

28.     Even after this litigation was commenced, Council Members continued to shred documents. (App. A67, page 125-126, lines 22-7).

29.     Durkin is highly prejudiced by the destruction of the "briefing packets" and other documents provided to Council Members in advance of Council meetings.

30.     Without the "briefing packets", Council Members cannot recall the substance of what was discussed at any particular Council meeting or Executive Session meeting. (App. A62, page 14, lines 13-23).

31.     Moreover, without the "briefing packets" and other documents provided to Council Members, there is no way to accurately reflect what was discussed at the meetings.

32.     Any notes, questions, comments or answers that a Council Member jotted down on these documents have been destroyed.

33.     The original information that was provided to City Council in advance of Durkin's termination is gone.

34.     Durkin had a compelling interest in obtaining this relevant information.

35.     Furthermore, Durkin had a clear right to confront and challenge the factual and legal efficacy of the City Council's briefing background.

36.     Additionally, Durkin had a right to confront and challenge the City's decision to terminate based on the information being provided to City Council.

37.     The destruction of the "briefing packets" provided to Council Members in advance of the Council meetings is a complete loss of evidence.

KOP:346606v2 3514-04

38. There is no other method by which Durkin can re-create the content of the "briefing packets" provided to Council Members – most importantly the individual Council Member's copies where notes, comments, questions and answers could appear.

WHEREFORE for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for relief from the intentional destruction of the "briefing packets" and other documents provided to Council Members in advance of Council Meetings and provide a spoliation inference that will allow the jury to assume that the destroyed the "briefing packets" and other documents provided to Council Members in advance of the Council meetings would have been unfavorable to the City and City Council Members.

        **POWELL, TRACHTMAN, LOGAN,**
        **CARRLE & LOMBARDO, P.C.**

        By: _____/s/ Paul A. Logan_____
        Paul A. Logan
        Delaware Supreme Court ID #3339
        475 Allendale Road, Suite 200
        King of Prussia, PA 19406
        Telephone: 610-354-9700
        Telefacsimile: 610-354-9760
        *Attorneys for Plaintiff and Third Party*
        *Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346606v2 3514-04