## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

### OPENING BRIEF OF PLAINTIFF
### IN SUPPORT OF MOTION FOR RELIEF FROM INTENTIONAL
### DESTRUCTION OF "BRIEFING PACKETS" AND OTHER INFORMATION
### PROVIDED TO CITY COUNCIL IN ADVANCE OF COUNCIL MEETINGS

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

## TABLE OF CONTENTS

TABLE OF CITATIONS ........................................................................................................ ii

I.      NATURE AND STAGE OF PROCEEDINGS ................................................1

II.     SUMMARY OF ARGUMENT ........................................................................1

III.    CONCISE STATEMENT OF FACTS ...........................................................1

IV.     ARGUMENT ....................................................................................................3

        A.      THE CITY AND COUNCIL MEMBERS INTENTIONALLY
                DESTROYED "BRIEFING PACKETS" AND OTHER
                DOCUMENTS  AND ACCORDINGLY DURKIN IS
                ENTITLED TO HAVE A SPOLIATION INFERENCE
                IMPOSED AGAINST THE CITY ...................................................... 3

V.      CONCLUSION AND RELIEF SOUGHT ......................................................6

# TABLE OF CITATIONS

Page

**Cases**

*Griffith v. Mellon Bank,* 2006 U.S. App. LEXIS 6016 (3d Cir. 2006) ................................ 3

*In the matter of the Complaint of Wechsler,* 121 F. Supp. 2d 404, D. Del. 2000).............. 3

*Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114
    (D. Del. 2003) ................................................................................................... 3, 4

*Skeete v. McKinsey & Co.,* 1993 U.S. Dist. LEXIS 9099 at *4 (S.D.N.Y. 1993) .............. 4

KOP:346607v2 3514-04

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion for relief from the intentional destruction of "briefing packets" and other information provided to City Council.

## II.    SUMMARY OF ARGUMENT

Despite awareness of this litigation, Council Members, and members of the City staff, deliberately and intentionally destroyed individual weekly "briefing packets" supplied to the Council members in advance of Council Meetings. Because of this flagrant spoliation of evidence, Durkin is entitled to a spoliation inference that will allow the jury to assume that the destroyed evidence would have been unfavorable to the City and Council Members.

## III.    CONCISE STATEMENT OF FACTS

On March 16, 2004 Durkin filed a Complaint against the City and URS (Complaint, App. A1-A44). Each Council Member was served with a Request for Production of Documents. (E.g. Kalbacher Requests A45-A49). The Requests asked for, *inter alia,* all documents relating to the Reservoir and Durkin and all documents relied upon when voting to terminate Durkin. *Id.*

The City and Council Members did not timely respond to the Requests. On November 22, November 29, December 5, and December 21, 2005 counsel for Durkin wrote to counsel for the City requesting compliance with the discovery requests. (Letters 11/22/05, 11/29/05, 12/5/05 and 12/21/05 App. A50-A55). Late in December 2005 the

1

City finally produced documents. However, there was not one document from any of the Council Members. (Email 12/29/05, App. A56). Counsel for Durkin immediately emailed counsel for the City on December 29, 2005 indicating that none of the materials produced contained a single document from any of the Council Members. (Email 12/29/05, App. A56). Again, counsel for Durkin counsel wrote to counsel for the City on December 30, 2005 and January 8, 2006 requesting documents from the Council Members. (Letter 12/30/05 and Email 1/8/05, App. A57-A58).

On February 6, 2006 Council Member Kalbacher was deposed and for the first time Durkin learned that the City provided its Council Members with "briefing packets". (Karl Kalbacher Deposition 2/6/06, page 15, line 7, App. A63). On February 7, 2006, counsel for Durkin again wrote to counsel for the City reminding counsel that the "briefing packets" have never been produced. (Email 2/7/06, App. A80-A81). On February 9, 2006 City counsel advised that "we are gathering [the 'briefing packets'] now and hope to be able to provide you with copy sets next week." (Email 2/9/06, App. A81).

What Durkin also learned at Kalbacher's deposition was that Kalbacher deliberately and intentionally disposed of all "briefing packets" and other information provided to him, including all information about this litigation and Durkin. (App. A63-A64, page 15, lines 3-19, page 19, lines 1-13). He discarded these materials on an ongoing basis even after he knew about the potential for litigation and he continued to do so throughout this litigation. (App. A64, page 18, lines 17-23). He even discarded the Complaint that was served on him. (App. A64, page 126, lines 2-7). No one ever advised Kalbacher to maintain and preserve this documentation. (App. A64, page 19, lines 14-18).

2

Current Mayor Funk also shreds everything that he receives from the City, including the "briefing packets." (Vance Funk Deposition 2/10/06, page 62, lines 14-23, App. A71). He has continued to shred documentation throughout this litigation, indicating that it is "an easy decision." (App. A71, page 64, lines 18-21). No one ever informed Mayor Funk due to this litigation, that the City has a duty to preserve evidence which might be relevant. (App. A71, page 64, lines 14-17). Mayor Funk also testified that he is not aware of the term "spoliation". (App. A71, page 63, lines 5-7).

## IV.    AGRUMENT

### A.    The City and Council Members Intentionally Destroyed "Briefing Packets" and Other Documents and Accordingly Durkin is Entitled to Have a Spoliation Inference Imposed Against the City

A party has an affirmative duty to preserve evidence which might be relevant to the issues in a lawsuit if the party has reason to anticipate the litigation. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (internal citations omitted). If a party breaches the duty to preserve evidence or allows the relevant evidence to be destroyed, that party may be sanctioned by the court. *Id.* A court may dismiss a claim if the destruction of evidence is willful or in bad faith. *See In the matter of the Complaint of Wechsler,* 121 F. Supp. 2d 404, D. Del. 2000).

There are three (3) factors that a court must consider to determine whether to impose a sanction for spoliation of evidence: (1) the degree of fault and personal responsibility of the party who destroyed the evidence; (2) the degree of prejudice suffered by the other party; and (3) whether there is a lesser sanction that will avoid unfairness to the opposing party and serve as a deterrent. *See Griffith v. Mellon Bank,* 2006 U.S. App. LEXIS 6016 (3d Cir. 2006).

3

To assess the degree of fault of the party who destroyed the evidence, the court must consider if the party intended to impair the other side from effectively litigating its case. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (and cases cited therein). Here, there is no question that the City and Council Members had the affirmative duty to preserve the "briefing packets" and other documents provided to Council Members. There is no question that the City was aware of the relevance of this documentation. In fact, Durkin served the City and each Council Member with Requests for Documents that fairly subsumed the briefing packets. (City Request, App. A72-A76). *See e.g. Skeete v. McKinsey & Co.,* 1993 U.S. Dist. LEXIS 9099 at *4 (S.D.N.Y. 1993) ("It is clear that a discovery request places a litigant on notice that the documents or materials sought in the request are potentially relevant to the litigation and, thus, should be preserved.")

The City, in at least the December 2003/January 2004 timeframe, and most likely as early as October/November 2003, was aware of the potential for litigation. (App. A64, pages 101-102, lines 22-12). At that point the City had an affirmative duty to put controls in place to ensure that relevant documents were not destroyed. The City completely failed to take any steps to preserve relevant documents. Additionally, Council Members had an affirmative duty to ensure that relevant documents were not destroyed. Not only did that not occur, but even after this litigation was commenced Council Members continued to shred relevant and discoverable documents. (App. A67, page 125-126, lines 22-7).

Durkin is highly prejudiced by the destruction of the "briefing packets" and other documents provided to Council Members in advance of Council meetings. Durkin never

4

had the opportunity to review any of "briefing packets" and other documents provided to Council Members. Without the "briefing packets", Council Members cannot recall the substance of what was discussed at any particular Council meeting or Executive Session meeting. (App. A77-A79). This is understandable, since some of the events occurred almost three (3) years ago. Moreover, without the "briefing packets" and other documents provided to Council Members, there is no way to accurately reflect what was discussed at the meetings.

Any notes, questions, comments or answers that a Council Member jotted down on these documents have been destroyed. Durkin certainly had a compelling and legitimate interest in obtaining this relevant information. Furthermore, Durkin had a clear right to confront and challenge the factual and legal efficacy of the City Council's briefing background. Additionally, Durkin had a right to confront and challenge the City's decision to terminate based on the information being provided to City Council. Without the "briefing packets", Durkin has no way to discover what information was being conveyed to Council Members, especially since time has faded memories.

The destruction of the "briefing packets" provided to Council Members in advance of the Council Meetings is a complete loss of evidence. Durkin never had an opportunity to inspect the evidence, and there is no other method by which Durkin can obtain the information contained in the "briefing packets" provided to Council Members – most importantly the individual Council Member's copies where notes, comments, questions and answers could appear. These circumstances, coupled by the facts that (1) the City took absolutely no steps to put controls in place to ensure that documents would not be destroyed and (2) individually named defendants shredded documents when they

5

knew there was a potential of litigation and continued to shred even after the litigation commenced, could justify the dismissal of the City's Counterclaim against Durkin.

In the event that the Court is not inclined to dismiss the City's Counterclaim against Durkin, Durkin respectfully requests that that the jury be provided with a spoliation inference that will allow the jury to assume that the destroyed the "briefing packets" and other documents provided to Council Members in advance of Council meetings would have been unfavorable to the City and City Council Members.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for relief from the intentional destruction of the "briefing packets" and other documents provided to Council Members in advance of Council meetings and provide a spoliation inference that will allow the jury to assume that the destroyed the "briefing packets" and other documents provided to Council Members in advance of the Council meetings would have been unfavorable to the City and City Council Members.

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By: _____ /s/ Paul A. Logan _____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated:  August 16, 2006

6