IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**OPENING BRIEF OF PLAINTIFF IN SUPPORT OF
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DURKIN'S
<u>BID ON THE RESERVOIR PROJECT</u>**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346740v2 3514-04

## TABLE OF CONTENTS

TABLE OF CITATIONS ..................................................................................................... ii

I. NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................ 1

III. CONCISE STATEMENT OF FACTS ................................................................ 1

IV. ARGUMENT .......................................................................................................... 2

    A. THIS CASE CONCERNS THE APPROPRIATENESS OF TERMINATION OF DURKIN'S CONTRACT, ACCORDINGLY EVIDENCE REGARDING DURKIN'S BID IS IRRELEVANT AND WILL UNFAIRLY PREJUDICE DURKIN ........................................................................... 2

    B. ANALYSIS OF DURKIN'S BID REQUIRES EXPERT TESTIMONY; SINCE THE CITY DID NOT NAME AN EXPERT TO OPINE ON THE BID, ALL EVIDENCE CONCERNING DURKIN'S BID MUST BE EXCLUDED ............................. 4

V. CONCLUSION AND RELIEF SOUGHT ........................................................... 5

# TABLE OF CITATIONS

Page

**Cases**

*Appeal of Blinderman Construction Co., Inc.*, 91-1 B.C.A. (CCH) P23,457; 1990 ASBCA LEXIS 405 (1990) .................................................................................. 4

*Appeal of Caddell Construction Comp.*, 2003-2 B.C.A. (CCH) P32,257, 2003 VA BCA LEXIS 3 (2003) ........................................................................................ 4

*Kempe, et al. v. The Dometic Corp..*, 866 F. Supp. 817, 1994 U.S. Dist. LEXIS 15902 (D. Del. 1994) ............................................................................................... 4

*Raytheon Co. v. White*, 305 F.3d 1354 (Fed. Cir. 2002) ................................................ 3

*United States v. Guerrero*, 803 F.2d 783 (3d Cir. 1986) ................................................ 3

*USH Ventures, et al., v. Global Telesystems Group, Inc.*, 796 A. 2d 7, 2000 Del. Super. LEXIS 108 (Super. Ct. Del. 2000) ............................................................... 4

**Rules**

Fed. R. Civ. P. 26(a) ...................................................................................................... 5

Fed. R. Civ. P. 37(c) ...................................................................................................... 5

Fed. R. Evid. 401 ........................................................................................................... 2

Fed. R. Evid. 402 ........................................................................................................... 2

Fed. R. Evid. 403 ........................................................................................................... 3

Fed. R. Evid. 702 ........................................................................................................... 4

KOP:346740v2 3514-04

I. **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion in Limine to preclude evidence of Durkin's bid on the Reservoir Project (the "Project").

II. **SUMMARY OF ARGUMENT**

Durkin believes that the City and/or URS will attempt to present analysis at the time of trial regarding Durkin's bid in order to create the impression that the bid was deficient in some manner, e.g., it was unreasonably low or a "bad" bid. Initially, any such evidence, whether testimonial or otherwise, should be excluded as being utterly irrelevant to the reasons advanced by City Council in the official meeting minutes and in subsequent correspondence and the pleadings in this case, none of which mention Durkin's bid. Morever, any analysis of Durkin's bid requires expert testimony because the methodology and technical knowledge required to perform such an evaluation is well outside the knowledge of the average juror. Based on common experiences, it is impossible for a layperson to make a qualitative assessment on the technical elements of Durkin's bid on the Project. Because the time for designation of experts has past and the City and URS have failed to name an expert to opine on Durkin's bid, the City and URS should be precluded from introducing evidence of Durkin's bid at the time of trial.

III. **CONCISE STATEMENT OF FACTS**

On the evening of February 2, 2004, City Council went into executive session to discuss the status of Durkin's Contract. During that executive session, special counsel Paul Cottrell made references to Durkin's bid and change orders such as "the dispute dealt with the fact that [Durkin] was losing money on the project;" and "the only way [Durkin] could make money was through change orders." (Executive Session Meeting Minutes, 2/2/04, App. A7). However, there was no analysis of Durkin's bid or the changes orders submitted to Durkin that was presented to City

1

City Council. At the conclusion of the executive session, City Council voted unanimously to terminate Durkin's contract based upon "Durkin's failure to perform under its Contract with the City of Newark."

In subsequent correspondence and in all pleadings, the City has not cited to Durkin's bid or the change orders submitted by Durkin as part of the justification for terminating Durkin's contract. The deadline for the City and URS to name expert witnesses was June 30, 2006, and the City and URS did not name any expert designated and/or qualified to render any analysis of or opinion on Durkin's bid[1]. (Order, App. A1-A5).

### IV.    ARGUMENT

#### A.    This Case Concerns the Appropriateness of Termination of Durkin's Contract, Accordingly Evidence Regarding Durkin's Bid is Irrelevant and Will Unfairly Prejudice Durkin

Any information surrounding Durkin's bid, whether as a comparison to the bid pricing of others on the Project, or in a technical evaluation for reasonableness, is completely irrelevant to this matter. Under the Federal Rules of Evidence, only evidence that is relevant may be admitted. *See* Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Evidence which is not relevant is not admissible. *See* Fed. R. Evid. 402.

This case concerns the City's legal basis and procedure for terminating Durkin's Contract and whether the termination was appropriate. (Complaint, App. A9-A52). Nowhere in the City's Answer, Counterclaim or Third Party Complaint does the City raise any issues or concerns surrounding Durkin's bid. (Answer, App. A53-A94).

Since work commenced on the Project, there was no correspondence forwarded to Durkin from the City or URS up until the time of termination that raised any issue or concern surrounding Durkin's bid. The November 21, 2003 correspondence to Durkin does not mention

---

[1] In fact, no party in this matter has identified an expert who will opine regarding Durkin's bid.

2

Durkin's bid, but instead recites that it was "considering" declaring Durkin in default following Durkin's "failure to present a response to a means and methods for continuation of the project ..." (Letter 11/21/03, App. A95-A96). The Meeting Minutes from the February 2, 2004 Council Meeting where it was voted to terminate Durkin indicate that the reason the City terminated Durkin was "based on [Durkin's] refusal to perform under its Contract with the City of Newark..." (2/2/04 Meeting Minutes App. A99-A100), and the notification letter from the City to Durkin the following day stated that Durkin had been terminated "for cause due to [its] refusal to complete the Work." (Letter 2/3/04, App. A97-A98).

It is respectfully suggested that the time for making any inquiries or allegations concerning the propriety of the bid was prior to the time Durkin was awarded the Contract.[2] At this juncture, any commentary concerning the pricing or other qualitative assessment and opinion of Durkin's bid is completely irrelevant to this matter[3]. The only possible reason for admitting evidence of Durkin's bid is to cast aspersions on their credibility, integrity and reputation, which would only serve to distract the jury from the core issues of this matter. Such irrelevant evidence will mislead the jury and prejudice it against Durkin, and this is exactly what Federal Rule of Evidence 403 was designed to prevent. *See United States v. Guerrero*, 803 F.2d 783 (3d Cir. 1986). Introduction of irrelevant evidence surrounding the bid introduces the risk of the jury basing its decision on something other than the established propositions in the case. *See* Advisory Committee Notes, Fed. R. Evid. 403 (courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis...")

---

[2] URS fully analyzed Durkin's bid and held a pre-award meeting with Durkin to discuss the bid. At the conclusion of the pre-award meeting Joseph Kula, URS Vice President and Technology Leader for Dams and Reservoirs in the Eastern Division, and Project Director, indicated they could not find a reason to eliminate Durkin's bid and Durkin was hired by the City. (Selected portions of Deposition of Joseph Kula, 6/13/06, page 31, lines 11-12, App. A104).

[3] By contrast, in cases where a contractor is arguing "total cost method" of recovery of damages, one of the essential proofs is that the bid is the "reasonableness" of the contractor's bid. *See e.g. Raytheon Co. v. White*, 305 F.3d 1354 (Fed. Cir. 2002). Durkin is not seeking a "total cost method" of recovery of damages in this case and accordingly any evidence of its bid is irrelevant.

3

KOP:346740v2 3514-04

**B.    Analysis of Durkin's Bid Requires Expert Testimony; Since the City Did Not Name An Expert to Opine on the Bid, All Evidence Concerning Durkin's Bid Must be Excluded**

Courts require expert testimony where the subject matter involves a science, education, profession, business or occupation that is beyond the knowledge of the average layperson. *See e.g. Kempe, et al. v. The Dometic Corp..*, 866 F. Supp. 817, 1994 U.S. Dist. LEXIS 15902 (D. Del. 1994); *USH Ventures, et al., v. Global Telesystems Group, Inc.*, 796 A. 2d 7, 2000 Del. Super. LEXIS 108 (Super. Ct. Del. 2000). Rule 702 of the Federal Rules of Evidence provides that "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise ..." *Fed. R. Evid. 702.*

There can be no dispute that any technical analysis or opinion of Durkin's bid requires expert testimony. The average juror does not have the background, experience or knowledge to make an independent qualitative assessment of Durkin's bid to determine if it was reasonable in light of the Project. In order to conduct an analysis of a construction bid, it is necessary to possess technical and specialized knowledge which is clearly outside the realm of a layperson. Construction bid analyses are conducted by specialized construction cost estimators. *See e.g. Appeal of Caddell Construction Comp.*, 2003-2 B.C.A. (CCH) P32,257, 2003 VA BCA LEXIS 3 (2003) (recognizing an expert witness in the area of constructing cost estimating); *Appeal of Blinderman Construction Co., Inc.*, 91-1 B.C.A. (CCH) P23,457; 1990 ASBCA LEXIS 405 (1990) (same).

Analyzing a construction bid requires the application of a very complicated set of technical disciplines. To appropriately analyze Durkin's bid for this Project, it would be necessary to complete the following: (a) analysis of risk factors; (b) interpretation of drawings and blueprints; (c) calculation of the amount of soils to be excavated; (d) determination of type of soils to be excavated; (e) analysis of scheduling; (f) analysis of productivity rates; (g) analysis of

4

equipment rates; (h) analysis of labor rates; (i) knowledge of specialized earthmoving equipment; (j) knowledge of equipment operating characteristics; (k) interpretation of contract specifications; (l) analysis of level of effort; (m) knowledge of boding and insurance. Clearly, these are not areas of common experience. A lay jury cannot be expected to be able to determine from common experience whether Durkin's bid is reasonable and appropriate for this Project.

Rule 26(a) required the City and URS to disclose the identity of any person who may be used as an expert witness. *Fed. R. Civ. P. 26(a)*. The City disclosed its expert witnesses on or about June 30, 2006 and URS disclosed a series of potential witnesses, but it did not disclose any expert witness who would opine on Durkin's bid. Without expert testimony, evidence of Durkin's bid and any argument that it was unreasonable or a "bad" bid is inadmissible under Rule 37(c). *See Rule 37(c)* ("A party without substantial justification fails to disclose [expert witnesses] ... is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed.").

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City and URS from introducing at the time of trial any evidence of Durkin's bid.

Date: August 16, 2006

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: _____/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

5