IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE THE CITY FROM ASSERTING
A JOINT DEFENSE PRIVILEGE BETWEEN THE CITY AND URS
AND
MOTION FOR AN ORDER DIRECTING THE CITY TO
IMMEDIATELY PRODUCE ANY DOCUMENTS BEING WITHHELD
BASED ON THE JOINT DEFENSE PRIVILEGE**

1.  Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract.

2.  Durkin files this Motion in Limine to preclude the City from asserting a joint defense privilege between the City and URS Corporation ("URS") and for an Order directing the City to immediately produce any documents that are being withheld on the basis of such joint defense privilege[1].

---

[1] If any documents are produced to Durkin prior to trial that have been previously withheld under the guise of a joint defense privilege, Durkin reserves the right, after a review of the documents, to file a Motion(s) in Limine to preclude the City from introducing such documents at trial based on, *inter alia*, the City's failure to comply with discovery under the Federal Rules of Civil Procedure.

KOP:346546v2 3514-04

3. On March 16, 2004 Durkin filed a Complaint against the City and URS (Complaint, App. A1-A46).

4. On September 8, 2005 the parties stipulated to the dismissal of URS pursuant to Federal Rule 41(a)(1). (Stipulation, App. A47).

5. After URS was dismissed, the City filed a Third Party Complaint against URS asserting, *inter alia,* "in the event that a judgment should be rendered against [the City] related to the design and/or termination, then [the City] would be entitled to contribution, indemnification, or a pro rata determination of the respective shares of liability from URS ..." (Third Party Complaint, App. A48-A53, ¶5, App. A49).

6. URS filed a Motion to Dismiss the Third Party Complaint or in the alternative to stay the Third Party Complaint. The Court denied URS' Motion and permitted the City to proceed with the Third Party Complaint. (Order 4/5/06, App. A54-A59).

7. Thereafter, URS filed an Answer and Counterclaim to the City's Third Party Complaint. (Answer and Counterclaim, App. A63-A67).

8. In the Counterclaim, URS is seeking to recover against the City payments/reimbursement for (a) services performed to design and supervise the construction of the Reservoir; (b) litigation support services; and (c) payment to Brandywine Nurseries. (App. A65-A66).

9. Throughout discovery in this case, the City has asserted and maintained that there exists a joint defense privileged between the City and URS, and Durkin believes that the City will interpose objections to the introduction of testimony and other evidence based upon an alleged joint defense privilege between the City and URS.

10. By way of example, in the deposition of URS Engineer John Volk, counsel for the City raised the joint defense privilege[2], when Mr. Volk was asked about a meeting between

---

[2] Despite the objection, counsel for the City did permit the witness to answer the questions.

the City, its attorneys and URS personnel[3]. (Volk Deposition 6/20/06, page 55-56, lines 7-20; pages 229-230, lines 19-6 App. A69-A70).

11. The joint defense privilege is sometimes referred to as the "common interest rule." *See Minebea Co., Ltd. v. Papst, et al*, 228 F.R.D. 13, 2005 U.S. Dist. LEXIS 7562 (D. D.C. 2005).

12. It is "an extension of the attorney-client privilege that protects from forced disclosure communications between two or more parties and/or their respective counsel if they are participating in a joint defense agreement." *Id.* at 15 (internal citations omitted).

13. To establish the existence of a joint defense privilege the party claiming the privilege – in this case the City – must demonstrate three (3) factors: (1) the communications must have been made in the course of a joint defense effort; (2) the statements were designed to further that effort; and (3) the privilege has not been waived. *In the Matter of Bevill, Bresler & Schulman Asset Management*, 805 F. 2d 120, 1986 US. App. LEXIS 33560 (3d Cir. 1986).

14. There is no ongoing joint effort between the City and URS to set up a common defense strategy.

15. Even assuming *arguendo* that at one time there was a joint defense effort between the City and URS, it was vitiated when they filed claims one against the other.

16. This Court has not recognized any joint defense privilege between the City and URS, but rather has ordered the City to produce to Durkin certain Excessive Session Meeting Minutes because URS – a third party – was present during those sessions. (Order 5/9/06, App. A60-A62).

17. The City has also identified, through its privilege log, a number of documents that are currently being withheld based, at least in part, upon the assertion of a joint defense privilege with URS.

---

[3] This is just one example of where counsel for the City has interposed an objection based upon the joint defense privilege in a deposition. It is not meant to be an inclusive listing of where the City has raised an objection on this basis in the course of depositions in this case.

18. If the City is continuing to withhold documents from production based on the claim of joint defense privilege, Durkin respectfully requests that this Court order the City to immediately produce all such documents.

19. After a review of any documents previously withheld, Durkin reserves the right to file a Motion(s) in Limine to preclude the City from introducing the documents at trial based on, *inter alia*, the City's failure to comply with discovery under the Federal Rules of Civil Procedure.

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from asserting a joint defense privilege between the City and URS and Order the City to immediately produce any documents that are being withheld on the basis of joint defense privilege.

                    POWELL, TRACHTMAN, LOGAN,
                    CARRLE & LOMBARDO, P.C.

By: _____ /s/ Paul A. Logan _____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

4

KOP:346546v2 3514-04