IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE THE CITY FROM ASSERTING
A JOINT DEFENSE PRIVILEGE BETWEEN THE CITY AND URS
AND
MOTION FOR AN ORDER DIRECTING THE CITY TO
IMMEDIATELY PRODUCE ANY DOCUMENTS BEING WITHHELD
<u>BASED ON THE JOINT DEFENSE PRIVILEGE</u>**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

## TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................. ii

I. NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT .................................................................................. 1

III. CONCISE STATEMENT OF FACTS ...................................................................... 1

IV. ARGUMENT ............................................................................................................. 2

    A. THERE IS NO JOINT DEFENSE PRIVILEGE BETWEEN THE CITY AND URS BECAUSE THEIR INTERESTS ARE ADVERSE ......................................................................................... 2

    B. THE CITY MUST IMMEDIATELY PRODUCE ANY DOCUMENTS IT IS CONTINUING TO WITHHOLD ON THE BASIS OF JOINT DEFENSE PRIVILEGE ................................... 4

V. CONCLUSION AND RELIEF SOUGHT ................................................................ 4

KOP:346547v2 3514-04

# TABLE OF CITATIONS

Page

**Cases**

*In the Matter of Bevill, Bresler & Schulman Asset Management*, 805 F. 2d 120,
  1986 US. App. LEXIS 33560 (3d Cir. 1986) .......................................................... 3

*Minebea Co., Ltd. v. Papst, et al*, 228 F.R.D. 13, 2005 U.S. Dist. LEXIS 7562
  (D. D.C. 2005) ...................................................................................................... 2, 3

**Rules**

Fed. R. Civ. P. 41(a)(1) ............................................................................................... 1

KOP:346547v2 3514-04

## I.   NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion in Limine to preclude the City from asserting a joint defense privilege between the City and URS Corporation ("URS") and Motion for an Order directing the City to immediately produce any documents that are being withheld on the basis of joint defense privilege.

## II.   SUMMARY OF ARGUMENT

Durkin believes that the City will continue at trial to assert a joint defense privilege between the City and URS. However, there is no such privilege. The City has asserted claims against URS, and URS has asserted claims against the City. Without question, the City and URS have adverse interests without any common defense interests to protect. Accordingly, the City cannot in good faith continue to assert the joint defense privilege.

## III.   CONCISE STATEMENT OF FACTS

On March 16, 2004 Durkin filed a Complaint against the City and URS (Complaint, App. A1-A46). On September 8, 2005 the parties stipulated to the dismissal of URS pursuant to Federal Rule 41(a)(1). (Stipulation, App. A47). After URS was dismissed, the City filed a Third Party Complaint against URS asserting, *inter alia,* that "in the event that a judgment should be rendered against [the City] related to the design and/or termination, then [the City] would be entitled to contribution, indemnification, or a pro rata determination of the respective shares of liability from URS ..." (Third Party

Complaint, App. A48-A53, ¶5, App. A49). URS filed a Motion to Dismiss the Third Party Complaint or in the alternative to stay the Third Party Complaint. The Court denied URS' Motion and permitted the City to proceed with the Third Party Complaint. (Order 4/5/06, App. A54-A59). Thereafter, URS filed an Answer and Counterclaim to the City's Third Party Complaint. (Answer and Counterclaim, App. A63-A67). In the Counterclaim, URS is seeking to recover against the City for (a) services performed to design and supervise the construction of the Reservoir; (b) litigation support services; and (c) payment to Brandywine Nurseries. (App. A65-A66).

Throughout the discovery phase of this litigation, the City, without basis, continues to assert the non-existent joint defense privilege between the City and URS with regard to documents and testimony. By way of example, in the deposition of URS Engineer John Volk, counsel for the City raised the joint defense privilege[1] when Mr. Volk was asked about a meeting between the City, its attorneys and URS personnel[2]. (Volk Deposition 6/20/06, page 55-56, lines 7-20; pages 229-230, lines 19-6 App. A69-A70). Now that the City and URS have filed claims one against the other, clearly their interests are adverse and there can be no claim of joint defense privilege.

## IV.    ARGUMENT

### A.    There is No Joint Defense Privilege Between the City and URS Because Their Interests are Adverse

The joint defense privilege is sometimes referred to as the "common interest rule." *See Minebea Co., Ltd. v. Papst, et al*, 228 F.R.D. 13, 2005 U.S. Dist. LEXIS 7562 (D. D.C. 2005). It is "an extension of the attorney-client privilege that protects from forced

---

[1] Despite the objection, counsel for the City did permit the witness to answer the questions.
[2] This is just one example of where counsel for the City has raised the joint defense privilege in a deposition. It is not meant to be an inclusive listing of where the City has asserted this privilege.

2

KOP:346547v2 3514-04

disclosure communications between two or more parties and/or their respective counsel if they are participating in a joint defense agreement." *Id.* at 15 (internal citations omitted). Communications between parties are protected if the parties are "part of an on-going joint effort to set up a 'common defense strategy' in connection with actual or prospective litigation." *Id.*

To establish the existence of a joint defense privilege the party claiming the privilege – in this case the City – must demonstrate three (3) factors. *In the Matter of Bevill, Bresler & Schulman Asset Management*, 805 F. 2d 120, 1986 US. App. LEXIS 33560 (3d Cir. 1986). First, the communications must have been made in the course of a joint defense effort. *Id.* Second, the statements were designed to further that effort. *Id.* And, third, the privilege has not been waived. *Id.* The City is unable to demonstrate these factors.

There is no ongoing joint effort between the City and URS to set up a common defense strategy. Even assuming *arguendo* that at one time there was a collaborative effort between the City and URS, it was vitiated when the City filed the Joinder Complaint, and URS counterclaimed for unpaid fees.

Despite the City's arguments to the contrary, this Court has not recognized a joint defense privilege between the City and URS. On May 9, 2006, this Court ordered the City to produce to Durkin certain Excessive Session Meeting Minutes because URS – a third party – was present during those sessions. (Order 5/9/06, App. A60-A62). Clearly, there is no joint defense privilege between the City and URS, and the City must be precluded from objecting to testimony and the production of documents on that basis at trial.

3

**B.　The City Must Immediately Produce any Documents it is Continuing to Withhold on the Basis of Joint Defense Privilege**

If the City is continuing to withhold documents from production based on the claim of joint defense privilege, Durkin respectfully requests that this Court order the City to immediately produce all such documents. With no colorable basis to assert a joint defense privilege between the City and URS, the City cannot continue to withhold documents on that basis. After a review of any documents previously withheld, Durkin reserves the right to file a Motion(s) in Limine to preclude the City from introducing the documents at trial based on *inter alia* the City's failure to comply with discovery under the Federal Rules of Civil Procedure.

## V.　CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from asserting a joint defense privilege between the City and URS and Order the City to immediately produce any documents that are being withheld on the basis of joint defense privilege.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: _____/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

4

KOP:346547v2 3514-04