**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) | |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION OF DURKIN'S MOTION FOR RELIEF FROM INTENTIONAL DESTRUCTION OF "BRIEFING PACKETS" AND OTHER INFORMATION PROVIDED TO CITY COUNCIL IN ADVANCE OF COUNCIL MEETINGS**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . 1

ARGUMENT . . . . . . . . . .

**I. THERE IS NO EVIDENCE THAT THE BRIEFING PACKETS WERE DESTROYED WITH THE INTENT TO IMPAIR LITIGATION** . . . . . . . . . . 2

**II. DURKIN IS NOT PREJUDICED** . . . . . . . . . . 3

**III. THE BRIEFING PACKETS WOULD BE PRIVILEGED ANYWAY** . 3

CONCLUSION . . . . . . . . . . 3

# TABLE OF AUTHORITIES

**Case** **Page**

*Brewer vs. Quaker State Oil Refiningh Corp.,* 72 F.3d 326, 334 (3d Cir. 1995) . . . . . . . 2

*Telecom Intern. Ltd. Vs. AT&T Corp.,* 189 F.R.D. 76, 81 (S.D.N.Y. 1999) . . . . . . . . . . . .3

**Other Authority**

29 *Am. Jur.2d Evidence* § 177 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . . . . . .2

31A *C.J.S. Evidence* § 156(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin's action arises out of the termination of its contract with Newark for the Newark Water Supply Reservoir (the "Project"). Durkin seeks relief because Council members did not save documents they were provided when voting to terminate the contract.

## SUMMARY OF ARGUMENT

The vote to terminate occurred before litigation was initiated and there has been no evidence showing that the documents were destroyed with the intention to impair the litigation such that a curative relief would be appropriate. Further, the absence of this information does not prejudice Durkin.

## STATEMENT OF FACTS

When the Project was 70% complete Durkin refused to perform certain aspects of construction and as a result its contract with Newark was terminated. Over a month after voting to terminate the contract, Durkin filed suit. Durkin filed its discovery requests seeking all documents relied upon in voting to terminate Durkin.

## ARGUMENT

### I. THERE IS NO EVIDENCE THAT THE BRIEFING PACKETS WERE DESTROYED WITH THE INTENT TO IMPAIR LITIGATION

In order to justify relief, it must be shown that materials were destroyed with the intent to impair the other side from effectively litigating its case. There is no evidence to support this

requirement.  Councilmember Karl Kalbacher testified:

> A.  At times we received documents that were in our packet.  We get a weekly packet.  But you have to understand, you know, we get a lot of stuff, and from my own -- my own perspective, I try not to keep too much material, because otherwise I would have a very, very big library.  So I review the material that's provided to me and then I dispose of it.
> Q.  Did you dispose of all of the materials that you were provided in your weekly packets regarding the --
> A.  Yes.
> Q.  -- Donald M. Durkin Contracting -- you have to let me finish.  That's another instruction.  The Donald M. Durkin contract performance?
> A.  Yes.
> ⋮
> Q.  Do you recall discarding any written materials in your possession since the date this lawsuit was commenced, or at least that you knew about the lawsuit?
> A.  I don't think about that, so I would -- my normal practice is to discard materials, so I -- I don't have any materials.

(Exhibit A).

This hardly rises to a level warranting relief.  "[I]t must appear that there has been an actual suppression or withholding of the evidence." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995) also quoting 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d *Evidence* § 177: "Such a presumption or inference...does not arise where the destruction was a matter of routine with no fraudulent intent."  Durkin has offered absolutely no evidence that the briefing packets were intentionally destroyed, or that such documents were destroyed with the intent to harm Durkin.  (*See* Plaintiff's *Motion* at Page 4, arguing only that the City failed to take steps to preserve the documents).

The packets were disposed by Council members as a routine practice at or about the time they were received.  Newark never contemplated that Durkin would sue Councilmembers personally, so Newark had no reason to institute a document retention program as to the

individuals. Durkin's lawsuit was filed over a month after the termination vote, and Durkin's request for the materials occurred still months later, therefore any duty to preserve the materials arose after the destruction had already occurred. *See, Telecom Intern. America, Ltd. v. AT & T Corp.*, 189 F.R.D. 76, 81 (S.D.N.Y.,1999).

## II.    DURKIN IS NOT PREJUDICED

Durkin has offered no more than a blanket assertion that it will be "highly" prejudiced because it cannot recreate the contents of the briefing packets. But the information contained in packets is not critical to its case. Durkin contends it was terminated wrongfully both factually and procedurally. The procedure is evidenced by a chain of correspondence and other factors not related to the packets. The factual underpinnings of the termination are evidenced by whether *Durkin* was performing, or had reason not to.

And it is unclear how the packets could have contained information unfavorable to Durkin. No matter what the packets contained, the fact remains that Durkin refused to perform and Newark terminated the contract. Any negative inference instruction to the jury would provide Durkin unfair and unwarranted advantage.

## III.    THE BRIEFING PACKETS WOULD BE PRIVILEGED ANYWAY

If the Court determines that what the Council knew was relevant to the litigation, and that litigation was anticipated, the documents would be protected by attorney-client and work-product privilege anyway.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Durkin's Motion for Relief.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*