# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF IN OPPOSITION OF DURKIN'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DURKIN'S BID ON THE RESERVOIR PROJECT

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**Case**                                                                                                         **Page**

*None cited*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**Other Authority**

*None cited*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin's action arises out of the termination of its contract with Newark for the Newark Water Supply Reservoir (the "Project"). Durkin seeks to exclude evidence of its bid for the Project.

## SUMMARY OF ARGUMENT

Durkin's bid is relevant to the key issues of whether Durkin's refusal to perform was due to its failure to include sufficient money in its bid price or whether there was a genuine inability to do the work. Durkin's embarrassment of its own work product is insufficient reason to exclude evidence of its bid.

## STATEMENT OF FACTS

The estimated cost for construction of the Project was $12,500,000. Bids were solicited and Durkin was the lowest of nine bidders for the Project, at $9,679,000. The next bid was $1,891,000 higher ($11,570,000). After Newark and its engineer reviewed Durkin's bid, Durkin and Newark entered into a contract for the amount of $9,679,000. When the project was approximately 70% complete, Durkin alleged that certain portions of the project could not be constructed and refused to perform. As a result, Newark terminated its contract with Durkin.

## ARGUMENT

Durkin contends that it was wrongfully terminated, not only procedurally, but factually, in that there was no reason to terminate. The reasons for termination are all relevant trial issues.

Durkin has questioned Newark Councilmembers (the individually named Defendants)

regarding what they knew when making the decision to terminate.  Durkin has filed a *Motion in Limine* related to the "briefing packets" the Councilmembers received before voting to terminate because it believes the Councilmembers' knowledge at the time of termination is critical.  Durkin has made much of comments by Newark's counsel regarding Durkin's bid the night the termination vote occurred.  So Durkin believes certain information in the minds of Councilmembers is important (what was in the briefing packets) yet other information they had is not so important (Durkin's bid) and should be excluded.  Durkin's own pending *Motion* admits that the bid is relevant!

In addition to going to what Councilmembers knew at the time of termination, Durkin's bid is relevant to the determination of whether Durkin's refusal to perform was due to its failure to include sufficient money in its bid price or whether there was a genuine inability to do the work.  It has been contested whether Durkin properly understood the work they were to do on the Project (including the Zone IV soils placement at issue).

Durkin's bid was prepared literally by their review of the plans and specifications to determine what work they will have to perform and the means and methods they will use to perform that work. (Exhibit A, Deposition of Donald M. Durkin, Pages 7, 8 and 15).  As Donald Durkin testified, in preparing the bid, he has to "determine the activities that are involved in the construction" (Exhibit A, Depo. Durkin, Page 12).  Durkin obtains "prices for those materials that we may need in the performance of those activities" (Id.).  In other words, the very numbers in the bid and bid take-off process will indicate whether Durkin really understood the job it had to do.  Donald Durkin was specifically asked about how he determined his means and methods of construction, which is at the heart of its case:

> Q. When you do these take-offs you look at the plans and specs and determine what activities your company is going to perform. Does that include the means and methods by which you're going to perform that work?
> A. When we get around to determining the cost to do the activities you would have to have an understanding of how you're going to do the work. (Page 15).
> ⋮
> Q. But specifically with regard to the Zone IV soils that covered the liner that's at issue in this case, isn't that an activity that your company performed or attempted to perform?
> A. Yes, did perform.
> Q. So in determining your bid price did you also consider the means and methods by which you would install that soil cover?
> A. Yes, we would have applied a cost to what we thought that would take to do that. (Exhibit A, Depo. Durkin, Page 16).
> ⋮
> Q. Did you plan for any temporary conditions to control ground and surface water during construction?
> A. Do I have a line item for that?
> Q. Yes. (Id., Pages 41 to 42).

Durkin went on to testify that he failed to include in their bid price the cost of screening the Zone IV material (Id., Page 191). Durkin failed to include a price in its bid for the monitoring of the placement of soil materials (Id., Pages 77 to 78). The fact is that Durkin was losing $3 million on the Project at the time of termination and would have lost still more had they followed the Engineer's instructions and completed the placement of the Zone IV soils as designed (Id., Pages 149 to 150).

Evidence of the Durkin bid will allow the jury to weigh whether Durkin's refusal to place Zone IV materials was due to its inability to perform the work or rather, as the City claims, Durkin simply failed to include in its bid the necessary monies to perform this work and that is why it demanded a re-design (as this would have garnered additional payments).

Even Federal Insurance Company ("Federal"), Durkin's bond carrier, questioned whether Durkin bid the project too low, since, as testified to by Federal's witness, Ellen Cavallaro, the

underwriters "want to assure themselves that there was no mistake in the bid, that there was no simple mathematical error or something of that kind, or a failure to consider all of the circumstances regarding performing the work." (Exhibit B, Deposition of Ellen Cavallaro, Page 6, Lines 14-18).

Durkin argues that it will be unfairly prejudiced if its bid is admitted, yet Durkin is the one who submitted the bid so how can it be prejudiced by its own work product? And if it is prejudiced, it must be because the bid reveals a problem. Durkin's embarrassment is not sufficient reason to exclude this evidence.

## **CONCLUSION**

WHEREFORE, Defendant City of Newark respecfully requests that this Court deny Plaintiff's Motinon in Limine to Exclude Evidence of Durkin's Bid on the Reservoir Project.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*