IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**PLAINITFF'S MOTION IN LIMINE
REGARDING THE JUDICIAL ADMISSION OF THE CITY OF NEWARK
PROVIDING PRIOR WRITTEN NOTICE OF INTENT
TO TERMINATE THE CONTRACT**

1. Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2. Pursuant to Section 15.2.4 of the Contract, the City was required to provide Durkin and its surety with seven (7) days written notice of its intention to terminate Durkin for default.

3. Durkin files this Motion in Limine to preclude the City from arguing or attempting to present any evidence that controverts their prior contentions in pleadings

that the November 21, 2003 letter from Carl Luft to Durkin and Federal Insurance Company represented the required seven day prior written notice to Durkin of the City's intention to terminate the Contract. (November 21, 2003 letter, App. A3-A4).

4. Durkin believes that the City may attempt to introduce alternate writings other than the November 21, 2003 letter as the required seven day prior written notice of its intention to terminate the Durkin Contract.

5. From the commencement of this litigation, the City has maintained that the letter of November 21, 2003 is when it "gave written notice of its intent to terminate the Contract." (Answer, Counterclaim, ¶19, App. A 25).

6. In its third party breach of contract claim, the City also admits that the letter of November 21, 2003 was the prior written notice of intent to terminate. (Answer, Third Party Claim, Breach of Contract, ¶9, App. A28).

7. Throughout the City's Answering Brief to Durkin's Motion for Declaratory Judgment, it repeatedly pointed to the letter of November 21, 2003 as the prior written notice of its intent to terminate the Contract. (Answering Brief to Motion for Declaratory Judgment, p. 10, 18 and 19 n. 6, App. A83, A91, A92. See also p. 23 and 24 App. A96, A97).

8. The City continued to maintain in its Answering Brief to Durkin's Motion for Partial Summary Judgment that the letter of November 21, 2003 was the prior written notice of its intent to terminate the Contract. (Answering Brief to Motion for Partial Summary Judgment, pages 2 and 9, App. A118, A125).

9. The City also responded to Federal Insurance Company's Motion for Summary Judgment, again maintaining that the letter of November 21, 2003 was the

prior written notice of its intent to terminate the Contract. (Answering Brief to Federal's Motion for Summary Judgment, p. 11, 14 and 15, App. A150, A153, A154).

10. These affirmative representations in the pleadings filed of record by the City are judicial admissions that the City regarded the letter of November 21, 2003 as the prior written notice of intention to terminate Durkin's Contract.

11. However, when the City's Rule 30(b)(6) designee, Carol Houck, was deposed on March 22-23, 28 & 30, 2006, she testified that a letter dated February 3, 2004 actually constituted the City's prior written seven day notice of intention to terminate Durkin's Contract. (Houck Deposition 3/28/06, page 379, App. A10). (February 3, 2004 letter[1], App. A5-A6). (Houck Errata Sheet, page 3, App. A13).

12. A judicial admission is a formal statement that is made by a party or its attorney in the course of judicial proceedings which removes the admitted fact from controversy. *See Krauss v. State Farm Mutual Automobile Ins. Co.*, 2004 Del. Super. LEXIS 127 (Del. Super. Ct., 2004).

13. If factual matters in issue have been judicially admitted, they are binding on the tendering party. *See e.g. Parilla v. IAP Worldwide Services, VI, Inc., et al.*, 368 F. 3d 269 (3rd Cir. 2004).

14. An admission in a pleading is a judicial admission which is binding on the litigant. *See e.g. Consolidated Rail Corporation v. Providence & Worcester Co.*, 540 F. Supp. 1210, 1220, n.2 (D. Del. 1982) (internal citations omitted).

---

[1] Interestingly, the February 3, 2004 correspondence indicates that the November 21, 2003 correspondence satisfied the notice requirements under the Contract. (February 3, 2004 letter, App. A5-A6).

15. A litigant is also bound by admissions made in briefs filed with the Court. *See e.g. Phila. Reinsur. Corp. v. Employers Ins. Of Wausau*, 61 Fed. Appx. 816 (3rd Cir. 2003) (Finding Defendant's statement in a Rely Brief to be a judicial admission.).

16. The City must be precluded at the time of trial from attempting to introduce any document other than the November 21, 2003 letter as its purported seven day prior written notice of intent to terminate the Contract.

17. Judicial estoppel prevents a party from advancing an argument that contradicts a position that the party previously took and the court was persuaded to accept as a basis for a ruling. *See Lillis, et al., v. AT&T, et al.*, 869 A. 2d 871, 2005 Del. CH. LEXIS 130 (2005).

18. This Court relied on the City's position that the November 21, 2003 letter constituted the requisite prior written notice of intent to terminate Durkin's Contract in denying Federal's Motion: "It seems that Federal misapprehends the City's position, which is (1) that the letter of November 21 satisfied its obligation under the terms of the bond ..., as well as its obligation under the construction contract ..." (Court Opinion, 4/5/06, p. 4, App. A162).

19. Accordingly, the City cannot, under the doctrine of judicial estoppel, change its factual and legal position to argue that a different document actually represents the prior written notice of intent to terminate Durkin's Contract.

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from presenting evidence at trial that any document other than the November 21, 2003 letter is alleged to be the seven day prior written notice from the City of its intention to terminate Durkin's Contract.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: ________/s/ Paul A. Logan________
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006