IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION IN LIMINE
REGARDING THE CITY OF NEWARK'S JUDICIAL ADMISSION
REGARDING PRIOR WRITTEN NOTICE OF INTENT
<u>TO TERMINATE THE CONTRACT</u>**

>POWELL, TRACHTMAN, LOGAN,
>CARRLE & LOMBARDO, P.C.
>Paul A. Logan
>Delaware Supreme Court ID #3339
>475 Allendale Road, Suite 200
>King of Prussia, PA 19406
>Telephone: 610-354-9700
>Telefacsimile: 610-354-9760
>*Attorneys for Plaintiff and Third Party
>Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346650v2 3514-04

## TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................ ii

I.   NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II.  SUMMARY OF ARGUMENT ............................................................................ 1

III. CONCISE STATEMENT OF FACTS ................................................................ 2

IV.  ARGUMENT ........................................................................................................ 3

   A.   THE CITY HAS JUDICIALLY ADMITTED THAT THE LETTER DATED NOVEMBER 21, 2003 IS THE DOCUMENT IT CONTENDS SATISFIED THE REQUIREMENT FOR PRIOR WRITTEN NOTICE OF INTENT TO TERMINATE DURKIN'S CONTRACT ................................. 3

   B.   THE DOCTRINE OF JUDICIAL ESTOPPEL PRECLUDES THE CITY FROM ASSERTING DATES OTHER THAN NOVEMBER 21, 2003 AS THE DATE WHEN IT BELIEVES IT PROVIDED NOTICE UNDER THE CONTRACT ................................. 5

V.   CONCLUSION AND RELIEF SOUGHT ........................................................... 6

KOP:346650v2 3514-04

# TABLE OF CITATIONS

Page

**Cases**

*Consolidated Rail Corporation v. Providence & Worcester Co.,* 540 F. Supp. 1210, 1220, n.2 (D. Del. 1982) (internal citations omitted) .......................... 4

*Ervin v. Vesnaver, et al.,* 2000 Del. Super. LEXIS 312 *5 (Del. Super. Ct. 2000) ................................................................................................................ 3

*Krauss v. State Farm Mutual Automobile Ins. Co.,* 2004 Del. Super. LEXIS 127 (Del. Super. Ct., 2004) ............................................................... 3

*Lillis, et al., v. AT&T, et al.,* 869 A. 2d 871, 2005 Del. CH. LEXIS 130 (2005) ................................................................................................................ 6

*Parilla v. IAP Worldwide Services, VI, Inc., et al.,* 368 F. 3d 269 (3rd Cir. 2004) ................................................................................................................ 3

*Pesta v. Warren, et al.,* 2004 Del. Super. LEXIS 173 (Del. Super. Ct., 2004) ................................................................................................................ 6

*Phila. Reinsur. Corp. v. Employers Ins. Of Wausau,* 61 Fed. Appx. 816 (3rd Cir. 2003) ..................................................................................................... 4

KOP:346650v2 3514-04

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion in Limine to preclude the City from arguing or attempting to introduce evidence that any writing other than the November 21, 2003 letter from Carl Luft to Durkin and Federal Insurance Company represents the City's purported seven date prior written notice of its intention to terminate Durkin's Contract as required under the terms of the Contract[1].

## II. SUMMARY OF ARGUMENT

Durkin believes that the City will attempt at trial to introduce evidence in the form of documents other than the letter of November 21, 2003 as satisfying the seven day prior written notice of its intention to terminate Durkin as required under the Contract. However, the City has made several representations and judicial admissions that it contends the November 21, 2003 letter represents that prior written notice of the City's intent to terminate the Contract. Additionally, based on the doctrine of judicial estoppel, the City cannot now argue that any document other than the November 21, 2003 letter constitutes the seven day prior written notice of the City's intent to terminate the Contract.

---

[1] Pursuant to the Section 15.2.4 of the Contract, the City was required to provide Durkin and its surety with seven (7) days written notice of its intention to terminate Durkin for default. Durkin has disputed that the November 21, 2003 correspondence was requisite "prior written notice" as required under the Contract.

1

### III.   CONCISE STATEMENT OF FACTS

Durkin and the City entered into a Contract for the construction of a water supply reservoir. Under the Contract, the City was to provide Durkin with seven (7) days written notice of its intention to terminate Durkin for default. (Relevant portions of the Contract, App. A1-A2). Throughout this litigation, the City has argued, and indeed judicially admitted, that it did provide Durkin with the requisite notice of its intention to terminate by virtue of correspondence dated November 21, 2003. (November 21, 2003 letter, App. A3-A4). However, when the City's Rule 30(b)(6) designee, Carol Houck, was deposed on March 22-23, 28 and 30, 2006, she testified that other documents may now be tendered by the City at trial as the prior written notice of intent to terminate the Contract.

Initially, the City's Rule 30(b)(6) designee testified that a February 3, 2004 correspondence was "notice" of termination pursuant to the Contract[2]. (February 3, 2004 letter, App. A5-A6). (Houck Deposition 3/28/06, page 379, App. A10). Subsequently, through the deposition errata sheets, the City's designee identified a number of other documents the City may contend satisfied and constituted the seven day prior written notice of intent to terminate Durkin's Contract, to wit:

> Notice of termination was provided by ... letter dated November 20, 2003 signed by Carol Houck and by ... letter dated November 21, 2003, signed by Carl Luft, and partially composed by Carol Houck. I believe that the November 21, 2003 letter provided notice under the Performance Bond and the 7 day notice under the Construction Contract, which understanding is reflected in ... letter dated February 3, 2004. Notice of termination was also provided by ... letter dated December 30, 2003 ... Even if the November 21, 2003 letter was notice under the Performance Bond and not the Construction Contract, notice was provided by ... a letter dated February 3, 2004 signed by Carl Luft and following Councils [sic] approval to terminate at its council meeting of February 2, 2004. [A]

---

[2] Interestingly, the February 3, 2004 correspondence confirms the position taken by the City in its pleadings of record by indicating that the November 21, 2003 letter satisfied the notice requirements under the Contract. (February 3, 2004 letter, App. A5-A6).

2

letter dated February 4, 2004, signed by Newark Legal Counsel Paul Cottrell further confirms notice of termination along with an extension of the effective date as a result of communication with Durkin Counsel Paul Logan.

(Houck Errata Sheet, page 3, App. A13).

Through its consistent written position in the pleadings, the City has judicially admitted that the letter dated November 21, 2003 is the means by which it purported to provide the seven day prior written notice of intent to terminate the Contract. Furthermore, based on the doctrine of judicial estoppel, the City cannot now select another date(s) and/or writing as the required prior written notice of intent to terminate the Contract. Accordingly, Durkin respectfully asks this Court to grant this Motion in Limine and preclude the City from offering evidence or arguing that any document other than the letter dated November 21, 2003 can be alleged to constitute the seven day prior written notice of intent by the City to terminate Durkin's Contract.

## IV.     ARGUMENT

### A. The City has Judicially Admitted That the Letter Dated November 21, 2003 is the Document it Contends Satisfied the Requirement for Seven Days Prior Written Notice of Intent to Terminate Durkin's Contract.

A judicial admission is a formal statement that is made by a party or its attorney in the course of judicial proceedings which removes the admitted fact from controversy. *See Krauss v. State Farm Mutual Automobile Ins. Co.*, 2004 Del. Super. LEXIS 127 (Del. Super. Ct., 2004). "Judicial admissions are not a means of evidence, but a waiver of all controversy and therefore are a limitation on the issues." *See Ervin v. Vesnaver, et al.*, 2000 Del. Super. LEXIS 312 *5 (Del. Super. Ct. 2000) (internal citations omitted). If factual matters in issue have been judicially admitted, they are binding on the tendering party. *See e.g. Parilla v. IAP Worldwide Services, VI, Inc., et al.*, 368 F. 3d 269 (3rd Cir. 2004). An admission

3

in a pleading is a judicial admission which is binding on the litigant. *See e.g. Consolidated Rail Corporation v. Providence & Worcester Co.,* 540 F. Supp. 1210, 1220, n.2 (D. Del. 1982) (internal citations omitted). A litigant is also bound by admissions made in briefs filed with the Court. *See e.g. Phila. Reinsur. Corp. v. Employers Ins. Of Wausau,* 61 Fed. Appx. 816 (3rd Cir. 2003) (Finding Defendant's statement in a Rely Brief to be a judicial admission.).

From the start of this litigation, the City has maintained that the letter dated November 21, 2003 represents the "written notice of its intent to terminate the Contract." (Answer, Counterclaim, ¶19, App. A25). In its third party breach of contract claim, the City also contends that the letter of November 21, 2003 was the prior written notice of the City's intent to terminate the Contract. (Answer, Third Party Claim, Breach of Contract, ¶9, App. A28).

Throughout the City's Answering Brief to Durkin's Motion for Declaratory Judgment, it repeatedly pointed to the November 21, 2003 letter as the required written notice of intent to terminate the Contract:

> By letter dated November 21, 2003, pursuant to §15.2 of the Contract, Newark advised Durkin that it was "considering declaring [Durkin] in default," that Notice was occasioned by Durkin's "failure to present a response to a means and methods for continuation of the project in accordance with our contract," ...
>
> The opportunity for Durkin to bring a declaratory judgment action was during the 73 days between *the November 21, 2003, Notice of intention to terminate,* and the February 2, 2004, resolution to terminate.
>
> [T]he only procedure required under the Contract is 7 days written notice, which Newark gave to Durkin in the November 21, 2003 [ ] letter.

(Answering Brief to Motion for Declaratory Judgment, p. 10, 18 and 19 n. 6, App. A83, A91, A92; See also p. 23 and 24 App. A96, A97).

4

The City continued to maintain in its Answering Brief to Durkin's Motion for Partial Summary Judgment that the November 21, 2003 letter constituted the prior written notice of intent to terminate the Contract. (Answering Brief to Motion for Partial Summary Judgment, pages 2 and 9, App. A118, A125). The City also responded to Federal Insurance Company's ("Federal") Motion for Summary Judgment, again maintaining that the November 21, 2003 letter served as the City's prior written notice of its intent to terminate Durkin's Contract:

> Federal also argues that the November 21 Letter did not constitute notice, a position totally contrary to the facts. There is no other possible interpretation for the November 21 Letter ...
>
> The November 21 Letter provided the requisite notice for default in accordance with the ... construction contract.
>
> [T]he November 21 Letter was sufficient notice under ... the construction contract ...

(Answering Brief to Federal's Motion for Summary Judgment, p. 11, 14, 15, App. A150, A153, A154).

The City has steadfastly maintained throughout the course of the pleadings, and therefore judicially admitted in pleadings and in briefs filed with the Court, that it contends the November 21, 2003 letter acted as the required seven day prior written notice of intent to terminate Durkin's Contract. Consequently, the City must be precluded at the time of trial from attempting to introduce any evidence or writing other than the November 21, 2003 letter as allegedly satisfying the seven day prior written notice of intent to terminate Durkin's Contract.

### B. The Doctrine of Judicial Estoppel Precludes the City from Asserting Dates other than November 21, 2003 as the Date when It Believes it Provided Notice under the Contract

Judicial estoppel prevents a party from advancing an argument that contradicts a position that the party previously took, and the court was persuaded to accept as a basis for a ruling. *See Lillis, et al., v. AT&T, et al.,* 869 A. 2d 871, 2005 Del. CH. LEXIS 130 (2005). The purpose of judicial estoppel is to protect the judicial proceedings. *See Pesta v. Warren, et al.,* 2004 Del. Super. LEXIS 173 (Del. Super. Ct., 2004).

As noted *infra*, the City repeatedly advanced the argument that the letter dated November 21, 2003 was the prior written notice of the City's intention to terminate Durkin's Contract, including its response to Federal's Motion for Summary Judgment. This Court affirmed the City's characterization of the September 21, 2003 letter, and in fact relied upon the City's position in framing its decision on Federal's Motion:

"It seems that Federal misapprehends the City's position, which is (1) that the letter of November 21 satisfied its obligation under the terms of the bond ..., as well as its obligation under the construction contract ..." (Court Opinion, 4/5/06, p. 4, App. A162).

Accordingly, the City, having purposefully and consistently held out the November 21, 2003 letter as the alleged seven day prior written notice of intent to terminate Durkin's Contract and induced reliance by the Court on this argument, is judicially estopped from changing its position and offering a series of writings at trial for the jury to consider as satisfying the requirements for seven days prior written notice of intent to terminate the Contract, as was suggested by the errata sheet entries of Ms. Houck's deposition transcript.

## V.     CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from presenting evidence at trial that any date(s) or writing other than the November 21,

2003 letter is alleged to be the seven day prior written notice of intent by the City to terminate Durkin's Contract.

> **POWELL, TRACHTMAN, LOGAN,
> CARRLE & LOMBARDO, P.C.**
>
> By: _____/s/ Paul A. Logan_____
> Paul A. Logan
> Delaware Supreme Court ID #3339
> 475 Allendale Road, Suite 200
> King of Prussia, PA 19406
> Telephone: 610-354-9700
> Telefacsimile: 610-354-9760
> *Attorneys for Plaintiff and Third Party
> Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

7