IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**PLAINTIFF'S MOTION IN LIMINE
TO PRECLUDE THE CITY FROM OFFERING EVIDENCE
THAT THE METHOD FOR PAYMENT FOR INCOMPLETE WORK
IS OTHER THAN ON A TIME AND MATERIAL BASIS**

1. Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract.

2. Durkin files this Motion in Limine to preclude the City from offering evidence of any computational method for paying for incomplete work under the Contract other than what was testified to by the City's Rule 30(b)(6) designee.

3. The City designated and produced Carol Houck, Assistant City Administrator, as its Rule 30(b)(6) witness. (Selected portions Carol Houck 3/23/06 Deposition, page 183, lines 11-19, App. A 3).

KOP:346556v2 3514-04

4. During the deposition, Houck was asked how under the Contract the City was to pay for incomplete work up to the date of termination. (Selected portions Carol Houck 3/30/06 Deposition, App. A 6, page 668-669, lines 24-11).

5. In response, Houck testified that all incomplete work is to be paid for on a time and materials basis up through the date of termination. (App A6, Page 668-669, lines 24-11).

6. Houck, as the City's 30(b)(6) designee, is not testifying as to *her personal opinions* but rather she is testifying as to the City's "position" on the topic. *See e.g. America v. Taylor, et al.*, 166 F.R.D. 356 (M.D. N.C. 1996).

7. Accordingly, the City is bound by its designee's testimony. *Ierardi v. Lorillard*, 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991).

8. The City cannot proffer new or different allegations or testimony at the time of trial that could have been made at the Rule 30(b)(6) deposition. *See Rainey v. Amer. Forrest & Paper Ass'n*, 26 F. Supp 2d 82 (D. D.C. 1998).

9. Subsequent to the 30(b)(6) deposition, Houck prepared deposition errata sheets with extensive changes and "clarifications" to her deposition testimony. (App. A7-A13).

10. Neither Houck nor the City changed or clarified her testimony on the method of payment for incomplete work under the Contract.

11. The City did not designate present a different 30(b)(6) designee to clarify or change the City's position.

12. In the event the City desired to advance a different interpretation of payment for imcomplete work, the City had an affirmative duty under Rule 26(e)(2) to amend its response. *Fed. R. Civ. P. 26(e)(2)(B)*.

KOP:346556v2 3514-04

13. Durkin concurs with Houck's interpretation of the Contract language in that regard, namely that regardless of whether the City breached the Contract, all incomplete work is to be paid for on a time and materials basis.

14. Because the City's interpretation and admission concerning the Contract terms governing payment for incomplete work is consistent with Durkin's understanding of that portion of the Contract, Durkin did not retain the services of a construction contract expert to provide an opinion on contract interpretation for payment for incomplete work.

15. It would be highly prejudicial, and contrary to the Federal Rules of Civil Procedure and applicable caselaw, to permit the City to argue or present evidence of a method for payment for incomplete work that differs from what was testified to by its 30(b)(6) designee[1].

---

[1] Under Delaware Rule of Civil Procedure Rule 30(b)(6) (which is similar to Federal Rule 30(b)(6)) the Delaware Supreme Court affirmed the lower court's ruling prohibiting testimony that was contrary to the 30(b)(6) designee's testimony on two bases. *See Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Comp., Inc., et al.* 866 A. 2d 1, 2005 Del. LEXIS 41 (Del. Sup. Ct. 2005). First, the new proffered testimony would reverse all prior positions on the issue and second, the reversal in position would be highly prejudicial. *Id.*

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from presenting evidence or arguments of a method for calculating payment for incomplete work other than on a time and materials basis.

        **POWELL, TRACHTMAN, LOGAN,**
        **CARRLE & LOMBARDO, P.C.**

        By: _____/s/ Paul A. Logan_____
        Paul A. Logan
        Delaware Supreme Court ID #3339
        475 Allendale Road, Suite 200
        King of Prussia, PA 19406
        Telephone: 610-354-9700
        Telefacsimile: 610-354-9760
        *Attorneys for Plaintiff and Third Party*
        *Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006