IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE THE CITY FROM OFFERING EVIDENCE
THAT THE METHOD FOR PAYMENT FOR INCOMPLETE WORK
IS OTHER THAN ON A TIME AND MATERIAL BASIS**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346553v2 3514-04

## TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................................................. ii

I. NATURE AND STAGE OF PROCEEDINGS ................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................ 1

III. CONCISE STATEMENT OF FACTS ................................................................ 1

IV. ARGUMENT ......................................................................................................... 2

    A. THE CITY IS BOUND BY ITS DESIGNEE'S TESTIMONY INDICATING THAT INCOMPLETE WORK UNDER THE CONTRACT IS TO BE PAID ON A TIME AND MATERIALS BASIS ................................................................ 2

    B. DURKIN WILL BE HIGHLY PREJUDICED IF THE CITY IS PERMITTED TO CHANGE ITS POSITION REGARDING HOW INCOMPLETE WORK IS TO BE PAID UNDER THE CONTRACT ................................................................... 3

V. CONCLUSION AND RELIEF SOUGHT .......................................................... 4

KOP:346553v2 3514-04

# TABLE OF CITATIONS

Page

**Cases**

*America v. Taylor, et al.*, 166 F.R.D. 356 (M.D. N.C. 1996) ................................ 2

*Ierardi v. Lorillard,* 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991) ................ 2, 3

*Rainey v. Amer. Forrest & Paper Ass'n*, 26 F. Supp. 2d 82 (D. D.C. 1998) ........ 2

*Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Comp., Inc., et al.*,
866 A. 2d 1, 2005 Del. LEXIS 41 (Del. Sup. Ct. 2005) ........................ 4

**Rules**

Del. R. Civ. P. 30(b)(6) ................................................................................ 4

Fed. R. Civ. P. 26(e)(2) ............................................................................... 3

Fed. R. Civ. P. 26(e)(2)(B) .......................................................................... 3

Fed. R. Civ. P. 30(b)(6) ........................................................................... 1, 2

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract. Durkin files this Motion in Limine to preclude the City from offering evidence or arguments that the method for paying for incomplete work under the Contract is other than on a time and materials basis, as was testified to by the City's designee pursuant to Federal Rule of Civil Procedure Rule 30(b)(6).

## II. SUMMARY OF ARGUMENT

The City designated and produced Carol Houck, Assistant City Administrator, as its Rule 30(b)(6) witness for deposition. (Selected portions Carol Houck 3/23/06 Deposition, page 183, lines 11-19, App. A3). During the deposition, Houck testified how the City interpreted the Contract provisions with respect to payment for incomplete work under the Contract as of the date the Contract was terminated by the City. The City is bound by its Rule 30(b)(6) designee's testimony, and this motion is being filed to preclude the City from changing its position on this issue and offering evidence or arguments of a method for calculating payment for incomplete work under the Contract.

## III. CONCISE STATEMENT OF FACTS

During the deposition of Carol Houck, Ms. Houck was asked how under the Contract the City was to pay for incomplete work up to the date of termination. (Selected portions Carol Houck 3/30/06 Deposition, page 668-669, lines 24-11, App. A6). Houck responded that all incomplete work was to be paid on a time and materials basis. (App A6, Page 668-669, lines 24-11).

1

Subsequent to her deposition, Houck prepared very detailed errata sheets that contained extensive changes or "clarifications" to her testimony. (App. A7-A13). Notably, Houck did not attempt to change or "clarify" the testimony on how incomplete work was to be paid under the Contract, and the City has never attempted to amend, change or clarify the testimony of its Rule 30(b)(6) designee.

## IV.    ARGUMENT

### A.    The City is Bound by its Designee's Testimony Indicating that Incomplete Work under the Contract is to be Paid on a Time and Materials Basis

The City is bound by its designee's testimony. *Ierardi v. Lorillard*, 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991). The City cannot proffer new or different allegations or testimony at the time of trial that could have been made at the Rule 30(b)(6) deposition. *See Rainey v. Amer. Forrest & Paper Ass'n*, 26 F. Supp. 2d 82 (D. D.C. 1998). The purpose of Rule 30(b)(6) is to bind the party to the positions taken by its designee, insulating the other party from "trial by ambush." *Id.* at 95. The Advisory Note to Rule 30(b)(6) indicates that Rule 30(b)(6) will "curb the 'bandying' by which officers or managing agents of [an organization] are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization and thereby to it." *Advisory Note to Fed. R. Civ. P. 30(b)(6)*.

Ms. Houck, as the City's 30(b)(6) designee, is not testifying as to *her personal opinions*, but rather she is testifying as to the City's "position" on the topic. *See e.g. America v. Taylor, et al.*, 166 F.R.D. 356 (M.D. N.C. 1996). Moreover, an organization must provide its interpretation of documents and does so through its 30(b)(6) designee. *Id.* at 361. At her deposition, Ms. Houck testified that all incomplete work is to be paid for on a time and materials basis up through the date of termination. (App. A6). That

2

interpretation has not been challenged, questioned or otherwise disavowed by the City at any time since Ms. Houck's deposition, and consequently the City must be precluded at the time of trial from offering evidence or arguments of a method for calculating payment for incomplete work that differs from its Rule 30(b)(6) designee's testimony.

### B. Durkin will be Highly Prejudiced if the City is Permitted to Change its Position Regarding How Incomplete Work is to be Paid Under the Contract

Subsequent to the 30(b)(6) deposition, Ms. Houck prepared deposition errata sheets with extensive changes and "clarifications" to her deposition testimony. (App. A7-A13). However, Ms. Houck did not attempt to change or clarify her testimony on how incomplete work was to be paid under the Contract. Moreover, the City never attempted to amend Ms. Houck's testimony or present a different 30(b)(6) designee to "clarify" or change the City's position.

Assuming *arguendo* that the City disagreed with the method of payment that Houck testified to as the City's interpretation of the Contract on this issue, the City had a duty under Rule 26(e)(2) to amend its response. *Fed. R. Civ. P. 26(e)(2)(B)*. If the City intended to advance a different interpretation through Ms. Houck or any other City witness at the time of trial, the City's failure to amend the response is, in substance, a knowing concealment. *Ierardi v. Lorillard,* 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991).

Durkin agrees with Houck's interpretation that regardless of whether the City breached the Contract, all incomplete work is to be paid for on a time and materials basis. Because there is consensus between the City and Durkin on how incomplete work is to be paid for, Durkin did not, and indeed had no reason to, retain the services of a construction contract expert to provide an opinion on contract interpretation for payment for incomplete work. Because the deadline for expert designations has long since past for

3

Durkin, it would be highly prejudicial, and contrary to the Federal Rules of Civil Procedure and decisional law, to permit the City to argue or present evidence of a method for payment for incomplete work that differs from what was testified to by its 30(b)(6) designee[1].

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from presenting evidence or arguments of a method for calculating payment for incomplete work other than on a time and materials basis.

>       POWELL, TRACHTMAN, LOGAN,
>       CARRLE & LOMBARDO, P.C.
>
>       By: _____/s/ Paul A. Logan
>       Paul A. Logan
>       Delaware Supreme Court ID #3339
>       475 Allendale Road, Suite 200
>       King of Prussia, PA 19406
>       Telephone: 610-354-9700
>       Telefacsimile: 610-354-9760
>       *Attorneys for Plaintiff and Third Party
>       Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

---

[1] Under Delaware Rule of Civil Procedure Rule 30(b)(6) (which is similar to Federal Rule 30(b)(6)) the Delaware Supreme Court affirmed the lower court's ruling prohibiting testimony that was contrary to the 30(b)(6) designee's testimony on two bases. *See Saudi Basic Industries Corp. v. Mobil Yanbu Petrochemical Comp., Inc., et al.*, 866 A. 2d 1, 2005 Del. LEXIS 41 (Del. Sup. Ct. 2005). First, the new proffered testimony would reverse all prior positions on the issue and second, the reversal in position would be highly prejudicial. *Id.*