IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION FOR RELIEF
FROM INTENTIONAL DESTRUCTION OF
DOCUMENTATION GENERATED BY
THE RESIDENT PROJECT REPRESENTATIVE**

                                        POWELL, TRACHTMAN, LOGAN,
                                        CARRLE & LOMBARDO, P.C.
                                        Paul A. Logan
                                        Delaware Supreme Court ID #3339
                                        475 Allendale Road, Suite 200
                                        King of Prussia, PA 19406
                                        Telephone: 610-354-9700
                                        Telefacsimile: 610-354-9760
                                        *Attorneys for Plaintiff and Third Party*
                                        *Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

## TABLE OF CONTENTS

TABLE OF CITATIONS ................................................................................................ ii

I. NATURE AND STAGE OF PROCEEDINGS ........................................................ 1

II. SUMMARY OF ARGUMENT ................................................................................ 1

III. CONCISE STATEMENT OF FACTS ..................................................................... 1

IV. ARGUMENT ........................................................................................................... 2

    A. THE CITY'S CONSULTANT INTENTIONALLY DESTROYED FIELD BACKUP FIELD DOCUMENTATION AND ACCORDINGLY DURKIN IS ENTITLED TO HAVE A SPOLIATION INFERENCE IMPOSED AGAINST THE CITY ............................................................................................ 2

V. CONCLUSION AND RELIEF SOUGHT .............................................................. 4

# TABLE OF CITATIONS

Page

**Cases**

*In the matter of the Complaint of Wechsler*, 121 F. Supp. 2d 404, D. Del. 2000). ................................................................................................................ 2

*See Griffith v. Mellon Bank*, 2006 U.S. App. LEXIS 6016 (3d Cir. 2006).......................... 3

*See Positran Manufacturing, Inc. v. Diebold, Inc.*, 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) ................................................................................ 2, 3

*Skeete v. McKinsey & Co.*, 1993 U.S. Dist. LEXIS 9099 at *4 (S.D.N.Y. 1993) ................................................................................................................ 3

KOP:346630v2 3514-04

## I.  NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion for relief from the intentional destruction of handwritten field documentation generated by URS Corporation ("URS"), the City's consultant.

## II.  SUMMARY OF ARGUMENT

Despite awareness of this litigation, URS, the City's consultant, deliberately and intentionally destroyed all handwritten field documentation generated by the resident project representative ("RPR") during the timeframes when George & Lynch was the replacement contractor on the Reservoir Project (the "Project"). The City had the affirmative duty to preserve evidence which might be relevant to the litigation and to ensure that its consultant did the same. Because of this flagrant spoliation of evidence, Durkin is entitled to a spoliation inference that will allow the jury to assume that the destroyed evidence would have been unfavorable to the City and to the City's consultant.

## III.  CONCISE STATEMENT OF FACTS

On March 16, 2004 Durkin filed a Complaint against the City and URS (Complaint, App. A1-A44). The City Answered the Complaint and filed a Counterclaim against Durkin. (Answer, Counterclaim, Third Party Complaint, App. A45-A86). At some point in early 2004, URS submitted a proposal to the City for claims assistance in connection with this litigation. (Joseph Kula Deposition, p. 60-61, lines 17-17, App. A89-A90). After URS was voluntarily dismissed, the City filed a Third Party Complaint against URS. (Third Party Complaint, App. A91-A96). Ultimately, URS filed an Answer and Counterclaim to the City's Third Party Complaint. (Answer and Counterclaim, App. A97-A101). In URS' Counterclaim, one of the items URS is seeking to recover against the City is $251,474.39 for "litigation support services to assist [the City] in its defense of Durkin's claims." (App. A99-A100).

1

Durkin learned during discovery that URS employee Glenn Bowen, the RPR on the Project, deliberately and intentionally destroyed all handwritten field documentation generated on the Project when George & Lynch was on site. (Glenn Bowen Deposition, page 6, lines 14-15, page 76-77, lines 13-3, App. A104, A105). Bowen testified that he would handwrite the records he created during that period of the Project and then transcribe the information. (App. A105, page 76, lines 13-24). The handwritten field documentation Bowen and others generated would include information such as site conditions, construction activity, manpower, equipment, weather conditions, material received, erosion and compact testing. (App. A107-A108, page 112, lines 13-18; page 114, lines 12-17, pages. 116-117, lines 4-24).

After Bowen's daily report book was filled, he would destroy this handwritten field documentation. (App. A105, pages 76-77, lines 13-3). No one, including the City, ever told Bowen, the RPR, to maintain these records, and at the time Bowen destroyed this documentation, he was fully aware that litigation was pending between Durkin, the City and URS. (App. A105, page 77, lines 4-6, 12-22); (App. A105-A106, pages 77-78, lines 23-7). Of particular note is that URS even advised Bowen to purge the handwritten field documentation. (App. A105, page 77, lines 12-23).

### IV.     ARGUMENT

#### A.    The City's Consultant Intentionally Destroyed Handwritten Field Documentation and Accordingly Durkin is Entitled to Have a Spoliation Inference Imposed Against the City

A party has an affirmative duty to preserve evidence which might be relevant to the issues in a lawsuit if the party has reason to anticipate the litigation. *See Positran Manufacturing, Inc. v. Diebold, Inc.*, 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (internal citations omitted). If a party breaches the duty to preserve evidence or allows the relevant evidence to be destroyed, that party may be sanctioned by the Court. *Id.* A court may dismiss a claim if the destruction of evidence is willful or in bad faith. *See In the matter of the Complaint of Wechsler*, 121 F. Supp. 2d 404, (D. Del. 2000).

There are three (3) factors that a court must consider to determine whether to impose a sanction for spoliation of evidence: (1) the degree of fault and personal responsibility of the party who destroyed the evidence; (2) the degree of prejudice suffered by the other party; and (3) whether there is a lesser sanction that will avoid unfairness to the opposing party and serve as a deterrent. *See Griffith v. Mellon Bank*, 2006 U.S. App. LEXIS 6016 (3d Cir. 2006).

To assess the degree of fault of the party who destroyed the evidence, the court must consider if the party intended to impair the other side from effectively litigating its case. *See Positran Manufacturing, Inc. v. Diebold, Inc.*, 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) (and cases cited therein). Here, there is no question that the City had the affirmative duty to ensure that URS, its litigation consultant (as well as the designer and Engineer on the Project), did not destroy documents. There is no question that the City was aware of the relevance of this documentation which recorded the daily activity on the Project site. In fact, Durkin served the City with a Request for Documents that requested, among other things, "all documents related to the City of Newark Reservoir Project." (Request for Production of Documents Directed to the City, App. A109-A113). *See e.g. Skeete v. McKinsey & Co.*, 1993 U.S. Dist. LEXIS 9099 at *4 (S.D.N.Y. 1993) ("It is clear that a discovery request places a litigant on notice that the documents or materials sought in the request are potentially relevant to the litigation and, thus, should be preserved.")

The City apparently received at least $251,474.39 worth of litigation support services from URS in the City's defense of Durkin's claims, but for some reason it did not feel it was necessary to ensure that the consultant that it retained to assist in litigation support maintained all relevant documentation. (App. A100). And URS, despite offering litigation support services to the City, affirmatively advised its RPR on the Project to destroy the handwritten field documentation. (App. A105, page 77, lines 12-23). The RPR even admitted that he was personally aware of the litigation when he destroyed the handwritten field documentation. (App. A105-A106, pages 77-78, lines 23-7).

3

Durkin is highly prejudiced by the destruction of the handwritten field documentation. Durkin never had the opportunity to review any of the handwritten field documentation which contained actual field information that is central to Durkin's claims – such information as site conditions, construction activity, manpower, equipment, weather conditions, material received, erosion, compact testing. (App. A.107-A108, page 112, lines 13-18; page 114, lines 12-17, pages 116-117, lines 4-24).

The only documents that remain are the daily reports that the RPR prepared from the handwritten field documentation. However, there is absolutely no way to confirm if each of the daily reports accurately and completely replicates the handwritten field documentation. What Durkin is left with are the RPR's transcribed daily reports from the time period when George & Lynch was the contractor. There is absolutely no independent confirmation of whether, especially after the litigation commenced, the City's consultant chose to omit items from the transcribed daily reports that appeared in the handwritten field documentation. The destruction of the handwritten field documentation is a complete loss of evidence, and there is no substitute means by which Durkin can validate whether the typewritten records faithfully duplicate the contents of the handwritten field documentation.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for relief from the intentional destruction of the handwritten field documentation generated by the City's consultant, and impose a spoliation inference that will allow the jury to assume that the destroyed handwritten field documentation generated by the City's consultant would have been unfavorable to the City and to the City's consultant.

**POWELL, TRACHTMAN, LOGAN,<br>CARRLE & LOMBARDO, P.C.**

By: _____/s/ Paul A. Logan_____<br>
Paul A. Logan<br>
Delaware Supreme Court ID #3339<br>
475 Allendale Road, Suite 200<br>
King of Prussia, PA 19406<br>
Telephone: 610-354-9700<br>
Telefacsimile: 610-354-9760<br>
*Attorneys for Plaintiff and Third Party*<br>
*Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

5