**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION OF PLAINTIFF'S MOTION IN LIMINE REGARDING THE
JUDICIAL ADMISSION OF THE CITY OF NEWARK PROVIDING PRIOR WRITTEN
NOTICE OF INTENT TO TERMINATE THE CONTRACT**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**TABLE OF AUTHORITIES**

**Case**                                                                                                 **Page**

*Giannone vs. U.S. Steel Corp.,* 238 F.2d 544, 547 (C.A.3 1956) . . . . . . . . . . . . . . . . . . . 2

**Other Authority**

Fed. R. Civ. P. 8(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

*Bruner and O'Connor on Construction Law,* §12:41 (May 2004) . . . . . . . . . . . . . . . . . . .2

Case 1:04-cv-00163-GMS    Document 198    Filed 08/24/2006    Page 4 of 7

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin seeks to exclude any alternative arguments offered by Newark relating to the termination of Durkin's contract.

## SUMMARY OF ARGUMENT

Newark is entitled under Fed. Rule. C.P. 8(e)(2) to advance alternative theories of defense, being that the November 21, 2003 letter satisfied Newark's obligations and, if it did not, that its February 4 letter did. To prevent Newark from presenting evidence of the February 4 letter and advancing its alternative theory of defense would violate Rule 8(e)(2), hamper the defense, and unduly prejudice Newark.

## STATEMENT OF FACTS

Durkin's breach of contract action arises out of the termination by Newark of Durkin's contract for the Reservoir project. Durkin argues that the termination was wrongful, both factually and procedurally as required by the contract, which includes a seven-day notice provision. Newark contends that a letter sent November 21, 2003 satisfied the seven-day requirement, and that even if it did not, the requirement was met by another letter sent February 4 providing an additional seven days.

## ARGUMENT

It is uncontested that Newark's position is that the November 21, 2003 letter provided the requisite seven day notice required by the construction contract termination provision. Newark

has, in the alternative, argued that even if the November 21 letter did not satisfy the seven day notice requirement, another seven days notice was given on February 4, 2004 which would also satisfy the contract. As Newark stated in its Answering Brief in opposition to Durkin's *Motion for Partial Summary Judgment* (D.I. #45):

> Amazingly, Durkin fails to inform this Court that the arguable technical error, if error can even be found, was quickly rectified. By letter the next day, Newark offered to extend the time for termination by seven days.

Durkin's *Motion* was denied, and yet again, Durkin attempts to force the Court to revisit the issue and preclude evidence of the February 4, 2004 letter (which specifically is the subject of another *Motion in Limine* filed by Federal).

Fed. Rule. C.P. Rule 8(e)(2) allows a party to set forth inconsistent, alternative and hypothetical pleading. The Third Circuit Court of Appeals has cautioned against conflicts between this alternate pleading rule and the "admissions through pleadings" rule. *Giannone v. U. S. Steel Corp*. 238 F.2d 544, 547 (C.A.3 1956). To preclude Newark from offering its alternative theory would offend the very premise of of Rule 8(e)(2). As this Court aptly noted in its April 5, 2006 Order: "whether the content of those letters actually fulfilled the City's obligations is a question for the factfinder." (D.I. #132)**.** The Court was referring to the November 21, 2003 letter and another letter sent on February 3, but the February 4 letter deserves similar treatment and should be offered to the jury to decide.

The purpose of the seven day notice requirement is to give the contractor an opportunity to cure and avoid termination. *Bruner and O'Connor on Construction Law,* §12:41 (May 2004). Durkin's steadfast focus on the technical timing of the letters ignores the fact that Durkin did not, would not, and still argues that the project was not constructable as designed. The jury must be

permitted to consider all the relevant facts, including the February 4 letter, in determining whether Durkin was terminated properly and whether Newark was justified in doing so.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Plaintiff's Motion in Limine Regarding the Judicial Admission of the City of Newark Providing Prior Written Notice of Intent to Terminate the Contract.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*