**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION OF PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE
THAT THE METHOD FOR PAYMENT FOR INCOMPLETE WORK IS DIFFERENT
THAN WHAT ITS RULE30(b)(6) DESIGNEE INDICATED**

> TIGHE, COTTRELL & LOGAN, P.A.
> By: /s/ Paul Cottrell
> Paul Cottrell (Delaware I.D. No. 2391)
> Victoria K. Petrone (Delaware I.D. No. 4210)
> 704 N. King Street
> P.O. Box 1031
> Wilmington, DE 19899
> P:  (302) 658-6400
> F:  (302) 658-9836
> email:  p.cottrell@lawtcl.com
> *Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 21, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

# TABLE OF AUTHORITIES

**Other Authority**                                                                   **Page**

*Fed. R. Civ. Pro.* 26 (e) ................................................ 3

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin seeks to have its damages determined on a time and materials basis due to a comment made by Newark's 30(b)(6) designee.

## SUMMARY OF ARGUMENT

Durkin has mischaracterized and taken out of context a response by Newark's designee as support for its alternative theory for damages, which theory is neither supported by the contract nor the law.

## STATEMENT OF FACTS

Durkin and the City entered into a contract for the amount of $9,679,000. When the project was approximately 70% complete, Durkin's contract was terminated. Durkin was paid for most of the work completed, but the final few payment applications were held by the City due to the termination, as was its right under the contract. Durkin contends that it is entitled, in part, to over five million dollars in damages which represent its actual costs to perform *the entire project*, plus re-calculated inflated equipment rates. Durkin is offering a comment made by Newark's designee to support its theory.

## ARGUMENT

If Durkin is entitled to any damages, the damages should be determined by the contract. Reference is made to the *City of Newark's Motion in Limine as to Valuation of Plaintiff's Damages* which is incorporated herein, and which explains the contractual and legal authority for

valuing damages. Durkin advances a creative theory of damages, that is, in the event of wrongful termination the contract should be ignored, as should the payments Newark has made to Durkin to date. Durkin believes that the work performed should be re-valued and paid for according to new rates. This theory is contrary to the damages outlined by the termination provisions of the contract, and contrary to established law regarding damages in a breach of construction contract action.

In support of its theory, Durkin has fixated on one line of testimony out of over 750 pages. On the fourth day of questioning, Newark's designee, Carol Houck, testified:

> Q. Do you know what the contract provides as far as how to pay for incomplete work?
> A. Percentages, I believe.
> Q. You didn't understand that incomplete work is paid on a time and material basis up to the time of termination?
> A. Yes.
> Q. That is the method of paying for incomplete work. Is that correct?
> A. Yes.
> Q. So all incomplete work for Durkin should be, for purposes of calculating what they were entitled to be paid up to the date of termination, would be on a time and material basis. Correct?
> A. That's my under -- that's my recollection.

(Exhibit A).

Ms. Houck was obviously referring to time and materials *under the contract*, as her references to "percentages" indicates. Contractors invoice on a percentage completion basis based on the contract value. Durkin had been paid, up to the time of termination, on that basis of percentage completion (Exhibit B, Contract, Article 5). Ms. Houck's cited testimony was not prefaced by any questioning regarding damages to be paid to Durkin or the termination and it is patently unfair to use the response out-of-context in that manner.

Durkin's citation to Fed. Rule C.P. 26(e) is misplaced. The response by Ms. Houck is so obviously not related to the damages sought by Durkin, that amendment is not necessary, nor was it even contemplated. (As to Ms. Houck's Errata Sheet, reference is made the *City of Newark's Response to Federal's Motion in Limine To Exclude the Deposition of Errata Sheets of Carol Houck*). And even if the Court should find that her response is related, Durkin would be free to question Ms. Houck at trial on this issue.

The contract provides for the method of calculating damages, and if that is found not to apply then the law dictates the method. The time and materials basis Durkin is advancing is prohibited, notwithstanding the misuse of Ms. Houck's testimony.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Plaintiff's Motion in Limine to Preclude the City from Offering Evidence That The Method for Payment for Incomplete Work is Different Than What Its Rule 30(b)(6) Designee Indicated.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*