# IN THE UNITED STATES DISTRICT COURT DELAWARE
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ) | |
| ) | C.A. No. 04-0163 GMS |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CITY OF NEWARK, ET AL., ) | |
| ) | |
| Defendants/ ) | |
| Third Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ------------------------------------------------------------- | |
| CITY OF NEWARK, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| URS CORPORATION, ) | |
| ) | |
| Third-Party Defendant. ) | |

**URS CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION IN LIMINE FOR RELIEF FROM DESTRUCTION OF
DOCUMENTATION BY URS CORPORATION'S
<u>RESIDENT PROJECT REPRESENTATIVE</u>**

            JAMES S. GREEN, ESQ. (DE0481)
            SEITZ, VAN OGTROP & GREEN, P.A
            222 Delaware Avenue, Suite 1500
            P. O. Box 68
            Wilmington, DE  19899
            (302) 888-0600
              Attorneys for Third-Party Defendant
              URS Corporation

Dated:  August 21, 2006

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................i

TABLE OF CITATIONS ..............................................................................................ii

    I.    NATURE AND STAGE OF PROCEEDINGS. ..................................................... 1

    II.    SUMMARY OF ARGUMENT ............................................................................. 1

    III.    CONCISE STATEMENT OF FACTS. .................................................................. 1

    IV.    ARGUMENT. ......................................................................................................... 3

        A.    Because all Information has Been Transcribed, Preserved and Produced to Durkin, its Motion Should Be Denied. ........................................................ 3

    V.    CONCLUSION. ..................................................................................................... 5

## **TABLE OF CITATIONS**

Cases

In Re Daimlerchrysler AG, 2003 WL 22951696 (D. Del.) ........................................... 3, 4

I.      **NATURE AND STAGE OF PROCEEDINGS.**

Donald M. Durkin Contracting, Inc. ("Durkin") sued the City of Newark, Delaware and its Council ("Newark") alleging that Newark wrongfully terminated Durkin as its reservoir contractor. Newark counterclaimed against Durkin and its surety, Federal Insurance Company ("Federal"). Newark has filed a Third-Party Complaint against URS Corporation ("URS"), its Engineer, for contribution and indemnification and URS has counterclaimed against the City for payment for services. Durkin has filed a Motion *in Limine* seeking relief from destruction of field notes by URS. This is URS' Answering Brief in Opposition

II.     **SUMMARY OF ARGUMENT**

All information gathered at the job site was recorded and preserved by URS and its Project Representative Glenn Bowen. The testimony showed that Mr. Bowen transcribed <u>all</u> information from his field notes into a daily report. Any information in the field notes was duplicative. Therefore, no information was destroyed, but, on the contrary, all was preserved and provided to Durkin during discovery.

III.    **CONCISE STATEMENT OF FACTS.**

Glenn R. Bowen was employed by URS as the Resident Project Representative for the Newark Reservoir Project. (Bowen Deposition Transcript (attached hereto as Exhibit "A") p.6) (hereinafter 'Bowen Depo. at p.___') He held that position during Durkin's tenure on the Project and after Durkin's termination, when George & Lynch, Inc. was completing the construction of the Project. (Bowen Dep. p. 6-7)

One of Mr. Bowen's assignments was to prepare Daily Construction Reports. (Bowen dep. pp. 74-75) Bowen would obtain information from field representatives who worked for URS as well as his own, and transcribe and accumulate that information into the Daily Report. (Bowen Dep. p. 75) URS produced the Field Journals of the Field Notes of the Site Representatives, Jack Markowski and Kevin Mudrick.

As to Mr. Bowen's, he hand wrote notes and then transcribed those notes into the Daily Construction Report. (Bowen Dep. p.76) He testified:

> My method of dealing with that is upon completion of each of my field log books, <u>all the information had been transcribed into a daily report format</u>, that book is complete, it is typically purged. I throw them out after I've started a new book.
>
> ***
>
> …There was nothing particular to George & Lynch. It is a company policy that you don't need to keep them. Once you've utilized them, you have transcribed and taken all the information out of it, its purely a back-of-the-notekeeping method. <u>Again, all that information is transferred to the Daily Reports</u>.

(Bowen Dep. pp. 76-77)(Emphasis added)

Notably, Durkin states that "the handwritten field documentation Bowen and others generated would include information such as site conditions, construction activity, manpower, equipment, weather conditions, materials received, erosion and compact testing. (App. A107-A108, p. 112, lines 13-18; page 114, lines 12-17, page 116-117, lines 4-24)(Durkin Opening Brief at 2 and 4) However, if you read those references, they do not support Durkin's argument, but, indeed, refute it. Each of those references is to the Daily Construction Reports - all of which Durkin has. None of those references is to the handwritten notes, which were all transcribed into the Daily Construction Reports.

Thus, Durkin's own reference not only refutes its argument, but shows that the information it seeks is contained in the Daily Construction Reports, not the field notes.

## IV. ARGUMENT.

### A. Because all Information has Been Transcribed, Preserved and Produced to Durkin, its Motion Should Be Denied.

Mr. Bowen testified clearly and concisely that all information which he noted was transcribed into the Daily Construction Reports, that he followed the same procedure on all projects, including the Newark reservoir and for all contractors, including Durkin and George & Lynch. He testified that his procedure was dictated by Company Policy not considerations related to the litigation because he did not know what the claims were. (Bowen Dep. p. 78)

This Court recently resolved this same alleged destruction of evidence issue in In Re Daimlerchrysler AG, 2003 WL 22951696 (D. Del.) (attached as Exhibit "B"). In Daimlerchrysler, the defendant moved for an adverse inference instruction for the destruction of handwritten notes, which were transcribed virtually verbatim into a typed list and produced during discovery. Id. *1. The notes were destroyed after transcription as part of the note taker's routine practice of destroying notes after they were documented. Under the circumstances, the court rejected the motion.

> In determining whether sanctions are an appropriate remedy for the alleged destruction of evidence, I must consider three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and where the offending party is seriously at fault, will serve to deter conduct in the future.

Id.

The Court held that the adverse inference sanction was not warranted because the destruction of evidence was not intentional and no prejudice was shown since the defendant had a complete and accurate chronology of the contents of the documents that were discarded.  Id.  "To establish prejudice, Defendants must show 'a reasonable possibility, based on concrete evidence rather than futile imagination.' that access to the [lost material] would have produced evidence favorable to his cause."  Id. (citation omitted)  Identical to the facts in Daimlerchrysler, here Mr. Bowen's unrebutted testimony is that he transferred all the information from his notes into the Daily Reports as part of his routine practice.  See Id. *2.  The Court reasoned that because the content of the lost evidence was preserved, the defendants had not been prejudiced by the destruction of the documents.  Id. (citation omitted)

Durkin makes no argument or showing that any pertinent information is missing from the Daily Construction Reports, or that any information in the Daily Construction Reports is wrong, incomplete or inconsistent with anything which occurred on the jobsite.  It should be noted here that George & Lynch produced thousands of pages of documents from its construction activities.  Thus, Durkin can show no prejudice or even potential prejudice, because the only testimony it can point to is Mr. Bowen's testimony that all information from the notes was transcribed.  See Id.

Indeed, Durkin's only argument is based upon an unfounded allegation that Mr. Bowen may have "chose[n] to omit items from the transcribed daily reports that appeared in the handwritten field documentation."  (Opening Brief at 4)  This totally unsubstantiated attack on Mr. Bowen's integrity is not enough to support its Motion.

There are clearly other ways to test the information contained in the Daily Construction Reports, such as National Weather Service records, George & Lynch records, the URS Field Representative's Notes (which were produced), independent engineers' records, including Durkin's representative who was allowed on site during George & Lynch's work, job photographs, and so on. Yet, Durkin can point to no actual or potential discrepancy between the Daily Construction Reports and Mr. Bowen's notes.

V.     **CONCLUSION.**

Because Durkin can point to no possible prejudice by Mr. Bowen's routine destruction of notes, which have been completely transcribed onto the Daily Construction Report, Durkin's Motion should be denied.

**SEITZ, VAN OGTROP & GREEN, P.A**

**/S/ James S. Green**
**JAMES S. GREEN, ESQ. (DE0481)**
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600
        Attorneys for Third-Party Defendant
        URS Corporation

Dated:  August 21, 2006

## CERTIFICATE OF SERVICE

I, James S. Green, Esquire, hereby certify that on this 24th day of August, 2006, I electronically filed the following document with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

**URS CORPORATION'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE FOR RELIEF FROM DESTRUCTION OF DOCUMENTATION BY URS CORPORATION'S RESIDENT PROJECT REPRESENTATIVE**

/s/ James S. Green
_____
James S. Green (ID No. 0481)
jgreen@svglaw.com