Westlaw.

Not Reported in F.Supp.2d                                                                                                    Page 1

Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

H
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
In re: DAIMLERCHRYSLER AG Securities Litigation
TRACINDA CORPORATION, a Nevada Corporation, Plaintiff,
v.
DAIMLERCHRYSLER AG, a Federal Republic of Germany corporation; Daimler-Benz AG, a Federal Republic of Germany corporation; Jurgen Schrempp, a citizen of the Federal Republic of Germany; Manfred Gentz, a citizen of the Federal Republic of Germany, Defendants.
No. Civ.A. 00-993-JJF.

Nov. 25, 2003.

A. Glichrist Sparks, III, Alan J. Stone, and Jessica Zeldin, of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware, Terry Christensen, Mark G. Krum, Eric P. Early, of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, Los Angeles, California. William G. McGuinness, Julie E. Kamps , and Midwin Charles, of Fried, Frank, Harris, Shriver & Jacobson, New York, New York, for Plaintiff, of counsel.
Thomas J. Allingham II, and Robert S. Saunders, of Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Delaware, Jonathan J. Lerner, J. Michael Schell, Lea Haber Kuck, and Joseph N. Sacca, of Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York, for Defendants, of counsel.

*MEMORANDUM OPINION*
FARNAN, J.
*1 Pending before me is a Motion For Relief For Spoilation Of Evidence (D.I.584) filed by Defendants, DaimlerChrysler AG, Daimler-Benz AG, Jürgen Schrempp and Manfred Gentz. By their Motion, Defendants contend that Tracinda deliberately destroyed relevant evidence thereby prejudicing Defendants' ability to defend this action. As relief, Defendants request the dismissal of Tracinda's claims of common law fraud (Counts 7 and 8 of the Complaint) and violations of Section 10(b) of the Securities and Exchange Act of 1934 (Count 1 of the Complaint). In the alternative, Defendants ask me to draw an adverse inference against Tracinda at trial based on the destruction of this evidence. For the reasons discussed, I will deny Defendants' Motion.

I. THE PARTIES' CONTENTIONS

By their Motion, Defendants contend that Mr. Kirk Kerkorian's personal assistant, Jaclyn Thode, destroyed documents that she used to prepare a list of meetings and/or conversations between Mr. Kerkorian and Mr. Robert Eaton. Defendants contend that Tracinda's general counsel, Richard Sobelle, instructed Ms. Thode to prepare the list, but failed to instruct her to preserve the documents used in making the list. Based on these allegations, Defendants contend that Tracinda engaged in the willful and systematic destruction of relevant evidence.

In response to Defendants' allegations, Tracinda contends that Ms. Thode did not engage in any willful or intentional destruction of evidence. Tracinda contends that Ms. Thode has no knowledge of the underlying allegations of this lawsuit beyond "coffee room talk," and that any destruction of evidence was unintentional. Tracinda contends that the underlying documents are no more than 18 pieces of paper consisting primarily of steno notes or "While You Were Out" pink message notes. According to Tracinda, the substantive content of these notes was transcribed by Ms. Thode into a single list virtually verbatim. Tracinda also contends that the notes did not contain anything about the substance of the conversations between Mr. Kerkorian and Mr. Eaton, and merely reflected

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

http://web2.westlaw.com/print/printstream.aspx?sv=Split&destination=atp&prid=B005580...    8/21/2006

Not Reported in F.Supp.2d                                                                                          Page 2
Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

the fact that a meeting or telephone conversation occurred. Tracinda further maintains that Ms. Thode followed her routine practice of destroying the notes after she documented them. Because the content of the documents was preserved by Ms. Thode's list and the destruction of the documents was unintentional, Tracinda contends that Defendants cannot establish that sanctions are warranted.

## II. DISCUSSION

In determining whether sanctions are an appropriate remedy for the alleged destruction of evidence, I must consider three factors: (1) the degree of fault of the party who altered or destroyed the evidence; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party, and where the offending party is seriously at fault, will serve to deter conduct in the future. *Schmid v. Milwaukee Elec. Tool Corp.,* 13 F.3d 76, 79 (3d Cir.1994). After considering Defendants' allegations and the evidence submitted on this issue in the context of the applicable law, I conclude that sanctions are not warranted as a result of the alleged spoilation of evidence in this case. The unrebutted deposition testimony and affidavit of Ms. Thode establish that she discarded her handwritten notes after converting them into typewritten form, consistent with her practice in the past.[FN1] (Thode Decl. at ¶ 8, Thode Tr. 15:6-9). Ms. Thode had no information or understanding about the substance of this litigation and no information as to the purpose of Mr. Sobelle's request, and thus she had no reason to alter or omit any information from the documents. (Thode Decl. at ¶ 2, 12-13, 15; Thode Tr. 41:16-25, 52:24-25, 53:2-23, 55:2-6). I am persuaded that Ms. Thode had every incentive to correctly and fully document the notes she was working from in order to comply with Mr. Sobelle's request for information. In these circumstances, I find that Ms. Thode acted unintentionally when she discarded the steno pads and pink message notes. *See S.C. Johnson & Son, Inc. v. Louis & Nashville R.R. Co.,* 695 F.2d 253, 259 (7th Cir.1982) (finding that destruction of evidence was not intentional where handwritten notes were discarded after being typed and person handling evidence had no reason to omit or alter necessary information). I further find that Defendants have not suffered any prejudice as a result of Ms. Thode's actions, because they have a complete and accurate chronology of the contents of the documents that were discarded.

FN1. *See e.g. Brewer v. Quaker State Oil Ref. Corp.,* 72 F.3d 326, 334 (3d Cir.1995) (recognizing that adverse inference is not warranted against party who destroyed evidence where destruction of evidence was a matter of routine with no fraudulent intent or otherwise innocently accounted for); *Ziegler v. Anesthesia Assoc. of Lancaster, Ltd.,* 2002 WL 387174 (E.D.Pa. Mar. 12, 2002) (holding that spoilation doctrine was inapplicable where president of defendant company destroyed voter list at conclusion of meeting consistent with his past personal practice).

*2 Defendants focus on the fact that the documents from which Ms. Thode made her typewritten list had been stored for two years prior to their destruction. However, Ms. Thode testified that those documents were packed and stored when her office was moved, and she did not have the opportunity to go through them either before or after the move until Mr. Sobelle's request for information. (Thode Decl. at ¶ 9, Thode Tr. at 41:5-15). Ms. Thode explained that when Mr. Sobelle asked her for any information about meetings between Mr. Eaton and Mr. Kerkorian, she initially doubted that she had anything relevant, but later remembered the two boxes that had been shipped from her previous office. (Thode Decl. at ¶ 10-11, Thode Tr. at 40:22-41:15). Ms. Thode also explained that the majority of the contents of the boxes did not contain anything relevant to this litigation, but that she did uncover her pink message notes and steno pads. (Thode Decl. at ¶ 12). In my view, the circumstances Ms. Thode described appear to be consistent with the type of events that occur during the often confusing and hectic move of an office. As such, I do not find anything sinister about the fact that the documents had been in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                       Page 3
Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

storage for such a long period of time prior to their destruction.

Defendants also suggest that these documents may have contained information regarding the substance of the conversations between Mr. Kerkorian and Mr. Eaton, such that the destruction of these documents prejudiced Defendants' ability to defend this lawsuit and deprived them of relevant information. To establish prejudice, Defendants must show " 'a reasonable possibility, based on concrete evidence rather than a fertile imagination" that access to the [lost material] would have produced evidence favorable to his cause." ' FN2 *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 104, 109 (D.Colo.1996); *Schmid,* 13 F.3d at 80 (overturning sanction of judgment in favor of defendant where defendant did not "come forward with plausible, concrete suggestions as to what that [lost] evidence might have been"). This standard is not satisfied where the evidence lost is merely "cumulative, insignificant or of marginal relevance." *Gates,* 167 F.R.D. at 104, 109.

> FN2. The burden of establishing prejudice must be shown by "direct evidence which is clear and convincing" when dispositive sanctions are sought, and by a preponderance of the evidence when non-dispositive sanctions are sought. *Gates,* 167 F.R.D. at 108.

After considering the facts and circumstances related to this issue, I conclude that Defendants have not met their burden of establishing prejudice under either a clear and convincing or preponderance of the evidence standard. Ms. Thode's unrebutted testimony is that she included all the information from her pink message notes and steno pads into the list she transcribed and that she discarded the pink message notes and steno pads consistent with her past practice of discarding such documents after she has looked through them. Ms. Thode also testified that she was not present for any meetings or conversations between Mr. kerkorian and Mr. Eaton, that she had no knowledge about the content of any such conversations or meetings, and that the documents she discarded had no information regarding the substance or duration of any conversations or meetings. (Thode Decl. at ¶ 6,7, 9-15; Thode Tr. at 41:16-25, 52:24-25, 53:2-23, 55:2-6). Because the content of this evidence was preserved, and the nature of the discarded documents was unlikely to reveal anything regarding the content or duration of the conversations that took place, I conclude that Defendants have not been prejudiced by the destruction of these documents. *See e.g. Mathias v. Jacobs,* 197 F.R.D. 29, 39 (S.D.N.Y.2001) (finding no prejudice where the substance of the discarded computer printout was transferred to plaintiff's palm pilot, which was produced), *vacated on other grounds,* 167 F.Supp.2d 606 (S.D.N.Y.2001). Further, I note that Defendants have represented Mr. Eaton throughout this litigation and have deposed Mr. Kerkorian regarding his conversations with Mr. Eaton. Thus, Defendants have had ample opportunity to garner the substance of these conversations from the actual participants, sources which are undoubtedly more accurate and more substantive than the telephone message notes of an assistant who was not present during the actual conversations.

*3 To the extent that Defendants suggest that Mr. Sobelle acted nefariously in failing to instruct Ms. Thode to preserve the documents, I find that Mr. Sobelle's conduct does not evidence any bad faith. I have read the testimony of Mr. Sobelle and Ms. Thode in this regard and find nothing beyond mere speculation to support Defendants' assertion that Mr. Sobelle made a deliberate choice not to assure the preservation of the phone message slips and steno pads. While it may have been a better litigation practice for Mr. Sobelle to have instructed Ms. Thode to preserve the documents, Defendants have not persuaded me that Mr. Sobelle acted intentionally to impair Defendants' ability to defend against Tracinda's claims. *See e .g. Brewer,* 72 F.3d at 334 (holding that negative inference arises " ' only when the spoilation or destruction [of evidence] was intentional, and indicates a desire to suppress the truth" ') (citations omitted); *Universe Tankships, Inc. v. United States,* 388 F.Supp. 276, 286 (E.D.Pa.1974), *aff'd,* 528 F.2d 73 (3d Cir.1975) (holding that negligence resulting in the destruction of evidence is insufficient to require the court to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                          Page 4
Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

draw an adverse inference).

With regard to the cases cited by Defendants to support their position that sanctions are warranted, I find the majority of those cases to be distinguishable from the circumstances in this case. The cases cited by Defendants involve the destruction of key pieces of evidence, without which the defendants could not establish a defense or refute the plaintiff's allegations. *See e.g. In re Wechsler,* 121 F.Supp.2d 404, 428-429 (D.Del.2000) (entering an interlocutory finding of liability against plaintiff where plaintiff destroyed his yacht, the central piece of evidence, before inspectors could determine if faulty wiring caused the fire, thereby preventing defendants from discovering the cause of the fire or establishing that the fire was started on plaintiff's yacht); *Bowman v. American Medical Systems,* 1998 WL 721079 (E.D.Pa. Oct. 9, 1998) (holding that defendants were prejudiced where they could not examine the prosthesis which was the subject of the action because plaintiff destroyed it, and they could not obtain the relevant information from the doctor because he died); *Walters v. General Motors Corp.,* 209 F.Supp.2d 481 (W.D.Pa.2002) (finding prejudice where plaintiff destroyed the vehicle that was the subject of her defective-manufacturing claim). By contrast, as I have observed, Defendants have had ample opportunity to gather the information they seek about the conversations between Mr. Eaton and Mr. Kerkorian from the participants themselves. Thus, I conclude that the destruction of the documents sought by Defendants will not impair their ability to defend this litigation.

In sum, I find that the destruction of the documents used by Ms. Thode in compiling her list of contacts between Mr. Eaton and Mr. Kerkorian was not intentional and did not result in any prejudice to Defendants. Once Ms. Thode discovered these documents, she handled them in a manner consistent with her past practice. The content of the documents has been fully preserved, and I am not persuaded that those documents, by their nature, would have contained the information which Defendants seek. In these circumstances, I conclude that sanctions are not appropriate, and therefore, I will deny Defendants' Motion For Relief For Spoilation Of Evidence.

### III. CONCLUSION

*4 For the reasons discussed, Defendants' Motion For Relief For Spoilation Of Evidence will be denied.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 25th day of November 2003, for the reasons discussed in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Defendants' Motion For Relief For Spoilation Of Evidence (D.I.584) is DENIED.

D.Del.,2003.
In re DaimlerChrysler AG
Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)

Briefs and Other Related Documents (Back to top)

- 2004 WL 1224634 (Trial Motion, Memorandum and Affidavit) Plaintiff Tracinda Corporation's Answering Post Trial Brief (May. 14, 2004)
- 2004 WL 1224637 (Trial Motion, Memorandum and Affidavit) Defendants' Responsive Post-Trial Brief (May 14, 2004)
- 2004 WL 1224635 (Trial Motion, Memorandum and Affidavit) Defendants' Post-Trial Memorandum of Law and Memorandum in Support of Their Motion for Judgment as a Matter of Law (Apr. 23, 2004)
- 2004 WL 1224636 (Trial Motion, Memorandum and Affidavit) Plaintiff Tracinda Corporation's Opening Post Trial Brief (Apr. 23, 2004)
- 2004 WL 481714 (Trial Pleading) Tracinda Corporation's Reply Memorandum in Support of its Motion for Award of Sanctions Against Defendants for Late Production of Documents (Feb. 20, 2004)
- 2004 WL 481715 (Trial Pleading) Defendants' Response to Tracinda Corporation's Objections to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                      Page 5
Not Reported in F.Supp.2d, 2003 WL 22951696 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

the Report of the Special Master (Feb. 04, 2004)
• 2004 WL 481713 (Trial Pleading) Tracinda Corporation's Memorandum of Points and Authorities in Support of its Motion for Award of Sanctions Against Defendants for Late Production of Documents (Jan. 23, 2004)
• 2004 WL 353914 (Trial Motion, Memorandum and Affidavit) Plaintiff Tracinda Corporation's Objections to the Report and Recommendations of Special Master Collins J. Seitz, Jr., Esq. (Jan. 21, 2004)
• 2003 WL 23180946 (Trial Filing) Statement of Plaintiff Tracinda Corporation in Connection With Proceedings Before the Special Master With Respect to Certain Belatedly Produced Documents (Dec. 19, 2003)
• 2003 WL 24282958 () Consolidated Action (Feb. 10, 2003) Original Image of this Document (PDF)
• 2003 WL 24282959 () Expert Report of Frederick C. Dunbar (Jan. 10, 2003) Original Image of this Document (PDF)
• 2003 WL 24282957 () Report of Expert Witness Richard A. Wines (Jan. 9, 2003) Original Image of this Document (PDF)
• 2003 WL 24337540 () Declaration of Rolf St%20urner (Jan. 8, 2003) Original Image of this Document (PDF)
• 2002 WL 32991955 () Report of Mark E. Zmijewski in the matter of (Dec. 2, 2002) Original Image of this Document (PDF)
• 2002 WL 32991956 () Daimlerchrysler Ag Securities Litigation Preliminary Report of Anticipated Testimony (Dec. 2, 2002) Original Image of this Document (PDF)
• 2000 WL 34408517 (Trial Pleading) Class Action Complaint for Federal Securities Law Violations (Nov. 28, 2000)
• 2000 WL 34408518 (Trial Pleading) Class Action Complaint for Federal Securities Law Violations (Nov. 28, 2000)
• 1:00CV00993 (Docket) (Nov. 28, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.