IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**ORDER**

AND NOW, the Court, having heard and considered Plaintiff Donald M. Durkin Contracting, Inc.'s Motion to Strike the City's Motions in Limine because they are really Motions for Summary Judgment, does hereby FIND and ORDER:

That the following Motions in Limine filed by Defendant City of Newark are hereby STRICKEN: (1) City of Newark Defendants' Motion in Limine as to Plaintiff's Civil Rights Claim; (2) City of Newark Defendants' Motion in Limine as to Valuation of Plaintiff; (3) City of Newark Defendants' Motion in Limine to Bar Plaintiff's Claim for Punitive Damages; (4) City of Newark Defendants' Motion in Limine as to Plaintiff's Claim for Economic Damages and Professional Fees; and (5) City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**PLAINTIFF'S MOTION TO STRIKE
THE CITY OF NEWARK'S MOTIONS IN LIMINES
BECAUSE THEY ARE MOTIONS FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. and moves this Honorable Court for an Order striking the following "motions in limine" of Defendant the City of Newark's because they are really Motions for Summary Judgment or Partial Summary Judgment: (1) City of Newark Defendants' Motion in Limine as to Plaintiff's Civil Rights Claim; (2) City of Newark Defendants' Motion in Limine as to Valuation of Plaintiff; (3) City of Newark Defendants' Motion in Limine to Bar Plaintiff's Claim for Punitive Damages; (4) City of Newark Defendants' Motion in Limine as to Plaintiff's Claim for Economic Damages and Professional Fees; and (5) City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity.

In support thereof, Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. submits its Opening Brief.

        **POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: _____

Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION TO STRIKE THE CITY OF NEWARK'S MOTIONS IN
LIMINES BECAUSE THEY ARE MOTIONS FOR SUMMARY JUDGMENT**

                    POWELL, TRACHTMAN, LOGAN,
                    CARRLE & LOMBARDO, P.C.
                    Paul A. Logan
                    Delaware Supreme Court ID #3339
                    475 Allendale Road, Suite 200
                    King of Prussia, PA 19406
                    Telephone: 610-354-9700
                    Telefacsimile: 610-354-9760
                    *Attorneys for Plaintiff and Third Party*
                    *Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................ 1

II. SUMMARY OF ARGUMENT ..................................................................................... 1

III. CONCISE STATEMENT OF FACTS ......................................................................... 1

IV. ARGUMENT ................................................................................................................ 2

    A.    The City's Motions for Summary Judgment Disguised as "Motions in Limine" Must be Stricken ............................................................................. 2

V. CONCLUSION AND RELIEF SOUGHT .................................................................... 4

**TABLE OF CITATIONS**

**Cases**

*Bradley, et al. v. Pittsburgh Board of Education, et al.,* 913 F.2d 1064, 1990 U.S. App. LEXIS 15570 (3d Cir. 1990)................................................................................................................3

*Spruill v. Winner Ford of Dover, LTD, et al.,* 175 F.R.D. 194, 1997 U.S. Dist. LEXIS 13403 (D. Del. 1997) .........................................................................................................................3

**Rules**

Fed. R. Civ. P. 56..........................................................................................................................3

# I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's termination of Durkin's Contract for default. Durkin files this Motion to Strike the City's Motions in Limine because they are really Motions for Summary Judgment.

# II. SUMMARY OF ARGUMENT

Motions in limine are designed to narrow the evidentiary issues for trial. Motions for summary judgment are designed to eliminate trials where there are no genuine issues of material fact. Five (5) of the City's "motions in limine" are not seeking to narrow evidentiary issues – they are disguised Motions for Summary Judgment seeking to eliminate entire claims or parts of claims. As such, these "motions in limine" must be stricken.

# III. CONCISE STATEMENT OF FACTS

At 6:00 p.m. on Sunday August 20, 2006 – the evening before <u>all</u> of the Motions in Limine briefs (opening, answering and reply) were due pursuant to this Court's Pre Trial Order – the City forwarded to Durkin, for the first time, its seven (7) motions in limine. Five (5) of those "motions in limine" are really Motions for Summary Judgment or Partial Summary Judgment: (1) City of Newark Defendants' Motion in Limine as to Plaintiff's Civil Rights Claim; (2) City of Newark Defendants' Motion in Limine as to Valuation of Plaintiff; (3) City of Newark Defendants' Motion in Limine to Bar Plaintiff's Claim for Punitive Damages; (4) City of Newark Defendants' Motion in Limine as to Plaintiff's Claim for Economic Damages and Professional Fees; and (5) City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity.

In each of these five (5) "motions in limine" the City is actually asking the Court to make case dispositive rulings. In the City of Newark Defendants' Motion in Limine as to Plaintiff's

1

Civil Rights Claim, it is asking this Court to enter an Order dismissing Count I of the Complaint. In the City of Newark Defendants' Motion in Limine as to Valuation of Plaintiff, it is asking this Court to deny Durkin from recovering damages under a total cost, restitute or quantum meruit valuation. In the City of Newark Defendants' Motion in Limine to Bar Plaintiff's Claim for Punitive Damages, it is asking this Court to preclude Durkin from recovering punitive damages. In the City of Newark Defendants' Motion in Limine as to Plaintiff's Claim for Economic Damages and Professional Fees, it is asking this Court to deny Durkin from recovering economic loss damages or professional fees. In the City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity, it is asking this Court to dismiss Durkin's tort claims and civil rights claims against the City and the individual defendant Council Members with prejudice. Clearly, all of these motions are an improper attempt to turn Motion in Limines into case dispositive motions.

Not only is the City improperly turning Motions in Limine into Motions for Summary Judgment, the City is also blatantly ignoring this Court's prior Order. On January 31, 2006 this Court granted the parties' stipulation to extend the time for fact discovery but specifically ordered that "AS A RESULT OF THIS EXTENSION, THE COURT WILL NOT ALLOW CASE DISPOSITIVE MOTION PRACTICE." *See* relevant portions of Docket Sheet attached as Exhibit "A" (emphasis in original). Clearly the City is attempting to backdoor Motions for Summary Judgment cloaked as "motions in limine" to avoid this Court's ruling. Accordingly, the City's "motions for limine" must be stricken[1].

### IV.   ARGUMENT

A.   **The City's Motions for Summary Judgment Disguised as "Motions in Limine" Must be Stricken**

---

[1] The City did not provide Durkin with the appropriate time to fully respond to its "motions in limine." Rather, in what appears to be at best a lack of courtesy or at worse bad faith, the City waited until 6:00 p.m. on Sunday to deliver the motions to Durkin which were due on Monday. Durkin has done its best to comply with this Court's Pre Trial Order and assemble replies to the City's late filed motions. However, Durkin respectfully requests that if this Court does not strike the City's "motions in limine" as requested by Durkin that Durkin be given the appropriate time to respond fully to each of the City's motions.

Motions in Limine are designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions. *See Spruill v. Winner Ford of Dover, LTD, et al.,* 175 F.R.D. 194, 1997 U.S. Dist. LEXIS 13403 (D. Del. 1997). Motions for summary judgment are designed to eliminate trials where there are no genuine issues of material fact. *See* Fed. R. Civ. P. 56.

The Third Circuit has ruled that it is improper for a Court to convert a "motion in limine" into a Motion for Summary Judgment. *See Bradley, et al. v. Pittsburgh Board of Education, et al.,* 913 F.2d 1064, 1990 U.S. App. LEXIS 15570 (3d Cir. 1990). In reversing a lower court's ruling, which in effect turned a "motion in limine" into a Motion for Summary Judgment, the Third Circuit stated that the lower court "effectively precluded plaintiffs from marshalling the record evidence that it had already accumulated on this issue and pretermitted their filing affidavits. . . . In effect, the district court's procedure converted the *in limine* motion into one for summary judgment, but without the procedural protections of notice which the federal rules require before judgment on the merits may be granted." *Id.* at 154.

Five (5) of the City's late filed "motions in limine" are seeking case dispositive results. The motions are improper motions in limine because they are not seeking to narrow the evidentiary issues for trial or to eliminate unnecessary trial interruptions. What the City is attempting to do, on the eve of trial, is to deny Durkin the procedural protections of notice which the federal rules require before a Motion for Summary Judgment can be granted. That is, in the absence of a formal Motion for Summary Judgment Durkin is not under a formal compulsion to marshal all of the evidence in support of its claims – nor does it have the time to do so as it was given less than twenty four (24) hours to assemble responses to the City's motions. *See e.g. Bradley, et al. v. Pittsburgh Board of Education, et al.,* 913 F.2d 1064, 1990 U.S. App. LEXIS 15570 (3d Cir. 1990).

Moreover, the City is out of time for filing Motions for Summary Judgment and has been specifically advised by this Court that "THE COURT WILL NOT ALLOW CASE DISPOSITIVE MOTION PRACTICE." *See* Exhibit "A" (emphasis in original). Accordingly,

the City's five (5) Motions for Summary Judgment or Partial Summary Judgment which are disguised as "motions in limine" must be stricken.

## V. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court strike the following "motions in limine" which are really improper Motions for Summary Judgment: (1) City of Newark Defendants' Motion in Limine as to Plaintiff's Civil Rights Claim; (2) City of Newark Defendants' Motion in Limine as to Valuation of Plaintiff; (3) City of Newark Defendants' Motion in Limine to Bar Plaintiff's Claim for Punitive Damages; (4) City of Newark Defendants' Motion in Limine as to Plaintiff's Claim for Economic Damages and Professional Fees; and (5) City of Newark Defendants' Motion in Limine as to Plaintiff's Tort and Civil Rights Claim on the Basis of Immunity.

In the alternative, if the Court does not strike the City's Motions in Limine, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court provide it the opportunity to fully brief and respond to each of the City's Motions in Limine.

                                      **POWELL, TRACHTMAN, LOGAN,**
                                      **CARRLE & LOMBARDO, P.C.**

                                      By: ___/s/ Paul A. Logan_____
                                      Paul A. Logan
                                      Delaware Supreme Court ID #3339
                                      475 Allendale Road, Suite 200
                                      King of Prussia, PA 19406
                                      Telephone: 610-354-9700
                                      Telefacsimile: 610-354-9760
                                      *Attorneys for Plaintiff and Third Party*
                                      *Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006