IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

PLAINTIFF'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF TRESPASSING, ALLEGED INTERFERENCE
WITH CONSTRUCTION ACTIVITIES, AND ARRESTS FOR
CRIMINAL TRESPASS OF MICHAEL D. DURKIN AND JAMES W. DURKIN

1.  Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2.  Durkin files this Motion in Limine to preclude the City from presenting evidence of trespass, including alleged interference with construction activities, and evidence of Michael D. Durkin and James W. Durkin (the "Durkins") being arrested for criminal trespass at the Newark Reservoir site (the "Site").

3.      Durkin believes that the City will attempt at trial to present evidence of the Durkins being arrested for criminal trespass and other incidents of trespassing including alleged interference with ongoing construction activities at the Site.

4.      Any evidence or allegations of trespassing and/or interfering with construction activities, and arrests for criminal trespass are not relevant to the facts of this case and will only serve to prejudice Durkin in violation of Federal Rules of Evidence 401, 402 and 403.

5.      On or about June 20, 2005, the Durkins entered the Site to more closely observe the condition of the embankment work performed by George & Lynch, Inc.[1] after rain events.

6.      The Durkins were arrested for trespassing. (Police Report, App. A1-A2). (Affidavits of Michael and James Durkin[2], ¶9 App. A4, ¶9 App. A7).

7.      Subsequent to the arrests, the City filed a Motion for Protective Order to prohibit Durkin from entry and trespass on the Site. (Motion for Protective Order App. A9-A28).

8.      This Court denied the City's Motion. (Court Order, 7/29/05 App. A29).

9.      In its Motion the City raised unsubstantiated allegations of "spying," "careful and calculated changes" of grade stakes, men in "camouflage clothing" and "sabotage". (App.10).

---

[1] George & Lynch, Inc. was the contractor hired by the City to finish the Reservoir after terminating Durkin and after receiving no bids on the re-bid to finish the Project.
[2] These Affidavits were executed in support of Durkin's Answer to the City's Motion for Protective Order.

2

KOP:346518v1 3514-04

10. All of these allegations were raised in an apparent attempt to suggest or insinuate that Durkin was either endorsing or conducting criminal activity designed to interfere or otherwise frustrate the City's construction of the Reservoir.

11. At their depositions, both Durkins were also questioned by the City's counsel about being arrested at the Site. (Selected portions Michael Durkin 5/11/06 Deposition, p. 17, App. A32 and James Durkin 5/11/06 Deposition, p. 13, App. A35).

12. Durkin believes that the City will attempt to present at trial, either through oral argument and/or evidence, that the Durkins being arrested for criminal trespass.

13. There is absolutely no relevancy between trespassing, the arrests and unsubstantiated incidents of "interference with construction activities" with the facts of this matter.

14. Durkin respectfully asks this Court to grant this Motion in Limine and preclude this evidence from trial.

15. Under the Federal Rules of Evidence, only evidence that is relevant may be admitted. *See* Fed. R. Evid. 402.

16. Evidence which is not relevant is not admissible. *See* Fed. R. Evid. 402.

17. Any reference to or evidence of trespassing, including unfounded allegations of "interference with construction activities" during the construction work performed by George & Lynch, is completely irrelevant to the issues and facts of this case.

18. The only possible reason or purpose for the City to attempt to introduce this material is to impugn the character and reputation of Durkin.

KOP:346518v1 3514-04

19. Even if evidence is deemed to be relevant, it may be excluded at the time of trial if the probative value of such evidence is outweighed by the danger of unfair prejudice. *See United States v. Gatto, et al.*, 995 F.2d 449 (3d Cir. 1993).

20. Courts have held that evidence should be excluded under Rule 403 if it may cause a jury to base its decision on something other than the established propositions in the case. *See* Advisory Committee Notes, Fed. R. Evid. 403 (courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis ...").

21. Not only is there no probative value associated with the arrests of James and Michael Durkin, but the introduction of any evidence or argument by counsel would mislead and distract the jury from fairly evaluating the breach of contract claims on liability, and thereby unfairly prejudice Durkin.

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from making reference to and/or presenting evidence at trial of trespassing at the Newark Reservoir Site, including any allegations of interference with construction activities, and the arrests for criminal trespass of Michael and James Durkin.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: _____/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346518v1 3514-04