IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF TRESPASSING, ALLEGED INTERFERENCE
WITH CONSTRUCTION ACTIVITIES, AND ARRESTS FOR
<u>CRIMINAL TRESPASS OF MICHAEL D. DURKIN AND JAMES W. DURKIN</u>**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006

KOP:346516v1 3514-04

# TABLE OF CONTENTS

TABLE OF CITATIONS .................................................................................................. ii

I.  NATURE AND STAGE OF PROCEEDINGS ................................................................1

II. SUMMARY OF ARGUMENT ........................................................................................1

III. CONCISE STATEMENT OF FACTS .............................................................................1

IV. ARGUMENT.....................................................................................................................3

    A.  EVIDENCE OF TRESPASSING, INCLUDING UNFOUNDED ALLEGATIONS OF "INTERFERENCE WITH CONSTRUCTION ACTIVITIES," AND ARRESTS FOR TRESPASSING ARE NOT RELEVANT ............................... 3

    B.  EVIDENCE OF TRESPASSING, INCLUDING UNFOUNDED ALLEGATIONS OF "INTERFERENCE WITH CONSTRUCTION ACTIVITIES," AND ARRESTS FOR TRESPASSING WILL UNDULY PREJUDICE DURKIN ......................................................................................... 4

V. CONCLUSION AND RELIEF SOUGHT ........................................................................5

# TABLE OF CITATIONS

Page

**Cases**

*United States v. Gatto, et al.*, 995 F. 2d 449 (3d Cir. 1993) .................................................. 4

*United States v. Sarraga-Solana*, 2005 U.S. Dist. LEXIS 40019 (D. Del. 2005) ............... 4

**Statutes**

42 U.S.C. §1983 ................................................................................................................. 3

**Rules**

Fed. R. Evid. 401 ............................................................................................................ 1, 3

Fed. R. Evid. 402 ............................................................................................................ 1, 3

Fed. R. Evid. 403 ....................................................................................................... 1, 3, 4

I.   **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion in Limine to preclude the City from presenting argument and/or evidence of trespassing, including alleged interference with construction activities, and evidence of Michael D. Durkin and James W. Durkin (the "Durkins") being arrested for criminal trespass at the Newark Reservoir site (the "Site").

II.   **SUMMARY OF ARGUMENT**

Durkin believes that the City will attempt at trial to present evidence and argument concerning the Durkins being arrested for criminal trespass and other allegations of trespassing, including alleged interference with ongoing construction activities by George & Lynch, Inc. at the Site. However, any evidence of trespass and arrests for criminal trespass, as well as any allegations of interfering with construction activities, are not relevant to the facts of this case and will only serve to prejudice Durkin in violation of Federal Rules of Evidence 401, 402 and 403. Accordingly, all references to and/or evidence of trespass and arrests for trespass onto the Site, and any alleged interference with construction activities by George & Lynch, Inc. should be precluded.

III.   **CONCISE STATEMENT OF FACTS**

On or about June 20, 2005, the Durkins entered the Site to more closely observe the condition of the embankment work performed by George & Lynch, Inc.[1] after rain

---

[1] George & Lynch, Inc. was the contractor hired by the City to finish the Reservoir after terminating Durkin and after receiving no bids to finish the Project.

1

events. The Durkins were arrested for trespassing. (Police Report, App. A1-A2). (Affidavits of Michael and James Durkin[2], ¶9 App. A4, ¶9 App. A5). Subsequent to the arrests, the City filed a Motion for Protective Order to prohibit Durkin from entry and trespass on the Site. (Motion for Protective Order App. A9-A28). This Court denied the City's Motion. (Court Order, 7/29/05 App. A29).

In its Motion, the City raised allegations of "spying," "careful and calculated changes" of grade stakes, men in "camouflage clothing" and "sabotage", i.e., uncharged and unsubstantiated misconduct. (App. A10). The City also stated that the trespass and the alleged interference with ongoing construction activities were performed by individuals "possessing an interest in interference with the continued construction effort." (App. A11). All of these allegations were raised in an attempt to suggest or insinuate that Durkin was either endorsing or conducting criminal activity. At their depositions, both Durkins were also questioned by the City's counsel about being arrested at the Site. (Selected portions Michael Durkin 5/11/06 Deposition, p. 17, App. A32 and James Durkin 5/11/06 Deposition, p. 13, App. A35).

Based upon the City's actions to date, Durkin believes that the City will attempt to repeat the allegations made in the Motion and to present at trial evidence of the trespass arrests. However, there is absolutely no relevancy between the trespassing arrests or the unsubstantiated claims of "interference with construction activities" by Durkin with the claims and defenses at issue in this case. Permitting the City to present argument or evidence of the trespassing arrests and/or any alleged uncharged misconduct Admission of this evidence will only serve to prejudice Durkin in violation of Federal

---

[2] These Affidavits were executed in support of Durkin's Answer to the City's Motion for Protective Order.

2

Rules of Evidence 401, 402 and 403. Accordingly, Durkin respectfully asks this Court to grant this Motion in Limine and preclude any reference to or introduction of evidence concerning the trespassing arrests or the uncharged misconduct alleged in the Motion for Protective Order at trial.

### IV.    ARGUMENT

#### A.    Evidence Concerning Trespassing, including Unfounded Allegations of "Interference with Construction Activities," Are Not Relevant

Under the Federal Rules of Evidence, only evidence that is relevant may be admitted. *See* Fed. R. Evid. 402. "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See* Fed. R. Evid. 401. Evidence which is not relevant is not admissible. *See* Fed. R. Evid. 402.

There is simply no basis for concluding that evidence of trespassing, including unfounded allegations of "interference with construction activities," and the arrests of the Durkins for trespass are relevant to the issues and facts of this case. The claims and defenses in this case arise from the wrongful termination of a construction contract, which includes claims for interference with existing and prospective contractual relations, defamation, conversion, fraud, misrepresentation, common law conspiracy, breach of contract and civil rights violations under 42 U.S.C. §1983. The evidence of trespassing on the Site during the post-termination work performed by George & Lynch, Inc., as well as any allegations of Durkin interfering with ongoing construction, has no relevance to these claims. The only possible reason for admitting testimony and evidence of this type is to cast aspersions on the character and integrity of Durkin.

### B. Evidence of Trespassing, including Unfounded Allegations of "Interference with Construction Activities," and Arrests for Trespassing Will Unduly Prejudice Durkin

Even if evidence is relevant it may be excluded at the time of trial if the probative value of such evidence is outweighed by the danger of unfair prejudice. *See United States v. Gatto, et al.*, 995 F. 2d 449 (3d Cir. 1993). Courts have refused to admit evidence where it creates unfair prejudice, confusion of the issues or mislead the jury. *See e.g. United States v. Sarraga-Solana*, 2005 U.S. Dist. LEXIS 40019 (D. Del. 2005). In the instant case, any testimony or reference to the arrests of Michael and James Durkin for trespassing, let alone the allegations of uncharged misconduct in the nature of interference with construction activities, is not only irrelevant, but would distract and mislead the jury and unquestionably create unfair prejudice towards Durkin.

Federal Rule of Evidence Rule 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

*See* Fed. R. Evid. 403. Rule 403 calls for "balancing the probative value of and need for the evidence against the harm likely to result from its admission." *See* Advisory Committee Notes, Fed. R. Evid. 403. Courts have held that evidence should be excluded under Rule 403 if it may cause a jury to base its decision on something other than the established propositions in the case. *See* Advisory Committee Notes, Fed. R. Evid. 403 (courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis ...").

4

The claims pled in this lawsuit, and any defenses thereto, have nothing whatsoever to do with arrest of James and Michael Durkin for trespassing on the Site during the course of the work performed by George & Lynch. The lack of any probative value should be dispositive as to the inadmissibility of any commentary or evidence of the trespassing arrests being introduced at trial. Similarly, and more troubling, would be the references to unsubstantiated and uncharged misconduct such as was contained in the City's Motion for Protective Order. Beyond the lack of relevance, the motivation behind introducing this type of material can only be to malign the character of the Durkins, which is an improper purpose. For these reasons, permitting this argument and evidence would generate significant and unfair prejudice to Durkin, and would needlessly distract the jury from the task of evaluating the liability claims of the parties.

## V. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from making any reference to and/or presenting evidence at trial of trespassing by the Durkins at the Newark Reservoir Site, including any allegations of interference with construction activities.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By: _____/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party*
*Defendant Donald M. Durkin Contracting*

Dated: August 16, 2006