IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

## ORDER

AND NOW, the Court, having heard and considered the City's Motion in Limine to Bar any Party from Calling Craig R. Calabria, Ph.D., P.E. to testify, does hereby FIND and ORDER:

The City's Motion in Limine to Bar any Party from Calling Craig R. Calabria, Ph.D., P.E. to testify is DENIED.

SO ORDERED this _____ day of _____, 2006.

_____
The Honorable Gregory M. Sleet

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

ANSWERING BRIEF OF PLAINTIFF
IN OPPOSITION TO CITY OF NEWARK'S MOTION IN LIMINE TO BAR ANY
PARTY FROM CALLING CRAIG R. CALABRIA, Ph.D., P.E. TO TESTIFY

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

# TABLE OF CONTENTS

I.   NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II.  SUMMARY OF ARGUMENT ..................................................................................... 1

III. CONCISE STATEMENT OF FACTS ......................................................................... 1

IV.  ARGUMENT ............................................................................................................... 2

    A.   Durkin Is Entitled to Call Craig Calabria, Ph.D., P.E. to Testify At Trial ................................................................................................................ 2

V.   CONCLUSION AND RELIEF SOUGHT ................................................................... 3

# TABLE OF CITATIONS

**Cases**

*Guinn, et al., v. Trala, et al.,* 2006 Del. Supr. LEXIS 176 (2006) .................................................. 3

*Pinkett v. Brittingham,* 567 A.2d 858, 860 (Del. 1989) ................................................................. 3

**Rules**

Fed. R. Civ. 26(b)(4)(B) ................................................................................................................. 1

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's termination of Durkin's Contract for default. Durkin files this Answer in Opposition to the City's Motion in Limine to Bar any Party from Calling Craig R. Calabria, Ph.D., P.E. to testify.

## II. SUMMARY OF ARGUMENT

The City has filed a Motion in Limine in an attempt to preclude any party from calling Craig R. Calabria, Ph.D., P.E. to testify at the time of trial. The purported basis of the City's Motion is that Calabria was retained by the City as an expert. What the City does not state in its Opening Brief – because it cannot – is that the Calabria was retained as expert "in anticipation of litigation or preparation for trial.." Fed. R. Civ. 26(b)(4)(B). The truth is Calabria was <u>not</u> retained by the City in anticipation of litigation or preparation for trial. He was retained to review the design of the Reservoir to provide the City with assurances as to the scope of the work moving forward with the re-bid after the City terminated Durkin.

Moreover, Durkin was the first party to name Calabria as an expert in this matter when it filed its expert designations on or about May 31, 2006 – not the City. It was not until or about June 30, 2006 that the City designated Calabria for the first time as an expert in this matter.

## III. CONCISE STATEMENT OF FACTS

The City's actions regarding Calabria are most telling. When the City first engaged Calabria, it was not as an expert retained in anticipation of litigation or in preparation of trial. It was to give the City assurances with regard to the scope of work for the Reservoir so that the City could move forward with the Reservoir completion after terminating Durkin. The retention letter forwarded to Calabria confirms as much. The retention letter indicates that Calabria is

1

being retained "on behalf of the City of Newark to provide a purely objective review of the design. Your task is to review the design for safety and constructability, not for design improvements or alternatives." *See* Correspondence from Victoria Petrone, Esquire to Craig Calabria, Ph.D. P.E. dated April 6, 2004 attached as Exhibit "A". There is no mention of Calabria being retained to assist the City in its litigation with Durkin.

After Calabria provided an "objective review of the design" as requested, he prepared a report. The City then took that report and circulated it to prospective bidders on the re-bid to finish construction of the Reservoir. This is an additional indication that the City's purpose in retaining Calabria was to provide it was assurances regarding the scope of work for finishing the construction of the Reservoir.

And perhaps most tellingly of all, were the City's actions in producing Calabria for deposition in this matter. Calabria was deposed for three (3) days by Durkin and the other parties to this matter. On the opening day of Calabria's deposition, Paul Cottrell, Esquire announced at the start of the deposition that "we [the City and its counsel] have not decided whether we're going to need Dr. Calabria as a trial expert." *See* Selected portions of Craig Calabria, Ph.D., P.E. November 10, 2005 deposition, attached as Exhibit "B."

Finally, it was Durkin, not the City, who first named Calabria as an expert in this matter when it filed its expert designations on or about May 31, 2006 and offered to reimburse him for this time and expenses as required under the Federal Rules of Civil Procedure. It was not until or about June 30, 2006 that the City designated Calabria as an expert in this matter. Under these circumstances, the City cannot now be heard to argue that Durkin is prohibited from calling Calabria to testify as an expert.

## IV.    ARGUMENT

### A.    <u>Durkin Is Entitled to Call Craig Calabria, Ph.D., P.E. to Testify At Trial</u>

The cases cited in the City's Opening brief in support of their Motion in Limine provide some of the most compelling reasons why Durkin is entitled to call Calabria to testify at the time

2

of trial. Delaware Courts have held that "where the expert 'voice[s] no objection to appearing as [the other side's] witness it may be assumed that he perceived no ethical restriction on doing so." *Guinn, et al., v. Trala, et al.*, 2006 Del. Supr. LEXIS 176, *3 (2006). *See also Pinkett v. Brittingham*, 567 A.2d 858, 860 (Del. 1989). Here, Calabria has voiced no objection to testifying on behalf of Durkin.

Recently, one Delaware case – also cited by the City in its brief – held that an expert's "testimony appears most important to the 'search for truth,' and it should not be hidden from the jury's view only because it corroborates another witness' testimony. Such a decision would hinder rather than enhance the jury's function as fact-finder." *Guinn, et al., v. Trala, et al.*, 2006 Del. Supr. LEXIS 176, *6 (2006). This is another reason why Durkin should be permitted to call Calabria – who Durkin properly named as an expert – to testify at trial.

Furthermore, if Calabria was truly an expert retained in anticipation of litigation or in preparation of trial (but not expected to testify), the City had the right to object to producing him for deposition absent Durkin's showing of exceptional circumstances as required by Federal Rule of Civil Procedure Rule 26(b)(4)(B). At no time did the City object to producing Calabria for deposition – rather it produced him without objection for three (3) days of testimony.

## V. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court deny the City's Motion in Limine to Bar any Party from Calling Craig R. Calabria, Ph.D., P.E. to testify.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By: _____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406

3

                                                            Telephone: 610-354-9700
                                                            Telefacsimile: 610-354-9760
                                                            *Attorneys for Plaintiff and Third Party*
                                                            *Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006