**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| Third-Party Defendant. | ) | |

**FEDERAL'S MOTION TO PRECLUDE**
**ANY EVIDENCE RELATING TO THE CITY OF NEWARK'S ALLEGED CLAIMS**
**AGAINST FEDERAL**

Third-Party Defendant, Federal Insurance Company ("Federal"), moves to preclude from admission into evidence at trial any reference to or evidence of the claims of Third-Party Plaintiff, City of Newark (the "City"), under the Performance Bond against Federal. In support thereof, Federal avers as follows:

1.    On October 7, 2005, the Court entered a scheduling order that provided that the parties' trial briefs "are intended to provide full and complete disclosure of the parties' respective theories of the case."

2.    The Order further provided that "[a]ny theory of liability or defense that is not expressed in a party's trial brief will be deemed waived."

3.    On August 21, 2006, the City filed a 10-page trial brief.  It contains only three vague sentences relating to the City's claims against Federal.  In its trial brief, the City provided:

- "The City is also entitled to damages from Federal by virtue of its obligation under the performance bond."  (Trial Brief at 3.)

- "The City followed the Bond procedures."  Id.

- "As to Federal, it refused to honor its bond asserting that Durkin was correct in claiming that the reservoir could not be built as designed."  Id. at 4.

4.    Clearly, the City has failed to state what its claims are against Federal.

5.    For example, as the party seeking coverage under the Performance Bond, it is the City's burden alone to establish that it complied with the specific conditions precedent identified by Federal.  See Nat'l Surety Co. v. Architectural Decorating Co., 226 U.S. 276, 281 (1912) (burden of complying with condition precedent rests with beneficiary under bond).

6.    Not only did the City fail to properly identify any specific provision under the Performance Bond, but also it failed to describe in any manner how it complied with any of the conditions precedent to coverage under the Performance Bond.

7.    The City also failed to mention a single word in support of Count II (relating to breach of implied covenant of good faith and fair dealing) of its Third-Party Complaint against Federal.

8.    The City plainly ignored this Court's Order by failing to express its theories of liability and damages.  As a result, the City's theories of liability against Federal have been waived.

WHEREFORE, for these reasons and those set forth in the accompanying Opening Brief, which is incorporated herein by reference, any reference or evidence relating to the City's claims against Federal should be excluded from evidence at trial.

Respectfully submitted,


/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company