IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
|     Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
|     Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
|     Third-Party Defendant. | ) | |

**FEDERAL'S OPENING BRIEF
IN SUPPORT OF MOTION TO PRECLUDE ANY EVIDENCE RELATING TO THE CITY OF
NEWARK'S ALLEGED CLAIMS AGAINST FEDERAL**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond. Federal now moves to preclude evidence of any reference to the City's alleged compliance with the specific conditions precedent for coverage under the Performance Bond for the reasons below.

## SUMMARY OF ARGUMENT

Any references to or evidence of the City's claims against Federal under the Performance Bond must be excluded because the City failed to properly express and preserve any theory of liability relating to those provisions in the City's trial brief.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion to Preclude Any Evidence Relating the City of Newark's Alleged Claims Against Federal, and are incorporated herein by reference.

## ARGUMENT

Parties are required "to identify their factual and legal contentions" in the pretrial order and their submissions. See Fed. R. Civ. P. 16(e); D.Del. L.R. 16.4(d); Thorn EMI N. Am., Inc. v. Intel Corp., 936 F. Supp. 1186, 1191 (D. Del. 1996). When a party fails to adequately describe a claim or defense in its pretrial submission, the party will be prevented from raising that claim or defense at trial. Thorn EMI, 936 F. Supp. at 1191; see also October 7 Scheduling Order ("Any theory of liability or defense that is not expressed in a party's trial brief will be deemed waived."). It is the City's burden to establish that it satisfied the specific conditions precedent to coverage under the bond. See Nat'l Surety Co. v. Architectural Decorating Co., 226

U.S. 276, 281 (1912) (burden of complying with condition precedent rests with beneficiary under bond). It is, therefore, the City's burden to apprise Federal and the Court of the specific theories of recovery that the City will pursue at trial.

Here, the City fails to identify any factual or legal contentions supporting the City's claims against Federal. The City's entire discussion of Federal is a meager three sentences. The City does not set forth how it satisfied the meet and confer requirement of Subparagraph 3.1 of the bond. The City fails to explain how it satisfied Subparagraph 3.2 of the bond by waiting at least 20 days after Durkin and Federal received notice as provided in Subparagraph 3.1 of the Performance Bond. Nor does the City identify how it properly declared a Contractor Default, provided seven days' written notice of its intent to terminate Durkin's right to complete the Construction Contract and then formally terminated that right seven days after providing the required notice.

The City has inconsistently argued that the November 21, 2003 letter, some other letter or a combination thereof allegedly satisfy the "Bond procedures." In its recent Answering Brief to Federal's Motion *in Limine* to Exclude the February 4, 2004 Letter, the City now contends that, if the November 21, 2003 did not satisfy the seven-day notice of termination under the Construction Contract, then "the requirement was met by another letter sent February 4." The City's position on how it purportedly satisfied the specific conditions precedent to coverage under the Performance Bond is constantly changing, and the City has not clarified its position through the City's Trial Brief. It is the City's burden to establish that it satisfied the conditions precedent under the bond, and it is the City's burden to adequately describe its claims in its pretrial submission. Federal cannot be expected to prepare for the City's case at trial based upon conclusory statements such as "The City followed the Bond procedures." To do so provides the

2

City an unfair advantage. <u>American Export-Isbrandtsen Lines, Inc. v. Atlantic & Gulf Stevedores, Inc.</u>, 69 F.R.D. 534, 538 (E.D. Pa. 1976) (purpose of disclosure of claims for trial is "to eliminate surprise as a trial tactic").

The City also failed to mention a single word in its Trial Brief in support of Count II of the Third-Party Complaint against Federal. In Count II, the City contends that Federal breached the implied covenant of good faith and fair dealing in denying the City's claim for coverage under the Performance Bond. The City completely ignores this claim.

The Court should enforce the terms of its Order and deem the City's theories of liability against Federal waived.

## **CONCLUSION**

For all the foregoing reasons, Federal respectfully requests that all evidence or references to the City of Newark's claims against Federal be excluded from the trial of this matter.

Respectfully submitted,

/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006, I caused a true and correct copy of the foregoing to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ Kevin W. Goldstein
Kevin W. Goldstein

# 494794