IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**ANSWERING BRIEF OF PLAINTIFF
IN OPPOSITION TO URS CORPORATION'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE RELATING TO
ALLEGED LACK OF SAFETY OF THE NEWARK RESERVOIR**

                                              POWELL, TRACHTMAN,
                                              LOGAN,
                                              CARRLE & LOMBARDO, P.C.
                                              Paul A. Logan
                                              Delaware Supreme Court ID #3339
                                              475 Allendale Road, Suite 200
                                              King of Prussia, PA 19406
                                              Telephone: 610-354-9700
                                              Telefacsimile: 610-354-9760
                                              *Attorneys for Plaintiff and Third Party*
                                              *Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDINGS .................................................................. 1

II. SUMMARY OF ARGUMENT .......................................................................................... 1

III. CONCISE STATEMENT OF FACTS ............................................................................... 1

IV. ARGUMENT ...................................................................................................................... 3

    A. Evidence Relating to the Reservoir's Lack of Safety Was Raised Prior to Termination and Therefore, its Probative Value Outweighs any Alleged Prejudicial Effect ............................................... 3

V. CONCLUSION AND RELIEF SOUGHT ......................................................................... 4

## **TABLE OF CITATIONS**

**Cases**

*United States of America v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664, 2000 U.S. App. LEXIS 3828, (3d Cir. 2000) .............................................................. 4

**Other Authorities**

Commentary to Fed. R. Evid. 403 ................................................................................................ 4

**Rules**

Fed. R. Evid. 401 .......................................................................................................................... 4

Fed. R. Evid. 403 .......................................................................................................................... 4

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract. Durkin files this Answering Brief in Opposition to URS Corporation, Inc.'s ("URS") Motion in Limine to Exclude Evidence Relating to an Alleged Lack of Safety of the Newark Reservoir ("Reservoir").

## II. SUMMARY OF ARGUMENT

The basic foundational premise of URS' Motion in Limine to Exclude Evidence Relating to an Alleged Lack of Safety of the Reservoir is that safety issues were not raised until after Durkin was terminated. This is fundamentally incorrect[1]. Safety issues were raised as early as September 2003 and were one of the issues discussed by the parties well in advance of the City terminating Durkin. Therefore, safety issues of the Reservoir are clearly relevant to this matter and their probative value substantially outweighs any alleged prejudice.

## III. CONCISE STATEMENT OF FACTS

In early fall 2003, Durkin had substantially undertaken the specified preparatory work described in the Contract in anticipation of the start of construction of the Zone IV materials[2]. *See* Complaint ¶60 attached as Exhibit "A". In September 2003, there was a sustained rain event. *Id.* at ¶68. Notwithstanding Durkin's placement of the Zone IV

---

[1] URS takes unnecessary liberties with the statement of facts in its Motion in Limine. Durkin generally objects to URS' inaccurate recitation of the facts, including but not limited to, URS' statement of "facts" concerning Durkin's conduct, its motive and the chronology of job site activities – all of which are inaccurate and are not supported by the facts of this matter.

[2] Zone IV materials are native soils, screened or raked free of stones of specific sizes and placed on the impervious liner and geotextile material. Zone IV material is a completely non-plastic, silty sand.

1

materials in complete accordance with the Contract documents, the Zone IV materials were severely damaged. *Id.* at ¶69.

Durkin immediately notified URS of "probable errors with the Contract Documents" as it was required to do under Section 3.3.2[3] of the Contract documents. *See* Correspondence from Donald M. Durkin, Jr. to Mark Prouty dated September 10, 2003 attached as Exhibit "B." In Durkin's September 10, 2003 correspondence to URS immediately after the failure of the Zone IV materials, Durkin advised that "[t]hese issues raise *safety and integrity issues*." *Id.* at p. 2.

Thereafter, the City, URS, Durkin, and Federal Insurance Company ("Federal"), Durkin's surety, met. *See* Exhibit "A" ¶101. At the City's behest, Federal retained Greg Richardson, Ph.D., P.E., an independent engineering consultant, to review the design of the Reservoir. *Id.* at ¶102. Richardson issued two (2) reports prior to Durkin's termination – the first dated January 13, 2004 and the second dated January 15, 2004. *See* Richardson Report dated January 13, 2004 attached as Exhibit "C" and Richardson Report dated January 15, 2004 attached as Exhibit "D."

Despite URS' statements to the contrary, both of Richardson's Reports, which were issued *prior* to Durkin's termination, raised safety issues. Richardson concluded his January 13, 2004 Report by stating that "[i]t is my professional opinion that the current design is not constructible and is inherently unstable. *Given that the reservoir can be defined as a high dam and has considerable residential development at its toe, this is not acceptable.*" *See* Exhibit "C", p.4 (emphasis supplied).

---

[3] Section 3.3.2 of the Contract provides that "If during the performance of the Work, [Durkin] discovers any conflict, error, ambiguity or discrepancy within the Contract Documents ... [Durkin] shall report it to [URS] in writing at once, and, [Durkin] shall not proceed with any Work affected thereby ... until an amendment or supplement to the Contract Documents has been issued [in writing]." *See* Water Supply Reservoir City of Newark, Delaware Contract 02-02, Section 3.3.2.

2

Richardson was asked to prepare his January 15, 2004 Report "to concisely present [his] concerns *regarding the safety of the current reservoir design.*" See Exhibit "D", p. 1 (emphasis supplied). He again stated that the Reservoir "cannot be safely constructed as designed." *Id.* Richardson concluded his January 15, 2004 Report by stating that "[i]n my professional opinion, ... the current design for the reservoir [is] *unsafe for construction and service.*" *Id.* at p. 2 (emphasis supplied).

URS addressed the alleged lack of safety raised by Richardson prior to Durkin's termination in its January 30, 2004 Report. *See* URS Report dated January 30, 2004, attached as Exhibit "E." URS stated *inter alia* that Richardson "postulates that the instabilities may lead to a failure of the entire reservoir. We strongly disagree with this position and provide the following documentation." *Id.* at p. 6. In its Report, URS continued by stating that it disagreed with Richardson that the Reservoir maintenance issues "represent a *safety issue or catastrophic failure scenario.*" *Id.* at p. 8 (emphasis supplied). URS concluded that it remained "confident in the integrity, *safety* and constructability of the design." *Id.* at p. 10 (emphasis supplied).

The premise of URS' Motion in Limine that the issue of the lack of safety of the Reservoir was not raised until post termination is clearly wrong. The alleged lack of safety of the Reservoir was raised, discussed and officially commented on by URS in its January 30, 2004 Report prior to Durkin's termination.

## IV.   ARGUMENT

A.   **Evidence Relating to the Reservoir's Lack of Safety Was Raised Prior to Termination and Therefore, its Probative Value Outweighs any Alleged Prejudicial Effect**

URS bases its entire Motion in Limine to exclude evidence relating to the Reservoir's lack of safety on the incorrect premise that such evidence was not raised prior to termination, which, for the reasons cited *infra*, is patently incorrect. The issue was

3

raised by Durkin and Dr. Richardson and considered by URS in responding to their concerns. *See* Exhibits "C", "D" and "E". The evidence is relevant and probative to the issues in this matter.

In fact, the relevancy of this evidence far outweighs any alleged prejudicial effect. As the Commentary to Rule 403 explains, "evidence is not 'prejudicial' merely because it is harmful to the adversary. After all, if it didn't harm the adversary, it wouldn't be relevant in the first place." Commentary to Fed. R. Evid. 403. Under Rule 403, evidence that is otherwise relevant and admissible may *only* be excluded if the probative value is substantially outweighed by its prejudicial effect. *See* Fed. R. Evid. 403. The Third Circuit has stated that Rule 403 creates a presumption of admissibility and district courts "may utilize the rule only rarely to cause the exclusion of evidence." *United States of America v. Universal Rehabilitation Services (PA), Inc.*, 205 F.3d 657, 664, 2000 U.S. App. LEXIS 3828, (3d Cir. 2000) (internal citations omitted).

Since the premise on which URS bases its Motion in Limine to exclude evidence of the Reservoir's lack of safety is wrong, URS' Motion should be denied. Evidence of the Reservoir's lack of safety is relevant and the jury must be given the opportunity to hear it as it was one of the factors addressed prior to the City's termination of Durkin. *See* Fed. R. Evid. 401.

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court deny URS Corporation's Motion in Limine to Exclude Evidence Relating to an Alleged Lack of Safety of the Newark Reservoir.

>POWELL, TRACHTMAN,
>LOGAN, CARRLE &
>LOMBARDO, P.C.
>
>By: _____
>
>Paul A. Logan
>Delaware Supreme Court ID #3339
>475 Allendale Road, Suite 200
>King of Prussia, PA 19406
>Telephone: 610-354-9700
>Telefacsimile: 610-354-9760
>*Attorneys for Plaintiff and Third
>Party Defendant Donald M. Durkin
>Contracting*

Dated: August ___, 2006

5