IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC.<br>   Plaintiff, | )<br>)<br>) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| CITY OF NEWARK, et al.,<br>   Defendants, | )<br>)<br>)<br>) | |
| and | )<br>) | |
| CITY OF NEWARK,<br>   Third-Party Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | |
| FEDERAL INSURANCE COMPANY,<br>   Third-Party Defendant. | )<br>) | |

**FEDERAL'S MOTION TO COMPEL
PRODUCTION OF PRIVILEGED DOCUMENTS BASED UPON CITY OF NEWARK'S
INTENTIONAL WAIVER OF PRIVILEGE**

Third-Party Defendant, Federal Insurance Company ("Federal"), moves to compel Third-Party Plaintiff, City of Newark (the "City"), to produce all privileged documents relating to the issues set forth in the May 16, 2006 letter of the City's designated representative, Carol Houck. In support thereof, Federal avers as follows:

   1.  On August 22, 2006, the City filed its Answering Brief in opposition to Federal's Motion *in Limine* to Exclude the Deposition Errata Sheets of the City's designated representative, Carol Houck.

   2.  Attached as an exhibit to that Answering Brief was a letter from the City's designee, Carol Houck, to the City's trial counsel, Paul Cottrell, relating to the legal issues at the core of the City's allegations against Federal. The City's trial counsel intentionally attached that letter to their submission to the Court.

      3.      On August 22, 2006, Federal requested that the City produce all communications, regardless of privilege, between the City and its counsel relating to matters raised in the letter, as well as the errata sheets. Federal requested an immediate response from the City's counsel and notified the City's counsel that a failure to do so would result in Federal's having to seek relief through the Court.[1]

      4.      The City refused to produce the requested documents.

      5.      The attachment of the May 16, 2006 letter to the City's Answering Brief constitutes an intentional waiver of any privilege that the City has to communications relating to the issues set forth in the letter, as well as Mr. Houck's errata sheets.[2]

      6.      Accordingly, the City's claim of privilege is waived, and Federal is entitled to all privileged documents relating to the issues set forth in the May 16, 2006 letter.

---

[1] A copy of Federal's August 22, 2006 request to the City is attached hereto as Exhibit "A."
[2] This is not the first time that the City has waived privilege. The Court has previously ruled that any privilege related to Roger Akin's memorandum, dated May 27, 2004, as City Solicitor was waived due to its publication. (See D.I. 81).

WHEREFORE, for these reasons and those set forth in the accompanying Opening Brief, which is incorporated herein by reference, Federal respectfully requests that the Court compel the City to produce to Federal all privileged documents relating to the issues set forth in the May 16, 2006 letter.

Respectfully submitted,

/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

**EXHIBIT "A"**

# Burkholder, David

| | |
|---|---|
| **From:** | Kingsley, Patrick |
| **Sent:** | Tuesday, August 22, 2006 5:22 PM |
| **To:** | v.petrone@lawtcl.com; p.cottrell@lawtcl.com |
| **Cc:** | PLogan@PowellTrachtman.com; Burkholder, David; David T. Bolger; James S Green |
| **Subject:** | Durkin v. Newark |

Paul & Vicky,

I note that you attach a letter from Carol Houck to your reply to our motion to strike the errata sheets. You have waived any privilege relating to your communications with Ms. Houck and perhaps the city of Newark. Please send me all correspondence between your firm and Ms. Houck, especially correspondence relating to the errata sheets and the May 16 letter.

Please respond ASAP or I will need to go to the Judge.

-Pat

Stradley Ronon Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
215.564.8029
215.564.8120 fax
www.stradley.com

**U.S. Treasury Circular 230 Notice:** We inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties to promote, market, or recommend any transaction or investment, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail, and delete all copies of this communication from your computer and network. Thank you.