## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| Third-Party Defendant. | ) | |

### FEDERAL'S OPENING BRIEF
### IN SUPPORT OF MOTION TO COMPEL
### PRODUCTION OF PRIVILEGED DOCUMENTS
### <u>BASED UPON CITY OF NEWARK'S INTENTIONAL WAIVER OF PRIVILEGE</u>

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Third-Party Plaintiff, the City of Newark ("City"), filed a Third-Party Complaint claiming that Federal Insurance Company ("Federal") is liable to the City for coverage under a Construction Performance Bond.  Federal now moves to compel production of all documents, whether privileged or not, relating to the issues set forth in a May 16, 2006 letter from the City's designated representative to the City's counsel for the reasons below.

## SUMMARY OF ARGUMENT

The attachment of the May 16, 2006 letter to the City's Answering Brief constitutes an intentional waiver of any privilege that the City has to the issues set forth in the letter, as well as to the issues of the errata sheets relating to Ms. Houck's deposition testimony. The City, therefore, must produce to Federal all requested documents between the City and its counsel on the subjects of the May 16, 2006 letter.

## CONCISE STATEMENT OF FACTS

The facts applicable to this motion are set forth in Federal's Motion to Compel Production of Privileged Documents Based Upon City of Newark's Intentional Waiver of Privilege, and are incorporated herein by reference.

## ARGUMENT

Where a party "chooses to disclose some privileged communications between the attorney and [the party], then [the party] waives the remainder of the communication which relate to the same subject matter." Smith v. Alyeska Pipeline Svc. Co., 538 F. Supp. 977, 979 (D. Del. 1982).  It is well-established that the waiver of the privilege on one or more privileged documents "waives the privilege as to all communications between the same attorney and the same client on the same subject." Id. at 980.

Here, it is clear that the May 16, 2006 letter was a privileged communication between the City's designated representative and the City's legal counsel. The City never before produced this document pursuant to Federal's (and Durkin's) numerous documents requests.[1] Obviously, the City voluntarily attached the May 16, 2006 letter as an exhibit to the Answering Brief. In doing so, the City completely waived any privilege as to any communications between it and its counsel on the topics set forth in the letter.[2]

In the May 16, 2006 letter, the City's designee writes about legal advice provided to her in connection with her revisions to her deposition testimony. The letter also discusses the errata sheets of the City designee, her deposition testimony, the City's termination of the Durkin contract, and the notion that the City Manager, Carl Luft, informed the City Council in advance of the February 2, 2004 City Council meeting that the termination of Durkin's contract would be discussed at the meeting. Also, the letter covers subjects relating to allegations of negligence against Federal and purported payments made by the City to Durkin. By virtue of attaching this letter as an exhibit, the City has waived any claims of privilege to communications between the City and its counsel to all of those subjects.

"It would be unfair to allow a [party] to assert the attorney-client privilege and prevent disclosure of damaging communications while allowing the [party] to disclose other selected communications solely for self-serving purposes." Smith, 538 F. Supp. at 979. Accordingly, having waived the privilege, the City must now produce all requested documents relating to the subjects set forth in the May 16, 2006 letter.

---

[1]    A copy of Federal's and Durkin's document requests are attached hereto collectively as Exhibit "B."

[2]    This is not the first time that the City has waived privilege. The Court has previously ruled that any privilege related to Roger Akin's memorandum, dated May 27, 2004, as City Solicitor was waived due to its publication. (See D.I. 81).

2

## CONCLUSION

For all the foregoing reasons, Federal respectfully requests that the Court compel the City to produce all privileged communications between the City and its counsel relating to all topics set forth in the May 16, 2006 letter.

Respectfully submitted,

/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

3

# EXHIBIT "B"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| Third-Party Defendant. | ) | |

## REQUEST FOR PRODUCTION OF DOCUMENTS OF
## THIRD-PARTY DEFENDANT, FEDERAL INSURANCE COMPANY,
## DIRECTED TO THIRD-PARTY PLAINTIFF AND DEFENDANTS

Third-Party Defendant, Federal Insurance Company ("Federal"), by and through its counsel, Stradley, Ronon, Stevens & Young, LLP, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, propounds the following requests for production of documents (hereafter referred to collectively as "Requests" or singularly as "Request") to be answered by Third-Party Plaintiff and all Defendants in the above-captioned action.

## DEFINITIONS

For the purposes of these Requests, the following definitions shall apply:

1.    "Federal" shall mean Federal Insurance Company and/or its officers, employees, and agents.

2.    "Durkin" shall mean the Plaintiff, Donald M. Durkin Contracting, Inc., and/or its officers, employees, and agents.

3.      "Newark" shall mean the City of Newark, the Mayor of the City of Newark, and all Council Members of and for the City of Newark, individually and/or collectively, as appropriate.

4.      "Complaint" shall mean the Complaint, all attachments and all amendments thereto, which instituted this action.

5.      "Third-Party Complaint" shall mean the Third-Party Complaint, all attachments and all amendments thereto, which was filed by Newark against Federal.

6.      "Answer" shall mean the Answer, all attachments and all amendments thereto, filed by the party responding to these Requests.

7.      "Construction Contract" shall mean Contract No. 02-02, which was for the construction of a Water Supply Reservoir, entered into between Newark and Durkin.

8.      "Project" shall mean the Water Supply Reservoir that is the subject of the Construction Contract at issue in this action.

9.      "Performance Bond" shall mean the Construction Performance Bond, designated as Bond No. 8128-39-26, that identified Federal as Surety, Durkin, as Contractor, and Newark as Owner for the Construction Contract.

10.     "You" and "your" shall mean the party responding to these Requests.

11.     "Document" means, unless otherwise stated, all written, printed, typed or recorded electronically, graphic or photographic material of any kind or character and non-duplicate copies now or at any time relevant to this action in your possession, custody or control, including, among other things and without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

2

12.     "All documents" means the original and all copies of a document, as above defined and known to you, including all drafts and marked up copies, and every such document that can be located or discovered by you through reasonably diligent efforts.

13.     "Relating to" or "related to" shall mean referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about or regarding.

## INSTRUCTIONS

The following Instructions shall govern these Requests:

1.     Each Request is to be answered separately and completely.

2.     Requests that cannot be answered in full shall be answered as completely as possible and shall specify the reasons for the incompleteness.

3.     You are hereby requested to supplement seasonally your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure at the end of each thirty (30) day period immediately following the filing of your initial responses hereto based on the requirements of Rule 26(e).  For the purpose of Rule 26(e), these Requests are deemed to be a "new" request for each thirty (30) day period prior to the time of the final pretrial order.

4.     If, after reasonable investigation, you lack documents responsive to any Request, state so expressly, and describe in detail the investigation that you made to obtain knowledge of documents responsive to that Request.

5.     If you have responsive documents, some of which you are providing in an answer and some of which you are withholding, state so expressly, and state in detail the exact grounds upon which responsive documents are being withheld.

6.     For writings to which you have had access but which are not now in your possession, custody or control, state the circumstances under which you had access to such

documents and the identity of the individual(s) or entity that now has them in their possession, custody or control.

7.    To the extent that you object to any Request or portion thereof, you shall:

    (a)    identify the portion to which such objection is made;

    (b)    state specifically each and every ground upon which you rely for your objection; and

    (c)    answer all parts to which no objection exists.

8.    To the extent that you object to any Request on the basis of privilege, you shall:

    (a)    identify the portion to which such objection is made;

    (b)    state specifically each and every ground upon which you rely for your objection; and

    (c)    answer all parts to which no objection exists.

## REQUESTS

1.    All documents relating to the Construction Contract and/or the Project exchanged between you and any of the following:

    (a)    Durkin;

    (b)    Newark;

    (c)    URS Corporation;

    (d)    Joseph J. Ellam;

    (e)    Construction Techniques, Inc.;

    (f)    Joseph J. Ellam;

    (g)    R. K. Frobel & Associates

    (h)    Ronald K. Frobel;

    (i)    SGI Testing Services, LLC;

(j)      Robert H. Swan, Jr.;

(k)      Scott Brinkerhoff;

(l)      Todd Harmon;

(m)      Hallaton, Inc.;

(n)      Archie Filshill;

(o)      InterGEO Services, LLC;

(p)      Gene Pellillo;

(q)      Craig Calabria;

(r)      GeoSystem Consultants, Inc.;

(s)      Thomas Ramsey;

(t)      James Single; and

(u)      GeoSyntec Associates.

2.      All internal documents relating to the Project including, but not limited to, correspondence or memoranda exchanged between you and your employees, if any.

3.      The memorandum dated May 27, 2004 relating to the Project and issued from City Solicitor Roger Akin to Newark, summarized in the June 8, 2004 article by Michele Besso, staff reporter for the <u>Delaware News Journal</u>.

4.      All documents relating to drawings, blueprints, plans, shop drawings, diagrams, charts, maps, sketches, schematics, designs or other graphic layouts or depictions of the Project.

5.      All pictures, videotapes, motion pictures and audiotapes relating to the Project.

6.      All documents relating to Newark's solicitation of bids relating to the Project and any responses thereto.

7.      All documents relating to changes, modifications or amendments to the design of the Project from its inception to the present.

8.      All documents relating to the December 9, 2003 meeting attended by representatives of Newark, Durkin and Federal.

9.      All documents relating to all reports authored by Dr. Gregory Richardson, which relate to the Project.

10.      All documents relating to any report authored by URS Corporation relating to the Project, including its reports dated January 30, 2004 and April 14, 2004.

11.      All documents relating to the Performance Bond.

12.      All documents relating to, supporting or refuting the basis for the termination of Durkin's right to complete its work on the Project under the Construction Contract and/or the Performance Bond.

13.      All documents relating to, supporting or refuting the contention that Newark complied with Section 15.2 of the Standard General Conditions of the Construction Contract.

14.      All documents relating to, supporting or refuting the contention that Newark complied with the requirements in paragraph 3 of the Performance Bond.

15. All documents relating to Newark's City Council meetings, including, but not limited to, official meeting minutes and notes, summaries or other documents from executive sessions, which relate to the Project.

16. All documents relating to the "number of different sites and designs" considered for the Project as alleged in ¶¶29 to 42 of the Answer of URS Corporation to the Complaint.

17. All documents relating to the "number of different sites and designs" considered for the Project as alleged in ¶¶28 to 42 of Newark's Answer to the Complaint.

18. All documents relating to, supporting or refuting the affirmative defenses alleged in your Answer.

19. All documents relating to the specifications for the Project.

20. All documents relating to, supporting or refuting the damages alleged by Newark in its Third-Party Complaint, including, but not limited to, documents relating to actual or anticipated payments by Newark related to the Project.

21. All resumés, curriculum vitae and other documents relating to the credentials or qualifications of the URS Corporation personnel involved in the Project, including, but not limited to, the following:

    (a)    Mark F. Prouty;

    (b)    Daniel Johnson;

    (c)    Joseph R. Kula;

    (d)    John C. Volk;

    (e)    John Bischoff;

    (f)    Richard Davidson;

    (g)    Glenn Bowen; and

(h)    Jill A. Voeller.

22.    All documents relating to the contention that URS Corporation presented sixty-seven (67) reservoir design options to Newark as alleged at page 4 of Newark's Answering Brief, dated April 26, 2004.

23.    All documents relating to the contention that URS Corporation presented sixty-seven (67) reservoir design options to Newark as alleged in ¶5 of the Houck Affidavit, dated April 26, 2004.

24.    All documents relating to the Project that were issued by Joseph J. Ellam.

25.    All documents and other materials relating to the Project reviewed by Joseph J. Ellam.

26.    All documents and other materials, including correspondence, relating to the Project supplied by you to Joseph J. Ellam.

27.    All documents and other materials relating to the Project requested by Joseph J. Ellam but not supplied by you to him.

28.    All resumés, curriculum vitae and other documents relating to the credentials and qualifications of Joseph J. Ellam.

29.    All documents relating to the Project that were issued by Ronald K. Frobel.

30.    All documents and other materials relating to the Project that were reviewed by Ronald K. Frobel.

31.    All documents and other materials, including correspondence, relating to the Project supplied by you to Ronald K. Frobel.

32.    All documents and other materials relating to the Project requested by Ronald K. Frobel but not supplied by you to him.

33.      All resumés, curriculum vitae and other documents relating to the credentials and qualifications of Ronald K. Frobel.

34.      All documents relating to the Project issued by Robert H. Swan, Jr. and/or SGI Testing Services, LLC.

35.      All documents and other materials relating to the Project reviewed by Robert H. Swan, Jr. and/or SGI Testing Services, LLC.

36.      All documents and other materials, including correspondence, relating to the Project supplied by you to Robert H. Swan, Jr. and/or SGI Testing Services, LLC.

37.      All documents and other materials relating to the Project requested by Robert H. Swan, Jr. and/or SGI Testing Services, LLC but not supplied by you to them.

38.      All resumés, curriculum vitae and other documents relating to the credentials and qualifications of Robert H. Swan, Jr. and/or SGI Testing Services, LLC.

39.      All documents relating to the "failure mode analyses" performed by URS Corporation as alleged at page 5 of Newark's Answering Brief, dated April 26, 2004.

40.      All documents relating to interviews of Durkin related to the Project, including audiotaped interviews of Durkin personnel.

41.      All documents relating to, supporting or refuting the contention at page 8 of Newark's Answering Brief, dated April 26, 2004, that "Durkin did not compact the Type IV soils."

42.     All documents relating to, supporting or refuting the contention in ¶10 of the Mark F. Prouty Affidavit, dated April 20, 2004, that "Durkin had not sufficiently compacted the soil."

43.     All documents relating to, supporting or refuting the contention in ¶23 of the Mark F. Prouty Affidavit, dated April 20, 2004, that "Durkin did not compact the soil cover on the northern slopes to 90 percent of ASTM D 698."

44.     All documents relating to, supporting or refuting the contention at page 12 of Newark's Answering Brief, dated April 26, 2004, that the "geomembrane liner has retrograded down the slope because Durkin failed to sufficiently ballast the liner."

45.     All documents relating to, supporting or refuting the contention in ¶28 of the Mark F. Prouty Affidavit, dated April 20, 2004, that the "geomembrane (liner) has slid down the slope slightly because there was insufficient ballast placed in the liner by the installer."

46.     All documents relating to, supporting or refuting the contention in ¶28 of the Mark F. Prouty Affidavit, dated April 20, 2004, that the geomembrane liner "cannot be pulled back up and must be replaced."

47.     All documents relating to, supporting or refuting the contention in ¶28 of the Mark F. Prouty Affidavit, dated April 20, 2004, that the liner's geotextile cover must be replaced due to over exposure to sunlight.

48.     All documents relating to the East Marlboro Township Reservoir in Chester County, Pennsylvania.

49.     All documents relating to, supporting or refuting the contention in ¶8 of the Joseph R. Kula Affidavit, dated April 20, 2004, that "a failure mode analysis was conducted for the reservoir embankment to evaluate a range of failure scenarios."

50.    All documents relating to the slope stability and seepage/piping failure mode analysis referenced in ¶8 of the Joseph R. Kula Affidavit, dated April 20, 2004.

51.    All documents relating to the February 8, 2002 Basis of Design Report referenced in ¶9 of the Joseph R. Kula Affidavit, dated April 20, 2004.

52.    All documents relating to the "slope stability analyses" allegedly presented in the February 8, 2002 Basis of Design Report referenced in ¶9 of the Joseph R. Kula Affidavit, dated April 20, 2004.

53.    All documents relating to tests, analyses, reports or investigations of the Zone IV soil on the Project.

54.    All documents relating to tests, analyses, reports or investigations of the soil used in the construction of the embankment on the Project.

55.    All documents relating to sieve analysis, gradation analysis, plasticity analysis, particle size distribution analysis or other quantitative or qualitative analysis of soil used on the Project.

56.    All documents relating to the "Seventeen Quality Assurance gradation tests" performed by URS Corporation as alleged at page 12 of the URS Corporation report, dated April 14, 2004.

57.    All documents relating to the 70 years of historical hydrological data and statistical analysis referenced at page 10 of the URS Corporation report, dated April 14, 2004.

58.    All documents relating to all quality assurance tests conducted by you relating to the Project.

59.    All documents relating to the Brick Township Municipal Authority's Reservoir referenced in the October 7, 2003 Newark Water Reservoir Project comparison chart.

60.     All documents relating to transcripts of testimony or transcriptions of oral statements relating to the Construction Contract, Project and/or any of the claims or defenses asserted by you in this action.

61.     All statements or affidavits signed by individuals knowledgeable about the events or circumstances at issue in this action.

62.     All documents relating to, supporting or refuting the contention that Durkin breached its duties, failed to fulfill its responsibilities on the Project or was otherwise in default under the Construction Contract and/or Performance Bond.

63.     All documents relating to claims made by you against any individual or entity, regardless of whether such claims were advanced formally or informally, relating to the Project, the Project design or the Performance Bond.

64.     All documents relating to releases, settlements or assignments from you or to you relating to the Project, the Project design or the Performance Bond.

65.     All documents relating to all reports, including drafts thereof, of all experts retained by you which relate to the Project.

66.     All documents and other materials requested but not produced by you to any expert who may testify in this lawsuit.

67.     All documents that you refused to produce to any expert who may testify in this lawsuit after such documents were requested.

68.     All resumés, curiculum vitae and other documents relating to the qualifications of experts who may testify in this lawsuit.

69.     All transcripts of the testimony of experts who may testify in this lawsuit.

70.    To the extent not requested above, all documents relating to, supporting or refuting the contention that Federal is in any way liable to you in this action.

Submitted by:

_____

STRADLEY, RONON, STEVENS & YOUNG, LLP

Sheela P. Dattani
Delaware Bar ID No. 3620
STRADLEY, RONON, STEVENS
& YOUNG, LLP
Suite 600, 919 North Market Street
Wilmington, Delaware 19899-2170
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I do hereby certify that on June 29, 2004, I caused a true and correct copy of the

Request for Production of Documents of Third-Party Defendant, Federal Insurance Company,

Directed to Third-Party Plaintiff and Defendants to be served via United States First Class Mail,

postage prepaid, upon the following:

Paul A. Logan, Esquire
POWELL, TRACHTMAN, LOGAN, CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA   19406


Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE   19899


James M. Sample
Matthew F. Lintner
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19801


_____
David M. Burkholder, Esquire

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| Third-Party Defendant. | ) | |

**SECOND REQUEST FOR PRODUCTION OF DOCUMENTS OF
THIRD-PARTY DEFENDANT, FEDERAL INSURANCE COMPANY,
DIRECTED TO THIRD-PARTY PLAINTIFF AND DEFENDANTS**

Third-Party Defendant, Federal Insurance Company ("Federal"), by and through

its counsel, Stradley, Ronon, Stevens & Young, LLP, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure, propounds the following requests for production of documents

(hereafter referred to collectively as "Requests" or singularly as "Request") to be answered by

Third-Party Plaintiff and all Defendants in the above-captioned action.

**DEFINITIONS AND INSTRUCTIONS**

The Definitions and Instructions contained in Federal's Request for Production of

Documents Directed to Third-Party Plaintiff and Defendants shall be applicable to these

Requests.

## REQUESTS

1.      All internal documents relating to Newark's request for bids for the completion of the Project, including, but not limited to, correspondence or memoranda exchanged between you and your employees, if any, project reviews, engineering reviews and cost estimates.

2.      All documents relating to Newark's request for bids for the completion of the Project exchanged between you and any individual or entity, including, but not limited to, prospective bidders.  This request includes, but is not limited to, all questions submitted by and answers provided to prospective bidders.

3.      All pictures, videotapes, motion pictures and audiotapes relating to Newark's request for bids for the completion of the Project.

4.      All documents relating to changes, modifications or amendments to the design of the Project reflected in the bidding documents for Newark Contract No. 04-15.

5.      All documents relating to Newark Contract No. 04-15.

6.      All internal documents relating to Newark Contract No. 04-15, including, but not limited to, correspondence or memoranda exchanged between you and your employees, if any, project reviews, engineering reviews and cost estimates.

7.      All documents relating to Newark Contract No. 04-15 exchanged between you and any individual or entity, including, but not limited to, prospective bidders.  This request includes, but is not limited to, all questions submitted by and answers provided to prospective bidders.

8.      All documents relating to any report authored by Craig Calabria relating to the Project, including his report dated July 9, 2004, including drafts thereof.

9.      All documents relating to the "anecdotal evidence" referenced on page 7 of Craig Calabria's July 9, 2004 report.

10.      All documents relating to the "test sections" referenced on page 15 of Craig Calabria's July 9, 2004 report.

11.      All documents relating to the "test section" referenced on page 17 of Craig Calabria's July 9, 2004 report.

12.      All documents relating to drawings, blueprints, plans, shop drawings, diagrams, charts, maps, sketches, schematics, designs or other graphic layouts or depictions of the "test sections" identified in Requests Nos. 10 and 11.

13.      All documents relating to "protective erosion control measures" taken to protect the Zone IV cover soils referenced on page 19 of Craig Calabria's July 9, 2004 report.

14.      All documents relating to any leakage detection system for the Project.

15.      All documents relating to the Project that were authored by Craig Calabria.

16.      All documents and other materials relating to the Project reviewed by Craig Calabria.

17.      All documents and other materials relating to the Project and relied upon by Craig Calabria in his report dated July 9, 2004.

18.      All documents and other materials, including correspondence, relating to the Project supplied by you to Craig Calabria.

19.      All documents and other materials relating to the Project requested by Craig Calabria but not supplied by you to him.

20.    All resumés, curriculum vitae and other documents relating to the

credentials and qualifications of Craig Calabria.

Submitted by:

_____

STRADLEY, RONON, STEVENS & YOUNG, LLP

Sheela P. Dattani
Delaware Bar ID No. 3620
STRADLEY, RONON, STEVENS
& YOUNG, LLP
919 North Market Street, Suite 600
P.O. Box 2170
Wilmington, DE  19899-2170
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

## CERTIFICATE OF SERVICE

I do hereby certify that on August 31, 2004, I caused a true and correct copy of

the Second Set of Request for Production of Documents of Third-Party Defendant, Federal

Insurance Company, Directed to Third-Party Plaintiff and Defendants to be served via hand-

delivery upon the following:

Paul A. Logan, Esquire
POWELL, TRACHTMAN, LOGAN, CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA   19406


Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE   19899


James M. Sample
Matthew F. Lintner
MORRIS JAMES HITCHENS & WILLIAMS LLP
222 Delaware Avenue
P.O. Box 2306
Wilmington, DE  19801

_____
David M. Burkholder, Esquire

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING, INC. )
             Plaintiff, )
              )
   v. )       CIVIL ACTION NO. 04-0163
              )
CITY OF NEWARK, et al., )
             Defendants, )
              )
   and )
              )
CITY OF NEWARK, )
             Third-Party Plaintiff, )
              )
   v. )
              )
FEDERAL INSURANCE COMPANY, )
             Third-Party Defendant. )

### THIRD REQUEST FOR PRODUCTION OF DOCUMENTS OF
### THIRD-PARTY DEFENDANT, FEDERAL INSURANCE COMPANY,
### <u>DIRECTED TO THIRD-PARTY PLAINTIFF AND DEFENDANTS</u>

Third-Party Defendant, Federal Insurance Company ("Federal"), by and through

its counsel, Stradley, Ronon, Stevens & Young, LLP, and pursuant to Rule 34 of the Federal

Rules of Civil Procedure, propounds the following requests for production of documents

(hereafter referred to collectively as "Requests" or singularly as "Request") to be answered by

Third-Party Plaintiff and all Defendants in the above-captioned action.

### <u>DEFINITIONS AND INSTRUCTIONS</u>

For the purposes of these Requests, the following definitions shall apply:

1.      "George & Lynch" shall mean George & Lynch, Inc., its employees,

agents and representatives.

2.      "Construction Contract 04-15" shall mean Construction Contract 04-15

between George & Lynch and Newark.

3.      The Definitions and Instructions contained in Federal's Request for Production of Documents Directed to Third-Party Plaintiff and Defendants shall also be applicable to these Requests.

## REQUESTS

1.      All documents exchanged between George & Lynch and Newark relating to the terms and conditions of Construction Contract 04-15.

2.      All documents exchanged between George & Lynch and URS relating to the terms and conditions of Construction Contract 04-15.

3.      All internal documents relating to the terms and conditions of Construction Contract 04-15.

4.      All documents relating to Construction Contract 04-15.

5.      All documents relating to tests or analysis(es) of soil compaction for the Zone IV cover soils on the Project.

6.      All documents relating to the decision to place rain sheets on top of the Zone IV cover soils on the Project.

7.      All documents exchanged between George & Lynch, Newark or URS related to the placement of rain sheets on top of the Zone IV cover soils.

8.      All documents exchanged between George & Lynch, Newark or URS relating to the sequence of construction and means and methods of the placement of the rain sheets on top of the Zone IV cover soils.

9.      All internal documents relating to the sequence of construction and means and methods of the placement of the rain sheets on top of the Zone IV cover soils.

10.    All documents relating to the removal of the rain sheets placed on top of the Zone IV cover soils.

11.    All correspondence exchanged between George & Lynch, Newark or URS relating to the removal of the rain sheets placed on top of the Zone IV cover soils on the Project.

12.    All internal documents relating to the removal of the rain sheets placed on top of the Zone IV cover soils on the Project.

13.    All documents relating to any erosion or sloughing of the Zone IV cover soils on the Project.

14.    All documents exchanged between George & Lynch, Newark or URS relating to the sequence of construction and means and methods of construction for the Fabriform on the Project.

15.    All internal documents relating to the sequence of construction and means and methods of construction for the Fabriform on the Project.

16.    All documents relating to problems or issues with the placement of the Fabriform on the Project.

17.    All documents relating to the placement of the rip rap for the Project.

18.    All documents exchanged between George & Lynch, Newark or URS relating to the placement of the rip rap for the Project.

19.    All documents exchanged between George & Lynch, Newark or URS relating to the sequence of construction and means and methods of the placement of the rip rap on the Project.

20.    All internal documents relating to the sequence of construction and means and methods of the placement of the rip rap on the Project.

3

21.     All documents relating to problems or issues with the placement or maintenance of the rip rap on the Project.

22.     All documents, including but not limited to payment applications, invoices or change orders relating to requests by George & Lynch for payment for work performed in connection with Construction Contract 04-15.

23.     All documents relating to payments made by Newark to George & Lynch for services performed by George & Lynch in connection with the Project.

24.     All documents relating to any changes, amendments or modifications to Construction Contract 04-15.

25.     All pictures, videotapes, motion pictures and audiotapes relating to the Project.

Submitted by:

_____

STRADLEY, RONON, STEVENS & YOUNG, LLP

Delaware Bar No. 2967
300 Delaware Avenue
Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098
(215) 564-8000
(215) 564-8120 Fax

Attorneys for Third-Party Defendant,
Federal Insurance Company

4

## CERTIFICATE OF SERVICE

I do hereby certify that on February 7, 2006, I caused a true and correct copy of the Third Request for Production of Documents of Third-Party Defendant, Federal Insurance Company, Directed to Third-Party Plaintiff and Defendants to be served upon the following in the manner indicated:

### VIA REGULAR MAIL

Paul A. Logan, Esquire
POWELL, TRACHTMAN, LOGAN, CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA   19406

### VIA HAND DELIVERY

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE   19899

### VIA REGULAR MAIL

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE  19899

_____
David M. Burkholder, Esquire

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | |

## REQUEST FOR PRODUCTION OF DOCUMENTS
## (SET I) DIRECTED TO THE CITY OF NEWARK

Pursuant to Federal Rules of Civil Procedure 26 and 34, you are hereby requested to produce the below-listed documents for inspection and copying within thirty (30) days, at the Law Offices of Powell, Trachtman, Logan, Carrle & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, Pennsylvania, 19406, or at such other convenient location as otherwise agreed in writing.

## DEFINITIONS

For the purposes of these Requests, the following definitions shall apply:

1.      The "City of Newark" shall mean the City of Newark, the Mayor of the City of Newark, and all Council Members of and for the City of Newark, individually and/or collectively, as appropriate.

2.      The "City of Newark Reservoir Project" shall mean the Water Supply Reservoir that is the subject of the Construction Contract at issue in this action.

3.      "You" and "your" shall mean the party responding to these Requests.

4.      "Document" means, unless otherwise stated, all written, printed, typed or recorded

electronically, graphic or photographic material of any kind or character and non-duplicate copies now or at any time relevant to this action in your possession, custody or control, including, among other things and without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

5.    "All documents" means the original and all copies of a document, as above defined and known to you, including all drafts and marked up copies, and every such document that can be located or discovered by you through reasonably diligent efforts.

6.    All references to the parties also encompass their agents, employees, attorneys or representatives.

7.    "Relating to" or "related to" shall mean referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about or regarding.

## INSTRUCTIONS

The following Instructions shall govern these Requests:

1.    Each Request is to be answered separately and completely.

2.    Requests that cannot be answered in full shall be answered as completely as possible and shall specify the reasons for the incompleteness.

3.    You are hereby requested to supplement seasonably your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure at the end of each thirty (30) day period immediately following the filing of your initial responses hereto based on the requirements of Rule 26(e). For the purpose of Rule 26(e), these Requests are deemed to be a "new" request for each thirty (30) day period prior to the time of the final pretrial order.

4.    If, after reasonable investigation, you lack documents responsive to any Request, state so expressly, and describe in detail the investigation that you made to obtain knowledge of documents responsive to that Request.

5.    If you have responsive documents, some of which you are providing in an answer and some of which you are withholding, state so expressly, and state in detail the exact grounds upon which responsive documents are being withheld.

6.    For writings to which you have had access but which are not now in your possession, custody or control, state the circumstances under which you had access to such documents and the identity of the individual(s) or entity that now has them in their possession, custody or control.

KOP:322153v1 3514-04

7.      To the extent that you object to any Request or portion thereof, you shall:

        (a)    identify the portion to which such objection is made;

        (b)    state specifically each and every ground upon which you rely for your objection; and

        (c)    answer all parts to which no objection exists.

8.      To the extent that you object to any Request on the basis of privilege, you shall:

        (a)    identify the portion to which such objection is made;

        (b)    state specifically each and every ground upon which you rely for your objection; and

        (c)    answer all parts to which no objection exists.

## DOCUMENTS TO BE PRODUCED

1.      All documents relating to the City of Newark Reservoir Project, including, but not limited to the following:

        (a)    all correspondence generated or received by the City of Newark;

        (b)    all electronic documents, including emails and fax transmissions between URS, the City of Newark and any of the named Defendants;

        (c)    all documents respecting the contract and work being performed by George & Lynch, Inc.;

KOP:322153v1 3514-04

(d)     all documents respecting the re-bid of the contract for the work within the scope of the contract of Donald M. Durkin Contracting, Inc., including copies of all handouts and other materials;

(e)     all communications between the City of Newark and URS in any way related to this litigation.

**Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.**

By: _____

Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
Attorneys for Plaintiff

KOP:322153v1 3514-04

## CERTIFICATE OF SERVICE

I, Paul A. Logan, counsel for Plaintiff certify that on September 15, 2005, a true and

correct copy of the foregoing Request for Production of Documents (Set I) Directed to City of

Newark was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F.
Godwin, John H. Farrell, Jerry Clifton, Karl
G. Kalbacher, David J. Athey, Frank J.
Osborne, Jr. and Christina Rewa

Samuel J. Arena, Jr., Esquire
Patrick R Kingsley, Esquire
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant
Federal Insurance Company

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation

Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.

By: _____
    Paul A. Logan

KOP:322153v1 3514-04

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2006, I caused a true and correct copy

of the foregoing to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ Kevin W. Goldstein
Kevin W. Goldstein

# 495470