IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | CASE NO. 04-0163-GMS |
| vs. | JURY TRIAL DEMANDED |
| CITY OF NEWARK, et al., *Defendants* and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | |

## ANSWERING BRIEF OF DONALD M. DURKIN CONTRACTING, INC. TO THE CITY OF NEWARK'S MOTIONS RESPECTING THE CIVIL RIGHTS CLAIMS

The City notes that in Delaware, there is no "liberty interest in reputation", citing *Helman v. State*, 784 A.2d 1058, 1071-1072 (Del. 2001). *Helman* has no real application to this case and the statement of the City respecting the law of Delaware is wrong.

*Helman* is a case that addressed a sex offender's liberty interest in the possible damage to the offender's reputation cases by the community notification scheme of Del. Code Ann. tit. 11, §§ 4120, 4121 (Act) registration and notification requirements. The Delaware Supreme Count found that the Act offended neither the state nor federal constitutions generally, or as applied to juveniles.

The Supreme Court *did not* hold that there is no "liberty interest in reputation" as the City suggests. Indeed, what the Supreme Court said was consistent with a constitutionally protected right to maintain one's reputation. The Supreme Court wrote:

KOP:347883v1 3514-04

Reputation alone, apart from some more tangible interest such as employment, is [not] 'liberty' or 'property' by itself sufficient to invoke the procedural protection of the Due Process Clause." *Paul v. Davis*, 424 U.S. 693, 701, 47 L. Ed. 2d 405, 96 S. Ct. 1155 (1976). The plaintiff in Paul argued unsuccessfully that he was entitled to due process before law enforcement officials were permitted to distribute to local businesses a flyer that contained his name and photograph on a list of "active shoplifters." In rejecting this claim the Supreme Court ruled that the damage to one's reputation resulting from disclosure of negative information does not by itself give rise to a constitutional claim. *See also Siegert v. Gilley*, 500 U.S. 226, 233-34, 114 L. Ed. 2d 277, 111 S. Ct. 1789 (1991). Rather, the government conduct that has the effect of stigmatizing an individual must be accompanied by the alteration of a "right or status previously recognized by state law" to trigger due process rights. *Paul*, 424 U.S. at 712. This has come to be known as the "stigma plus test." *See Sturm v. Clark*, 3d Cir., 835 F.2d 1009, 1012 (1987).

*Helman v. State*, 784 A.2d 1058, 1071-1072 (Del. 2001)

The evidence in this case assembled during discovery is that at least one member of City Council knew at the time termination that Durkin's reputation would be adversely affected by the termination. [Deposition of City Councilman Osbourne]. The testimony by the City's designee, Ms. Houck, confirmed that a "handouts" given to Durkin's competitors at the time of the re-bid was false and overstated Durkin's misconduct. When combined by the additional facts that as of December, 2003, the City had withheld in excess of $200,000 in payments due to Durkin (even though URS had certified the payments to be due), that after termination, the City went to all of Durkin's suppliers and subcontractors and made statement to the suppliers and subcontractors that Durkin had not properly paid them (which resulted in Durkin being sued by suppliers and subcontractors), the fact that since be declared in default, Durkin has not been able to obtain bonding or procure another contract and the fact that Durkin was provided no notice under the contract of any declaration of default, the "stigma plus test" is more than satisfied. Indeed, the *Fox Fuel* case reflect the "liberty" interest of a public contractor in its reputation as a responsible bidder.

Turning to the other legal predicate upon which the City grounds its theories, as its initial legal premise, the City points to the decision of the United States Third Circuit Court of Appeals

in *Linan-Faye Construction, Inc. v. Housing Authority of the City of Camden*, 49 F.3rd 915 (Third Cir. 1995). The *Linan-Faye* decision has little application in Delaware; the Court in *Linan-Faye* applied the law of the State of New Jersey, not Delaware. 49 F.3rd at 920. Further, the City's contention that federal procurement practice provides for transforming improper terminations for default into terminations for convenience is not embraced within any federal "common law" doctrine, but is expressly provided for in the Federal Acquisition Regulations that contain sample contract provisions that are inserted into government contracts. *See* FAR §52.249. As in the case for all federal procurement agencies, it is the specific language of the contract that is determinative, and there is simply no interpretation or construction of the plain language of the Contract that displaces Durkin's right to the full measure of damages in the event it is determined that the City breached the Contact by wrongfully terminating Durkin.

IV.    **CONCLUSION**

The City's Motion in Limine respecting the right of Durkin to pursue civil rights damages must be dismissed and denied.

                                              **Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.**

By: _____
      Paul A. Logan
      Delaware Supreme Court ID #3339
      475 Allendale Road, Suite 200
      King of Prussia, PA 19406
      Telephone: 610-354-9700
      Telefacsimile: 610-354-9760
      Attorneys for Plaintiff