IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**ANSWERING BRIEF OF PLAINTIFF
TO FEDERAL'S MOTION TO COMPEL PRODUCTION
OF PRIVILEGED DOCUMENTS BASED UPON
THE CITY OF NEWARK'S INTENTIONAL WAIVER OF PRIVILEGE**

POWELL, TRACHTMAN,
LOGAN, CARRLE &
LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third
Party Defendant Donald M. Durkin
Contracting*

Dated: August 25, 2006

KOP:348459v1 3514-04

## TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDINGS.................................................................1

II.   SUMMARY OF ARGUMENT......................................................................................1

III.  CONCISE STATEMENT OF FACTS ...........................................................................1

IV.   ARGUMENT....................................................................................................................2

    A.   The City Waived the Attorney Client Privilege as it Relates to the May 16, 2006 Correspondence ................................................................... 2

    B.   The City's Voluntary Disclosure of the May 16, 2006 Correspondence Constitutes a Waiver of the Attorney Client Privilege as to All Other Communications Related to the Subjects Addressed Therein .................................................................................... 4

V.    CONCLUSION AND RELIEF SOUGHT......................................................................6

KOP:348459v1 3514-04

# TABLE OF CITATIONS

### Cases

*American Legacy Foundation v. Lorillard Tobacco Company*, 2004 Del. CH. LEXIS 157 (2004) ................................................................................................................ 2

*Hechinger Investment Company of Delaware, et al., v. Fleet Retail Finance Group, et al.*, 303 B.R. 18, 2003 U.S. Dist. LEXIS 22402 (D. Del. 2003) ........................................... 4

*Helman v. Murry's Steaks, Inc. et al.*, 728 F. Supp. 1099, 1990 U.S. Dist. LEXIS 545 (D. Del. 1990) .......................................................................................................... 2, 4

*Kaminski v. First Union Corporation, et al.*, 2001 U.S. Dist. LEXIS 9688 (E.D. Pa. 2001) ................................................................................................................................ 3

*Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994) .......................................... 3

*RCA Corporation v. Data General Corporation*, 1986 U.S. Dist. LEXIS 23244 (D. Del. 1986) ............................................................................................................................ 2

*Reese, et al. v. Klair, et al.*, 1985 Del. Ch. LEXIS 403 (1985) ...................................... 2, 4

*Smith v. Alyeska Pipeline Service Co., et al*, 528 F. Supp. 977, 1982 U.S. Dist. LEXIS 9460 (D. Del. 1982) ..................................................................................................... 4

*United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357 (D. Mass 1950) ......... 2

### Other Authorities

Comment [16] to Del. Prof. Cond. R. 1.06 ........................................................................ 3

### Rules

Del. Prof. Cond. R. 1.06(a) ................................................................................................ 3

KOP:348459v1 3514-04

# I. NATURE AND STAGE OF PROCEEDINGS

Durkin files this Answering Brief and joins in Federal Insurance Company's ("Federal") Motion to Compel Production of Privileged Documents Based Upon the City of Newark's Intentional Waiver of Privilege.

# II. SUMMARY OF ARGUMENT

Durkin concurs with Federal and is filing this Answering Brief to supplement the bases advanced in Federal's Motion to Compel production of privileged documents based on the City's intentional waiver of the attorney client privilege. The City's disclosure of the correspondence dated May 16, 2006 from Carol S. Houck (Assistant to the City Manager) to litigation counsel Paul Cottrell, Esquire represents the 2nd instance in this case of an attorney client communication that has been placed in the public domain by the City and/or its counsel. This is, beyond question, a purposeful and knowing waiver by the City of the attorney client privilege by virtue of its filing the document with the Court, without qualification or limitation, and accordingly the City must now produce all documents related to each of the subject matters addressed in Houck's May 16, 2006 correspondence, without regard to any claimed assertion of privilege.

# III. CONCISE STATEMENT OF FACTS

In response to Federal's Motion in Limine to Exclude any Reference to the Errata Sheets of Carol Houck, the City, as part of its Answering Brief, attached and filed with the Court the May 16, 2006 communication between the City's 30(b)(6) designee and the City's litigation counsel, Paul Cottrell. (D.I. 171, Exh. A) This disclosure was not in any manner qualified or limited to address any claim of limited waiver of the attorney client communications privilege. And, as Federal points out in its Motion, this is not the first waiver of the attorney client privilege by the City[1]. *See* Federal's Motion to Compel, page 2, FN 2.

---

[1] This Court ruled that City Solicitor Roger Akin, Esquire's Memorandum dated May 27, 2004 was to be produced because the attorney client privilege was waived when the Memorandum was published. At the time of its ruling, this Court also advised the City's Counsel that "**you are going to need to tell the government entity that you represent they need to do a better job of**

1

## IV.  ARGUMENT

### A.  The City Waived the Attorney Client Privilege as it Relates to the May 16, 2006 Correspondence

Communications made by a client to his attorney for the purpose of seeking professional advice (and the attorney's response thereto) are generally privileged and not subject to disclosure. *See e.g. American Legacy Foundation v. Lorillard Tobacco Company*, 2004 Del. CH. LEXIS 157 (2004); *RCA Corporation v. Data General Corporation*, 1986 U.S. Dist. LEXIS 23244 (D. Del. 1986). The Third Circuit has held that to qualify for protection under the attorney client privilege, the communication must adhere to the requirements set forth in *United States v. United Shoe Machinery Corp.*, 89 F. Supp. 357 (D. Mass 1950):

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege had been (a) claimed and (b) **not waived by the client**.

*Id.* at 358-59 (emphasis added). *See also Helman v. Murry's Steaks, Inc. et al.*, 728 F. Supp. 1099, 1990 U.S. Dist. LEXIS 545 (D. Del. 1990). It is also well established that a client may waive his privilege – such as by intentionally disclosing privileged communications. *See RCA Corporation v. Data General Corporation*, 1986 U.S. Dist. LEXIS 23244 (D. Del. 1986) (and cases cited therein).

Here, the City voluntarily waived the attorney client privilege when it attached the May 16, 2006 correspondence as Exhibit "A" to its brief that it filed with the Court. *See Reese, et al. v. Klair, et al.*, 1985 Del. Ch. LEXIS 403 (1985) (The attorney client privilege is designed to protect client confidences so long as the privilege is not waived by the client). The very filing of a document with the Court creates a presumption of public access to the document. *See Pansy v.*

---

**not leaking, under the circumstances."** *See* Selected portions of Transcript dated January 12, 2005, page 16, lines 7-9 attached as Exhibit "A" (emphasis added).

2

*Borough of Stroudsburg,* 23 F.3d 772 (3d Cir. 1994). *See also Kaminski v. First Union Corporation, et al.,* 2001 U.S. Dist. LEXIS 9688 (E.D. Pa. 2001) (finding that the attorney client privilege was waived when a privileged document was filed with the Court).

There is no conceivable claim by the City that this should be treated as an inadvertent disclosure, as it was the centerpiece of a deliberate and calculated response to refute the allegations and arguments made by Federal in seeking to exclude the errata sheets. The Court's review of this disclosure comes in the context of a prior disclosure of attorney client communications by the City where this Court found the privilege to be waived, and admonished counsel to caution the City against prospective similar disclosures. *See* Exhibit "A". Under the circumstances, this subsequent disclosure, made with considered and clear intentions, must be measured under the heightened awareness and scrutiny brought about by this Court's earlier charge to the City.

To the extent preservation of any privilege in this setting was important to the City, there were means by which the attorney client privilege could have been preserved. For instance, the City could have extracted those portions of the May 16, 2006 letter deemed relevant and included them in an affidavit to be executed by Ms. Houck[2]. Alternatively, the City could have redacted portions of the letter they deemed unnecessary to support their position on the disputed issues and facts, and qualified the remaining disclosures as a specific waiver limited to the purpose for which it was being offered. However, there was no attempt whatsoever to preserve any claim of privilege, either by subject matter or content, and any belated attempt to restore the privileged status of the document and its contents cannot be supported under applicable decisional law, and especially not against the backdrop of the City's prior disclosures in this case and the circumstances of the most recent disclosure that was filed with Court.

---

[2] The City and Houck are familiar with the procedures for executing and filing Affidavits. For example, Houck herself executed an Affidavit in support of Answering Brief of Defendants City of Newark, its Mayor and Council in Opposition to Plaintiff's Motion for Declaratory Judgment and Preliminary Injunction. *See* D.I. 21 at B-116-B-120.

3

KOP:348459v1 3514-04

B.  **The City's Voluntary Disclosure of the May 16, 2006 Correspondence Constitutes a Waiver of the Attorney Client Privilege as to All Other Communications Related to the Subjects Addressed Therein**

The City does not get the luxury to selectively disclose favorable information and then assert attorney client privilege to other information. *See Reese, et al. v. Klair, et al.,* 1985 Del. Ch. LEXIS 403 (1985). It would be unfair and contrary to case law to allow the City to assert the attorney client privilege and prevent disclosure for some information, while allowing the City to selectively disclose other attorney client protected information for self serving purposes. *See Smith v. Alyeska Pipeline Service Co., et al,* 528 F. Supp. 977, 1982 U.S. Dist. LEXIS 9460 (D. Del. 1982). "Therefore, if a client chooses to disclose some privileged communications between the attorney and himself, then he waives the remainder of the communication which relate to the same subject matter." *Id.* at **6 (emphasis supplied). Where the City has intentionally disclosed attorney client privileged information, thereby voluntarily waiving the privilege, this Court should not be expected to resurrect the privilege on the City's behalf. *See e.g. Helman v. Murry's Steaks, Inc. et al.,* 728 F. Supp. 1099, 1990 U.S. Dist. LEXIS 545 (D. Del. 1990) (and cases cited therein).

The City has universally waived the attorney client privilege as to **all subject matters** set forth in the disclosed May 16, 2006 correspondence. *See e.g. Hechinger Investment Company of Delaware, et al., v. Fleet Retail Finance Group, et al.,* 303 B.R. 18, 2003 U.S. Dist. LEXIS 22402 (D. Del. 2003) (and cases cited therein). The subject matters addressed in the May 16, 2006 correspondence to which the attorney client privilege has been waived include: (1) Houck's "corrections" to her deposition testimony; (2) discussions/documents concerning the City or Houck's contention that Attorney Kingsley was misleading the Court; (3) **requirements or lack of requirements for City Council to agree in advance to the termination of Durkin**; (4) **the "general policy of City Manager Carl Luft to inform and receive support from Council of such important decisions"** (May 16, 2006 Correspondence, page 2); (5) **the fact that the February 21, 2006 vote proceed in the fashion of most votes of Council**; (6) **discussions/documents concerning the fact that "Council's direction is certainly important**

4

[but] **it may take weeks or even months to completely fulfill their wishes**" (May 16, 2006 Correspondence, page 2); (7) discussions/documents concerning the fact that Council relies on City staff to follow through "with the appropriate forms, agreements, ... often associated with the direction" (May 16, 2006 Correspondence, page 2); (8) **discussions/documents concerning the fact that Council are likely not aware of most of the steps required to enact their direction**; (9) **discussions/documents concerning the allegation of Durkin's "failure to proceed"** (May 16, 2006 Correspondence, page 2); (10) **discussions/documents concerning the allegation that Durkin failed to follow the direction of the engineer** (May 16, 2006 Correspondence, page 3); (11) **discussions/documents concerning the allegation that Durkin would not complete the project at the price it bid** (May 16, 2006 Correspondence, page 3); (12) discussions/documents concerning the allegation Federal neglected its responsibility (May 16, 2006 Correspondence, pages 2-3); (13) discussions/documents concerning the allegation that the City was a "good owner" to Durkin (May 16, 2006 Correspondence, page 3); (14) **discussions/documents concerning the City working to address Durkin's concerns** (May 16, 2006 Correspondence, page 3); (15) **discussions/documents concerning the City allegedly paying Durkin on time** (May 16, 2006 Correspondence, page 3); (16) **discussions/documents concerning the allegation that "nothing short of an open checkbook would have kept this group on our site working"** (May 16, 2006 Correspondence, page 3).

    Although the apparent purpose of disclosing this correspondence was to rebut the challenges to the efficacy and admissibility of the errata sheets, the scope and breadth of topics raised by Ms. Houck range far beyond that charter, and are all fully and fairly implicated with respect to the privilege waiver. Durkin respectfully suggests that limiting the scope of the privilege waiver to this letter and the errata sheets provides the City with the benefits of selective disclosure that contravenes the prior decisions of this Court cited *infra*, and communicates to the City that the Court's prior warnings on subsequent disclosures of privileged materials carry no meaningful consequences if not heeded.

## V. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant Federal Insurance Company' Motion to Compel Production of Privileged Documents Based Upon the City of Newark's Intentional Waiver of Privilege, and order disclosure of all communications between the City of Newark and its litigation counsel and solicitor on all subjects set forth in the May 6, 2006 letter.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By: /s/ Paul A. Logan

Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: August ___, 2006

# EXHIBIT "A"

```
                        IN THE UNITED STATES DISTRICT COURT

                        IN AND FOR THE DISTRICT OF DELAWARE

                                     - - -

 DONALD M. DURKIN CONTRACTING,    :    Civil Action
 INC.,                            :
                                  :
           Plaintiff,             :
                                  :
      v.                          :
                                  :
 CITY OF NEWARK, HAROLD F.        :
 GODWIN, JOHN H. FARRELL, IV,     :
 JERRY CLIFTON, KARL G.           :
 KALBACHER, DAVID J. ATHEY,       :
 FRANK J. OSBORNE, JR.,           :    Civil Action
 CHRISTINA REWA, and              :    No. 04-0163 GMS
 URS CORPORATION,                 :
                                  :
           Defendants.            :
                                  :
      and                         :
                                  :
 CITY OF NEWARK,                  :
                                  :
           Third-Party            :
           Plaintiff,             :
                                  :
      v.                          :
                                  :
 DONALD M. DURKIN CONTRACTING     :
 and                              :
 FEDERAL INSURANCE COMPANY,       :
                                  :
           Third-Party            :
           Defendants.            :

                                     - - -

                             Wilmington, Delaware
                         Wednesday, January 12, 2005
                                   9:00 a.m.
                             Telephone Conference

                                     - - -

 BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J.
```

13

1  identical, at least analogous facts that the Court could
2  consider.
3           MR. ARENA: Your Honor, if I may suggest, it
4  sounds as if we are going to be getting a supplemental log
5  that would specifically identify any documents that Newark
6  would want to retain as privileged.  Once we have that
7  information, we then can evaluate that and come back to Your
8  Honor maybe with specific documents in mind that would
9  further focus the issue and permit us to resolve it.
10          THE COURT: Ms. Petrone, the Court would
11 appreciate in your anticipated privilege log the inclusion of
12 this category of documents. Okay?
13          MS. PETRONE: I will do that, Your Honor, yes.
14          THE COURT: And the reasons you believe they are
15 privileged.
16          The third bullet.
17          MR. KINGSLEY: The third bullet is a memorandum,
18 May 27th memorandum from Roger Akin, which was discussed at
19 great length in at least one news article written by a
20 reporter named Michelle Besso (phonetic) in the Delaware News
21 Journal.
22          The news article summarizes this memo, which was
23 sent around the city as conceding that there were significant
24 design problems with the reservoir.  In fact, it says that if
25 the -- according to the press, this memo concedes that when

1   the soils become saturated with water, which they will
2   because it is a reservoir, they could slump and slide.
3              There are constructibility problems and any
4   number of other problems.
5              Now, normally, a memo from a solicitor to his
6   client would be privileged. But it appears as though this
7   was sent around to people outside the protection of the
8   privilege, perhaps other people from the city and perhaps the
9   press directly. And regardless of how the press received
10  this memo, it does not appear as though the City of Newark
11  lifted a finger to get this memo back. So consequently, I
12  would suggest the privilege is waived, and we would like to
13  see this memo.
14             THE COURT: Ms. Petrone.
15             MS. PETRONE: The memorandum is indeed from the
16  city solicitor. And as Mr. Kingsley said, you know, normally
17  it would be protected. It is addressed to the Mayor and
18  Council. It is copied to this law firm.
19             And I disagree. We don't know how the memo got
20  to the News Journal. We don't know if it was disseminated
21  fully, if it was paraphrased based on a conversation. We
22  just don't know how it got out there. From that perspective,
23  we don't believe the privilege is waived.
24             Further, when the News Journal called this firm
25  and the City Solicitor about the memorandum, she was

15

1  instructed that it was privileged, under no circumstances
2  should it be reported on, that if she did have a copy it
3  should be returned.  So those efforts were made.  And because
4  we don't know how it was provided to the News Journal, and
5  because it wasn't purposely divulged to the News Journal, our
6  position is that the memorandum retains its privilege.
7           Further, I note that the first sentence of the
8  memorandum, which I have in front of me, says, Our
9  construction counsel has advised us that XYZ.  That's the
10 basis of the memo.
11          MR. KINGSLEY:  If I may respond, Your Honor.
12          THE COURT:  Sure.
13          MR. KINGSLEY:  It sounds as though, if Ms.
14 Petrone's summary is taken at face value, neither the city
15 nor council lifted a finger to get this memo back.  Only when
16 the press called the city or the city's council did they even
17 mention in passing that they thought that this thing was
18 corrected.
19          I have no idea who this paper might have sent
20 this memo to.  It might have been circulated to many other
21 newspapers.  Frankly, at this point, as far as I can see, the
22 newspaper could post it on the Internet, could post this memo
23 on the Internet.
24          THE COURT:  Sure could.
25          MR. KINGSLEY:  If I wanted to, I could go to the

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of Plaintiff's Answering Brief to Federal Insurance Company's Motion to Compel Production of Privileged Documents Based Upon the City of Newark's Intentional Waiver of Privilege is being served upon counsel of record listed below by first class mail:

Paul Cottrell, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F. Godwin, John H. Farrell, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr. and Christina Rewa

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500
P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation

KOP:348484v1 3514-04

| | |
|---|---|
| Patrick R. Kingsley, Jr., Esquire<br>Stradley Ronon Stevens & Young LLP<br>2600 One Commerce Square<br>Philadelphia, PA 19103-7098<br>Attorneys for Third-Party Defendant<br>Federal Insurance Company | Kevin W. Goldstein, Esquire<br>Stradley, Ronon, Stevens & Young, LLP<br>300 Delaware Avenue<br>Suite 800<br>P. O. Box 2170<br>Wilmington, DE 19801<br>Attorneys for Third-Party Defendant<br>Federal Insurance Company |

 

                                                                             **Powell, Trachtman, Logan,<br>        Carrle & Lombardo, P.C.**

Date:   August 25, 2006                          By: /s/ Paul A. Logan
                                                                 Paul A. Logan
                                                                 Delaware Supreme Court ID #3339
                                                                 475 Allendale Road, Suite 200
                                                                 King of Prussia, PA 19406
                                                                 Telephone: 610-354-9700
                                                                 Telefacsimile: 610-354-9760
                                                                 Attorneys for Plaintiff

KOP:348484v1 3514-04