# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION OF FEDERAL'S MOTION TO COMPEL PRODUCTION OF
## PRIVILEGED DOCUMENTS

                TIGHE, COTTRELL & LOGAN, P.A.
                By: /s/ Paul Cottrell
                Paul Cottrell (Delaware I.D. No. 2391)
                Victoria K. Petrone (Delaware I.D. No. 4210)
                704 N. King Street
                P.O. Box 1031
                Wilmington, DE 19899
                P: (302) 658-6400
                F: (302) 658-9836
                email: p.cottrell@lawtcl.com

*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

Dated: August 30, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**Cases**                                                                                           **Page**

*Sealy Mattress Co. of New Jersey v. Sealy Inc.*,
1987 Del. Ch. LEXIS 451 (Del. Ch. Ct. June 19, 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977 (D. Del. 1982) . . . . . . . . . . . . . . . . . . . 2

*Tackett v. State Farm Fire & Casualty Ins. Co.*, 653 A.2d 254 (Del.1995). . . . . . . . . . . . . . . . .3

**Other Authority**

8 John H. Wigmore, *Evidence in Trials at Common Law* § 2327
(J. McNaughton rev. ed. 1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin's action arises out of the termination of its contract with Newark for the Newark Water Supply Reservoir (the "Project"). Newark filed a counterclaim and Third-Party Complaint against Durkin's surety, Federal Insurance Company ("Federal"). Federal seeks production of privileged communications between Newark's 30(b)(6) designee and counsel on the basis of a letter produced by Newark in which she criticizes the behavior of counsel for Federal.

## SUMMARY OF ARGUMENT

Houck's letter does not constitute a privileged communication such that anything was waived by its production. The letter is analogous to an affidavit, and Federal's *Motion* should be denied. Regardless, there are no other documents to produce, so Federal's *Motion* is moot.

## STATEMENT OF FACTS

After four days of deposition, Newark's 30(b)(6) designee, Carol Houck, issued errata sheets. Federal filed a *Motion in Limine* to preclude the errata sheets. Newark filed an *Answering Brief in Opposition* and included a letter written by Houck in which she criticized counsel for Federal. Federal then filed the instant *Motion to Compel* privileged documents related to Houck's errata sheets and her May 16 letter.

## ARGUMENT

Houck's May 16 letter attached to Newark's *Answering Brief* was no different than an affidavit. The letter contains no legal advice or privileged information such that Newark could

1

have waived protection by its production. Federal argues that by disclosing the letter, the attorney-client relationship between Newark and Houck has been breached such that all relative information must be disclosed. Federal's arguments fail for two reasons: (1) nothing privileged has been exposed; and (2) there are no other documents to produce, so Federal's *Motion* is moot.

The attorney-client privilege protects "[c]ommunications made by a client to his attorney for the purpose of seeking professional advice [...]" *Smith v. Alyeska Pipeline Service Co.*, 538 F. Supp. 977, 979 (D. Del. 1982). "A party waives its attorney-client privilege when it injects into the litigation an issue that requires testimony from its attorneys." *Sealy Mattress Co. of New Jersey v. Sealy Inc.*, 1987 Del. Ch. LEXIS 451, *15 (Del. Ch. Ct. June 19, 1987). A fair reading of the May 16 letter clearly indicates that Houck was thoroughly exacerbated by the conduct of the Movant's counsel, which she called "extremely unprofessional" and misleading. Nothing contained within the letter can be construed as intending to seek the advice of Counsel to whom it is addressed, nor does it inject into the litigation any issue which has not been previously raised in this matter, nor which would require the testimony of any of Newark's attorneys.

At best, the letter, and any substantive information it relates, was being used in the nature of an affidavit. The fact that Newark only cited a portion of the letter in response to the underlying *Motion in Limine* shows that Newark was merely using the letter to show that Houck was frustrated with Movant's counsel during her deposition, in response to Federal's assertion that Houck's errata sheets were inappropriate. Counsel for Federal is free to defend his behavior, or cite Houck's deposition testimony, or as Newark suggested, question Houck at trial as to her errata sheets. Federal cannot show that conversations between Houck and counsel will shed any additional light on the behavior of Movant's own counsel during Houck's deposition, as well as

the circumstances that occurred during an event at which Movant's counsel was present.

Federal makes two arguments to support its claim that the letter's contents constitute privileged information: (1) the fact the letter, written on May 16, 2006, has not been disclosed in response to Request for Productions served by Federal over two years prior must mean that Newark and/or Houck believes the letter is privileged, and (2) the letter gives Houck's opinion of the present posture of different aspects of the case in general.

Federal's first argument is without merit because, as shown above, the letter is not a privileged communication as it does not relay legal advice or make any such request. Further, neither Newark nor Houck have claimed that the letter is privileged because, with the exception of Houck's criticism of Movant's counsel, the letter does not raise any new issues which have not already been exhaustively covered in discovery. Federal unilaterally attempts to categorize the letter as privileged based on a skewed interpretation of the contents to gain an unfair advantage in the pending litigation. Such a tactic should not be approved and Federal should be precluded from summarily characterizing the May 16 letter as privileged in order to delve into unrelated and protected matters.

As to Federal's second argument, Federal's *Motion to Compel* was written in response to Newark's defense of Houck's errata sheets. Instead of filing a reply, Federal filed the instant *Motion*. In *Tackett v. State Farm Fire & Casualty Ins. Co.*, 653 A.2d 254, 259 (Del.1995), the Delaware Supreme Court stated: "[r]egard must be had to the double elements that are predicated in every waiver, i.e. not only the element of implied intention, but also the element of fairness and consistency."*Id.* at 259 (*citing*, 8 John H. Wigmore, *Evidence in Trials at Common Law* § 2327 (J. McNaughton rev. ed. 1961)). The Court went further and said, "waiver rests on a

3

rationale of fairness." As stated, the rule of waiver requires the Movant to meet a two-pronged test which requires both that there has been a partial disclosure of privileged information and that by partially disclosing the information the disclosing party has gained an unfair advantage. *Id.*, at 259-60.

Federal's *Motion* fails to meet both of the prongs of the implied waiver test as the information contained therein is not privileged, nor does partial disclosure, if any, afford Newark an unfair advantage. As shown above, nothing contained in the letter raises any new issues which are central to the resolution of this matter. Houck's personal generalization of the posture of the case (wherein she relates information which has already been the subject of exhaustive discovery) does not provide new insight into contested issues, therefore, under a fairness standard, no further inquiry is required and the attorney-client privilege should remain intact. Federal is fully aware of Newark's arguments concerning Federal's refusal to honor its bond obligation, as well as Newark's claims against the insured, Durkin. Fairness is applied to both parties' conduct and Federal is simply attempting to gain an impressible and unfair advantage in the present litigation with its expansive request for privileged information.

Finally, the errata sheets and May 16 letter are Houck's own work product. There are no drafts or substantive correspondence with counsel relating to the subject matter of the errata sheets or the May 16 letter. Therefore, Federal's request for all privileged information is moot, as there is nothing else which Newark would be obligated to provide under the rules of waiver.

## **CONCLUSION**

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Federal's Motion to Compel Production.

**TIGHE, COTTRELL & LOGAN, P.A.**

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*