# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. ) | Civil Action No.: 04-0163 GMS |
| ) | |
| Plaintiff, ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CITY OF NEWARK et al. ) | |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
IN OPPOSITION OF FEDERAL'S MOTION TO PRECLUDE ANY EVIDENCE
RELATING TO THE CITY OF NEWARK'S CLAIMS AGAINST FEDERAL**

        TIGHE, COTTRELL & LOGAN, P.A.
        By: /s/ Paul Cottrell
        Paul Cottrell (Delaware I.D. No. 2391)
        Victoria K. Petrone (Delaware I.D. No. 4210)
        704 N. King Street
        P.O. Box 1031
        Wilmington, DE 19899
        P: (302) 658-6400
        F: (302) 658-9836
        email: p.cottrell@lawtcl.com
        *Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 30, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## TABLE OF AUTHORITIES

**Case**   **Page**

*Thorn EMI N. Am. v. Intel Corp.*, 936 F. Supp. 1186 (D. Del. 1996) . . . . . . . . . . . . . . .3

**Other Authority**

*None cited*

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin's action arises out of the termination of its contract with Newark for the Newark Water Supply Reservoir (the "Project"). Newark filed a counterclaim against Durkin and its surety, Federal Insurance Company ("Federal"). Federal seeks through its Motion in Limine to entirely preclude Newark's claims against Federal based on Newark's trial brief.

**SUMMARY OF ARGUMENT**

Federal has been on notice of Newark's position regarding satisfaction of the bond provisions since before the lawsuit was filed, and Federal's motion to preclude all claims against Federal should be denied.

**STATEMENT OF FACTS**

The Performance Bond issued by Federal (the "Bond") sets forth certain prerequisites to recovery by the owner, Newark. Paragraph 3.1 of the Bond requires notification that the owner is "considering declaring a contractor default." Newark's November 21, 2003 letter to Durkin and Federal stated that Newark was considering declaring Durkin in default. Paragraph 3.1 also requires that Newark request and arrange a meeting not later than fifteen days after receipt of the aforementioned default notice. A meeting was held on December 9, 2003.

Paragraph 3.2 of the Bond requires Newark to declare Durkin in default and terminate the contract. Under Paragraph 3.3 Newark must agree to pay Federal the balance of the contract

amount. Newark's February 3, 2004 letter declared Durkin in default, terminated the contract and offered to pay Federal the balance of the contract price.

## ARGUMENT

Federal is, and has been, on notice of Newark's contentions regarding the Bond provisions. Regarding the Paragraph 3.1 default notice, Newark explained in correspondence dated as early as March 24, 2004 (Exhibit A), that the November 21, 2003 letter (Exhibit B) provided the required notice, in fact the November 21 letter uses the exact wording set forth in the Bond (Exhibit C) and references the Bond requirements. Federal's own witness acknowledged that the November 21 letter tracked the Bond language and was in satisfaction of Paragraph 3.1 (Exhibit D, Deposition of Ellen Cavallaro, Page 19, Lines 2-16)

Paragraph 3.1 of the Bond also required a meeting. Reference is made again to the November 21 letter which stated, again mirroring the Bond language: "[a]s provided in the [Durkin] performance bond filed with the City, we are requesting that a conference be held including surety representatives, [Durkin], URS Corporation representatives and the City of Newark." Newark's March 24, 2004 letter explains that this meeting requirement was achieved on December 9, 2003 (which Federal has repeatedly asked the Court to ignore and which the Court has already ruled that there was at least sufficient evidence for a factfinder to conclude that the meeting had occurred, see D.I. #132). And again, Federal's witness conceded that the meeting occurred. (Exhibit D, Deposition of Ellen Cavallaro, Page 19, Lines 22-24).

Finally, as to whether Newark declared a contractor default and terminated the contract as required by the Bond Paragraph 3.2 , the February 3, 2004 letter written by Newark states "Newark declares a contractor default and hereby formally terminates [Durkin's] right to

complete the contract" (Exhibit E).   The February 3 letter also states that it is being written pursuant to the Bond, and references the November 21 letter as satisfaction of Paragraph 3.1. The seven day notice requirement contained in the contract, not the Bond (which Federal consistently incorrectly cites in its briefing), was the subject of Durkin's *Motion for Partial Summary Judgment* which was denied, leaving the issue for decision by the jury.

Newark has argued alternatively that even if the November 21, 2003 letter did not satisfy the contract seven day notice requirement, a letter sent on February 4 giving an additional period of seven days notice, did comply. Again, these three letters have been the subject of argument and protracted briefing since the inception of this lawsuit and have been attached to virtually every submission filed by Newark.

The *Thorn EMI* case cited by Federal actually supports a denial of Federal's *Motion*.   The District Court stated that each party should be provided sufficient notice of the opposing parties contentions and an opportunity to respond. *Thorn EMI N. Am. v. Intel Corp.*, 936 F. Supp. 1186, 1191 (D. Del. 1996).  As set forth above, Federal has been provided with ample notice and time to investigate Newark's contentions.  The District Court also stated that parties should utilize "contention" interrogatories to seek the legal contentions made by opposing parties and the factual bases for those legal contentions. *Id.*   Inadequate responses would prevent a party from raising new claims at trial; here, Federal did not serve any interrogatories upon Newark.

It is obvious that Federal is well aware of Newark's argument on the Bond requirements by the contentions made in its Motion *subjudice*, as well as by its own adept summation of these issues presented within Federal's *Motion for Summary Judgment* (D.I. #122). Because Federal is

fully cognizant of the issues Newark will raise at trial, the chief concern addressed by Rule 16, that a party may attempt to use surprise as a trial tactic, is simply not applicable here.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Federal's Motion to Preclude Any Evidence Relating to the City of Newark's Claims Against Federal.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*

Dated: August 30, 2006