# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## IN OPPOSITION OF DURKIN'S MOTION TO STRIKE THE CITY OF NEWARK'S
## MOTIONS IN LIMINES

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

August 30, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page**

*Bradley, et al v. Pittsburgh Board of Education, et al.*,
913 F.2d 1064, (3d. Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Howard Johnson Int'l v. Cupola Enters., LLC*,
117 Fed. Appx. 820, 822 (3d. Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Hancock Indus. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir.1987) . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*,
49 F.3d 915 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Rose v. Bartle*, 871 F.2d 331, 342 (3d. Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

**Other Authority**

75A Am Jur 2d *Trial* § 717 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). Durkin's action arises out of the termination of its contract with Newark for the Newark Water Supply Reservoir (the "Project"). Durkin seeks to strike Newark's Motions *in Limine*.

## SUMMARY OF ARGUMENT

Newark's *Motions in Limine* are appropriate and should be considered individually on the merits as, in some cases, Newark is entitled to judgment as a matter of law such that denial of the motions would improperly force the jury to determine legal issues. As to the timing of the *Motions*, Durkin's own unclean hands should preclude any relief.

## STATEMENT OF FACTS

The Court's Pretrial Order directed that all motions *in Limine* be filed on Monday, August 14. Durkin was to forward its pretrial materials 30 days in advance, but in actuality forwarded some materials only three days before the August 14 due date.[1] Based on the delay, Newark requested, and the Court granted, an additional week for Newark to provide its pretrial information, changing the pretrial submission due date to August 21.

In response to yet another request from Newark for pretrial materials, Durkin forwarded documents on Wednesday, August 16, *after* the original due date. Durkin forwarded its Motions

---

[1] For example, on the Wednesday preceding August 14, Durkin forwarded at 6:32 p.m. the first of many documents for the pretrial submission, being a 63 page document containing 327 "uncontested" paragraphs. Over the next several days, including weekend days, Durkin forwarded various sections of the pretrial materials, including a 100 page listing of 883 trial exhibits.

*in Limine* on the same day. Newark forwarded its Motions *in Limine* on August 20. The Motions *in Limine* were filed individually by the parties on August 22.

## ARGUMENT

Newark's *Motions in Limine* were provided to counsel before the August 21 extended deadline set by the Court. Even if the Court were to find that Newark should have forwarded to Durkin the *Motions* earlier, Durkin's own unclean hands should preclude any relief. Durkin's seemingly purposeful delay in providing pretrial materials, blamed on a deposition Durkin requested and which had no apparent influence on the pretrial materials, so burdened Newark to respond in an unreasonably brief period of time that Durkin should not be rewarded with the relief it seeks.

Substantively, the Newark's *Motions in Limine* should be considered on their merits as an appropriate vehicle to limit unnecessary trial time. Durkin's argument that *Bradley, et al v. Pittsburgh Board of Education, et al.*, 913 F.2d 1064, (3d. Cir. 1990) provides a blanket prohibition against a Court making claim or case dispositive rulings when presented in the form of a motion *in limine* has been expressly rejected by the Third Circuit. In *Howard Johnson Int'l v. Cupola Enters., LLC*, 117 Fed. Appx. 820, 822 (3d. Cir. 2004) the Circuit Court held that *Bradley* did not go so far as to "always prohibit a court from granting summary judgment when only a motion *in limine* has been filed." *Id.* So long as the non-moving party was put on notice of the dispositive nature of the potential ruling, and given adequate opportunity to respond, the granting of a "claim dispositive" motion *in limine* is not error. *Id.* at 823.

Durkin's present *Motion to Strike* evinces the fact that it understands the nature and consequence of the motions in question. Furthermore, any assertion on the part of Durkin that

time is required to "marshall all of the evidence in support of its claims" should be of no consequence because the civil rights claim and tort claims must be dismissed as a matter of law. Even if the motions are more properly cast as motions for summary judgment, the Court has ruled that motions for summary judgment may be granted without notice when there is no set of facts under which the plaintiff could recover; exactly the situation at hand. *See, Hancock Indus. v. Schaeffer*, 811 F.2d 225, 229 (3d Cir.1987), cf. *Rose v. Bartle*, 871 F.2d 331, 342 (3d. Cir. 1989)(The Third Circuit ruled that converting a 12(b) Motion to Dismiss to one for Summary Judgment without affording the respondent opportunity to file supporting affidavits was harmless error because some of the 42 U.S.C. § 1983 claims were properly dismissed because there was no possibility of recovery due to immunity).

In this case, no evidence will impact the protection conferred by the Delaware Tort Claims Act, or the precedent of *Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*, 49 F.3d 915 (3rd Cir. 1995), or the multitude of caselaw supporting Newark's position on damages. Durkin is raising illusory evidentiary issues which have no relevance to application of the law. Noticeably absent from its *Motion to Strike* is a single allegation of contested fact which would impact any decision required **as a matter of law**, at the very least as to Newark's Motions concerning the 42 U.S.C. § 1983 and tort claims.

Newark's *Motions in Limine* will certainly serve to narrow the trial issues, by eliminating litigation of unnecessary causes of action; causes which are not supportable as a matter of law. For example, if the *Motions* were denied, Newark would be forced to ask the jury to decide whether the defendants are protected by the Delaware Tort Claims Act. No evidence need be presented for a decision, only interpretation and application of the law. This is the responsibility

of the Court. To allow the jury to consider claims which should be resolved by the Court constitutes reversible error. Furthermore, the determination of whether the submission of evidence to the jury will create undue prejudice and whether the evidence will support a verdict are matters of law which the Court must properly decide. *See*, 75A Am Jur 2d *Trial* § 717.

With regard to the specific argument as to the propriety of Newark's *Motion* as to Durkin's § 1983 claim, questions regarding violation of a constitutional right are a matter of law which must first be decided by the Court. "Title 42 U.S.C. § 1983 is not a source of substantive rights but a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute." *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d. Cir. 2005). Therefore, it is incumbent upon the Court to make a determination if any constitutional right held by Durkin can be said to have been violated by Newark.

Durkin's valuation of damage was addressed fully in Newark's *Motion in Limine* (D.I. #152) and Newark's *Answering Brief* (D.I. #199) and so shall not be re-argued herein. In summary, it is Newark's position that the method of calculating damages should be determined by the Court. Similarly, Newark fully outlined its argument to preclude Durkin from recovering punitive damages based on Durkin's failure to plead and the lack of supporting evidence (D.I. #156) . Elimination of these claims will streamline the trial and avoid wasted time on unsupportable issues.

Newark is entitled to judgment as a matter of law and so the *Motions* should be considered individually, on their merits, to avoid submission to the jury of clear legal questions. Durkin should be denied any relief as to the timing of Newark's *Motions* on the basis of its own unclean hands.

**CONCLUSION**

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Durkin's Motion To Strike.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*