**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | |
|        Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 04-0163 |
| | ) | |
| CITY OF NEWARK, et al., | ) | |
|        Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF NEWARK, | ) | |
|        Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
|        Third-Party Defendant. | ) | |

**FEDERAL'S REPLY BRIEF IN SUPPORT OF
MOTION TO COMPEL PRODUCTION OF PRIVILEGED DOCUMENTS BASED UPON CITY
OF NEWARK'S INTENTIONAL WAIVER OF PRIVILEGE**

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE  19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA  19103-7098

Attorneys for Third-Party Defendant,
Federal Insurance Company

# 497191

## INTRODUCTION

Third-Party Defendant, Federal Insurance Company ("Federal"), replies to the Answering Brief of Third-Party Plaintiff, City of Newark ("City"), in opposition to Federal's Motion to compel production of privileged documents based upon the City's intentional waiver of the attorney-client privilege.[1] The May 16, 2006 letter attached to the City's Answering Brief to Federal's motion *in limine* to preclude the deposition errata sheets of the City's designated representative is self-evidently a privileged communication. Also, the City's 42-page privilege log establishes that there are numerous additional documents responsive to Federal's request.[2] That letter was intentionally produced and the matters set forth in the letter are now subject to mandatory disclosure, regardless of privilege, by the City.

## ARGUMENT

The City claims that the May 16, 2006 letter (which was produced for the first time with the City's Answering Brief) is not a privileged communication. The City suggests that because the letter discusses non-privileged issues and fails to raise any new issues, which have not already been covered in discovery, it is somehow not privileged. The City further contends that the production of the allegedly non-privileged letter does not waive any privilege on the issues discussed in the letter. The City also contends – without any legal support – that the letter is analogous to an affidavit, thereby making its contents immune from any further discovery. Alternatively, the City claims that, even if the letter were privileged, Federal's motion is moot

---

[1] The City is wrong when it claims that Federal never replied to the City's Answering Brief in Opposition to Federal's motion *in limine* to exclude the deposition errata sheets of Carol Houck. (See D.I. 174.) In fact, in that very submission, Federal noted that the City's attachment of the May 16, 2006 letter constitutes an intentional waiver of the attorney client privilege.

[2] A copy of the City's privilege log is attached hereto as Exhibit "A."

because the City has no other documents to produce on the issues set forth in the letter. The City's contentions are simply wrong for the following reasons.

The letter is a privileged communication.[3] The letter was authored by the City's designated representative, Carol Houck, and sent to Mr. Cottrell, the City's litigation counsel. The communication clearly relates to (and relays additional) facts, "impressions" and "thoughts", which Ms. Houck is providing the City's counsel outside of the presence of strangers. In fact, Ms. Houck communicates (or confirms) to the City's counsel, among other things, legal advice that she has received and the City's claims regarding the contracts at issue, as well as circumstances relating to the vote of City Council to terminate Durkin's contract. The letter is plainly intended to secure an opinion on law or legal services or assistance in this very proceeding, which qualifies the letter as a privileged communication. United Shoe, 89 F. Supp. at 359 (privilege attaches when client seeks opinion of law, legal services, or assistance in some legal proceeding).[4]

Also, the letter certainly is not an affidavit, as the City attempts to suggest. It is a letter – and nothing more – from Ms. Houck, the City's designated representative, to the City's litigation counsel. There is nothing to support (including any case law from the City) that this could even constitute an affidavit. Ms. Houck is obviously familiar with the procedures for

---

[3]  The attorney-client privilege applies "if (1) the asserted holder of the privilege is sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of the court, or his or her subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purposes securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege had been (a) claimed and (b) not waived by the client." United States v. United Shoe Machinery Corp., 89 F. Supp. 357, 358-59 (D. Mass. 1950); see also Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994).

[4]  The City's failure to produce the document is not the only basis that establishes that the document is a privileged communication. As set forth above, the letter qualifies as a privileged communication as a matter of law. The City's failure to explain why it has failed to produce the letter to Federal during the course of this litigation until the filing of its Answering Brief certainly suggests that the City is being disingenuous when it argues that the letter is not privileged.

2

executing and filing affidavits, which were not followed with this letter, because she executed an affidavit in support of the City's opposition to Durkin's motion for declaratory judgment.

The City plainly waived any privilege relating to the letter and the topics set forth therein by attaching the entire letter – without limitation – to its Answering Brief. Waiver of the privilege, as the City claims, does not arise only when the party raises an issue which would require testimony from the party's lawyers.[5] Quite the contrary, it is the disclosure of the communication that waives the privilege. See Smith v. Alyeska Pipeline Svc. Co., 538 F. Supp. 977, 979 (D. Del. 1982) (party's disclosure of communication puts topics in communication at issue). The lawyer's potential for testifying on the issues is irrelevant to determining whether a waiver occurred.

The City intentionally disclosed the letter. The City does not deny it, and nothing in the record says otherwise. The City's suggestion that the Court should engage in an "implied waiver" analysis is nonsense. With the intentional production of the letter, the City has waived any privilege as to any communications between it and its counsel on the topics set forth in the letter. It is of no moment that the letter purportedly does not raise any new issues in the litigation or that it discusses other issues. Since the letter is a privileged communication which has been disclosed, the privilege is waived "**as to all communications between the same attorney and the same client on the same subject**." Smith, 538 F. Supp. at 980 (emphasis added).

The City is also wrong when it claims that there are no more documents on any of the issues set forth in the letter. The January 18, 2005 version of the City's privilege log is 42 pages long and contains **hundreds of documents** that the City has designated as privileged

---

[5] The City relies upon the wholly inapposite case of Sealy Mattress Co. of New Jersey, Inc. v. Sealy, Inc., 1987 WL 12500 (Del. Ch. June 19, 1987), for this claim. In Sealy, the lawyer's testimony was allegedly necessary because the document at issue was drafted by counsel. Thus, counsel's knowledge of the details underlying the topics in the letter was relevant. Here, there is no such issue.

communications. Many of those documents relate to the very issues set forth in the letter by Ms. Houck, including, but not limited to, the City's termination of the Durkin contract and the notice that the City Manager, Carl Luft, provided to City Council in advance of the February 2, 2004 City Council meeting that the termination of Durkin's contract would be discussed at the meeting. The letter covers a variety of subjects relating to allegations of negligence against Federal and purported payments made by the City to Durkin. By virtue of attaching this letter as an exhibit, the City has waived any claims of privilege to communications between the City and its counsel to all of those subjects.

The City intentionally disclosed the letter, a privileged communication. The City cannot use the privilege as both a sword and a shield to protect the communications that it deems most damaging while disclosing those it deems most innocuous. Smith, 538 F. Supp. at 979. That is not the purpose of the privilege. To permit such behavior would be fundamentally unfair to Federal and not the City.

## CONCLUSION

For all the foregoing reasons, Federal respectfully requests that the Court compel the City to produce all privileged communications between the City and its counsel relating to all topics set forth in the May 16, 2006 letter.

Respectfully submitted,

/s/ Kevin W. Goldstein
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
STRADLEY, RONON, STEVENS & YOUNG, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE  19801
(302) 576-5850
(302) 576-5858 Fax

Samuel J. Arena, Jr., Esquire (pro hac vice)
Patrick R. Kingsley, Esquire (pro hac vice)
David M. Burkholder, Esquire (pro hac vice)
STRADLEY, RONON, STEVENS & YOUNG, LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
(215) 564-8000
(215) 564-8120 Fax
Attorneys for Third-Party Defendant,
Federal Insurance Company

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2006, I caused a true and correct copy of the foregoing to be served via electronic delivery upon the following:

Paul A. Logan, Esquire
David T. Bolger, Esquire
POWELL, TRACHTMAN, LOGAN,
CARLE & LOMBARDO, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406
*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
TIGHE, COTTRELL & LOGAN, P.A.
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
*Attorneys for Defendants,*
*City of Newark, Harold F. Godwin,*
*John H. Farrell, IV, Jerry Clifton,*
*Karl G. Kalbacher, David J. Athey,*
*Frank J. Osborne, Jr., and Christina Rewa*

James S. Green, Esquire
George H. Seitz, III, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
*Attorneys for Defendant,*
*URS Corporation*

/s/ Kevin W. Goldstein
Kevin W. Goldstein

# 497191