IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**REPLY BRIEF OF PLAINTIFF IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE EVIDENCE OF
<u>DURKIN'S BID ON THE RESERVOIR PROJECT</u>**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

# TABLE OF CONTENTS

**TABLE OF CITATIONS**..................................................................................................ii

**ARGUMENT**......................................................................................................................1

    A.    The City Does Not Dispute the Fact that it Needs an Expert to Discuss Durkin's Bid..............................................................................................1

    B.    Durkin's Bid Has No Relevancy to a Determination of Whether Durkin's Contract was Appropriately Terminated ..........................1

ME1\5828581.1

# TABLE OF CITATIONS

**Cases**

*Kempe, et al. v. The Dometic Corp..*, 866 F. Supp. 817, 1994 U.S. Dist. LEXIS 15902 (D. Del. 1994) ..................................................................................................................... 1

*USH Ventures, et al., v. Global Telesystems Group, Inc.*, 796 A. 2d 7, 2000 Del. Super. LEXIS 108 (Super. Ct. Del. 2000) ............................................................................................ 1

**Other Authorities**

Advisory Committee Notes, Fed. R. Evid. 403 ............................................................. 2

## ARGUMENT

### A. The City Does Not Dispute the Fact that it Needs an Expert to Discuss Durkin's Bid

Noticeably absent from the City's Answering Brief is any attempt to address Durkin's argument that the City needs an expert to address Durkin's bid which it does not have[1]. The average juror does not have the background to make an independent determination to conclude that Durkin's bid was a "bad" bid, a low bid or an adequate bid based on the Project. *See e.g. Kempe, et al. v. The Dometic Corp..*, 866 F. Supp. 817, 1994 U.S. Dist. LEXIS 15902 (D. Del. 1994); *USH Ventures, et al., v. Global Telesystems Group, Inc.*, 796 A. 2d 7, 2000 Del. Super. LEXIS 108 (Super. Ct. Del. 2000). A very complicated set of technical disciplines is required to analyze a construction bid. Familiarity of such technical disciplines is clearly outside the realm of common knowledge. The City does not dispute this, nor does the City posit that it has such an expert to comment upon Durkin's bid. On this basis alone, Durkin is entitled to have its Motion in Limine granted and evidence of Durkin's bid must be precluded from trial.

### B. Durkin's Bid Has No Relevancy to a Determination of Whether Durkin's Contract was Appropriately Terminated

In essence, the City's response is that the bid is relevant. The City's steadfast position on the reason for termination is that Durkin "refused to perform," which has nothing whatsoever to do with Durkin's bid. There was no mention of or reference to Durkin's bid by URS or the City from the commencement of work through termination of the Contract, and hence it has no probative value for the jury for any of the claims and defenses by any party.

---

[1] In fact, no party in this matter has identified an expert who will opine on Durkin's bid.

1

The letter forwarded to Durkin indicating that the City was "considering" declaring Durkin in default does not mention the bid. (App[2]. A-95-A96). The Meeting Minutes from the Council Meeting where it was voted to terminate Durkin do not mention the bid. (App. A99-A100). Even the letter forwarded to Durkin informing them of the vote by City Council to terminate the Contract does not mention the bid. (A97-A98). And importantly, none of the City's pleadings in this matter sets forth any concerns surrounding Durkin's bid.

The City is only now raising issues regarding Durkin's bid in an attempt to divert the jury's attention from the real issues in this matter and cast aspersions on Durkin and its abilities. *See* Advisory Committee Notes, Fed. R. Evid. 403 (courts should exclude evidence that risks "an undue tendency to suggest decision on an improper basis ..."). Because the City has proffered no justification for why Durkin's bid is relevant on the issues surrounding the termination of the Contract[3], it must be excluded in order to avoid the unfair prejudicial inferences the City wishes to raise that will only serve to confuse and distract the jury from its deliberations on the claims and defenses raised by the parties in their pleadings.

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in its Opening Brief, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City and URS from introducing at the time of trial any evidence of Durkin's bid.

---

[2] The Appendix referenced herein refers to Durkin's Appendix filed with its Opening Brief (D.I. 181).

[3] On page 2 of its Answering Brief the City argues that because Durkin filed a Motion in Limine with regard to the intentional destruction of the "briefing packets" by the City and City Council that somehow Durkin is "admitting" that the bid is relevant. This argument is nonsensical. The fact that Durkin was entitled to review the "briefing packets" (which Durkin cannot do since the City and City Council intentionally destroyed them) does not admit that all of the information contained therein would have been admissible at the time of trial. To determine admissibility would of course require a review of the documentation – which is forever lost.

          **POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By:
   /S/   Paul A. Logan
─────────────────────────────
Paul A. Logan, DE Bar ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

By:
  /s/  Katharine L. Mayer
─────────────────────────────
Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

ME1\5828581.1