IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

**REPLY BRIEF OF PLAINTIFF IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE THE CITY FROM ASSERTING
A JOINT DEFENSE PRIVILEGE BETWEEN THE CITY AND URS**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan, DE Bar ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

ME1\5828602.1

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS ..................................................................................................................ii

ARGUMENT ....................................................................................................................................1

    A.    The City Sued URS, URS Sued the City – Their Interests Are Clearly Adverse So There Can Be No Joint Defense Privilege Between Them .......................................................................................................1

CONCLUSION AND RELIEF SOUGHT .......................................................................................2

ME1\5828602.1

## TABLE OF CITATIONS

Page

**Cases**

*Eisenberg, et al, v. Gagnon, et al.,* 766 F. 2d 770, 1985 U.S. App. LEXIS 20112 (3d Cir. 1985) .................................................................................................................. 1

ME1\5828602.1

## ARGUMENT

A.  **The City Sued URS, URS Sued the City – Their Interests Are Clearly Adverse So There Can Be No Joint Defense Privilege Between Them**

Even though the City and URS are directly adverse as a result of their claimed breach of contract claims one against the other, the City continues its assertion of a joint defense privilege between itself and URS as a basis of withholding documents. In support of its theory, the City cites *Eisenberg, et al, v. Gagnon, et al.,* 766 F. 2d 770, 1985 U.S. App. LEXIS 20112 (3d Cir. 1985). However, *Eisenberg* has no applicability to the circumstances involving the City and URS. In *Eisenberg,* the defendants who were asserting a common defense in support of a joint defense privilege were not suing each other, and one of the attorneys who claimed a joint defense privilege was actually serving as the attorney who was coordinating the defense among the defendants.

The City has also looked past the fact that this Court has not recognized a joint defense privilege between the City and URS. Rather than recognizing the existence of a joint defense privilege between the City and URS, this Court ordered certain Executive Session meeting minutes produced that the City was contending were privileged on the basis of, *inter alia*, the joint defense privilege, and cited to URS as a third party. (App.[1] A60-A62).

Based on this Court's prior May 9, 2006 ruling and on the fact that the City and URS are directly adverse parties, there is no basis for the City to assert that it has a joint defense privilege. Therefore, the City must be precluded from objecting to testimony and the production of documents on that basis.

---

[1] The Appendix referenced herein refers to Durkin's Appendix filed with its Opening Brief (D.I. 186).

- 1 -

## CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in its Opening Brief, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from asserting a joint defense privilege between the City and URS and Order the City to immediately produce any documents that are being withheld on the basis of joint defense privilege.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

/S/ Paul A. Logan
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

/s/ Katharine L. Mayer
Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006