IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**REPLY BRIEF OF PLAINTIFF REGARDING THE JUDICIAL ADMISSION OF
THE CITY OF NEWARK PROVIDING PRIOR WRITTEN NOTICE
OF INTENT TO TERMINATE THE CONTRACT**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan, DE Bar ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

# **TABLE OF CONTENTS**

**TABLE OF CITATIONS**................................................................................................................ii

I.    **ARGUMENT** ........................................................................................................................1

    A.    The City has Never *Pled* Alternative Theories Regarding the Purported Prior Notice Under the Contract – It Has Consistently Plead and Judicially Admitted that the November 21, 2003 Letter is the Purported Prior Notice.....................................1

    B.    The City is Judicially Estopped from Asserting or Attempting to Introduce Evidence that Any Writing Other than the November 21, 2003 Letter Represents the Purported Prior Written Notice of Its Intention to Terminate the Contract ..............................2

II.    **CONCLUSION AND RELIEF SOUGHT** ..........................................................................3

# TABLE OF CITATIONS

**Cases**

*Giannone v. United States Steel Corporation,* 238 F.2d 544, 1956 U.S. App. LEXIS 4060 (3d Cir. 1956).................................................................................................................2

*Krauss v. State Farm Mutual Automobile Ins. Co.,* 2004 Del. Super. LEXIS 127 (Del. Super. Ct.., 2004)..............................................................................................................1

*Lillis, et al., v. AT&T, et al.,* 869 A. 2d 871, 2005 Del. CH. LEXIS 130 (2005); *Pesta v. Warren, et al.,* 2004 Del. Super. LEXIS 173 (Del. Super. Ct., 2004 .......................................3

**Rules**

Federal Rules of Civil Procedure Rule 8(e)(2).......................................................................1, 2

ME1\5828570.1

I.   ARGUMENT

A.   The City has Never *Pled* Alternative Theories Regarding the Purported Prior Notice Under the Contract – It Has Consistently Plead and Judicially Admitted that the November 21, 2003 Letter is the Purported Prior Notice

The City urges this Court to allow it to select the November 21, 2003 letter, or the February 4, 2004 from Paul Cottrell, Esquire to Paul Logan, Esquire and Ellen Cavallaro, Esquire (hereinafter the "February 4, 2004 letter"), as its purported prior written notice of intent to terminate the Contract, on the basis of pleading alternative theories as provided under Rule 8(e)(2). However, the City has <u>never pled</u> alternative theories regarding its purported notice under the Contract; this is a request to retract its prior judicial admissions and provide the jury with a menu of choices, including a letter that post-dates the formal notification of termination to Durkin.

Rule 8(e)(2) permits a party to set forth in a <u>pleading</u> two (2) or more statements of a claim or a defense alternately[1]. *See* Fed. R. Civ. P. 8(e)(2). In this litigation, the City filed claims and defenses in two (2) pleadings – a Counterclaim and a Third Party Claim – that address the purported notice under the Contract. In both, the City has judicially admitted that the November 21, 2003 letter represents the written notice of its intent to terminate the Contract. *See* Answer, Counterclaim ¶19, App.[2] A25 and Answer, Third Party Claim, Breach of Contract ¶9, App. A28). *See Krauss v. State Farm Mutual Automobile Ins. Co.*, 2004 Del. Super. LEXIS 127 (Del. Super. Ct.., 2004). Nowhere in its pleadings does the City

---

[1] The City seems to be arguing that its Answering Brief to Durkin's Motion for Partial Summary Judgment is a "pleading". *See* City's Answering Brief at p. 3 (D.I. 198). This is incorrect. Rule 7 provides that the following pleadings are allowed: complaint; answer; reply to a counterclaim; answer to a cross-claim; third party complaint; third party answer. *See* Fed. R. Civ. P. 7. The Federal Rules provide that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." *Id.* An Answering Brief is not a pleading.

[2] The Appendix referenced herein refers to Durkin's Appendix filed with its Opening Brief (D.I. 192).

1

argue that the February 4, 2004 letter[3] represented the purported prior notice under the Contract.

Equally unpersuasive and inapposite is the singular decision cited by the City. *Giannone v. United States Steel Corporation,* 238 F.2d 544, 1956 U.S. App. LEXIS 4060 (3d Cir. 1956). Although somewhat difficult to ascertain from the limited information provided in the Court's written opinion, it appears that the *Giannone* defendant actually <u>plead</u> defenses in the alternative, which notably the City did not do here. Furthermore, the *Giannone* Court discussed in dicta a "perceived" conflict between judicial admissions and Rule 8(e)(2) but did not reach any determination on the "perceived" conflict. *Id.* at 548 ("But we do not need to commit ourselves to answering the difficult question just raised.") In short, *Giannone* provides no support for the City's position.

> B. **The City is Judicially Estopped from Asserting or Attempting to Introduce Evidence that Any Writing Other than the November 21, 2003 Letter Represents the Purported Prior Written Notice of Its Intention to Terminate the Contract**

Conspicuously omitted from the City's Answering Brief is any comment regarding Durkin's argument that under the doctrine of judicial estoppel, the City is prohibited from asserting or attempting to introduce evidence that any writing other than the November 21, 2003 letter represents the purported prior written notice of its intention to terminate the Contract. The City purposefully and consistently pointed to the November 21, 2003 letter as the alleged prior written notice of its intention to terminate the Contract and even induced this Court to rely on its argument in ruling on Federal's Motion for Summary Judgment. *See* Court Opinion, 4/5/06, p. 4, App. A162). Now, the City is judicially estopped from changing its position. *See Lillis, et al., v. AT&T, et al.,* 869

---

[3] Even after the pleading phase of this matter, the City has steadfastly maintained that the November 21, 2003 letter was the purported prior notice under the Contract. *See* Answering Brief to Motion for Declaratory Judgment (D.I. 21) and Answering Brief to Federal's Motion for Summary Judgment referred to in to Durkin's Appendix filed with its Opening Brief (D.I. 192).

2

A. 2d 871, 2005 Del. CH. LEXIS 130 (2005); *Pesta v. Warren, et al.,* 2004 Del. Super. LEXIS 173 (Del. Super. Ct., 2004).

## II.  CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in its Opening Brief, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from presenting evidence at trial that any date(s) or writings other than November 21, 2003 letter is alleged to be the seven (7) day prior written notice of intent by the City to terminate Durkin's Contract

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By:

/S/ Paul A. Logan
Paul A. Logan, DE bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

/s/ Katharine L Mayer
Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006