IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**REPLY BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION FOR RELIEF FROM INTENTIONAL
DESTRUCTION OF "BRIEFING PACKETS" AND OTHER INFORMATION
PROVIDED TO CITY COUNCIL IN ADVANCE OF COUNCIL MEETINGS**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

ME1\5828550.1

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ...................................................................................................ii

I.   ARGUMENT ..............................................................................................................1

   A.   The City and Council Members Intentionally Destroyed "Briefing Packets" and Other Documents, Entitling Durkin to a Spoliation Inference ..............................................................................................................1

II.  CONCLUSION AND RELIEF SOUGHT ................................................................3

ME1\5828550.1

## TABLE OF CITATIONS

Page

**Cases**

*Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003) ................................................................................................................. 1, 2

ME1\5828550.1

### I.   ARGUMENT

**A.   The City and Council Members Intentionally Destroyed "Briefing Packets" and Other Documents, Entitling Durkin to a Spoliation Inference**

Although the City argues in its Answering Brief that there is no evidence that the "briefing packets" were destroyed to impair Durkin from effectively litigating this matter, there is no other plausible explanation offered for intentionally destroying this documentation. This is especially true since even after the litigation was commenced, each of the Council Members was served with the Complaint, and the City and all Council members were presumably advised on all aspects of the litigation by the City Solicitor and litigation counsel, the document destruction did not stop.

This is not a case of accidental or inadvertent disposal, but a deliberate purging of materials that included documents specifically dealing with the issues in this lawsuit. At no time did the City ever fulfill its affirmative duty to preserve evidence which might be relevant to the issues in this litigation. *See Positran Manufacturing, Inc. v. Diebold, Inc.,* 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003). The City completely ignored its duty under the law and allowed the shredding to continue. *See e.g.* App.[1] A64, page 19, lines 14-18.

The City's fallback position, namely that it did not have a duty to preserve materials until after the Complaint was filed, is patently wrong and has no basis in law.[2] The City and Council Members had a duty to preserve evidence when there was a

---

[1] The Appendix referenced herein refers to Durkin's Appendix filed with its Opening Brief (D.I. 180).
[2] Even the New York District Court case that the City cites in its Answering Brief discusses a party's duty to preserve evidence for *future* litigation. *Telecom International America, LTD. v. AT&T, et al.,* 184 F.R.D. 76, 1999 U.S. Dist. LEXIS 15109, *14, *15 (D.S.D.N.Y. 1999) (and cases cited therein).

- 1 -

potential for litigation.[3] *See Positran Manufacturing, Inc. v. Diebold, Inc.*, 2003 U.S. Dist. LEXIS 8114 (D. Del. 2003). In fact, the meeting minutes from the Executive Session when it was decided to terminate Durkin set forth the Council Member's discussion under the heading "Potential Litigation." (App. A77-A79). It is clear that the City knew there would be litigation, just as it is also clear that the City turned a blind eye to its duty to preserve evidence.

The City's self-serving statement that Durkin is not prejudiced by the destruction of the "briefing packets" is equally unconvincing. Without the "briefing packets," there is no way to accurately reflect what was presented to and/or discussed with Council prior to termination – or even after termination, since the shredding is ongoing. Any notes, questions, comments or answers that a Council Member jotted down on the "briefing packets" are also lost. In this litigation, Durkin had every right to address, confront and challenge the factual and legal efficacy of the City Council's briefing background leading up to and after Durkin's termination. Without this crucial information, Durkin is clearly prejudiced.

Finally, in a completely unexplained and conclusory fashion, the City claims that in any event the "briefing packets" would be protected by attorney client privilege and attorney work product. The briefing packets are not assembled by or at the direction of legal counsel, but rather are compiled by City staff in the Manager's office, and disseminated to the City Council persons; they do not acquire the status of attorney work

---

[3] The City in at least the December 2005/January 2006 (and most likely as early as October/November 2005) was aware of the potential for litigation. (App. A64, pages 101-102, lines 22-12). At that point the City had an affirmative duty to put controls in place to ensure that relevant documents were not destroyed. The City completely failed to take any steps to preserve relevant documents.

product or fall within the attorney-client privilege by virtue of their contents being discussed at an Executive Session meeting conducted with counsel present.

## II. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in its Opening Brief, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for relief from the intentional destruction of the "briefing packets" and other documents provided to Council Members in advance of Council Meetings order that a spoliation inference be imposed that will allow the jury to assume that the destroyed the "briefing packets" and other documents provided to Council Members in advance of the Council Meetings would have been unfavorable to the City and City Council Members.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

/S/  Paul A. Logan
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

/s/  Katharine L. Mayer
Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006