IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |

**REPLY BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION IN LIMINE
TO PRECLUDE THE CITY FROM OFFERING EVIDENCE
THAT THE METHOD FOR PAYMENT FOR INCOMPLETE WORK
IS OTHER THAN ON A TIME AND MATERIALS BASIS**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

ME1\5828611.1

# TABLE OF CONTENTS

TABLE OF CITATIONS ............................................................................................................. ii

I.   ARGUMENT ..................................................................................................................... 1

     A.   The City is Bound by its Designee's Testimony – Allowing a
          Complete Change in the Designee's Testimony Would be
          Contrary to Decisional Law and Highly Prejudicial to Durkin ....................... 1

II.  CONCLUSION AND RELIEF SOUGHT .................................................................. 3

# TABLE OF CITATIONS

**Cases**
*Burns v. Board of County Commissioners of Jackson County, et al.,* 330 F. 3d 1275,
    1282, 2003 U.S. App. LEXIS 11084, **13 (10th Cir. 2003) ........................................ 2
*Ierardi v. Lorillard,* 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991) ................................... 2
*Rainey v. Amer. Forrest & Paper Ass'n,* 26 F. Supp 2d 82 (D. D.C. 1998) ...................... 2

**Rules**
Federal Rule of Civil Procedure Rule 30(b)(6) .................................................................. 1
Federal Rules of Civil Procedure Rule 30(e) ..................................................................... 2

I. ARGUMENT

A. The City is Bound by its Designee's Testimony – Allowing a Complete Change in the Designee's Testimony Would be Contrary to Decisional Law and Highly Prejudicial to Durkin

The City's Answering Brief is nothing more than a further improper attempt to amend its Rule 30(b)(6) designee's testimony.[1] The question posed was:

> So all incomplete work for Durkin should be, for purposes of calculating what they are entitled to be paid up to the date of termination, would be on a time and materials basis. Correct?

And the Rule 30(b)(6) designee's answer was:

> That's my under – that's my recollection.

(App.[2] A6, page 669, lines 7-11). This testimony is clear. The City's Rule 30(b)(6) designee agrees that Durkin is entitled to be paid up until the time of termination for incomplete work on a time and materials basis. *Id.* The designee did not indicate that she did not understand what the question was, or that she needed any further clarification before she could respond. Rather, she clearly answered the question posed.

Since Durkin filed its Motion in Limine to preclude the City from offering evidence or arguments that the method for paying for incomplete work under the Contract is other than on a time and materials basis, the City has re-examined the scope of record "clarifications" it wishes to make to its designee's transcript. The City's response attempts to introduce confusion where none exists by substituting the time and material question posed, i.e., claiming that it relates to paying for percentages of work that is <u>completed</u> when the <u>Contract was in full force and effect,</u> rather than what the City

---

[1] Federal Insurance Company ("Federal") filed a Motion in Limine to Exclude the Deposition Errata Sheets of Carol Houck (the City's Rule 30(b)(6) designee) (D.I. 163). Durkin filed an Answering Brief Without Opposition to Federal's Motion in Limine (D.I. 217).

[2] The Appendix referenced herein refers to Durkin's Appendix filed with its Opening Brief (D.I. 195).

1

owes for <u>incomplete</u> work when it <u>terminated the Contract</u>. The designee was not asked about paying for work completed under the Contract when it was is in effect. Rather, she was asked about how to calculate what was owed to Durkin upon termination.

These belated attempts to refine or reinvent the questions posed and answers given confirm the City's treatment of the deposition transcript as a work in progress, which is clearly improper under the Federal Rules of Civil Procedure. *See e.g. Burns v. Board of County Commissioners of Jackson County, et al.,* 330 F. 3d 1275, 1282, 2003 U.S. App. LEXIS 11084, **13 (10th Cir. 2003) (Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.")

The City must stand firm on the answers provided by its designee in order to avoid leading Durkin into trial by ambush. *See Rainey v. Amer. Forrest & Paper Ass'n,* 26 F. Supp 2d 82 (D. D.C. 1998) (the purpose of Rule 30(b)(6) is to bind the party to the positions taken by its designee, insulating the other party from "trial by ambush.") The City is bound by its 30(b)(6) designee's testimony – even if the City finds it distasteful. *Ierardi v. Lorillard,* 1991 U.S. Dist. LEXIS 1320 (E.D. Pa. 1991).

Until the City filed its Answering Brief, the interpretation of its 30(b)(6) designee's testimony with regard to payment for incomplete work upon termination was not questioned, amended, challenged or disavowed – despite the fact that the 30(b)(6) designee prepared extensive changes and "clarifications" to her testimony.[3] Moreover, Ms. Houck's deposition took place well before the deadline for declaring trial experts and

---

[3] These are the extensive changes and "clarifications" that Federal has moved to exclude. (D.I. 163).

2

submitting reports, and Durkin reasonably relied upon the City's stated interpretation of the Contract in determining what experts would be necessary in sustaining its proof burdens in the case. If the City is permitted to change its 30(b)(6) designee's testimony at this late date, Durkin will be highly prejudiced.

## II.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in its Opening Brief, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion in Limine and preclude the City from offering evidence or arguments that the method for paying for incomplete work under the Contract is other than on a time and materials basis, as was testified to by the City's Federal Rule of Civil Procedure Rule 30(b)(6) witness.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By:
   /S/   Paul A. Logan
---
Paul A. Logan, DE Bar ID # 3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760

Thomas D. Walsh, DE Bar ID # 3783
Katharine L. Mayer, DE Bar ID #3758
McCarter & English, LLP
919 N. Market Street, Suite 1800
P.O. Box 111
Wilmington, DE 19899
(302) 984-6300

*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: September 1, 2006

3

ME1\5828611.1