# TIGHE, COTTRELL & LOGAN, P.A.

*Attorneys at Law*

FIRST FEDERAL PLAZA
P.O. BOX 1031
WILMINGTON, DELAWARE 19899
Telephone Number: (302) 658-6400
Telecopier Number: (302) 658-9836
email: v.petrone@lawtcl.com

<u>BRANCH OFFICES:</u>

| | | |
|---|---|---|
| 13 WEST AVENUE | 1220-C EAST JOPPA ROAD | 2017 SPRING GARDEN STREET |
| P.O. BOX 303 | SUITE 550 | PHILADELPHIA, PA 19130-3804 |
| WOODSTOWN, NJ 08098 | TOWSON, MD 21286 | |

September 11, 2006

The Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Wilmington, DE 19801

  Re: Donald M. Durkin Contracting, Inc. v. City of Newark et al.
    C.A. No. 04-0163

Dear Judge Sleet:

  Reference is made to the September 8 letter sent by counsel for Federal and Durkin (D.I. #239) regarding production of privileged communications between Newark and counsel. We believe the Court ruled only that production of Carol Houck's May 16, 2006 letter (copy attached) constituted a waiver, but the Court did not agree with Durkin or Federal's specific arguments, instead leaving the details to be resolved by the parties. We have obviously been unable to reach an agreement.

  Newark's position as to each of the numbered items listed in the September 8 letter is set forth in the e-mail correspondence attached to the September 8 letter. In summary, we believe that Houck's May 16 letter waived privilege as to three discrete areas, being counsel to Federal's attitude during Houck's deposition, the procedure of City Council voting and Federal's denial of the performance bond claim. We have agreed to produce documents related to those three topics.

  Federal and Durkin, however, have taken a much more expansive view of the waiver, in fact, demanding that we catalog and produce the *entirety* of our correspondence file with our client, Newark, spanning the entire course of the litigation through today. We believe this is an unreasonable and unwarranted position. As Judge Jordan stated regarding a waiver: "[t]here is no persuasive showing here that [plaintiff] is using the ...[d]ocuments unfairly as both a sword and a shield. Thus, while there is no question that [plaintiff] opened the gate...defendants are not entitled

to drive a bulldozer through it." *In re Hechinger Inv. Co. of Delaware,* 303 BR 18, 26 (Bankr. D. Del. 2003).  This aggressive overreaching is exactly the tact taken by Federal and Durkin.

Houck's letter only speaks to three new issues, and it is on those issues alone that the other parties are entitled to further information.  Waivers are narrowly construed.  *Hercules, Inc. v. Exxon Corp.,* 434 F. Supp. 136, 156. (D.Del.1977).  A waiver does not necessarily open to discovery all communications between attorney.  *Citadel Holding Corp. v. Roven,* 603 A.2d 818, 825 (Del.1992).  The District Court has ruled that "[t]he privilege or immunity has been found to be waived only [when] facts relevant to a particular, narrow subject matter have been disclosed in circumstances in which it would be unfair to deny the other party an opportunity to discover other relevant facts with respect to that subject matter." *Hercules* at 156.  "If a discernible line exists between the information withheld and the information disclosed, *the line should be maintained*." *American Standard, Inc. v. Pfizer, Inc.*, 1986 WL 9713, at *4 (D. Del.) (emphasis added).

A document referring in a broad sense to the dispute does not warrant production of privileged communications.  See *Hercules* at 157.   Accordingly, Newark asks the Court to direct production of only those documents related to the three identified subjects, because only those subjects warrant discovery of additional facts.  For example, attorney-client privileged documents are not necessary for Federal or Durkin to understand Houck's generalization that "Durkin refused to perform."   Further, with respect to Council voting to terminate, production should be limited to the timeframe up to the termination vote referenced.  As to Federal's denial of the performance bond, production should be limited up to the time of denial, as nothing after that time period is needed to understand Houck's comments. And whatever the Court determines must be produced, we ask that attorney work-product retain protection.  The Third Circuit Court of Appeals stated that attorney work product "is accorded an almost absolute protection from discovery because any slight factual content that such items may have is generally outweighed by adversary system's interest in maintaining privacy of an attorney's though processes and in ensuring that each side relies on its own wit in preparing their respective case." *Sporck v. Peil*, 759 F.2d 312, 316 (C.A.3 1985).

We are available at the call of the Court.

                Respectfully,

                TIGHE, COTTRELL & LOGAN, P.A.

                By:     /s/  Victoria K. Petrone

cc:    Paul Logan, Esquire
       David Bolger, Esquire
       Patrick R. Kingsley, Esquire
       David Burkholder, Esquire
       James S. Green, Esquire