IN THE UNITED STATES DISTRICT COURT DELAWARE
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) | |
| | ) | C.A. No. 04-0163 GMS |
| Plaintiff, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORN, JR., and CHRISTIANA REWA, | ) ) ) ) ) | |
| | ) | |
| Defendants/ Third Party Plaintiffs | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL INSURANCE COMPANY, | ) ) | |
| Third-Party Defendant. | ) | |
| ------------------------------------------------------------ | | |
| CITY OF NEWARK, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| URS CORPORATION, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**JOINT PROPOSED PRELIMINARY JURY INSTRUCTIONS**

1.1 INTRODUCTION; ROLE OF JURY

Members of the jury: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict will be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.

Source: Third Circuit General Instructions for Civil Cases

1.2 INSTRUCTION

In this case, Donald M. Durkin Contracting, Inc. (who I will refer to as "Durkin") has started this lawsuit and has asserted claims for damages against the City of Newark in connection with a contract to construct a reservoir off of Old Papermill Road in Newark. The City of Newark denies those claims and has asserted a claim for damages against Durkin (in the law referred to as a counterclaim) asserting that Durkin breached the contract. Durkin obviously denies that it breached the contract.

The City of Newark has also filed what are called "third-party claims" against Federal Insurance Company and URS Corporation. Federal Insurance provided a performance bond to Durkin in connection with Durkin's performance of the construction contract with the City. The City contends that Federal's bond should cover any damages it incurred as a result of Durkin's not completing the reservoir. Federal denies the City's claims against the bond.

The City also filed a third-party claim against URS for what is referred to as indemnification or contribution. Essentially the City claims that if Durkin prevails against the City on any of its claims, URS should be ordered to pay a portion of or all of the amounts of that judgment. URS denies those claims and has asserted a claim back against the City (a counterclaim) for certain fees and costs that URS claims the City agreed to pay URS in the contract between them (the City and URS). Durkin has not asserted a claim against Federal Insurance or URS.

I just gave you a brief summary of the various claims in this lawsuit. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decisions.

1.3  CONDUCT OF THE JURY

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence.

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either. [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case. Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

## 1.4 BENCH CONFERENCES

During the trial, it may be necessary for me to talk with the lawyers out of your hearing by having a bench conference. If that happens, please be patient.

We are not trying to keep important information from you. These conferences are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law.

We will, of course, do what we can to keep the number and length of these conferences to a minimum. [While we meet, I will invite you to stand up and stretch and take a short break or perhaps even call a recess if it is a lengthy issue, and permit you to go downstairs for a break.]

1.5  EVIDENCE

The evidence from which you are to find the facts consists of the following:

1.  The testimony of the witnesses;
2.  Documents and other things received as exhibits; and
3.  Any facts that are stipulated – that is, formally agreed to by the parties.

The following things are not evidence.

1.  Statements, arguments, and questions of the lawyers for the parties in this case;
2.  Objections by lawyers;
3.  Any testimony I tell you to disregard; and
4.  Anything you may see or hear about this case outside the courtroom.

You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decisions in any way.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is

improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered stricken from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets stricken or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.

1.6  DIRECT AND CIRCUMSTANTIAL EVIDENCE

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that is presented to you. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

1.7  CREDIBILITY OF WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. "Credibility" means whether a witness is worthy of belief. You may believe everything a witness says or only part of it or none of it. In deciding what to believe, you may consider a number of factors, including the following:

1. the opportunity and ability of the witness to see or hear or know things the witness testifies to;
2. the quality of the witness's understanding and memory;
3. the witness's manner while testifying;
4. whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;
5. whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;
6. how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and
7. any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is now believable the witnesses are, and how much weight you think their testimony deserves.]

## 1.8 JURY QUESTIONS FOR WITNESSES

Only the lawyers and I are allowed to ask questions of witnesses. You are not permitted to ask questions of witnesses.

## 1.9 NOTE-TAKING BY JURORS

If you wish, you may take notes during the presentation of evidence, the summations of attorneys at the conclusion of the evidence, and during my instructions to you on the law. My Courtroom deputy will arrange for pens, pencils, and paper. Remember that your notes are for your own personal use – they are not to be given or read to anyone else.

As you see, we have a court reporter here who will be transcribing the testimony during the course of the trial. But you should not assume that the transcripts will be available for your review during your deliberations. Nor should you consider notes that you or fellow jurors may take as a kind of written transcript. Instead, as you listen to the testimony, keep in mind that you will be relying on your recollection of that testimony during your deliberations.

1. <u>Note taking is permitted, not required.</u> Each of you may take notes. No one is required to take notes.

2. <u>Be Brief.</u> Do not try to summarize all of the testimony. Notes are for the purpose of refreshing memory. They are particularly helpful when dealing with measurements, times, distances, identities, and relationships. Overuse of note-taking may be distracting. You must determine the credibility of witnesses; so you must observe the demeanor and appearance of each person on the witness stand. Note-taking must not distract you from that task. If you wish to make a note, you need not sacrifice the opportunity to make important observations. You may make your note after having made an observation.

3. <u>Do not use your notes, or any other juror's notes, as authority to persuade fellow jurors.</u> In your deliberations, give no more and no less weight to the views of a fellow juror because that juror did or did not take notes. As I mentioned earlier, your notes are not official transcripts. They are not evidence, and they are by no means a complete outline of the proceedings or a list of the highlights of the trial. They are valuable, if at all, only as a way to refresh your memory. Your memory is what you should be relying on when it comes time to deliberate and render your verdict in this case. You therefore are not to use your notes as authority to persuade fellow jurors of what the evidence was during the trial. Notes are not to be used in place of the evidence.

4. <u>Do not take your notes away from court.</u> I repeat, at the end of the day, please leave your notes in the jury room. [Describe logistics of storing and securing notes, for example: "If you do take notes, take them with you each time you leave the courtroom and please leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them, to protect the secrecy of your deliberations."]

1.10 DESCRIPTION OF TRIAL PROCEEDINGS

The trial will proceed in the following manner:

First, attorney(s) for Durkin will make an opening statement to you. Next, attorney(s) for the City of Newark will make an opening statement. Finally, attorneys for Federal Insurance and URS will make an opening statement. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. [A party is not required to make an opening statement.]

Durkin goes first because it has the burden of proof. Durkin will present witnesses whom counsel for the other parties may cross-examine, and Durkin may also present other forms of evidence. I will define what evidence is in a few moments. Following Durkin's case, Newark may present evidence. Counsel for all parties may cross examine witnesses called by another party. [After the parties' main case is presented, they may be permitted to present what is called rebuttal evidence.]

After all the evidence has been presented, the attorneys will present to you closing arguments to summarize and interpret the evidence in a way that is helpful to their clients' positions. As with opening statements, closing arguments are not evidence. [Once the closing arguments are completed, I will then instruct you on the law.] After that, you will retire to the jury room to deliberate on your verdict in this case.

This trial is scheduled to last for the next two weeks, generally, and will proceed Monday through Friday. You should report each day at _____. There will be a mid morning break, a lunch hour, generally beginning at 1:00 p.m., a ____ afternoon break, and the day will conclude at approximately 4:30 p.m.

We will now proceed with the opening statements.