IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

**PLAINTIFF'S MOTION
FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b), (c) and (d)**

                                              POWELL, TRACHTMAN, LOGAN,
                                              CARRLE & LOMBARDO, P.C.
                                              Paul A. Logan
                                              Delaware Supreme Court ID #3339
                                              475 Allendale Road, Suite 200
                                              King of Prussia, PA 19406
                                              Telephone: 610-354-9700
                                              Telefacsimile: 610-354-9760
                                              *Attorneys for Plaintiff and Third Party*
                                              *Defendant Donald M. Durkin Contracting*

Dated: September 22, 2006

1. Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2. Durkin files this Motion for sanctions under Federal Rule of Civil Procedure 37(b), (c) and (d).

3. The City has blatantly violated discovery in this matter.

4. Based on the City's continued refusal to supplement its discovery responses, withholding documents that are clearly not privileged, and failure to fully comply with this Court's Order regarding privileged documents, Durkin is entitled under Rule 37(b), (c) and (d) to foreclose the City from cross examining any witness called by Durkin or offering any evidence on the issue of liability or damages on any claims asserted by Durkin.

5. By way of summary and background, Durkin incorporates the Certification of Paul Logan, Esquire which provides a detailed history of the City's continued disregard for their obligations under the Federal Rules of Civil Procedure and this Court's Order. (Certification of Paul Logan, Esquire, Appendix ("App.") App. A1-A103).

6. Further to Mr. Logan's certification, the City's discovery abuses continued most recently with regard to this Court's September 12, 2006 Order.

7. The Court ruled that the May 16, 2006 correspondence from Carol Houck to Paul Cottrell, litigation counsel for the City, was a disclosure that constituted a subject-matter waiver of an attorney-client privileged communication. (Order 9/12/06 App. A104-A105).

8. The Court then ordered production of documents within the five (5) designated categories that were disputed by the City. Of the approximately seventy-eight (78) documents produced pursuant to this Court's Order, a large segment of those documents were not privileged and also did not pertain to the five (5) designated categories where waiver of the attorney-client privilege was found to have occurred.

KOP:350526v1 3514-04

9. Many of the remaining documents on the City's privilege log, that the City is obligated to produce but to date has yet to produce, arguably pertain to the five (5) designated categories where the waiver occurred.

10. Durkin asked the City to provide more information on those documents that the City continued to withhold in order to fully evaluate the claimed privilege, especially in light of the waiver. (Email from David T. Bolger, Esquire to Paul Cottrell dated September 6, 2006 App. A106-A108).

11. The City has not responded with additional information.

12. There were only approximately nineteen (19) documents that were produced pursuant to this Court's recent Order on waiver that were not on the privilege log, although some should have been.

13. Some of the approximately nineteen (19) documents are in no way privileged or protected from production and should have been produced over a year ago.

14. The most recent document produced pursuant to this Court's Order on the privilege waiver is dated September 2, 2004. It is inconceivable that no documents were generated in 2005 and 2006 that pertained to those subject matters in the Court's recent order were generated – that is, other than the privileged document that prompted this Court's Order, which is dated May 16, 2006.

15. The City has engaged in a pattern of abuses of the Rules, misrepresented the availability of documents, purposefully concealed and withheld documents – including case-dispositive documents – obstructed the discovery process and ignored the Court's Order.

16. Accordingly, Durkin is entitled to sanctions under Rule 37(b), (c) and (d). *See* Fed. R. Civ. P. Rule 37(b), (c) and (d).

17. Under Rule 37, a sanction for a discovery abuse, including the preclusion of evidence, is warranted except when a party's conduct is either substantially justified or harmless. *See* Fed. R. Civ. P. 37; *Praxair, Inc. v. ATMI, Inc.*, 2006 U.S. Dist. LEXIS 57857, 20-21 (D. Del. 2006).

18. Durkin refers the Court to its Opening Brief for a detailed discussion of the prejudice it has suffered as a result of the City's blatant discovery abuses.

19.  In light of the pattern of discovery abuses that have taken place, and the prejudice to Durkin from this conduct, Durkin is entitled to have appropriate additional sanctions entered against the City, together with attorney's fees and costs.

WHEREFORE, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for Sanctions Under Federal Rule of Civil Procedure 37(b), (c) and (d) and foreclose the City from cross examining any witness called by Durkin or offering any evidence on the issues of liability or damages on any claims asserted by Durkin against the City and prohibiting any testimony or evidence by the City on the issues of liability or damages on any claims asserted by Durkin against the City and award Durkin its attorney's fees and costs. In the alternative, Durkin respectfully requests that the Court enter an Order of a judgment by default against the City on the claims by Durkin and award Durkin its attorney's fees and costs, together with such additional relief as this Court deems necessary or appropriate.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By:  /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: September 22, 2006

- 3 -

KOP:350526v1 3514-04