IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION
FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b), (c) and (d)

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 22, 2006

KOP:350523v1 3514-04

## TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................1

II. SUMMARY OF ARGUMENT .........................................................................................1

III. CONCISE STATEMENT OF FACTS ...............................................................................1

IV. ARGUMENT......................................................................................................................2

    A. The City has Boldly Ignored its Discovery Obligations and Engaged in Serious Abuses of the Rules, Therefore Durkin is Entitled to An Order Precluding the City from Cross Examining Durkin's Witnesses or Presenting Evidence on the Issues of Durkin's Claims and Damages, or in the Alternative, Durkin is Entitled to an Entry of Judgment by Default ................ 2

V. CONCLUSION AND RELIEF SOUGHT .........................................................................5

KOP:350523v1 3514-04

## TABLE OF CITATIONS

**Page**

**Cases**

*Praxair, Inc. v. ATMI, Inc.*, 2006 U.S. Dist. LEXIS 57857, 20-21 (D. Del. 2006) .......................... 3

**Rules**

Fed. R. Civ. P. 37 ............................................................................................................................. 3

Fed. R. Civ. P. 37(c) ........................................................................................................................ 3

Fed. R. Civ. P. 37(d) ........................................................................................................................ 3

Fed. R. Civ. P. Rule 37(b) ................................................................................................................ 3

KOP:350523v1 3514-04

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin files this Motion for sanctions under Federal Rule of Civil Procedure 37(b), (c) and (d).

## II. SUMMARY OF ARGUMENT

The City has blatantly violated discovery in this matter. Based on the City's continued refusal to supplement its discovery responses, withholding documents that are clearly not privileged, and failure to fully comply with this Court's Order regarding privileged documents, Durkin is entitled under Rule 37(b), (c) and (d) to foreclose the City from cross examining any witness called by Durkin or offering any evidence on the issue of liability or damages on any claims asserted by Durkin.

## III. CONCISE STATEMENT OF FACTS

By way of summary and background, Durkin incorporates the Certification of Paul Logan, Esquire which provides a detailed history of the City's continued disregard for their obligations under the Federal Rules of Civil Procedure and this Court's Order. (Certification of Paul Logan, Esquire, Appendix ("App."). A1-A103).

Further to Mr. Logan's certification, the City's discovery abuses continued most recently with regard to this Court's September 12, 2006 Order. The Court ruled that the May 16, 2006 correspondence from Carol Houck to Paul Cottrell, litigation counsel for the City, was a disclosure that constituted a subject-matter waiver of an attorney-client privileged communication. (Order 9/12/06 App. A104-A105). The Court then ordered production of documents within the five (5) designated categories that were disputed by the City. Of the approximately seventy-eight (78) documents produced pursuant to this Court's Order, a large segment of those documents were not privileged and also did not pertain to the five (5) designated categories where waiver of the attorney-client privilege was found to have occurred. Many of the remaining documents on the City's privilege log, that the City is obligated to produce but to date has yet to produce, arguably pertain to the five (5) designated categories where the waiver occurred. Durkin asked the City to provide more information on those documents that the City continued to

withhold in order to fully evaluate the claimed privilege, especially in light of the waiver. (Email from David T. Bolger, Esquire to Paul Cottrell dated September 6, 2006 App. A106-A108). The City has not responded with additional information.

There were only approximately nineteen (19) documents that were produced pursuant to this Court's recent Order on waiver that were not on the privilege log. Interestingly, it appears that some of those documents should have been on the City's privilege log – but were not.[1] Some of the approximately nineteen (19) documents are in no way privileged or protected from production and should have been produced over a year ago.[2]

Finally, the most recent document produced pursuant to this Court's Order on the privilege waiver is dated September 2, 2004. It is unfathomable that no documents were generated in 2005 and 2006 that pertained to those subject matters in the Court's recent order were generated – that is, other than the privileged document that prompted this Court's Order, which is dated May 16, 2006.

IV. ARGUMENT

    A. **The City has Boldly Ignored its Discovery Obligations and Engaged in Serious Abuses of the Rules, Therefore Durkin is Entitled to An Order Precluding the City from Cross Examining Durkin's Witnesses or Presenting Evidence on the Issues of Durkin's Claims and Damages, or in the Alternative, Durkin is Entitled to an Entry of Judgment by Default**

Despite the clear direction and order of the Court, the City persists in its blatant defiance of its discovery obligations and the directives of the Court. As set forth in the Certification of Durkin's Counsel, Durkin has numerous times conferred in good faith with counsel for the City attempting to obtain the City's cooperation. (App. A1-A103). However, such good faith attempts have been to no avail. In fact, Durkin did not know the full nature of the discovery abuses until September 18, 2006 when the City produced some documents pursuant to this Court's Order.

The City has engaged in a pattern of abuses of the Rules, misrepresented the availability of documents, purposefully concealed and withheld documents – including case-dispositive documents –

---

[1] By way of example only, documents that should have been on the outdated January 18, 2005 Privilege Log but were not included: Email from Petrone to Houck, 12/29/03 (App. A109-A110); Fax from Houck to Cottrell, 2/5/04 (App. A111-A112); and Fax from Houck to Petrone, 4/5/04 (App. A113-A114).
[2] By way of example only, the Memorandum from Funk to Luft, 9/2/04 (App. A115) should never have been withheld from Durkin.

KOP:350523v1 3514-04

obstructed the discovery process and ignored the Court's Order. Accordingly, Durkin is entitled to sanctions under Rule 37(b), (c) and (d). *See* Fed. R. Civ. P. Rule 37(b), (c) and (d). Under Rule 37, a sanction for a discovery abuse, including the preclusion of evidence, is warranted except when a party's conduct is either substantially justified or harmless. *See* Fed. R. Civ. P. 37; *Praxair, Inc. v. ATMI, Inc.*, 2006 U.S. Dist. LEXIS 57857, 20-21 (D. Del. 2006).The City's withholding of documents (which continues) that are clearly not privileged or should be produced under this Court Order on the privilege waiver is neither substantially justified or harmless. Durkin has been severely prejudiced by the City's discovery abuses, as set forth below.

- A recently produced February 5, 2004 memorandum from the City Manager, Carl Luft to the Mayor and Members of City Council, was withheld until a few days ago on the basis of "privilege". (App. A121-A122) This memorandum provides confirmation and information about the immediate effect of the termination of Durkin on February 2, 2004, a fact disputed by the City. The memorandum was never privileged, has been available to the City since the commencement of this lawsuit, and would have been an essential piece of information in connection with Durkin's discovery depositions.

- A memorandum dated January 23, 2004, from Assistant City Manager Carol Houck to City Manager Carl Luft was also withheld (App. A116-A117). This document, withheld notwithstanding there being no privilege reasonably attendant to this document, contains information respecting the motives and decision of the City to terminate Durkin, and precedes by approximately one (1) week the vote of City Council to terminate Durkin's contract. This information was withheld from Durkin and Federal and was not available during the depositions of Ms. Houck, the City's Rule 30(b)(6) designee, Mr. Luft, any of the URS representatives or members of City Council.

- A memorandum from City Manager Luft to the Mayor and City Council dated December 9, 2003, was withheld. (App. A118-A119) This is the same type of information sought respecting the "Briefing Packets" provided to City Council members and should have been available well in advance of the depositions of Ms. Houck, Mr. Dombrowski, City Council Members and Mr. Luft.

- A memorandum from attorney Vicky Petrone on or about January 20, 2004, days before the termination of Durkin, and sent to Ms. Houck and a third party – Jill Voeller of URS. (App. A120) There was not then, nor is there now, any "joint defense" privilege; indeed, the Court's earlier order to produce the Executive Session meeting minutes from February 2, 2004 was based upon the presence of a URS representative that the Court found vitiated the attorney-client privilege. (App. A120) The document should have been produced as part of the initial disclosures, or at the very latest, following the Court's order concerning the Executive Session meeting minutes, and made available to Durkin and Federal with regard to their Motions for Summary Judgment and ensuing discovery.

- A memorandum from Mayor Vance Funk to City Manager Carl Luft dated September 2, 2004, was withheld. In that memorandum, Mayor Funk states: "In talking to 5 out of the 6 City Councilmen over the past few days, it appears that all of us agree that any major decision made by the City regarding the reservoir *should be made with our advice and*

- 3 -

*consent.* If this requires calling a special meeting or any other discussion forum that you are aware of, please let me know quickly so I can consult with my fellow Councilmen." (App. A115). This document is consistent with the claim by Durkin that City Council was not made aware of all of the facts that should have been provided to them at the time they voted to terminate Durkin. Mayor Funk was deposed by Durkin and Federal, however this document, which is not privileged, was withheld by the City.

In terms of any attorney-client communications within the subject areas that were deemed waived in the Court's most recent order, Durkin has observed the following concerning what has been produced in response thereto:

1. In the materials produced, there are no written communications whatsoever authored by the City solicitor, Mr. Roger Akin;

2. In the materials produced, there are only two (2) written communications authored by litigation counsel Paul Cottrell, which consist of two electronic mail messages (and no letters) dated February 17, 2004 and July 14, 2004, respectively; and

3. There are no written communications of any form dated later than September 2, 2004, despite the fact that the letter which prompted the Court's order was dated May 16, 2006, so there was unquestionably a requirement to produce all documents responsive to the Court's Order at least as of the date of the letter.

In view of the fact that Mr. Akin was involved as the City solicitor since (at least) the inception of the project, and is known to have authored correspondence to the City Council (e.g., the May 27, 2004 memorandum to City Council reporting on Dr. Calabria's investigation), it is difficult to conclude that there was no other written communications from his office on any of the subject matters as to which privilege was deemed waived. The same is true of Mr. Cottrell, especially in light of the intensive pleading and discovery activity that has taken place over the past two years. Added to this remarkable paucity of documents is the complete absence of any communications at all post-dating September 2, 2004 on any of the subject matters—except when the silence was broken by Ms. Houck in her May 16, 2006 letter to Mr. Cottrell—with no apparent further communications on those subject matters up through the date of the Court's order.

In light of the serious discovery abuses that have taken place, notwithstanding the Court's clear admonitions and orders compelling the production of these documents, Durkin is entitled to have meaningful additional sanctions entered against the City that are commensurate in severity with the City's knowing and improper continued withholding of materials, together with attorney's fees and costs.

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for Sanctions Under Federal Rule of Civil Procedure 37(b), (c) and (d) and foreclose the City from cross examining any witness called by Durkin or offering any evidence on the issues of liability or damages on any claims asserted by Durkin against the City and prohibiting any testimony or evidence by the City on the issues of liability or damages on any claims asserted by Durkin against the City[3] and award Durkin its attorney's fees and costs. In the alternative, Durkin respectfully requests that the Court enter an Order of a judgment by default against the City on the claims by Durkin and award Durkin its attorney's fees and costs, together with such additional relief as this Court deems necessary or appropriate.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By:   /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: September 22, 2006

---

[3] This request is not intended to foreclose testimony by the City respecting any alleged claims against URS or to prohibit defensive testimony to the affirmative claims by URS.