## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

## APPENDIX TO PLAINTIFF'S MOTION FOR SANCTIONS
## UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b), (c) and (d)

Part 1

**POWELL, TRACHTMAN, LOGAN,**
**CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party*
*Defendant Donald M. Durkin Contracting*

Dated:  September 22, 2006

KOP:350534v1 3514-04

# TABLE OF CONTENTS

| **DOCUMENT** | **PAGE** |
|---|---|
| Certification of Counsel | A-1 |
| Order of the Honorable Gregory M. Sleet dated September 12, 2006 | A-104 |
| E-mail from David T. Bolger to Paul Cottrell dated September 6, 2006 | A-106 |
| E-mail from Vicky Petrone to Roger Akin and Carol Houck dated December 29, 2003 regarding Payment Issues | A-109 |
| Facsimile from Carol Houck to Paul Cottrell dated February 5, 2004 | A-111 |
| Facsimile from Carol Houck to Vicky Petrone dated April 5, 2004 | A-113 |
| Memorandum from Vance A. Funk, III to Carl F. Luft dated September 2, 2004 | A-115 |
| Memorandum from Carol Houck to Carl F. Luft dated January 23, 2004 | A-116 |
| Memorandum from Carl F. Luft to Mayor Harold F. Godwin and Members of City Council dated December 9, 2003 | A-118 |
| Memorandum from Vicky Petrone to Carol Houck dated January 20, 2004 | A-120 |
| Memorandum from Carl F. Luft to Mayor Harold F. Godwin and Members of City Council dated February 5, 2004 | A-121 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* <br><br><br> ST. PAUL FIRE & MARINE INSURANCE COMPANY, **Intervenor** | CASE NO. 04-0163-GMS |

**CERTIFICATION OF COUNSEL**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37(d)**

I, Paul A. Logan, being of legal age, do herby certify as follows:

1.      I am an attorney for Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") in the above referenced matter, and as such, I have personal knowledge of the facts and circumstances of this case and of the matter contained within this Certification.

2.      I make this Certification in support of Durkin's Motion for sanctions under Federal Rule of Civil Procedure 37(b), (c) and (d).

3.      Durkin served each Council Member with a Request for Production of Documents. *See* Request for Production of Documents directed to Athey attached as Exhibit "A".

4.      On or about September 15, 2005 Durkin served a request for Production of Documents on the City. *See Exhibit* "B".

5.      The Requests asked for, *inter alia,* all documents relating to the Reservoir Project and Durkin and all documents relied upon when voting to terminate Durkin. *Id.*

6.    The City and Council Members did not timely respond to the Requests.

7.    On November 22, 2005 I wrote to counsel for the City indicating that it is imperative that the documents in response to the Request for Production be produced so that depositions could be scheduled. *See* Correspondence from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated November 22, 2005 attached as Exhibit "C".

8.    On November 29, 2005, I wrote to counsel for the City again requesting the documents that were requested from the Members of the City Council and the Mayor. *See* Correspondence from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated November 29, 2005 attached as Exhibit "D".

9.    On December 5, 2005, I indicated that due to the discovery schedule, and with an expectation that the requested documents would be received "next week", I requested that the counsel for the City confirm the depositions form December 19 and 20, 2005.   *See* Correspondence from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated December 5, 2005 attached as Exhibit "E".

10.    In another good faith attempt to encourage the City to comply with its discovery obligations, I wrote to Paul Cottrell, Esquire on December 21, 2005 indicating that Durkin must receive the documents next week, otherwise I indicated that I would need to seek Court intervention. *See* Correspondence from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated December 21, 2005 attached as Exhibit "F".

11.    Late in December 2005 the City produced documents.  However, the production was, and continues to be, incomplete, in that there was not one document in the December 2005 production from any of the Council Members.

12.    I immediately emailed counsel for the City on December 29, 2005 indicating that none of the materials produced contained a single document from any of the Council Members. *See* Email from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated December 29, 2005 attached as Exhibit "G".

13.    I followed up my email on December 30, 2005 again confirming that even though the Council Members were served with discovery on September 15, 2005, they still had not produced a single document.  *See* Correspondence from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated December 30, 2005 attached as Exhibit "H".

14.     On January 8, 2006, I emailed counsel for the City explaining in detail my review of the documents and the fact that the City's responses were deficient in that they still did not produce a single document from any of the Council Members.   *See* Email from Paul A. Logan, Esquire to Paul Cottrell, Esquire dated January 8, 2006 attached as Exhibit "I".

15.     On February 6, 2006 Council Member Kalbacher was deposed and for the first time Durkin learned that the City provided its Council Members with "briefing packets".

16.     My office immediately followed up with an email to counsel for the City on February 7, 2006 requesting the immediate production and delivery of the "briefing packets" so that they would be available for the next deposition that was scheduled for February 10, 2006.   *See* Email from David T. Bolger, Esquire to Paul Cottrell, Esquire dated February 7, 2006 attached as Exhibit "J".

17.     Paul Cottrell, Esquire, counsel for the City responded on February 9, 2006 indicating that "we are gathering [the 'briefing packets'] now and hope to be able to provide you with copy sets next week."   *See* Email from Paul Cottrell, Esquire to David T. Bolger, Esquire dated February 9, 2006 attached as Exhibit "K".

18.     Durkin learned during the depositions of former Council Member Kalbacher and current Mayor Funk that both Kalbacher and Funk destroy the "briefing packets" and other information provided to them in advance of the City Council Meetings.

19.     Since the depositions of Kalbacher and Funk, it has been revealed that there is no way to recreate the Project-related information in the briefing packets from records currently available to the City Council and the City and/or in their possession.

20.     When the City initially produced documents, they also produced a Privilege Log dated January 8, 2005.

21.     The City has never updated the Privilege Log.

22.     After this Court ruled that the City's disclosure of the correspondence from Ms. Houck to Mr. Cottrell dated May 16, 2006 constituted subject matter waiver of an attorney client privileged communication, my firm immediately reviewed the City's outdated Privilege Log for documents where the privilege was waived.

23.     Durkin then asked the City to provide more information on those areas where more information is required to fully evaluate the claimed privilege, especially in light of the waiver.  *See* Email from David T. Bolger, Esquire to Paul Cottrell dated September 6, 2006 attached as Exhibit "L".

24.     In addition to the City's recent waiver of privilege, there are also documents contained on the privilege log that are clearly not privileged or protected in any manner and should have been produced, as evidenced by the volume of documents recently produced that had been previously withheld under a claim of privilege where no basis of privilege actually existed.

25.     Durkin provided the City with a detailed document outlining those documents where there is no basis for privilege.  *See* City's Privilege Log with Durkin's Comments attached as Exhibit "M".

26.     The City has never responded with additional information or clarification as to the basis of privileged nature of the documents.

27.     Over a year has past since Durkin served its discovery.

28.     Durkin is one business day away from of trial and the City still has not produced these documents or otherwise responded as to why the contested documents are subject to withholding based upon a proper claim of privilege.

29.     I hereby certify and attest that our office has communicated with counsel for the City in an effort to resolve the discovery dispute at issue with respect to the above, and despite counsel's good faith attempts to resolve the dispute, counsel has been unable to do so.

**POWELL, TRACHTMAN, LOGAN,**
**CARRLE & LOMBARDO, P.C.**

By:     ___/s/ Paul A. Logan_____
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760
*Attorneys for Plaintiff and Third Party*
*Defendant Donald M. Durkin Contracting*

Dated:  September 22, 2006

KOP:350525v1 3514-04

A-4

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING and FEDERAL INSURANCE COMPANY, *Third-Party Defendants* | |

### REQUEST FOR PRODUCTION OF DOCUMENTS
### (SET I) DIRECTED TO DAVID J. ATHEY

Pursuant to Federal Rules of Civil Procedure 26 and 34, you are hereby requested to produce the below-listed documents for inspection and copying within thirty (30) days, at the Law Offices of Powell, Trachtman, Logan, Carrle & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, Pennsylvania, 19406, or at such other convenient location as otherwise agreed in writing.

### DEFINITIONS

For the purposes of these Requests, the following definitions shall apply:

1.      The "City of Newark" shall mean the City of Newark, the Mayor of the City of Newark, and all Council Members of and for the City of Newark, individually and/or collectively, as appropriate.

2.      The "City of Newark Reservoir Project" shall mean the Water Supply Reservoir that is the subject of the Construction Contract at issue in this action.

3.      "You" and "your" shall mean the party responding to these Requests.

4.      "Document" means, unless otherwise stated, all written, printed, typed or recorded

KOP:322581v1 3514-04

A-6

electronically, graphic or photographic material of any kind or character and non-duplicate copies now or at any time relevant to this action in your possession, custody or control, including, among other things and without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

5.     "All documents" means the original and all copies of a document, as above defined and known to you, including all drafts and marked up copies, and every such document that can be located or discovered by you through reasonably diligent efforts.

6.     All references to the parties also encompass their agents, employees, attorneys or representatives.

7.     "Relating to" or "related to" shall mean referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about or regarding.

## INSTRUCTIONS

The following Instructions shall govern these Requests:

1.     Each Request is to be answered separately and completely.

2.     Requests that cannot be answered in full shall be answered as completely as possible and shall specify the reasons for the incompleteness.

3.     You are hereby requested to supplement seasonally your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure at the end of each thirty (30) day period immediately following the filing of your initial responses hereto based on the requirements of Rule 26(e). For the purpose of Rule 26(e), these Requests are deemed to be a "new" request for each thirty (30) day period prior to the time of the final pretrial order.

4.     If, after reasonable investigation, you lack documents responsive to any Request, state so expressly, and describe in detail the investigation that you made to obtain knowledge of documents responsive to that Request.

5.     If you have responsive documents, some of which you are providing in an answer and some of which you are withholding, state so expressly, and state in detail the exact grounds upon which responsive documents are being withheld.

6.     For writings to which you have had access but which are not now in your possession, custody or control, state the circumstances under which you had access to such documents and the identity of the individual(s) or entity that now has them in their possession, custody or control.

KOP:322581v1 3514-04

A-7

7.    To the extent that you object to any Request or portion thereof, you shall:

    (a)    identify the portion to which such objection is made;

    (b)    state specifically each and every ground upon which you rely for your objection; and

    (c)    answer all parts to which no objection exists.

8.    To the extent that you object to any Request on the basis of privilege, you shall:

    (a)    identify the portion to which such objection is made;

    (b)    state specifically each and every ground upon which you rely for your objection; and

    (c)    answer all parts to which no objection exists.

## DOCUMENTS TO BE PRODUCED

1.    All documents in the possession of the Defendants on the date of or prior to the date of termination of the contract of Donald M. Durkin Contracting, Inc. (i.e. on February 2, 2004), relating to the contract between the City of Newark and Donald M. Durkin Contracting, Inc. ("Contract") for the construction of the Reservoir for the City of Newark and the performance by Donald M. Durkin Contracting, Inc.

2.    All communications between the Defendant and any other person or entity (excluding only asserted privileged documents) relating to the performance by Donald M. Durkin Contracting, Inc. of the Contract for the construction of the Reservoir for the City of Newark.

3.    All documents received by the Defendant relied upon in making the decision to terminate the Contract and all documents received after the February 2, 2004 vote to terminate Durkin, which documents originated from, or were copied to, URS or any other third party.

4.    All documents relied upon by the individual Defendant in determining his/her vote to terminate the contract of Donald M. Durkin Contracting.

Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.

By: _____

Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
Attorneys for Plaintiff

KOP:322581v1 3514-04

A-9

## CERTIFICATE OF SERVICE

I, Paul A. Logan, counsel for Plaintiff certify that on September 15, 2005, a true and

correct copy of the foregoing Request for Production of Documents (Set I) Directed to David J.

Athey was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F.
Godwin, John H. Farrell, Jerry Clifton, Karl
G. Kalbacher, David J. Athey, Frank J.
Osborne, Jr. and Christina Rewa

Samuel J. Arena, Jr., Esquire
Patrick R Kingsley, Esquire
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant
Federal Insurance Company

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation

**Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.**

By: _____
        Paul A. Logan

KOP:322581v1 3514-04

**A-10**

# **EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING,
INC., *Plaintiff*

      vs.

CITY OF NEWARK, et al., *Defendants*    CASE NO. 04-0163-GMS

      and

CITY OF NEWARK, *Third-Party Plaintiff*

      vs.

DONALD M. DURKIN CONTRACTING
and FEDERAL INSURANCE COMPANY,
*Third-Party Defendants*

## REQUEST FOR PRODUCTION OF DOCUMENTS
## (SET I) DIRECTED TO THE CITY OF NEWARK

Pursuant to Federal Rules of Civil Procedure 26 and 34, you are hereby requested to produce the below-listed documents for inspection and copying within thirty (30) days, at the Law Offices of Powell, Trachtman, Logan, Carrle & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, Pennsylvania, 19406, or at such other convenient location as otherwise agreed in writing.

## DEFINITIONS

For the purposes of these Requests, the following definitions shall apply:

1.     The "City of Newark" shall mean the City of Newark, the Mayor of the City of Newark, and all Council Members of and for the City of Newark, individually and/or collectively, as appropriate.

2.     The "City of Newark Reservoir Project" shall mean the Water Supply Reservoir that is the subject of the Construction Contract at issue in this action.

3.     "You" and "your" shall mean the party responding to these Requests.

4.     "Document" means, unless otherwise stated, all written, printed, typed or recorded

KOP:322153v1 3514-04

A-12

electronically, graphic or photographic material of any kind or character and non-duplicate copies now or at any time relevant to this action in your possession, custody or control, including, among other things and without limitation, writings, drawings, graphs, charts, photographs, phonorecords, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

5.    "All documents" means the original and all copies of a document, as above defined and known to you, including all drafts and marked up copies, and every such document that can be located or discovered by you through reasonably diligent efforts.

6.    All references to the parties also encompass their agents, employees, attorneys or representatives.

7.    "Relating to" or "related to" shall mean referring to, alluding to, responding to, concerning, connected with, commenting on, in respect of, about or regarding.

## INSTRUCTIONS

The following Instructions shall govern these Requests:

1.    Each Request is to be answered separately and completely.

2.    Requests that cannot be answered in full shall be answered as completely as possible and shall specify the reasons for the incompleteness.

3.    You are hereby requested to supplement seasonally your responses to these Requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure at the end of each thirty (30) day period immediately following the filing of your initial responses hereto based on the requirements of Rule 26(e). For the purpose of Rule 26(e), these Requests are deemed to be a "new" request for each thirty (30) day period prior to the time of the final pretrial order.

4.    If, after reasonable investigation, you lack documents responsive to any Request, state so expressly, and describe in detail the investigation that you made to obtain knowledge of documents responsive to that Request.

5.    If you have responsive documents, some of which you are providing in an answer and some of which you are withholding, state so expressly, and state in detail the exact grounds upon which responsive documents are being withheld.

6.    For writings to which you have had access but which are not now in your possession, custody or control, state the circumstances under which you had access to such documents and the identity of the individual(s) or entity that now has them in their possession, custody or control.

KOP:322153v1 3514-04

A-13

7.    To the extent that you object to any Request or portion thereof, you shall:

        (a)    identify the portion to which such objection is made;

        (b)    state specifically each and every ground upon which you rely for your objection; and

        (c)    answer all parts to which no objection exists.

8.    To the extent that you object to any Request on the basis of privilege, you shall:

        (a)    identify the portion to which such objection is made;

        (b)    state specifically each and every ground upon which you rely for your objection; and

        (c)    answer all parts to which no objection exists.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to the City of Newark Reservoir Project, including, but not limited to the following:

        (a)    all correspondence generated or received by the City of Newark;

        (b)    all electronic documents, including emails and fax transmissions between URS, the City of Newark and any of the named Defendants;

        (c)    all documents respecting the contract and work being performed by George & Lynch, Inc.;

KOP:322153v1 3514-04

*A-14*

(d)    all documents respecting the re-bid of the contract for the work within the scope of the contract of Donald M. Durkin Contracting, Inc., including copies of all handouts and other materials;

(e)    all communications between the City of Newark and URS in any way related to this litigation.

Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.

By: _____
    Paul A. Logan
    Delaware Supreme Court ID #3339
    475 Allendale Road, Suite 200
    King of Prussia, PA 19406
    Telephone: 610-354-9700
    Telefacsimile: 610-354-9760
    Attorneys for Plaintiff

KOP:322153v1 3514-04

A-15

## CERTIFICATE OF SERVICE

I, Paul A. Logan, counsel for Plaintiff certify that on September 15, 2005, a true and

correct copy of the foregoing Request for Production of Documents (Set I) Directed to City of

Newark was served upon the following by U.S. Mail, postage prepaid, at the addresses below.

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899
Attorneys for City of Newark, Harold F.
Godwin, John H. Farrell, Jerry Clifton, Karl
G. Kalbacher, David J. Athey, Frank J.
Osborne, Jr. and Christina Rewa

Samuel J. Arena, Jr., Esquire
Patrick R Kingsley, Esquire
Stradley Ronon Stevens & Young LLP
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant
Federal Insurance Company

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue
Suite 1500, P. O. Box 68
Wilmington, DE 19899
Attorneys for URS Corporation

Powell, Trachtman, Logan,
Carrle & Lombardo, P.C.

By: _____
Paul A. Logan

# **EXHIBIT C**

LAW OFFICES

# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

MICHAEL G. TRACHTMAN
PAUL A. LOGAN*•○
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, IIID
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*□
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LAROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER○
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*

*ALSO ADMITTED IN NJ
○ALSO ADMITTED IN MD
◇ALSO ADMITTED IN DE
□ALSO ADMITTED IN NY

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

November 22, 2005

PLEASE REPLY TO:

KING OF PRUSSIA

*Via Facsimile 1-302-658-9836 and 1-302-658-3492/Ordinary Mail*
Paul Cottrell, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899

      Re:    *Donald M. Durkin Contracting, Inc. v. City of Newark, et al.*

Dear Mr. Cottrell:

      In order for us to schedule the depositions of the representatives from the City, it is imperative that I receive the documents from them as soon as possible. Please let me know how soon I can obtain these records from each of the Council Members and Mayors, so that we can begin the scheduling of those depositions without further delay.

                       Very truly yours,

                       Paul A. Logan

PAL:drp
  c:    James S. Green, Esquire
       Samuel J. Arena, Jr., Esquire

A-18

KOP:327533v1 3514-04

# **EXHIBIT D**

MICHAEL G. TRACHTMAN
PAUL A. LOGAN**○
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, III□
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*□
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LaROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER○
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*

*ALSO ADMITTED IN NJ
○ALSO ADMITTED IN MD
◇ALSO ADMITTED IN DE
□ALSO ADMITTED IN NY

# LAW OFFICES
# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

November 29, 2005

PLEASE REPLY TO:

KING OF PRUSSIA

**Via Facsimile 1-302-658-9836 and 1-302-658-3492/Ordinary Mail**

Paul Cottrell, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza, Suite 500
P. O. Box 1031
Wilmington, DE 19899

    Re:    *Donald M. Durkin Contracting, Inc. v. City of Newark, et al.*

Dear Mr. Cottrell:

I am again requesting that you accelerate the production of the following documents:

(a)    all documents requested from the Members of City Council and the Mayor which are the subjects of previous Requests for Production of Documents.

(b)    all documents that were received by you from Dr. Calabria. Please confirm that you have no objection to addressing the production of electronic documents (including earlier versions of any report generated by Dr. Calabria) directly with him.

The City's withholding of these records is interfering with Durkin's trial preparation. We are writing this last time before seeking judicial intervention. I know that these matters can be amicably

KOP:327819v1 3514-04

A-20

Paul Cottrell, Esquire
November 29, 2005
Page 2

resolved, but I do need to receive a response from you promptly.

Very truly yours,

Paul A. Logan

PAL:drp

c:    James S. Green, Esquire
       Samuel J. Arena, Jr., Esquire
       Donald M. Durkin Contracting, Inc.

# EXHIBIT E

MICHAEL G. TRACHTMAN
PAUL A. LOGAN**◇
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, IIIⵏ
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*ⵏ
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LaROCCA
BILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER◇
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*
ALLISON J. STRUPCZEWSKI

*ALSO ADMITTED IN NJ
◇ALSO ADMITTED IN MD
◇ALSO ADMITTED IN DE
ⵏALSO ADMITTED IN NY

# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

December 5, 2005

PLEASE REPLY TO:

KING OF PRUSSIA

*Via Facsimile 1-302-658-9836 and 1-302-658-3492/Ordinary Mail*
Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899

Re:     *Depositions of City Officials*

Dear Mr. Cottrell and Ms. Petrone:

Although I have not received the documents from any of the individual Defendants, in light of the discovery schedule and with expectation that the documents will be provided this week, please confirm that the City officials will be available for depositions on Monday, December 19, and Tuesday, December 20, 2005.

We can discuss the number of representatives on each day, but it is important that we begin this process without further delay.

Very truly yours,

Paul A. Logan

PAL:drp
c:     James S. Green, Esquire
       Samuel J. Arena, Jr., Esquire

KOP:328231v1 3514-04

A-23

# **EXHIBIT F**

MICHAEL G. TRACHTMAN*°
PAUL A. LOGAN*°□
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO*
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, III□
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*□
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LaROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTERo
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*
ALLISON J. STRUPCZEWSKI

*ALSO ADMITTED IN NJ
°ALSO ADMITTED IN MD
◊ALSO ADMITTED IN DE
□ALSO ADMITTED IN NY

LAW OFFICES

# POWELL, TRACHTMAN, LOGAN,
# CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
www.POWELLTRACHTMAN.COM

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

December 21, 2005

PLEASE REPLY TO:

KING OF PRUSSIA

*Via Facsimile 1-302-658-9836 and 1-302-658-3492/Ordinary Mail*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899

Re:    *Donald M. Durkin Contracting, Inc. v. City of Newark, et al.*

Dear Paul and Vickie:

The production of the documents by the City Defendants is months over due and the lack of the production has resulted in delays to discovery. I have written on numerous occasions, and worked as cooperatively as possible with you, but have reached a point where I will seek judicial intervention since there is no indication as to when these records will be produced.

I must insist that I receive the records next week and your written assurances before Friday, December 22, 2005, that they will be produced, without exception, (and including the Meeting Minutes of the City Council (including Executive Session Minutes where third parties have been present)) within the week. If I do not receive these assurances, and the documents, I will be

KOP:329502v1 3514-04

A-25

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
December 21, 2005
Page 2

contacting Judge Sleet to request an appropriate Order and additional relief, if necessary. I trust that this will not be necessary and that the documents will be produced without further delay.

Very truly yours,

Paul A. Logan

PAL:drp
c:      James S. Green, Esquire
        Samuel J. Arena, Jr., Esquire
        Patrick R Kingsley, Esquire
        David M. Burkholder, Esquire
        Kevin W. Goldstein, Esquire

# **EXHIBIT G**

**Paul A. Logan**

| | |
|---|---|
| **To:** | v.petrone@lawtcl.com; Paul Cottrell |
| **Cc:** | Arena, Samuel |
| **Subject:** | City and individual defendant document production |
| **Importance:** | High |

Vicky and Paul:

I had five boxes of documents delivered to me and have had the opportunity to complete cursory review. Even though the production is very late and I have no privilege log, what has been produced is notably deficient.

First, there is not a single document from any of the individual defendants (at least none identified as such).

There are significant additional omissions, too. For example, the minutes of the executive session that preceded the termination of Durkin has not been provided even though it appears that representatives of URS were in the session with the Council members. Their presence destroys any pretence of privilege.

There are no files respecting the G&L and URS contracts or amounts paid to either G&L or URS. Why?

I am concerned again that the failure of the City and the individual defendants to produce all documents will once again affect the scheduling of depositions.

Although I loathe to involve Judge Sleet, I don't have much choice now.

Are there more documents being produced or not? I will be contacting the Court for a discovery conference early next week and want to accurately represent the status of the production.

A-28

12/29/2005

# EXHIBIT H

MICHAEL G. TRACHTMAN
PAUL A. LOGAN**◊
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, III□
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*□
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LAROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER*
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL. M. (TAXATION)*
PATRICK S. CAWLEY
CHRISTOPHER S. KOLLER
GREGORY J. STAR*
ALLISON J. STRUPCZEWSKI

# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
PLOGAN@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

December 30, 2005

PLEASE REPLY TO:

KING OF PRUSSIA

*ALSO ADMITTED IN NJ
°ALSO ADMITTED IN MD
◊ALSO ADMITTED IN DE
□ALSO ADMITTED IN NY

*Via Facsimile 1-302-658-9836 and 1-302-658-3492/Ordinary Mail*

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
**TIGHE, COTTRELL & LOGAN, P.A.**
First Federal Plaza
Suite 500
P. O. Box 1031
Wilmington, DE 19899

Re:    *Donald M. Durkin Contracting, Inc. v. City of Newark, et al.*

Dear Paul and Vickie:

I have reviewed the documents produced by the City.  The individual defendants have not produced a single document even though the requests were served on you on September 15, 2005.

Further, in his memorandum dated December 8, 2003, from Carl Luft to the mayor and City Counsel members, (bates #NEW03407), he confirms that there were "four white binders and one manilla envelope" assembled for by review.  The binders and envelope have not produced in the most recent production and were not produced in the City's initial production to Federal.

I have written on numerous occasions and worked as cooperatively as possible with you. Unfortunately, I must seek judicial intervention, since there is still no indication as to whether or when any of these records will be produced.

KOP:330009v1 3514-04

A-30

Paul Cottrell, Esquire
Victoria K. Petrone, Esquire
December 30, 2005
Page 2

I will copy you with the letter to Judge Sleet.

Very truly yours,

Paul A. Logan

PAL:drp
c:    James S. Green, Esquire
      Samuel J. Arena, Jr., Esquire
      Patrick R Kingsley, Esquire
      David M. Burkholder, Esquire
      Kevin W. Goldstein, Esquire

# EXHIBIT I

**Paul A. Logan**

**Subject:** RE: Durkin v. City of Newark

Paul:

It seems that there is no rest for the weary but I wanted to address the missing documents with you as promptly as possible.

Durkin served the Requests for the Production of Documents directed to each of the individually-named Defendants on September 5, 2005. There have been no objections to the requests and there has been no assertion of any privilege.

As you know, I made repeated requests for the documents from the individual Defendants. I have reviewed all of the records produced after September 5, 2005 and none of the documents are represented to be from the individual defendants. In fact, there are no documents from the individuals that reflect any information respecting the Calabria's report, re-bid, award of the contract to G&L or discussions respecting Durkin during the project or at or before termination.

There are other documents that have not been produced that are referenced in documents that have been. For example documents are specifically listed in the memorandum from the City Manager, Carl F. Luft to the Mayor and City Council indicating that the City possesses "four white binders and one manila envelope" related to "five issues of concern related to [the City's] contract with Durkin Contracting, Inc. and the reservoir project." These materials have not been produced, or if they have, they are not labeled as such.

The City's contract and all related records, photographs, test results, payment requisitions etc. with the replacement contractor, G & L have not been produced in their totality. The only "contract" we have is a part of the contract with G&L; nothing more, no emails etc.

We also know that "Executive Sessions" of City Council were either recorded or that there are minutes. No privilege has been asserted by the City and Durkin has requested all Executive Session Meeting Minutes. This is especially important with regard to the "Executive Session" that occurred on February 2, 2004 because immediately after the Executive Session, City Council voted to terminate Durkin. It is Durkin's information and belief that at that Executive Session, representatives of URS Corporation were also present. The presence of URS removes would eliminate any claims of privilege, especially in view of the claims now asserted by the City against them.

We scheduled, delayed and rescheduled the depositions of the individual defendants pending the full production of documents. Paul, we need the full production of all requested records immediately. I waited a long time before going to Judge Sleet; perhaps too long, but we need to get the records now.

-----Original Message-----
**From:** Paul Cottrell [mailto:p.cottrell@lawtcl.com]
**Sent:** Sunday, January 08, 2006 12:39 PM
**To:** David T. Bolger; v.petrone@lawtcl.com; Arena, Samuel; Kingsley, Patrick
**Cc:** Paul A. Logan
**Subject:** Re: Durkin v. City of Newark

David,

I am available at 10 on Thursday. But please give me a list of the documents in dispute as early as you can tomorrow so we can narrow the issues for Thursday. For example, my understanding is that we have given you documents from City Counsel members.

Talk to you tomorrow.

1/8/2006

A-33

# **EXHIBIT J**

**Paul A. Logan**

*D. Durkin 04*

| | |
|---|---|
| **From:** | Paul Cottrell [p.cottrell@lawtcl.com] |
| **Sent:** | Thursday, February 09, 2006 11:37 AM |
| **To:** | David T. Bolger |
| **Cc:** | Arena, Samuel; Kingsley, Patrick; Jim Green; jseitz@svglaw.com; Paul A. Logan |
| **Subject:** | Re: D.M. Durkin, City of Newark |

Gentlemen,

1. This will confirm that we will be taking the deposition of Mayor Vance Funk tomorrow at 10 a.m. (ending at 1 p.m.) at Roger Akin's office at 1220 Market Street, Suite 300. Please bring your calendars to discuss further depositions (and a list of who you want to depose; for my side, I want to depose anyone you intend to present at trial).

2. On the three items below in Bolger's letter:

A. As to "briefing packets," we are gathering those now and hope to be able to provide you with copy sets by next week.

B. On email, we are looking into this now. I thought print outs of our relevant emails had been produced but we will look into this in more detail now since David raised the issue. And I object to the threat that you will go to the court if we don't provide "prompt access" as you demand. I think it is incumbent upon us all to work these issues out and I am confident we can do that.

C. Lastly, I disagree with David's statements as to Executive Session minutes, particularly as we have only deposed one participant (and he's not done).

Regards,
Paul

Paul Cottrell, Esq.
Tighe, Cottrell & Logan, P.A.
704 North King Street
Suite 500
Wilmington, DE 19801
302-658-6400
302-658-9836 Fax

----- Original Message -----
**From:** David T. Bolger
**To:** Paul Cottrell
**Cc:** Arena, Samuel ; Kingsley, Patrick ; Jim Green ; jseitz@svglaw.com ; Paul A. Logan
**Sent:** Tuesday, February 07, 2006 3:40 PM
**Subject:** D.M. Durkin, City of Newark

Paul - in discussing yesterday's deposition with Paul Logan, he indicated that Mr. Kalbacher testified that certain written "briefing packets", were provided by Carl Luft to the Council members at their residences prior to Council meetings, and that Mr. Kalbacher indicated that he did not retain any copies of those documents. We were not previously aware that any such documents existed, but they are certainly

within the scope of the discovery requests by Durkin and Federal. If they have been produced, please identify those bates numbers for us; otherwise, please make arrangements for the immediate production and delivery of those documents so that they are available for the deposition on Friday. I have to believe that Carl Luft and/or the City Secretary has some record of what was provided to Council members in advance of/for the public meetings.

Another area of our discovery that we have propounded, but to date not been received, relates to the production of electronic file data. Unless I am mistaken, we have not received any electronic files pertaining to this project from the City. Certainly the electronic files residing on the server drives on a City computer network system and/or the desktop/notebook computers of Carl Luft, Carol Houck, the Mayor, the City Secretary and others in the City employ who were involved in generating, transmitting or receiving any electronic data on this project, whether in the form of e-mail messages or other documents, fall within the ambit of Durkin and Federal's previous document discovery requests--see Definitions section of the respective document requests. Since Mr. Kalbacher testified yesterday that the City was anticipating litigation in the fall of 2003 when there were discussions concerning a potential termination of Durkin's contract, we trust that appropriate controls to secure the retention of all such data were put in place at or about that time. Initially, we will need a representation as to the nature, volume and location of electronic data generated and maintained by the City relating to this project, and what, if any, electronic information has not been preserved and the reasons why it was not maintained. At that point we can discuss the most expeditious manner of making those records available for our inspection or simply copied to CD-ROMs/DVD disks, and we can make our IT consultants available to work with the City in that regard to the extent required. In the event that the City, for whatever reason, is not prepared to provide prompt access to this data, we will involve the Court to compel production of this information.

Finally, although we haven't received any ruling from the Court on the Executive session materials, from your e-mails and our discussions, one of the positions you advanced was that we would be able to obtain the same or substantially similar information through the deposition process. However, Mr. Kalbacher's deposition testimony confirmed that is not the case; in fact, he could not recall the substance of what was discussed at any particular Executive session meeting, but instead recounted that the documents that were provided to Council and/or generated in the course of the Executive sessions would aid in refreshing his recollection of, and accurately reflect, what was discussed and decided at those particular sessions. Since this clearly displaces your argument that the information we are requesting is available from alternate sources (i.e., deposition testimony), and we have both a compelling need and clear right to confront and challenge the factual and legal efficacy of the Council's briefing background and reasons underlying the termination, I am requesting that you reconsider your refusal to provide those documents to us. Without your agreement to produce those documents, we intend to supplement our letter briefs to the Court to reflect this additional development.

Regards,

David.

David T. Bolger, Esquire

*Powell, Trachtman, Logan, Carrle & Lombardo, P.C.*
*475 Allendale Road, Suite 200*
*King of Prussia, PA 19406*
*(610) 354-9700, x131*
*(610) 354-9760 fax*
*(610) 304-7398 mobile*

A-36

2/10/2006

dbolger@powelltrachtman.com
www.powelltrachtman.com

*DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee(s) and may contain privileged or confidential information. If you are not the named addressee(s), you are hereby notified that any dissemination, distribution, copying or other use of any information contained in this electronic transmission is strictly prohibited. If you have received this electronic communication in error, please notify the sender immediately by reply to this electronic message and destroy the original communication and all attachments without reading, printing or saving any of the information in any manner. Thank you.*

A-37

2/10/2006