# **EXHIBIT K**

**From:**    Paul Cottrell [p.cottrell@lawtcl.com]
**Sent:**    Thursday, February 09, 2006 11:37 AM
**To:**    David T. Bolger
**Cc:**    Arena, Samuel; Kingsley, Patrick; Jim Green; jseitz@svglaw.com; Paul A. Logan
**Subject:**    Re: D.M. Durkin, City of Newark

Gentlemen,

1. This will confirm that we will be taking the deposition of Mayor Vance Funk tomorrow at 10 a.m. (ending at 1 p.m.) at Roger Akin's office at 1220 Market Street, Suite 300. Please bring your calendars to discuss further depositions (and a list of who you want to depose; for my side, I want to depose anyone you intend to present at trial).

2. On the three items below in Bolger's letter:

A. As to "briefing packets," we are gathering those now and hope to be able to provide you with copy sets by next week.

B. On email, we are looking into this now. I thought print outs of our relevant emails had been produced but we will look into this in more detail now since David raised the issue. And I object to the threat that you will go to the court if we don't provide "prompt access" as you demand. I think it is incumbent upon us all to work these issues out and I am confident we can do that.

C. Lastly, I disagree with David's statements as to Executive Session minutes, particularly as we have only deposed one participant (and he's not done).

Regards,
Paul

Paul Cottrell, Esq.
Tighe, Cottrell & Logan, P.A.
704 North King Street
Suite 500
Wilmington, DE 19801
302-658-6400
302-658-9836 Fax

----- Original Message -----
**From:** David T. Bolger
**To:** Paul Cottrell
**Cc:** Arena, Samuel ; Kingsley, Patrick ; Jim Green ; jseitz@svglaw.com ; Paul A. Logan
**Sent:** Tuesday, February 07, 2006 3:40 PM
**Subject:** D.M. Durkin, City of Newark

Paul - in discussing yesterday's deposition with Paul Logan, he indicated that Mr. Kalbacher testified that certain written "briefing packetss", were provided by Carl Luft to the Council members at their residences prior to Council meetings, and that Mr. Kalbacher indicated that he did not retain any copies of those documents. We were not previously aware that any such documents existed, but they are certainly

2/10/2006

within the scope of the discovery requests by Durkin and Federal. If they have been produced, please identify those bates numbers for us; otherwise, please make arrangements for the immediate production and delivery of those documents so that they are available for the deposition on Friday. I have to believe that Carl Luft and/or the City Secretary has some record of what was provided to Council members in advance of/for the public meetings.

Another area of our discovery that we have propounded, but to date not been received, relates to the production of electronic file data. Unless I am mistaken, we have not received any electronic files pertaining to this project from the City. Certainly the electronic files residing on the server drives on a City computer network system and/or the desktop/notebook computers of Carl Luft, Carol Houck, the Mayor, the City Secretary and others in the City employ who were involved in generating, transmitting or receiving any electronic data on this project, whether in the form of e-mail messages or other documents, fall within the ambit of Durkin and Federal's previous document discovery requests--see Definitions section of the respective document requests. Since Mr. Kalbacher testified yesterday that the City was anticipating litigation in the fall of 2003 when there were discussions concerning a potential termination of Durkin's contract, we trust that appropriate controls to secure the retention of all such data were put in place at or about that time. Initially, we will need a representation as to the nature, volume and location of electronic data generated and maintained by the City relating to this project, and what, if any, electronic information has not been preserved and the reasons why it was not maintained. At that point we can discuss the most expeditious manner of making those records available for our inspection or simply copied to CD-ROMs/DVD disks, and we can make our IT consultants available to work with the City in that regard to the extent required. In the event that the City, for whatever reason, is not prepared to provide prompt access to this data, we will involve the Court to compel production of this information.

Finally, although we haven't received any ruling from the Court on the Executive session materials, from your e-mails and our discussions, one of the positions you advanced was that we would be able to obtain the same or substantially similar information through the deposition process. However, Mr. Kalbacher's deposition testimony confirmed that is not the case; in fact, he could not recall the substance of what was discussed at any particular Executive session meeting, but instead recounted that the documents that were provided to Council and/or generated in the course of the Executive sessions would aid in refreshing his recollection of, and accurately reflect, what was discussed and decided at those particular sessions. Since this clearly displaces your argument that the information we are requesting is available from alternate sources (i.e., deposition testimony), and we have both a compelling need and clear right to confront and challenge the factual and legal efficacy of the Council's briefing background and reasons underlying the termination, I am requesting that you reconsider your refusal to provide those documents to us. Without your agreement to produce those documents, we intend to supplement our letter briefs to the Court to reflect this additional development.

Regards,

David.

David T. Bolger, Esquire

*Powell, Trachtman, Logan, Carrle & Lombardo, P.C.*
*475 Allendale Road, Suite 200*
*King of Prussia, PA 19406*
*(610) 354-9700, x131*
*(610) 354-9760 fax*
*(610) 304-7398 mobile*

2/10/2006

*DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee(s) and may contain privileged or confidential information. If you are not the named addressee(s), you are hereby notified that any dissemination, distribution, copying or other use of any information contained in this electronic transmission is strictly prohibited. If you have received this electronic communication in error, please notify the sender immediately by reply to this electronic message and destroy the original communication and all attachments without reading, printing or saving any of the information in any manner. Thank you.*

# EXHIBIT L

**From:** David T. Bolger [mailto:DBolger@PowellTrachtman.com]
**Sent:** Wed 9/6/2006 2:14 PM
**To:** Paul Cottrell
**Cc:** Vicky Petrone; Paul A. Logan; Kingsley, Patrick; Burkholder, David; James S Green
**Subject:** FW: Durkin v. Newark

Paul - mindful of the Judge's charge to us and the limited time before trial, we have gone through the latest iteration of your privilege log and identified, at a minimum, those documents that are within the ambit of topics recited in Ms. Houck's letter, and that we believe must now be produced. In addition, as Pat pointed out in an earlier e-mail to Vickie, this privilege log is quite dated, and since the date of the letter is May 2006 letter, we are certainly interpreting the Court's instruction to include all materials up through that date be produced as well.

As for the attachment, we have also taken the time to identify where claimed basis(es) of privilege for documents previously identified have either no proper claim of privilege, and/or there is insufficient information to enable us to ascertain the existence or manner of any privilege. Accordingly, if your intent is to withhold any of the documents where we indicate that more information is required to evaluate the claimed privilege, you will need to provide further specificity as to the nature and content of the document for proper analysis of whether it is within the class of material for which privilege has been waived.

**Also, please do not interpret this e-mail as limiting the scope of our request to the categories of documents contained in the discovery requests and/or in the privilege log, as updated through 05/16/2006, but to include any documents in the possession of the City, its agents, employees and attorneys that fall within the categories enumerated and listed in Dave Burkholder's e-mail below.**

I am available, and I believe either Pat or Dave Burkholder are available, today and tomorrow to discuss this to work out any disagreements. If by noon tomorrow we cannot agree upon the scope and timing of the documents to be made available, I will contact the Court to set up a conference call for Friday or as soon as the Judge is available and submit the attached log and this e-mail as a point of departure for an appropriate order.

David T. Bolger

*Powell, Trachtman, Logan, Carrle & Lombardo, P.C.*
*475 Allendale Road, Suite 200*
*King of Prussia, PA 19406*
*(610) 354-9700, x131*
*(610) 354-9760 fax*

*(610) 304-7398 mobile*
*dbolger@powelltrachtman.com*
*www.powelltrachtman.com*

*114 North Second Street, 5th Floor*
*Harrisburg, PA 17101*
*(717) 238-9300, x704*
*(717) 238-9325 fax*

<u>U.S. Treasury Circular 230 Notice:</u> We inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties to promote, market, or recommend any transaction or investment, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

*DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee(s) and may contain privileged or confidential information. If you are not the named addressee(s), you are hereby notified that any dissemination, distribution, copying or other use of any information contained in this electronic transmission is strictly prohibited. If you have received this electronic communication in error, please notify the sender immediately by reply to this electronic message and destroy the original communication and all attachments without reading, printing or saving any of the information in any manner. Thank you.*

-----Original Message-----
**From:** Burkholder, David [mailto:DBurkholder@STRADLEY.COM]
**Sent:** Wednesday, September 06, 2006 1:45 PM
**To:** Kingsley, Patrick
**Cc:** David T. Bolger; Paul A. Logan
**Subject:** Durkin v. Newark

The City waived the privilege on documents relating to the following subjects (as outlined in Durkin's answering brief):

(1) the basis and substance for Houck's alterations of her deposition testimony;
(2) discussions/documents concerning the City or Houck's contention that Mr. Kingsley was misleading the Court;
(3) requirements or lack of requirements for City Council to agree in advance to the termination of Durkin;
(4) the "general policy of City Manager Carl Luft to inform and receive support from Council of such important decisions" (May 16, 2006 Correspondence, page 2);

(5) the fact that the February 2, 2004 vote proceed in the fashion of most votes of Council;
(6) discussions/documents concerning the fact that "Council's direction is certainly important [but] it may take weeks or even months to completely fulfill their wishes" (May 16, 2006 Correspondence, page 2);

(7) discussions/documents concerning the fact that Council relies on City staff to follow through "with the appropriate forms, agreements, ... often associated with the direction" (May 16, 2006 Correspondence, page 2);

(8) discussions/documents concerning the fact that Council are likely not aware of most of the steps required to enact their direction;

9/21/2006

*A-44*

(9) discussions/documents concerning the allegation of Durkin's "failure to proceed" (May 16, 2006 Correspondence, page 2);

(10) discussions/documents concerning the allegation that Durkin failed to follow the direction of the engineer (May 16, 2006 Correspondence, page 3);

(11) discussions/documents concerning the allegation that Durkin would not complete the project at the price it bid (May 16, 2006 Correspondence, page 3);

(12) discussions/documents concerning the allegation Federal neglected its responsibility (May 16, 2006 Correspondence, pages 2-3);

(13) discussions/documents concerning the allegation that the City was a "good owner" to Durkin (May 16, 2006 Correspondence, page 3);

(14) discussions/documents concerning the City working to address Durkin's concerns (May 16, 2006 Correspondence, page 3);

(15) discussions/documents concerning the City allegedly paid Durkin on time (May 16, 2006 Correspondence, page 3);
(16) discussions/documents concerning the allegation that "nothing short of an open checkbook would have kept this group on our site working" (May 16, 2006 Correspondence, page 3).

**David M. Burkholder, Esquire**

Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway

Malvern, PA 19355-1481
610.640.5807
610.640.1965 fax

www.stradley.com

<u>U.S. Treasury Circular 230 Notice:</u> We inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties to promote, market, or recommend any transaction or investment, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s). If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender by reply e-mail, and delete all copies of this communication from your computer and network. Thank you.

A-45

# **EXHIBIT M**

**DOCUMENTS THAT NEED TO BE PRODUCED FROM CITY'S PRIVILEGE/RELEVANCE LOG (01/18/05) BASED ON THE COURT'S 09/05/06 RULING[1]**

*The City continues to withhold all bolded documents listed below.*

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| 1. | NEW0005 | Cover letter to Carl Luft from TCL re: District Court Complaint | 3/17/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 2. | NEW00049 | City notes titled "Major Topics of Reservoir Design Concerns" summarizing Richardson's first report | 3/16/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. Also not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 3. | NEW00050-NEW00051 | Houck's notes taken during the reading of Richardson's report dated 3/11/04 | 3/11/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. Also not |

[1] The City's Privilege/Relevance Log needs to be updated from January 18, 2005 to present.

1

A-47

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
|     |           |             |      | protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 4.  | NEW00052-NEW00053 | **Dombrowski's notes titled "Questions in Response to Richardson's letter dated 3/11/04** | 3/14/04 | **Privileged waived by disclosure of Houck's 5/16/06 letter. Also not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel.** |
| 5.  | NEW00062 | Email correspondence from VKP to Akin, Luft, Houck cc: Paul Cottrell | 3/5/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If it continues to be withheld, need further description of the document. |
| 6.  | NEW00063 | Correspondence from Luft to Houck and Dombrowski re: surety's reservoir visit | 3/5/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. Also not protected by attorney work product. There is no indication that the document was prepared by or for |

2

A-48

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | | | counsel or at the direction of counsel. |
| 7. | NEW00064-NEW00067 | Correspondence to Luft from Houck re: recommendation to Extend URS Construction Phase Services Contract and Assistance with legal claims | 2/27/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. There is also is no joint defense privilege per the Court's ruling. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document |
| 8. | NEW00068-NEW00082 | Proposal to Dombrowski from URS re: Claims dispute assistance, Bidding Assistance and Extension of Construction Phase Services | 2/25/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. There is also is no joint defense privilege per the Court's ruling. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If |

3

A-49

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | | | continues to be withheld, need further description of the document |
| 9. | NEW00083-NEW00097 | Correspondence to Luft from Houck re: URS proposal | 12/29/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. There is also is no joint defense privilege per the Court's ruling. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document |
| 10. | NEW00098 | Construction Project Report prepared by George Sarris re: budget for all capital projects | 2/27/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. To the extent this document references the Reservoir project, it is relevant. Privileged waived by disclosure of Houck's 5/16/06 letter. |

4

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| 11. | NEW000105 | Luft's handwritten notes of Executive Session | 2/25/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 12. | NEW00106 | Correspondence to Mayor and Council Members from Akin re: Executive Session Minutes cc; Luft, Lamblank, Houck, Cottrell | 2/20/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. |
| 13. | NEW000107 | Correspondence to City Secretary from Akin re: Executive Session Minutes cc: Luft | 2/14/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. |
| 14. | NEW00110 | Correspondence to Houck and Dombrowski from Luft re: Akin's opinion on re bidding cc: Akin, Sarris | 2/17/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document |
| 15. | NEW00011 | Luft's handwritten notes re: meeting with Akin | 2/17/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues |

5

A-51

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 16. | NEW00117-NEW000126 | Correspondence to Luft from Akin re: retention of new contractor for completion of reservoir cc: Houck, Dombrowski, Sarris, Lamblack, Cottrell | 2/16/04 | to be withheld, need further description of the document. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 17. | NEW00128 | Correspondence to Godwin and Council from Luft re: termination cc: Houck, Dombrowski, Sarris, Akin, Cottrell | 2/11/06 | Privileged waived by disclosure of Houck's 5/16/06 letter. |
| 18. | NEW00129-NEW00131 | Correspondence to Akin from Dombrowski and Houck cc: Luft | 2/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 19. | NEW00132 | Luft's handwritten notes re: termination and Akin's opinion | 2/10/04 | Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the document was prepared |

6

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 20. | NEW00140-NEW00142 | Luft's handwritten notes marked "Confidential" re: strategy | 2/5/04 | by or for counsel or at the direction of counsel.<br><br>**Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel.** |
| 21. | NEW00144-NEW00145 | Correspondence to Godwin and Council Members from Luft re: termination of contractor; Houck, Dombrowski, Sarris, Akin, Cottrell | 2/5/04 | **Privileged waived by disclosure of Houck's 5/16/06 letter.** |
| 22. | NEW00146 | Houck's notes re: Durkin's desire to complete project (written months after litigation commenced) | No date | Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 23. | NEW00147 | Correspondence to Sarris from Luft re: additional costs; cc: Akin, Houck, Dombrowski | 2/4/04 | **Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the** |

7

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 24. | NEW00151 | Luft's handwritten notes of the Executive Session | 2/2/04 | document was prepared by or for counsel or at the direction of counsel |
|     |           |             |        | Privileged waived by disclosure of Houck's 5/16/06 letter. Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 25. | NEW00207 | Correspondence to Luft from Kalbacher re: executive session | 1/26/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document |
| 26. | NEW00208 | Correspondence to Godwin and Members of Council re: advice from TCL cc: Cottell, Akin, Houck, | 1/23/04 | May contain comments regarding substance of case which were waived by |

8

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | Dombrowski, Sarris | | disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 27. | NEW00209-NEW00210 | Correspondence to Luft from Houck re: surety's engineer | 2/23/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 28. | NEW00225 | Correspondence to Godwin and Members of Council marked "Confidential" re: contract dispute (duplicate) | 1/23/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues |

9

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | | | to be withheld, need further description of the document. |
| 29. | NEW00226-NEW00227 | Correspondence to Luft from Houck re: surety's engineer | 1/23/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 30. | NEW00242-NEW00244 | Luft's handwritten meeting notes re: meeting with TCL, Akin and URS | 1/22/04 | There is no joint defense privilege based on the Court's ruling. Also may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 31. | NEW00245 | Correspondence from TCL to Houck | 1/20/04 | There is no joint defense |

10

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | cc: Akin, Voeller | | privilege based on the Court's ruling. Also may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 32. | NEW00246-NEW00246A | Correspondence to Godwin and Council from Luft re: meeting held on 12/9/03 cc: Akin, Cottrell, Houck, Sarris, Dombrowski | 12/9/03 | Privileged waived by disclosure of Houck's 5/16/06 letter. |
| 33. | NEW00247 | Luft's notes on email from TCL | 1/16/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 34. | NEW00249 | Correspondence to Houck, | 1/6/04 | Not protected by attorney |

11

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | Dombrowski and Sarris from Luft re: budget for URS services | | work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 35. | NEW00266 | Fax cover sheet from TCL to Houck and Akin | 6/1/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 36. | NEW00268 | Houck's handwritten notes re: information from Vicky | 5/24/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |

12

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 37. | NEW00268.1 | Correspondence to Funk and Council from Luft re: litigation cc: Akin, Houck, Dombrowski, Sarris, Fogg | 5/21/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 38. | NEW00269-NEW00269A | Draft letter by Luft to Council and Mayor with notes | 5/24/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 document. If continues to be withheld, need further description of the document |
| 39. | NEW00270-NEW00271 | Email from Luft to Senneway re: recommendation for expert for reservoir litigation | 3/29/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments |

13

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | | | regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 40. | NEW00275 | Correspondence to Houck and Dombrowski from Luft re: rebid cc: Akin | 5/18/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 41. | NEW00281 | Memo from Carol to Carl regarding installation of "no trespassing signs" at site | 5/13/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. |
| 42. | NEW00282-NEW00283 | Email from Voeller to Houck cc: TCL re: attached email from Linter | 5/13/04 | Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of |

14

**A-60**

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | | | case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 43. | NEW00284 | Correspondence to Houck from Akin re: reservoir completion cc: Luft, Sarris, Dombrowski | 5/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 44. | NEW00286-NEW00289 | Correspondence to Houck from Voeller regarding re-bidding costs cc: Dombrowski, Lintner, James, Hitchens &Williams LLP, Petrone, Kula, Prouty, Zamensky | 5/5/04 | There is no joint defense privilege based on the Court's order. Not protected by attorney work product. There is no indication that the document was prepared by or for counsel or at the direction of counsel. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |

15

A-61