| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | | | substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 151. | NEW10876-NEW10877 | Email to Calabria from TCL with leak rates | 5/12/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 152. | NEW10878 | Letter to Calabria from TCL with documents enclosed for review | 5/1/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 153. | NEW10879 | Email to Calabria from TCL re: clarification on leak rate | 5/10/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may |

48

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| | | | | contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 154. | NEW10880-NEW10881 | Email to Calabria from TCL re: URS comments on leak rate and phreatic surface | 5/10/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 155. | NEW10882 | Letter to Calabria from TCL with documents enclosed for review | 4/29/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 156. | NEW10883-NEW10889 | Fax to TCL from Calabria with Preliminary Report attached | 4/28/04 | Not protected by the attorney client privilege. Calabria is |

49

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
|     |           |             |      | not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 157. | NEW10890-NEW10891 | Email to TCL from Calabria re: contract with Geosystems | 4/19/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. |
| 158. | NEW10892 | Email to TCL from Calabria re: commencement of review | 4/13/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. |
| 159. | NEW10893 | Email to TCL from Calabria re: status of engagement | 4/12/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If |

50

A-96

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| 160. | NEW10894-NEW10897 | Letter to Calabria from TCL re retaining the services of GeoSystems | 4/6/04 | continues to be withheld, need further description of the document. Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 161. | NEW10898 | Email to TCL from Calabria re professional services agreement | 3/22/04 | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 162. | NEW10899-NEW10936 | GeoSystems Agreement and Curriculum Vitae | | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of |

51

A-97

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | | | Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 163. | NEW10937-NEW10974 | GeoSystems Agreement and Curriculum Vitae | | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 164. | NEW10975-NEW10977 | Three CD's containing July 9, 2004 report | | Not protected by the attorney client privilege. Calabria is not a "client". Also, may contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 165. | NEW11038-NEW11047 | Memo to Luft from Akin cc: Houck, Dombrowski, Sarris, Lamblack, Cottrell regarding retention of new contractor for completion of the | 2/16/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's |

52

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| | | reservoir | | 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 166. | NEW11048-NEW11050 | Letter to Akin from Dombrowski and Houck cc: Luft re his opinion on waiving the bid process to complete the reservoir project | 2/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 167. | NEW11052 | Memo to Mayor Godwin and Council from Luft cc: Akin, Cottrell, Houck, Dombrowski, Sarris re Durkin's failure to respond to the termination letter | 2/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 168. | NEW11053-NEW11055 | Letter to Akin from Dombrowski and Houck cc: Luft re his opinion on waiving the bid process to complete the reservoir project | 2/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 169. | NEW11056-NEW11057 | Letter to Akin from Luft cc: Athey, Sarris and Houck regarding Athey's involvement in the lawsuit | 4/12/04 | May contain comments regarding substance of case which were waived by |

53

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| 170. | NEW11060 | Memo to Mayor and Mayor elect and Council from Luft cc: Akin, Houck, Dombrowski and Sarris re: URS report | 4/15/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 171. | NEW11064-NEW11067 | Memo to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris re update on reservoir litigation | 4/14/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 172. | NEW11068-NEW11072 | Memo to Sarris from Akin re cost of litigation cc: Luft and Houck, copy of letter from PC to Akin with TCL invoice attached | 8/3/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |

54

| No. | Bates No. | Description | Date | Comment |
|---|---|---|---|---|
| 173. | NEW11073-NEW11074 | Memo to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris re re bidding process required to replace Durkin | 8/11/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 174. | NEW11075-NEW11079 | Memo to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris re reservoir litigation and personal liability issues | 8/16/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 175. | NEW11080-NEW11081 | Letter to Semple from Akin cc: Luft, Houck, Dombrowski, Sarris and Cottrell re Newark City Council Meeting 4/26/04 | 4/20/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 176. | NEW11082-NEW11083 | Letter to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris, Cottrell re reservoir status update | 9/1/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues |

55

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 177. | NEW11084-NEW11085 | Letter to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris, Cottrell re reservoir status update | 8/25/04 | to be withheld, need further description of the document. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 178. | NEW11086-NEW11111 | Letter to TCL from Voeller cc: Houck, Dombrowski, Frobel, Kula, Bowen, and Volk re notice or repair with letters attached | 4/20/04 | There is no joint defense privilege under the Court's order. May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 179. | NEW11114-NEW11116 | Memo to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris, Cottrell re new litigation concerning the reservoir | 3/18/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |

56

| No. | Bates No. | Description | Date | Comment |
|-----|-----------|-------------|------|---------|
| 180. | NEW11117-NEW11120 | Memo to Mayor and Council from Akin cc: Luft, Houck, Dombrowski, Sarris, Cottrell re reservoir litigation and related issues | 4/1/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |
| 181. | NEW11121-NEW11123 | Draft press release "City of Newark Responds to Reservoir Lawsuit" w/ fax cover sheet to TCL from Houck | 4/5/04 | May contain comments regarding substance of case which were waived by disclosure of Houck's 5/16/06 letter. If continues to be withheld, need further description of the document. |

57

A-103

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | |
| CITY OF NEWARK, et al., | ) ) | |
| Defendants | ) ) | |
| and | ) ) | C.A. No. 04-163 GMS |
| CITY OF NEWARK, et al., | ) ) | |
| Third-Party Plaintiff | ) ) | |
| v. | ) ) | |
| DONALD M. DURKIN CONTRACTING, INC., AND FEDERAL INSURANCE COMPANY, | ) ) ) ) | |
| Third-Party Defendants | ) ) | |

## ORDER

WHEREAS, on September 5, 2006, the court held a pretrial conference, during which oral argument was heard on Federal Insurance Company's motion in limine (D.I. 213) to compel the production of privileged documents based upon the City of Newark's waiver of privileged communications from Carol Houck;

WHEREAS, the court has considered the parties' arguments and timely submissions (D.I. 213, 223, 224) on the topic;

WHEREAS, the court held on September 5, 2006, that the May 16, 2006 correspondence

from Ms. Houck to Mr. Cottrell, counsel for the City of Newark, was not an affidavit but a disclosure that constituted a subject-matter waiver of an attorney-client privileged communication;

WHEREAS, it is the court's understanding that the parties' have failed to reach an agreement regarding the scope of waiver;

WHEREAS, the court finds that the following disputed topics fall within the scope of waiver:

(a)    communications concerning the allegation of Durkin's "failure to proceed" (May, 16, 2006 Correspondence, page 2)

(b)    communications concerning the allegation that Durkin "failed to follow the direction of the engineer" (May 16, 2006 Correspondence, page 3)

(c)    communications concerning the allegation that Durkin "would not complete the project at the price it bid" (May 16, 2006 Correspondence, page 3)

(d)    communications concerning the statement that the City of Newark "worked to address concerns" (May 16, 2006 Correspondence, page 3)

(e)    communications concerning the statement that the City of Newark "paid on time" (May 16, 2006 Correspondence, page 3)

IT IS HEREBY ORDERED that:

Federal Insurance Company's motion to compel (D.I. 213) is GRANTED.


                                        /s/ Gregory M. Sleet
Dated: September 12, 2006               UNITED STATES DISTRICT JUDGE

**From:** David T. Bolger [mailto:DBolger@PowellTrachtman.com]
**Sent:** Wed 9/6/2006 2:14 PM
**To:** Paul Cottrell
**Cc:** Vicky Petrone; Paul A. Logan; Kingsley, Patrick; Burkholder, David; James S Green
**Subject:** FW: Durkin v. Newark

Paul - mindful of the Judge's charge to us and the limited time before trial, we have gone through the latest iteration of your privilege log and identified, at a minimum, those documents that are within the ambit of topics recited in Ms. Houck's letter, and that we believe must now be produced.  In addition, as Pat pointed out in an earlier e-mail to Vickie, this privilege log is quite dated, and since the date of the letter is May 2006 letter, we are certainly interpreting the Court's instruction to include all materials up through that date be produced as well.

As for the attachment, we have also taken the time to identify where claimed basis(es) of privilege for documents previously identified have either no proper claim of privilege, and/or there is insufficient information to enable us to ascertain the existence or manner of any privilege.  Accordingly, if your intent is to withhold any of the documents where we indicate that more information is required to evaluate the claimed privilege, you will need to provide further specificity as to the nature and content of the document for proper analysis of whether it is within the class of material for which privilege has been waived.

**_Also, please do not interpret this e-mail as limiting the scope of our request to the categories of documents contained in the discovery requests and/or in the privilege log, as updated through 05/16/2006, but to include any documents in the possession of the City, its agents, employees and attorneys that fall within the categories enumerated and listed in Dave Burkholder's e-mail below._**

I am available, and I believe either Pat or Dave Burkholder are available, today and tomorrow to discuss this to work out any disagreements.  If by noon tomorrow we cannot agree upon the scope and timing of the documents to be made available, I will contact the Court to set up a conference call for Friday or as soon as the Judge is available and submit the attached log and this e-mail as a point of departure for an appropriate order.

David T. Bolger

*Powell, Trachtman, Logan, Carrle & Lombardo, P.C.*
*475 Allendale Road, Suite 200*
*King of Prussia, PA  19406*
*(610) 354-9700, x131*
*(610) 354-9760 fax*

**A-106**

9/21/2006

*(610) 304-7398 mobile*
*dbolger@powelltrachtman.com*
*www.powelltrachtman.com*

*114 North Second Street, 5th Floor*
*Harrisburg, PA 17101*
*(717) 238-9300, x704*
*(717) 238-9325 fax*

U.S. Treasury Circular 230 Notice: We inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service. In addition, if any such tax advice is used or referred to by other parties to promote, market, or recommend any transaction or investment, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

*DISCLAIMER: This communication, along with any documents, files or attachments, is intended only for the use of the addressee(s) and may contain privileged or confidential information. If you are not the named addressee(s), you are hereby notified that any dissemination, distribution, copying or other use of any information contained in this electronic transmission is strictly prohibited. If you have received this electronic communication in error, please notify the sender immediately by reply to this electronic message and destroy the original communication and all attachments without reading, printing or saving any of the information in any manner. Thank you.*

-----Original Message-----
**From:** Burkholder, David [mailto:DBurkholder@STRADLEY.COM]
**Sent:** Wednesday, September 06, 2006 1:45 PM
**To:** Kingsley, Patrick
**Cc:** David T. Bolger; Paul A. Logan
**Subject:** Durkin v. Newark

The City waived the privilege on documents relating to the following subjects (as outlined in Durkin's answering brief):

(1) the basis and substance for Houck's alterations of her deposition testimony;
(2) discussions/documents concerning the City or Houck's contention that Mr. Kingsley was misleading the Court;
(3) requirements or lack of requirements for City Council to agree in advance to the termination of Durkin;
(4) the "general policy of City Manager Carl Luft to inform and receive support from Council of such important decisions" (May 16, 2006 Correspondence, page 2);

(5) the fact that the February 2, 2004 vote proceed in the fashion of most votes of Council;
(6) discussions/documents concerning the fact that "Council's direction is certainly important [but] it may take weeks or even months to completely fulfill their wishes" (May 16, 2006 Correspondence, page 2);

(7) discussions/documents concerning the fact that Council relies on City staff to follow through "with the appropriate forms, agreements, … often associated with the direction" (May 16, 2006 Correspondence, page 2);

(8) discussions/documents concerning the fact that Council are likely not aware of most of the steps required to enact their direction;

9/21/2006

(9) discussions/documents concerning the allegation of Durkin's "failure to proceed" (May 16, 2006 Correspondence, page 2);

(10) discussions/documents concerning the allegation that Durkin failed to follow the direction of the engineer (May 16, 2006 Correspondence, page 3);

(11) discussions/documents concerning the allegation that Durkin would not complete the project at the price it bid (May 16, 2006 Correspondence, page 3);

(12) discussions/documents concerning the allegation Federal neglected its responsibility (May 16, 2006 Correspondence, pages 2-3);

(13) discussions/documents concerning the allegation that the City was a "good owner" to Durkin (May 16, 2006 Correspondence, page 3);

(14) discussions/documents concerning the City working to address Durkin's concerns (May 16, 2006 Correspondence, page 3);

(15) discussions/documents concerning the City allegedly paid Durkin on time (May 16, 2006 Correspondence, page 3);
(16) discussions/documents concerning the allegation that "nothing short of an open checkbook would have kept this group on our site working" (May 16, 2006 Correspondence, page 3).

**David M. Burkholder, Esquire**

Stradley Ronon Stevens & Young, LLP
30 Valley Stream Parkway

Malvern, PA 19355-1481
610.640.5807
610.640.1965 fax

www.stradley.com

U.S. Treasury Circular 230 Notice:  We inform you that, unless expressly stated otherwise, any U.S. federal tax advice contained in this communication, including attachments, is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding any penalties that may be imposed on such taxpayer by the Internal Revenue Service.  In addition, if any such tax advice is used or referred to by other parties to promote, market, or recommend any transaction or investment, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addressed in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

This electronic mail message, and any attachments transmitted with it, contain confidential information, intended only for the named addressee(s).  If you are not the intended recipient or the person responsible for delivering this e-mail to the intended recipient, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited.  If you have received this e-mail in error, please immediately notify the sender by reply e-mail, and delete all copies of this communication from your computer and network.  Thank you.

A-108

## Vicky Petrone

| | |
|---|---|
| **From:** | "Vicky Petrone" <V.Petrone@lawtcl.com> |
| **To:** | "Roger Akin" <raa@rabhlaw.com>; "Carol Houck" <chouck@newark.de.us> |
| **Cc:** | "Paul Cottrell" <p.cottrell@lawtcl.com> |
| **Sent:** | Monday, December 29, 2003 2:39 PM |
| **Attach:** | Durkin01.doc |
| **Subject:** | Payment issues |

Carol-

   Please find the attached draft of the letter we discussed earlier, which is notice to Durkin that you are withholding payment.  We're doing this in case the money is needed to complete the contract.   Have a happy new year!

Vicky

A-109

**NEW 16298**

12/29/2003

December 29, 2003

Donald M. Durkin, Jr.
Donald M. Durkin Contracting, Inc.
1310 Industrial Blvd., Suite 201
Southampton, PA 18966

Dear Mr. Durkin:

Although URS has approved your invoices x, y and z, for the amounts of 1, 2, and 3, the City of Newark provides this written notice that it is withholding payment in accordance with General Conditions of the Contract Paragraphs 14.7.8, 15.2.1 and 15.2.4.

Very truly yours,

Carol Houck

cc:    Ellen Cavallaro, Chubb & Sons
       Carl Luft, City of Newark
       Joseph Dombrowski, City of Newark
       Roger Akin, City of Newark
       Joe Kula, URS Corporation
       Mark Prouty, URS Corporation
       Jill Voeller, URS Corporation
       Paul Logan, Esquire
       Victoria K. Petrone, Esq.

A-110

NEW 16299



**NEWARK**
DELAWARE

220 Elkton Road / P.O. Box 390 / Newark, Delaware 19715-0390 / Direct Dial 366-702

DATE: _2/5/04_

TO: _Paul Cottrell_

COMPANY: _Tighe, Cottrell & Logan_

FAX NUMBER: _658-9836_

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

FROM: _Carol Houck_           FAX NUMBER: _(302) 366-7160_

DEPARTMENT: _Admin_

# OF PAGES: _2_
(including cover sheet)

COMMENTS: _Paul —_
_Here goes!_
_Roger has reviewed and_
_helped make additions._

_Call if you don't understand_
_or can't read._

_Carol_
_366-7020_

A-111

# TIGHE, COTTRELL & LOGAN, P.A.

### Attorneys at Law
### FIRST FEDERAL PLAZA
### P.O. BOX 1031
### WILMINGTON, DELAWARE 19899

Telephone Number: (302) 658-6400
Telecopier Number: (302) 658-9836
EMAIL: p.cottrell@lawtcl.com

BRANCH OFFICES:
19 WEST AVE.
WOODSTOWN, NJ 08098
856-769-0211

1220-C EAST JOPPA ROAD
SUITE 550
TOWSON, MD 21286
410-539-7341

2017 SPRING GARDEN STREET
PHILADELPHIA, PA 19130-3804
215-564-0101

**VIA FACSIMILE & REGULAR MAIL**          February 4, 2004

Ms. Ellen Cavallaro              Paul Logan, Esq.
Chubb & Son                      Powell, Trachtman, Logan
15 Mountain View Road            475 Allendale Road, Suite 200
Warren, NJ 07059                 King of Prussia, PA 19406

Re:    City of Newark Reservoir/Our File No. 6606

Dear Lady and Gentleman:

In response to Tuesday's termination letter, I received a call from Paul Logan on Wednesday in which he claimed that Durkin has not refused to complete the contract as per design. This contradicts what we have been hearing for months. However, I have reviewed this latest representation with the City of Newark and I am authorized to advise that, if Paul or Durkin will state in writing that Durkin is willing to complete the project "as per design," *and within what time frame and what conditions* we will agree to suspend the effective date of the termination letter for an additional seven days (meaning termination will be effective on Tuesday, February 17) so that we can meet in the interim to discuss how Durkin intends to complete the project. Concerns stated in our December 12 letter will serve as the agenda but further discussion as to whether Durkin believes the project can be built as per design will not be part of the agenda.

*In the event that we receive the aforementioned written notice* ~~I have already reviewed the availability of~~ our representatives *are available to* meet on Thursday, February 12 in the morning, Saturday, the 14th, or Monday, the 16th. We propose to meet in Newark as before and as early as possible. Please advise.

Very truly yours,
TIGHE, COTTRELL & LOGAN, P.A.

By: _____
Paul Cottrell

cc:    Carl Luft, Carol Houck, George Sarris & Joe Dombrowski/City of Newark
       Roger Akin, Esq., City Solicitor
       Joe Kula, Mark Prouty & Jill Voeller, URS Corporation
       Donald M. Durkin, Jr., Donald M. Durkin Contracting, Inc.

A-112

NEW 16307



**NEWARK**
DELAWARE

220 Elkton Road / P.O. Box 390 / Newark, Delaware 19715-0390 / **Direct Dial** 366-7020

DATE: _____4/5/04_____

TO: _____Vicky_____

COMPANY: _____T. C. & J._____

FAX NUMBER: _____9- 658-3492_____

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

FROM: _____Cerol_____          FAX NUMBER: _____(302) 366-7160_____

DEPARTMENT: _____Admin_____

# OF PAGES: _____1_____
(including cover sheet)

COMMENTS: _____Also_____
I had forgotten the info. In
the Dam safety review. It should
prove interesting to the surety.
Let me know if that document
didn't get there yet.

Thanks — Carol

A-113

*Fax (630) 886 Vickey*
*658-3492*

4/12/04 Press Release

<u>City of Newark Responds to Reservoir Lawsuit</u>

Following failed attempts to keep construction underway, Newark was forced to terminate its contract with its reservoir contractor, Donald M. Durkin Contracting, Inc., in January of this year. Durkin consistently refused to continue construction efforts. Efforts were made to assist Durkin, including providing the locations and design information for similarly constructed facilities, recommendations for protection for Durkin's completed work and consideration of design enhancements. However, Durkin provided pricing of design enhancements at twice the cost estimated by the City's engineer, URS Corporation. URS has considered and responded to each of Durkin's concerns regarding safety and design criteria. Although Durkin's lawsuit discusses design "modifications," no substantial changes have been made ~~from the original design approved by Newark and sealed by URS~~. During design development, up to 67 possible options based on 6 different footprints were considered. The design Durkin reviewed, bid on, and contracted to build was selected as the best combination of safety, storage capacity, limited environmental impact, constructability, as well as operation and maintenance over the life of the facility. Additionally, the liner system, the design of which has been questioned by Durkin, was incorporated to limit loss of supply, not for safety reasons. Newark's site-specific soil material meets qualities acceptable for non-lined reservoirs, which is typical construction across the country.

*Since Durkin submitted his bid on plans approved by Newark and sealed by URS.*

The reservoir, as designed, is safe and constructable. The design engineer, URS Corporation, is one of the nation's premier firms and one with extensive experience designing hundreds of dams. The current design has been peer reviewed and approved and ~~voluntary~~ underwent a dam safety review as an added level of quality and safety assurance. The current design was certified as "consistent with the accepted state-of-the-art practice criteria for dam safety and in conformance with the dam safety requirements of adjoining Mid-Atlantic states." Delaware does not have dam safety requirements.

*Voluntarily*

Newark is committed to completing reservoir construction and hopes for completion in early 2005. City officials are working closely with ~~legal counsel~~ to ensure Newark's water supply needs and the safety of its citizens are well served.

*experts*

*The City fully intends to seek reimbursement for the additional costs of construction, design review, and legal and court costs from the contractor and their surety company.*

NEW 16323

A-114

## CITY OF NEWARK
## DELAWARE

### September 2, 2004

**TO:**       Carl F. Luft, City Manager

**FROM:**   Vance A. Funk, III, Mayor

**SUBJ:**    Reservoir


    In talking to five out of the six City Councilmen over the past few days, it appears that all of us agree that any major decision made by the City regarding the reservoir should be made with our advice and consent. If this requires calling a special meeting or any other discussion form that you are aware of, please let me know quickly so that I can consult with my fellow Councilmen.

VAF,III:pmf


A-115


NEW 16331

**CITY OF NEWARK**
Delaware

January 23, 2004

TO:        Carl F. Luft, City Manager

FROM:     Carol S. Houck, Assistant Administrator

SUBJ:     Attached Reports Regarding Reservoir Project/Durkin Contract Dispute

As you know, last November, because of disputes with our contractor Donald M. Durkin, we notified his surety that we were considering declaring him in default of our contract. This resulted in the hiring of special legal counsel who presided over a meeting December 9, 2003 between City representatives, Durkin representatives, Roger Akin and a surety (CHUBB Insurance) representative. The meeting concluded with the surety stipulating their intent to hire an "independent" engineer to review the current design of our reservoir.

On Wednesday, January 21, after several missed deadlines, we received a faxed response from the surety. This report is attached and without doubt, at face value, disappointing. Its receipt quickly resulted in a conference call between URS, City representatives and legal counsel. Additionally, a meeting was held on January 22, 2004 with the same individuals.

You will also note the attached correspondence from URS, which serves as their immediate response to the surety's report. It will be followed in a week or so with a more detailed report.

To begin, it is important to understand that the surety's engineer was clearly not "independent." Although the surety's engineer states his opinion that the reservoir design is not constructible, it was at most a conceptual review. The engineer retained by the surety made no site visit and had little or no site specific details or calculations. Nor were any information or test results requested of URS. While this report certainly meets the needs of the surety and Durkin, it was tailored to do so and should only be considered cursory and, in my opinion, irresponsible. Without extensive detail of site specific testing and calculations, the Richardson and Associates report serves only to confuse the issue at hand. The fact remains that other such facilities have been built with quite similar designs, methods and materials. Additionally our engineering firm URS remains committed and ready to demonstrate its commitment to the City and the surety.

NEW00209

A-116

Carl F. Luft
Page 2
January 23, 2004

I have attempted to clearly represent the current status of our dispute with Donald M. Durkin as well as the attached reports. If you require additional information, please do not hesitate to let me know.

CSH/bk

A-117

NEW00210

**CITY OF NEWARK**
Delaware

December 9, 2003

TO:      Mayor Harold F. Godwin
         Members of City Council

FROM:    Carl F. Luft, City Manager

SUBJ:    Water Reservoir Meeting

We had a major meeting this morning with all companies and people involved in the dispute over the construction of our water reservoir. These included Paul Cottrell and Vicky Petrone from Tighe, Cottrell & Logan (our attorneys in this matter), URS, Roger Akin, me and staff, Durkin Construction Company, their attorney and engineering consultant, and a representative from the surety bonding company. Needless to say, it was a large contingent.

Unfortunately, we made little progress as the contractor essentially put us on notice that they intend to do nothing more in the way of safety, protection or construction, until such time the impasse on the liner issue is settled, at least in their opinion. Each "side" explained their positions in front of the surety representative. It is clear that Durkin Construction Company disagrees with the methods designed by URS for construction of the lower part of the liner. The meeting did nothing to change the degree of disagreement.

Following the meeting, we met with our representatives to discuss where we go from here. Paul Cottrell will write a letter to Federal Insurance Company, the surety, bringing them up to speed on the rationale behind our design. We will offer to help the surety company identify independent engineering consultants to provide another look and second opinion about the URS design procedures and criteria.

At the same time, URS will undergo some additional tests and samples to determine if the integrity of the reservoir base has diminished any since Durkin has slowed down and essentially stopped working. In addition, our attorneys have directed URS to account carefully for their time and services related to this dispute as a result of Durkin's breach of the current contract.

In summary, we still claim that Durkin is not performing the contract as specified and continue to support the URS design itself. Our attorneys have reviewed much of the correspondence and contract documents, and find nothing to lead us to believe otherwise.

NEW00246

Mayor and City Council
Page 2
December 9, 2003

Mr. Cottrell intends to put this on a fast track and encourage future actions by the surety company in the immediate weeks ahead. I will report back with anything further as the issue continues and develops. Please do not hesitate to contact me if you have any questions.

CFL/mp

c:     Roger A. Akin, City Solicitor
       Paul Cottrell, Attorney
       Carol S. Houck, Assistant Administrator
       George L. Sarris, Finance Director
       Joseph A. Dombrowski, Water & Wastewater Director

NEW00246 A

First Federal Plaza
Suite 500
Wilmington, DE 19899
302.658.6400
302.658-9836 Fax

# TIGHE, COTTRELL & LOGAN, P.A.

# Fax

| To: | Carol Houck (for City of Newark distribution) | From: | Vicky Petrone |
|---|---|---|---|
| **Fax:** | 366-7160 | **Pages:** | 13 |
| **Phone:** | | **Date:** | 1/20/2004 |
| **Re:** | City of Newark | **CC:** | Roger Akin / 655-3697 |
| | | | Jill Voeller / 791-0708 (for URS distribution) |

● **Comments:**

Please find the following report from the Surety and the independent engineer.

I direct your attention to Paragraph 3 of the letter from the Surety, in which she states that the Surety is under no obligation to take action. This is correct. The Surety's obligation arises after 1) the Surety is notified regarding a default and 2) after meeting with the Surety, declaring a default and terminating the contract. You satisfied step 1 in November. We have not formally taken step 2 since we were waiting for this report. On Thursday we can discuss this option.

The pages comprising this facsimile transmission contain confidential information from either this law firm or client. This information is intended solely for use by the individual entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we may arrange to retrieve the transmission at no cost to you.

**NEW 16304**

## CITY OF NEWARK
Delaware

February 5, 2004

### C O N F I D E N T I A L

TO:      Mayor Harold F. Godwin
         Members of City Council

FROM:    Carl F. Luft, City Manager

SUBJ:    Reservoir Construction Project

We have a new development regarding the reservoir construction matter. I want to keep you informed as best as possible although exigencies will arise without notice and legal and administrative issues on the case could change daily.

On Tuesday, we filed termination notices with both Durkin Construction Company and the surety. Yesterday, our attorney Paul Cottrell was contacted by Durkin's lawyer who said they did not necessarily intend to stop the job. This surprised us all.

I met earlier today with our team to discuss and decide on a new strategy, if need be. As far as I am concerned, the termination still stands unless the City receives certain significant concessions, assurances and conditions on which we can all agree. Indeed, the actions of the contractor have severely impacted our working relationship and trust.

Nevertheless, since the contractor has asked the City to reconsider, in good faith, we will listen to their concerns. We will, however, let them know that we are on a very tight schedule for this project.

Michele Besso of the News Journal requested a meeting with me to allow for an explanation of our terminating Durkin. This was set up for today, however I have canceled our meeting due to the recent contact. We should wait and see how this recent communication plays out.

We made a good move to terminate Durkin. We are unclear about this change in posture. Perhaps the surety strongly suggested, for business and financial purposes, that Durkin return and complete this job. Bottom line, we intend to continue the termination action until we ascertain more reliable information from the contractor's side of the table.

NEW00144

A-121

Mayor and City Council
Page 2
February 5, 2004


One note on the media. I strongly suggest any media questions be directed to me or Roger Akin on this matter. Please do not hesitate to contact me if you have any questions.

CFL/mp
c:    Roger A. Akin, City Solicitor
      Paul Cottrell, Esquire
      Carol S. Houck, Administrative Assistant
      George L. Sarris, Finance Director
      Joseph A. Dombrowski, Water & Wastewater Director

NEW00145