IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

## **PRELIMINARY JURY INSTRUCTIONS [CIVIL CASE]**

**INTRODUCTION**

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.

**THE PARTIES AND THEIR CONTENTIONS**

Before I begin with those instructions, however, allow me to give you an overview of who the parties are and what each contends.

The parties in this case are the plaintiff, Donald M. Durkin Contracting, Inc., the defendants the City of Newark, Harold R. Godwin, John H. Farrell IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborn, Jr. and Christina Rewa, the third party defendant URS Corporation, and an intervening party St. Paul Fire and Marine Insurance Company.

KOP:350581v1 3514-04                                1

In this case, Donald M. Durkin Contracting, Inc. claims that: (1) the City of Newark breached a contract that the City of Newark had with it; (2) the actions of the City of Newark, Mayor Godwin, and Councilpersons Farrell, Clifton, Kalbacher, Athey, Osborne and Rewa (who I will simply and collectively refer to as "the Councilpersons") violated its civil rights; (3) the City of Newark and the Councilpersons intentionally interfered with its contractual relationships; (4) City of Newark and the Councilpersons defamed it; (5) the City of Newark converted its property; (6) the City of Newark made false and fraudulent misrepresentations to it; and (7) the City of Newark engaged in and continues to engage in a conspiracy to violate Donald M. Durkin Contracting, Inc.'s rights.

The City of Newark and the Councilpersons deny the allegations in all of those claims, and claims that Durkin is not entitled to recovery any damages.

[Note: the City of Newark contends that its counterclaim remains despite the Court's ruling that granted Durkin's motion for partial summary judgment on the breach of contract claims. Durkin disagrees with that position, and therefore there is no instruction pertaining to the City of Newark's counterclaim against Durkin.]

The City of Newark has also a Third Party Claim against URS Corporation, Inc. ("URS"). URS denies those claims.

In the Third Party claim against URS, the City of Newark claims that if Durkin prevails against the City of Newark on any of its claims, URS should be ordered to pay a portion or all of the amounts of that judgment. URS denies those claims and has asserted a claim back against the City of Newark (a counterclaim) for certain fees and costs that URS claims the City of Newark agreed to pay URS in the contract between them (the City of Newark and URS). Durkin has not asserted a claim against URS.

If appropriate, you will be asked to determine the amount of money damages necessary to compensate Donald M. Durkin Contracting, Inc., the City of Newark and the Councilpersons, and URS Corporation for their claimed injuries.

### DUTIES OF THE JURY

So, let me begin with those general rules that will govern the discharge of your duties as jurors in this case.

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts to the law as I will give it to you both during these preliminary instructions and at the close of the evidence. You must follow that law whether you agree with it or not. In addition to instructing you about the law, at the close of the evidence, I will provide you with instructions as to what the claims of the patents mean. Again, of course, you are bound by your oath as jurors to follow these and all the instructions that I give you, even if you personally disagree with them. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. Also, do not let anything that I may say or do during the course of the trial influence you. Nothing that I may say or do is intended to indicate, or should be taken by you as indicating, what your verdict should be.

### EVIDENCE

The evidence from which you will find the facts will consist of the testimony of witnesses; (the testimony of witnesses consist of the answers of the witnesses to questions posed by the attorneys or the court -- you may not ask questions). Evidence will also consist of documents and

other things received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that I may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now:

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. As a general rule, the law makes no distinction between these two types of evidence, but simply requires that you find facts from all the evidence in the case, whether direct or circumstantial or a combination of the two.

**CREDIBILITY OF WITNESSES - WEIGHING CONFLICTING TESTIMONY**

You are the sole judges of each witness' credibility. You should consider each witness's means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand;

and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable. This instruction applies to the testimony of all witnesses, including expert witnesses.

### SUMMARY OF APPLICABLE LAW

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements which the parties must prove to make their case.

I will now give you a brief summary of the elements that Donald M. Durkin Contracting, Inc., the City of Newark and URS must prove to make their cases:

To recover on its breach of contract claim against the City of Newark, Donald M. Durkin Contracting, Inc. must prove that one or more terms of Donald M. Durkin Contracting, Inc.'s contract with the City of Newark have not been performed and that Donald M. Durkin Contracting, Inc. has sustained damages as a result of the City of Newark's failure to perform.

To recover for violation of civil rights against the Councilpersons, Donald M. Durkin Contracting, Inc. must prove that it was deprived of a constitutionally protected right and that the Councilpersons were acting under the color of state law when it deprived Donald M. Durkin Contracting, Inc. of the right. To recover for violation of civil rights against the City of Newark, Donald M. Durkin Contracting, Inc. must prove that the conduct of the Councilpersons was a result of the official policy of the City of Newark.

To recover for intentionally interfering with contractual relationships, Donald M. Durkin

Contracting, Inc. must prove that the City of Newark and/or the Councilpersons intentionally and improperly induced or otherwise purposefully caused a third party not to perform a contract with Donald M. Durkin Contracting, Inc. or that the City of Newark and/or the Councilpersons intentionally and improperly induced or otherwise purposefully caused a third party not to entered into a contract with Donald M. Durkin Contracting, Inc.

To recover for defamation, Donald M. Durkin Contracting, Inc. must prove that City of Newark and/or the Councilpersons defamed it with a communication that injured its reputation.

To recover for conversion, Donald M. Durkin Contracting, Inc. must prove that City of Newark appropriated materials purchased by Donald M. Durkin Contracting, Inc. but not paid for by the City of Newark.

To recover for fraud, Donald M. Durkin Contracting, Inc. must prove that City of Newark made false and fraudulent misrepresentations to Donald M. Durkin Contracting, Inc., inducing and intending Donald M. Durkin Contracting, Inc. to rely on the false and fraudulent misrepresentations to its detriment.

To recover for conspiracy, Donald M. Durkin Contracting, Inc. must prove that City of Newark had an agreement with one or more other people to violate Donald M. Durkin Contracting, Inc.'s rights and damage it.

For the City of Newark to recover on its claims against URS Corporation, the City of Newark must prove that URS Corporation is responsible for contribution or indemnity for some or all of the damages that the City of Newark is liable to Donald M. Durkin Contracting, Inc.

For URS Corporation to recover on its breach of contract claim against the City of Newark, URS Corporation must prove that one or more terms of the URS Corporation's contract with the

City of Newark have not been performed and that the URS Corporation has sustained damages as a result of the City of Newark's failure to perform.

**BURDEN OF PROOF**

As I told you during the voir dire, this is a civil case. Here the plaintiff has the burden of proving their case by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what the plaintiff claims is more likely true than not. To put it differently, if you were to put the plaintiff's and the defendant's evidence on opposite sides of a scale, the evidence supporting the plaintiff would have to make the scale tip somewhat on their side. If the plaintiff fails to meet this burden, the verdict must be for the defendant. The plaintiff must also prove their damages by a preponderance of the evidence. This same burden of proof applies to the City of Newark and URS Corporation in your evaluation of the claims they are making against each other.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That requirement does not apply to a civil case; therefore, you should put it out of your mind.

**CONDUCT OF THE JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to deliberate on your verdict, you simply are not to talk about this case. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk with you nor you with them. In this way, any unwarranted and unnecessary suspicion about your fairness can be avoided. If anyone should try to talk to you about it, bring it to the court's attention promptly.

Second, do not read or listen to anything touching on this case in any way.

Third, do not try to do any research or make any investigation about the case on your own.

Finally, do not form any opinion until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

During the trial, I will permit you to take notes. A word of caution is in order. There is always a tendency to attach undue importance to matters which one has written down. Some testimony which is considered unimportant at the time presented, and thus not written down, takes on greater importance later in the trial in light of all the evidence presented. Therefore, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence. Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial. Above all, your memory should be your greatest asset when it comes time to deliberate and render a decision in this case.

So, if you do take notes, leave them in your seat at the end of the day, and my Deputy will collect them and return them to your seat the next day. And, remember that they are for your own personal use.

I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.

**COURSE OF THE TRIAL**

This trial, like most jury trials, comes in seven stages or phases. We have already been through the first phase, which was to select you as jurors. The remaining stages are:

(1)     These preliminary instructions to you;

(2) Opening statements which are intended to explain to you what each side intends to prove and are offered to help you follow the evidence. The lawyers are not required to make opening statements at this time or they may defer this opening until it is their turn to present evidence.

(3) The presentation of the evidence which will include live witnesses and may also include previously recorded testimony, as well as documents and things;

(4) My final instructions on the law to you;

(5) The closing arguments of the lawyers which will be offered to help you make your determination; and, finally,

(6) Your deliberations where you will evaluate and discuss the evidence among yourselves and determine the outcome of the case.

Please keep in mind that evidence is often introduced somewhat piecemeal. So, as the evidence comes in, you as jurors need to keep an open mind.

We will begin shortly, but first I want to outline the anticipated schedule of the trial.

**TRIAL SCHEDULE**

Though you have heard me say this during the voir dire, I want to again outline the schedule I expect to maintain during the course of this trial.

This case is expected to take 10 days to try. We will normally begin the day at 9:00 A.M. promptly. We will go until 1:00 P.M. and, after a one hour break for lunch, from 2:00 p.m. to 4:30 P.M. There will be a fifteen minute break at 11:00 A.M. and another fifteen minute break at 3:15 P.M. The only significant exception to this schedule may occur when the case is submitted to you for your deliberations. On that day, the proceedings might last beyond 5:00 p.m. We will post a copy of this schedule for the your convenience in the jury deliberation room.