# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## TO PLAINTIFF'S MOTION FOR SANCTIONS

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

September 22, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case** **Page**

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has requested sanctions related to the City of Newark's production of documents.

## SUMMARY OF ARGUMENT

Newark produced the documents it was ordered by the Court to produce. Newark had no obligation to produce such privileged documents prior to the decision by the Court on September 12, 2006 that the privilege as to those documents had been waived. Newark had no obligation to produce documents withheld on the basis of the joint-defense privilege until that joint-defense privilege no longer applied. Finally, the undersigned counsel did not, and could not have, waived the separate privilege between Newark and its City Solicitor. Durkin's request for sanctions is drastic, outrageous and not remotely warranted by the true facts.

## STATEMENT OF FACTS

Durkin requested documents produced by Newark which were related to Carol Houck's May 16, 2006 letter. The May 16 letter was included with a brief filed by Newark to support Houck's errata sheets. The Court has since ruled that the errata sheets are inadmissible, and that production of the May 16, 2006 letter waived the attorney-client privilege, leaving the details of the waiver to be resolved by counsel. Accordingly Newark agreed to produce certain documents, and the Court subsequently entered an order requiring production of documents related to five additional topics. The Court's order was entered on Tuesday, September 12, 2006 and on Tuesday, September 19, 2006 Newark produced the required documents.

## ARGUMENT

Durkin's Motion for Sanctions focuses on three main arguments, being 1) Newark did not

earlier produce documents withheld on the basis of joint-defense privilege, 2) Newark did not earlier produce documents which were covered by the waiver, and 3) Newark did not produce documents authored by the City Solicitor Roger Akin.

As to those documents which were withheld on the basis of the joint-defense privilege with URS Corporation, Newark maintained the privilege up until the day of the Pre-Trial Conference on September 5, 2006, at which time Newark agreed to withdraw any opposition to Durkin's pending Motion in Limine to overcome the asserted privilege. As a result, documents which had previously been withheld on that basis were produced. Newark had a right to assert the joint-defense privilege and should not be sanctioned for doing so simply because the privilege was ultimately determined to not apply.

Durkin second seeks sanctions because those documents which were determined by the Court on September 12, 2006 to be waived were not produced before September 12. Durkin's argument makes no sense on its face. Newark withheld documents constituting communications between counsel and client and which either referenced or were in anticipation of litigation - this is a proper application of the privilege. The Court ruled on September 12 that documents concerning certain topics had to be produced, and they were produced. It seems Durkin wants the Court to sanction Newark for not anticipating years ago that the Court would find there had been a waiver. The duty to produce those privileged documents did not arise until the Court ordered it on September 12. Newark reviewed every single document withheld on the basis of privilege, and every single document contained in counsel's private correspondence file. **Every document which touched on the topics ordered by the Court was produced.**

It should be noted that the topics concerned the events leading up to and including

termination. The undersigned was not retained until after the now-infamous November 21 letter was written, in fact, not until December 2003 and so (as the undersigned advised counsel for Durkin) as a result there are no privileged communications pre-dating that timeframe. Durkin seems particularly outraged that there are so few documents relating to the waived topics, but candidly, there was little to say about the termination after its occurrence. Newark can't be sanctioned for brevity.

Finally, Durkin seeks sanctions because documents authored by Roger Akin, the City Solicitor, were not produced, and such documents were not produced because the waiver does not extend to Mr. Akin. Mr. Akin is separate counsel for Newark and as such any waiver between Newark and the undersigned can not and does not waive privilege between Newark and Mr. Akin. Houck's May 16 letter was written to the undersigned, not to Mr. Akin and did not concern advice to or from Mr. Akin. Mr. Akin was retained by Newark under a separate contract and as a result, there are two separate privileges. The undersigned's waiver of one does not equate to waiver of the other, and it is unclear even that Newark **could** waive privilege between Newark and its Solicitor.

Notably, the first notice that Durkin was dissatisfied with Newark's production was the filing of its Motion for Sanctions, so comments about trying to resolve the issues with Newark are disingenuous.

Nevertheless, sanctions are a drastic measure and the relief sought by Durkin is outrageous. Newark asserted privileges as was its right and to punish Newark for doing so would be patently unfair. When ordered by the Court to produce documents, Newark did so to the letter of the order. Even were the Court to find that Newark had not complied with its order, despite

its best efforts at doing so, the relief sought by Durkin is totally inappropriate. Rule 37 discusses options such as curative jury instructions and opportunity for further hearing, and judgment by default against Newark would constitute manifest injustice. The undersigned has endeavored to respond fully, as the Court has ordered a response by the end of the day, and is available at the call of the Court to respond further.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Durkin's Motion for Sanctions.

TIGHE, COTTRELL & LOGAN, P.A.


By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*