# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' OPENING BRIEF IN SUPPORT OF ITS MOTION FOR RECONSIDERATION AND REARGUMENT AND FOR LEAVE TO AMEND ITS PLEADINGS

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

September 25, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TABLE OF AUTHORITIES

**Case**                                                                                                **Page**

*Max's Seafood Café v. Quinteros*, 176 F.3d 669(3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . 5

**Other Authority**

Fed. R. Civ. P. 8(e)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 15 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark") arising out of Newark's termination of Durkin's contract. Newark filed a counterclaim against Durkin and Third-Party Complaint against Durkin's surety, Federal Insurance Company. The Court denied summary judgment to Durkin and Federal on April 5, 2006 (D.I. 132). Federal filed a *Motion for Reargument and Reconsideration*. On September 22, 2006 the Court granted Federal's *Motion for Reconsideration*, reversing its April 5, 2006 Order, and thereby granting Federal summary judgment and Durkin partial summary judgment (D.I. 257). This is Newark's *Motion for Reargument and Reconsideration and for Leave to Amend its Pleadings*.

## SUMMARY OF ARGUMENT

The Court stated in its April 5, 2006 Memorandum that "whether the content of [the November 21, 2003 letter and the February 3, 2004 letter] actually fulfilled the City's obligations is a question for the factfinder." Newark respectfully submits that this is and should still be the case, and the jury should still be permitted to consider the entire course of communication written by Newark to determine whether Durkin and Federal had sufficient and appropriate notice. Carol Houck did testify in her deposition that the November 21, 2003 letter provided notice, so too did other letters, so Newark should be permitted to present alternative theories of defense.

The Court's September 22, 2006 Memorandum finds that Newark is barred from advancing alternative theories because they were not pled. Although Newark asserts that the alternative theories have been included in the litigation and are supported by Houck's testimony, Newark now asks for leave to amend its pleadings.

## STATEMENT OF FACTS

As the Court is familiar with the facts of this litigation, Newark will not restate the entire factual background. Briefly, reference is made to the following events, evidenced by letters written by Newark which have previously been presented to the Court (copies attached at Exhibit A):

- November 20, 2003: Newark advised Durkin that it would notify its surety of default
- November 21, 2003: Newark advises Durkin and its surety of the default
- December 12, 2003: Counsel for Newark summarizes the December 9 meeting and notes that Durkin is still in default.
- December 30, 2003: Newark advises Durkin it is withholding payment pursuant to the termination provisions of the contract.
- February 3, 2004: Newark declares a default and terminates the contract.
- February 4, 2004: Newark offers Durkin additional seven days to perform.
- February 10, 2004: After receiving no response from Durkin, Newark advises that termination is thereby effective.

## ARGUMENT

Newark asserts that the November 21, 2003 letter could serve as seven-days notice, and so too could the February 3, 2004 letter. Newark sent the February 4, 2004 letter to avoid the very argument Durkin is now making, that sufficient notice was not provided. Letters were also sent on November 20, 2003 and December 12, 2003 referencing default and on December 30, 2003 referencing termination. The Court stated in its April 5, 2006 Memorandum that a factfinder could reasonably conclude that proper notice of termination was given to Durkin.

Focusing only on certain portions of Houck's testimony which were highlighted by Durkin and Federal and the errata sheets, the Court has now ruled that Newark is barred from relying on any letter but the November 21, 2003 correspondence as seven-days notice, which removes from the jury consideration of all the facts and evidence of Newark's steps to terminate Durkin.  But Houck did, prior to Federal's *Reply Brief* of March 31, 2006, testify that various letters constituted notice, not just the February 4 letter.  During the first day of her deposition on March 22, 2006 (Page 164, lines 5-9), Houck testified:

> Q.  Is it your recollection that between  December 30, 2003, and the date of termination [February 3, 2004] there was a seven-day notice given to Durkin or the surety of the intention of the City to terminate the contract?
> A.  Yes, I believe there was.

Houck testified on March 23, 2006:

> Q.  Now, between November 18, 2003, and December 30, 2003, did the City send any notice to Durkin of its intention to terminate the contract?
> A.  Yes.
> :
> Q.   Is there, to your recollection, a letter Durkin that predates February 2, 2004, that tells Durkin that they will be terminated as the contractor?
> A.  I believe it's the November letter, which I don't have in front of me.
>  :
> Q.  Now, Ms. Houck, you now have in front of you two documents, one marked Houck 20, which is a letter dated November 21, 2003; and the second one is Houck 21, which is also Bates stamped No. NEW11268, dated November 20, 2003.  Correct?
> A.  Mm-hmm.
> Q.  Other than the February 2 and February 4 -- I'm sorry, February 3 and February 4 letters, are these the only other documents that you can recall being sent to either Durkin and/or Durkin and its surety which predate the termination of Durkin that you believe constituted prior written notice?
> A.  They are the only, only letters that I recall sitting here, right here today.

(Page 254, Lines 13-16; Page 258, Lines 8 - 12; Page 259, Lines 9-22).

Also on March 23, 2006 Houck testified:

> Q.  Ms. Houck, let me go back to the correspondence.  And, to the best of your recollection, Houck Exhibits 20, 21, 22, and 23 [November 21, 2003, November 20, 2003, February 3, 2004 and February 4, 2004 letters] are the only documents that you can recall that were sent to Durkin and/or Durkin's surety regarding the City's intention to terminate the contract between Durkin and the City.   Correct?
> A.  The best that I can recall, yes, correct.
> :
> A.  Okay.  **The letter on the 21st was another notice as far as I'm concerned.**
> (*emphasis added*).

(Page 262, Lines 14-21; Page 269, Lines 23-24).

Federal and Durkin argued that Houck's errata sheets were "sham affidavits" because, in their view, her testimony pointed only to the February 4 letter as notice, when, as the excerpts above show, Houck did in fact refer to various letters and specifically to the November 21, 2003 letter.  As Newark argued in its *Answering Brief* regarding Houck's errata sheets (D.I. 171): "Carol Houck was deposed over four days, during which she was interrogated on the same topics at various times."  Houck's errata sheet to her third day of testimony reads: "[o]nce again during my deposition there were repeated references to various exhibits, out of order and with, I believe, the intent to confuse."  And in accordance with her testimony on March 22 and 23, Houck wrote of her third day of testimony on March 28: "I believe that the November 21, 2003 letter was one of the seven-day notices as were the February 3 and February 4, 2004 letters."

Houck was questioned on March 28, 2006 in the following fashion (Page 360, Lines 8 - 24):

> MR. COTTRELL:  Objection.  Objection.  She's already testified the November 21 letter met the notice requirement and the February 3 letter and the February 4 letter were the actual termination notice.
> MR. KINGSLEY:  That's not what I'm asking.
> MR. COTTRELL:  All right.
> MR. KINGSLEY:  What you just said was irrelevant.

>THE WITNESS:  All right.  I believe that this provided notice.
>MR. LOGAN:  For the record, "this" being?
>THE WITNESS:  This being, I'm sorry, Federal 5, November 21, provided notice to the surety, and that they were well aware of the fact that we were moving towards termination.

Attached at Exhibit B are the excerpts cited herein and others where Houck is questioned about termination and notice repeatedly.  The key point is that Houck **did** cite the November 21, 2003 letter as notice, and did so prior to Federal's *Reply Brief*.  In fact, in its *Answering Brief* to Federal's *Motion for Summary Judgment,* Newark referred to the additional notice provided by the February 4, 2004 letter (D.I. 126 at page 15).

Newark has argued that it is entitled under Fed. Rule. C.P. 8(e)(2) to advance alternative theories of defense and that to prevent Newark from presenting evidence of the February 4 letter and advancing its alternative theory of defense would violate Rule 8(e)(2), hamper its defense, and unduly prejudice Newark.  These alternate theories were a matter of record by April of this year and as reiterated in the Court's April 5, 2006 finding, whether and which letters gave notice are issues for the factfinder.

The Court noted that reconsideration may be granted to correct a manifest injustice (D.I. 257, September 22, 2006 Memorandum, Page 6, citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).  The injustice here would result from Newark's reliance on the Court's April 5, 2006 ruling, as the law of the case, that certain issues of fact would go to the factfinder for consideration, contrasted by the Court's reversal on the eve of trial that the same issues would not be considered by the factfinder due to a deficiency in the pleadings, notwithstanding supporting testimony by Newark's 30(b)(6) witness.  Counsel's lack of rehabilitation of Houck, noted by the Court, supports Newark's position herein, that

rehabilitation was at the time, seemingly unnecessary, because Houck did, in fact, refer to the November 21, 2003 letter as notice.

The various letters referenced herein have been at issue throughout the litigation and have been the subject of countless motions. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading by leave of court when justice so requires. Rule 15(b) provides "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." If the evidence is objected to at trial on the ground that it is outside the issues made by the pleadings:

> the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. *Id.*

Rule 15(b) provides that amendment may be made at any time, even after judgment. To prevent Newark from revising its pleadings to reflect its on-going contentions and from arguing the import of the various letters of which Durkin and Federal are well aware and which the Court has previously ruled are factual issues, would constitute an incredibly drastic step of issue preclusion given the law of the case up to the eve of trial.

## **CONCLUSION**

WHEREFORE, City of Newark Defendants respectfully request reconsideration or reargument on the Court's September 22, 2006 ruling. Alternatively, Newark respectfully requests that the Court certify the Memorandum and Order for immediate interlocutory appeal pursuant to 28 U.S.C. §1292(b). Newark also respectfully requests leave to amend its pleadings to reflect its alternative theories of defense.

                TIGHE, COTTRELL & LOGAN, P.A.

                By: /s/ Paul Cottrell
                Paul Cottrell (Delaware I.D. No. 2391)
                Victoria K. Petrone (Delaware I.D. No. 4210)
                704 N. King Street,
                P.O. Box 1031
                Wilmington, DE 19899
                P:  (302) 658-6400
                *Attorneys for City of Newark Defendants*