## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

## SUPPLEMENTAL BRIEF OF PLAINTIFF
## IN SUPPORT OF MOTION
## FOR SANCTIONS UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b), (c) and (d)

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: September 25, 2006

## TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF PROCEEDINGS..................................................4

II.  SUMMARY OF ARGUMENT...........................................................4

III. CONCISE STATEMENT OF FACTS ...................................................4

IV.  ARGUMENT ....................................................................4

    A.   Durkin is Less than Twenty Four (24) Hours Away from Selecting a
          Jury and the City's Callous Disregard for its Discovery Obligations
          Continues Thus Warranting Severe Sanctions Under Rule 37 ..................... 4

V.   CONCLUSION AND RELIEF SOUGHT...............................................8

## TABLE OF CITATIONS

**Page**

**Cases**

*Barnett & Son, Inc. et al. v. Outboard Marine, et al.,* 611 F. 2d 32, 1979 U.S. App.
    LEXIS 9655 (3d Cir. 1979) ............................................................................... 8

*Coca-Cola Bottling Company v. Coca-Cola Company, et al,* 110 F.R.D. 363, 1986 U.S. Dist.
    LEXIS 25083 (D. Del. 1986) ............................................................................ 7

*Hickman v. Taylor,* 329 U.S. 495, 500, 91 L. Ed. 451, 67 S. Ct. 385 (1947) .................................. 5

*Hicks v. Feeney,* 124 F.R.D. 79, 82, 1987 U.S. Dist. LEXIS 14407 (D. Del. 1987) ..................... 5

*Miller-Bey v. International Longshoremen's Association and Officers,* 2006 U.S. Dist. LEXIS
    64687 (D. Del. 2006) ..................................................................................... 7

*Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992) .................................................. 7

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984) ...................................... 7

**Rules**

Fed. R. Civ. P. 37(c) ........................................................................................................ 4

Fed. R. Civ. P. 37(b) ........................................................................................................ 4

Fed. R. Civ. P. 37(d) ........................................................................................................ 4

## I.     NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.  Durkin files this Supplemental Brief in support of its Motion for sanctions under Federal Rule of Civil Procedure 37(b), (c) and (d).

## II.     SUMMARY OF ARGUMENT

The City has blatantly violated discovery in this matter.  Based on the City's continued refusal to supplement its discovery responses, withholding documents that are clearly not privileged, and failure to fully comply with this Court's Order regarding privileged documents, Durkin is entitled to have severe sanctions imposed against the City under Rule 37(b), (c) and (d).

## III.     CONCISE STATEMENT OF FACTS

Durkin incorporates the Certification of Paul Logan, Esquire and its Opening Brief previously filed with the Court (D.I. 247).

## IV.     ARGUMENT

**A.     Durkin is Less than Twenty Four (24) Hours Away from Selecting a Jury and the City's Callous Disregard for its Discovery Obligations Continues Thus Warranting Severe Sanctions Under Rule 37**

As recently as 10:00 a.m. on the day before Durkin selects a jury to hear its case, the City informed counsel additional documents have been "found" – documents that should have been produced over a year ago.  What is apparent from the most recent conference call with the Court is that the City itself, when presented with Durkin's discovery requests for *inter alia* all documents relating to the Reservoir Project over a year ago, did not make a full and complete effort to search for responsive documents or purposefully did not look at certain documents.  There is no other credible explanation for the recently "found" documents literally on the eve of trial.

This is not how the Federal Rules of Civil Procedure are meant to operate.  The discovery rules are "designed to enable litigants to narrow and clarify the issues in dispute, to ascertain the facts

underlying those issues and to ferret out the strengths and weaknesses of an adversary's case. Under the liberal discovery rules, civil trials are not to be carried on in the dark. Instead, the parties are to be afforded opportunities to obtain the fullest possible knowledge of the issues and facts prior to trial." *Hicks v. Feeney,* 124 F.R.D. 79, 82, 1987 U.S. Dist. LEXIS 14407 (D. Del. 1987) (quoting *Hickman v. Taylor,* 329 U.S. 495, 500, 91 L. Ed. 451, 67 S. Ct. 385 (1947)). These are important benefits that Durkin has not been afforded based on the City's utter and complete disregard of its discovery obligations. Based on the City's persistent and flagrant violations of the Rules, Durkin has no level of satisfaction that the City has completed a full and faithful compliance with its discovery obligations under the Rules. In fact, it appears that the City did not.

Two (2) documents disclosed approximately one (1) week ago go directly to the City's Counterclaim against Durkin for breach of contract.[1] The first document is an undated memo from the City's Rule 30(b)(6) witness, Carol Houck, regarding "Issues to be Considered Regarding Durkin's Desire to Complete the Reservoir Project." (App. A-1). In that document the City's 30(b)(6) witness writes *inter alia*:

- Durkin has not been a reliable partner to this project. They have been off this job for months and have been considered in default of our contract.

- Durkin shall consent that all previously mentioned claims for additional fees will not be negotiated and that they have been adequately addressed by URS as being part of the original contract documents.

- Durkin shall without reservation agree to specifications as bid and build the reservoir as designed.

- Durkin shall submit a financial statement for review.

(App. A-1). This document was withheld on the basis of attorney work product. There is no privilege that attaches to this document. There is no indication on the document that it was prepared for counsel or at the direction of counsel – we know that it was not prepared by counsel – it was prepared by Houck.

---

[1] These two (2) documents are provided as examples only of documents that pertain to Durkin's defense of the Counterclaim. They are not meant to be inclusive of all of the documents recently produced that were previously wrongfully withheld.

The second document was issued by City Manager Carl Luft dated February 5, 2004. (App. A-2 to A-3). In that document Luft indicates *inter alia* "[a]s far as I am concerned, the termination still stands unless the City receives certain significant concessions, assurances and conditions on which we can all agree." Luft continues, "[w]e made a good move to terminate Durkin." (App. A-2 to A-3).

What is clear from these two (2) documents is that they are suggesting that preconditions or sanctions be placed on Durkin, forcing Durkin to forego its rights under the contract as a condition of continuing with the Project. Durkin did not have the benefit of these two (2) documents (and others) to question Luft and Houck at their depositions -- or for that matter, to question any of the City Council Members. This is just one (1) example of the City's blatant discovery violations that is unfairly hindering Durkin's ability to mount a defense against the City's Counterclaim.

As pointed out in Durkin's Opening Brief case dispositve documents have also been withheld. The January 20, 2004 memorandum from Petrone to Houck – which was circulated to URS should not been withheld on the basis of "joint defense" after the Court ruled on May 9, 2006 that the City to produce certain Excessive Session Meeting Minutes <u>because URS – a third party – was present during those sessions.</u> (App. A-4). From at least May 9, 2006 – all documents that were being withheld on the basis of "joint defense" should have been produced.[2]

Durkin has spent two (2) years chasing dates for alleged "notice of default" and "notice of termination" – this one (1) document -- which is not protected under the "joint defense" privilege – would have abbreviated this case and arguably not wasted judicial resources as well as Durkin's resources in litigating this matter.

What is also interesting about that document is that the City's version of that document (NEW00245) which is listed on the Privilege Log has <u>not</u> been produced. The version produced contains a completely different bates number (NEW16304) and does not contain any fax transmittal line to the

---

[2] Durkin argues that the "joint defense" privilege – assuming at one time there actually was such a privilege – was obliterated when the City sued URS on or about October 7, 2005.

City (most likely indicating that it is Petrone's copy). Curiously, the document produced is just the first page of the fax. The complete fax is thirteen (13) pages long – the City only produced the cover page.

Notwithstanding this Court's May 9, 2006 Order the City continues to withhold documents based on a "joint defense" privilege or other baseless privileges. The chart in the Appendix outlines nineteen (19) documents that the City continues to withhold without proper basis. (App. A-7 to A-8).

The above listed documents were referenced on the City's Privilege Log dated January 18, 2004 – which the City has yet to supplement. This is a direct violation of the Federal Rules of Civil Procedure. Rule 26(e)(1) and (2). And, also troubling is the fact that some of the recently produced documents should have been on the City's old privilege log but were not. *See* Durkin's Opening Brief (D.I. 246).

The City's utter disregard for the discovery Rules is also evidenced by the fact that the City has not produced emails. It is clear that the City has emails – they just have chosen to ignore their discovery obligations and not produce them. Joe Dombrowski testified that some emails he would print out and put in a file cabinet. (App. A-10, page 469, lines 14-22). He also testified that some emails would have remained on his computer when he left the employ of the City. (App. A-10, page 472, lines 18-21).

In determining whether a punitive dismissal is warranted, a court must consider six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal . . .; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984); *Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992). *See also Miller-Bey v. International Longshoremen's Association and Officers,* 2006 U.S. Dist. LEXIS 64687 (D. Del. 2006). It is not necessary for all of these factors to point toward dismissal before a Court will dismiss a party's claims. *See Coca-Cola Bottling Company v. Coca-Cola Company, et al,* 110 F.R.D. 363, 1986 U.S. Dist. LEXIS 25083 (D. Del. 1986). Applying the *Poulis* factors is it clear that severe sanctions are appropriate in this matter.

Based on representations from Counsel for the City on our most recent conference call with the Court it appears that the City's lack of compliance is directly attributable to the City and how the City

chose to respond – or not to respond – to the discovery requests. Thus, the City has personal responsibility for the discovery violations.

The prejudice suffered by Durkin is substantial. The Rules do not contemplate that Durkin is to conduct discovery during trial – but that is what is going to happen unless the City is appropriately sanctioned. For example, Luft and many of the City Council members could not recall certain events and respond to certain questions from Durkin's counsel. Now with these recently produced documents, will the memories of Luft, City Council and others be "refreshed"? Durkin should not have to find that out at trial. The time for that was during the discovery process which the City has chosen to completely frustrate.

As set forth above and in Durkin's Opening Brief it is clear that the City has a history of callously disregarding its discovery obligations. There is no other lesser sanction that is appropriate under these circumstances than either (1) enter an Order of a judgment by default against the City on the claims by Durkin, dismissing the City Counterclaim against Durkin, and award Durkin its attorney's fees and costs; or in the alternative (2) dismissing the City's Counterclaim against Durkin, prohibit the City from calling Houck, Luft, any Member of City Council, Dombrowski and any other person (including URS personnel) who authored or were recipients on any documents that the City withheld from discovery without proper basis.[3] *Barnett & Son, Inc. et al. v. Outboard Marine, et al.,* 611 F. 2d 32, 1979 U.S. App. LEXIS 9655 (3d Cir. 1979) (When it is determined that a party willfully failed to comply with the rules of discovery, it is within the discretion of the Court to dismiss the action).

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for Sanctions Under Federal Rule of Civil Procedure 37(b), (c)

---

[3] Durkin respectfully suggests that any continued deposition of any of these witnesses will not be a sufficient sanction for the City's blatant discovery violations. Continued depositions will only serve to defocus Durkin during the trial which is set to begin in less than twenty four (24) hours. Moreover, Durkin has been forced to prepare its case based on the facts known to it. To now change the "facts" by permitting the City to wait until the literal eve of trial to produce documents that should have been produced over a year ago is patently unfair and prejudicial to Durkin.

and (d) either: (1) enter an Order of a judgment by default against the City on the claims by Durkin, dismissing the City Counterclaim against Durkin, and award Durkin its attorney's fees and costs; or in the alternative (2) dismissing the City's Counterclaim against Durkin, prohibit the City from calling Houck, Luft, any Member of City Council, Dombrowski and any other person (including URS personnel) who authored or were recipients on any documents that the City withheld from discovery without proper basis, and award Durkin its attorney's fees and costs, together with any such additional relief as this Court deems necessary or appropriate.

> **POWELL, TRACHTMAN, LOGAN,
> CARRLE & LOMBARDO, P.C.**
>
> By:  /s/ Paul A. Logan
> Paul A. Logan
> Delaware Supreme Court ID #3339
> 475 Allendale Road, Suite 200
> King of Prussia, PA 19406
> Telephone: 610-354-9700
> Telefacsimile: 610-354-9760
> *Attorneys for Plaintiff and Third Party
> Defendant Donald M. Durkin Contracting*

Dated:  September 25, 2006

KOP:350742v1 3514-04