IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ***Plaintiff***<br><br>vs.<br><br>CITY OF NEWARK, et al., ***Defendants***<br><br>and<br><br>CITY OF NEWARK, ***Third-Party Plaintiff***<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, ***Third-Party Defendants*** | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, ***Intervenor*** | |

**ANSWERING BRIEF OF PLAINTIFF DONALD M. DURKIN CONTRACTING, INC. TO CITY OF NEWARK'S MOTION FOR RECONSIDERATION AND RE-ARGUMENT AND LEAVE TO AMEND THE PLEADINGS**

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: September 26, 2006

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ....................1

II. SUMMARY OF ARGUMENT ....................1

III. CONCISE STATEMENT OF FACTS ....................1

IV. ARGUMENT ....................2

# TABLE OF CITATIONS

**Page**

**Cases**

*Max's Seafood Café v. Quinteros*, 176 F.3d 669 (3rd Cir. 1999) .................................................. 2

*Shering Corporation v. Amgen, Inc.*, 25 F. Supp. 2d 293 (D. Del. 1998) ..................................... 2

*Weissman v. Fruchtman*, 124 F.R.D. 559 (S.D.N.Y. 1989) ........................................................ 2

## I. NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. On September 22, 2006, this Court, as part of its pretrial rulings, granted Federal Insurance Company ("Federal")'s Motion for Reconsideration and in turn granted Federal's Motion for Summary Judgment, as well as Durkin's Motion for Partial Summary Judgment on the notice requirements for a default termination of the Contract (D.I. 257). The City of Newark has filed a Motion for Reconsideration and Re-argument and for Leave to Amend its Pleadings.

## II. SUMMARY OF ARGUMENT

The City of Newark has failed to bring to the Court's attention any new facts or decisional law that would provoke reconsideration of its Order dismissing the claims against Federal and granting Durkin's motion for summary judgment. In this instance, the Court properly took note of the repeated judicial admissions of the City in declaring that the November 21, 2003 letter was the prior seven day written notice of intent to terminate the Contract, and further concluded that no reasonable jury could regard that letter as satisfying the contractual mandate of prior written notice of the City's intention to terminate under Section 15.2 of the Contract.

## III. CONCISE STATEMENT OF FACTS

A recitation of the salient facts has been succinctly set forth in the Court's September 22, 2006 Order, and Durkin incorporates those facts for purposes of this Answering Brief.

## IV. ARGUMENT

Despite the Court's pointed instructions and legal citations outlining the limited circumstances and justification for reconsideration of a prior ruling, the City has nonetheless simply reshuffled its deck of facts to present what it now believes is the winning hand in the debate over whether the City provided the contractually required prior written notice of intent to terminate under Section 15.2 of the Contract. Measuring the City's Motion for Reconsideration against the applicable standards, the City's Motion and Brief reflect no "new evidence that was not available when the Court issued its order", no "patent misunderstanding" of the City's contentions and arguments, and no "overlooking of facts or precedent that reasonable would have altered the result". *Shering Corporation v. Amgen, Inc.*, 25 F. Supp. 2d 293 (D. Del. 1998); *Weissman v. Fruchtman*, 124 F.R.D. 559 (S.D.N.Y. 1989); *Max's Seafood Café v. Quinteros*, 176 F.3d 669 (3rd Cir. 1999).

The Court's observation that the City had judicially admitted, through its pleadings, that it regarded and represented the November 21, 2003 letter as the prior seven day written notice, was met with the City's contention that preventing them from arguing alternative theories would violate Rule 8(e)(2). That argument is made initially in the City's Answering Brief to the Motion for Summary Judgment, and simply repeated in the Motion for Reconsideration. The City's assertion appears to be that the Court may not foreclose its ability to raise factual issues by interchanging legal theories of its case. However, this is not a matter of differing legal theories; the City's "legal theory" was that it satisfied the contractual requirements for termination, and one of the "facts" it asserted was that the November 21, 2003 letter satisfied the prior written notice requirement. That "fact" was conclusively established by the judicial admissions, and the Court has found it to be legally insufficient as a matter of law to constitute the contractually

required prior written notice. That judicial conclusion is not subject to divestiture by the City's belated attempt to substitute the February 3, 2004 letter—or any other writing—in its place as an "alternate legal theory".

Finally, to permit the City, during the course of the trial, to amend its pleadings to include "alternate theories" in order to capture whatever defenses it believes may exist or arise from those new pleadings, would once again frustrate the ability of Durkin to properly plan and prepare for the moving target of the City's arguments. There was no manifest injustice in the Court's granting of the motions for summary judgment by Federal and Durkin, and the City has offered no grounds for reconsideration of the Court's Order and opinion. As such, the City's Motion should be denied in its entirety.

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: September 26, 2006