# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' SUPPLEMENTAL ANSWERING BRIEF
TO PLAINTIFF'S MOTION FOR SANCTIONS**

                                    TIGHE, COTTRELL & LOGAN, P.A.
                                    By: /s/ Paul Cottrell
                                    Paul Cottrell (Delaware I.D. No. 2391)
                                    Victoria K. Petrone (Delaware I.D. No. 4210)
                                    704 N. King Street
                                    P.O. Box 1031
                                    Wilmington, DE 19899
                                    P:  (302) 658-6400
                                    F:  (302) 658-9836
                                    email:  p.cottrell@lawtcl.com
                                    *Attorneys for Defendants City of Newark, Harold F.
                                    Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
                                    Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
                                    and Christina Rewa*

September 26, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.   THE RECENT DOCUMENT PRODUCTION ONLY
         CONTAINS ONE NEW RELEVANT DOCUMENT
         AND THE EXPLANATION IS REASONABLE . . . . . . . . . . . . . . . . . . . 2

    B.   THE DOCUMENTS HIGHLIGHTED BY DURKIN WERE
         WRITTEN POST-TERMINATION AND ARE IRRELEVANT
         TO THE DEFENSE OF NEWARK'S COUNTERCLAIM . . . . . . . . . . . . 3

    C.   THE SANCTIONS SOUGHT BY DURKIN ARE DRASTIC
         AND UNWARRANTED BY THE FACTS . . . . . . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

**Case**                                                                                                   **Page**

*Barnett & Son, Inc. et. al. v. Outboard Marine, et al.*, 611 F.2d 32  . . . . . . . . . . . . . . . . .  6

*Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995)  . . . . . . . .  6

*Lehman Capital v. Lofland ex rel. Estate of Monroe*,
    2006 WL 2465410 (Del.Supr.,2006)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

*National Hockey League v. Metropolitan Hockey Club, Inc.*,
    427 U.S. 639 (1976)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

*Poulis v. State Farm & Cas. Co.,* 747 F.2d 863 (3d Cir. 1984)  . . . . . . . . . . . . . . . . . . .  6, 7

**Other Authority**

FRCP 26(e)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

FRCP 37  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5,7

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Donald M. Durkin ("Durkin") has requested sanctions related to the City of Newark's production of documents, filing a *Motion*, *Opening Brief* and *Supplemental Brief*. Newark filed an *Answering Brief* and this is its *Supplemental Answering Brief*.

**SUMMARY OF ARGUMENT**

Newark's obligation to provide attorney-client privileged documents did not arise until the privilege was waived, as ruled by the Court on September 12, 2006. Newark's obligation to provide documents withheld under the joint-defense privilege did not arise until the privilege no longer applied, which occurred on September 5, 2006. Newark provided such documents within one week of the Court's order. The documents highlighted by Durkin are irrelevant to Newark's counterclaim.

The recent production contains only one new, relevant document and the explanation for its absence in previous productions has a reasonable explanation.

Newark's good-faith compliance with the Court's order makes punitive dismissal completely inappropriate. Durkin has not remotely satisfy the criteria to such a drastic sanction. In fact, Durkin itself has failed to produce certain documents and never produced a privilege log.

**STATEMENT OF FACTS**

Newark incorporates herein the statement of facts set forth in its Answering Brief.

## ARGUMENT

### A. THE RECENT DOCUMENT PRODUCTION ONLY CONTAINS ONE NEW RELEVANT DOCUMENT AND THE EXPLANATION IS REASONABLE

There is a credible explanation for the documents discovered on September 22, 2006: the documents were in a folder marked "RFP Reservoir" and contained proposals submitted by various engineering firms in 2000 - before URS was retained and thus before the reservoir design was generated. As a result, the contents of the folder would be irrelevant to the litigation and non-responsive to Durkin's document requests. (Nevertheless, Newark produced the folder in its entirety to Durkin). In fact, as was explained in counsel's email at Exhibit A, of those 26 documents contained in the RFP folder, 11 were duplicates of documents which have been produced already. Of the remaining 15 documents, 13 were dated September or October 2000, again, pre-dating the reservoir design and therefore clearly irrelevant. Of the remaining two documents, one was a March 17, 2005 email from URS referencing their construction oversight and may have already been produced by URS. The final document was hand-written notes of Carol Houck from a September 11, 2003 teleconference with URS.

The handwritten notes are actually helpful to Newark and had Newark known they existed there would have been no reason to withhold them. Counsel's forthcoming disclosure of these documents in the face of Durkin's motion for sanctions is proof of Newark's ongoing good faith. The documents were not purposefully misplaced, and were likely misfiled by a Newark secretary. Affidavit of Carol Houck, Exhibit B, Para. 7. Houck looked in the file to refresh her recollection regarding the terms of URS's November 6, 2000 contract, as it is one basis for Newark's Third-Party Claim against URS for contribution and indemnity. *Id.* at Para. 3. There

is a logical and reasonable explanation, and Newark cannot be sanctioned for what amounts to a clerical error.

      B.    **THE DOCUMENTS HIGHLIGHTED BY DURKIN WERE WRITTEN POST-TERMINATION AND ARE IRRELEVANT TO THE DEFENSE OF NEWARK'S COUNTERCLAIM**

Durkin's characterization of the undated memo from Carol Houck is wrong. This document was generated by Houck *after* Durkin was terminated and constitutes Houck's thoughts regarding reaching a new agreement with Durkin which would include Durkin returning to the project and completing the project as-designed. Exhibit B, Aff'd Houck, Para. 8. The document was generated *after* termination, *after* Durkin's counsel contacted counsel for Newark regarding the termination notice (which prompted the February 4 letter providing Durkin an additional seven days of notice). Houck recalls drafting the document during that period, while waiting for assurance from Durkin. *Id.* at Para. 9. No response was received. Since the undated memo was written post-termination and litigation was certainly contemplated, Newark was not under any obligation to produce the document until ordered to so by the Court.

The second document highlighted by Durkin, being a memo from City Manager Carl Luft to the Mayor, was also written *after* termination and was generated for the same reason Houck penned her thoughts; the possibility of garnering Durkin's agreement to finish the project as designed, which it had refused to do up to that point.

Durkin points to the production of these two documents as hindering its ability to mount a defense to Newark's counterclaim, but Newark's counterclaim is all about Durkin's refusal to perform *before* termination. Because the documents post-date the February 3, 2004 termination

notice, they have no bearing on the counterclaim, except as further evidence of Durkin's refusal to perform.

Durkin also points to an email written by counsel which was copied to URS. As Newark explained in its *Answering Brief*, Newark had a right to assert the joint-defense privilege and should not be sanctioned for doing so simply because the privilege was ultimately determined to not apply, which did not occur until September 5, 2006 (not May 9, 2006 as asserted by Durkin).

Finally, Durkin cites document NEW13604, a duplicate of NEW245, which constitutes a fax coversheet written from counsel to Newark and URS. The joint-defense privilege applied up until September 5, 2006, as explained above. The document references an attached report written by Dr. Richardson, of which all parties possess a copy. In neither form does the actual report follow the cover sheet, and since all parties have a copy of the referenced report, Durkin's complaint is meritless.

Durkin has requested 19 additional documents in their *Supplemental Brief* Appendix. Newark noted in its *Answering Brief* that the *Motion for Sanctions* was the first notice that Durkin was dissatisfied with Newark's production, and its *Supplemental Brief* the first notice with respect to specific documents. Newark will respond further at oral argument.

As to Durkin's contention that Newark has an on-going obligation to update its privilege log, Rule 26(e) provides only that a party has a duty to supplement its disclosures if ordered by the court (as is the case here). Rule 26(e) subparts (1) and (2) require supplementation if the party learns that its disclosures were incorrect or incomplete which is not applicable as the documents here were only produced because of the recent rulings. Rule 37(c)(1) allows

sanctions for failure to disclose information required by Rule 26 *without substantial justification*. Here, the privileges provided justification, so sanctions are completely inappropriate.

### C. THE SANCTIONS SOUGHT BY DURKIN ARE DRASTIC AND UNWARRANTED BY THE FACTS

In the face of Durkin's complaints about Newark, it must be noted that Durkin has produced absolutely no emails or a privilege log, **ever**. A privilege must exist, as Durkin retained counsel as early as 2002. Exhibit C, Deposition of Donald Durkin, Page 74, Lines 7-14. That fact alone should bar the relief sought by Durkin.

As Newark has advised the Court, it has, in good faith, endeavored to produce all documents it was ordered to produce. Newark had the right to assert and withhold protected documents on the basis of the attorney-client and joint-defense privileges until those were ruled and determined to be inapplicable on September 5 and September 12, 2006. Durkin's *Supplemental Brief* is devoid of a response to Newark's point that it had no obligation to produce these documents earlier, and acknowledges that documents were properly held on the basis of joint-defense privilege at least as late as May 9, 2006.

Durkin has provided no evidence of flagrant bad-faith or willful and intentional conduct, a necessary component for punitive dismissal. *Poulis v. State Farm & Cas. Co.,* 747 F.2d 863, 868 (3d Cir. 1984), see also *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639. In considering dismissal as a sanction, the Court must also find a "history of dilatoriness" of which none can be shown in this case. *Id.* Durkin has pending arguments with respect to destruction of the briefing packets, however, as Newark has argued, there has been no evidence showing that documents were purposefully destroyed, rather, the evidence indicates that those documents were destroyed in the regular course of business. See *Brewer v. Quaker State*

*Oil Refining Corp.*, 72 F.3d 326, 334 (3d Cir.1995) ("[I]t must appear that there has been an actual suppression or withholding of the evidence." also quoting 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d *Evidence* § 177: "Such a presumption or inference...does not arise where the destruction was a matter of routine with no fraudulent intent.").

The criteria for punitive dismissal also require consideration of the party's failure to meet scheduling orders; here Newark provided the documents within one week of the Court's order, so there is no failure to comply. *Id.* Additionally, the criteria for a punitive dismissal requires consideration of the meritoriousness of the claim or defense; here Newark obviously has meritorious defenses to this action. *Id.*

The chief case cited by Durkin stands for the proposition that dismissals are extreme and drastic sanctions which should be reserved for cases where there is a clear record of delay or disobedience.[1] *Poulis*, 747 F.2d 863. In *Poulis*, plaintiffs' counsel failed to file discovery or answer interrogatories, was late filing the pre-trial statement, and when requested to do so by the district judge, failed to comply. *Id.* This situation is hardly analogous.

Because Newark had justification for withholding privileged documents (as set forth herein and in greater detail in Newark's *Answering Brief* at D.I. 256), no sanction is appropriate. Even if the Court were to decide that Newark's best efforts to produce documents in compliance with the Court's order fell short of the Court's intent, the appropriate action would be to order production of those specific documents. Rule 37(b) states that sanctions are not appropriate if the court finds the failure was substantially justified. If the Court were still inclined to sanction

---

[1] Durkin also cites *Barnett & Son, Inc. et. al. v. Outboard Marine, et al.*, 611 F.2d 32 in support of its argument that punitive dismissal is warranted. In that case, certain defendants failed to appear at scheduled depositions, failed to produce documents and failed to answer interrogatories in the face of three court orders to do so. *Barnett* is not remotely analogous.

Newark (which would necessitate a finding that Newark had an obligation to produce such documents before the privilege was waived), there are other less punitive sanctions which would be more reasonably related to Newark's actions. Dismissal or default judgment is the ultimate sanction for discovery violations, and should only be used sparingly. *Lehman Capital v. Lofland ex rel. Estate of Monroe*, 2006 WL 2465410 at *7 (Del.Supr.,2006). Houck's September 11, 2003 notes were simply mis-filed, which rises only to the level of neglect and does not warrant penalty.

## CONCLUSION

WHEREFORE, Defendant City of Newark respectfully requests that this Court deny Durkin's Motion for Sanctions.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*