IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE
<u>ADDITIONAL AFFIRMATIVE DEFENSES BY THE CITY OF NEWARK</u>**

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: October 2, 2006

**TABLE OF CONTENTS**

                                                                                                                               **Page**

I.    NATURE AND STAGE OF PROCEEDINGS ............................................................... 1

II.   SUMMARY OF ARGUMENT ................................................................................... 1

III.  CONCISE STATEMENT OF FACTS ....................................................................... 1

IV.  ARGUMENT ............................................................................................................. 2

        A.    The City May Not Introduce Any Additional Affirmative Defenses
              During the Course of the Trial. ........................................................................ 2

V.    CONCLUSION AND RELIEF SOUGHT ................................................................. 5

**TABLE OF CITATIONS**

**Page**

**Cases**

*Advocat v. Nexus Industries, Inc., et. al.,* 497 F. Supp. 328, 1980 U.S. Dist. LEXIS 13369 (D. Del. 1980) ................................................................................................................ 2

*Bailey v. City of Wilmington,* 1997 U.S. Dist. LEXIS 18941 (D. Del. 1997)................................ 3

*Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990 ................................................................ 3

*Board of Comm. v. Brown,* 137 L. Ed. 2d 626, 117 S. Ct. 1382, 1388 (1997) .............................. 3

*Brown v. Ellendale Police Department, et al.,* 1999 U.S. Dist. LEXIS 5053 (D. Del. 1999) ........ 3

*Carr v. Town of Dewey Beach, et al.,* 730 F. Supp. 591, 1990 U.S. Dist. LEXIS 1363 (D. Del. 1990) ................................................................................................................................... 2

*Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991).............................................................. 2

*Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 2d 673 (1980) ................ 4

*Defeo, et al v. Pierson Sill, et al.,* 810 F. Supp. 648, 1993 U.S. Dist. LEXIS 351 (E.D. Pa. 1993) . ..............................................................................................................................................2

*Hintzke v. Town of Felton,* 1994 Del. Super. LEXIS 34 (Del. Super. Jan. 6, 1994)....................... 2

*Jolly v. Cook, et al.,* 2004 U.S. Dist. LEXIS 1315 (D. Del. 2004) ................................................ 2

*Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984)....... 3

*Monell v. Department of Social Serv. of New York,* 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) ................................................................................................................. 2

*Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994)........................................................................................................ 3

*Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985).................................................................................................................... 3

*Shipley v. First Federal Savings & Loan Assn. of Delaware*, 703 F. Supp. 1122 (D. Del. 1988).. 4

*Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005) ...................................................... 2

**Statutes**

*10 Del.C. Sec. 4011*....................................................................................................................... 2

*42 U.S.C. § 1983* ........................................................................................................................... 3

Delware State Tort Claims Act, 10 Del. C. Chapter 40................................................................ 1

**Rules**

Fed. R. Civ. P. 8(c). ........................................................................................................................ 2

Fed.R.Civ.P. 12(b)(6)..................................................................................................................... 2

I.  **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin has presented its case-in-chief and now seeks to preclude the City from asserting any additional affirmative defenses to Durkin's claims under Count I (Civil Rights) and Count IV (Conversion) for failure to plead any affirmative defenses specific to these Counts in the Complaint.

II. **SUMMARY OF ARGUMENT**

The City's Answer, New Matter and Counterclaim contains seven (7) specific affirmative defenses to the claims of Durkin, and none of those affirmative defenses are applicable to the claims in Counts I and/or IV. To the extent the City now seeks to amend its pleading to introduce other affirmative defenses that are specific to the element of the causes of action, that would result in prejudice to Durkin by virtue of Durkin's failure to have any prior opportunity to conduct discovery on the particular elements of any additional defenses, a grounds for preclusion which had already been recognized by the Court in its earlier rulings.

III. **CONCISE STATEMENT OF FACTS**

Durkin's Complaint contained counts of civil rights violations (Count I), interference with contractual relations (Count II), defamation (Count III), conversion (Count IV), fraud and misrepresentation (Count V), common law conspiracy (Count VI), and breach of contract (Count VII). The City filed an Answer, New Matter and Counterclaim, which included the following general affirmative defenses not specific to any individual count: (1) failure to state a claim upon which relief can be granted; (2) waiver, estoppel and unclean hands; (3) Durkin's are barred by Durkin's breach of contract; (4) immunity pursuant to the State Tort Claims Act, 10 Del. C. Chapter 40; (5) immunity pursuant to the Doctrine of Legislative Immunity; (6) immunity pursuant to the doctrines of Subjective and Objective Good Faith Immunity; and (7) Durkin has an adequate remedy at law. There are no additional defenses pled.

IV.     ARGUMENT

    A.    The City May Not Introduce Any Additional Affirmative Defenses During the Course of the Trial.

Under Federal Rule of Civil Procedure Rule 8, a party is to set forth affirmative defenses in a responsive pleading with a "short plain statement." Fed. R. Civ. P. 8(c). A failure to plead an affirmative defense results in a waiver of that defense unless the party is allowed to amend its pleading. *Advocat v. Nexus Industries, Inc., et. al.,* 497 F. Supp. 328, 1980 U.S. Dist. LEXIS 13369 (D. Del. 1980); *Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991); *Jolly v. Cook, et al.,* 2004 U.S. Dist. LEXIS 1315 (D. Del. 2004). The affirmative defenses that have been pled do not address, and therefore are inapposite to, the remaining claims of conversion and civil rights. Aside from the failure to state a claim upon which relief can be granted, which is not an appropriate defense as part of an answer to the Complaint (see Fed.R.Civ.P. 12(b)(6)), the equitable defenses that have been pled do not apply to the civil rights or conversion counts, and there is no applicable immunity for either the civil rights claims or the conversion claims. As to 42 U.S.C. §1983, *see Carr v. Town of Dewey Beach, et al.,* 730 F. Supp. 591, 1990 U.S. Dist. LEXIS 1363 (D. Del. 1990); *Dale v. Town of Elsmere, et al.,* 702 A.2d 1219, 1997 LEXIS 431 (Supr. Ct. 1997); *Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005). As to conversion*, see Hintzke v. Town of Felton,* 1994 Del. Super. LEXIS 34 (Del. Super. Jan. 6, 1994) (The scope of *10 Del.C. Sec. 4011* does not include immunity for conversion when the alleged convertor cannot surrender the property and the plaintiff must seek the value of the converted property.); s*ee also Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005).

**Claims and Defenses Under 42 U.S.C. §1983**

A claim against a municipality may be premised on an official policy, practice or custom resulting in the denial of civil rights. *Monell v. Department of Social Serv. of New York,* 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A decision by municipal officials may constitute a "policy" if they had final authority to take action regarding the particular subject matter and deliberately chose, in the face of available alternatives, to do so. *See also Defeo, et al v. Pierson Sill, et al.,* 810 F. Supp. 648, 1993 U.S. Dist. LEXIS 351 (E.D. Pa. 1993). "Custom, …, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and

- 2 -

permanent as virtually to constitute law." *See Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990). *See also Brown v. Ellendale Police Department, et al.,* 1999 U.S. Dist. LEXIS 5053 (D. Del. 1999). "Local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Bailey v. City of Wilmington,* 1997 U.S. Dist. LEXIS 18941 (D. Del. 1997) (quoting *Monell v. Department of Social Services,* 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality . . . . The plaintiff must [also] demonstrate that a municipal decision reflects a deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow that decision." *Board of Comm. v. Brown,* 137 L. Ed. 2d 626, 117 S. Ct. 1382, 1388 (1997).

With respect to the specific bases upon which a 1983 claim may be advanced, an allegation of injury to reputation, when accompanied by an allegation of injury to a more tangible interest, has been held to state a cause of action under section 1983. *See Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984) (internal citations omitted). A claim for damages resulting from the destruction of a business is an appropriate action under *42 U.S.C. § 1983. Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985). The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the Fifth and Fourteenth Amendments. *Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994).

Durkin has presented substantial evidence to demonstrate a *prima facia* case of a civil rights violation. The City's policy and custom of having the City Council rely, in wholesale fashion, on the information provided to them by the City Manager and staff, to the virtual exclusion of any independent efforts to validate what was being recommended was reasonable or correct, and the unconditional delegation of unrestricted authority and responsibility to the City Manager to take whatever actions he deemed appropriate in the operation of the City, has resulted in the wrongful termination of Durkin, the

complete devastation of Durkin's business and the utter destruction of its reputation. The consistent and persistent defamatory publications by the City to Durkin's competitors and customers, through materials disseminated to the attendees at the "rebid" pre-bid meeting in September of 2004 and the press releases that were published in several local papers and also placed on the internet, have perpetuated and exacerbated the harm visited upon termination by the wrongful termination of the City.

It has been represented that the City intends to present evidence concerning a defense of good faith to the civil rights claims made by Durkin. That is simply another unpled affirmative defense, not unlike a defense of privilege, whether qualified or absolute. Durkin has not located any legal authority for the affirmative defense of immunity pursuant to the doctrines of Subjective and Objective Good Faith Immunity, and submits that such an affirmative defense has no legal validity. For the benefit of the Court, Durkin has not sued any of the Councilpersons in their personal capacity, but in their official capacity, and as such there is no qualified or good faith immunity defense to the 1983 claims. *Shipley v. First Federal Savings & Loan Assn. of Delaware*, 703 F. Supp. 1122 (D. Del. 1988) citing *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 2d 673 (1980) (there is no good faith immunity under §1983 for county officials acting in an official capacity).

As to any other affirmative defenses that the City may attempt to present, the Court had already ruled that the City is precluded from presenting evidence concerning the breach of contract claims. Further, the City has earlier submitted a request to amend the pleadings, albeit for the purpose of presenting alternate legal theories as to the breach of contract claims, and the operative principles that gave rise to the Court's decision to deny the City the ability to amend the pleadings at that time are no different in this instance. The disability and prejudice to Durkin in permitting an amendment of the pleadings at the mid-point of the trial, with no prior notice to Durkin or other communications that would alert Durkin to these prospective affirmative defenses, is that it deprives Durkin of the opportunity to timely challenge the legal and factual efficacy of those affirmative defenses as part of the discovery process. There is no reason to employ a different and more lenient legal standard in evaluating requests to amend the pleadings for the City or the Councilmembers at this stage of the proceedings, and the City

should be foreclosed from introducing evidence associated with any affirmative defense that has not been pled.

## V. CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion to Preclude the City of Newark from Introducing any Additional Affirmative Defenses to the Claims of Durkin, together with such additional relief as this Court deems necessary or appropriate.

        **POWELL, TRACHTMAN, LOGAN,**
        **CARRLE & LOMBARDO, P.C.**

        By:    /s/ Paul A. Logan
        Paul A. Logan
        Delaware Supreme Court ID #3339
        475 Allendale Road, Suite 200
        King of Prussia, PA 19406
        Telephone: 610-354-9700
        Telefacsimile: 610-354-9760
        *Attorneys for Plaintiff and Third Party*
        *Defendant Donald M. Durkin Contracting*

Dated: October 2, 2006