# EXHIBIT A

Westlaw.

Not Reported in A.2d                                                                                      Page 1

Not Reported in A.2d, 1985 WL 189262 (Del.Super.)
(Cite as: Not Reported in A.2d)

C
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
William H. ULMER, et al., Plaintiffs,
v.
R. Lloyd WHITFIELD, et al., Defendants,
v.
Donald A. EICHOLZ, Third Party Defendant.
Submitted: Aug. 29, 1985.
Decided: Sept. 10, 1985.

On Motion Of Third Party Defendant To Dismiss Third Party Complaint-Granted.

John C. Phillips, Heckler, Cattie & Phillips, Wilmington, for plaintiffs.
Mr. and Mrs. R. Lloyd Whitfield, pro se
Maria R. Lonzetta, Chadds Ford, PA, for third party defendant.

ORDER

TAYLOR, Judge.
*1 This third party complaint was first presented by motion filed March 1, 1984 and permitted by Order dated March 20, 1984. The third party complaint alleges that third party defendant [Eicholz], who held himself out to defendants and third party plaintiffs [Whitfields] as an experienced electrician, inspected property at 706 Greenwood Road, Westover Hills, New Castle County, Delaware, which Whitfields had contracted to buy from plaintiffs and after two inspections of the house Eicholz stated his opinion to Whitfields that the house was not safe and was not in good working order or repair. It further alleges that Whitfields, relying upon Eicholz's opinion, refused to go through with the contract for the purchase of the house. The complaint by plaintiff against Whitfields alleges that Whitfields breached their contract for the purchase of the house. Hence, the third party complaint seeks to recover from Eicholz any amount recovered by plaintiffs from Whitfields. The actions of Eicholz and the refusal to hold settlement on the purchase of the house occurred in July, 1980. Plaintiffs' suit against Whitfields was filed in November, 1980.

Eicholz's motion to dismiss the third party complaint rests on the defenses of statute of limitation and laches. Eicholz views this as a claim covered by 10 *Del.C.* § 8106 which provides:
... no action based on a promise, ... and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action ...

Under this view, the quoted provision prevented bringing this suit after July, 1983 and this third party claim would be barred.

Whitfields contend that theirs is a suit for **contribution** or indemnification among joint tortfeasors and the cause of action does not arise until one joint tortfeasor has paid more than his pro rata share of a joint judgment. They rely on 10 *Del.C.* § 6302(b) which provides:
A joint tort-feasor is not entitled to a money judgment for **contribution** until he has by payment discharged the **common liability** or has paid more than his pro rata share thereof.

Joint tortfeasors are defined as "2 or more persons jointly or severally liable in tort for the same injury to person or property ..." 10 *Del.C.* § 6301. Under this definition (1) each of the persons must be liable in tort, (2) the liability of each must be for the same injury, and (3) the injury for which each person is liable must have been injury to person or property.

Applying the first requirement of the definition, it is noted that plaintiffs initially brought this suit in the Court of Chancery seeking specific performance to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                              Page 2
Not Reported in A.2d, 1985 WL 189262 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

require payment of the full contract price. Thereafter the suit was transferred to this Court and the complaint in this Court alleged that Whitfields repudiated the contract to purchase the property and sought judgment for the difference between the contract price and the price which plaintiffs received when they sold the property to another buyer after Whitfields repudiated the contract, plus $2,000 for repairs which plaintiffs made which were unnecessary but were required by Whitfields as a prerequisite to settlement.

*2 To be liable in tort, a person must have done or omitted to do an act contrary to the obligation of the law. *Garber v. Whittaker,* Del.Super., 174 A. 34 (1934); *Prosser on Torts* (5th Ed.) 1-5; 2 *Bouvier's Law Dictionary* 1124. The tort liability must be based on a duty other than that created by contract. *Prosser on Torts* (5th Ed.) 656; *Lawton v. Great Southwest Fire Ins. Co.,* N.H.Supr., 392 A.2d 576 (1978). The claim which plaintiffs asserted against Whitfields only involves Whitfields' alleged breach of contract to purchase the property. Accordingly, it does not seek to make Whitfields liable in tort. Consequently, the first requirement for joint tortfeasorship is not satisfied.

Inherent in the Joint Tortfeasor **Contribution** law, 10 *Del.C.* Ch. 63, is the requirement that each tortfeasor have a **common liability** to the injured party. If either tortfeasor is not liable to the injured party for the same injury which gives rise to the liability of the other tortfeasor that law does not apply and neither tortfeasor can be held liable for **contribution** under that law. *Fields v. Synthetic Ropes, Inc.,* Del.Supr., 215 A.2d 427 (1965).

The Whitfields' brief does not address the question of whether this claim qualifies under 10 *Del.C.* Ch. 63, but proceeds on the assumption that that law applies and discusses when the statute of limitations begins to run under that law. The annotation in 57 *A.L.R.3d* 867, et seq., which Whitfields rely on, indicates that it deals solely with contribution for tort claims. Hence, Whitfields' contentions with respect to contribution fail for the reasons set forth above.

Whitfields contend that their claim against Eicholz for indemnification is not barred by statute of limitations because it has not yet accrued. They cite various Delaware decisions in support of the proposition that a claim for indemnification does not accrue for purposes of applying the statute of limitations until the indemnitee's liability is fixed and discharged. *Chesapeake Utilities Corp. v. Chesapeake and Potomac Telephone Company of Maryland,* Del.Super., 401 A.2d 101 (1979); *Royal Car Wash Company v. Mayor and Council of Wilmington,* Del.Super., 240 A.2d 144 (1968); *Goldsberry v. Frank Clendaniel, Inc.,* Del.Super., 109 A.2d 405 (1954). Each of these cases supports Whitfields' contention with respect to the commencement of the statute of limitations period where a claim involves indemnification. However, it presupposes that indemnification is applicable here. *Chesapeake,* supra, involved a claim for indemnification based on an indemnification provision in a contract between indemnitor and indemnitee. *Royal,* supra, and *Goldsberry,* supra, involved claims for contribution based on 10 *Del.C.* § 6302, which has been found not to be applicable to Whitfields' third party claim.

This Court noted in *American Ins. Co. v. Material Transit, Inc.,* Del.Super., 446 A.2d 1101 (1982) that "[g]enerally, a right to indemnity arises by contract, although equitable grounds have been recognized", citing *Ins. Co. of North America v. Waterhouse,* Del.Super., 424 A.2d 675 (1980).

*3 Here, there was no written contract between Whitfields and Eicholz. The oral agreement was merely for Eicholz to inspect the electrical installation at the property and to render his opinion as to its condition. It is not alleged that indemnification of Whitfields by Eicholz was agreed upon. The third party complaint merely alleges improper inspection by Eicholz, his report to Whitfields based on that inspection and Whitfields' reliance thereon in refusing to hold settlement under the contract with plaintiffs. This, at most, asserts a breach of contract by Eicholz. It does not assert a claim for indemnification or purport to set forth special circumstances from which a right to indemnification might flow. Cf. *American Ins. Co. v. Material Transit, Inc.,* supra.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                          Page 3
Not Reported in A.2d, 1985 WL 189262 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Because of the conclusions reached herein, it is not necessary to consider Eicholz's contentions that the claim is barred by laches.

In summary, the Court finds that the third party complaint (in its unamended form) when considered in the light of the plaintiff's complaint does not assert a claim upon which relief can be granted against the third party defendant under 10 *Del.C.* Ch. 63 because of the failure to file the third party complaint within three years after the third party defendant's alleged breach of contract and the failure to allege a claim under the theory of indemnification upon which relief can be granted.

Accordingly, third party defendant's motion to dismiss the third party complaint is granted. However, this Order shall not be effective until final action upon the pending motion of third party plaintiffs to amend the third party complaint.

Del.Super.,1985.
Ulmer v. Whitfield
Not Reported in A.2d, 1985 WL 189262 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

**Westlaw.**

Not Reported in A.2d                                                                                          Page 1
Not Reported in A.2d, 1987 WL 9605 (Del.Super.)
(Cite as: Not Reported in A.2d)

C
Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Joseph E. EASTRIDGE, Sr., Plaintiff,
v.
Robert O. THOMAS, and V.F.W. HOmes, Inc., a non-capital corporation of the State of Delaware, t/a J. Alliston O'Daniel V.F.W. Post # 465, Defendants.
Submitted: Oct. 10, 1986.
Decided: April 13, 1987.

Upon motion for summary judgment by defendant V.F.W. Homes, Inc. against plaintiff. DENIED. Upon motion for summary judgment by defendant V.F.W. Homes, Inc. against defendant Robert O. Thomas. GRANTED.

Robert B. Coonin, of Berkowitz, Greenstein, Schagrin & Coonin, P.A., Wilmington, for the plaintiff.
Robert J. Katzenstein, of Lassen, Smith, Katzenstein & Furlow, Wilmington, for defendant V.F.W. Homes, Inc.
Edward B. Carter, Jr., of Kimmel, Spiller & Weiss, P.A., Wilmington, for defendant Thomas.

MEMORANDUM OPINION

GEBELEIN, Judge.
*1 This is an action for damages for injuries suffered by plaintiff, Joseph Eastridge, Sr., as a result of an assault at V.F.W. Post 465, Newark, Delaware. Plaintiff has sued his purported assailant, Robert O. Thomas and V.F.W. Homes, Inc. (the owner of V.F.W. Post 465, hereafter referred to as "V.F.W."). Robert O. Thomas has cross-claimed against V.F.W.. V.F.W. has filed a motion for summary judgment against both parties. A brief summary of the facts is required.

I.

On May 5, 1984, plaintiff Joseph Eastridge, Sr. entered V.F.W. Post 465, Newark, Delaware, for the purpose of having a drink. Prior to his arrival at the V.F.W. Post, he had been drinking at another club. Subsequently, he was joined at the bar by his son, Joseph Eastridge, Jr.. At some point in time, Robert 0. Thomas, a defendant in this action, and his companion, Joe Munger, exchanged looks and words with Joseph Eastridge, Jr.. The hostility engendered by these words culminated in Joseph Eastridge, Jr. striking Thomas in the face. Thomas then asked the bartender to call the police; however, the manager instructed the bartender not to do so, because they (V.F.W.) did not want any trouble. Thomas' injury was treated with an ice pack and Joseph Eastridge, Jr. complied with an order by the barmaid to leave the bar. The police were not called.

Joseph Eastridge, Sr. and Thomas remained and began talking across the bar as each remained seated in his bar stool. The exchange of words concerned the incident between Thomas and Joseph Eastridge, Jr. and, based on the record, can accurately be characterized as unfriendly and openly hostile. It is alleged that at one point Eastridge confronted another patron sitting near Thomas. At some point in time thereafter, Thomas went to the bathroom and walked out the back door of the V.F.W. Club carrying a bottle of beer. Thomas returned to the bar approximately 5 to 10 minutes later, walked to where the plaintiff was sitting and purportedly without warning struck him in the face with the beer bottle. Testimony found in the depositions in the case indicate that Joseph Eastridge, Sr. had consumed approximately 5 to 6 drinks from the time of his arrival at the V.F.W. Club until he was allegedly struck by Thomas. Thomas, according to the testimony, had approximately 7 drinks prior to this incident.

The complaint alleges the negligent, willful or

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                     Page 2

Not Reported in A.2d, 1987 WL 9605 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

wanton act of the defendant, V.F.W. Homes, Inc., in that it served an intoxicated patron in violation of 4 Del. C. § 711. The complaint alleges that the intoxicated patron, Robert O. Thomas, subsequently assaulted the plaintiff, Joseph Eastridge, Sr. This claim has been referred to by defendant (V.F.W.) as plaintiff's dram shop claim. The complaint further alleges the negligence of the defendant in that it failed to provide a safe place for plaintiff by failing to exercise reasonable care under the circumstances to prevent a foreseeable harm. The alleged assailant, defendant Robert O. Thomas, cross-claims alleging the negligence of defendant, V.F.W. Homes, Inc., toward him. Defendant V.F.W. filed a motion for summary judgment on the basis that there is no genuine issue as to any material fact and that defendant V.F.W. is entitled to judgment as a matter of law.

## II.

*2 The general rule is that a proprietor of a public place, including a bar, is not an insurer of a patron against personal injuries inflicted by third persons on the premises, but is liable only when he is negligent. Wright v. Moffitt, Del. Supr., 437 A.2d 554 (1981); Bernardo v. Gino's, Inc., Del. Super., (C.A. No. 8OC-JA-76, Longobardi, J., April 1, 1982) ; Rankins v. Gawronski, Del. Super., (C.A. No. 1337, 1976, Stiftel, P.J., June 26, 1978). Neither defendant, Thomas, nor plaintiff have offered any authority to reverse the rule of law in Delaware that an injured patron of a bar cannot hold the bar owner strictly liable for injuries arising out of the serving of alcoholic beverages to an intoxicated person.

Although the V.F.W. is not an insurer of its patron's safety, it has a duty to exercise reasonable care to discover and protect patrons from reasonably foreseeable harm inflicted by other patrons. A possessor of land is required to protect a business invitee from unreasonable risks which are known to the possessor or might be discovered by the exercise of reasonable care. DiSabatino Brothers, Inc. v. Baio, Del. Supr., 366 A.2d 508 (1976). The V.F.W. may be held negligent if they had some notice of the possibility or likelihood of an assault based on the actions of Robert O. Thomas on the occasion of the incident or on previous occasions and took no action to adequately prevent such an assault.

The testimony by both Eastridge and Thomas concerning their exchange of words, the refusal of the manager of the V.F.W. to allow the barmaid to call the police as requested by a patron who had been assaulted, and the continued dispensing of alcoholic beverages to Thomas and Eastridge when, as reflected by the statements from the depositions, they may have been intoxicated and were exchanging heated words, clearly raises a factual issue. Taking these facts and the inferences from these facts in a light most favorable to the non-moving plaintiff, issues of fact exist which bar summary judgment for V.F.W. as to plaintiff Eastridge. Whether the manager or barmaid were in a position to anticipate the assault, or whether as a prudent manager and prudent employee of the club respectively, they might have been reasonablyexpected to have anticipated the attack and taken measures to prevent it, are questions of fact to be decided by a jury after viewing all of the evidence. The reasonableness of their action or their lack of action under the circumstances is a fact issue that must be evaluated at trial by the jury and not upon a motion for summary judgment. Rankins, supra.

## III.

V.F.W. has also moved for summary judgment as to defendant Thomas' cross-claim against V.F.W. . Thomas contends that V.F.W. breached a duty to control its patrons and that this breach of duty proximately caused Thomas' assault on plaintiff Eastridge. Finally, Thomas claims for indemnification and/or contribution by V.F.W. should he be liable to plaintiff for damages.

It is an elementary tenant of the law of indemnity and contribution that such a cause of action will not arise for an unlawful or illegal act by a party, not expressly approved or authorized by the party against whom relief is sought. See 41 Am. Jur. 2d, Indemnity, §§ 11,19 et. seq. and 18 Am. Jur. 2d,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                         Page 3
Not Reported in A.2d, 1987 WL 9605 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Contribution, §§ 35, 37 et seq.. Thus, in a case such as this where the act complained of is an intentional tort by Thomas, no contribution or indemnification will lie.

\*3 Finally, Thomas alleges negligence against V.F.W. for failing to prevent him from attacking Eastridge, Sr. . The court is of the opinion that under these circumstances no reasonable jury could conclude that any negligence of V.F.W. was the proximate cause of Thomas' intentional tort. For these reasons, V.F.W. 's motion for summary judgment as to the cross-claim of Thomas is GRANTED.

IT IS SO ORDERED.

Del.Super.,1987.
Eastridge v. Thomas
Not Reported in A.2d, 1987 WL 9605 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.