# TIGHE, COTTRELL & LOGAN, P.A.
## *Attorneys at Law*

704 NORTH KING STREET, SUITE 500
P.O. BOX 1031
WILMINGTON, DELAWARE 19899
Telephone Number: (302) 658-6400
Telecopier Number: (302) 658-9836
WRITER'S EMAIL: p.cottrell@lawtcl.com

| NEW JERSEY OFFICE: | MARYLAND OFFICE: | PENNSYLVANIA OFFICE: |
|---|---|---|
| 13 WEST AVENUE | 1220-C EAST JOPPA ROAD | 2017 SPRING GARDEN STREET |
| P.O. BOX 303 | SUITE 505 | PHILADELPHIA, PA 19130-3804 |
| WOODSTOWN, NJ 08098 | TOWSON, MD 21286 | |

October 3, 2006

The Honorable Gregory M. Sleet
U.S. District Court for the District of Delaware
844 North King Street
Room 4209, Lock Box 19
Wilmington, DE 19801

      Re:  **Donald M. Durkin Contracting, Inc. v. City of Newark, et al.**
      **C.A. No. 04-163-GMS**

Dear Judge Sleet:

      I offer the following as City of Newark's response to URS Corporation's Memorandum In Support of Its Motion for Summary Judgment. In URS's memorandum, URS argues that there is no right to contribution under 42 U.S.C. § 1983. In support of this argument, URS cites *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 777 (1981) and claims that "most cases decided since Northwest Airlines have held that there is no right of contribution under §1983." This is an incorrect statement of the law in the Third Circuit.

      "Courts within the Third Circuit often recognize a right to contribution in § 1983 cases as a matter of federal common law." *Klaitz v. New Jersey*, 2006 WL 1843115, C.A. No. 04-529, (Dist. Ct. N.J. 2006). In *Miller v. Apartment & Homes of New Jersey, Inc,*, 646 F.2d 101 (3rd Cir. 1981), the court held that a federal right to contribution exists for § 1983 claims. *Fishman v. DeMeo,* 604 F. Supp. 873, 875-877 (E.Dist. P.A. 1985) held that *Miller*'s statement that a federal right to contribution exists under § 1983 was dicta, but the district court was still compelled to follow Miller and find that a federal right to contribution for claims brought under §1983 exists.

      Post *Miller*, some courts outside of the Third Circuit have refused to recognize a right of contribution under §1983. "However, it is clear that Miller has never been overturned in the Third Circuit." *Klaitz v. New Jersey*, 2006 WL 1843115, C.A. No. 04-529, (Dist. Ct. N.J. 2006).

      In *Fishman*, the Court examined the viability of *Miller* in light of the Supreme Court decision in *Northwest Airlines*. The Court found that despite the Supreme Court's holding in

*Northwest*, *Miller* continues to be binding on district courts in the Third Circuit. *Fishman* held that the decision in *Northwest* failed "to resolve the question whether contribution ought to be available as a matter of federal law in actions brought under section 1983." The court in *Alexander v. Hargrove*, 1994 WL 4444728, No. Civ. 93-5510 (E.Dist. P.A. 1994), agreed with "Fishman's analysis on the binding effect that Miller has on the Court."

URS's reliance on *Northwest* is inaccurate, as the recent 2006 *Klaitz* decision affirms that *Miller* remains good law in the Third Circuit. Therefore, Newark has a proper-third party contribution claim against URS as to Durkin's civil rights claim.

    Respectfully,

    TIGHE, COTTRELL & LOGAN, P.A.

    By:    /s/ Paul Cottrell
          Paul Cottrell

cc:    James S. Green, Esquire
       Paul Logan, Esquire
       David Bolger, Esquire