# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

## CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
## TO PLAINTIFF'S MOTION TO PRECLUDE
## ADDITIONAL AFFIRMATIVE DEFENSES

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

October 3, 2006

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Newark's Affirmative Defenses Provide Sufficient Notice . . . . . . . . . . 1

    B.   Durkin's Discovery Has Been Focused on the Very Topic on
        Which it Now Seeks to Exclude Evidence . . . . . . . . . . . . . . . . . . . . . . 2

    C.   Even If Newark's Affirmative Defenses Do Not Provide Sufficient
        Notice, Newark Should Be Allowed To Amend to Reflect Issues
        Which Have Been Tried By Consent . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.   Durkin Had An Affirmative Burden To Establish the City Policy
        Which Affected Durkin's Constitutional Rights, Therefore Newark
        May Offer Related Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    E.   Durkin's Failure to State a Claim and its Substantive Arguments
        Regarding its Civil Rights Claim are Not Supported By the Law . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## **TABLE OF AUTHORITIES**

**Case**                                         **Page**

*Carrigan v. State of Del.*, 957 F. Supp. 1376 (D. Del. 1997) . . . . . . . . . . . . . . . . . . . . . . 5

*France Telecom S.A. v. Novell, Inc.,* 2002 WL 31355255 (D.Del.) . . . . . . . . . . . . . . . . 2

*Grieff v. T.I.C. Enterprises, LLC*, 2004 WL 115553 (D.Del) . . . . . . . . . . . . . . . . . . . . . 2

*Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978) . . 4,5

*Piecknick et al v. Commonwealth of Pennsylvania, et al,*
    36 D.3d 1250 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*S.K.A. Steel Trading v. Penn Terminals, Inc.*, 1998 WL 964195 (E.D. Pa.). . . . . . . . . . 2

**Other Authority**

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FRCP 15(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

FRCP 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

Plaintiff Donald M. Durkin ("Durkin") filed a Motion to preclude Newark from offering additional affirmative defenses. This is City of Newark Defendants' Answering Brief.

**SUMMARY OF ARGUMENT**

Newark's affirmative defenses provide sufficient notice under federal procedural requirements. Durkin's discovery has been focused on the very issue on which Durkin now seeks to exclude evidence, showing it had notice and there would be no prejudice by allowing such evidence, so even if the Court finds the affirmative defenses deficient, Newark should be allowed to amend its pleadings under Rule 15. Durkin has an affirmative duty to introduce evidence of the termination process, so Newark must be allowed to offer related evidence in defense of that element. Finally, Durkin has failed to state a claim and substantively meet its burden so its civil rights claim fails.

**ARGUMENT**

**A.      Newark's Affirmative Defenses Provide Sufficient Notice**

"The federal rules of civil procedure require only notice pleading, which requirement is equally applicable to the pleading of affirmative defenses." *S.K.A. Steel Trading v. Penn Terminals, Inc.*, 1998 WL 964195 at *1 (E.D. Pa.). Magic words are not necessary, and the defense must simply put the court and the defendant on notice of the issues involved. *Id.* The Federal Rules intend a liberal pleading standard. *France Telecom S.A. v. Novell, Inc.,* 2002 WL 31355255 at *2 (D.Del.). "As long as the pleading clearly indicates the allegations of the complaint are to be placed in issue, [an] improper designation should not prejudice the pleader." *Grieff v. T.I.C. Enterprises, LLC*, 2004 WL 115553 at *3 (D.Del).

In its *Answer* (D.I. 7), Newark pleads the following affirmative defenses which, under notice pleading, put Plaintiff on sufficient notice that good faith and immunity would be raised as defenses:

> 5.   Answering defendants are immune pursuant to the doctrine of Legislative Immunity.
> 6.   Answering defendants are immune from suit under the doctrines of Subjective and Objective Good Faith Immunity.

Identification of "good faith" and "immunity" are clear under the affirmative defenses and sufficient under the liberal federal rules of notice pleading.

The defense of "good faith," that is, whether the Councilmembers voted to terminate in good faith, requires a showing of what the Councilmembers knew, and when. The defense of "immunity" is inextricably intertwined, as whether the Councilmembers knew what they were doing was wrong, requires a showing of what they knew in the first place!

**B.   Durkin's Discovery Has Been Focused on the Very Topic On Which it Now Seeks to Prevent Evidence**

This "process" of who knew what, and when, and whether the Councilmembers had "good" information, has been made a central issue by Durkin itself so it cannot fairly claim now that it is surprised by Newark's offer of evidence on the very same topic. For example, the depositions read into evidence by Durkin of Councilmembers Rewa, Clifton and Farrell, were directed almost in their entirety to questions regarding what the Councilmembers knew leading up to the time of termination. Durkin's motion related to destruction of the briefing packets was directed at what the Councilmembers had in their possession at the time of termination. In his deposition, Durkin questioned Carl Luft, City Manager, about his knowledge and about what he advised the Councilmembers. Similarly Carol Houck, the assistant to the City Manager, was

questioned over four days about the termination process and the events leading up to the termination decision.

### C. Even if Newark's Affirmative Defenses Do Not Provide Sufficient Notice, Newark Should be Allowed to Amend To Reflect Issues Which Have Been Tried By Consent

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading by leave of court when justice so requires. Rule 15(b) provides "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." If the evidence is objected to at trial on the ground that it is outside the issues made by the pleadings:

> the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. *Id.*

Rule 15(b) provides that amendment may be made at any time, even after judgment. Here, Durkin itself has raised the issue of Councilmembers' knowledge, even if the Court finds that the affirmative defenses provide insufficient notice, the Court should under Rule 15, allow amendment of the pleadings to conform accordingly. Further, there can be no prejudice because Durkin has fully explored the mindset of the City staff and the Councilmembers through discovery.

### D. Durkin Has An Affirmative Burden to Establish The City Policy Which Affected Durkin's Constitutional Rights, Therefore Newark May Offer Related Evidence

A local government can only be liable when the action was pursuant to official governmental policy, which policy caused a constitutional tort. *Monell v. Department of Social*

*Services of City of New York,* 436 U.S. 658 (1978).  Durkin thus has the burden of introducing evidence of a governmental policy which infringed its constitutionally protected right.  Durkin has this affirmative burden to prove an element of its claim.  Presumably, Durkin has therefore made the City's policy and procedure an issue, as recently as its Motion for Sanctions in which it sought documents related to City procedure as it related to the termination.  Again, Durkin has investigated this very topic through discovery and cannot be allowed to deny Newark the right to rebuttal.

> E. **Durkin's Failed to State a Claim and its Substantive Arguments Regarding its Civil Rights Claim Are Not Supported by the Law**

Durkin contends only that its due process was violated and baldly asserts that it has demonstrated a *prima facie* case, but has never identified, nor offered evidence, of a constitutionally protected right that was violated by that process.  For the first time, in its *Motion* of October 2, 2006 filed at 9:43 pm, Durkin refers, through citing a court decision, to an actual constitutional right.   Durkin's *Complaint* claims generally that the City violated its due process.  (Para. 145).  In response to Newark's Interrogatory requesting the basis for the civil rights claim, Durkin similarly alleged a general violation of due process.  **No constitutional right was been identified** prior to the fifth day of trial, and even then it was not through evidence, but improperly through an unrelated motion.  Newark raised the deficiency in its *Motion in Limine (*D.I. 151) which was not denied substantively, but as untimely.  Durkin's claim should be dismissed under FRCP 12(b)(6), which was specifically plead as an affirmative defense.

The Due Process Clause protects against deprivation of liberty, life and property so it is insufficient to say that the process was denied if there is also not a showing that a constitutionally-protected right was violated in the process.  Durkin had an affirmative obligation

in order to sustain its claim, to offer such evidence, and at the close of its case, has failed to do so. FRCP 50(a), see also *Carrigan v. State of Del.*, 957 F. Supp. 1376, 1387 (D. Del. 1997)(providing governmental immunity if the rights and law at issue have not been clearly established, among other requirements). Durkin's untimely *Motion* regarding affirmative defenses attempts to improperly "clean up the record." Durkin's claim should be dismissed under FRCP12(b)(6) or judgment should be entered under FRCP 50.

Durkin argues in its *Motion* regarding affirmative defenses that injury to reputation is actionable. While courts have allowed claims for damage to business under §1983, courts have also ruled that the Constitution only protects against state actions that threaten to deprive a person from pursuing their occupation. "It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." *Piecknick et al v. Commonwealth of Pennsylvania, et al,* 36 D.3d 1250, 1259 (3d Cir. 1994). In this case, Durkin was terminated from one job and no official governmental policy of Newark deprived Durkin from pursuing its profession. In fact, Durkin could have worked if personal guarantees were provided and could have pursued private projects not requiring bonding. See Exhibit A, Deposition of Donald Durkin, Pages 147 and 205. The cases cited by Durkin concern ongoing state police towing assignments and state failure to provide federally mandated housing relocation; both reflect ongoing administration of a governmental policy, unlike the instant case which concerns a single act by Newark.

Durkin's own disparagement of the method by which Council relies on the City Manager attempts to convert the Council/Manager form of government itself into a civil rights action. There is no reason (and none has been offered) that the Council cannot rely on the City Manager, and in doing so, Council has not implicitly violated the United States Constitution.

Since the few cases addressing such an application of §1983 reflect ongoing governmental action, and in this case Newark performed only one act and Durkin could have pursued other work, Durkin's §1983 should fail as a matter of law.

## CONCLUSION

WHEREFORE, City of Newark Defendants respectfully request that this Court deny Durkin's Motion and if it deems appropriate permit amendment to Newark's pleadings.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*