IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. ) | Civil Action No.: 04-0163 GMS |
| ) |  |
| Plaintiff, ) |  |
| vs. ) | JURY TRIAL DEMANDED |
| ) |  |
| CITY OF NEWARK et al. ) |  |

**CITY OF NEWARK DEFENDANTS' MOTION FOR DIRECTED VERDICT**

COMES NOW City of Newark Defendants ("Newark") and respectfully request that this Court direct a verdict in their favor on all of Plaintiff's claims. FRCP 50 provides that judgment shall be entered as a matter of law at the close of a party's case if the evidence is legally insufficient. Newark asserts that the evidence offered by Durkin in its case is legally insufficient as to each of its claims and in support thereof offer the attached Opening Brief. :

**I.   BREACH OF CONTRACT**

    **A.   The Measure of Damages for Breach of Contract is a Question of Law to be Determined by the Court**

Durkin is seeking certain types of damages not allowable under the contract or under Delaware case law. The proper measure of damages is a question of law to be determined by the Court. See e.g. *Council of Unit Owners of Sea Colony East, Phase III Condominium, on Behalf of Ass'n of Owners v. Carl M. Freeman Associates, Inc.*, 564 A.2d 357 (Del.Super.,1989) (ruling on parties' pretrial Motions in Limine to establish proper measure of damages). The Memorandum attached at Exhibit A details damages as to the breach of contract and civil rights claim; conversion damages are discussed below.

### B. Durkin is Asserting an improper design claim against a layperson

Durkin's claim against Newark arises out of the design of the reservoir which Durkin contends was impossible to construct, or at least required extraordinary means and methods. Don Durkin's trial testimony focused almost exclusively on alleged problems with the design. The design documents which Durkin contends were problematic were prepared by URS. As to architects and engineers, the Delaware Supreme Court has ruled that "the standard of care applicable to a professional can only be established by way of expert testimony." *Seiler v. Levitz Furniture Company,*, 367 A.2d 999, 1008 (Del. Supr. 1976), citing *Bloomsburg Mills, Inc. v. Sordoni Construction Company,* 164 A.2d 201, 203 (Pa. 1960). Also citing the *Bloomsburg Mills* decision, the Commonwealth Court of Pennsylvania recently granted summary judgment to a project owner on a contractor's claims of design errors. *Guy M. Cooper v. East Penn School District,* 903 A.2d 608 (Pa. Cmwlth. 2006). Summary judgment was appropriate because the contractor failed to present sufficient evidence of the designer's failure to perform under its contract with the owner. *Id.* at 617. The Court found that the contractor's expert report did not describe the standard of care, did not describe a breach and did not identify defective drawings. *Id.* The decision was also based on the fact that the contractor had reviewed the contract documents prior to bidding and found no design errors. *Id.*

The *Guy M. Cooper* case is completely analogous to this action. Durkin reviewed the contract documents prior to bidding and found no errors. Durkin failed to present evidence of the standard of care and failed to identify a breach of that standard. Durkin's expert, Thomas Ramsey, is not even qualified to offer such an opinion as he is not a Delaware licensed engineer. *Livesay v. Heagy*, 2004 WL 3928262 (Del.Super.) (barring an engineer from testifying since he

was not registered in Delaware). Nor did Dr. Craig Calabria offer an opinion regarding the standard of care.

Durkin has asserted a design claim against a layperson, which itself should be impermissible, but has also failed to satisfy its burden as to a design error. If the Court finds that Durkin's claim is appropriate nonetheless, then Newark should be allowed its breach of contract action against URS because URS provided the design, and Newark relied on URS in considering Durkin's design error claims.

## II.     CIVIL RIGHTS

42 U.S.C.A. § 1983 secures protection for any rights, privileges, or immunities secured by the Constitution and laws. Durkin alleges simply a violation of due process. The Due Process Clause protect against governmental actions which threaten life, liberty or property. Durkin has not identified, nor has offered any evidence, as to which of these three constitutionally-protected rights have been violated, and it is insufficient to say that the process was denied if there is also not a showing that a constitutionally-protected right was violated in the process.

The right to life is obviously not implicated, so a liberty or property interest must be at issue. See *Helman v. State,* 784 A.2d 1058, 1068 (Del. Supr. 2001). As set forth more fully in Newark's *Motion in Limine as to Plaintiff's Civil Rights Claim* (D.I. 151), Durkin's contract with Newark does not give rise to a protectible property interest**.** *Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*, 49 F.3d 915 (3rd Cir. 1995). Although the Third Circuit used New Jersey law to interpret the contract in *Linan-Faye,* the Court's analysis of the federal statute would be controlling.

As to a potential liberty interest, Durkin's civil rights count in its *Complaint* simply

references harm to its reputation. Delaware law provides that "damage to one's reputation resulting from disclosure of negative information does not by itself give rise to a constitutional claim." *Helman* at 1071, citing *Paul v. Davis*, 424 U.S. 693, 701 (1976). The stigmatizing effect "must be accompanied by the alteration of a right or status previously recognized by state law." *Id*. Durkin has identified no such liberty right in the first instance and has withdrawn its defamation claim.

Durkin asserted in its *Motion* regarding affirmative defenses that injury to reputation is actionable. While courts have allowed claims for damage to business under §1983, courts have also ruled that the Constitution only protects against state actions that threaten to deprive a person from pursuing their occupation. "It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." *Piecknick et al v. Commonwealth of Pennsylvania, et al,* 36 D.3d 1250, 1259 (3d Cir. 1994). In this case, Durkin was terminated from one job and no official governmental policy of Newark deprived Durkin from pursuing its profession. In fact, Durkin could have worked if personal guarantees were provided and could have pursued private projects not requiring bonding

In order to prevail upon its Civil Rights claim against the Councilmembers, the Court must be satisfied (1) that Durkin's allegations state a claim for a violation of a right secured by the United States Constitution, (2) that the rights and law at issue are clearly established; and (3) that a reasonably competent official should have known that his conduct was unlawful, in light of the clearly established law. *Carrigan v. Delaware*, 957 F. Supp. 1376, 1387 (D. Del. 1997). If this standard is not met, governmental officials have qualified immunity. *Id.* Immunity applies when the official, based on information available to him, believes his conduct conforms to

general legal principles. *Id.* at 1387. Durkin has incorrectly stated the law: immunity under **is** available to officials under §1983 on the basis of good faith, but not to the municipality for governmental functions, based on the reasoning that a government has no "discretion." *Owen v. City of Independence*, 445 U.S. 622, 657 (stating "The offending official, so long as he conducts himself in good faith, may go about his business secure in the knowledge that a qualified immunity will protect him from personal liability for damages"). A local government can only be liable when the action was pursuant to official governmental policy, which policy caused a constitutional tort. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658 (1978).

It is the function of the Court to determine whether a right has been clearly established (*Carrigan* at 1387) and Durkin has failed to meet its burden. Durkin has failed to identify a constitutional right, failed to introduce evidence of violation of any constitutionally-protected right, and has failed to offer any evidence that any of the Councilmembers knew their conduct was unlawful. As to the City, Durkin has failed to show evidence that a governmental policy caused a constitutional violation. Therefore, judgment should be entered in Newark's favor.

### III.  CONVERSION

Durkin has withdrawn all tort claims except its count for conversion.

#### A.  Newark Had Lawful Justification for Retaining Materials and Has Paid for the Materials

Conversion occurs when a party interferes with chattels without lawful justification. *Van Dyke v. Pennsylvania R. Co.,* 86 A.2d 346, 352 (Del.Super. 1952). Durkin has not identified the chattels which it contends have been converted, and has failed to submit any evidence of damages. If Durkin is referring to materials which remained at the site after termination, all such

materials had been ordered specifically for the project and the contract gave Newark the right to retain such materials.  Newark was therefore lawfully justified in retaining the materials so cannot be liable for conversion.  More importantly, the damages sought by Durkin would presumably represent the value of the materials remaining at the reservoir project, for which Newark paid the subcontractors directly.  Judgment should be entered for Newark.

WHEREFORE, City of Newark Defendants respectfully request that this Court enter judgment in favor of Newark on all claims, and in the alternative, limiting Plaintiff's damages**.**

>TIGHE, COTTRELL & LOGAN, P.A.
>By: /s/ Paul Cottrell
>Paul Cottrell (Delaware I.D. No. 2391)
>Victoria K. Petrone (Delaware I.D. No. 4210)
>704 N. King Street, P.O. Box 1031
>Wilmington, DE 19899
>P:  (302) 658-6400
>F:  (302) 658-9836
>email:  p.cottrell@lawtcl.com
>> *Attorneys for Defendants City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

October 3, 2006