**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. ) | Civil Action No.: 04-0163 GMS |
| ) | |
| Plaintiff, ) | |
| vs. ) | JURY TRIAL DEMANDED |
| ) | |
| CITY OF NEWARK et al. ) | |

**CITY OF NEWARK DEFENDANTS' DAMAGES MEMORANDUM**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
F:  (302) 658-9836
email:  p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F.
Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
and Christina Rewa*

October 3, 2006

I. **DAMAGES FOR BREACH OF CONTRACT**

   A. **Durkins Damages Are Limited To Those Identified In The Contract; The Contract Limits Damages to Payment For Completed Work and Prohibits Recovery Of Economic Damages and Professional Fees**

Damages are outlined by the parties' contract. In event of termination, the contract provides that Durkin is entitled to payment for completed work plus termination expenses. Contract, Para. 15.4  Durkin still contends it is entitled to a time and materials re-valuation of the contract (nothwithstanding this Court's denial of its Motion in Limine, filed at D.I. 193), but Article 11 (cited by Durkin in support of its damages) applies only to change orders. At the time of termination Durkin had been paid $6,230,745 and was only owed $239,682.43. Nonetheless Durkin is seeking breach of contract damages in excess of $5 million, and the Court should determine, as a matter of law, the appropriate measure of damages.

The contract also states that Durkin "shall not be paid on account of loss of anticipated profits or revenue or other economic loss arising out of or resulting from such termination." *Id.* The contract only allows recovery of attorney and professional fees incurred in terminating Durkin's subcontract and supplier agreements. Contract, Paras. 17.5 and 15.2.4.

Durkin is not entitled to a quantum meruit valuation of damages. The quantum meruit concept has no application where the parties are subject to an express contract. *Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781 at *14 (Del. Super. Jan. 28, 2001), *Stoltz Realty Co. v. Paul,* 1995 WL 654152 at *10 (Del. Super. Sept. 20, 1995). Delaware courts have only accepted the total cost method only when there was no pre-contracted rate or price. *Dick Baker Home Improvements v. Anderson* 2003 WL 22931395 (Del.C.P May 10, 2003).

Here, Durkin and Newark had an express contract for a specific lump sum amount. Durkin can only recover up to the outstanding amount that was due under the contract at the time of termination, which is $239,682.43. December 30, 2003 letter from Newark to Durkin, NEW00542, Newark Jury Notebook, page 56.

    B.    **If the Contract Limitation Doesn't Apply, Delaware Law Also Limits Damages to Payment for Completed Work and Prohibits Recovery of Economic Damages and Professional Fees**

Durkin has argued that Article 11 of the contract provides a measure of damages, however this Article applies only to change orders and is therefore not relevant to this case. The only remaining contractual provision regarding damages is the termination clause, and should the Court find that the termination for convenience clause is inapplicable for failure to give notice then the Court must apply the Delaware common law rule. According to Delaware law, the non-breaching party is entitled to compensation of an amount sufficient to return the party to the position they would have been had the breach not occurred. *J.J. White, Inc. v. Metropolitan Merchandise Mart, Inc.*, 107 A.2d 892, 894 (Del.Super.1954). Had the contract not been terminated, at the time of termination Durkin was only entitled to payment for work performed which totaled $239,682.43.

Delaware law provides that good will, lost future profits, and lost customers are not awarded in breach of contract actions. *Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663 at *3 (Del.Super.,1994) (granting motion in limine in the breach of contract action with respect to loss of good will, lost future profits, and lost customer base and quoting "Delaware courts have consistently found these damages to be speculative in nature, and; therefore, have barred recovery for them." *Tanner v. Exxon Corp*. Del.Super., C.A. No. 79C-01-005, Stiftel, J. (July 23,

1981), Letter Op. at 5), see also *Chemipal Ltd. v. Slim-Fast Nutritional Foods Intern., Inc.,* 350 F.Supp.2d 582, 595 (D.Del.,2004), ruling that damages for reputational harm are not recoverable in Delaware and granting the Motion to Preclude Testimony on that point).

The "American Rule," followed in Delaware, provides that each party pay its own litigation costs absent a statutory, equitable or contractual provision. *Brice v. State, Dept. of Correction*, 704 A.2d 1176, 1179 (Del.Supr. 1998). There is no applicable statute. The equitable exception for bad faith, wanton or vexatious behavior only applies in extraordinary cases. *Id.* The only relevant contract provision, discussed *supra*, applies to the costs for terminating subcontract and supplier agreements.

## II.    DAMAGES FOR CIVIL RIGHTS CLAIM

### A.    Durkin Is Only Entitled to Damages Which Would Put it in as Good a Financial Position as it Would Have Been Had There Been No Violation and Durkin Has Failed to Mitigate its Damages

42 U.S.C. §1983 "creates a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253 (1978). A party injured by the commission of a tort is entitled, as damages, to be put in as good a financial position it would have been had there been no tort. *Coleman v. Garrison*, 281 A.2d 616, 619 (Del.Super. 1971). Here Durkin admits it had virtually no other jobs at the time of termination, was losing $6 million dollars on the project, and had lost hundred of thousands of dollars in each of four out of the five years preceding 2004. Deposition of Donald Durkin Page 205, Lines 5-7 and trial testimony of Michael Durkin and Donald Durkin, and Plaintiff's Answers and Objections to the City of Newark's First Set of Interrogatories No. 40. Therefore, any payment by Newark would put Durkin in a **better** position financially than it

would have been without termination, so Durkin is not entitled under Delaware law to any damages.

An injured party is also obligated to mitigate its damages. *Id.*, *Katz v. Exclusive Auto Leasing, Inc.*, Del.Super., 282 A.2d 866, 868 (1971). Durkin could have worked if personal guarantees were provided and could have pursued private projects not requiring bonding. Plaintiff's Answers and Objections to the City of Newark's First Set of Interrogatories No. 27. Durkin's only full-time employees are the three Durkin brothers; and when there is no work, there are no other employees. Deposition of Donald Durkin, Page 159-160, Lines 17 through 13. Further, Durkin owns virtually all of its equipment. Dep. Donald Durkin, Page 13, Lines 19-20.

Durkin has the burden to prove its damages but has provided no documentation, despite Newark's request, evidencing any jobs which it would have been awarded **but for** the termination. Plaintiff's Answers and Objections to the City of Newark's First Set of Interrogatories Nos. 25 and 26, and July 21, 2006 Email from Victoria Petrone to Paul Logan. Any testimony by Durkin on this point would be speculative and conjectural, and therefore insufficient to support an award of damages. *Coles v. Spence,* 202 A.2d 569, 571 (Del. 1964).

### III.   PUNITIVE DAMAGES

**A.   Durkin Is Not Entitled to Punitive Damages for its Breach of Contract or The Civil Rights Claims**

"In cases in which the breaching party's non-performance was based on that party's belief that a meritorious defense exists, Delaware courts have held as a matter of law that plaintiffs are not entitled to seek punitive damages." *Reiver v. Murdoch & Walsh, P.A.*, 625 F. Supp. 998, 1015 (Del. D. 1985)

Punitive damages require, under Delaware law, finding that Defendant's actions were motivated by "some form of malice; that is, by ill-will, hatred, spite, or a conscious desire to do injury and hurt the plaintiffs." *Guthridge v. Pen-Mod, Inc.*, 239 A.2d 709, 715 (Del.Super. 1967). There has been no evidence which would satisfy this high standard to support an award of punitive damages.