**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

**PLAINTIFF'S SECOND MOTION FOR SANCTIONS**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE 37(b), (c) and (d)**

                                      **POWELL, TRACHTMAN, LOGAN,**
                                      **CARRLE & LOMBARDO, P.C.**
                                      Paul A. Logan
                                      Delaware Supreme Court ID #3339
                                      475 Allendale Road, Suite 200
                                      King of Prussia, PA 19406
                                      Telephone: 610-354-9700
                                      Telefacsimile: 610-354-9760
                                      *Attorneys for Plaintiff and Third Party*
                                      *Defendant Donald M. Durkin Contracting*

Dated: October 4, 2006

1. Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default.

2. Durkin files this Second Motion for sanctions under Federal Rule of Civil Procedure 37(b), (c) and (d) based upon the extraordinary prejudice to Durkin by virtue of documents improperly withheld until by the City after Durkin had rested its case-in-chief.

3. Durkin filed its first Motion for Sanctions on September 22, 2006, based upon a pattern and practice of discovery abuses by the City. (D.I. 246)

4. The Court granted Durkin's Motion for Sanctions, dismissing the City's Counterclaim with prejudice and precluding the City from relying upon its affirmative defense to Durkin's breach of contract claims. (D.I. 268)

5. As part of the oral argument made by counsel for the City on the Motion for Sanctions, and prior to the commencement of Durkin's case-in-chief, it was represented to Durkin and the Court by counsel for the City that the City would produce 16 of the 19 documents listed in Durkin's Motion and legal memoranda that Durkin claimed were discoverable and not subject to any proper claim of privilege.

6. Durkin completed the presentation of evidence in its case-in-chief as of October 3, 2006.

7. At the conclusion of its case-in-chief, Durkin notified the Court that the documents which the City had promised to produce had not yet been produced.

8. No explanation or excuse was offered by the City as to why those documents were not produced either prior to or during the presentation of Durkin's case-in-chief.

9. At 2:30 p.m. on October 3, 2006, the City produced nineteen (19) pages of documents that had been previously withheld by the City under one or more claims of privilege.

10. The documents in the City's production on October 3, 2006 provide confirmation that the City administration and City Council were discussing termination of Durkin's contract at least one week in advance of the Council meeting on February 2, 2004, and that City Council was provided with "confidential reports"—which have not been provided even as of the date of this Motion—that outline the steps to be taken to terminate Durkin's contract, all of which is in direct contradiction to the sworn

testimony of those City Councilpersons (see Exh. A. to Durkin's Opening Brief in Support of the Second Motion for Sanctions at NEW00225).

11. The documents in the City's production on October 3, 2006 confirms that as of January 23, 2004, litigation counsel for the City had recommended that Durkin be declared in default and that their services be terminated, which is in direct contradiction of testimony adduced at trial from Ms. Houck and the Council members, who all stated that it was Mr. Luft's recommendation that Durkin be terminated. This also provides further confirmation that the City administration **and City Council** were specifically notified in advance of the termination vote that the City had not taken steps to declare Durkin in default of its contract. (see Exh. A. to Durkin's Opening Brief in Support of the Second Motion for Sanctions at NEW00225)

12. The documents in the City's production of October 3, 2006 confirms that there were discussions at the Executive Session held on February 2, 2004 concerning the computation of funds available to complete the project, as well as specific mention of the $276,000 that was being withheld from Durkin by the City, none of which appears in the official meeting minutes generated and produced by the City pursuant to this Court's order. (see Exh. A. to Durkin's Opening Brief in Support of the Second Motion for Sanctions at NEW00151)

13. The documents in the City's production of October 3, 2006 confirms that as early as March 27, 2004, City Council was instructing litigation counsel to request, and that City Council believed that URS Corporation was "not convincing" and that URS "needs more time", none of which was reflected in the testimony of City Council members who were deposed.

14. The documents in the City's production of October 3, 2006 include a letter dated April 20, 2004, from Roger A. Akin, City Solicitor, to James W. Semple, then-counsel for URS, in which Mr. Akin outlines a plan to advise City Council not to ask any questions of URS during a public presentation concerning the reservoir, and that the matter not be opened to public debate, but reserved for a question-and-answer session to be conducted in an Executive Session. (see Exh. A. to Durkin's Opening Brief in Support of the Second Motion for Sanctions at NEW00350)

15. The documents in the City's production of October 3, 2006 include an undated note from Carl Luft that reads "I am responsible and would like to see it through. If there was a mistake, it was that I trusted & believed the experts who we hired…and so did everyone else from the City" and a draft letter

from Carl Luft to City Council dated May 24, 2006, offering his resignation. (see Exh. A. to Durkin's Opening Brief in Support of the Second Motion for Sanctions, NEW00269, New00269A)

16. The records that have been produced by the City on October 3, 2006, do not fall within any recognized legal privilege that would exempt them from the request for production of documents that was propounded by Durkin at the inception of this case.

17. The documents produced today reflect a previously undisclosed and significant level of knowledge and awareness by City Council and City administration of the legal infirmities in the termination of Durkin without providing the prior seven day written notice, and a commitment to delay the ultimate resolution of this case, to the extreme detriment and prejudice of Durkin, all of which was never disclosed to Durkin or available to Durkin from any other source.

18. Timely disclosure of the documents produced on October 3, 2006 would have provided issue-dispositive evidence to support Durkin's motion for preliminary and permanent injunctive relief that was filed in April of 2004, and avoided the millions of dollars expended by Durkin and destruction of their reputation and business (D.I. 5).

19. The documents reveal a willful, purposeful and calculated concealment of highly relevant evidence, both to Durkin and to the public, in order to maximize the City's changes of a favorable outcome in the litigation without a proper legal basis for asserting the defenses pled by the City in this lawsuit, all of which was done at the expense of, and the deliberate and conscious disregard to the rights of Durkin.

20. The conduct of the City in withholding this evidence has fatally prejudiced Durkin in the discovery and prosecution of its case.

21. Under the circumstances, the only appropriate sanction to be imposed is a judgment of default in favor of Durkin and against the City on Durkin's civil rights and conversion claims.

WHEREFORE, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for Sanctions Under Federal Rule of Civil Procedure 37(b), (c) and (d) and enter a judgment of default against the City on the civil rights and conversion, to enter a directed verdict on the breach of contract claims, award Durkin its counsel fees incurred as of the date the Motion for Preliminary and Permanent Injunction was filed, together with such additional relief as this Court deems necessary or appropriate.

                                                    **POWELL, TRACHTMAN, LOGAN,**
                                                    **CARRLE & LOMBARDO, P.C.**

                                                    By: \_/s/\_ Paul A. Logan_____
                                                    Paul A. Logan
                                                    Delaware Supreme Court ID #3339
                                                    475 Allendale Road, Suite 200
                                                    King of Prussia, PA 19406
                                                    Telephone: 610-354-9700
                                                    Telefacsimile: 610-354-9760
                                                    *Attorneys for Plaintiff and Third Party*
                                                    *Defendant Donald M. Durkin Contracting*

Dated: October 4, 2006