## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

## ANSWERING BRIEF OF PLAINTIFF
## IN RESPONSE TO THE CITY OF NEWARK'S
## <u>MOTION FOR DIRECTED VERDICT</u>

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: October 4, 2006

**TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDINGS | 1 |
| II. | SUMMARY OF ARGUMENT AND CONCISE STATEMENT OF FACTS | 1 |
|  | A. The Court has Already Ruled (And Confirmed to the City as Recently as October 3, 2006) that its Motion on the Measure of Damages is Out of Time | 2 |
|  | B. As Confirmed by the Court on Numerous Occasions, Durkin Is Not Advancing a Design Claim Against the City | 2 |
|  | C. The City is Not Entitled to Judgment As a Matter of Law on the Civil Rights Claim | 3 |
|  | D. The City is Not Entitled to Judgment As a Matter of Law on the Conversion Claim | 4 |
| V. | CONCLUSION AND RELIEF SOUGHT | 5 |

## **TABLE OF CITATIONS**

**Page**

**Cases**

*Beck v. City of Pittsburgh,* 89 F.3d 966, 971, 1996 U.S. App. LEXIS 17844 (3d Cir. 1996) ........ 2

*Blake v. The Town of Delaware City, et al.,* 441 F. Supp. 1189, 1977 U.S. Dist. LEXIS 12949 (D. Del. 1977) ................................................................................................................ 5

*Keith v. Truck Stops Corporation of America, et al.,* 909 F. 2d 743, 1990 U.S. App. LEXIS 12309 (3d Cir. 1990) ........................................................................................................ 1

*Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984) ...... 4

*Memphis Community School Dist. v. Stachura,* 477 US 299 (1986) ............................................. 3

*Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994) ....................................................................................................... 4

*Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985) ................................................................................................................. 4

*Savarese v. Agriss,* 883 F.2d 1194 (3d Cir. 1989) ........................................................................ 3

**Statutes**

*42 U.S.C. § 1983* ........................................................................................................................ 4

**Rules**

Federal Rule of Civil Procedure Rule 50. .................................................................................... 1

I.   **NATURE AND STAGE OF PROCEEDINGS**

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. The City has filed a Motion under Federal Rule of Civil Procedure Rule 50. Durkin files this response.

II.  **SUMMARY OF ARGUMENT AND CONCISE STATEMENT OF FACTS**

Two (2) of the areas for the Rule 50 Motion indicate that the City continues to ignore – or is unwilling to accept – this Court's prior rulings. First, the Court, very clearly and on numerous occasions, advised counsel that the issue of how damages are valuated would be submitted to the jury. The attachment to their Opening Brief is simply a recycling of the same arguments the Court has repeatedly ruled has been waived.

Second, the Court, as well as Durkin's counsel, has advised the City – on more than one occasion – that Durkin is <u>not</u> asserting an improper design claim. The central claims in the case certainly trace their origins back to the concerns about the design that were raised on September 10, 2003, but the gravamen of Durkin's claims derive from the City's breach of contract and the City's deliberate and purposeful steps to deprive Durkin of its liberty and property interests relate to The City continues to ignore or miss these points and has filed a Rule 50 Motion on these areas. Both of these aspects of the Motion should be denied. The City also claims that it is entitled to judgment as a matter of law on the Durkin's civil rights claim and the conversion claim. The City is incorrect and Durkin is entitled to have these counts submitted to the jury.

III. **ARGUMENT**

When reviewing the City's motion under Rule 50, the Court must review the evidence in the light most favorable to Durkin. *Keith v. Truck Stops Corporation of America, et al.,* 909 F. 2d 743, 1990 U.S. App. LEXIS 12309 (3d Cir. 1990). The City's Motion should be granted "only if, viewing the evidence in the light most favorable to [Durkin], there is no question of

material fact for the jury and any verdict other than the one directed would be erroneous under the governing law." *Beck v. City of Pittsburgh,* 89 F.3d 966, 971, 1996 U.S. App. LEXIS 17844 (3d Cir. 1996). The City is unable to meet this burden on any area of its Rule 50 Motion. Accordingly, the Motion should be denied.

**A. The Court has Already Ruled (And Confirmed to the City as Recently as October 3, 2006) that its Motion on the Measure of Damages is Out of Time**

Durkin understood the clear and express holdings of the Court on October 3, 2003 when it again advised the City that it was the Court's determination that factual issues were involved in the measure of damages, and that those issues will be submitted to the jury.

In the event that the Court elects to examine the merits of the arguments advanced by the City on the proper measure and valuation of damages, Durkin has outlined its response in Exhibit "A" to this Brief.

With respect to the damages for the civil rights claim[1], Durkin notes there are numerous issues of material fact raised in the City's Opening Brief, including, but not limited to, the amount of work Dukrin had at the time of termination, the mitigation steps taken and the inability to secure bonding with personal guarantees. Thus, the City's Motion should be denied.

In order to clarify Durkin's position, the only count in the original complaint where punitive damages was being sought was in a count against URS Corporation, and all claims by Durkin against URS have been dismissed. Durkin is not seeking punitive damages against the City or the Councilpersons in this litigation.

**B. As Confirmed by the Court on Numerous Occasions, Durkin Is Not Advancing a Design Claim Against the City**

---

[1] It is Durkin's position that for the Section 1983 violation, Durkin is entitled to compensatory damages which may include out of pocket expenses and other monetary harms and compensation for impairment to reputation as well as its attorneys' fees and costs. *Memphis Community School Dist. v. Stachura,* 477 US 299 (1986). The Third Circuit has also held that the district court has discretion to award prejudgment interest in Section 1983 cases. *Savarese v. Agriss,* 883 F.2d 1194 (3d Cir. 1989).

Similar to the preclusion of the affirmative defense to the breach of contract claims, the Court has repeatedly reminded the City that Durkin is **not** advancing a design claim against the City. Durkin is not. It is Durkin's position that it raised, *inter alia,* legitimate issues that were never appropriately addressed, and that Durkin was not provided with proper notice before termination. Nonetheless, the City filed a Rule 50 Motion on this issue. The Motion is without basis and should be denied. **The City is Not Entitled to Judgment As a Matter of Law on the Civil Rights Claim**

With respect to the specific bases upon which a 1983 claim may be advanced, an allegation of injury to reputation, when accompanied by an allegation of injury to a more tangible interest, has been held to state a cause of action under Section 1983. *See Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984) (internal citations omitted). A claim for damages resulting from the destruction of a business is an appropriate action under *42 U.S.C. § 1983. Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985). The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the Fifth and Fourteenth Amendments. *Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994).

Durkin has presented substantial evidence to demonstrate a *prima facia* case of a civil rights violation. The City's policy and custom of having the City Council rely, in wholesale fashion, on the information provided to them by the City Manager and staff, to the virtual exclusion of any independent efforts to validate what was being recommended was reasonable or correct, and the unconditional delegation of unrestricted authority and responsibility to the City Manager to take whatever actions he deemed appropriate in the operation of the City, has resulted in the wrongful termination of Durkin, the complete devastation of Durkin's business

and the utter destruction of its reputation. The consistent and persistent defamatory publications by the City to Durkin's competitors and customers, through materials disseminated to the attendees at the "rebid" pre-bid meeting in September of 2004 and the press releases that were published in several local papers and also placed on the internet, have perpetuated and exacerbated the harm visited upon termination by the wrongful termination of the City.

As further evidence of Durkin's *prima facia* case of a civil rights violation, Durkin refers the Court to the Opening Brief of Plaintiff in Support of Motion For Sanctions – which is Durkin's second Motion for Sanctions (D.I. 279) – regarding documents produced after Durkin rested its case. What is clear that there has been a concerted effort by the City administration, City Manager, City Assistant Manager and City Counsel to subvert Durkin's civil rights. Because Durkin has set forth a *prima facia* case of a civil rights violation, the City's Rule 50 Motion should be denied.

      **C.**    **The City is Not Entitled to Judgment As a Matter of Law on the Conversion Claim**

Incredibly, the City is advancing the proposition that that it had lawful justification for retaining the materials that it converted after Durkin was terminated. There is no evidence of this. In fact, the evidence is that the City interfered – without justification – with Durkin's relationships with its subcontractors and suppliers.

The City also claims that it does not know what property was converted. That information was supplied to the City in Durkin's damage binders and testified to at trial by Don and Mike Durkin and Mr. Filshill. Also, this argument is somewhat disingenuous in that when the City interfered with Durkin's subcontractors and suppliers, it had URS provide estimates of what each entity allegedly was owed. Presumably there was an inventory of the materials completed to reach the payment number. Even assuming that the City paid the subcontractors or suppliers for some of the converted property, Durkin never received the payment and markup it was entitled to receive. *Blake v. The Town of Delaware City, et al.,* 441 F. Supp. 1189, 1977

- 4 -

U.S. Dist. LEXIS 12949 (D. Del. 1977) (The damages recoverable upon proof of conversion are the value of the conversion with interest).  Accordingly, the City Rule 50 Motion should be denied.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court deny the City's Motion for Directed Verdict and award it attorneys' fees and costs in responding to the City's frivolous motions regarding damages and the advancement of the alleged design claim.

                            **POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

                            By:    /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated:  October 4, 2006