## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING, INC. )
                Plaintiff, )
      v. )     CIVIL ACTION NO. 04-0163
                     )
CITY OF NEWARK, et al., )
          Defendants, )
                     )
   and )
                     )
CITY OF NEWARK, )
          Third-Party Plaintiff, )
      v. )
                     )
FEDERAL INSURANCE COMPANY, )
         Third-Party Defendant. )
                     )
CITY OF NEWARK, )
         Third-Party Plaintiff, )
                     )
      v. )
                     )
URS CORPORATION, )
         Third-Party Defendant. )

## APPENDIX IN SUPPORT OF FEDERAL'S ANSWERING BRIEF IN OPPOSITION TO CITY'S MOTION FOR RECONSIDERATION

STRADLEY, RONON, STEVENS & YOUNG, LLP
Kevin W. Goldstein, Esquire
Delaware Bar No. 2967
300 Delaware Avenue, Suite 800
Wilmington, DE 19801

Samuel J. Arena, Jr., Esq. (pro hac vice)
Patrick R. Kingsley, Esq. (pro hac vice)
David M. Burkholder, Esq. (pro hac vice)
2600 One Commerce Square
Philadelphia, PA 19103-7098
Attorneys for Third-Party Defendant,
Federal Insurance Company

# 506192

## TABLE OF CONTENTS

Exhibit A, January 20, 2004 Memorandum of Vicky Petrone...........................A-1

Exhibit B, January 23, 2004 Memorandum of Carl Luft.................................A-2

Exhibit C, Deposition Excerpt of Carl Luft................................................A-5

# 506192

# EXHIBIT "A"

First Federal Plaza
Suite 500
Wilmington, DE 19899
302.658.6400
302.658-9836 Fax

**TIGHE, COTTRELL & LOGAN, P.A.**

# Fax

| To: | Carol Houck (for City of Newark distribution) | From: | Vicky Petrone |
|-----|-----|-----|-----|
| **Fax:** | 366-7160 | **Pages:** | 13 |
| **Phone:** | | **Date:** | 1/20/2004 |
| **Re:** | City of Newark | **CC:** | Roger Akin / 655-3697<br>Jill Voeller / 791-0708 (for URS distribution) |

● **Comments:**

Please find the following report from the Surety and the independent engineer.

I direct your attention to Paragraph 3 of the letter from the Surety, in which she states that the Surety is under no obligation to take action. This is correct. The Surety's obligation arises after 1) the Surety is notified regarding a default and 2) after meeting with the Surety, declaring a default and terminating the contract. You satisfied step 1 in November. We have not formally taken step 2 since we were waiting for this report. On Thursday we can discuss this option.

The pages comprising this facsimile transmission contain confidential information from either this law firm or client. This information is intended solely for use by the individual entity named as the recipient hereof. If you are not the intended recipient, be aware that any disclosure, copying, distribution, or use of the contents of this transmission is prohibited. If you have received this transmission in error, please notify us by telephone immediately so that we may arrange to retrieve the transmission at no cost to you.

**NEW 16304**

A-1

# EXHIBIT "B"

**CITY OF NEWARK**
Delaware

**January 23, 2004**

**C O N F I D E N T I A L**

TO:     Mayor Harold F. Godwin
        Members of City Council

FROM:   Carl F. Luft, City Manager

SUBJ:   Reservoir Construction Contract Dispute

As mentioned in my Administrative Report this week, it is important that we meet in executive session to review the background and further direction related to the contract dispute over the reservoir construction by contractor Donald M. Durkin. I have asked our construction contract attorney, Paul Cottrell, to attend Monday's meeting and provide a concise update for you on this matter.

Our attorney has recommended that Durkin be declared in default of this contract and that their services be terminated. In preparation of the executive session, I am attaching confidential reports related to the contract dispute. It is important to remember that this material is **confidential** since this matter could possibly result in litigation. This is for your information only.

As you review this material, remember that Cottrell has discussed the issue of design vs. construction in detail with URS. He is confident the design is proper and that there are no problems or improprieties with the specifications.

I encourage you to ask whatever questions you may have on Monday night.

CFL/mp
Attachments
c:      Paul Cottrell, Tighe, Cottrell & Logan
        Roger A. Akin, City Solicitor
        Carol S. Houck, Assistant Administrator
        Joseph A. Dombrowski, Water & Wastewater Director
        George L. Sarris, Finance Director

NEW00225

A-2

**EXHIBIT "C"**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

- - -

| | | |
|---|---|---|
| DONALD M. DURKIN | : | CIVIL ACTION |
| CONTRACTING, INC. | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NEWARK, | : | |
| HAROLD F. GODWIN, Mayor, | : | |
| City of Newark, Delaware | : | |
| JOHN H. FARRELL, IV, | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| JERRY CLIFTON, | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| KARL G. KALBACHER, | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| DAVID J. ATHEY, | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| FRANK J. OSBORNE, JR. | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| CHRISTINA REWA, | : | |
| Council Member, City of | : | |
| Newark, Delaware | : | |
| and | : | |
| URS CORPORATION | : | |
| | : | |
| vs. | : | |
| | : | |
| FEDERAL INSURANCE COMPANY | : | NO. 04-163 GMS |

- - -

DEPOSITION OF CARL LUFT

- - -

Page 2

Monday, July 31, 2006
Commencing at 9:50 a.m.

- - -

Stradley, Ronon, Stevens & Young, LLP
300 Delaware Avenue, Suite 800
Wilmington, Delaware

- - -

COUNSEL APPEARED AS FOLLOWS:

POWELL, TRACHTMAN, LOGAN, CARRLE, BOWMAN &
LOMBARDO, P.C.
BY:  PAUL A. LOGAN, ESQ.
475 Allendale Road
King of Prussia, PA 19406

    for the Plaintiff Donald M. Durkin
    Contracting, Inc.

TIGHE, COTTRELL & LOGAN, P.A.
BY:  PAUL COTTRELL, ESQ.
First Federal Plaza, Suite 500
Wilmington, DE 19801
    for the Defendants City of Newark,
    Godwin, Farrell, Clifton, Kalbacher,
    Athey, Osborne, and Rewa

SEITZ, VAN OGTROP & GREEN, P.A.
BY:  JAMES S. GREEN, ESQ.
222 Delaware Avenue, Suite 1500
Wilmington, DE 19899
    for the Defendant URS Corporation

---

Page 4

I N D E X
WITNESS                  PAGE
CARL LUFT
   By Mr. Kingsley         5, 360, 387
   By Mr. Logan            190, 375, 389
   By Mr. Green            346
            - - -
      E X H I B I T S
NUMBER                      PAGE
Luft 1   Excerpt of Deposition of
            John C. Volk, Page 231       87

Luft 2   URS Corporation Answer and
            Counterclaim to Third Party
            Complaint of Defendant City
            of Newark                    182
Luft 3   City of Newark, Delaware,
            Council Executive Session
            minutes, 2/2/04              210
            - - -

---

Page 3

COUNSEL APPEARED AS FOLLOWS:  (Continued)

STRADLEY, RONON, STEVENS & YOUNG, LLP
BY:  PATRICK R. KINGSLEY, ESQ.
     DAVID M. BURKHOLDER, ESQ.
2600 One Commerce Square
Philadelphia, PA 19103

    for the Third-Party Defendant Federal
    Insurance Company

- - -

ALSO PRESENT:
   ROGER A. AKIN, ESQ.
   City Solicitor's Office
   City of Newark
   JIM DURKIN
      - - -

---

Page 5

```
 1            CARL LUFT
 2         ...CARL LUFT, after having been
 3    duly sworn, was examined and testified as
 4    follows:
 5  BY MR. KINGSLEY:
 6    Q.  Can you state your name for the record?
 7    A.  Carl Luft, L-U-F-T.
 8    Q.  Mr. Luft, have you ever been deposed
 9  before?
10    A.  Yes.
11    Q.  How many times?
12    A.  A few.
13    Q.  When is the last time you were deposed?
14    A.  A number of years ago.  Probably more
15  than 15.
16    Q.  Okay.  You understand, sir, that today
17  you are under oath, the same oath you would take
18  as if you were in a court of law?
19    A.  Yes.
20    Q.  If you don't understand any of my
21  questions, will you let me know and I will try to
22  explain them or rephrase them?
23    A.  Sure.
24    Q.  What is your current occupation?
25    A.  City Manager of Newark, Delaware.
```

4ff5927f-fffa-4392-b9dc-d7374d57ef25

A-4

CARL LUFT

1
2    Q.  How about to the $100,000 road painter?
3    A.  No.
4    Q.  So given your answers, let me just
5    summarize what I think you are saying.  Tell me
6    if I have it right.
7        For contracts with the City of Newark
8    relating to amounts in excess of $20,000, you
9    would need City Council approval to enter the
10   contract, to increase or expand the contract more
11   than that $20,000, to terminate the contract, and
12   to reinstate it; right?
13   A.  Yes.
14   Q.  And the only thing you could do --
15   A.  The only thing I will ask you to do is
16   see our counsel here.  They should check the
17   Code.  Again, it's 20 or 25 thousand.  I can't
18   recall.
19   Q.  I understand the number you are giving
20   me --
21   A.  Yes.
22   Q.  -- is your best estimate as you sit
23   here today.  I understand that --
24   A.  Right.
25   Q.  -- and we will check and whatever the

CARL LUFT

1
2    number is, the number is.
3    A.  Right.
4    Q.  Sure.  The real import of my question
5    isn't so much the specific number as the metes
6    and bounds of your authority.
7    A.  I understand.
8    Q.  So whatever that number is, 20 or 25
9    thousand, you can reduce the scope of an existing
10   contract, but that's the only thing you can do
11   all by yourself without City Council approval
12   exceeding that amount?
13   A.  I believe so.
14   Q.  And how often does City Council meet?
15   A.  Twice a month on a regular basis.
16   Q.  Okay.  Now, of course, we are here to
17   talk about the controversy with the Reservoir and
18   originally that contract was awarded to Donald M.
19   Durkin; right?
20   A.  Yes.
21   Q.  And that contract was in excess of
22   $9 million; right?
23   A.  Yes.
24   Q.  That is not a contract you could have
25   awarded yourself unilaterally without a vote of

CARL LUFT

1
2    City Council; right?
3    A.  I could not.
4    Q.  And City Council voted to award the
5    contract to Donald Durkin; right?
6    A.  Yes.
7    Q.  And just to tie it in to what we've
8    been saying, that's a contract that you could not
9    have terminated yourself either; correct?
10   A.  Correct.
11   Q.  The decision to terminate Donald M.
12   Durkin would have required a vote of City
13   Council; right?
14   A.  Yes.
15   Q.  And any decision to reinstate Donald
16   Durkin would also have required a vote of City
17   Council; correct?
18   A.  Yes.
19   Q.  Were there ever change orders expanding
20   the amount of work Donald M. Durkin was to do on
21   the Newark Reservoir that were in excess of 20 to
22   25 thousand, whatever the threshold?
23   A.  I can not recall specifically.
24   Q.  Now, of course, Donald M. Durkin was
25   eventually terminated from the Newark Reservoir

CARL LUFT

1
2    job; correct?
3    A.  Yes.
4    Q.  Tell me in general terms what your role
5    was with respect to that decision.
6    A.  With assistance from my staff, who did
7    the leg work on the contract in construction
8    matters like this, and legal counsel and advisory
9    information from URS, my role was to decide
10   whether to pursue default or not, and that means
11   go to City Council.
12   Q.  Okay.  And what was your ultimate
13   decision?
14   A.  Go to City Council.
15   Q.  And you made a recommendation?
16       Let me back up.  When you say "go to
17   City Council," what do you mean by that?
18   A.  In this case, to meet with City
19   Council, advise them of all of the specific
20   details up to that point as to what the problems
21   were in the contract.  So we met with them.
22   Q.  Did you give City Council any advice at
23   that point as to what they should do?
24   A.  This was a joint decision.  We met
25   collectively, the parties met colletively,

A-5