IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

PLAINTIFF'S MOTION
TO AMEND JUDGMENT TO ADD INTEREST
PURUSANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)

                                                          POWELL, TRACHTMAN, LOGAN,
                                                        CARRLE & LOMBARDO, P.C.
                                                        Paul A. Logan
                                                        Delaware Supreme Court ID #3339
                                                        475 Allendale Road, Suite 200
                                                        King of Prussia, PA 19406
                                                        Telephone: 610-354-9700
                                                        Telefacsimile: 610-354-9760
                                                        *Attorneys for Plaintiff and Third Party*
                                                        *Defendant Donald M. Durkin Contracting*

Dated: October 25, 2006

1. The jury returned a verdict for Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") against Defendant City of Newark and Councilpersons (collectively the "City") on October 5, 2006.

2. The Court entered judgment for Durkin based upon the verdict on October 11, 2006. Durkin files this Motion pursuant to Rule 59(e) to amend the judgment to add interest.

3. Under Delaware law, Durkin is entitled as a matter of right to: (1) pre-judgment interest on the pay applications submitted by Durkin, but not paid by the City and (2) unpaid cost of work due to Durkin as of the date of termination. *Chrysler Corporation v. Chaplake Holdings, Ltd., et al.*, 822 A. 2d 1024, 2003 Del. LEXIS 269 (Del. Sup. Ct. 2003).

4. Durkin is also entitled to pre-judgment interest on the civil rights award. *See e.g. Springer v. Henry, et. al*, 2004 WL 2127172 (D. Del. Sept. 16, 2004) (Appendix ("App.") A1-A16).

5. Further, Durkin is entitled to receive post-judgment interest on the entire judgment amount, which includes compensatory damages for work performed (Jury Verdict Form I.A.1), post termination expenses (Jury Verdict Form I.A.2) and damages for civil rights violation (Jury Verdict Form I.B). (App. A17-A24). *See* 28 U.S.C.S. §1961.

6. The jury awarded Durkin monies it billed the City in payment applications Nos. 18, 19, 20, 21 and 23[1] included as part of the compensatory damages awarded. (Trial Exhibit DUR-9) (Jury Verdict Form I.A.1) (App. A17-A24).

7. Durkin is entitled to receive interest on each of these payment applications as provided for in the contract between the City and Durkin. (Trial Exhibit DUR-60, Art. 6, Bates no. CC-1232). (App. A25).

---

[1] Payment Application No. 22 was a credit of ($47,912.90) due to the City. (Trial Exhibit DUR-9).

- 1 -

8.  The jury awarded Durkin $5,492,666.55 for compensatory damages for unpaid cost of work as of the date of termination. (Jury Verdict Form I.A. 1 and Trial Exhibit DUR-68). (App. A17-A24).

9.  Durkin is entitled to receive pre-judgment interest on this amount[2] pursuant to 6 Del. C. §2301 from the date of termination – February 3, 2004[3] – until the date judgment was entered – October 11, 2006. (D.I. 298).

10. The jury awarded Durkin $25,000,000.00 for civil rights violations. (Jury Verdict Form I.B. App. A17-A24).

11. Durkin is entitled to pre-judgment interest on the violation of civil rights award from the date of termination – February 3, 2004 – until the date judgment was entered – October 11, 2006. (D.I. 298).

12. Durkin is also entitled to post-judgment interest on the entire jury verdict award of $36,667,573.33. Under 28 U.S.C. §1961, Durkin is entitled to receive interest from the date of judgment – October 11, 2006 – until the judgment is paid in full.

13. Rule 59(e) permits a party to file a Motion to amend the judgment if the Motion is filed no later than ten (10) days after entry of the judgment.

14. Federal courts have noted that motions under Rule 59(e) are permitted to amend judgments to add pre-judgment and post-judgment interest. *See e.g. McCalla v. Royal MacCabees Life Insurance Company*, 269 F.3d 1128, 2004 U.S. App. LEXIS 10796 (9th Cir. 2004) (and cases cited therein).

---

[2] The $5,492,666.55 award for compensatory damages includes $275,837.79 for the amount of unpaid Payment Applications, which is entitled to interest as provided under the Contract. (Trial Exhibit DUR-68, Art. 6, Bates no. CC-1232). Accordingly, the amount of compensatory damages that is entitled to interest pursuant to 6 Del. C. §2301 is $5,216,828.76 ($5,492,666.55 - $275,837.79).

[3] Council voted to terminate Durkin immediately on February 2, 2004 (Trial Exhibit DUR-6) and notified Durkin of the termination by correspondence dated February 3, 2004. *See* Complaint, ¶127 App. A26-A69.

- 2 -

15. Delaware law recognizes the right to collect pre-judgment interest on a debt. *See e.g., Chrysler Corporation v. Chaplake Holdings, Ltd., et al.*, 822 A. 2d 1024, 2003 Del. LEXIS 269 (Del. Sup. Ct. 2003).

16. Pre-judgment interest is awarded as a matter of right, not by judicial discretion. *Moskowitz v. Mayor and Council of Wilmington,* 391 A.2d 209, 1978 Del. LEXIS 784 (Del. Sup. Ct. 1978).

17. Delaware federal courts have applied Delaware law recognizing the right to collect pre-judgment interest. *See, e.g. United States of America et al., v. Star Bright Construction Company, et al.*, 848 F. Supp. 1161, 1994 U.S. Dist. LEXIS 4240 (D. Del. 1994).

18. When the contract does not specify an interest rate, 6 Del. Code §2301(a) states "the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 Del. Code §2301(a).

19. The contract between Durkin and the City provides that "[a]ll monies not paid when due as provided in Article 14 of the General Conditions shall bear interest at a rate of five percent per annum." (*See* Contract at Trial Exhibit DUR-60, Article 6, App. A25.)

20. Article 14 of the General Conditions sets forth the process for payment applications to be submitted by Durkin, reviewed by the Engineer (URS Corporation) and paid by the City. (Contract, Article 14, App. A70-A74.)

21. Under the contract, within ten (10) days after Durkin submits a payment application, the Engineer will either recommend the payment application to the City for payment or return it to Durkin with written reasons for the refusal. (Contract, Article 14, Section 14.4, App. A70-A74.) If the Engineer approves the payment application for payment, it is presented to

the City. *Id.* Payment is due to Durkin ten (10) days after the Engineer presents the payment application to the City for payment. *Id.*

22. Payment applications Nos. 18, 19, 20 and 21 were approved for payment by the Engineer on December 29, 2003. *See* Trial Exhibit DUR-9, Engineer's Certificate for Payment.

23. The aggregate amount of these payment applications was $210,834.62. Payment was then due from the City on January 8, 2004. (Contract Article 14, Section 14.4, App. A70-A74.)

24. Durkin is entitled to pre-judgment interest on these monies at a rate of 5% per annum from January 8, 2004 until October 11, 2006 – the date of Judgment – for payment applications Nos. 18, 19, 20 and 21.

25. The total pre-judgment interest due for payment applications Nos. 18, 19, 20 and 21 is $29,083.62.[4]

26. Payment application No. 23 was approved for payment by the Engineer on January 22, 2004. *See* Trial Exhibit DUR-9, Engineer's certification for payment.

27. The total amount of payment application No. 23 was $65,003.17.

28. Payment was then due from the City on February 1, 2004. (Contract, Article 14, Section 14.4, App. A70-A74.)

29. Consequently, Durkin is entitled to pre-judgment interest at a 5% per annum from February 1, 2004 until October 11, 2006 for Application No. 23, yielding the total pre-judgment interest due for payment application No. 23 is $8,753.17.[5]

---

[4] The calculation is as follows: 5% per annum interest on $210,834.62 from 1/8/04 to 1/8/05 = $10,541.73 + 5% per annum interest 1/8/05 to 1/8/06 = $10,541.73 + 5% per annum interest 1/8/06 to 10/11/06 = $8,000.16. $10,541.73 + $10,541.73 + $8,000.16 = $29,083.62.

-4-

30.  In summary, the total amount of pre-judgment interest due on payment applications nos. 18, 19, 20, 21 & 23 is $37,836.79.[6]

31.  The jury awarded Durkin $5,492,666.55 as the unpaid cost of work performed as of the date of termination. (Jury Verdict Form I.A. 1 and Trial Exhibit DUR-68).

32.  Since this amount includes the amounts in payment application nos. 18, 19, 20, 21 and 23 ($275,837.79), which pre-judgment interest was already computed per the terms of the contract, and the contract does not provide for any pre-judgment rate of interest[7] Durkin is entitled to statutory pre-judgment interest on the balance of $5,216,828.76 ($5,492,666.55 - $275,837.79) pursuant to 6 Del. Code §2301(a), which indicates that the rate shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due.

33.  The unpaid cost of the work was due to be paid to Durkin as of the date of termination – February 3, 2004. *See* Trial Exhibit No. DUR-6 and Complaint, ¶127 App. A50.

34.  The Federal Reserve discount rate including any surcharge as of February 3, 2004 was 2.5%.

35.  Under 6 Del. Code §2301(a), the appropriate interest rate for the unpaid cost of work in the amount of $5,216,828.76 is 7.5% per annum (2.5% + 5%).

---

[5] The calculation is as follows: 5% per annum interest on $65,003.17 from 2/1/04 to 2/1/05 = $3,250.16 + 5% per annum interest 2/1/05 to 2/1/06 = $3,250.16 + 5% per annum interest 2/1/06 to 10/11/06 = $2,252.85. $3,250.16 + $3,250.16 + $2,252.85= $8,753.17.
[6] The calculation is as follows: $29,083.62 + $8,753.17 = $37,836.79.
[7] Article 6 of the Contract provides for interest on "all monies not paid when due as provided in Article 14 of the General Conditions...", which relates only to progress payments on approved applications for payment. Excepting the amounts in payment applications 18, 19, 20, 21 & 23, the amounts for compensatory damages awarded by the jury were not derived from Article 14 pay applications, but from computations pursuant to Article 11, for which there is no interest rate on late payments specified.

- 5 -

36. Thus, the total pre-judgment interest for the unpaid cost of work is $1,050,512.10.[8]

37. The jury awarded Durkin $25,000,000.00 for damages due to civil rights violations. Durkin is entitled to collect pre-judgment interest on this damage award.

38. Most federal courts that addressed the issue of awarding pre-judgment interest in Section 1983 cases have concluded that pre-judgment interest should be awarded. *Golden State Transit Corp. v. Los Angeles,* 773 F. Supp. 204, 1991 U.S. Dist. LEXIS 11798 (C.D. Cal. 1991) (internal citations omitted).

39. Durkin suggests that this Court utilize 28 U.S.C. §1961 to determine the proper amount pre-judgment interest that should be awarded.

40. This would be consistent with this Court's prior determination of the proper amount of pre-judgment interest to award in a Section 1983 case. *Springer v. Henry, et. al,* 2004 WL 2127172 (D. Del. Sept. 16, 2004) (App. A1-A16).

41. Accordingly, Durkin is entitled to pre-judgment interest calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." 28 U.S.C. §1961(a).[9]

42. The interest shall be compounded annually. *See* 28 U.S.C. §1961(b).

43. The total pre-judgment interest for the $25,000,000.00 award is $2,370,491.33.[10]

---

[8] The calculation is as follows: 7.5% interest on $5,216,828.76 from 2/3/04 to 2/3/05 = $391,262.16 + 7.5% interest from 2/3/05 to 2/3/06 = $391,262.16 + 7.5% interest from 2/3/06 to 10/11/06 = $267,987.78. $391,262.16 + $391,262.16 + $267,987.78 = $1,050,512.10.

[9] Refer to http://www.frbdiscountwindow.org/historicalrates.cfm?hdrID=20&dtlID=52.

[10] The calculation is as follows: Annual date week ending 2/6/04 to 1/28/05 average interest is 2.0194% * $25,000,000 principal = $504,855.77. Annual date week ending 2/4/05 to 1/27/06 average interest is 3.7452% * $25,504,855.77 principal and compounded interest = $955,205.90. Annual date week ending 2/3/06 to 10/6/06 average interest is 4.9700% * $26,460,061.67 principal and compounded interest = $910,429.66. Total pre-judgment interest on civil rights award = $504,855.77 + $955,205.90 + $910,429.66 = $2,370,491.33.

44. A party is entitled to recover interest on any money judgment in a civil case recovered in a district court. *See* 28 U.S.C. §1961.

45. The interest is to be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. §1961(a).

46. The post-judgment interest shall also be compounded annually. *See* 28 U.S.C. §1961(b).

47. Judgment was entered for Durkin in the amount of $36,667,573.33 on October 11, 2006. (D.I. 298).

48. Accordingly, the appropriate interest rate under 28 U.S.C. §1961 is 4.90%.[11]

49. The daily interest for the post-judgment interest award is $4,922.50 per day.

50. The yearly interest for the post-judgment interest award is $1,796,711.09, which is compounded annually[12].

WHEREFORE, for the reasons set forth above, Defendant Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion to Amend the Judgment to Add Interest Pursuant to Federal Rule of Civil Procedure Rule 59(e) in the amount of $3,527,755.21 which includes pre-judgment interest and post-judgment interest up to and including October 25, 2006 (which is the date of the filing of this Motion).[13] Accordingly, the Judgment should be amended to reflect a Judgment of **$40,195,328.54**.    Plaintiff Donald M.

---

[11] Refer to http://www.frbdiscountwindow.org/historicalrates.cfm?hdrID=20&dtlID=52.
[12] Durkin reserves the right to supplement the post-judgment interest calculation at the time of payment of the judgment by the City.
[13] The calculation is as follows: $37,836.79 (pre-judgment interest on Pay Applications) + $1,050,512.09 (pre-judgment interest on compensatory damages for unpaid cost of work) + $2,370,491.33 (pre-judgment interest on civil rights damages) + $68,915 (14 days [10/11/06 to 10/25/06] of post-judgment daily interest of $4,922.50) = $3,527,755.21.

Durkin Contracting, Inc. respectfully requests leave to re-file a supplemental Motion to calculate the entire post-judgment interest at the time of payment of the judgment by the City.

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**

By:   /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
(T) 610-354-9700; (F) 610-354-9760
*Attorneys for Plaintiff*

Dated:  October 25, 2006