**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ) ) ) | |
| Plaintiff ) | |
| v. ) | |
| CITY OF NEWARK, et al., ) | |
| Defendants ) | |
| and ) | C.A. No. 04-163 GMS |
| CITY OF NEWARK, et al., ) | |
| Third-Party Plaintiff ) | |
| v. ) | |
| DONALD M. DURKIN CONTRACTING, INC., AND FEDERAL INSURANCE COMPANY, ) ) ) | |
| Third-Party Defendants ) | |

## ORDER

On November 2, 2006, counsel for the City of Newark contacted chambers *ex parte* for at least the second time. This most recent contact was to request a teleconference with the court to discuss procedural matters regarding post-trial briefing. Counsel have been instructed on numerous occasions as to how and under what circumstances calls may be placed to chambers. Indeed, the court's web site conspicuously provides the following:

**Telephone Calls to Chambers:**

Absent exceptional situations, telephone calls are not appropriately placed to chambers. Chambers shall be contacted only in situations where scheduling relief is sought and only then when ALL participating counsel are on the line for purposes of selecting a new date.[1]

Having disregarded the court's instructions in this regard,[2] lawyers representing the City of Newark are hereby precluded from initiating any communication with the court, except by motion. Only where counsel for the plaintiff seeks to contact chambers for scheduling, may counsel for the City of Newark communicate with the court by telephone.

On the November 2nd teleconference with court staff, counsel for the City of Newark expressed its desire for the court to vacate its Order of October 31, 2006 (D.I. 310), citing two Third Circuit cases as authority.[3] The court will not vacate its October 31, 2006 Order at the request of the City of Newark. Recognizing Fed. Rule Civ. P. 6 and related decisional authority, this court has within its discretion the authority to direct the timing of a briefing schedule. *See* Local Rule 7.1.2.[4] Counsel have been instructed, on no less than three occasions, to submit a proposed briefing schedule for the court's approval. It is this court's long-held procedure to conduct post-trial briefing

---

[1] http://www.ded.uscourts.gov/GMSmain.htm.

[2] *See also* DEL. SUP. CT. RULES, Rule 71 ("A lawyer should avoid ex parte communications with the Court on pending matters, except when permitted by law.").

[3] *de la Fuente v. Central Elec. Co-op., Inc.*, 703 F.2d 63, 64 (3d Cir. 1983); *Martin v. Monumental Life Ins. Co.*, 240 F.3d 223, 237 (3d Cir. 2001).

[4] "Briefs, When Required and Schedule. (a) Briefing and Affidavit Schedule. A party filing a motion shall not file a notice of said motion. ***Unless otherwise ordered by the Court***, the briefing and affidavit schedule for presentation of all motions shall be: (1) the opening brief and accompanying affidavit(s) shall be served and filed on the date of the filing of the motion ...." (emphasis added).

according to an agreed upon schedule. The court has not precluded the parties from filing post-trial motions, nor can it. The parties have preserved their right to appeal by filing their motions within the ten-day period provided in the Federal Rules.[5] The parties are free to argue to the Third Circuit that their motions should not have been struck from the record. This court's Orders, however, stand.

IT IS HEREBY ORDERED THAT:

1. The City of Newark is precluded from initiating any communication by telephone, fax, or email to chambers.

2. The City of Newark's request for the court to vacate its October 31, 2006 Order is DENIED.

Dated: November 3, 2006

/s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE

---

[5] FED. R. CIV. P. 6, 50, 59.