IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK'S MOTION FOR RELIEF FROM SUPERSEDEAS BOND**

COMES NOW, Defendant City of Newark, and moves this Honorable Court for relief from the F.R.C.P. 62(d) requirement for a supersedeas bond in order to stay execution upon the judgment during the pendency of the appeal and offers the following in support thereof, to wit:

1. Newark filed its F.R.C.P. 50(b) and 59 motions (D.I. 303 and 304) within ten days of the entry of judgment as dictated by those Rules. Newark did not file opening briefs in support of the Motions pursuant to the Court's direction to do so in accordance with a briefing schedule to be approved by the Court after the trial transcript became available.

2. On October 31, 2006 the Court entered an Order striking Newark's motions (as well as motions and opening briefs which were filed by Durkin) (D.I. 310). As a result, the docket currently reflects no pending motions, therefore, it has become necessary for Newark to file its appeal within the 30 day post-judgment deadline.

3. Newark requests relief from the F.R.C.P. 62(d) requirement for the posting of a supersedeas bond to stay execution of the judgment during the pendency of the appeal.

4. Newark has presented and will present viable issues on appeal and requests that this Court waive the requirement for a supersedeas bond, or in the alternative, significantly reduce the amount of the bond.

5. Newark can obtain a supersedeas bond for $5 million. Exhibit A, Affidavit of Carol Houck, Para. 3.

6. Newark cannot obtain a supersedeas bond for $37 million because it does not have sufficient liquid collateral to secure that amount and does not have the legal authority to assume indebtedness under an irrevocable line of credit. Exhibit A, Aff'd Houck and Exhibit B, Affidavit of Wilma Garriz.

7. Even if Newark had the legal authority to assume an irrevocable line of credit to secure a $37 million bond, to do so would require that Newark pledge its entire amount of reserve investments, the effect of which would deplete funds for City operations and City services would cease. Exhibit A, Aff'd Houck, Para. 6 and Exhibit B, Aff'd Garriz, Para. 4.

8. In addition to the inability to provide collateral, the annual non-refundable cost for a $37 million bond of approximately $700,000 would itself cause severe financial hardship on Newark and its residents and businesses. Newark would be forced to cut its self insurance fund in half to pay the annual bond premium, which will eliminate coverage for personal injury and property claims not covered by liability insurance and all workmens' compensation claims. Newark will be forced to repay the self insurance fund by utilizing funds for capital improvements, which, for 2007, includes street repair and resurfacing, construction of new electrical lines and services to meet increased demand, and water quality improvement efforts associated with expanded EPA guidelines. Exhibit A, Aff'd Houck, Para. 8.

9. 10 Del. C. §568(c) provides that Newark is not required to post a security bond for an appeal and F.R.C.P. 62(f) provides that a stay provided by state law is applicable.

10. Because the judgment is overly excessive and outrageous and Newark's request for remittitur has been striken by the Court, the bond requirement, if not waived in its entirety,

should, at a minimum, be drastically reduced. As referenced supra, Newark can obtain a bond for $5 million.

11. Flight risk and solvency are factors considered by courts when reviewing the supersedeas bond requirement. As an established municipality there is no risk that Newark will not be available during the appeal and after a final determination.

WHEREFORE, Defendant City of Newark requests that this Honorable Court enter an Order waiving the requirement for a supersedeas bond or allowing the City to provide security under the City's proposed alternative arrangement, staying execution of the judgment and such further relief as this Court deems just and proper.

By: /s/ Thomas C. Gallagher
Thomas C. Gallagher, Esquire (Pro Hac Vice, PA I.D. No. 27156)
Deasey, Mahoney & Bender Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978
P: (215) 587-9400
email: tcgallagher@dmbphila.com

By: /s/ Victoria K. Petrone
Victoria K. Petrone (Delaware I.D. No. 4210)
Logan & Associates, LLC
704 N. King Street, Suite 100
P.O. Box 89
Wilmington, DE 19899
P: (302) 655-8000
email: vpetrone@loganllc.com

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Tighe, Cottrell & Logan, P.A.
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
email: p.cottrell@lawtcl.com
*Attorneys for Defendant City of Newark*

Dated: November 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) |
| FRANK J. OSBORNE, JR., CHRISTINA REWA | ) |
| AND URS CORPORATION, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| FEDERAL INSURANCE COMPANY, | ) |
| | ) |
| Third-Party Defendant. | ) |
| -------------------------------------------------------------- | |
| CITY OF NEWARK, | ) |
| | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| URS CORPORATION, | ) |
| | ) |
| Third-Party Defendant. | ) |

## ORDER

AND NOW, the Court, having considered the request of Defendant City of Newark to waive the requirement for a supersedeas bond, does hereby FIND and ORDER,

Newark's Motion is GRANTED; the supersedeas bond requirement is waived and execution upon the judgment shall be stayed during the pendency of the appeal.

_____
The Honorable Gregory M. Sleet