**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF
IN SUPPORT OF MOTION FOR RELIEF FROM SUPERSEDEAS BOND**

By:  /s/ Thomas C. Gallagher
Thomas C. Gallagher, Esquire (Pro Hac Vice, PA I.D. No. 27156)
Deasey, Mahoney & Bender Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978
P: (215) 587-9400
email: tcgallagher@dmbphila.com

By:  /s/ Victoria K. Petrone
Victoria K. Petrone (Delaware I.D. No. 4210)
Logan & Associates, LLC
704 N. King Street, Suite 100
P.O. Box 89
Wilmington, DE 19899
P:  (302) 655-8000
email:  vpetrone@loganllc.com

By:  /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Tighe, Cottrell & Logan, P.A.
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
email:  p.cottrell@lawtcl.com
*Attorneys for Defendant City of Newark*

Dated: November 9, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## TABLE OF AUTHORITIES

**Case**                                                 **Page**

*C. Albert Sauter Co., Inc. v. Richard S. Sauter Co.*, Inc.,
   368 F.Supp. 501 (E.D. Pa. 1973) .................................... 3

*Miami Intern'l Reality Co. v. Paynter*, 807 F.2d 871 (10th Cir. 1986) ............... 3

*Olympia Equipment Leasing Co. v. Western Union Telegraph Co.*,
   786 F.2d 794 (7th Cir. 1986) ..................................... 3

**Other Authority**

FRCP Rule 62(f) ................................................ 3

10 Del. C. §568(c) .............................................. 3

**STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

The City of Newark Defendants have filed notices of appeal from the judgment and the Court Order Striking Defendants' Post-Judgment Motion for New Trial, Motion for Judgment Notwithstanding the Verdict and Motion to Stay the Execution of the Judgment Pending Decision on the Post-Judgment Motions (D.I. 310). The City of Newark ("Newark") has also filed a Motion for Relief from the Supersedeas Bond ("Motion"). This is Newark's Opening Brief.

**SUMMARY OF ARGUMENT**

The Court should waive or drastically reduce the supersedeas bond requirement because Newark is an established municipality, has viable issues for appeal which will potentially drastically reduce the judgment, and Newark is unable to obtain a bond for the full amount of the judgment. Further, even if Newark had the financial resources and legal authority to provide a bond for the full judgment, doing so would severely impact Newark residents and University of Delaware students by interrupting or stopping altogether certain City services, such as policing, water and sewer utility operation and trash pickup. Also, Delaware law provides that security need not be posted by Newark.

**STATEMENT OF FACTS**

After the judgment was entered on the jury verdict, Newark filed its F.R.C.P. 50(b) and 59 motions (D.I. 303 and 304) within ten days as dictated by those Rules. Newark did not file opening briefs in support of the Motions pursuant to the Court's direction to do so in accordance with a briefing schedule to be approved by the Court after the trial transcript became available. On October 31, 2006 the Court entered an Order striking Newark's motions (as well as motions

and opening briefs which were filed by Durkin) (D.I. 310).  As a result, the docket currently reflects no pending motions, therefore, Newark was forced to file its notices of appeal within the 30 day post-judgment deadline.

## ARGUMENT

As an established municipality, there is no risk that Newark will not be available during the appeal and after a final determination.  Consideration of the standard factors of flight risk and solvency support a waiver or drastic reduction of the bond requirement.

Newark can obtain a supersedeas bond for $5 million, but cannot obtain a supersedeas bond for $37 million.  Motion, Exhibits A and B.  Newark does not have sufficient liquid collateral to secure that amount and does not have the legal authority to assume indebtedness under an irrevocable line of credit.  *Id.*  Even if Newark had the legal authority to assume an irrevocable line of credit to secure a $37 million bond, to do so would require that Newark pledge its entire amount of reserve investments, the effect of which would deplete funds for City operations and City services would cease. Motion, Exhibit A, Aff'd Houck, Para. 6 and Exhibit B, Aff'd Garriz, Para. 4.

In addition to the inability to provide collateral, the annual non-refundable cost for a $37 million bond of approximately $700,000 would itself cause severe financial hardship on Newark and its residents and businesses.  Newark would be forced to cut its self insurance fund in half to pay the annual bond premium, which will eliminate coverage for personal injury and property claims not covered by liability insurance and all workmens' compensation claims.  Newark will be forced to repay the self insurance fund by utilizing funds for capital improvements, which, for 2007, includes street repair and resurfacing, construction of new electrical lines and services to

meet increased demand, and water quality improvement efforts associated with expanded EPA guidelines.  Motion, Exhibit A, Aff'd Houck, Para. 8.

In weighing whether to waive or reduce the supersedeas bond requirement, the Court should consider 10 Del. C. §568(c) which provides that Newark is not required to post a security bond for an appeal and that execution may be stayed.  F.R.C.P. 62(f) provides that Newark is entitled to such stay accorded by state law.

Finally, because the judgment is overly excessive and outrageous and Newark's request for remittitur has been striken by the Court, and because Newark has presented and will present viable issues on appeal, the bond requirement, if not waived in its entirety, should, at a minimum, be drastically reduced.  As referenced supra, Newark can obtain a bond for $5 million.   This Court has the discretion to accept reduced and alternative forms of security.  *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co.*, Inc., 368 F.Supp. 501, 520- 21 (E.D. Pa. 1973), see also *Miami Intern'l Reality Co. v. Paynter*, 807 F.2d 871, 873-74 (10th Cir. 1986); *Olympia Equipment Leasing Co. v. Western Union Telegraph Co.,* 786 F.2d 794 (7th Cir. 1986) (holding the district court was correct in allowing defendant to provide an alternative form of security for $36 million dollar judgment).

## **CONCLUSION**

WHEREFORE, Defendant City of Newark requests that this Honorable Court enter an Order waiving the requirement for a supersedeas bond or allowing the City to provide security under the City's proposed alternative arrangement, staying execution of the judgment and such further relief as this Court deems just and proper.

By: /s/ Thomas C. Gallagher
Thomas C. Gallagher, Esquire (Pro Hac Vice, PA I.D. No. 27156)
Deasey, Mahoney & Bender Ltd.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103-2978
P: (215) 587-9400
email: tcgallagher@dmbphila.com

By: /s/ Victoria K. Petrone
Victoria K. Petrone (Delaware I.D. No. 4210)
Logan & Associates, LLC
704 N. King Street, Suite 100
P.O. Box 89
Wilmington, DE 19899
P: (302) 655-8000
email: vpetrone@loganllc.com

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Tighe, Cottrell & Logan, P.A.
704 N. King Street, Suite 500
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
email: p.cottrell@lawtcl.com
*Attorneys for Defendant City of Newark*

Dated: November 9, 2006