# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) ) | |
| CITY OF NEWARK, et al., | ) ) ) | |
| Defendants | ) ) ) | |
| and | ) ) | C.A. No. 04-163 GMS |
| CITY OF NEWARK, et al., | ) ) ) | |
| Third-Party Plaintiff | ) ) ) | |
| v. | ) ) ) | |
| DONALD M. DURKIN CONTRACTING, INC., AND FEDERAL INSURANCE COMPANY, | ) ) ) ) ) | |
| Third-Party Defendants | ) ) | |

## MEMORANDUM AND AMENDED ORDER

The court hereby issues this Order clarifying its Orders of October 31, 2006 and November 3, 2006 (D.I. 310 - 311):

**Court's Post-Trial Instructions**

On October 5, 2006, at the conclusion of trial in the above-captioned matter, the court directed the parties to submit a proposed post-trial briefing schedule for the court's approval. On October 18, 2006, counsel for the City of Newark ("City") filed a letter with a proposed briefing schedule and asked "that the transcript availability be noted with a minute entry on the docket." (D.I. 301) For counsel's edification, it is inappropriate and ill-advised to ask the court to expend

its limited resources making administrative notations on the docket for the convenience of the parties. As such, on October 19, 2006, the court denied counsel's request to make a docket entry advising the parties of the availability of the transcript, and instead instructed the parties to inquire for themselves the availability of the transcript and to file a briefing schedule upon its receipt. The record reflects that, at no time or place in its Order, did the court prevent, preclude, or instruct the parties not to file their post-trial motions within the ten-day period provided by the Federal Rules of Civil Procedure for filing such motions.

**Form and Filing of Post-Trial Motions and Briefs**

On October 24, 2006, the City of Newark filed three "motions." The first motion (D.I. 302), was not a Rule 50 or Rule 59 motion, but a motion to stay execution of the judgment, consisting of less than two and a half lines of text, citing no authority or reason in support of the requested relief. The court should not have to, and will not, explain why this motion was improperly filed and appropriately struck.

The converse is true of the other two motions (D.I. 303 - 304). Together, the filings consisted of 84 pages of repetitive and incoherent argument, including exhibits. These hybrid motion-briefs were hence struck, as they flew in the face of the letter and spirit of the court's directive to brief the issues upon an agreed-upon briefing schedule, once the transcript became available. The court's procedure affords the parties an opportunity to present well-reasoned arguments supported by the trial transcript. The court employs this procedure to avoid precisely the predictable result that occurred here; that is, a disjointed recitation of issues and argument

2

based on the parties' understandably, especially after a fairly lengthy trial, imperfect recollection of events.[1]

Various courts have observed the perils of litigants briefing and the courts deciding post-trial motions in the absence of a trial transcript. *See e.g., Schmidt v. Silver*, 89 F.R.D. 519, 520 (E.D. Pa. 1981) ("To grant a new trial based on an incomplete record and memory would result in extreme prejudice to defendant."); *cf. U.S. v. Schiffer*, 836 F. Supp. 1164, 1168 (E.D. Pa. 1993) (dismissing Defendant's motions for new trial or amendment of judgment and for amended findings of fact and conclusions of law for failure to comply with local rule requiring post-trial movant to order trial transcript or show good cause to be excused from transcript requirement in action in which district court had revoked naturalized citizenship of defendant for concealment of material evidence).

The Court of Appeals for the Third Circuit, as well, has approved *later* briefing of post-trial motions. *See Kelley v. Wegman's Food Markets, Inc.*, 98 Fed. Appx. 102, 106 (3d 2004) ("The District Court did not abuse its discretion in allowing [the Defendant] to file its brief later and separately from its motion for a new trial. Allowing the separate filing permitted [the Defendant] to cite to the trial transcript...."). Indeed, the full and fair consideration of the merits

---

[1] For example, the City of Newark states in its motion-brief that "the court erred in sending the design claim to the jury." Def.'s Mot. for J.N.O.V. at 5. (D.I. 303). The court specifically recalls the City of Newark's incomprehensible focus during trial on defending a so-called professional negligence claim that was never asserted against it. To see that the City has now cited this "claim" as an error on the part of court is baffling. The court concludes that the City will be hard-pressed to find a citation to the transcript showing that the court sent a "design claim" to the jury.

3

presented post-verdict is best served by the parties' and the court's review and reference to the trial transcript.[2]

Moreover, the court's procedure facilitates the court's ability to efficiently manage its docket by visiting post-trial arguments once, when the issues have been fully considered and briefed upon resort to the transcript. *See also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1192 (2d ed. 1995) ("It also should be kept in mind that the ten-day period permitted for presenting a new trial motion is relatively brief, especially when the trial has been lengthy and has produced an extensive transcript. Thus, skeletal or pro forma motions for a new trial are not uncommon. District judges should exercise a degree of leniency when circumstances have prevented the preparation of a detailed statement of grounds."). As opposed to exercising a degree of leniency in reviewing unsupported and incoherent motions and briefs, the court's Order contemplated the receipt of skeletal motions that succinctly set forth the grounds for relief, whereby briefs would be later filed to further expound upon the parties' motions. In this case, the court's goal and process was frustrated by the 84-page prolixity filed by the City of Newark (in addition to Durkin's motions and briefs), which in effect, would force the court to needlessly sift through lengthy post-trial arguments and exhibits in the parties "motions," and then entertain a restatement of the same arguments in later-filed "briefs."[3]

---

[2] This court regularly presides over patent litigation, tried by lawyers who regularly appear in federal court. In these cases, the court typically observes that the parties order daily transcripts, which allow them to timely file post-trial motions and coherently argued briefs therewith.

[3] Only the two-page affidavit, in support of a motion for a new trial based on newly discovered evidence, needed to be filed with the motion, within ten days of the entry of judgment. FED. R. CIV. P. 6(d), 59(c).

**Context of Court's October 31ˢᵗ Order**

In the face of an apparent disregard of the court's directive, the court issued its Order on October 31, 2006, striking the post-trial filings. In its Order, the court described both Durkin's and the City's filings as "multiple motions and briefs." In its renewed motion to stay and in its appellate papers, the City points out that, in fact, it only filed motions, whereas Durkin separately filed motions and briefs. As noted above, the City does not avoid the court's directive by briefing its issues under the guise of a motion. The result is the same: if the court accepted the parties' filings as they were, the court would have to visit the arguments twice.[4] While it may be tempting to cast this court's Orders as unnecessarily emphasizing form over substance, the fact remains that the prudential management of the court's limited resources requires a respect for form and procedure so as to facilitate the court's full consideration and disposition of the substantive issues. The court is reminded of the wisdom reflected in the words of its sister court in *U.S. v. Reaves*, 636 F. Supp. 1575, 1578 (E.D. Ky. 1986):

> It is fundamental that a court has the power and duty to manage its docket and the individual cases before it to "secure fairness in administration, [and] elimination of unjustifiable expense and delay." Fed. R. Evid. 102. Modern courts recognize that the court's time is "a public commodity which should not be squandered." D. Louisell and C. Mueller, 2 *Federal Evidence* § 128 (1985). There is an unnamed party in every lawsuit—the public. Public resources are squandered if judicial proceedings are allowed to proliferate beyond reasonable bounds. The public's right to a "just, speedy, and inexpensive determination of every action" is infringed, if a court allows a case, civil or criminal, ***to preempt more than its reasonable share of the court's time***. (Emphasis added.)

---

[4] As it stands now, the court has already considered, and will be considering these issues on multiple occasions.

Judge Bertelsman's observation is particularly appropriate in this matter, where the litigants,[5] through inappropriate telephone calls to chambers, untimely filing of issue-dispositive motions, improper filing of the pre-trial order, untimely submission of completely deficient jury instructions and verdict forms, and discovery abuses that led to motions for sanctions on the eve of, and during trial, unduly burdened this court. In sum, the manner in which this matter has been litigated has created an unacceptable diversion of this court's resources, while it has 367 other pending criminal and civil actions that require its attention.

To state the obvious, the orderly presentation of litigation enables the court's efforts to administer justice in as fair and evenhanded a manner as humanly possible. Where litigants fail to follow process, procedure and court orders, the court's ability to achieve this goal is thwarted and its limited time and resources are wasted. As the court stated orally on September 26, 2006, when presented for a second time with a motion for sanctions against the City of Newark for improperly withholding responsive documents until after the close of the plaintiff's case-in-chief (D.I. 263), **the court must and will protect its process**.

**Context of Court's November 3rd Order**

It was against this backdrop that the court was confronted with the *ex parte* oral request from the City of Newark for the court to vacate its October 31st Order. The record reflects that at no time or place in the court's October 31st Order did the court prevent, preclude, or instruct the parties not to file their post-trial motions within the ten-day period provided by the Federal Rules of Civil Procedure for filing such motions. Yet, counsel for the City of Newark communicated

---

[5]In describing and characterizing the conduct of the "parties" and "litigants" here, and *supra*, the court **does not** include counsel for URS Corporation, Federal Insurance Company, and St. Paul Fire & Marine Insurance Company.

its concern about appellate jurisdiction to judicial staff on an *ex parte* call to chambers on November 2, 2006. It was during this call that counsel for the City requested the court to vacate its October 31st Order. For counsel's edification, it is wholly inappropriate to present what should be a formal motion for reconsideration via an *ex parte* telephone call to chambers. The Federal Rules of Civil Procedure, of which the City is obviously aware, provide a means to ask the court to reconsider a decision. *See* FED. R. CIV. P. 60.

Having reached its limit with the litigants' disregard for the court's Orders, the court issued its November 3rd Order. The record reflects that at no time or place in the court's November 3rd Order did the court prevent, preclude, or instruct the parties not to file their post-trial motions within the ten-day period provided by the Federal Rules of Civil Procedure for filing such motions. In fact, the court has never instructed the parties to re-file their motions. The motions were filed and the court cannot, and has no desire to, erase the undisputed fact that they were filed within the ten-day period. In its October 31st and November 3rd Orders, the court clearly communicated its intention to accept and consider the parties' post-trial positions, once the matters were briefed. *See also Kelly v. Pennsylvania Railroad Co.*, 228 F.2d 727, 729 (3d Cir. 1955) ("It will thus be seen that the running of the time for taking an appeal from a judgment in a civil action is terminated ***by the making of a timely motion*** for a new trial and does not commence to run again until the ***motion has been denied***.")

In retrospect, the court could have chosen other means (besides striking the parties' motions) to express its displeasure with the parties' filings and circumvention of the court's Orders. Given the parties' demonstrated need for guidance at every turn in this litigation, the

court regrets having not chosen a more elementary admonition. Nonetheless, the court clearly stated its view that the parties' post-trial motions were deemed filed within the ten-day period. *See* Nov. 3rd Order (D.I. 311) ("The court has not precluded the parties from filing post-trial motions, nor can it. The parties have preserved their right to appeal by filing their motions within the ten-day period provided in the Federal Rules."). Moreover, the docket has reflected and still reflects, without modification, each motion and brief, as originally filed. *See also* Order of Third Circuit, *Donald M. Durkin Contracting, Inc. v. City of Newark*, No. 06-4761 (3d Cir. November 15, 2006) ("It appearing that ***timely post-decision motions*** of a type specified by Rule 4[a][4], Fed. R. App. P., ***are pending in the district court***, it is hereby ORDERED that the above-entitled appeal(s) is(are) stayed pending disposition of the motions.") (Bold, italics added.) It is with these observations that the court questions the purpose of the requested relief sought by the City of Newark from the Third Circuit by way of a writ of mandamus.

**<u>Relief Sought in Petition for Writ of Mandamus</u>**

On November 15, 2006, the Third Circuit docketed the City's Mandamus Petition. In its Petition, "Newark asks that [the] Court vacate [this court's] October 30 and November 3 Orders and instruct the District Court that Newark's Rule 50(b) and Rule 59 motions, timely filed on October 24, 2006, are reinstated and deemed filed on that day." Brief for Appellant at 4, *Durkin v. City of Newark*, *appeal docketed*, No. 06-4760 (3d Cir. Nov. 15, 2006). As noted above, this court's November 3rd Order did deem those motions filed within the ten-day period. With regard to reinstatement, the City's requested relief is a matter of semantics, as the motions have never been removed from the docket. To save the Third Circuit from wasting its time and to eliminate

the City's "uncertainty," and any other confusion caused by the court's language, however, the court will acquiesce to the dialectic exercise and hereby clarifies its October 31st Order by removing the following language: "[t]he court shall strike from the record the parties' post-verdict motions and briefs (D.I. 302 – 309) filed on October 24-25, 2006," as it is clear from the docket that the filings were never removed. The court will, however, disregard the City's redundant and imprudent arguments in its October 24th filings, to the extent the court can parse out and overlook such superfluity.

The court notes the unfortunate misrepresentations and selective omissions in the City's Mandamus Petition. Contrary to the City's statement that "The Request for Reconsideration was Denied on November 3, 2006," the court never received a motion for reconsideration. As noted above, the court denied an improper, *ex parte*, oral request to vacate its Order. In no less than ten separate statements, the City of Newark represents to the Third Circuit, in direct contradiction to the written record, that this court either "prevented" or "did not allow" the City to file its motions within the ten-day period. A mere glance at the docket demonstrates the inaccuracy of such statements. The City's misrepresentations and selective omissions appear to be yet another example of its chosen form of advocacy, which should leave no doubt as to why the parties find themselves in the present procedural posture.

IT IS HEREBY ORDERED THAT:

1. The Court's October 31st Order (D.I. 310) shall be amended so as to remove the following language: "The court shall strike from the record the parties' post-verdict motions and briefs (D.I. 302 – 309) filed on October 24-25, 2006."

2. The parties shall file a proposed briefing schedule forthwith.


Dated: November 27, 2006

  /s/ Gregory M. Sleet
UNITED STATES DISTRICT JUDGE