IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION
TO AMEND JUDGMENT TO ADD INTEREST (Docketed at D.I. 305)
<u>PURUSANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)</u>**

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: (610) 354-9700
Facsimile: (610) 354-9760

**TYBOUT, REDFEARN & PELL**

David G. Culley
Delaware Supreme Court ID #2141
750 S. Madison Street, Suite 400
Wilmington, DE 19899-2092
Telephone: (302) 658-6901
Facsimile: (302) 658-4018

*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*

Dated: January 26, 2007

KOP:359684v1 3514-04

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................................ ii

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT .......................................................................................... 1

III. CONCISE STATEMENT OF FACTS .............................................................................. 2

IV. ARGUMENT ..................................................................................................................... 3

    A. Durkin is Entitled to Collect Pre-Judgment Interest ................................................. 3

        1. Durkin is Entitled to Collect Pre-Judgment Interest at a Rate of 5% Per Annum on Pay Applications Nos. 18, 19, 20, 21 and 23 ........... 4

        2. Durkin is Entitled to Collect Pre-Judgment Interest for the Compensatory Damages for Unpaid Cost of Work As Provided Under 6 Del. §2301(a) ................................................................................ 6

        3. Durkin is Entitled to Collect Pre-Judgment Interest for the Damages Awarded for Civil Rights Violations As Provided Under 28 U.S.C. §1961 ................................................................................................................ 7

    B. Durkin is Entitled to Collect Post-Judgment Interest ............................................. 8

V. CONCLUSION AND RELIEF SOUGHT ........................................................................ 9

KOP:359684v1 3514-04

## TABLE OF CITATIONS

**Page**

**CASES**

*Brandywine 100 Corporation v. New Castle County, et al.*, 541 A.2d 598, 1988 Del. LEXIS 120 (Del. Sup. Ct. 1988) ..................................................................4

*Chrysler Corporation v. Chaplake Holdings, Ltd., et al.*, 822 A.2d 1024, 2003 Del. LEXIS 269 (Del. Sup. Ct. 2003) ..................................................................1, 3

*Citadel Holding Corp. v. Roven*, 603 A.2d 818 (Del. 1992) ..................................................................3

*Citrin v. International Airport Centers LLC, et al.*, 2006 Del. Ch. LEXIS 166 (Del. Ct. Ch. 2006) ..................................................................3

*DeLaCruz v. Pruitt*, 590 F. Supp. 1296, 1984 U.S. Dist. LEXIS 20675 (N.D. Ind. 1984) ..............7

*Golden State Transit Corp. v. Los Angeles*, 773 F. Supp. 204, 1991 U.S. Dist. LEXIS 11798 (C.D. Cal. 1991) ..................................................................7

*Jackson v. Madric*, 2006 Del. Super. LEXIS 49 (Del. Supr. Ct. 2006) ..................................................................3

*McCalla v. Royal MacCabees Life Insurance Company*, 269 F.3d 1128, 2004 U.S. App. LEXIS 10796 (9th Cir. 2004) ..................................................................3

*Metropolitan Mutual Fire and Insurance Co. v. Carmen Holding Co.*, 220 A.2d 778 (Del. 1966) ..................................................................3

*Miner v. City of Glens Falls*, 999 F.2d 655, 1993 U.S. App. LEXIS 19416 (2d Cir. 1993) ..........7

*Moskowitz v. Mayor and Council of Wilmington*, 391 A.2d 209, 1978 Del. LEXIS 784 (Del. Sup. Ct. 1978) ..................................................................3

*Savarese, et al. v. Agriss, et al.*, 883 F.2d 1194, 1989 U.S. App. LEXIS 12983 (3d. Cir. 1989) ..................................................................7

*Springer v. Henry, et. al*, 2004 WL 2127172 (D. Del. Sept. 16, 2004) ..................................1, 7, 8

*State Farm Mutual Automobile Insurance Company, et al., v. Baron, et al.*, 2002 Del. C.P. LEXIS 66 (Del. Ct. Com. Pls. 2002) ..................................................................4

*United States of America et al., v. Star Bright Construction Company, et al.*, 848 F. Supp. 1161, 1994 U.S. Dist. LEXIS 4240 (D. Del. 1994) ..................................................................3, 4

**Page**

**STATUTES**

6 Del. C. § 2301 ................................................................................................................2

6 Del. C. § 2301(a)........................................................................................................4, 6

28 U.S.C. §1961.....................................................................................................1, 2, 8,

28 U.S.C. §1961(a) ...........................................................................................................8

28 U.S.C. §1961(b) ...........................................................................................................8

42 U.S.C. §1983................................................................................................................7

**RULES**

Fed. R. Civ. P. 59(e) .........................................................................................................3

I.   **NATURE AND STAGE OF PROCEEDINGS**

The jury returned a verdict for Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") against Defendant City of Newark and Councilpersons (collectively the "City") on October 5, 2006. The Court entered judgment for Durkin based upon the verdict on October 11, 2006. Durkin filed a Motion to Amend Judgment to Add Interest Pursuant to Federal Rule of Civil Procedure 59(e) (D.I. 305) and an Opening Brief in support thereof (D.I. 306) on October 25, 2006. Durkin files this Brief pursuant to Rule 59(e) to supplement the interest post-judgment calculation from October 25, 2006 until January 26, 2007.

II.   **SUMMARY OF ARGUMENT**

Under Delaware law, Durkin is entitled as a matter of right to interest in the following categories of the award on contract amounts: (1) pre-judgment interest on the pay applications submitted by Durkin, but not paid by the City and (2) unpaid cost of work due to Durkin as of the date of termination. *Chrysler Corporation v. Chaplake Holdings, Ltd., et al.*, 822 A. 2d 1024, 2003 Del. LEXIS 269 (Del. Sup. Ct. 2003). Durkin is also entitled to pre-judgment interest on the civil rights award. *See e.g. Springer v. Henry, et. al,* 2004 WL 2127172 (D. Del. Sept. 16, 2004) (Appendix ("App.") A1-A16 (D.I. 306)). Finally, Durkin is entitled to receive post-judgment interest on the entire judgment amount, which includes compensatory damages for work performed (Jury Verdict Form I.A.1), post termination expenses (Jury Verdict Form I.A.2) and damages for civil rights violation (Jury Verdict Form I.B). (App. A17-A24 (D.I. 306)). *See* 28 U.S.C. §1961.

Each of the foregoing categories has been carefully segregated to avoid any duplication or overlap in claimed costs, and the appropriate rate of interest has been applied to each category.

### III. CONCISE STATEMENT OF FACTS

On October 5, 2006 the jury returned a verdict for Durkin in the amount of $36,667,573.33. On October 11, 2006 the Court entered judgment in favor of Durkin in the amount of $36,667,573.33. (D.I. 298).

The jury awarded Durkin monies it billed the City in payment applications Nos. 18, 19, 20, 21 and 23[1] included as part of the compensatory damages awarded. (Trial Exhibit DUR-9) (Jury Verdict Form I.A.1) (App. A17-A24 (D.I. 306)). Durkin is entitled to receive interest on each of these payment applications as provided for in the contract between the City and Durkin. (Trial Exhibit DUR-60, Art. 6, Bates no. CC-1232). (App. A25 (D.I. 306)).

The jury awarded Durkin $5,492,666.55 for compensatory damages for unpaid cost of work as of the date of termination. (Jury Verdict Form I.A. 1 and Trial Exhibit DUR-68). Durkin is entitled to receive pre-judgment interest on this amount[2] pursuant to 6 Del. C. §2301 from the date of termination – February 3, 2004[3] – until the date judgment was entered – October 11, 2006. (D.I. 298).

The jury awarded Durkin $25,000,000.00 for civil rights violations. (Jury Verdict Form I.B. App. A17-A24). Durkin is entitled to pre-judgment interest on the violation of civil rights award from the date of termination – February 3, 2004 – until the date judgment was entered – October 11, 2006. (D.I. 298).

---

[1] Payment Application No. 22 was a credit of ($47,912.90) due to the City. (Trial Exhibit DUR-9).

[2] The $5,492,666.55 award for compensatory damages includes $275,837.79 for the amount of unpaid Payment Applications, which is entitled to interest as provided under the Contract. (Trial Exhibit DUR-68, Art. 6, Bates no. CC-1232). Accordingly, the amount of compensatory damages that is entitled to interest pursuant to 6 Del. C. §2301 is $5,216,828.76 ($5,492,666.55 - $275,837.79).

[3] Council voted to terminate Durkin immediately on February 2, 2004 (Trial Exhibit DUR-6) and notified Durkin of the termination by correspondence dated February 3, 2004. *See* Complaint, ¶127 App. A26-A69 (D.I. 306).

Durkin is also entitled to post-judgment interest on the entire jury verdict award of $36,667,573.33. Under 28 U.S.C. §1961, Durkin is entitled to receive interest from the date of judgment – October 11, 2006 – until the judgment is paid in full.

## IV. ARGUMENT

### A. Durkin is Entitled to Collect Pre-Judgment Interest

Rule 59(e) permits a party to file a Motion to amend the judgment if the Motion is filed no later than ten (10) days after entry of the judgment. Federal courts have noted that motions under Rule 59(e) are permitted to amend judgments to add pre-judgment and post-judgment interest. *See e.g. McCalla v. Royal MacCabees Life Insurance Company*, 269 F.3d 1128, 2004 U.S. App. LEXIS 10796 (9th Cir. 2004) (and cases cited therein).

Delaware law recognizes the right to collect pre-judgment interest on a debt. *See e.g., Chrysler Corporation v. Chaplake Holdings, Ltd., et al.*, 822 A. 2d 1024, 2003 Del. LEXIS 269 (Del. Sup. Ct. 2003). *See also Moskowitz v. Mayor and Council of Wilmington*, 391 A.2d 209, 1978 Del. LEXIS 784 (Del. Sup. Ct. 1978); *Citadel Holding Corp. v. Roven*, 603 A.2d 818, 826 (Del. 1992); *Metropolitan Mutual Fire and Ins. Co. v. Carmen Holding Co.*, 220 A.2d 778, 781 (Del. 1966). Pre-judgment interest is awarded as a matter of right, not by judicial discretion. *Moskowitz v. Mayor and Council of Wilmington*, 391 A.2d 209, 1978 Del. LEXIS 784 (Del. Sup. Ct. 1978). *See also Citrin v. International Airport Centers LLC, et al.*, 2006 Del. Ch. LEXIS 166 (Del. Ct. Ch. 2006); and *Jackson v. Madric*, 2006 Del. Super. LEXIS 49 (Del. Supr. Ct. 2006).

Delaware federal courts have applied Delaware law recognizing the right to collect pre-judgment interest. *See, e.g. United States of America et al., v. Star Bright Construction Company, et al.*, 848 F. Supp. 1161, 1994 U.S. Dist. LEXIS 4240 (D. Del. 1994). The interest is calculated from the date when the payment was due. *Id.* When the underlying obligation arises out of a contract, the court should look to the contract to determine to determine when the

interest begins to accrue. *Id. See also State Farm Mutual Automobile Insurance Company, et al., v. Baron, et al.,* 2002 Del. C.P. LEXIS 66 (Del. Ct. Com. Pls. 2002). When the contract does not specify an interest rate, 6 Del. Code §2301(a) states "the legal rate of interest shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due." 6 Del. Code §2301(a).

While pre-judgment interest is awarded as a matter of right, the right to pre-judgment interest is not self-executing. *Brandywine 100 Corporation v. New Castle County, et al.,* 541 A2d 598, 1988 Del. LEXIS 120 (Del. Sup. Ct. 1988). The request for pre-judgment interest must be requested in the pleadings or raised at trial. *Id.* Durkin requested interest in its Complaint and is accordingly, entitled to have the judgment amended to include pre-judgment interest. *See* Complaint Count I and Count VII, App. A26-A69.

### 1. Durkin is Entitled to Collect Pre-Judgment Interest at a Rate of 5% Per Annum on Pay Applications Nos. 18, 19, 20, 21 and 23

The contract between Durkin and the City provides that "[a]ll monies not paid when due as provided in Article 14 of the General Conditions shall bear interest at a rate of five percent per annum." (*See* Contract at Trial Exhibit DUR-60, Article 6, App. A25.) Article 14 of the General Conditions sets forth the process for payment applications to be submitted by Durkin, reviewed by the Engineer (URS Corporation) and paid by the City. (Contract, Article 14, App. A70-A74. (D.I. 306)).

Under the contract, within ten (10) days after Durkin submits a payment application, the Engineer will either recommend the payment application to the City for payment or return it to Durkin with written reasons for the refusal. (Contract, Article 14, Section 14.4, App. A70-A74. (D.I. 306)). If the Engineer approves the payment application for payment, it is presented to the

City. *Id.* Payment is due to Durkin ten (10) days after the Engineer presents the payment application to the City for payment. *Id.*

Payment applications Nos. 18, 19, 20 and 21 were approved for payment by the Engineer on December 29, 2003. *See* Trial Exhibit DUR-9, Engineer's Certificate for Payment. The aggregate amount of these payment applications was $210,834.62. Payment was then due from the City on January 8, 2004. (Contract Article 14, Section 14.4, App. A70-A74. (D.I. 306)).

Durkin is entitled to pre-judgment interest on these monies at a rate of 5% per annum from January 8, 2004 until October 11, 2006 – the date of Judgment – for payment applications Nos. 18, 19, 20 and 21. The total pre-judgment interest due for payment applications Nos. 18, 19, 20 and 21 is $29,083.62.[4]

Payment application No. 23 was approved for payment by the Engineer on January 22, 2004. *See* Trial Exhibit DUR-9, Engineer's certification for payment. The total amount of payment application No. 23 was $65,003.17. Payment was then due from the City on February 1, 2004. (Contract, Article 14, Section 14.4, App. A70-A74. (D.I. 306)). Consequently, Durkin is entitled to pre-judgment interest at a 5% per annum from February 1, 2004 until October 11, 2006 for Application No. 23, yielding the total pre-judgment interest due for payment application No. 23 is $8,753.17.[5]

In summary, the total amount of pre-judgment interest due on payment applications nos. 18, 19, 20, 21 & 23 is $37,836.79.[6]

---

[4] The calculation is as follows: 5% per annum interest on $210,834.62 from 1/8/04 to 1/8/05 = $10,541.73 + 5% per annum interest 1/8/05 to 1/8/06 = $10,541.73 + 5% per annum interest 1/8/06 to 10/11/06 = $8,000.16. $10,541.73 + $10,541.73 + $8,000.16 = $29,083.62.
[5] The calculation is as follows: 5% per annum interest on $65,003.17 from 2/1/04 to 2/1/05 = $3,250.16 + 5% per annum interest 2/1/05 to 2/1/06 = $3,250.16 + 5% per annum interest 2/1/06 to 10/11/06 = $2,252.85. $3,250.16 + $3,250.16 + $2,252.85 = $8,753.17.
[6] The calculation is as follows: $29,083.62 + $8,753.17 = $37,836.79.

### 2. Durkin is Entitled to Collect Pre-Judgment Interest for the Compensatory Damages for Unpaid Cost of Work As Provided Under 6 Del. §2301(a)

The jury awarded Durkin $5,492,666.55 as the unpaid cost of work performed as of the date of termination. (Jury Verdict Form I.A. 1 and Trial Exhibit DUR-68). Since this amount includes the amounts in payment application nos. 18, 19, 20, 21 and 23 ($275,837.79), which pre-judgment interest was already computed per the terms of the contract, and the contract does not provide for any pre-judgment rate of interest[7] Durkin is entitled to statutory pre-judgment interest on the balance of $5,216,828.76 ($5,492,666.55 - $275,837.79) pursuant to 6 Del. Code §2301(a), which indicates that the rate shall be 5% over the Federal Reserve discount rate including any surcharge as of the time from which interest is due.

The unpaid cost of the work was due to be paid to Durkin as of the date of termination – February 3, 2004. *See* Trial Exhibit No. DUR-6 and Complaint, ¶127 App. A50 (D.I. 306). The Federal Reserve discount rate including any surcharge as of February 3, 2004 was 2.5%. *See* http://www.frbdiscountwindow.org/historicalrates.cfm?hdrID=20&dtlID=52. Under 6 Del. Code §2301(a), the appropriate interest rate for the unpaid cost of work in the amount of $5,216,828.76 is 7.5% per annum (2.5% + 5%). Thus, the total pre-judgment interest for the unpaid cost of work is $1,050,512.10.[8]

---

[7] Article 6 of the Contract provides for interest on "all monies not paid when due as provided in Article 14 of the General Conditions...", which relates only to progress payments on approved applications for payment. Excepting the amounts in payment applications 18, 19, 20, 21 & 23, the amounts for compensatory damages awarded by the jury were not derived from Article 14 pay applications, but from computations pursuant to Article 11, for which there is no interest rate on late payments specified.

[8] The calculation is as follows: 7.5% interest on $5,216,828.76 from 2/3/04 to 2/3/05 = $391,262.16 + 7.5% interest from 2/3/05 to 2/3/06 = $391,262.16 + 7.5% interest from 2/3/06 to 10/11/06 = $267,987.78. $391,262.16 + $391,262.16 + $267,987.78 = $1,050,512.10.

KOP:359684v1 3514-04

3.  **Durkin is Entitled to Collect Pre-Judgment Interest for the Damages Awarded for Civil Rights Violations As Provided Under 28 U.S.C. §1961**

The jury awarded Durkin $25,000,000.00 for damages due to civil rights violations. Durkin is entitled to collect pre-judgment interest on this damage award.

There is no reference in 42 U.S.C. §1983 as to the award of pre-judgment interest. Where a federal statute is silent as to the availability of pre-judgment interest, the Court has discretion to award such interest. *See e.g. Savarese, et al. v. Agriss, et al.* 883 F.2d 1194, 1989 U.S. App. LEXIS 12983 (3d. Cir. 1989) (and cases cited therein) (awarding pre-judgment interest is left to the discretion of the district court).

Most federal courts that addressed the issue of awarding pre-judgment interest in Section 1983 cases have concluded that pre-judgment interest should be awarded. For example, the District Court for the Central District of California awarded pre-judgment interest on a Section 1983 claim, indicating, *inter alia*, that a Section 1983 plaintiff should recover pre-judgment interest because "[t]he purpose of a §1983 damages award is to compensate the plaintiff for injuries caused by the deprivation of constitutional rights" and "[p]rejudgment interest is an element of compensation, not a penalty." *Golden State Transit Corp. v. Los Angeles,* 773 F. Supp. 204, 1991 U.S. Dist. LEXIS 11798 (C.D. Cal. 1991) (internal citations omitted). Other federal courts have echoed this analysis in awarding pre-judgment interest. *DeLaCruz v. Pruitt,* 590 F. Supp. 1296, 1309, 1984 U.S. Dist. LEXIS 20675 (N.D. Ind. 1984) (awarding pre-judgment interest to a successful Section 1983 plaintiff, the Court noted that "prejudgment interest serves to further the congressional purposes underlying §1983..."). *Miner v. City of Glens Falls,* 999 F.2d 655, 662, 1993 U.S. App. LEXIS 19416 (2d Cir. 1993) (court affirmed award of pre-judgment interest in a §1983 case "to fully compensation plaintiff for actual damages incurred.") This Court has also awarded pre-judgment interest in a Section 1983 case.

*See e.g. Springer v. Henry, et. al,* 2004 WL 2127172 (D. Del. Sept. 16, 2004) (App. A1-A16 (D.I. 306)).

Durkin suggests that this Court utilize 28 U.S.C. §1961 to determine the proper amount pre-judgment interest that should be awarded. This would be consistent with this Court's prior determination of the proper amount of pre-judgment interest to award in a Section 1983 case. *Springer v. Henry, et. al,* 2004 WL 2127172 (D. Del. Sept. 16, 2004) (App. A1-A16 (D.I. 306)).

Accordingly, Durkin is entitled to pre-judgment interest calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System." 28 U.S.C. §1961(a).[9] The interest shall be compounded annually. *See* 28 U.S.C. §1961(b). The total pre-judgment interest for the $25,000,000.00 award is $2,370,491.33.[10]

### B. Durkin is Entitled to Collect Post-Judgment Interest

A party is entitled to recover interest on any money judgment in a civil case recovered in a district court. *See* 28 U.S.C. §1961. The interest is to be "calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. §1961(a). The post-judgment interest shall also be compounded annually. *See* 28 U.S.C. §1961(b).

---

[9] Refer to http://www.frbdiscountwindow.org/historicalrates.cfm?hdrID=20&dtlID=52.

[10] The calculation is as follows: Annual date week ending 2/6/04 to 1/28/05 average interest is 2.0194% * $25,000,000 principal = $504,855.77. Annual date week ending 2/4/05 to 1/27/06 average interest is 3.7452% * $25,504,855.77 principal and compounded interest = $955,205.90. Annual date week ending 2/3/06 to 10/6/06 average interest is 4.9700% * $26,460,061.67 principal and compounded interest = $910,429.66. Total pre-judgment interest on civil rights award = $504,855.77 + $955,205.90 + $910,429.66 = $2,370,491.33.

Judgment was entered for Durkin in the amount of $36,667,573.33 on October 11, 2006. (D.I. 298)[11]. Accordingly, the appropriate interest rate under 28 U.S.C. §1961 is 4.90%.[12] The daily interest for the post-judgment interest award is $4,922.50 per day. The yearly interest for the post-judgment interest award is $1,796,711.09, which is compounded annually[13].

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion to Amend the Judgment to Add Interest Pursuant to Federal Rule of Civil Procedure Rule 59(e) in the amount of $3,985,547.71 which includes pre-judgment interest and post-judgment interest up to and including January 26, 2007 (which is the date of the filing of this Motion).[14] Accordingly, the Judgment should be amended to reflect a Judgment of **$40,653,121.04**. Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests leave to re-file a supplemental Motion to calculate the entire post-judgment interest at the time of payment of the judgment by the City.

---

[11] Durkin reserves the right to amend the amount of unpaid counsel fees to include fees that were incurred after October 2, 2006 as indicated in Trial Exhibit DUR-68, item 6, and accordingly amend the amount of post-judgment interest that Durkin is entitled to collect. Durkin recognizes that should the Court grant its Motion for attorneys' fees, costs and post-judgment interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 (D.I. 307), the amount of the judgment upon which Durkin is seeking to recover post-judgment interest will need to be reduced by attorneys' fees represented in the judgment to avoid a double recovery on the attorneys' fees.

[12] Refer to http://www.frbdiscountwindow.org/historicalrates.cfm?hdrID=20&dtlID=52.

[13] Durkin reserves the right to supplement the post-judgment interest calculation at the time of payment of the judgment by the City.

[14] The calculation is as follows: $37,836.79 (pre-judgment interest on Pay Applications) + $1,050,512.09 (pre-judgment interest on compensatory damages for unpaid cost of work) + $2,370,491.33 (pre-judgment interest on civil rights damages) + $526,707.50 (107 days [10/11/06 to 01/26/07] of post-judgment daily interest of $4,922.50) = $3,985,547.71.

KOP:359684v1 3514-04

Dated: January 26, 2007

**TYBOUT, REDFEARN & PELL**

By: /s/ David G. Culley
David G. Culley
Delaware Supreme Court ID #2141
750 S. Madison Street, Suite 400
Wilmington, DE 19899-2092
Telephone: (302) 658-6901
Facsimile: (302) 658-4018

**POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO, P.C.**

By: /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: (610) 354-9700
Facsimile: (610) 354-9760

*Attorneys for Plaintiff and Third Party Defendant Donald M. Durkin Contracting*