# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04-0163-GMS |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORNE, JR., and CHRISTINA REWA, | ) ) ) ) ) ) ) ) | |
| Defendants/ Third-Party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| FEDERAL INSURANCE COMPANY, | ) ) ) | |
| Third-Party Defendant. | ) ) | |
| ---------------------------------------------------) | | |
| CITY OF NEWARK, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) ) | |
| URS CORPORATION, | ) ) ) | |
| Third-Party Defendant. | ) | |

## APPENDIX OF DOCUMENTS IN SUPPORT OF
## CITY OF NEWARK DEFENDANTS' POST-TRIAL BRIEF
## IN SUPPORT OF THEIR MOTION FOR JUDGMENT
## AS A MATTER OF LAW AND FOR A NEW TRIAL OR REMITTITUR

### PART 7

*Read in open court*
*10/5/06*
*AW*

DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*

    vs.

CITY OF NEWARK, et al., *Defendants*

    and

CITY OF NEWARK, *Third-Party Plaintiff*

    vs.

DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants*

CASE NO. 04-0163-GMS

## FINAL JURY INSTRUCTIONS

Page 1 of 38

## TABLE OF CONTENTS

1.    ROLE OF THE JURY..................................................................4

2.    EVIDENCE DEFINED.............................................................5

3.    CONSIDERATION OF EVIDENCE........................................6

4.    DIRECT AND CIRCUMSTANTIAL EVIDENCE...................7

5.    STATEMENTS OF COUNSEL................................................8

6.    CREDIBILITY OF WITNESSES...........................................9

7.    EXPERT TESTIMONY...........................................................11

8.    NUMBER OF WITNESSES.....................................................12

9.    BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE....13

10.   EXISTENCE OF A BREACH OF CONTRACT........................14

11.   DONALD M. DURKIN'S RECOVERY FOR
      BREACH OF CONTRACT........................................................15

12.   SECTION 1983 – ELEMENTS OF CLAIM.............................16

13.   SECTION 1983 – ACTION UNDER COLOR OF STATE LAW
      WHICH IS NOT IN DISPUTE.................................................17

14.   SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT...............18

15.   SECTION 1983 – LIABILITY IN CONNECTION WITH THE ACTS
      OF ANOTHER; MUNICIPALITIES GENERAL INSTRUCTION.......19

16.   SECTION 1983 – LIABILITY IN CONNECTION WITH THE ACTIONS
      OF ANOTHER; MUNICIPALITIES, CHOICE BY
      POLICY-MAKING OFFICIAL.................................................20

17.   SECTION 1983 – DAMAGES, COMPENSATORY DAMAGES...........22

18.   SECTION 1983 – NOMINAL DAMAGES.................................24

19.   CONTRIBUTION AGAINST URS CORPORATION............................25

20.   CONVERSION.................................................................................28

21.   DAMAGES - BREACH OF CONTRACT FOR DONALD M.
      DURKIN CONTRACTING, INC. - GENERAL....................................29

22.   CONSTRUCTION OF AMBIGUOUS TERMS - BREACH OF
      CONTRACT.....................................................................................30

23.   DUTY TO MITIGATE DAMAGES - CONTRACT.................................31

24.   DEPOSITION - USE AS EVIDENCE.................................................32

25.   SYMPATHY......................................................................................33

26.   CAUTIONARY INSTRUCTION - OFFSETS.......................................34

27.   CURATIVE INSTRUCTION...............................................................35

28.   URS CORPORATION DAMAGE CLAIM.............................................36

29.   DELIBERATION AND VERDICT.......................................................37

Page 3 of 38

## 1:  INTRODUCTION

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every civil case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

-1-

## 2: PROVINCE OF THE COURT AND JURY

Members of the Jury, in a case such as this, it is important that you bear in mind the distinction between your duties and my duties. You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. You are the sole judges of the facts. It is your judgment, and your judgment alone, to determine what the facts are, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, by a preponderance of the evidence, the defendant is liable.

Now, as far as my duty is concerned, I have the duty of advising you about the law that you should apply to the facts as you find them. You are not to consider whether the principles I state to you are sound or whether they accord with your own views about policy. You are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. You must accept them despite how you feel about their wisdom. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

-2-

**A196**

2.  **EVIDENCE DEFINED**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. The arguments of the lawyers are offered solely as an aid to help you in your determination of the facts. Their questions and objections are not evidence. My legal rulings are not evidence. My comments and questions are not evidence.

During the trial, I may have not let you hear the answers to some of the questions the lawyers asked. I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see. You must completely ignore all of these things. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Page 5 of 38

### 3. CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

4.  <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

You have heard the terms direct and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it way that one is any better than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

5.  **STATEMENTS OF COUNSEL**

A further word about statements and arguments of counsel. The attorney's statements and arguments are not evidence. Instead, their statements and arguments are intended to help you review the evidence presented. If you remember the evidence differently from the attorneys, you should rely on your own recollection.

The role of attorneys is to zealously and effectively advance the claims of the parties they represent with the bounds of the law. An attorney may argue all reasonable conclusions from evidence in the record. It is not proper, however, for an attorney to state an opinion as to the true or falsity of any testimony or evidence. What an attorney personally thinks or believes about the testimony or evidence in a case is not relevant, and you are instructed to disregard any personal opinion or belief concerning testimony or evidence that an attorney has offered during opening or closing statements, or at any other time during the course of the trial.

Page 8 of 38

6.  **CREDIBILITY OF WITNESSES**

You are the sole judges of each witness's credibility. You should consider each witness' means of knowledge; strength of memory; opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness' biases, prejudices, or interests; the witness' manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony.

If you find the testimony to be contradictory, you must try to reconcile it, if reasonably possible, so as to make one harmonious story of it all. But if you can't do this, then it is your duty and privilege to believe the testimony that, in your judgment, is most believable and disregard any testimony that, in your judgment, is not believable.  This instruction applies to the testimony of all witnesses, including expert witnesses.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there is evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he or she gave at trial. You have the right to distrust such witness' testimony in other particulars and you may reject all or some of the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily mean that

Page 9 of 38

the witness was not telling the truth. People may tend to forget some things or remember other things inaccurately. If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an important fact or an unimportant detail.

This instruction applies to all witnesses.

7. **EXPERT TESTIMONY**

Expert testimony is testimony from a person who has a special skill or knowledge in some science, profession, or business. This skill or knowledge is not common to the average person but has been acquired by the expert through special study or experience.

In weighing expert testimony, you may consider the expert's qualifications, the reasons for the expert's opinions, and the reliability of the information supporting the expert's opinions, as well as the factors I have previously mentioned for weighing testimony of any other witness. Expert testimony should receive whatever weight and credit you think appropriate, given all the other evidence in the case.

A203

### 8. *NUMBER OF WITNESSES*

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Page 12 of 38

### 9. BURDEN OF PROOF; PREPONDERANCE OF THE EVIDENCE

This is a civil case. Plaintiff has the burden of providing his claims and damages by what is called a preponderance of the evidence. Proof by a preponderance of the evidence means proof that something is more likely true than not. It means that certain evidence, when compared to the evidence opposed to it, has the more convincing force and makes you believe that something is more likely true than not.

Preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who called them and all exhibits received into evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term proof beyond a reasonable doubt. That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not plaintiff has met his burden of proof on various issues.

10. **EXISTENCE OF A BREACH OF CONTRACT**

There is no dispute between the City of Newark, *et al.* and Donald M. Durkin Contracting, Inc. whether there was a Contract, and you should accept this as fact.

The Court has determined that the City of Newark has breached the Contract. Specifically, the Court has ruled that the City of Newark failed to provide Donald M. Durkin Contracting, Inc. with seven (7) days' prior written notice that the City was terminating Durkin as required by the terms of the Contract.

You should accept the Court's determination as a fact as well.

Page 14 of 38

11.     **DONALD M. DURKIN CONTRACTING, INC.'S RECOVERY FOR BREACH OF CONTRACT**

Because Donald M. Durkin Contracting, Inc. was a party to the contract at issue, Donald M. Durkin Contracting, Inc. is entitled to recover damages from the City of Newark for the breach of the contract. The amount of damages to be awarded for the City's breach of contract with Donald M. Durkin Contracting, Inc. is up to you to decide.

Page 15 of 38

12.    <u>SECTION 1983 – ELEMENTS OF CLAIM</u>

Donald M. Durkin Contracting, Inc. must prove both of the following elements by a preponderance of the evidence:

First: that Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa ("City Council") acted under color of state law.

Second: While acting under color of state law, Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa deprived Donald M. Durkin Contracting, Inc. of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements Donald M. Durkin Contracting, Inc. must prove to establish the violation of its federal constitutional right.

13.  **SECTION 1983 – ACTION UNDER COLOR OF STATE LAW – ACTION**

**UNDER COLOR OR STATE LAW IS NOT IN DISPUTE**

Because Mayor Godwin, Councilperson Farrell, IV, Councilperson Clifton, Councilperson Kalbacher, Councilperson Athey, Councilperson Osborne, Jr. and Councilperson Rewa were officials of the City of Newark at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of Donald M. Durkin Contracting, Inc.'s claim is not in dispute, and you must find that this element has been established.

14.    **SECTION 1983 – DEPRIVATION OF A FEDERAL RIGHT**

The second element of Donald M. Durkin Contracting, Inc. claim is that the City of Newark deprived it of a federal constitutional right.

The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the Fifth and Fourteenth Amendments. Donald M. Durkin Contracting, Inc. alleges that the City of Newark has deprived it of this federal constitutional right.

Page 18 of 38

15.  **SECTION 1983 – LIABILITY IN CONNECTION WITH THE ACTIONS OF ANOTHER – MUNICIPALITIES GENERAL INSTRUCTION**

If you find that Donald M. Durkin Contracting, Inc. was deprived of right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference, the City of Newark is liable for that deprivation if Donald M. Durkin Contracting, Inc. proves by a preponderance of the evidence that the deprivation resulted from the City of Newark's official policy or custom – in other words, that the City of Newark's official policy or custom caused the deprivation.

It is not enough for Donald M. Durkin Contracting, Inc. to show that the City of Newark employed a person who violated Donald M. Durkin Contracting, Inc.'s rights. Donald M. Durkin Contracting, Inc. must show that the violation resulted from the City of Newark's official policy or custom. "Official policy or custom" includes any of the following:

- a policy statement or decision that is officially made by the City of Newark City Council or City Administration; or

- a custom that is a widespread, well-settled practice that constitutes a standard operating procedure of.

I will now proceed to give you more details on each of the ways in which Donald M. Durkin Contracting, Inc. may try to establish that an official policy or custom of the City of Newark caused the deprivation.

Page 19 of 38

16.  **SECTION 1983 – LIABILITY IN CONNECTION WITH THE ACTIONS OF
ANOTHER – MUNICIPALITIES – CHOICE BY POLICYMAKING OFFICIAL**

The City Council of the City of Newark is a policymaking entity whose actions
represent a decision by the government itself. The same is true of an official or body to whom
the City Council has given final policymaking authority: The actions of that official or body
represent a decision by the government itself.

Thus, when the City Council or the City Administration makes a deliberate choice to
follow a course of action, that choice represents an official policy. Through such a policy, the
City Council or the City Administration may cause a violation of a federal right by:

- directing that the violation occur,

- authorizing the violation, or

- agreeing to a subordinate's decision to engage in the violation.

The City Council or City Administration may also cause a violation through failure to
adopt a needed policy, but only if the City of Newark is deliberately indifferent to the fact
that a violation of the right to hold specific private employment and to follow a chosen
profession free from unreasonable governmental interference is a highly predictable
consequence of the failure to adopt a needed policy.

I will instruct you further on this in a moment.

I instruct you that the City Council and the City Administration are policymakers
whose deliberate choices represent official policy. If you find that such an official policy was
the cause of and the moving force behind the alleged violation of Donald M. Durkin

Page 20 of 38

Contracting, Inc.'s, federal constitutional right then you have found that the City of Newark caused that violation.

17.  ### SECTION 1983 – DAMAGES – COMPENSATORY DAMAGES

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the City of Newark and City Council should be held liable.

If you find the City of Newark and City Council liable, then you must consider the issue of compensatory damages.

You must award Donald M. Durkin Contracting, Inc. an amount that will fairly compensate it for any injury it actually sustained as a result of the City of Newark and City Council's conduct.

Donald M. Durkin Contracting, Inc. must show that the injury would not have occurred without the City of Newark and City Council's act. Donald M. Durkin Contracting, Inc. must also show that the City of Newark and City Council's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the City of Newark and City Council's act. There can be more than one cause of an injury.

To find that the City of Newark and City Council's act caused Donald M. Durkin, Inc.'s injury, you need not find that the City of Newark and City Council's act was the nearest cause, either in time or space. However, if Donald M. Durkin Contracting, Inc.'s injury was caused by a later, independent event that intervened between the City of Newark and City Council's act and Donald M. Durkin Contracting, Inc.'s injury, the City of Newark and City Council's

is not liable unless the injury was reasonably foreseeable by the City of Newark and City Council.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Donald M. Durkin Contracting, Inc. claims the following items of damages:

- Loss of bonding capacity

- Loss of ability to conduct business

- Impairment to reputation

Each plaintiff has a duty under the law to "mitigate" its damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is the City's burden to prove that Donald M. Durkin Contracting, Inc. has failed to mitigate. So if the City persuades you by a preponderance of the evidence that Donald M. Durkin Contacting, Inc. failed to take advantage of an opportunity that was reasonably available to it, then you must reduce the amount of Donald M. Durkin Contracting, Inc.'s damages by the amount that could have been reasonably obtained if it had taken advantage of such an opportunity.

In assessing damages for any civil rights claim, for any civil rights claim, you must not consider attorney fees or the costs of litigating this separate claim. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

Page 23 of 38

18.    <u>SECTION 1983 – DAMAGES – NOMINAL DAMAGES</u>

If you return a verdict for Donald M. Durkin Contracting, Inc., but Donald M. Durkin Contracting, Inc. has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if it suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

Page 24 of 38

A216

19.     <u>CONTRIBUTION AGAINST URS</u>

Newark has asserted a claim of contribution against URS for any civil rights violation for which it may be found liable.  Contribution is a sharing of liability between responsible parties according to their relative degrees of fault, if any.

For a private person such as a URS to act under color of State law for civil rights purposes, Newark must show that URS was a willful participant in a joint conspiracy with the City to deprive Durkin of a constitutional or statutory right.

URS is not a state official.  However, Newark alleges that URS acted under the color of state law by conspiring with one or more state officials to deprive Durkin of a federal right.

A conspiracy is an agreement between two or more people to do something illegal.  A person who is not a state official acts under color of state law when he/she enters into a conspiracy, involving one or more state officials, to do an act that deprives a person of federal constitutional rights.

To find a conspiracy in this case, you must find that Newark has proved both of the following by a preponderance of the evidence:

First: URS agreed in some manner with the City of Newark in the conspiracy with the City of Newark to do an act that deprived Durkin of its right to proceed with its profession.

Second: URS engaged in at least one act in furtherance of the conspiracy.

As I mentioned, the first thing that Newark must show in order to prove a conspiracy is that URS and the City of Newark agreed in some manner to do an act that deprived Durkin of its right to proceed with its profession.

Page 25 of 38

Mere similarity of conduct among various persons, or the fact that they may have associated with each other, or may have discussed some common aims or interests, is not necessarily proof of a conspiracy. To prove a conspiracy, Newark must show that members of the conspiracy came to a mutual understanding to do the act that violated Durkin's right to proceed with its profession. The agreement can be either express or implied. Newark can prove the agreement by presenting testimony from a witness who heard URS and the City of Newark in the conspiracy with City of Newark discussing the agreement; but Newark can also prove the agreement without such testimony, by presenting evidence of circumstances from which the agreement can be inferred. In other words, if you infer from the sequence of events that it is more likely than not that URS and the City of Newark agreed to do an act that deprived Newark of its right to proceed with its profession, then Newark had proved the existence of the agreement.

In order to find an agreement, you must find that there was a jointly accepted plan, and that URS and the City of Newark knew the plan's essential nature and general scope. A person who has knowledge of a conspiracy, but who happens to act in away which furthers some purpose of the conspiracy, does not thereby become a conspirator. However, you need not find that URS knew the exact details of the plan. One may become a member of a conspiracy without full knowledge of all the details of the conspiracy.

The second thing that Newark must show in order to prove a conspiracy is that URS engaged in at least one act in furtherance of the conspiracy.

If you do not find by a preponderance of the evidence that URS did not control

Page 26 of 38

Newark or conspire with Newark, or willfully participate with Newark in denying Durkin's civil rights, you must find against Newark on its claim for contribution against URS.