## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN                )
CONTRACTING, INC.,              )
                                )
          Plaintiff,            )
                                )
     v.                         )        No. 04-0163-GMS
                                )
CITY OF NEWARK, HAROLD F.       )
GODWIN, JOHN H. FARRELL, IV,    )
JERRY CLIFTON, KARL G.          )
KALBACHER, DAVID J. ATHEY,      )
FRANK J. OSBORNE, JR., and      )
CHRISTINA REWA,                 )
                                )
          Defendants/           )
          Third-Party Plaintiffs, )
     v.                         )
                                )
FEDERAL INSURANCE COMPANY,      )
                                )
          Third-Party Defendant. )
------------------------------------------------------)
                                )
CITY OF NEWARK,                 )
                                )
          Third-Party Plaintiff, )
                                )
     v.                         )
                                )
URS CORPORATION,                )
                                )
          Third-Party Defendant. )

### APPENDIX OF DOCUMENTS IN SUPPORT OF
### CITY OF NEWARK DEFENDANTS' POST-TRIAL BRIEF
### IN SUPPORT OF THEIR MOTION FOR JUDGMENT
### AS A MATTER OF LAW AND FOR A NEW TRIAL OR REMITTITUR

### PART 8

20. <u>CONVERSION</u>

Donald M. Durkin Contracting, Inc. contends that the City of Newark appropriated materials purchased by Donald M. Durkin Contracting, Inc. but not paid for by the City of Newark.

Donald M. Durkin Contracting, Inc. has the burden of proving by a preponderance of the evidence all facts necessary to establish the following elements of its claim:

(1) it had a property interest in the converted goods;

(2) it had a right to possession of the goods; and

(3) it sustained damages.

Page 28 of 38

A220

21.    **DAMAGES – BREACH OF CONTRACT FOR DURKIN M. CONTRACTING, INC. – GENERAL**

The Court has determined that the City of Newark committed a breach of contract, Donald M. Durkin Contracting, Inc. is entitled to compensation in an amount that will place it in the same position it would have been if the contract had been properly performed. The measure of damages is the loss actually sustained as a result of the breach of the contract.

Page 29 of 38

22.    <u>CONSTRUCTION OF AMBIGUOUS TERMS – BREACH OF CONTRACT</u>

If you determine that one or more of the terms of the Contract between Donald M. Durkin Contracting, Inc. and the City of Newark is susceptible of more than one reasonable interpretation, or is not clear, then you must construe and interpret those terms in favor of Donald M. Durkin Contracting, Inc. and against the City of Newark.

Page 30 of 38

A222

23.    **DUTY TO MITIGATE DAMAGES – CONTRACT**

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered.  To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances.  This reduction, however, must be measured with reasonable probability.

24.    <u>DEPOSITION – USE AS EVIDENCE</u>

Some testimony is in the form of sworn recorded answers to questions asked of a witness before the trial. This is known as deposition testimony. This kind of testimony is used when a witness, for some reason, cannot be present to testify in person. You should consider and weigh deposition testimony in the same way as you would the testimony of a witness who has testified in court.

Page 32 of 38

25.    <u>SYMPATHY</u>

Your verdict must be based solely on the evidence in this case.  You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence.  You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties.  It is only natural and human to sympathize with persons involved in litigation.  But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

Page 33 of 38

26.    <u>CAUTIONARY INSTRUCTION - OFFSETS</u>

I am instructing you that there shall be no deduction or diminution of the damages, if any, proven by Donald M. Durkin Contracting, Inc. as a result of the City of Newark's breach of the contract, on account of any suggestion of offsets by the City of Newark.

Page 34 of 38

**A226**

27.    **CURATIVE INSTRUCTION**

Some witnesses have offered testimony related to the design of the reservoir, most notably the design of the interior slopes. As I instructed you at the beginning of the case, Durkin has no claims against URS. I have also entered judgment against Newark on Durkin's breach of contract claim against Newark.

The testimony regarding the reservoir design by Mr. Ramsey, Dr. Calabria, or any other witness may not be considered by you in regard to Newark's claim against URS for contribution because it is legally impermissible for that purpose.

Therefore, I instruct you to disregard that testimony in considering Newark's claims against URS.

Page 35 of 38

28.    URS CORPORATION DAMAGE CLAIM

Newark has offered no defense to URS's claim for unpaid contract amounts. Therefore, I will enter judgment for URS against Newark in the amount of $242,000 on that claim.

It is up to you to decide the amount of any attorneys' fees and costs that URS is entitled to be paid in its efforts to collect the amounts Newark owed it. And, if so, the amount that it owed.

URS has the burden to prove by a preponderance of the evidence that:

(1) That it is entitled to an award of fees and costs; and

(2) The amount of such fees and cost

Page 36 of 38

A228

29.    <u>DELIBERATION AND VERDICT</u>

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because the opinion of your fellow jurors, or forth the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges — judges of the facts, not me. Your sole interest is to seek the truth from the evidence in that case. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous. A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom, your foreperson will give the form to my Deputy Clerk and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions, and nothing in the form of a verdict, is meant to suggest or convey in any way or manner any intimation as to what

Page 37 of 38

verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence. Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to the Jury Officer, to my Deputy Clerk, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Jury Officer. The question will be given to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally sent to me through the foreperson, who by custom of this court is juror Number 1.

One more thing about messages. Do not ever write down or tell anyone else how you stand on your votes. For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be. That should stay secret until you are finished. Let me finish by repeating something I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in favor of either party. You must decide the case yourselves based on the evidence presented.

Page 38 of 38

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| CITY OF NEWARK, et al., Defendants | : | CASE NO. 04-0163-GMS |
| and | : | |
| | : | |
| CITY OF NEWARK, *Third-Party Plaintiff* | : | |
| | : | |
| vs. | : | |
| | : | |
| DONALD M. DURKIN CONTRACTING, INC., FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | : | |

## JURY VERDICT FORM

I.    Donald M. Durkin Contracting, Inc.'s Claims Against the City of Newark

A.    BREACH OF CONTRACT

The Court has already determined that the City of Newark breached its contract with Donald M. Durkin Contracting, Inc.

1.    We the jury, find that Donald M. Durkin, Contracting Inc. is entitled to recover from the City of Newark compensatory damages for work performed in the amount of

$ _5,492,666.55_ .

2.    We the jury, find that Donald M. Durkin, Contracting Inc. is entitled to recover from the City of Newark for post termination incurred expenses, if any, in the amount of

$ _6,174,905.78_ .

3.    If you enter any amount in line 2 above, state the amount of attorneys' fees you have awarded, if any

$ _1,740,751.38_ .

**PROCEED TO NEXT PAGE**

**A232**

**B.     CIVIL RIGHTS**

Do you find, by a preponderance of the evidence, that the City of Newark denied Donald M. Durkin Contracting, Inc. a property interest or a liberty interest without due process of law, and that such denial was a proximate cause of the damages sought by Donald M. Durkin Contracting, Inc.?

YES   ✓                           NO _____

*If you answered YES above, answer the following question.  If you answered NO, proceed to Section C.*

1.     We, the jury, find that Donald M. Durkin Contracting, Inc. is entitled to recover from the City of Newark for damages in the amount of

$   *25,000,000.00*   .

**PROCEED TO NEXT PAGE**

### C.    CONVERSION

Do you find by a preponderance of the evidence that the City of Newark converted Donald M. Durkin Contracting, Inc.'s property, and that such conversion was a proximate cause of the damages sought by Donald M. Durkin Contracting, Inc.?

YES   ✓_____              NO  _____

*If you answered YES, answer the following question.  If you answered NO, proceed to the next page:*

1.    We, the jury, find that Donald M. Durkin Contracting, Inc. is entitled to recover from the City of Newark for damages for conversion in the amount of

$   _1. 00_____.

**PROCEED TO NEXT PAGE**

A234

II.    **URS Corporation's Damages Interrogatory**

Do you find by a preponderance of the evidence that URS is entitled to an award of fees and costs from Newark?

Yes _____✓_____          No _____

If your answer is "yes", please enter the total amount of fees and costs you award to URS.

$ ___283,387,87___.

Of the amount above, state the amount of attorneys' fees you have awarded, if any

$ ___283,387,87___.

**PROCEED TO NEXT PAGE**

A235

**III.    Interrogatory on Newark's Claim to Contribution From URS for Alleged Civil Rights Violations**

If you have found that Newark has violated Durkin's civil rights, do you find that Newark has proved by a preponderance of the evidence that URS willfully participated in a joint conspiracy with Newark to deprive Durkin of its Civil Rights?

Yes _____          No ____✓_____

If your answer is "yes" what is the percentage of contribution, if any, that Newark is entitled to from URS?

% _____

*You should sign and date the verdict form and tell the bailiff you have reached a verdict.*

SO SAY WE ALL, this 5 th day of October, 2006

REDACTED

A236

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING, INC.     )    Civil Action No.: 04-0163 GMS
                                 )
            Plaintiff,           )
         vs.                )
                                   )
CITY OF NEWARK, HAROLD F. GODWIN,    )   JURY TRIAL DEMANDED
JOHN H. FARRELL, IV, JERRY CLIFTON,      )
KARL G. KALBACHER, DAVID J. ATHEY,      )
FRANK J. OSBORNE, JR., CHRISTINA REWA   )
AND URS CORPORATION              )
                                   )
           Defendants,        )
                                   )
         vs.                )
                                   )
FEDERAL INSURANCE COMPANY        )
                                   )
        Third Party Defendant.    )

AFFIDAVIT OF RONALD SCOTT KILLEN

STATE OF DELAWARE        :
                           :      ss
COUNTY OF NEW CASTLE    :

Ronald Scott Killen, being duly sworn, does depose and say:

1.     I speak from personal knowledge and am competent to make this Affidavit.

2.     I was employed by Talley Brothers as an estimator from February 1998 to February 2004.

3.     While employed by Talley Brothers, I assisted with estimating the Newark Reservoir Project. Talley Brothers provided concrete and general contracting work for the Reservoir Project.

4.     I became familiar with the firm Donald M. Durkin Contracting, Inc. during my employment with Talley Brothers.

5.    I left Talley Brothers in 2004 to work for Mason Building Group where I am still employed as an estimator.    Mason Building Group does interior and civil contracting work.

6.    I contacted Donald M. Durkin Contracting in April 2004 and requested a bid from the company for a project at the Delaware Solid Waste Authority.

7.    Bonding was not required for the project and I advised Donald M. Durkin Contracting of this fact.

8.    In response to my request for a bid, Jim Durkin told me that Donald M. Durkin Contracting would not be bidding any work until after the litigation was over with the City of Newark.

9.    The bids received from other contractors were around $2 million for the same work for which I requested a bid from Donald M. Durkin Contracting in April 2004.

10.    I did not think this information was important until I read in the News Journal about the verdict for Durkin and Durkin's allegation that it could not do any work because of the termination by the City of Newark.

11.    Because I personally had offered Donald M. Durkin Contracting Company the opportunity for work valued around $2 million, I knew that the allegation was not true, so I immediately contacted the City of Newark.    I did not contact anyone from the City of Newark prior to reading about the verdict.

_____
Ronald Scott Killen

State of Delaware
County of New Castle

Signed and sworn before me by Ronald Scott Killen, on this the 23rd day of October 2006..

_____
Notary Public

Cheryl M. Simons
Notary Public
State of Delaware
County of New Castle
My Commission Expires Feb 10, 2007

A238

## CERTIFICATE OF SERVICE

I certify that on January 26, 2007, I electronically served the APPENDIX OF DOCUMENTS IN SUPPORT OF CITY OF NEWARK DEFENDANTS' POST-TRIAL BRIEF IN SUPPORT OF THEIR MOTION FOR JUDGMENT AS A MATTER OF LAW AND NEW TRIAL OR REMITTITUR by CM/ECF to counsel of record as follows:

Paul Logan, Esquire
Powell, Trachtman, Logan, Carrle &
    Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

David G. Culley, Esquire
Tybout, Redfearn & Pell
750 S. Madison Street, Ste. 400
P.O. Box 2092
Wilmington, DE 19899-2092

*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1130
P.O. Box 588
Wilmington, DE 19899

*Attorneys for Intervener Plaintiff,*
*St. Paul Fire & Marine Insurance Company*

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

*Attorneys for URS Corporation, Inc.*

Patrick Kingsley, Esquire
Kevin W. Goldstein, Esquire
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

*Attorneys for Federal Insurance Company*

Collins J. Seitz, Jr. (Bar No. 2237)