IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* <br><br> vs. <br><br> CITY OF NEWARK, et al., *Defendants* <br><br> and <br><br> CITY OF NEWARK, *Third-Party Plaintiff* <br><br> vs. <br><br> DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

APPENDIX OF DOCUMENTS IN SUPPORT OF
ANSWERING BRIEF OF PLAINTIFF
IN OPPOSITION TO CITY OF NEWARK DEFENDANTS'
MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL
OR REMITTITUR

Part 12

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin
Contracting*

Dated: March 2, 2007

# TABLE OF CONTENTS

**Document**                                                                                     **Page**

Selected Portions of the Trial Transcript……………………………………………………..A1

Selected Jury Instructions Discussed on October 4, 2006….....………………………….A177

Selected Final Jury Instructions……………………………………………………….....A182

Jury Verdict Form……………………………………………………………………….A193

Chart of City's Arguments Regarding Contract Damages in Its Rule 50a, Rule 50b
And Rule 59 Motions……………………………………………………………………A199

Judge Sleet's Final Pre-Trial Form Order ……………………………………………....A202

Trial Brief of the City of Newark Defendants………………………………………….A207

Court Order dated September 22, 2006……………………………………………….…A217

Chart of City's Arguments Regarding Contract Damage Calculation During Trial….A237

Application and Certificate for Payment No. 23 (DUR9)……………………………A240

Selected Portions of the Contract (DUR60)……………………………………………...A242

Selected Portions of the Complaint……………………………………………………...A250

Chart of City's Cases Cited in Support of the Doctrine of
Constructive Termination……………………………………………………………….A254

Itemized Statement of Damages (DUR68)……………………………………………...A255

Memorandum dated May 27, 2004 from
Solicitor Akin to Mayor and Council (DUR37)……………………………...………..A256

Affidavit of Ronald Scott Killen……………………………………………………....A259

Affidavit of Donald M. Durkin, Jr……………………………………………………...A261

Affidavit of Michael D. Durkin…………………………………………………………A267

Affidavit of James W. Durkin……………………………………………………………A273

Selected Delaware Pattern Jury Instructions (2000)……………………………………A279

City's Communications with Durkin's Subcontractors (DUR13, DUR14, DUR 15, DUR16, DUR17, DUR18, DUR19).................................................................A281

Chart of What Council Did Not Know When it Voted to Terminate Durkin............A318

Prospective Bidder Memorandum dated July 30, 2004 (DUR10).......................A320

Memorandum from Mayor Funk to City Manager Luft (DUR20).......................A321

Executive Session Meeting Minutes dated February 2, 2004 (DUR34)...............A322

Selected Third Circuit Model Jury Instructions............................................A325

17. **SECTION 1983 – DAMAGES – COMPENSATORY DAMAGES**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the City of Newark and City Council should be held liable.

If you find the City of Newark and City Council liable, then you must consider the issue of compensatory damages.

You must award Donald M. Durkin Contracting, Inc. an amount that will fairly compensate it for any injury it actually sustained as a result of the City of Newark and City Council's conduct.

Donald M. Durkin Contracting, Inc. must show that the injury would not have occurred without the City of Newark and City Council's act. Donald M. Durkin Contracting, Inc. must also show that the City of Newark and City Council's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of the City of Newark and City Council's act. There can be more than one cause of an injury.

To find that the City of Newark and City Council's act caused Donald M. Durkin, Inc.'s injury, you need not find that the City of Newark and City Council's act was the nearest cause, either in time or space. However, if Donald M. Durkin Contracting, Inc.'s injury was caused by a later, independent event that intervened between the City of Newark and City Council's act and Donald M. Durkin Contracting, Inc.'s injury, the City of Newark and City Council's

is not liable unless the injury was reasonably foreseeable by the City of Newark and City Council.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Donald M. Durkin Contracting, Inc. claims the following items of damages:

- Loss of bonding capacity
- Loss of ability to conduct business
- Impairment to reputation

Each plaintiff has a duty under the law to "mitigate" its damages – that means that the plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is the City's burden to prove that Donald M. Durkin Contracting, Inc. has failed to mitigate. So if the City persuades you by a preponderance of the evidence that Donald M. Durkin Contacting, Inc. failed to take advantage of an opportunity that was reasonably available to it, then you must reduce the amount of Donald M. Durkin Contracting, Inc.'s damages by the amount that could have been reasonably obtained if it had taken advantage of such an opportunity.

In assessing damages for any civil rights claim, for any civil rights claim, you must not consider attorney fees or the costs of litigating this separate claim. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

21. **DAMAGES – BREACH OF CONTRACT FOR DURKIN M. CONTRACTING, INC. – GENERAL**

The Court has determined that the City of Newark committed a breach of contract, Donald M. Durkin Contracting, Inc. is entitled to compensation in an amount that will place it in the same position it would have been if the contract had been properly performed. The measure of damages is the loss actually sustained as a result of the breach of the contract.

22. **CONSTRUCTION OF AMBIGUOUS TERMS – BREACH OF CONTRACT**

If you determine that one or more of the terms of the Contract between Donald M. Durkin Contracting, Inc. and the City of Newark is susceptible of more than one reasonable interpretation, or is not clear, then you must construe and interpret those terms in favor of Donald M. Durkin Contracting, Inc. and against the City of Newark.

23. **<u>DUTY TO MITIGATE DAMAGES – CONTRACT</u>**

Generally, the measure of damages for one who is harmed by a breach of contract is tempered by a rule requiring that the injured party make a reasonable effort, whether successful or not, to minimize the losses suffered. To mitigate a loss means to take steps to reduce the loss. If an injured party fails to make a reasonable effort to mitigate its losses, its damage award must be reduced by the amount a reasonable effort would have produced under the same circumstances. This reduction, however, must be measured with reasonable probability.

25. **SYMPATHY**

Your verdict must be based solely on the evidence in this case. You must not be governed by prejudice, sympathy, or any other motive except a fair and impartial consideration of the evidence. You must not, under any circumstances, allow any sympathy that you might have for any of the parties to influence you in any way in arriving at your verdict.

I am not telling you not to sympathize with the parties. It is only natural and human to sympathize with persons involved in litigation. But you must not allow that sympathy to enter into your consideration of the case or to influence your verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* : | |
| vs. : | |
| CITY OF NEWARK, et al., Defendants : | CASE NO. 04-0163-GMS |
| and : | |
| CITY OF NEWARK, *Third-Party Plaintiff* : | |
| vs. : | |
| DONALD M. DURKIN CONTRACTING, INC., FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* : | |

# JURY VERDICT FORM

I. **Donald M. Durkin Contracting, Inc.'s Claims Against the City of Newark**

A. **BREACH OF CONTRACT**

The Court has already determined that the City of Newark breached its contract with Donald M. Durkin Contracting, Inc.

1. We the jury, find that Donald M. Durkin, Contracting Inc. is entitled to recover from the City of Newark compensatory damages for work performed in the amount of

$ __5,492,666.55__ .

2. We the jury, find that Donald M. Durkin, Contracting Inc. is entitled to recover from the City of Newark for post termination incurred expenses, if any, in the amount of

$ __6,174,905.78__ .

3. If you enter any amount in line 2 above, state the amount of attorneys' fees you have awarded, if any

$ __1,740,751.38__ .

**PROCEED TO NEXT PAGE**

**B.    CIVIL RIGHTS**

Do you find, by a preponderance of the evidence, that the City of Newark denied Donald M. Durkin Contracting, Inc. a property interest or a liberty interest without due process of law, and that such denial was a proximate cause of the damages sought by Donald M. Durkin Contracting, Inc.?

YES ✓        NO _____

*If you answered YES above, answer the following question. If you answered NO, proceed to Section C.*

1.    We, the jury, find that Donald M. Durkin Contracting, Inc. is entitled to recover from the City of Newark for damages in the amount of

$ __25,000,000.00__ .

**PROCEED TO NEXT PAGE**

C. **CONVERSION**

Do you find by a preponderance of the evidence that the City of Newark converted Donald M. Durkin Contracting, Inc.'s property, and that such conversion was a proximate cause of the damages sought by Donald M. Durkin Contracting, Inc.?

YES ✓          NO _____

*If you answered YES, answer the following question. If you answered NO, proceed to the next page:*

1. We, the jury, find that Donald M. Durkin Contracting, Inc. is entitled to recover from the City of Newark for damages for conversion in the amount of

$ __1.00__ .

**PROCEED TO NEXT PAGE**

II.  **URS Corporation's Damages Interrogatory**

Do you find by a preponderance of the evidence that URS is entitled to an award of fees and costs from Newark?

Yes ____✓____   No _____

If your answer is "yes", please enter the total amount of fees and costs you award to URS.

$ _283,387.87_ .

Of the amount above, state the amount of attorneys' fees you have awarded, if any

$ _283,387.87_ .

**PROCEED TO NEXT PAGE**

### III. Interrogatory on Newark's Claim to Contribution From URS for Alleged Civil Rights Violations

If you have found that Newark has violated Durkin's civil rights, do you find that Newark has proved by a preponderance of the evidence that URS willfully participated in a joint conspiracy with Newark to deprive Durkin of its Civil Rights?

Yes _____      No ___✓_____

If your answer is "yes" what is the percentage of contribution, if any, that Newark is entitled to from URS?

% _____

*You should sign and date the verdict form and tell the bailiff you have reached a verdict.*

SO SAY WE ALL, this 5 ᵗʰ day of October, 2006

REDACTED

A198

# City's Arguments
# Regarding Contract Damage Calculation in
# Its Rule 50a, Rule 50b and Rule 59 Motions

| City of Newark's Defendants' Motion for Direct Verdict (Rule 50a) (D.I. 277) ||
|---|---|
| Statement | Page |
| "In the event of termination, the contract provides that Durkin is entitled to payment for completed work plus termination expenses." | City of Newark's Defendants' Damages Memorandum ("City's Damage Memo"), page 2 |
| "Durkin can only recover up to the outstanding amount that was due under the contract at the time of termination, which is $239,682.43." | City's Damage Memo, page 3 |

| City of Newark's Defendants' Motion for Judgment Notwithstanding the Verdict Pursuant to Federal Rule 50(b) (D.I. 303) ||
|---|---|
| Statement | Page |
| "The breach of contract verdict was contrary to the law." | City of Newark Defendants' Motion for Judgment Notwithstanding the Verdict Pursuant to Federal Rule of Civil Procedure 50(b) ("City's Rule 50(b) Motion"), page 2 |
| "The breach of contract verdict was contrary to the law because Plaintiff's valuation of breach of contract damages is not support by the contract or Delaware law." | City's Rule 50(b) Motion, page 2 |
| "The breach of contract verdict was contrary to the evidence and the law because Plaintiff did not include a quantum meruit claim in its complaint. Plaintiff's Complaint included a breach of contract claim but Plaintiff was permitted to substitute a quantum merit claim." | City's Rule 50(b) Motion, page 2 |
| "The breach of contract verdict was contrary to the evidence and the law because the verdict exceeded the remaining amount due to Durkin on the contract." | City's Rule 50(b) Motion, page 3 |

| City of Newark's Defendants' Motion for Judgment Notwithstanding the Verdict Pursuant to Federal Rule 50(b) (D.I. 303) ||
|---|---|
| **Statement** | **Page** |
| "The breach of contract verdict was contrary to the evidence and the law because the verdict exceeded the entire amount of the contract." | City's Rule 50(b) Motion, page 3 |
| "The breach of contract verdict was contrary to the evidence and the law because the methodology for calculating work performed is contrary to the contract." | City's Rule 50(b) Motion, page 3 |
| "The breach of contract verdict is contrary to the evidence and the law because the methodology for calculating work performed is contrary to Delaware law." | City's Rule 50(b) Motion, page 3 |
| "The breach of contract verdict was contrary to the evidence and the law because Durkin admitted that it was only owed $239,682.43."[1] | City's Rule 50(b) Motion, page 3 |
| "The Court erred in permitting evidence of an improper breach of contract damages valuation." | City's Rule 50(b) Motion, page 4 |
| "The Court erred in allowing testimony by Durkin regarding an improper method of valuing contract damages over Newark's continued objection." | City's Rule 50(b) Motion, page 4 |
| "The Court erred in allowing evidence offered by Durkin of its damages over Newark's objection because Durkin improperly valued damages." | City's Rule 50(b) Motion, page 5 |
| "The Court erred by permitting the jury to consider evidence of an improper valuation of damages." | City's Rule 50(b) Motion, page 5 |
| "The Defendants incorporate for the purposes of this Motion, Defendants' Motion for Directed Verdict (D.I. 277)."[2] | City's Rule 50(b) Motion, page 5 |

---

[1] This is a complete misstatement of the testimony and evidence. *See e.g.* A123, Tr. 947:6-19; A255; DUR68.
[2] As indicated in the above chart, the City's Motion for Directed Verdict does not mention converting an improper termination for default into a termination for convenience.

2

A200

| City of Newark Defendants' Motion to Alter, Amend or Vacate Judgment, for New Trial/Remittitur Pursuant to Federal Rule of Civil Procedure 59 (D.I. 304) ||
|---|---|
| **Statement** | **Page** |
| "The breach of contract verdict was contrary to the evidence and the law because the verdict exceeded the remaining amount due to Durkin on the contract." | City of Newark Defendants' Motion to Alter, Amend, or Vacate Judgment, for New Trial/Remittitur Pursuant to Federal Rule of Civil Procedure 59 ("City's Rule 59 Motion"), page 3 |
| "The breach of contract verdict was contrary to the evidence and the law because the verdict exceeded the entire amount of the contract." | City's Rule 59 Motion, page 3 |
| "The breach of contract verdict was contrary to the evidence and the law because the methodology for calculating work performed is contrary to the contract." | City's Rule 59 Motion, page 3 |
| "The breach of contract verdict is contrary to the evidence and the law because the methodology for calculating work performed is contrary to Delaware law." | City's Rule 59 Motion, page 3 |
| "The breach of contract verdict was contrary to the evidence and the law because Durkin admitted that it was only owed $239,682.43."[3] | City's Rule 59 Motion, page 4 |
| "The Court erred by failing to instruct the jury regarding the proper measure of damages." | City's Rule 59 Motion, page 8 |
| "The Court erred in allowing testimony by Durkin regarding an improper method of valuing contract damages over Newark's continued objection." | City's Rule 59 Motion, page 9 |
| "The Court erred in allowing evidence offered by Durkin of its damages over Newark's objection because Durkin improperly valued damages." | City's Rule 59 Motion, page 9 |
| "The Court erred by permitting the jury to consider evidence of an improper valuation of damages." | City's Rule 59 Motion, page 9 |

---

[3] This is a complete misstatement of the testimony and evidence. *See e.g.* A123, Tr. 947:6-19; A255; DUR68.

3

A201

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**FINAL PRETRIAL ORDER**

This matter having come before the court at a pretrial conference held pursuant to Fed.R.Civ.P. ("Rule") 16, and [insert name, address and telephone number] having appeared as counsel for plaintiff(s) and [insert name, address and telephone number] having appeared as counsel for defendant(s), the following actions were taken:

(1)  This is an action for [insert nature of action, e.g., breach of contract, personal injury] and the jurisdiction of the court is involved under [insert citation of statute on which jurisdiction is based]. Jurisdiction is (not) disputed[1].

(2)  The following stipulations and statements were submitted and are attached to and made a part of this Order.

   (a)  a comprehensive stipulation or statement of all uncontested facts, which will become a part of the evidentiary record in the case (and which, in a jury trial, may be read to the jury by the court or any party)[2];

---

[1]  In diversity cases or other cases requiring a jurisdictional amount in controversy, the Order shall contain either a stipulation that $75,000 is involved or a brief written statement citing evidence supporting the claim that such sum could reasonably be awarded.

[2]  Counsel for plaintiff has the responsibility to prepare the initial draft of a proposed stipulation dealing with allegations in the complaint. Counsel for any counter-, cross- or third-party complainant has the same responsibility to prepare a stipulation dealing with allegations in that party's complaints. If the admissibility of any uncontested fact is challenged, the party objecting and the grounds for objection must be stated.

1

    (b)    an agreed statement or statements by each party of the contested issues of fact and law and a statement or statements of contested issues of fact or law not agreed to;

    (c)    except for rebuttal exhibits, schedules in the form set out in the attached Schedule (c) of;

        (1)    all exhibits (all exhibits shall be marked for identification before trial), including documents, summaries, charts and other items expected to be offered in evidence and

        (2)    any demonstrative evidence and experiments to be offered during trial[3];

    (d)    a list or lists of names and addresses of the potential witnesses to be called by each party, with a statement of any objections to calling, or to the qualifications of, any witness identified on the list[4];

    (e)    stipulations or statements setting forth the qualifications of each expert witnesses in

---

[3] Items not listed will not be admitted unless good cause is shown. Cumulative documents, particularly x-rays and photos, shall be omitted. Duplicate exhibits shall not be scheduled by different parties, but may be offered as joint exhibits. All parties shall stipulate to the authenticity of exhibits whenever possible, and this Order shall identify any exhibits whose authenticity has not been stipulated to and specific reasons for the party's failure so to stipulate. As the attached Schedule (c) indicates, non-objected-to exhibits are received in evidence by operation of this Order, without any need for further foundation testimony. Copies of exhibits shall be made available to opposing counsel and a bench book of exhibits shall be prepared and delivered to the court at the start of the trial unless excused by the court. If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, sufficient copies of such exhibits must be made available so as to provide each juror with a copy, or alternatively, enlarged photographic copies or projected copies should be used.

[4] Each party shall indicate which witnesses *will* be called in the absence of reasonable notice to opposing counsel to the contrary, and which *may* be called as a possibility only. Any witness not listed will be precluded from testifying absent good cause shown, except that each party reserves the right to call such rebuttal witnesses (who are not presently identifiable) as may be necessary, without prior notice to the opposing party.

2