### IN THE UNITED STATES DISTRICT COURT OF DELAWARE
### FOR THE DISTRICT COURT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., ) | |
| ) | C.A. No. 04-0163 GMS |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| CITY OF NEWARK, HAROLD F. GODWIN, ) | |
| JOHN H. FARRELL, IV, JERRY CLIFTON, ) | |
| KARL G. KALBACHER, DAVID J. ATHEY, ) | |
| FRANK J. OSBORN, JR., and ) | |
| CHRISTIANA REWA, ) | |
| ) | |
| Defendants/ Third Party Plaintiffs ) | |
| ) | |
| v. ) | |
| ) | |
| FEDERAL INSURANCE COMPANY, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ------------------------------------------------------------ ) | |
| CITY OF NEWARK, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| URS CORPORATION, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ANSWERING BRIEF OF THIRD-PARTY DEFENDANT URS CORPORATION IN OPPOSITION TO THE CITY OF NEWARK DEFENDANTS'**
**<u>MOTION FOR A NEW TRIAL</u>**

JAMES S. GREEN, ESQ. (DE0481)
R. KARL HILL, ESQ. (DE2747)
SEITZ, VAN OGTROP & GREEN, P.A
222 Delaware Avenue, Suite 1500
P. O. Box 68
Wilmington, DE  19899
(302) 888-0600

Attorneys for Third-Party Defendant
URS Corporation

Dated:  March 2, 2007

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ i

TABLE OF CITATIONS ............................................................................................. ii

    I.    NATURE AND STAGE OF PROCEEDING. ............................................. 1

    II.   SUMMARY OF ARGUMENT. ..................................................................... 1

    III.  STATEMENT OF FACTS. .......................................................................... 1

    IV.  ARGUMENT. ............................................................................................... 2

        A.    THE JURY VERDICT OF $283,387.87 IN FEES AND COSTS TO URS SHOULD STAND ................................................................................ 2

    V.   CONCLUSION. ............................................................................................ 6

# TABLE OF CITATIONS

**Cases**

Andrews Miller & Associates, Inc. v. Forest Grove, Inc.
   1994 WL 380996 (Del. Super. 1994), rev'd on other grounds
   655 A.2d 307 (Del. 1995) ........................................................................................... 4

Besk Oil Inc. v. Brown & Bigelow, Inc.,
   1988 WL 139953 at 4 (Del. Super. 1988) ................................................................. 4

Callaway Golf Co. v. Dumlop Slazenger,
   384 F. Supp. 2d 735, 739 (D. Del. 2005) .................................................................. 6

Director of Revenue v. CNA Holdings, Inc.,
   818 A.2d 953, 957 (Del. 2003) .................................................................................. 3

Fairwinds Shopping Center v. Five Star Video, Inc.,
   1993 WL 331179 (Del. Super. 1993) .................................................................... 3, 4

Gaster v. Coldiron, 278 A.2d 328, 333 (Del. 1971) .............................................................. 5

Great American Indemnity Company v. State,
   88 A.2d 426 (1952) ................................................................................................ 3, 4

J.A. Moore & Sons Construction Co. v. Inden,
   1999 WL 1223762 (Del. Super. 1999) ...................................................................... 4

Princess Hotels International, Inc. v. Delaware State Bar Association,
   1998 WL 283465 (Del. Super. 1998) .................................................................... 3, 4

**Statutes**

10 Del. C. § 3912 ............................................................................................................ 2, 4

**Other Authorities**

Webster's Ninth New Collegiate Dictionary ........................................................................ 4

I.   **NATURE AND STAGE OF PROCEEDING.**

This case was tried before a jury from September 26th to October 5, 2006. The Court directed a verdict and entered judgment for Third-Party Defendant URS Corporation ("URS") on its counterclaim against the City of Newark in the amount of $242,000 for unpaid contract amounts. On October 5, 2006 the jury returned a verdict and entered judgment in favor of URS and against the City of Newark in the amount of $283,387.87 for attorneys' fees and costs. On January 26, 2007, the City of Newark and the council member defendants (collectively the "City") filed a post trial opening brief in support of their Motion for Judgment as a Matter of Law and for a New Trial or Remittitur (the "Motion for New Trial"). As a narrow part of its Motion for New Trial, the City contends that URS' attorney's fees should be limited to 20% of the judgment entered on the unpaid contract amounts or $48,000.00, and not $283,387.87. This is URS' Answering Brief in opposition to the City's Motion for New Trial on that limited issue.

II.   **SUMMARY OF ARGUMENT.**

1.   URS is entitled to the full amount of the jury's verdict of $283,387.87 in attorneys' fees and costs on the undisputed unpaid contract amounts totaling $242,000.

III.   **STATEMENT OF FACTS.**

The issues presented in this brief are legal in nature and the procedural history of the case is contained in the Nature and Stage of the Proceeding and Argument sections of this brief.

### IV.  ARGUMENT.

**A.  THE JURY VERDICT OF $283,387.87 IN FEES AND COSTS TO URS SHOULD STAND**

1.  <u>10 Del. C. § 3912 does not apply to this case</u>.

The City consented to a judgment against it and in favor of URS, in the amount of $242, 000 relating to unpaid contract amounts.  (See Jury Instruction 28, City Appendix A 228, hereinafter "A ___"), and counsel's admission, A169).  The City asserts that as a matter of statute, 10 Del. C. § 3912, ("Section 3912") URS is only entitled to 20% of $242,000 or $48,000 for attorneys fees, and not the $283,387.87 which the jury actually awarded URS for attorneys fees.  (See Jury Verdict Form at II, A235).  The City improperly concludes, without analysis, that because URS "invoiced" the City for services rendered, Section 3912 automatically applies.  As detailed below, Section 3912 does not apply to the facts of this case, and, therefore, the Court should sustain the jury's verdict in favor of URS for $283,387.87 in fees, plus the amount of $242,000 for unpaid contract amounts.[1]

Section 3912 provides:

> In all causes of action, suits, matters or proceedings brought for the enforcement of any note, bond, mechanics lien, mortgage, invoice or other instrument of writing, if the plaintiff or lien holder in the action, suit or proceeding recovers judgment in any sum, the plaintiff or lien holder may also recover reasonable counsel fees, which shall be entered as a part of the judgment in the action, suit or proceeding.  Such counsel fees shall not in any such action, suit or proceeding exceed 20 percent of the amount adjudged for principal and interest.  Such counsel fees shall not be entered as a part of such judgment unless the note, bond, mortgage, invoice or other instrument of writing sued upon, by the terms thereof, expressly provides for the payment and allowance thereof, except in the case of mechanics

---

[1]  URS agrees that the judgment entered post verdict in the amount of $566,775.74 (D.I. 298) is incorrect.  The judgment should be $525,387.87 ($242,000 + $283,387.87), plus pre and post judgment interest allowed as a matter of law.

liens in which no express agreement shall be necessary in order to entitle the lien holders to reasonable counsel fees.

Basic principles of statutory construction require that a statute be interpreted as a whole and be given effect according to its purpose and intent.  See Director of Revenue v. CNA Holdings, Inc., 818 A.2d 953, 957 (Del. 2003).

The Delaware Supreme Court in Great American Indemnity Company v. State, 88 A.2d 426 (Del. 1952) was asked to interpret the predecessor to Section 3912.  The Court concluded that the statute did not apply to the security bond at issue because the statute was intended by the legislature to "deal with suits upon written instruments entered into voluntarily and creating a debtor-creditor relationship." Id. at 431.

The courts in many cases after Great American relied on the Supreme Court's reference to "debtor-creditor" to hold that Section 3912 did not apply to various contractual relationships.  For example, the court in Princess Hotels International, Inc. v. Delaware State Bar Association, 1998 WL 283465 at *6 (Del. Super. 1998)[2] held that Section 3912 did not apply to a contract involving hotel room reservations because the contract "did not involve a loan."  Similarly, in Fairwinds Shopping Center v. Five Star Video, Inc., 1993 WL 331179 (Del. Super. 1993) the court, while acknowledging that the statute was amended in 1991 to add the word "invoice," nonetheless found that Section 3912 did not apply to a claim for breach of a lease because it did not create a debtor-creditor relationship.  See also Besk Oil Inc. v. Brown & Bigelow, Inc., 1988 WL 139953 at *4 (Del. Super. 1988) (for Section 3912

---

[2]    All unreported decisions cited herein are attached collectively as Exhibit "A".

to apply "there must be an underlying loan obligation;" held not applicable to the sale of calendars).[3]

Applying the foregoing to this case, the relationship between URS and the City, as reflected in the Agreement, involved the rendering of professional services, and did not involve a loan (debtor-creditor) transaction. The judgment entered for URS by the Court was for $242,000 of "unpaid contract amounts" not "principal and interest."[4] Based on Great American and the cases that follow it, and the purpose behind the statute, 10 Del. C. § 3912 does not apply to the present case. URS is entitled to the full amount of fees awarded by the jury[5], or $283,387.87. The City's Motion for New Trial should be denied.

    2.    <u>There was sufficient evidence to support the jury's verdict in favor of URS</u>.

Without any citation to the evidentiary basis for a new trial or the standard that governs that analysis, the City asserts that URS was required to allocate fees between two different provisions of the contract between them. The City's argument misses the mark.

---

[3]    Contra: <u>J.A. Moore & Sons Construction Co. v. Inden</u>, 1999 WL 1223762 (Del. Super. 1999) (in a case involving a construction contract for a residential home in Lewes, Delaware, the court found that Section 3912 applied to limit attorneys' fees to 20% of the amount adjudged for principal and interest.) The court in <u>Inden</u> relied heavily on <u>Andrews Miller & Associates, Inc. v. Forest Grove, Inc.</u> 1994 WL 380996 (Del. Super. 1994), rev'd on other grounds, 655 A.2d 307 (Del. 1995) to support its conclusion, but acknowledged there were contrary decisions, including <u>Princess Hotels</u> and <u>Fairwinds Shopping Center</u>.

[4]    The words "principal and interest" suggest a debtor-creditor relationship. See Webster's Ninth New Collegiate Dictionary (principal is defined as "a capital sum placed at interest, due as a debt," and interest is defined as "a charge for borrowed money").

[5]    One other factor that distinguishes this case and supports the conclusion that Section 3912 does not apply is that the <u>jury</u> was asked to decide the amount of fees to award to URS. Section 3912 contemplates the judge awarding fees "as a part of" the underlying judgment previously entered for principal and interest. All of the cases cited herein involved the <u>court</u> entering a fee award. <u>See also Gaster v. Coldiron</u>, 278 A.2d 328, 333 (Del. Super. 1971), modified, 297 A.2d 384 (Del. 1972) (based on the language of § 3912 "attorney's fees are determined by the Court"). .

The Agreement for Professional Services by and between the City of Newark and URS (admitted into evidence as URS Exhibit 19, at A 187-191) (the "Agreement") and more specifically the two provisions referenced by the City in its Opening Brief does not create any duty whatsoever on URS' part to allocate the fees as a predicate to recovery.  Article II (A-187) provides that in the "event of a legal action for… amounts not paid, attorneys' fees, courts costs, and other related expenses should be paid to the prevailing party."  The Agreement, under a separate article VIII entitled "Client Responsibilities" provides that in the event "URS is requested by [the City] or is required by subpoena to provide documents or give testimony in any action or proceeding to which [the City] is a party and <u>URS is not a party</u>, [the City] should pay for any time and expenses required,… including reasonable attorney's fees." (A-188)(emphasis added).  There is nothing in the Agreement, and Newark has cited no legal authority, that required URS to allocate fees to one or the other different provisions of the Agreement before recovery.  In short, the Agreement was in evidence, and the jury, by consent of all parties, was asked to decide the basis for and the amount of fees to be awarded to URS.  Counsel for the City was free to, and in fact did, argue in summation that there was such a duty to allocate, but in the end the jury found no such duty.  The jury properly decided the issue.[6]  There is no right to judgment as a matter of law or a new trial on this record.

---

[6] The City has not satisfied by any stretch the standards governing the grant of judgment as a matter of law and/or new trial.  See <u>Callaway Golf Co. v. Dunlop Slazenger</u>, 384 F. Supp. 2d 735, 739 (D. Del. 2005) (Judgment as a matter of law may be granted only when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party, and the "verdict winner" gets the "benefit of all logical inferences."  A court will only grant a new trial when the verdict was against the "great weight of evidence" and a "miscarriage of justice" would result).

Furthermore, it is fair to conclude that the jury relied on Article II to award the fees because the case involved a "legal action" between URS and the City over unpaid services. URS was the "prevailing party" by virtue of the consented to entry of judgment for services in the amount of $242,000. (Instruction 28, A-228). The jury could not have relied on Article VIII because that article governed "fees and expenses" URS incurred in a situation wherein Newark was a party to a lawsuit but URS was <u>not</u>. Here URS sought fees and expenses, as reflected in its Trial Exhibit 29,[7] only <u>after</u> it was named a third-party defendant <u>by</u> the City, i.e., after October 7, 2005 (See D.I. 98, Newark Third-Party Complaint against URS). The provision that Newark relies on to support its argument, therefore, never came into play, and the City's Motion for New Trial must be denied.

## V.  CONCLUSION.

For the foregoing reasons the City's Motion for New Trial as to URS must be denied, and the judgment in favor of URS must stand.

        **SEITZ, VAN OGTROP & GREEN, P.A**

        */S/ R. Karl Hill*
        **JAMES S. GREEN, ESQ. (DE0481)**
        **R. KARL HILL, ESQ. (DE2747)**
        222 Delaware Avenue, Suite 1500
        P. O. Box 68
        Wilmington, DE  19899
        (302) 888-0600
            Attorneys for Third-Party Defendant
            URS Corporation

Dated:  March 2, 2007

---

[7]  Exhibit 29 is attached hereto as Exhibit "<u>B</u>".