**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

DONALD M. DURKIN                          )
CONTRACTING, INC.,                        )
                                          )
      Plaintiff,                          )
                                          )
    v.                                  )    No. 04-0163-GMS
                                          )
CITY OF NEWARK, HAROLD F.                 )
GODWIN, JOHN H. FARRELL, IV,              )
JERRY CLIFTON, KARL G.                    )
KALBACHER, DAVID J. ATHEY,                )
FRANK J. OSBORNE, JR., and                )
CHRISTINA REWA,                           )
                                          )
      Defendants/                         )
      Third-Party Plaintiffs,             )
    v.                                  )
                                          )
FEDERAL INSURANCE COMPANY,                )
                                          )
      Third-Party Defendant.              )
                                          )
-------------------------------------------- )
                                          )
CITY OF NEWARK,                           )
                                          )
      Third-Party Plaintiff,              )
                                          )
    v.                                  )
                                          )
URS CORPORATION,                          )
                                          )
      Third-Party Defendant.              )


**APPENDIX OF DOCUMENTS IN SUPPORT OF
CITY OF NEWARK DEFENDANTS' POST-TRIAL REPLY BRIEF
IN SUPPORT OF THEIR MOTION FOR JUDGMENT
AS A MATTER OF LAW AND FOR A NEW TRIAL OR REMITTITUR**


**VOLUME 1**

## Table of Contents

July 20, 2006 Letter From D. Bolger To P. Cottrell And J. Green ................................ C1

City Of Newark Defendants' Opening Brief In Support
    Of Motion In Limine As To Valuation Of Plaintiff's Damages (D.I. 152) ....... C2

Selected Portions Of Pretrial Order (D.I. 150) ............................................................ C11

Opening Brief Of Plaintiff In Support Of Plaintiff's Motion To Preclude
    Additional Affirmative Defenses By The City Of Newark (D.I. 272) ............ C19

City Of Newark Defendants' Answering Brief To Plaintiff's Motion
    To Preclude Additional Affirmative Defenses (D.I. 276) ................................ C28

City of Newark Defendants' Motion For Directed Verdict (D.I. 277) ........................ C39

Answering Brief Of Plaintiff In Response To The City Of Newark's
    Motion For Directed Verdict (D.I. 280) ............................................................ C51

Excerpts From Trial Transcript .................................................................................... C65

City Of Newark Proposed Additional Jury Instructions
    Revised October 4, 2006 ................................................................................... C106

City Of Newark Defendants' Motion For Judgment Notwithstanding
    The Verdict Pursuant To Federal Rule Of Civil  Procedure 50(b)
    (D.I. 303) ........................................................................................................... C111

City Of Newark Defendants' Motion To Alter, Amend Or Vacate Judgment,
    For New Trial/Remittitur Pursuant To Federal Rule Of
    Civil Procedure 59 (D.I. 304) ......................................................................... C124

LAW OFFICES

# POWELL, TRACHTMAN, LOGAN, CARRLE & LOMBARDO

A PROFESSIONAL CORPORATION

MICHAEL G. TRACHTMAN
PAUL A. LOGAN*•□
GUNTHER O. CARRLE*
BRUCE D. LOMBARDO
LAWRENCE A. BORDA*
JOSEPH P. TRABUCCO, IIIo
NEIL P. CLAIN, JR.*
JONATHAN K. HOLLIN
DAVID T. BOLGER
RICHARD J. DAVIES*o
STEVEN G. BARDSLEY*
STEPHEN D. MENARD*
FRANCIS G. LAROCCA
EILEEN C. CLARK*
DENNIS P. HERBERT*
FRANK S. NOFER*
ANTHONY S. POTTER•
GEORGE T. REYNOLDS*
MARY J. PEDERSEN*
FREDERICK M. BREHM*
JENIFER L. SUPLEE*
JAMES S. BAINBRIDGE*
KEVIN K. CARTON, JR.*
DIRK M. SIMPSON, LL.M. (TAXATION)*
CHRISTOPHER S. KOLLER
KELLY E. SOLOMON
GREGORY J. STAR*
JAKE H. WONG*
ALLISON J. STRUPCZEWSKI
JACKLYNN ANN BARRAS, LL.M. (TAXATION)*

*ALSO ADMITTED IN NJ
•ALSO ADMITTED IN MD
□ALSO ADMITTED IN DE
oALSO ADMITTED IN NY

475 ALLENDALE ROAD
SUITE 200
KING OF PRUSSIA, PA 19406

(610) 354-9700
FACSIMILE (610) 354-9760
DBOLGER@POWELLTRACHTMAN.COM
WWW.POWELLTRACHTMAN.COM

OF COUNSEL
RALPH B. POWELL, JR.
MALCOLM B. JACOBSON
RICHARD T. ABELL
RICHARD L. BUSH
KEITH R. BLACK

114 NORTH SECOND STREET
HARRISBURG, PA 17101
(717) 238-9300
FAX (717) 238-9325

SUITE 304
1814 EAST ROUTE 70
CHERRY HILL, NJ 08003
(856) 663-0021
FAX (856) 663-1590

July 20, 2006

PLEASE REPLY TO:

KING OF PRUSSIA

## Via Federal Express

Paul Cottrell, Esquire
Tighe, Cottrell & Logan, P.A.
First Federal Plaza, Suite 400
P.O. Box 1031
Wilmington, DE  19899-1031

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE  19899

Re:    Donald M. Durkin Contracting v. City of Newark

Gentlemen:

Enclosed are the discovery responses to the interrogatories and requests for production of documents generated by URS Corporation, which includes a binder of the backup documentation for the time and material damages claimed in this litigation.  Also enclosed are CD-ROMs of the photographs in the possession of the Durkins, including all aerial photographs of the reservoir taken by or on behalf of the Durkins.  I am further informed by my clients that they did not have any contracts with the company chartering the plane, and have no invoices for the flights.

I will be answering the most recent e-mail from Ms. Petrone concerning the items she has requested on behalf of the City in response to their discovery requests in a separate communication.

Very truly yours,

David T. Bolger

DTB:
Enclosure

KOP:345368v1 3514-04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
|  | ) |
| Plaintiff, | ) |
| vs. | ) JURY TRIAL DEMANDED |
|  | ) |
| CITY OF NEWARK et al. | ) |

**CITY OF NEWARK DEFENDANTS' OPENING BRIEF
IN SUPPORT OF MOTION IN LIMINE AS TO
VALUATION OF PLAINTIFF'S DAMAGES**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F.
Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
and Christina Rewa*

August 19, 2006

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    I.    **IF NEWARK BREACHED THE CONTRACT DURKIN IS ENTITLED TO EXPECTATION TYPE DAMAGES OR THE DAMAGES OUTLINED IN THE CONTRACT TERMINATION FOR CONVENIENCE CLAUSE** . . . . . . . . . . . . . 2

    II.    **TOTAL COST METHOD FOR VALUING DAMAGES IS NOT AVAILABLE WHERE AN EXPRESS CONTRACT GOVERNS THE RELATIONSHIP BETWEEN THE PARTIES** . . . 3

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## TABLE OF AUTHORITIES

**Case**                                                                          **Page**

*Dick Baker Home Improvements v. Anderson* 2003 WL 22931395
(Del.C.P May 10, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781
(Del. Super. Ct. Jan. 28, 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Genencor International, Inc. v. Novo Nordisk A/S*, 766 A.2d 8 (Del. 2000) . . . . . . . . . . 2

*J.J. White, Inc. v. Metropolitan Merchandise Mart*, 107 A.2d 892 (Del. Super. 1954).   2

*Lichter v. Mellon-Stuart Co.*, 305 F.2d 216 (3rd. Cir. 1962). . . . . . . . . . . . . . . . . . . . . . 4

*Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden*,
49 F.3d 915 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*Servidone Constr. Corp. v. United States*, 931 F.2d 860 (Fed. Cir. 1991) . . . . . . . . . . 4

*Stoltz Realty Co. v. Paul,* 1995 WL 654152 (Del. Super. Ct. Sept. 20, 1995) . . . . . . . . 5

*WRB Corp. v. United States*, 183 Ct. Cl. 409 (1968) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

### Other Authority

Restatement (Second) of Contracts § 344(a) (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") has asserted a breach of contract, various tort claims and a civil rights claim against the City of Newark and Individual Defendants (cumulatively "Newark"). In the event it is entitled to damages, Durkin seeks to recover damages based on a quantum meruit, restitution or total cost method.

## SUMMARY OF ARGUMENT

If it is determined that Durkin was properly terminated, Newark is entitled to the damages outlined by the contract between Newark and Durkin which include the costs to complete the project in excess of the unpaid contract balance.

If it is found that Durkin was not properly terminated by Newark for cause, the Court must then treat Durkin as having been terminated for convenience. In that event, according to the contract, Durkin's damages would be limited to the payment for completed and accepted work in accordance with its contract price, including overhead and profit, and costs of termination, and nothing more.

## STATEMENT OF FACTS

Durkin and the City entered into a contract for the amount of $9,679,000. When the project was approximately 70% complete, Durkin's contract was terminated. Durkin was paid for most of the work completed, but the final few payment applications were held by the City due to the termination, as was its right under the contract. Durkin contends that it is entitled, in part, to over five million dollars in damages which represent its actual costs to perform *the entire project*, plus re-calculated inflated equipment rates.

-1-

C5

**ARGUMENT**

I.   **IF NEWARK BREACHED THE CONTRACT DURKIN IS ENTITLED TO EXPECTATION TYPE DAMAGES OR THE DAMAGES OUTLINED IN THE CONTRACT TERMINATION FOR CONVENIENCE CLAUSE**

In Delaware, the proper measure of damages for breach of contract is generally the loss actually sustained as a result of the breach. *J.J. White, Inc. v. Metropolitan Merchandise Mart,* 107 A.2d 892 (Del. Super. 1954). The remedy seeks to give the nonbreaching the party the benefit of its bargain by putting that party in the position it would have been **but for** the breach. *Genencor International, Inc. v. Novo Nordisk A/S,* 766 A.2d 8, 11 (Del. 2000) (citing Restatement (Second) of Contracts § 344(a) (1981) (defining "expectation interest" as a party's interest in "having the benefit of his bargain by being put in as good a position as he would have been in had the contract been performed.")). In the context of a construction contract, the "benefit of the bargain" damages would constitute lost anticipated profits. However, where the contract contains a termination for convenience clause, damages are calculated according to that clause, not expectation damages. *Linan-Faye Construction Co., Inc. v. Housing Authority of the City of Camden,* 49 F.3d 915 (3rd Cir. 1995).

In *Linan-Faye Construction Co., Inc.,* the Court examined the termination for convenience provision of a public works construction contract. Linan-Faye was a public housing contractor that was hired by the Housing Authority of the City of Camden ("HACC") to renovate housing units. Before physical construction began, numerous disputes arose that ultimately resulted in the lawsuit. Approximately one year after the contract was signed, HACC elected to terminate Linan-Faye's contract. Linan-Faye objected to the termination and filed an action which included a civil rights claim under 42 U.S.C.A. §1983 (Durkin has also pled a civil rights violation under §1983). Eventually, HACC filed a motion for summary judgment on Linan-

-2-

C6

Faye's §1983 action and argued that Linan-Faye's damages should be limited pursuant to the

termination for convenience clause under the contract. The parties disputed whether Linan-Faye

had been terminated for cause or convenience. The 3rd Circuit affirmed summary judgment on

the §1983 claim and converted the termination for default into a termination for convenience. *Id.*

The Court stated that constructive termination for convenience, an outgrowth of termination for

convenience, is a judge-made doctrine that allows an actual breach by the government to be

retroactively justified. *Id.* at 923, citing *Maxima Corp. v. United States,* 847 F.2d 1549, 1553

(Fed.Cir.1988). Although there is no Delaware state case law on point, the concept is widely

recognized in the context of federal contracts.

The *Linan-Faye* decision supports the position that Durkin could recover under the

contract's termination for convenience clause. But for that clause, Durkin would recover general

breach of contract expectation damages, meaning Durkin would only be entitled to the lost

anticipated profits that it would have made on the job had it been allowed to complete

performance of the contract. However, at the time of termination Durkin had lost three million

dollars on the project (Exhibit A, Deposition of Donald M. Durkin, Page 149, Lines 17-22), so

even under expectation damages it would ultimately be entitled to nothing.

## II.    TOTAL COST METHOD FOR VALUING DAMAGES IS NOT AVAILABLE WHERE AN EXPRESS CONTRACT GOVERNS THE RELATIONSHIP BETWEEN THE PARTIES

Durkin argues that Newark did breach the contract and that the proper measure of

damages is restitution, that is, an award under the equitable measure of quantum meruit, also

referred to as the "total cost method." Under the total cost method, Durkin would be paid on a

time and materials basis for all work completed on the project, ignoring the bid and contract price

-3-

C7

and ignoring that Durkin has already been paid for a majority of the work completed. Durkin has

gone back and re-calculated the job and seeks payment based on its new valuation of the work.

For example, the damages sought include equipment costs recalculated at "blue book rates, " not

Durkin's actual costs which should be substantially lower as Durkin owns a majority of its

equipment. (Exhibit B, Deposition of Donald M. Durkin, Pages 155-156, Lines 20-11 and Page

13-14, Lines 19-1).

The obvious problem with Durkin's creative theory is that the contracted price differs

from Durkin's "hindsight" re-valuation of the same work, a difference of millions of dollars. In

effect, Durkin is really arguing that it under-bid the job and the fortuitous circumstance of

Newark's alleged "wrongful termination" magically gives Durkin another shot at getting its bid

right.

The total cost method is not favored and is only used when the contractor can show that

something changed causing it to incur greater costs, which has not occurred here. (*See, Servidone*

*Constr. Corp. v. United States*, 931 F.2d 860,861-62 (Fed. Cir. 1991); *see also, Lichter v.*

*Mellon-Stuart Co.*, 305 F.2d 216, 219 (3rd. Cir. 1962). The use of the total cost method has been

"tolerated only when no other mode was available and when the reliability of the supporting

evidence was fully substantiated." *WRB Corp. v. United States*, 183 Ct. Cl. 409, 426 (1968). In

fact, restitution, which is an equitable remedy, is an inappropriate measure of damages in

situations where an express contract governs the relationship between the parties.

It is well-established Delaware law that quantum meruit recovery will only be considered

where the relationship of the parties is not governed by an express contract. *Eisenmann Corp. v.*

*General. Motors Corp.*, 2000 WL 140781 at *14 (Del. Super. Ct. Jan. 28, 2001). When parties

and the services involved in the claim are governed by an express contract, there is no occasion to pursue the theory of quantum meruit. *Id.*  Recovery in quantum meruit is quasi-contractual. As a logical result, where there is a written agreement there can be no recovery in quantum meruit. *Stoltz Realty Co. v. Paul,* 1995 WL 654152 at *10 (Del. Super. Ct. Sept. 20, 1995).

The theory that damages should be recalculated after the fact under new and different rates is not supported by caselaw or logic.  Delaware courts have accepted this methodology when there **was no pre-contracted rate or price**. *Dick Baker Home Improvements v. Anderson* 2003 WL 22931395 (Del.C.P May 10, 2003).   Here, Durkin and Newark had an express contract for a specific lump sum amount.   The quantum meruit concept has no application where the parties are subject to an express contract. *Eisenmann Corp. v. General. Motors Corp.*, 2000 WL 140781 at *14 (Del. Super. Jan. 28, 2001), *Stoltz Realty Co. v. Paul,* 1995 WL 654152 at *10 (Del. Super. Sept. 20, 1995).

It is intuitively obvious that where a contract includes a termination provision, damages are also determined by the contract value.  Durkin's actual cost to perform the job, or new idea of what it should have cost, are irrelevant.   The contract clearly delineates the type of damages Durkin is entitled to, so total cost, restitution and quantum meruit methodologies for valuing Durkin's damages should be forbidden.

## CONCLUSION

WHEREFORE, Defendant City of Newark respecfully requests that this Court enter an Order denying and otherwise forbidding Plaintiff Donald M. Durkin Contracting Inc. from offering or recovering damages under a total cost, restitution or quantum meruit valuation.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P:  (302) 658-6400
*Attorneys for City of Newark Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING,
INC., *Plaintiff*

     vs.

CITY OF NEWARK, et al., *Defendants*

     and

CITY OF NEWARK, *Third-Party Plaintiff*

     vs.

DONALD M. DURKIN CONTRACTING,
FEDERAL INSURANCE COMPANY and
URS CORPORATION, *Third-Party
Defendants*

CASE NO. 04-0163-GMS

### PRETRIAL ORDER

This matter, having come before the Court at a pretrial conference held pursuant to

Fed.R.Civ.P. ("Rule") 16, and Paul A. Logan and David T. Bolger, Powell, Trachtman, Logan,

Carrle & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, PA 19406, (610)

3544-9700, having appeared as counsel for plaintiff, and Paul Cottrell and Victoria K. Petrone,

Tighe, Cottrell & Logan, P.A., First Federal Plaza, Suite 400, Wilmington, DE 19899, (302)

658-6400, having appeared as counsel for the City of Newark and City Council, and Patrick R.

Kingsley, David M. Burkholder and Kevin W. Goldstein, Stradley Ronon, 2600 One Commerce

Square, Philadelphia, PA 19103, (215) 564-8000, having appeared as counsel for Federal

Insurance Company, and James S. Green, Seitz, Van Ogtrop & Green, P.A., 222 Delaware

Avenue, Suite 1500, Wilmington, DE 19899, (302) 888-0600, having appeared as counsel for

URS Corporation, the following actions were taken:

KOP:347576v2 3514-04

1.      This is an action breach of contract, interference with existing and prospective contractual relations, defamation, conversion, fraud, misrepresentation, common law conspiracy, breach of contract and civil rights violations under 42 U.S.C. §1983, and the jurisdiction of the Court is involved under 28 U.S.C. §1331 and 28 U.S.C. §1332, which amounts are in excess of $75,000.  Jurisdiction is not disputed.

2.      The following stipulations and statements were submitted and are attached to and made a part of this Order.

a.      A comprehensive stipulation or statement of all uncontested facts was prepared by Donald M. Durkin Contracting, Inc. and circulated to all counsel of record.  Federal Insurance Company joins in the stipulations prepared by Donald M. Durkin Contracting, Inc., and the City of Newark has interposed objections that are listed below the proposed stipulated facts, the compilation of which is attached as Exhibit "A".

b.      In addition to the objections interposed by the City of Newark to the proposed stipulations of uncontested facts, a statement of the contested issues of fact and law is attached as Exhibit "B".

c.      A schedule of all exhibits designated by Donald M. Durkin Contracting, Inc., Federal Insurance Company, URS Corporation and the City of Newark is attached as Exhibit "C".

d.      A schedule of demonstrative exhibits and experiments to be offered at trial is attached as Exhibit "D".

KOP:347576v2 3514-04

e.    A list of names and addresses of potential witnesses for each party, and any objections to calling such potential witnesses, is attached as Exhibit "E".

f.    A list of all depositions and/or portions thereof to be read into evidence and statements of any objections thereto is attached as Exhibit "F".

g.    An itemized statement of special damages for Donald M. Durkin Contracting, Inc., the City of Newark and URS Corporation is attached as Exhibit "G".

h.    No claims or defenses have been waived or abandoned by any party.

i.    The following are provided by each party:

(i)    Trial briefs of each party are being filed separately by the respective parties;

(ii)    The proposed jury instructions, verdict forms, with objections by the City of Newark, are attached as Exhibit "H"; and

(iii)    A list of proposed voir dire questions are attached as Exhibit "I".

j.    No proposed findings of fact or conclusions of law are being submitted, as this case is to be tried by a jury.

k.    The parties have made numerous attempts at settlement of this case, both through informal discussions between counsel, and in two (2) separate mediation proceedings, the first of which was with Howard Venzie, Esquire, on November 30 – December 1, 2004 and the 2nd session was with Joshua W. Martin, III, Esquire on June 15-15, 2005.  At the

conclusion of the 2^(nd) mediation session, it was recognized by all parties

that any future attempts at settlement would not be productive.

l.    The parties have completed discovery, with the exception of certain

members of City Council and URS Corporation's expert, Dov Lechinsky,

Ph.D, P.E.  All depositions will be completed in advance of the pretrial

conference.

m.    All motions in limine, and answers thereto, are being filed separately by

the parties.

3.    Trial of this case, assuming the case is bifurcated, is expected to take ten (10)

days.

4.    This will be a trial by  ☒  jury        non-jury

5.    The parties recommend that 12 jurors be selected at the commencement of the

trial.

6.    This Order will control the course of the trial and may not be amended except by

consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

7.    Possibility of settlement was considered by the parties.

8.    Federal Insurance Company reserves the right to file one or more motions to

strike or otherwise exclude portions of the City of Newark's pretrial filings based upon

procedural and substantive grounds.

KOP:347576v2 3514-04

_____
Date

The Honorable Gregory M. Sleet
United States District Judge


_____
Date

Paul A. Logan
Counsel for Donald M. Durkin Contracting, Inc.


_____
Date

Paul Cottrell
Counsel for City of Newark and City Council


_____
Date

James S. Green
Counsel for URS Corporation


_____
Date

Patrick R. Kingsley
Counsel for Federal Insurance Company


KOP:347576v2 3514-04

C15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## EXHIBIT G TO PRETRIAL ORDER

Donald M. Durkin Contracting, Inc. submits the following itemized statement of special damages:

1. Unpaid time and material costs for incomplete work:  $5,638,122.00

2. Consultants/Professional/Claims Expenses to date(includes counsel fees for DMD and Federal):  $1,420,459.89

3. Lost Equity in Equipment Lease/Purchase Agreements:  $622,962.00

4. Unreimbursed Insurance Costs:  $509,865.00

5. Loans and Expenses on Life Insurance Policies:  $1,043,429.19

6. Repayment of Line of Credit Agreement:  $3,500,000.00

## CITY OF NEWARK DAMAGES
Updated July 28, 2006
(Damages claimed as to Durkin and Federal.
As to URS see * for indemnification and Durkin's damages for contribution/breach of contract)

| | | |
|---|---:|---|
| Durkin Disbursements | $ 6,230,745 | |
| | | |
| Durkin Subcontractors Paid: | | |
| Talley Brothers | 165,214 | |
| MPI | 58,987 | |
| Furness | 74,142 | |
| Hallaton | 97,133 | |
| Construction Techniques | 54,604 | |
| Intergeo | 7,257 | |
| Durkin Subcontractor Total | **457,337** | |
| | | |
| George & Lynch Disbursements | **5,895,932** | |
| | | |
| URS Rebidding & Claims Assistance | 172,126 | |
| URS Extended Inspections, Survey & Construction Management | 485,645 | |
| URS Claims Pending | 239,156 | |
| URS Claims for Litigation Support | 251,000 | |
| URS Subtotal | **975,801** | |
| | | |
| Iron Filings Filter Material (Construction Estimate) | 700,000 | |
| Landscaping and Architectural Finishes (Construction Estimate) | 260,000 | |
| Deleted Features Subtotal | **960,000** | |
| | | |
| Other Costs to Complete | **271,255** | |
| | | |
| Full Completion Value | $ **14,791,070** | |
| | | |
| Durkin Contract Price | 9,833,053 | |
| Excess Costs to Complete | **4,958,017** | |
| | | |
| Legal Fees, Unreimbursed to date | 46,263 | * |
| Projected Litigation Fees | 400,000 | * |
| Purchased Water, 2004-2005 | 1,129,676 | |
| Additional Damages | **1,575,939** | |
| | | |
| **TOTAL PROJECTED DAMAGES** | $ **6,533,956** | |

**URS Corporation**
**Itemized Statement of Special Damages**
Newark Reservoir
Construction Review Services
Unpaid Billings
8/21/2006

| | JOB NUMBER | DESCRIPTION | DATE(S) | URS WILMINGTON | URS GAITHERSBU | URS FT WASHINGTO | URS MECHANICSB | URS DENVER | OTHER | TOTAL AMOUNT | LOADED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| [A] | 20606836 | Remaining Claims Assistance for Response to the Richardson Reports | 12/10/2004 | | | | | | | $ 73,548.56 | YES |
| [B] | 20706830 | Bill for URS Construction Review Services from September 26, 2005 through October 30, 2005 | 2/22/2006 | $ 24,760.05 | $ 8,329.84 | $ 25,384.29 | $ 625.00 | | | $ 59,099.18 | YES |
| [C] | 20706830 | Bill for URS Construction Review Services from October 31, 2005 through March 3, 2006 | 3/24/2006 | $ 49,410.79 | $ 13,987.34 | $ 49,804.92 | $ 8,812.50 | | | $ 122,015.55 | YES |
| | 20706830 | Draft Bill dated 6/9/06 for services from March 3, 2006 through May 226, 2006 | 6/9/2006 | $ 16,503.74 | $ 4,898.31 | $ 125.00 | $ 2,875.00 | | | $ 24,402.05 | YES |
| [D] | 20706830 (future PO) | Estimate to Complete | est to complete 6/9/06 | $ 5,770.00 | $ 4,000.00 | $ 2,000.00 | $ 3,000.00 | $ 420.00 | $ 5,000.00 | $ 20,190.00 | YES |
| [E] | 20706834 | URS Wilmington Legal Effort | 4/19/2006 | $ 8,373.29 | | | | | | $ 8,373.29 | NO |
| [F] | 19990203 | URS FL Washington Legal Effort | 4/26/2006 | | | | $ 77,607.87 | | | $ 77,607.87 | NO |
| [G] | 15297150 | URS Gaithersburg Legal Effort | 4/26/2006 | | $ 15,259.81 | | | | | $ 15,259.81 | NO |
| [H] | 20606838 | Technivate | 12/17/2004 | $ 20,184.00 | | | | | | $ 20,184.00 | N/A |
| [I] | 3011612 | Legal Services Newark Reservoir | 4/9/04 - 3/4/05 | $ 22,885.35 | | | | | | $ 22,885.35 | YES |
| [J]-1 | - | Attorney Fees (Lathan Watkins) | 11/2004 - 12/2004 | | | | | | $ 1,932.50 | $ 1,932.50 | N/A |
| [J]-2 | - | Attorney Fees (Morris, James) | 6/2004 - 12/2004 | | | | | | $ 72,317.55 | $ 72,317.55 | N/A |
| [J]-3 | - | Attorney Fees (Seitz, Green) | 12/2004 - 3/2006 | | | | | | $ 189,113.04 | $ 189,113.04 | N/A |
| [K] | - | Expert Fees | 12/2004 - 9/2005 | | | | | | $ 33,615.51 | $ 33,615.51 | N/A |
| [L] | - | Brandywine Nurseries | 8/1/2004 | | | | | | $ 450.00 | $ 450.00 | N/A |
| | | TOTAL | | $ 147,907.22 | $ 46,475.30 | $ 154,902.08 | $ 15,312.50 | $ 420.00 | $ 302,428.60 | $ 740,994.26 | |

NOTE: LABOR ONLY FOR URS BILLINGS AS EXPENSES WERE NOT IN THE CONTRACT
file: Newark cost claim expenses 6-9-06.xls

C18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

ST. PAUL FIRE & MARINE INSURANCE
COMPANY, *Intervenor*

**OPENING BRIEF OF PLAINTIFF
IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE
ADDITIONAL AFFIRMATIVE DEFENSES BY THE CITY OF NEWARK**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: October 2, 2006

## TABLE OF CONTENTS

                                                                                    **Page**

I.      NATURE AND STAGE OF PROCEEDINGS ...............................................................1

II.     SUMMARY OF ARGUMENT ..................................................................................1

III.    CONCISE STATEMENT OF FACTS .........................................................................1

IV.     ARGUMENT ..........................................................................................................2

        A.      The City May Not Introduce Any Additional Affirmative Defenses
                During the Course of the Trial. ..........................................................2

V.      CONCLUSION AND RELIEF SOUGHT ....................................................................5

## TABLE OF CITATIONS

**Page**

**Cases**

*Advocat v. Nexus Industries, Inc., et. al.,* 497 F. Supp. 328, 1980 U.S. Dist. LEXIS 13369 (D. Del. 1980) ............................................................................................................................ 2

*Bailey v. City of Wilmington,* 1997 U.S. Dist. LEXIS 18941 (D. Del. 1997) ................................. 3

*Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990 .................................................................. 3

*Board of Comm. v. Brown,* 137 L. Ed. 2d 626, 117 S. Ct. 1382, 1388 (1997) .............................. 3

*Brown v. Ellendale Police Department, et al.,* 1999 U.S. Dist. LEXIS 5053 (D. Del. 1999) ........ 3

*Carr v. Town of Dewey Beach, et al.,* 730 F. Supp. 591, 1990 U.S. Dist. LEXIS 1363 (D. Del. 1990) ............................................................................................................................................ 2

*Charpentier v. Godsil,* 937 F.2d 859, 863 (3d Cir. 1991) ............................................................... 2

*Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 2d 673 (1980) ............... 4

*Defeo, et al v. Pierson Sill, et al.,* 810 F. Supp. 648, 1993 U.S. Dist. LEXIS 351 (E.D. Pa. 1993). ................................................................................................................................................... 2

*Hintzke v. Town of Felton,* 1994 Del. Super. LEXIS 34 (Del. Super. Jan. 6, 1994) ...................... 2

*Jolly v. Cook, et al.,* 2004 U.S. Dist. LEXIS 1315 (D. Del. 2004) ................................................. 2

*Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984) ...... 3

*Monell v. Department of Social Serv. of New York,* 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978) ......................................................................................................................... 2

*Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994) ................................................................................................................ 3

*Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985) ............................................................................................................................. 3

*Shipley v. First Federal Savings & Loan Assn. of Delaware,* 703 F. Supp. 1122 (D. Del. 1988) .. 4

*Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005) ........................................................ 2

**Statutes**

*10 Del.C. Sec. 4011* ........................................................................................................................ 2

*42 U.S.C. § 1983* ............................................................................................................................ 3

Delware State Tort Claims Act, 10 Del. C. Chapter 40 .................................................................. 1

**Rules**

Fed. R. Civ. P. 8(c). .................................................................................................................... 2

Fed.R.Civ.P. 12(b)(6).................................................................................................................... 2

## I.    NATURE AND STAGE OF PROCEEDINGS

Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") filed an action against Defendant City of Newark and members of City Council (collectively "the City") arising out of the City's improper termination of Durkin's Contract for default. Durkin has presented its case-in-chief and now seeks to preclude the City from asserting any additional affirmative defenses to Durkin's claims under Count I (Civil Rights) and Count IV (Conversion) for failure to plead any affirmative defenses specific to these Counts in the Complaint.

## II.    SUMMARY OF ARGUMENT

The City's Answer, New Matter and Counterclaim contains seven (7) specific affirmative defenses to the claims of Durkin, and none of those affirmative defenses are applicable to the claims in Counts I and/or IV. To the extent the City now seeks to amend its pleading to introduce other affirmative defenses that are specific to the element of the causes of action, that would result in prejudice to Durkin by virtue of Durkin's failure to have any prior opportunity to conduct discovery on the particular elements of any additional defenses, a grounds for preclusion which had already been recognized by the Court in its earlier rulings.

## III.    CONCISE STATEMENT OF FACTS

Durkin's Complaint contained counts of civil rights violations (Count I), interference with contractual relations (Count II), defamation (Count III), conversion (Count IV), fraud and misrepresentation (Count V), common law conspiracy (Count VI), and breach of contract (Count VII). The City filed an Answer, New Matter and Counterclaim, which included the following general affirmative defenses not specific to any individual count: (1) failure to state a claim upon which relief can be granted; (2) waiver, estoppel and unclean hands; (3) Durkin's are barred by Durkin's breach of contract; (4) immunity pursuant to the State Tort Claims Act, 10 Del. C. Chapter 40; (5) immunity pursuant to the Doctrine of Legislative Immunity; (6) immunity pursuant to the doctrines of Subjective and Objective Good Faith Immunity; and (7) Durkin has an adequate remedy at law. There are no additional defenses pled.

IV.  **ARGUMENT**

   A.    **The City May Not Introduce Any Additional Affirmative Defenses During the Course of the Trial.**

   Under Federal Rule of Civil Procedure Rule 8, a party is to set forth affirmative defenses in a responsive pleading with a "short plain statement." Fed. R. Civ. P. 8(c). A failure to plead an affirmative defense results in a waiver of that defense unless the party is allowed to amend its pleading. *Advocat v. Nexus Industries, Inc., et. al.,* 497 F. Supp. 328, 1980 U.S. Dist. LEXIS 13369 (D. Del. 1980); *Charpentier v. Godsil,* 937 F.2d 859, 863 (3d Cir. 1991); *Jolly v. Cook, et al.,* 2004 U.S. Dist. LEXIS 1315 (D. Del. 2004). The affirmative defenses that have been pled do not address, and therefore are inapposite to, the remaining claims of conversion and civil rights. Aside from the failure to state a claim upon which relief can be granted, which is not an appropriate defense as part of an answer to the Complaint (see Fed.R.Civ.P. 12(b)(6)), the equitable defenses that have been pled do not apply to the civil rights or conversion counts, and there is no applicable immunity for either the civil rights claims or the conversion claims. As to 42 U.S.C. §1983, *see Carr v. Town of Dewey Beach, et al.,* 730 F. Supp. 591, 1990 U.S. Dist. LEXIS 1363 (D. Del. 1990); *Dale v. Town of Elsmere, et al.,* 702 A.2d 1219, 1997 LEXIS 431 (Supr. Ct. 1997); *Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005). As to conversion, *see Hintzke v. Town of Felton,* 1994 Del. Super. LEXIS 34 (Del. Super. Jan. 6, 1994) (The scope of *10 Del.C. Sec. 4011* does not include immunity for conversion when the alleged convertor cannot surrender the property and the plaintiff must seek the value of the converted property.); *see also Taylor v. Town of Camden,* 2005 Del. C.P. LEXIS 57 (2005).

**Claims and Defenses Under 42 U.S.C. §1983**

   A claim against a municipality may be premised on an official policy, practice or custom resulting in the denial of civil rights. *Monell v. Department of Social Serv. of New York,* 436 U.S. 658, 690-91, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978). A decision by municipal officials may constitute a "policy" if they had final authority to take action regarding the particular subject matter and deliberately chose, in the face of available alternatives, to do so. *See also Defeo, et al v. Pierson Sill, et al.,* 810 F. Supp. 648, 1993 U.S. Dist. LEXIS 351 (E.D. Pa. 1993). "Custom, ..., can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and

- 2 -

permanent as virtually to constitute law." *See Bielevicz v. Dubinon,* 915 F.2d 845, 850 (3d Cir. 1990). *See also Brown v. Ellendale Police Department, et al.,* 1999 U.S. Dist. LEXIS 5053 (D. Del. 1999). "Local governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." *Bailey v. City of Wilmington,* 1997 U.S. Dist. LEXIS 18941 (D. Del. 1997) (quoting *Monell v. Department of Social Services,* 436 U.S. 658, 690, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1978).

"Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality . . . . The plaintiff must [also] demonstrate that a municipal decision reflects a deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow that decision." *Board of Comm. v. Brown,* 137 L. Ed. 2d 626, 117 S. Ct. 1382, 1388 (1997).

With respect to the specific bases upon which a 1983 claim may be advanced, an allegation of injury to reputation, when accompanied by an allegation of injury to a more tangible interest, has been held to state a cause of action under section 1983. *See Kennedy v. Hughes, et al.,* 596 F. Supp. 1487, 1984 U.S. Dist. LEXIS 22140 (D. Del. 1984) (internal citations omitted). A claim for damages resulting from the destruction of a business is an appropriate action under *42 U.S.C. § 1983. Pietroniro, et al., v. Borough of Oceanport, et al.,* 764 F. 2d 976, 1985 U.S. App. LEXIS 19895 (3d Cir. 1985). The right to hold specific private employment and to follow a chosen profession free from unreasonable governmental interference comes within both the 'liberty' and 'property' concepts of the Fifth and Fourteenth Amendments. *Piecknick, et al. v. Commonwealth of Pennsylvania, et al.,* 36 F. 3d 1250, 1994 U.S. App. LEXIS 327410 (3d Cir. 1994).

Durkin has presented substantial evidence to demonstrate a *prima facia* case of a civil rights violation. The City's policy and custom of having the City Council rely, in wholesale fashion, on the information provided to them by the City Manager and staff, to the virtual exclusion of any independent efforts to validate what was being recommended was reasonable or correct, and the unconditional delegation of unrestricted authority and responsibility to the City Manager to take whatever actions he deemed appropriate in the operation of the City, has resulted in the wrongful termination of Durkin, the

complete devastation of Durkin's business and the utter destruction of its reputation. The consistent and persistent defamatory publications by the City to Durkin's competitors and customers, through materials disseminated to the attendees at the "rebid" pre-bid meeting in September of 2004 and the press releases that were published in several local papers and also placed on the internet, have perpetuated and exacerbated the harm visited upon termination by the wrongful termination of the City.

It has been represented that the City intends to present evidence concerning a defense of good faith to the civil rights claims made by Durkin. That is simply another unpled affirmative defense, not unlike a defense of privilege, whether qualified or absolute. Durkin has not located any legal authority for the affirmative defense of immunity pursuant to the doctrines of Subjective and Objective Good Faith Immunity, and submits that such an affirmative defense has no legal validity. For the benefit of the Court, Durkin has not sued any of the Councilpersons in their personal capacity, but in their official capacity, and as such there is no qualified or good faith immunity defense to the 1983 claims. *Shipley v. First Federal Savings & Loan Assn. of Delaware*, 703 F. Supp. 1122 (D. Del. 1988) <u>citing</u> *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed. 2d 673 (1980) (there is no good faith immunity under §1983 for county officials acting in an official capacity).

As to any other affirmative defenses that the City may attempt to present, the Court had already ruled that the City is precluded from presenting evidence concerning the breach of contract claims. Further, the City has earlier submitted a request to amend the pleadings, albeit for the purpose of presenting alternate legal theories as to the breach of contract claims, and the operative principles that gave rise to the Court's decision to deny the City the ability to amend the pleadings at that time are no different in this instance. The disability and prejudice to Durkin in permitting an amendment of the pleadings at the mid-point of the trial, with no prior notice to Durkin or other communications that would alert Durkin to these prospective affirmative defenses, is that it deprives Durkin of the opportunity to timely challenge the legal and factual efficacy of those affirmative defenses as part of the discovery process. There is no reason to employ a different and more lenient legal standard in evaluating requests to amend the pleadings for the City or the Councilmembers at this stage of the proceedings, and the City

- 4 -

should be foreclosed from introducing evidence associated with any affirmative defense that has not been pled.

## V.    CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above, Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion to Preclude the City of Newark from Introducing any Additional Affirmative Defenses to the Claims of Durkin, together with such additional relief as this Court deems necessary or appropriate.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By:    /s/ Paul A. Logan
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party*
*Defendant Donald M. Durkin Contracting*

Dated: October 2, 2006

- 5 -

C27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) | Civil Action No.: 04-0163 GMS |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| CITY OF NEWARK et al. | ) | |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF
TO PLAINTIFF'S MOTION TO PRECLUDE
ADDITIONAL AFFIRMATIVE DEFENSES**

TIGHE, COTTRELL & LOGAN, P.A.
By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
F: (302) 658-9836
email: p.cottrell@lawtcl.com
*Attorneys for Defendants City of Newark, Harold F.
Godwin, John H. Farrell, IV, Jerry Clifton, Karl G.
Kalbacher, David J. Athey, Frank J. Osborne, Jr.,
and Christina Rewa*

October 3, 2006

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  **Newark's Affirmative Defenses Provide Sufficient Notice** . . . . . . . . . . 1

    B.  **Durkin's Discovery Has Been Focused on the Very Topic on**
        **Which it Now Seeks to Exclude Evidence** . . . . . . . . . . . . . . . . . . . . . . . 2

    C.  **Even If Newark's Affirmative Defenses Do Not Provide Sufficient**
        **Notice, Newark Should Be Allowed To Amend to Reflect Issues**
        **Which Have Been Tried By Consent** . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    D.  **Durkin Had An Affirmative Burden To Establish the City Policy**
        **Which Affected Durkin's Constitutional Rights, Therefore Newark**
        **May Offer Related Evidence** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    E.  **Durkin's Failure to State a Claim and its Substantive Arguments**
        **Regarding its Civil Rights Claim are Not Supported By the Law** . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

### TABLE OF AUTHORITIES

**Case**                                                                 **Page**

*Carrigan v. State of Del.*, 957 F. Supp. 1376 (D. Del. 1997) . . . . . . . . . . . . . . . . . . . . . 5

*France Telecom S.A. v. Novell, Inc.*, 2002 WL 31355255 (D.Del.) . . . . . . . . . . . . . . . 2

*Grieff v. T.I.C. Enterprises, LLC*, 2004 WL 115553 (D.Del) . . . . . . . . . . . . . . . . . . . . 2

*Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) . . 4,5

*Piecknick et al v. Commonwealth of Pennsylvania, et al,*
   36 D.3d 1250 (3d Cir. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*S.K.A. Steel Trading v. Penn Terminals, Inc.*, 1998 WL 964195 (E.D. Pa.). . . . . . . . . 2


**Other Authority**

FRCP 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

FRCP 15(a) and (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

FRCP 50 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*iii*

## STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

Plaintiff Donald M. Durkin ("Durkin") filed a Motion to preclude Newark from offering

additional affirmative defenses.  This is City of Newark Defendants' Answering Brief.

## SUMMARY OF ARGUMENT

Newark's affirmative defenses provide sufficient notice under federal procedural

requirements.  Durkin's discovery has been focused on the very issue on which Durkin now

seeks to exclude evidence, showing it had notice and there would be no prejudice by allowing

such evidence, so even if the Court finds the affirmative defenses deficient, Newark should be

allowed to amend its pleadings under Rule 15.  Durkin has an affirmative duty to introduce

evidence of the termination process, so Newark must be allowed to offer related evidence in

defense of that element.  Finally, Durkin has failed to state a claim and substantively meet its

burden so its civil rights claim fails.

## ARGUMENT

### A.    Newark's Affirmative Defenses Provide Sufficient Notice

"The federal rules of civil procedure require only notice pleading, which requirement is

equally applicable to the pleading of affirmative defenses." *S.K.A. Steel Trading v. Penn*

*Terminals, Inc.*, 1998 WL 964195 at *1 (E.D. Pa.).  Magic words are not necessary, and the

defense must simply put the court and the defendant on notice of the issues involved.  *Id.*  The

Federal Rules intend a liberal pleading standard.  *France Telecom S.A. v. Novell, Inc.*, 2002 WL

31355255 at *2 (D.Del.).  "As long as the pleading clearly indicates the allegations of the

complaint are to be placed in issue, [an] improper designation should not prejudice the pleader."

*Grieff v. T.I.C. Enterprises, LLC*, 2004 WL 115553 at *3 (D.Del.).

-1-

C31

In its *Answer* (D.I. 7), Newark pleads the following affirmative defenses which, under notice pleading, put Plaintiff on sufficient notice that good faith and immunity would be raised as defenses:

> 5.    Answering defendants are immune pursuant to the doctrine of Legislative Immunity.
> 6.    Answering defendants are immune from suit under the doctrines of Subjective and Objective Good Faith Immunity.

Identification of "good faith" and "immunity" are clear under the affirmative defenses and sufficient under the liberal federal rules of notice pleading.

The defense of "good faith," that is, whether the Councilmembers voted to terminate in good faith, requires a showing of what the Councilmembers knew, and when. The defense of "immunity" is inextricably intertwined, as whether the Councilmembers knew what they were doing was wrong, requires a showing of what they knew in the first place!

**B.    Durkin's Discovery Has Been Focused on the Very Topic On Which it Now Seeks to Prevent Evidence**

This "process" of who knew what, and when, and whether the Councilmembers had "good" information, has been made a central issue by Durkin itself so it cannot fairly claim now that it is surprised by Newark's offer of evidence on the very same topic. For example, the depositions read into evidence by Durkin of Councilmembers Rewa, Clifton and Farrell, were directed almost in their entirety to questions regarding what the Councilmembers knew leading up to the time of termination. Durkin's motion related to destruction of the briefing packets was directed at what the Councilmembers had in their possession at the time of termination. In his deposition, Durkin questioned Carl Luft, City Manager, about his knowledge and about what he advised the Councilmembers. Similarly Carol Houck, the assistant to the City Manager, was

-2-

C32

questioned over four days about the termination process and the events leading up to the

termination decision.

> **C.**   **Even if Newark's Affirmative Defenses Do Not Provide Sufficient Notice, Newark Should be Allowed to Amend To Reflect Issues Which Have Been Tried By Consent**

Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading

by leave of court when justice so requires.  Rule 15(b) provides "[w]hen issues not raised by the

pleadings are tried by express or implied consent of the parties, they shall be treated in all

respects as if they had been raised in the pleadings."  If the evidence is objected to at trial on the

ground that it is outside the issues made by the pleadings:

> the court may allow the pleadings to be amended and shall do so freely when the
> presentation of the merits of the action will be subserved thereby and the objecting
> party fails to satisfy the court that the admission of such evidence would prejudice
> the party in maintaining the party's action or defense upon the merits.  *Id.*

Rule 15(b) provides that amendment may be made at any time, even after judgment.

Here, Durkin itself has raised the issue of Councilmembers' knowledge, even if the Court finds

that the affirmative defenses provide insufficient notice, the Court should under Rule 15, allow

amendment of the pleadings to conform accordingly.  Further, there can be no prejudice because

Durkin has fully explored the mindset of the City staff and the Councilmembers through

discovery.

> **D.**   **Durkin Has An Affirmative Burden to Establish The City Policy Which Affected Durkin's Constitutional Rights, Therefore Newark May Offer Related Evidence**

A local government can only be liable when the action was pursuant to official

governmental policy, which policy caused a constitutional tort.  *Monell v. Department of Social*

-3-

**C33**

*Services of City of New York,* 436 U.S. 658 (1978). Durkin thus has the burden of introducing

evidence of a governmental policy which infringed its constitutionally protected right. Durkin

has this affirmative burden to prove an element of its claim. Presumably, Durkin has therefore

made the City's policy and procedure an issue, as recently as its Motion for Sanctions in which it

sought documents related to City procedure as it related to the termination. Again, Durkin has

investigated this very topic through discovery and cannot be allowed to deny Newark the right to

rebuttal.

### E. Durkin's Failed to State a Claim and its Substantive Arguments Regarding its Civil Rights Claim Are Not Supported by the Law

Durkin contends only that its due process was violated and baldly asserts that it has

demonstrated a *prima facie* case, but has never identified, nor offered evidence, of a

constitutionally protected right that was violated by that process. For the first time, in its *Motion*

of October 2, 2006 filed at 9:43 pm, Durkin refers, through citing a court decision, to an actual

constitutional right. Durkin's *Complaint* claims generally that the City violated its due process.

(Para. 145). In response to Newark's Interrogatory requesting the basis for the civil rights claim,

Durkin similarly alleged a general violation of due process. **No constitutional right was been**

**identified** prior to the fifth day of trial, and even then it was not through evidence, but

improperly through an unrelated motion. Newark raised the deficiency in its *Motion in Limine*

(D.I. 151) which was not denied substantively, but as untimely. Durkin's claim should be

dismissed under FRCP 12(b)(6), which was specifically plead as an affirmative defense.

The Due Process Clause protects against deprivation of liberty, life and property so it is

insufficient to say that the process was denied if there is also not a showing that a

constitutionally-protected right was violated in the process. Durkin had an affirmative obligation

-4-

**C34**

in order to sustain its claim, to offer such evidence, and at the close of its case, has failed to do so. FRCP 50(a), see also *Carrigan v. State of Del.*, 957 F. Supp. 1376, 1387 (D. Del. 1997)(providing governmental immunity if the rights and law at issue have not been clearly established, among other requirements). Durkin's untimely *Motion* regarding affirmative defenses attempts to improperly "clean up the record." Durkin's claim should be dismissed under FRCP12(b)(6) or judgment should be entered under FRCP 50.

Durkin argues in its *Motion* regarding affirmative defenses that injury to reputation is actionable. While courts have allowed claims for damage to business under §1983, courts have also ruled that the Constitution only protects against state actions that threaten to deprive a person from pursuing their occupation. "It is the liberty to pursue a calling or occupation, and not the right to a specific job, that is secured by the Fourteenth Amendment." *Piecknick et al v. Commonwealth of Pennsylvania, et al,* 36 D.3d 1250, 1259 (3d Cir. 1994). In this case, Durkin was terminated from one job and no official governmental policy of Newark deprived Durkin from pursuing its profession. In fact, Durkin could have worked if personal guarantees were provided and could have pursued private projects not requiring bonding. See Exhibit A, Deposition of Donald Durkin, Pages 147 and 205. The cases cited by Durkin concern ongoing state police towing assignments and state failure to provide federally mandated housing relocation; both reflect ongoing administration of a governmental policy, unlike the instant case which concerns a single act by Newark.

Durkin's own disparagement of the method by which Council relies on the City Manager attempts to convert the Council/Manager form of government itself into a civil rights action. There is no reason (and none has been offered) that the Council cannot rely on the City Manager, and in doing so, Council has not implicitly violated the United States Constitution.

-5-

Since the few cases addressing such an application of §1983 reflect ongoing governmental action, and in this case Newark performed only one act and Durkin could have pursued other work, Durkin's §1983 should fail as a matter of law.

## CONCLUSION

WHEREFORE, City of Newark Defendants respectfully request that this Court deny Durkin's Motion and if it deems appropriate permit amendment to Newark's pleadings.

TIGHE, COTTRELL & LOGAN, P.A.

By: /s/ Paul Cottrell
Paul Cottrell (Delaware I.D. No. 2391)
Victoria K. Petrone (Delaware I.D. No. 4210)
704 N. King Street,
P.O. Box 1031
Wilmington, DE 19899
P: (302) 658-6400
*Attorneys for City of Newark Defendants*

-6-

C36

DONALD M. DURKIN

Page 147

1   A.      No.

2   Q.      No personal guarantees from anyone?

3   A.      No.

4   Q.      So now in order to secure bonding you

5   would have to give personal guarantees?

6   A.      Yes.

7   Q.      So you could get bonding capacity if you

8   were willing to give personal guarantees,

9   correct?

10  A.      I don't think so.

11  Q.      Have you attempted to secure bonding in

12  the past offering personal guarantees?

13  A.      It wouldn't make any difference.

14  Q.      Well, whether it makes any difference or

15  not, have you attempted to secure bonding

16  capacity by offering personal guarantees?

17  A.      We've asked for bonds.

18  Q.      Offering personal guarantees?

19  A.      Yes.

20  Q.      Is there documentation?

21  A.      No.  You mean like a written request, no.

22  Q.      Okay.  Where did you attempt this,

23  through what carrier?

24  A.      Through our bonding agent.

ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES

1a96f218-9396-4247-8cde-59feda31f2ae

DONALD M. DURKIN

Page 205

1    BY MR. GREEN:

2    Q.        Is your company currently doing any

3    construction work?

4    A.        We don't have an active project.

5    Q.        In 2004 and 2003 did you have an active

6    project?

7    A.        No.

8    Q.        Have you bid private projects in those

9    years?

10   A.        Yes.

11   Q.        Are those jobs that did not require a

12   bond?

13   A.        Some did, some didn't.

14   Q.        If they did require a bond did you bid

15   them?

16   A.        When you bid a private job you very

17   rarely depend on what exactly an owner is going

18   to require to review if he liked your price so

19   you generally bid on a private job and then you

20   get around to that point and the man might say,

21   well, I want a bond or, you know...

22   Q.        Have you gotten to the point where a

23   private owner has said we want to use you, why

24   don't you get a bond?

ELECTRONIC REPORTING STENOGRAPHIC AFFILIATES

1a96f218-9396-4247-8cde-59feda31f2ae