IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 04-0163-GMS ) |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORNE, JR., and CHRISTINA REWA, | ) ) ) ) ) ) ) |
| Defendants/ Third-Party Plaintiffs, v. | ) ) ) ) |
| FEDERAL INSURANCE COMPANY, | ) ) |
| Third-Party Defendant. | ) ) ) |
| ---------------------------------------------- | ) ) |
| CITY OF NEWARK, | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| URS CORPORATION, | ) ) |
| Third-Party Defendant. | ) |

**CITY OF NEWARK DEFENDANTS' BRIEF REGARDING
THE DELAWARE COMMON LAW MEASURE OF DAMAGES**

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
Max B. Walton (Bar No. 3876)
Josiah R. Wolcott (Bar No. 4796)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendants, City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

Dated: October 1, 2007

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| ARGUMENT | 2 |
| I. LEGAL STANDARDS FOR BREACH OF CONTRACT DAMAGES UNDER DELAWARE COMMON LAW | 2 |
|    A. The Supreme Court of Delaware Follows The Restatement's "Expectation Damages" Test | 2 |
|    B. Damages That Cannot Be Recovered For Breach Of Contract Under Delaware Law | 4 |
|       1. Durkin Cannot Recover Attorneys' Fees Under The Common Law | 4 |
|       2. Durkin Cannot Recover Loss Of Customers, Business, Goodwill And Future Profits | 5 |
| II. DURKIN'S DAMAGES ARE LIMITED UNDER THE EXPECTATION TEST | 6 |
|    A. Durkin's Expectation Damages Are $421,579.43 | 6 |
| CONCLUSION | 8 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Blaine Econ. Dev. Auth. v. Royal Elec. Co., Inc.*,
   520 N.W.2d 473 (Minn. App. 1994) ............................................................................ 4

*Chemipal Ltd. v. Slimfast Nutritional Foods International, Inc.*,
   350 F. Supp. 2d 582 (D. Del. 2004) ........................................................................ 5, 6

*Crowell Corp. v. Himont USA, Inc.*,
   Civ. A. No. 86C-11-125, 1994 WL 762663 (Del. Super. Ct. Dec. 8, 1994) ................ 5

*DeCarlo & Doll, Inc. v. Bershtein*,
   No. CV9103232838, 1996 WL 456294 (Conn. Super. Ct. July 31, 1996) .................. 4

*Dill v. Chastain*,
   507 S.E.2d 872 (Ga. App. 1998) .................................................................................. 4

*Diversified Packing & Development Corp. v.
Dore & Associates Contracting, Inc.*,
   48 Fed Appx. 392 (3d Cir. 2002) ................................................................................. 3

*Duncan v. Theratx Inc.*,
   775 A.2d 1019 (Del. 2001) ........................................................................................... 2

*Edwards v. Hovensa, LLC*,
   --- F.3d ---, 2007 WL 2200473 (3d Cir. Aug. 2, 2007) ............................................... 2

*Gares v. Willingboro Tp.*,
   90 F.3d 720 (3d Cir. 1996) ........................................................................................... 2

*Genencor Intern. Inc. v. Novo Nordisk A/S*,
   766 A.2d 8 (Del. 2000) ................................................................................................. 3

*Guerini Stone Co. v. P.J. Carlin Constr. Co.*,
   240 U.S. 264 (1916) ...................................................................................................... 4

*Henne v. Balick*,
   146 A.2d 394 (Del. 1958) ............................................................................................. 6

*Knight v. Grinnage*,
   No. 14823, 1997 WL 633299 (Del. Ch. Oct. 7, 1997) ................................................ 5

*Lewis Jorge Const. Management, Inc. v.
Pomona Unified School Dist.*, 102 P.3d 257 (Cal. 2004) ............................................. 5

*McGee Constr. Co. v. Neshobe Dev., Inc.,*
  594 A.2d 415 (Vt. 1991) .................................................................................................. 4

*McNeil v. McNeil,*
  798 A.2d 503 (Del. 2002) ................................................................................................ 4

*Norman v. U.S. Mobilcomm, Inc.,*
  No. Civ. A. 849-N, 2006 WL 1229115 (Del. Ch. Apr. 28, 2006) ................................... 5

*Olsen v. T.A. General Contractor, Inc.,*
  907 A.2d 146, 2006 WL 2661140 (Del. 2006) .............................................................. 7

*Tanner v. Exxon Corp.,*
  No. 79C-JA-5, 1981 WL 191389 (Del. Super. Ct. July 23, 1981) ................................. 5

**Other Authorities**

3 Steven G.M. Stein, *Construction Law,*
  § 11.02[4][b] (Matthew Bender 2006) ......................................................................... 4, 6

6 *Bruner & O'Connor on Construction Law* § 19.71 (West 2007) ..................................... 4

Charles T. McCormick, *Handbook on the Law of Damages* § 164 (1935) ........................ 3

John E. Murray, *Murray on Contracts* § 119 B (3d ed. 1990) ............................................ 4

Restatement (Second) of Contracts § 344(a) (1981) ........................................................... 3

Restatement (Second) of Contracts § 347 ................................................................... 1, 2, 3

## NATURE AND STAGE OF PROCEEDINGS

As required by this Court's September 17, 2007 Memorandum Opinion, the City of Newark Defendants submit this brief on the Delaware common law measure of damages.

## SUMMARY OF ARGUMENT

Under Delaware common law, the measure of damages for an owner's breach of a construction contract is the contractor's expectation interest, which is the unpaid balance of the contract price less the amount it would cost the contractor to complete the work. Under the Restatement (Second) of Contracts § 347, as adopted by the Supreme Court of Delaware, and based on evidence from the trial record, the most Donald M. Durkin Contracting, Inc. ("Durkin") could have recovered under Delaware common law and the existing record is expectation damages of $421,579.43. When the Delaware common law measure of damages is applied, the jury's award of almost $12 million cannot be sustained, and a new trial should be granted on contract damages.[1]

## STATEMENT OF FACTS

The City of Newark Defendants incorporate the Statement of Facts from the post-trial briefing.

---

[1] The City of Newark Defendants respectfully argue that the remedy for the jury's improper damage determination is a new trial on the damage issue, and not Durkin's expected argument that the Court should now engage in fact-finding and determine contract damages based on the trial record. Where Durkin's damages were admittedly based on the improper contract calculation, and the jury awarded that exact amount, plain error has occurred, and the City should be granted a new trial on damages. The City also previously reserved its appeal rights with regard to liability and damages, and respectfully repeat its reservation of rights with regard to this submission.

# ARGUMENT

## I. LEGAL STANDARDS FOR BREACH OF CONTRACT DAMAGES UNDER DELAWARE COMMON LAW

When determining the measure of damages for breach of contract under state law, this Court follows the law as announced by the state's highest court – in this case the Supreme Court of Delaware. *Edwards v. Hovensa, LLC,* --- F.3d ---, 2007 WL 2200473, at *5 (3d Cir. Aug. 2, 2007); *Gares v. Willingboro Tp.,* 90 F.3d 720, 725 (3d Cir. 1996) ("In adjudicating a case under state law, we are not free to impose our own view of what state law should be; rather, we are to apply state law as interpreted by the state's highest court in an effort to predict how that court would decide the precise legal issues before us"). The Supreme Court of Delaware has adopted the Restatement (Second) of Contracts expectation test, which should be applied by this Court.

### A. The Supreme Court of Delaware Follows The Restatement's "Expectation Damages" Test

In 2001, while deciding a certified question of law from another Circuit, the Supreme Court of Delaware followed the Restatement and set forth the proper measure of damages for breach of contract under Delaware law:

> [T]he standard remedy for breach of contract is based upon the reasonable expectations of the parties *ex ante*. This principle of expectation damages is measured by the amount of money that would put the promisee in the same position as if the promisor had performed the contract. Expectation damages thus require the breaching promisor to compensate the promisee for the promisee's reasonable expectation of the value of the breached contract, and, hence, what the promisee lost.

*Duncan v. Theratx Inc.,* 775 A.2d 1019, 1022 (Del. 2001) (citing Restatement (Second) of Contracts § 347 cmt. a); *see also Genencor Intern. Inc. v. Novo Nordisk A/S,* 766 A.2d

8, 11 n.3 (Del. 2000) (citing Restatement (Second) of Contracts § 344(a) (1981)); OB12-14; RB7-8.[2]

Under the Restatement's expectation test, "[i]f defective or partial performance is rendered, the loss in value caused by the breach is equal to the difference between the value that performance would have had if there had been no beach and the value of such performance as was actually rendered." Restatement (Second) of Contracts § 347 cmt. b. Section 347 of the Restatement has an illustration on point with this case:

> 6. A contracts to build a house for B for $100,000. When it is partly built, B repudiates the contract and A stops work. A would have to spend $60,000 more to finish the house. The $60,000 cost avoided by A as a result of not having to finish the house is subtracted from the $100,000 price lost in determining A's damages. A has a right to $40,000 in damages from B, less any progress payments that he has already received. . . .

*Id.* at Illustration 6.

In 2002, in an opinion authored by Judge Stapleton, the Third Circuit reviewed a construction contract jury charge, and relied on the Restatement (Second) of Contracts § 347. The Court held that "[i]n the context of a construction contract where the builder is precluded from completing his performance by a material breach of the owner, this means that the builder is entitled to receive the contract price (or so much as remains unpaid) less the amount it would cost the builder to complete the job." *Diversified Packing & Development Corp. v. Dore & Associates Contracting, Inc.,* 48 Fed Appx. 392, 399-400 (3d Cir. 2002) (citing Charles T. McCormick, *Handbook on the Law of Damages* § 164 (1935)).

---

[2] The City of Newark's ("City") opening brief in support of its post-trial motions (D.I. 346) is cited herein as OB__. The City's reply brief (D.I. 354) is cited herein as RB__.

3

The Third Circuit followed the Restatement damage formulation, and is consistent with the courts and commentators that have considered the appropriate measure of damages for an owner's breach before construction is completed. *See Guerini Stone Co. v. P.J. Carlin Constr. Co.,* 240 U.S. 264, 280 (1916) ("No more definite or certain method of estimating the profits could well be adopted than to deduct from the contract price the probable cost of furnishing the materials and doing the work"); 6 *Bruner & O'Connor on Construction Law* § 19.71 (West 2007) (citing cases); 3 Steven G.M. Stein, *Construction Law*, § 11.02[4][b] (Matthew Bender 2006) (citing authorities and cases); John E. Murray, *Murray on Contracts* § 119 B (3d ed. 1990) ("When an owner (O) breaches a construction contract with a builder (B), the expectation interest of the builder is protected by the simple formula: contract price (or unpaid portion thereof) minus the cost of completion (cost avoided by builder in not having to complete performance").[3]

### B. Damages That Cannot Be Recovered For Breach Of Contract Under Delaware Law

In trial exhibit DUR-68 (D79),[4] Durkin claimed four categories of alleged post-termination costs and expenses. Under Delaware common law, those expenses are not properly recovered for breach of contract.

#### 1. Durkin Cannot Recover Attorneys' Fees Under The Common Law

Under the American rule, recognized in Delaware, each party is generally required to pay their own attorneys' fees, unless otherwise required by contract. *McNeil v. McNeil*, 798 A.2d 503, 514 (Del. 2002); *Norman v. U.S. Mobilcomm, Inc.*, No. Civ. A.

---

[3] *See also Dill v. Chastain*, 507 S.E.2d 872, 873 (Ga. App. 1998); *DeCarlo & Doll, Inc. v. Bershtein*, No. CV9103232838, 1996 WL 456294, at *6 (Conn. Super. Ct. July 31, 1996); *Blaine Econ. Dev. Auth. v. Royal Elec. Co., Inc.*, 520 N.W.2d 473, 477 (Minn. App. 1994); *McGee Constr. Co. v. Neshobe Dev., Inc.*, 594 A.2d 415, 419 (Vt. 1991).
[4] The City's appendix is cited herein as D___.

849-N, 2006 WL 1229115 at *2 (Del. Ch. Apr. 28, 2006). When the parties' contract does not require shifting of attorneys' fees, the Court "will not restructure their bargain and sua sponte reform the contract to include such a provision." *Knight v. Grinnage*, No. 14823, 1997 WL 633299, at *3 (Del. Ch. Oct. 7, 1997).[5] Durkin cannot recover for attorneys' fees as part of its contract claim against the City.

      2.      <u>Durkin Cannot Recover Loss Of Customers, Business, Goodwill And Future Profits</u>

As Judge Jordan recently held, under Delaware common law, loss of customers, business, goodwill, and future profits are not recoverable in breach of contract actions. *Chemipal Ltd. v. Slimfast Nutritional Foods International, Inc.*, 350 F. Supp. 2d 582, 595 (D. Del. 2004) (quoting *Crowell Corp. v. Himont USA, Inc.*, Civ. A. No. 86C-11-125, 1994 WL 762663, at *3 (Del. Super. Ct. Dec. 8, 1994)); OB13-17; RB8-11. "The Delaware courts have consistently found these damages to be speculative in nature, and; therefore, have barred recovery for them." *Chemipal Ltd.*, 350 F. Supp. 2d at 595. Because speculative damages may not be awarded for breach of contract, Delaware law limits contractual lost profits recovery "to those profits which might have been made pursuant to the performance of the particular contract sued on, during the period for which the contract was to run." *Id.* at 596 (citing *Crowell Corp.*, 1994 WL 762663, at *3; *Tanner v. Exxon Corp.*, No. 79C-JA-5, 1981 WL 191389, at *3 (Del. Super. Ct. July 23, 1981); *see also Lewis Jorge Const. Management, Inc. v. Pomona Unified School Dist.*, 102 P.3d 257, 267 (Cal. 2004) (reversing lost future profits awarded by the jury and holding that recovery for future, unawarded contracts is too speculative).

---

[5]    The reservoir contract does not allow recovery for attorneys' fees. OB11; RB9.

Durkin can only recover for profits under the contract during the time the contract was to run. *Chemipal Ltd.*, 350 F. Supp. 2d at 596. Durkin cannot recover damages flowing from its claimed loss of goodwill and future profits, i.e., the need to replace lost "operating revenue" by inability to obtain future contracts, borrowing money, and selling equipment. These claims are not recoverable under Delaware common law because, where claimed damages for loss of goodwill and future profits are too speculative, secondary damages claimed to flow therefrom are even more speculative and are therefore *a fortiori* impermissible. *See Henne v. Balick*, 146 A.2d 394, 396 (Del. 1958) ("The law does not permit a recovery of damages which is speculative or conjectural.").

## II. DURKIN'S DAMAGES ARE LIMITED UNDER THE EXPECTATION TEST

### A. Durkin's Expectation Damages Are $421,579.43

If the Court relies on the existing record and follows Supreme Court of Delaware precedent, Durkin's damages under the Restatement "expectation damages" test are $421,579.43.[6] This figure is calculated by taking the adjusted contract price, minus the cost of completion, minus payments made to Durkin (including the payments the City made directly to Durkin's subcontractors) to obtain the damage award.

The Contract Price. The record establishes that Durkin's bid price for the reservoir construction contract was $9,679,000. The City's Jury Notebook at 9; D66; *see also* Tr. 948, 1042; D58, D64. With approved change orders, the total adjusted contract

---

[6] Durkin was obviously losing money on the construction contract, because it has claimed almost $12 million in damages – in excess of the value of the contract. Tr. 948-950; D58-60 (cross examination of Donald Durkin on amount of damages). Where a contractor is losing money on the contract, a recovery of damages "would not be allowed." 3 Steven G.M. Stein, *Construction Law*, § 11.02[4][b](1) (Matthew Bender 2006).

6

price (which includes approved change orders) was $9,833,053. *See* Pretrial Order, D.I. 150 (Exhibit G "City of Newark Damages") (D50). Additional change orders were submitted but never approved as required by Article 10 of the Construction Contract[7] (D34) in the amount of $275,926.79 and therefore cannot be added to the contract price.[8] Tr. 947, D57; DUR9, D67-78; *see also* Tr. 861, 865; D52, D53 (Donald Durkin testifying that an approved change order is required to change the specifications of the contract). Thus, the total contract price for the "lump sum" construction contract is $9,833,053. D50; Tr. 889-90; D54-55 (Donald Durkin testifying that this is a lump sum contract).

The Cost of Completion. Donald Durkin testified that at the time of termination, Durkin performed approximately 70% of the work on the reservoir project. Tr. 948; D58. And, Jim Durkin confirmed that the anticipated profit for the reservoir project was $755,081, which is 8% of the bid price. Tr. 1037; D63. Therefore, Durkin's anticipated cost for the reservoir contract (i.e., the cost of construction) was the contract price ($9,833,053) minus profit ($755,081), for a total of $9,077,972. Based on these record facts, Durkin's cost to complete the remaining 30% of the reservoir contract is $2,723,391.60 (30% of $9,077,972).

---

[7] *See Olsen v. T.A. General Contractor, Inc.*, 907 A.2d 146, 2006 WL 2661140 at *2-3 (Del. 2006) (affirming that "the change orders did not qualify for payment under the contract, because the contract language specifically required that all change orders must be signed by all of the parties").

[8] Even assuming that the change orders were valid (which they were not because they were never accepted as required by Article 11), the maximum contract price is $10,108,979.79 (contract price plus the change order amounts of $275,926.79). At trial, Donald Durkin also testified that Durkin had "outstanding claim issues" which "never addressed the impact of the weather." Tr. 960; D61. Mr. Durkin, however, did not provide any testimony about what the "other claims issues" are, or the value that Durkin might or could have received for any change order submitted related to any weather delays if the contract had not been terminated by the City, and no change orders were ever submitted for weather related delays. Tr. 950; D60. Therefore, as a matter of law, Durkin has not satisfied its burden of proving damages for weather related delays.

7

<u>What the City Paid</u>. It is undisputed that the City paid Durkin $6,230,744.97 directly. DUR68, D79; *see also* D50. Additionally, after Durkin failed to pay its subcontractors that worked on the job, the City directly paid Durkin's subcontractors the amount of $457,337. *Id.* Therefore, adding the two numbers, Durkin received from the City (directly or through payments to its subcontractors[9]) a total of $6,688,081.97.

Under this formulation, the proper measure of damages is easily calculated: contract price ($9,833,053) minus the cost of completion ($2,723,391.60) minus payments made by the City ($6,688,081.97) for a total of $421,579.43.[10]

## CONCLUSION

The City respectfully requests that Durkin's damages for breach of contract be limited to an expectation damages calculation.

CONNOLLY BOVE LODGE & HUTZ LLP

/s/ Collins J. Seitz, Jr.
Collins J. Seitz, Jr. (Bar No. 2237)
Max B. Walton (Bar No. 3876)
Josiah R. Wolcott (Bar No. 4796)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for the City Defendants*

Dated: October 1, 2007

---

[9] By paying the subcontractors directly, the City relieved Durkin of its obligation to pay subcontractors these substantial costs. Therefore, these amounts should be included as part of the total compensation paid to Durkin.

[10] This damage formulation is consistent with the proposed breach of contract damages instruction that the City submitted at trial. *See* D80-81.

## CERTIFICATE OF SERVICE

I certify that on October 1, 2007, I electronically served CITY OF NEWARK DEFENDANTS' BRIEF REGARDING THE DELAWARE COMMON LAW MEASURE OF DAMAGES by CM/ECF to counsel of record as follows:

Paul Logan, Esquire
Powell, Trachtman, Logan, Carrle &
 Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

David G. Culley, Esquire
Tybout Redfearn & Pell
750 South Madison Street
Suite 400
P.O. Box 2092
Wilmington, DE 19899

*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1130
P.O. Box 588
Wilmington, DE 19899

*Attorneys for Intervener Plaintiff,*
*St. Paul Fire & Marine Insurance*
*Company*

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

*Attorneys for URS Corporation, Inc.*

Patrick Kingsley, Esquire
Kevin W. Goldstein, Esquire
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

*Attorneys for Federal Insurance Company*


_/s/ Collins J. Seitz, Jr._
Collins J. Seitz, Jr. (Bar No. 2237)