IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## EXHIBIT G TO PRETRIAL ORDER

Donald M. Durkin Contracting, Inc. submits the following itemized statement of special damages:

1. Unpaid time and material costs for incomplete work: $5,638,122.00

2. Consultants/Professional/Claims Expenses to date(includes counsel fees for DMD and Federal): $1,420,459.89

3. Lost Equity in Equipment Lease/Purchase Agreements: $622,962.00

4. Unreimbursed Insurance Costs: $509,865.00

5. Loans and Expenses on Life Insurance Policies: $1,043,429.19

6. Repayment of Line of Credit Agreement: $3,500,000.00

## CITY OF NEWARK DAMAGES
Updated July 28, 2006
(Damages claimed as to Durkin and Federal.
As to URS see * for indemnification and Durkin's damages for contribution/breach of contract)

| | | |
|---|---|---:|
| Durkin Disbursements | $ | 6,230,745 |
| | | |
| Durkin Subcontractors Paid: | | |
| Talley Brothers | | 165,214 |
| MPI | | 58,987 |
| Furness | | 74,142 |
| Hallaton | | 97,133 |
| Construction Techniques | | 54,604 |
| Intergeo | | 7,257 |
| Durkin Subcontractor Total | | 457,337 |
| | | |
| George & Lynch Disbursements | | 5,895,932 |
| | | |
| URS Rebidding & Claims Assistance | | 172,126 |
| URS Extended Inspections, Survey & Construction Management | | 485,645 |
| URS Claims Pending | | 239,156 |
| URS Claims for Litigation Support | | 251,000 |
| URS Subtotal | | 975,801 |
| | | |
| Iron Filings Filter Material (Construction Estimate) | | 700,000 |
| Landscaping and Architectural Finishes (Construction Estimate) | | 260,000 |
| Deleted Features Subtotal | | 960,000 |
| | | |
| Other Costs to Complete | | 271,255 |
| | | |
| Full Completion Value | $ | 14,791,070 |
| | | |
| Durkin Contract Price | | 9,833,053 |
| Excess Costs to Complete | | 4,958,017 |
| | | |
| Legal Fees, Unreimbursed to date | | 46,263 * |
| Projected Litigation Fees | | 400,000 * |
| Purchased Water, 2004-2005 | | 1,129,676 |
| Additional Damages | | 1,575,939 |
| | | |
| TOTAL PROJECTED DAMAGES | $ | 6,533,956 |

1              IN THE UNITED STATES DISTRICT COURT

2             IN AND FOR THE DISTRICT OF DELAWARE

3                        -   -   -

4    DONALD M. DURKIN CONTRACTING          :    Civil Action
     INC.,                                 :
5                                          :
               Plaintiff,                  :
6                                          :
          v.                               :
7                                          :
     CITY OF NEWARK, HAROLD F. GODWIN,     :
8    JOHN F. FARRELL, IV, JERRY CLIFTON,   :
     KARL G. KALBACHER, DAVID J. ATHEY,    :
9    FRANK J. OSBORNE, JR., CHRISTINA NEVA, :
     and URS CORPORATION,                  :
10                                         :
               Defendants.                 :
11                                         :
          -and-                            :
12                                         :
     CITY OF NEWARK, HAROLD F. GODWIN,     :
13   JOHN H. FARRELL, IV, JERRY CLIFTON,   :
     KARL G. KALBACHER, DAVID J. ATHEY,    :
14   FRANK J. OSBORNE, JR., CHRSTINA REWA, :
                                           :
15             Third-Party Plaintiffs,     :
                                           :
16        v.                               :
                                           :
17   FEDERAL INSURANCE COMPANY,            :
                                           :
18             Third-Party Defendant.      :    No. 04-163(GMS)

19                        -   -   -

20                  Wilmington, Delaware
                  Monday, October 2, 2006
21                     9:30 a.m.

22                        -   -   -

23

     BEFORE:   HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury
24
                    FIFTH DAY OF TRIAL
25

                         D51

Donald Durkin - direct

1    you remember, back in October, when they were talking about

2    revising whether the Fabri-Form was going to rest on the

3    bench, whether it's going to be the Zone IV material, or

4    whether it's going to be the riprap stone bench, or they had

5    indicated that they are going to change that so that we are

6    going to lay this first.

7            To do that, you would have needed, you know, a

8    change order, an official direction to do that.

9            So we had that point sitting there.  We didn't

10   know -- are we doing Fabri-Form now or are we doing it

11   later?

12           Point 2 is the weather.  The weather was closing

13   in.  It was getting colder.  It was wet.  And there were

14   restrictions on when you could place Fabri-Form, when you

15   could place concrete.  You heard Mr. Filshill say about the

16   ten-day window that you needed.  If you pump concrete in,

17   you needed ten days of above 32 degrees.  It's highly

18   unlikely for that to be a certainty going into November,

19   December, January, February.

20   Q.   If you can go to the next document, sir, which is

21   Project Coordination Meeting No. 11, Monday, October 27,

22   2002.  First, what were project coordination meetings?

23   A.   We talked about that earlier.  They were just meetings

24   between ourselves, the city, and URS, just to discuss

25   ongoing activities of the job, that are maybe every two

Donald Durkin - direct

1    Q.    Now, in order to implement that sequence change, were

2    there any other documents that you needed in order to do

3    that?

4    A.    You would have needed a change order to do that.

5    Q.    As of the date Durkin was terminated, did Durkin

6    receive the change order you believed necessary to implement

7    this change?

8    A.    No.

9    Q.    Sir, if you can go back to Tab 44?

10   A.    Okay.

11   Q.    You indicated that you recall having a meeting with

12   Mr. Prouty?

13   A.    Yes.

14   Q.    What was the date of that meeting?

15   A.    November 4th.

16   Q.    Sir, did you record your recollection of the

17   conversation you had with Mr. Prouty on November 4 in your

18   diary?

19   A.    Yes.

20   Q.    If you could go to, I believe we get into eventually

21   Volume II.

22   A.    Okay.

23   Q.    Your diary is behind Tab 46.

24   A.    Okay.

25   Q.    If you could find the diary entry for November 4,

Donald Durkin - direct

1    Q.    Can you tell me how you did it?  What did you do?

2    A.    We calculated the cost of the work performed in

3    accordance with language of the contract.

4    Q.    Sir, if you could go to Tab 5 of Volume I.  Is there a

5    provision in the contract -- sir, have you found the page?

6    A.    Yes, I have.

7    Q.    Is there a provision in the contract that deals with

8    cost of work?

9    A.    Yes, there is.

10   Q.    Is that -- what section is that?

11   A.    That would be Section 11.4.

12   Q.    And it continues on, sir?

13   A.    Yes, it does.

14   Q.    When we go through the numbers, is that the method

15   that you followed to calculate the cost of work performed by

16   Durkin for the city prior to termination?

17   A.    Yes, it is.

18   Q.    Now, sir, was this a unit price contract?

19   A.    No.  It was a lump-sum contract.

20   Q.    What is the difference between the two?

21   A.    Well, a lump-sum contract is exactly what it says.

22   It's a lump-sum amount.

23        A unit price contract, the owner/engineer breaks

24   down the activities of the contract, if you will, into a

25   bunch of different components, and you apply or derive or

1    estimate a cost for each item, and you can work up a unit

2    price for each item.  And then they measure the actual

3    quantities of work performed, and they pay you based on the

4    contract unit price.

5    Q.    This was a lump-sum price, though?

6    A.    Yes.

7    Q.    What does that mean?  Or did I misunderstand your

8    testimony, sir?

9    A.    A lump sum is a summation of all the costs to perform

10   the work.

11   Q.    Now, Mr. Durkin, as of the date of termination, had

12   any change order been processed or paid for the impacts to

13   the work due to the weather, extraordinary weather

14   conditions?

15   A.    No.

16   Q.    Who between the city and URS, who was it that would be

17   generating that change order for processing payment?

18   A.    Well, it would be done through URS.

19   Q.    Did you have an understanding from Mr. Prouty that

20   that was to occur?

21   A.    Yes.

22   Q.    Sir, before we go into each one of these line items,

23   let me just ask you, you have testified earlier about bonds

24   and bonding companies.  Who was Durkin's bonding company on

25   this project?

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                        -  -  -

4   DONALD M. DURKIN CONTRACTING          :    Civil Action
    INC.,                                 :
5                                         :
              Plaintiff,                  :
6                                         :
                                          :
7        v.                               :
                                          :
8   CITY OF NEWARK, HAROLD F. GODWIN,     :
    JOHN F. FARRELL, IV, JERRY CLIFTON,   :
    KARL G. KALBACHER, DAVID J. ATHEY,    :
9   FRANK J. OSBORNE, JR., CHRISTINA NEVA,:
    and URS CORPORATION,                  :
10                                        :
              Defendants.                 :
11                                        :
         -and-                            :
12                                        :
    CITY OF NEWARK, HAROLD F. GODWIN,     :
13  JOHN H. FARRELL, IV, JERRY CLIFTON,   :
    KARL G. KALBACHER, DAVID J. ATHEY,    :
14  FRANK J. OSBORNE, JR., CHRISTINA REWA,:
                                          :
15            Third-Party Plaintiffs,     :
                                          :
16       v.                               :
                                          :
17  FEDERAL INSURANCE COMPANY,            :
                                          :
18            Third-Party Defendant.      :    No. 04-163(GMS)

19                       -  -  -

20                  Wilmington, Delaware
                 Tuesday, October 3, 2006
21                      8:55 a.m.

22                       -  -  -

23

    BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury
24

25                 SIXTH DAY OF TRIAL

                          D56

Donald Durkin - cross

1    Q.    Have you totaled these up to determine what was owed

2    your company at the time of termination?

3    A.    I believe it was in the -- I think it was in the

4    400,000 area.  But, no, not sitting here today.  I didn't

5    add them up this morning.

6    Q.    We can walk you through it.  But I will represent,

7    perhaps counsel will stipulate, that the total is

8    $275,926.79.

9    A.    That appears to be correct.

10   Q.    And that's for work that was performed by your

11   company, and that covers everything due at the time of

12   termination.  Correct?

13   A.    No.

14   Q.    Well, under your contract, under the pay applications,

15   that would be correct.  Right?

16   A.    It was a -- I guess I am unclear of the question here.

17   Q.    I will just leave it at that.  These were the

18   outstanding pay applications at the time of termination?

19   A.    That's correct.

20   Q.    Now, looking at your itemized statement of damages,

21   which was submitted yesterday as your Exhibit 68?

22   A.    I have that.

23   Q.    You have the cost of work performed, which is the

24   first five items.  Correct?

25   A.    That is correct.

948

Donald Durkin - cross

1   Q.    And that totals over 12 million dollars?

2   A.    That's correct.

3   Q.    And your payments from the city at that time, at the

4   time of termination, were just over six million.  Correct?

5   A.    That's correct.

6   Q.    So at the time of termination, your company was losing

7   six million dollars on this project?

8   A.    That calculation is based on the language of the

9   contract.

10   Q.    Yes, sir.  That doesn't answer my question.  It's just

11   arithmetic.  Your records and your testimony here today is

12   that you incurred costs of over 12 million dollars by the

13   time of termination.  Right?

14   A.    I think what we are saying, what I am trying to say to

15   you is by the language of the contract, this is an

16   appropriate way to calculate the cost of the contract.

17   Q.    You are not answering my question.

18   A.    I think I am.

19   Q.    Well, your bid, it was a bid contract, was it not?

20   A.    Yes, it was.

21   Q.    And it was a stipulated sum of 9,679,000, was it not?

22   A.    I believe that was the number.

23   Q.    And at the time of termination, you were approximately

24   70 percent through the job?

25   A.    I think that's accurate.

D58

Donald Durkin - cross

1    Q.    So the payments you had received by the city, which is

2    here on your own damage summary, was 6,230,744, we just went

3    through the fact that there was still the 275,000 on those

4    last payment applications that you hadn't been paid for work

5    performed at that time?

6    A.    Okay.

7    Q.    So my simple question to you is that under the

8    original contract, for your bid price, where you had been

9    paid according to that contract six million or so, and yet

10   your internal time and materials calculation that you went

11   over with the jury yesterday, this work had actually cost

12   your company over 12 million.  Right?

13   A.    There is a couple of things you need to understand.

14   Q.    Sir, could you just answer that question, please?

15   A.    Certainly.

16   Q.    It's simple arithmetic.  You have been paid six

17   million under the contract that you bid on.  You actually

18   had costs over 12 million.  Ergo, you were losing 6 million

19   at the time of termination.  Correct?

20   A.    The claim items and the weather impact items were not

21   billed on our pay estimates.  Those costs are reflected in

22   this calculation.

23   Q.    Understood.  And you gave detailed testimony about

24   three outstanding change orders that the engineer had ruled

25   were not part of your contract.  Correct?

Donald Durkin - cross

1    A.    Three outstanding claim issues, yes.

2    Q.    And so putting those aside, because the engineer said

3    that was part of your contract and not a change order, and

4    also you mentioned weather, did you ever submit a change

5    order for costs due to weather delays?

6    A.    We never got to that point.  The job was never

7    completed.

8    Q.    So you never submitted a change order for that item.

9    Correct?

10   A.    A request for payment for that item, no.

11   Q.    So, again, under the contract, if the engineer's

12   interpretation is correct, you had been paid six million for

13   a job at that point that was costing you 12 million.

14   Correct?

15   A.    I don't agree with that, no.

16             This calculation --

17   Q.    Sir, let me ask another question.

18             THE COURT:  Let him finish answering the

19   question.

20             THE WITNESS:  This calculation was based on the

21   language of the contract.  I thought we kind of went through

22   that in detail yesterday, all this 11.4.1 and 11.6 .2.1 --

23   that's where this calculation came from.

24   BY MR. COTTRELL:

25   Q.    Yes.  I am asking you to ignore that calculation for

Donald Durkin - redirect

1    prices for all these alternates.  That's why we built a test

2    section, to simulate one of the alternates.

3              Why did that all occur if there wasn't an issue?

4    Q.    Mr. Durkin, you also were asked about were you

5    losing -- weren't you losing six million dollars.  That was

6    the suggestion.  Will you please explain cost of work that

7    is in the exhibit versus the suggestion that you were losing

8    six million dollars?

9    A.    I tried to do that with Mr. Cottrell.  There is

10   language in the contract that says how you calculate.  It's

11   a prescribed thing in the contract that says how you go

12   about calculating the cost of the work that was performed.

13             I don't know how else to say that.

14   Q.    Mr. Durkin, one last area.

15             Mr. Cottrell suggested that the applications

16   that totaled approximately, he said the number $275,926.79,

17   was everything due under the contract as of December of

18   2003.  Was it?

19   A.    No, it wasn't, because we still had these outstanding

20   claim issues and we still never addressed the impact of the

21   weather.

22             MR. LOGAN:  Thank you, Mr. Durkin.  I have

23   nothing else.

24             THE COURT:  You are excused, Mr. Durkin.

25             (Witness excused.)

1              IN THE UNITED STATES DISTRICT COURT

2             IN AND FOR THE DISTRICT OF DELAWARE

3                        - - -

4    DONALD M. DURKIN CONTRACTING        :    Civil Action
     INC.,                               :
5                                        :
              Plaintiff,                 :
6                                        :
         v.                              :
7                                        :
     CITY OF NEWARK, HAROLD F. GODWIN,   :
8    JOHN F. FARRELL, IV, JERRY CLIFTON  :
     KARL G. KALBACHER, DAVID J. ATHEY,  :
9    FRANK J. OSBORNE, JR., CHRISTINA REWA,:
     and URS CORPORATION,                :
10                                       :
              Defendants.                :
11                                       :
         -and-                           :
12                                       :
     CITY OF NEWARK, HAROLD F. GODWIN,   :
13   JOHN H. FARRELL, IV, JERRY CLIFTON, :
     KARL G. KALBACHER, DAVID J. ATHEY,  :
14   FRANK J. OSBORNE, JR., CHRISTINA REWA,:
                                         :
15            Third-Party Plaintiffs,    :
                                         :
16       v.                              :
                                         :
17   FEDERAL INSURANCE COMPANY,          :
                                         :
18            Third-Party Defendant.     :    No. 04-163(GMS)

19                       - - -

20                  Wilmington, Delaware
                 Wednesday, October 4, 2006
21                       9:00 a.m.

22                       - - -

23
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury
24

25                  SEVENTH DAY OF TRIAL
                           D62

Jim Durkin - direct

1    Q.    And if you will look at Question 35, which is on the

2    first page of what I handed you?

3    A.    Yes.

4    Q.    It says, What was Durkin's anticipated profit for the

5    reservoir project?

6                Answer:   The anticipated profit for project as

7    bid was $755,081, or eight percent.  Is that correct?

8    A.    Yes, it is.

9                MR. COTTRELL:   Thank you, sir.   That is all the

10   questions I have for this witness, Your Honor.

11               THE COURT:   Mr. Logan.

12                        CROSS-EXAMINATION

13   BY MR. LOGAN:

14   Q.    Mr. Durkin, can you tell the jury what work was on

15   hand with regard to at the time the Newark reservoir project

16   was bid?

17   A.    At that time, we had -- we had bid or were just about

18   ready to bid, I don't know the exact time frames, a site

19   development job for Central Bucks School District up in

20   Bucks County, Pennsylvania.  And we were the low bidder on

21   that job.

22   Q.    Mr. Durkin, do you recall what the approximate dollar

23   value was of that project?

24   A.    I believe it to be 3.6 million.  But it's somewhere in

25   the three- to four-million-dollar range.

1    calling for clear hearsay.

2              MR. COTTRELL:  Your Honor, I am sure that the

3    witness' knowledge of this is from a number of different --

4              THE COURT:  Can I hear the question again?

5              MR. COTTRELL:  What was the estimate of

6    construction costs by URS.

7              THE COURT:  By URS?

8              MR. COTTRELL:  Yes, the engineer.

9              THE COURT:  Sustained.

10   BY MR. COTTRELL:

11   Q.    Were you involved in the bidding process?

12   A.    Yes, I was.

13   Q.    And did Durkin submit a bid?

14   A.    Yes, they did.  They submitted a lump-sum bid.

15   Q.    And that bid was 9,679,000.  Correct?

16   A.    Correct.

17   Q.    And how did that compare with the anticipated cost?

18              MR. LOGAN:  Objection, Your Honor.

19              THE COURT:  Same.

20   BY MR. COTTRELL:

21   Q.    All right.  With regard to the bid documents which are

22   in front of you in Page 7 of our jury notebook, it says,

23   under Paragraph 1, that the bidder agrees, quote, "to

24   perform and furnish all work as specified or indicated in

25   the contract documents for the contract price and within the

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) JURY TRIAL DEMANDED |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) |
| FRANK J. OSBORNE, JR., CHRISTINA REWA | ) |
| AND URS CORPORATION, | ) |
| | ) |
| Defendants, | ) |

# CITY OF NEWARK
# JURY NOTEBOOK

28. Drawing L-2.03 and Bid Form BF-3:  For bidding purposes, the stairs and sidewalk from the parking lot to the lower outlook shall be part of the Deduct Component 'B' for the Lower Outlook.

LUMP SUM BASE CONSTRUCTION CONTRACT PRICE

($ _9679 000_ )
(figures)

DEDUCT COMPONENT 'A' FOR UPPER OUTLOOK

($ _~~32000~~ 30000_ )
(figures)

DEDUCT COMPONENT 'B' FOR LOWER OUTLOOK

($ _~~55000~~ 52000_ )
(figures)

DEDUCT COMPONENT 'C' FOR SIGNAGE

($ _~~11000~~ 10000_ )
(figures)

DEDUCT COMPONENT 'D' FOR LANDSCAPING

($ _~~71000~~ 70000_ )
(figures)

6.  Bidder agrees that the Work will be substantially complete within 546 calendar days after the date when the Contract Time commences to run as provided in Paragraph 2.3 of the General Conditions. Final completion shall be within 30 days of Substantial Completion.

7.  BIDDER accepts the provisions of the Agreement as to liquidated damages in the event of failure to complete the Work on time.

8.  The following documents are attached to and made a condition of this Bid:

    (a)  Required Bid Security in the form of certified check or Bid Bond in the amount of 10% of the Bid.

9.  Communications concerning this Bid shall be addressed to:

    URS Corporation
    1200 Philadelphia Pike
    Wilmington, DE  19809
    (302) 791-0700
    (302) 791-0708 Facsimile

10. The terms used in this Bid which are defined in the General Conditions of the Construction Contact included as part of the Contract Documents have the meanings assigned to them in the General Conditions.

    SUBMITTED on _~~3/26~~ 4/02_, 2002.

BF-3

K:\SPECS\NEWARK\BIDDING.DOC

DUR 002807

# Application and Certificate for Payment

| | | Page 1 |
|---|---|---|
| | | Date: 10/31/03 |

| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 | Application No: | 18 |
|---|---|---|---|---|---|
| | | | | Period To: | 10/31/03 |
| From (Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | Contractor Job Number: | 02-2 | Architect's Project No: | |
| | | Via (Architect): | | Contract Date: | |
| Phone: | 215 364-4000 | Contract For: | | | |

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 75,717.03 | -18,042.50 |

| | Number | Date Approved | | |
|---|---|---|---|---|
| Change orders approved this month | 15 | 10/06/03 | 54,600.00 | |
| | 17 | 10/22/03 | 3,018.75 | |

| Totals | 57,618.75 | |
|---|---|---|
| Net change by change orders | 115,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 115,293.28 |
| Contract sum to date | 9,794,293.28 |
| Total completed and stored to date | 6,928,734.86 |
| Retainage | |
| 7.7% of completed work | 486,588.85 |
| 1.1% of stored material | 6,987.52 |
| Total retainage | 493,576.37 |
| Total earned less retainage | 6,435,158.49 |
| Less previous certificates of payment | 6,230,744.97 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 204,413.52 |
| Balance to finish, including retainage | 3,359,134.79 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____ Date: _____

State of: _____ County of: _____

Subscribed and sworn to before me this ____

____ (year). Notary Public _____

My commission expires _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect: _____

By: _____ Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03693

D67

Plaintiff's Exhibit
DUR - 9

Attachment A to Application and Certificate for Payment

Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ 204,443.52

Engineer:

By: _____  Date: 12/29/03

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03697

D68

## Application and Certificate For Payment

Page 1

| | | |
|---|---|---|
| **To Owner:** | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | **Project:** NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 |
| **From (Contractor):** | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | **Contractor Job Number:** 02-2<br><br>**Via (Architect):** |
| **Phone:** | 215 364-4000 | **Contract For:** |

| | |
|---|---|
| **Application No:** | 19 |
| **Period To:** | 11/15/03 |
| **Architect's Project No:** | |
| **Contract Date:** | |
| **Date:** | 11/15/03 |

### Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 133,335.78 | -18,042.50 |

| Change orders approved this month | Number | Date Approved | | |
|---|---|---|---|---|
| | CO18.1 | 11/05/03 | 10,000.00 | |

| | | |
|---|---|---|
| **Totals** | 10,000.00 | 10,000.00 |
| **Net change by change orders** | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,943,268.66 |
| Retainage | |
| 7.7% of completed work | 486,833.77 |
| 1.1% of stored material | 7,273.00 |
| Total retainage | 494,106.77 |
| Total earned less retainage | 6,449,161.89 |
| Less previous certificates of payment | 6,435,158.49 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 14,003.40 |
| Balance to finish, including retainage | 3,355,131.39 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor: _____

By: _____  Date: 1/26/03

State of: _____  County of: _____

Subscribed and sworn to before me this _____ day of _____

_____
My commission expires _____

Architect: _____

By: _____  Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

### Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified:     $ _____

D69

NEW037

Attachment A to Application and Certificate for Payment

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ 14,003.40

**Engineer:**

By: _____    Date: 12/29/03

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03778

D70

# Application and Certificate for Payment

Page 1

| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 | | Application No: | 20 | Date: 11/26/03 |
|---|---|---|---|---|---|---|---|
| From<br>(Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | Contractor Job<br>Number: | 02-2 | | Period To:<br>Architect's<br>Project No: | 11/30/03 | |
| Phone: | 215 364-4000 | Via (Architect):<br>Contract For: | | | Contract Date: | | |

## Contractor's Application For Payment

| Change Order Summary | | Additions | Deductions |
|---|---|---|---|
| Change orders approved in previous months by owner | | 133,335.78 | -18,042.50 |
| Change orders approved this month | Number / Date Approved | | |
| | CO18.1  11/05/03 | 10,000.00 | |
| Totals | | 10,000.00 | |
| Net change by change orders | | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,978,365.66 |
| Retainage | |
| 7.7% of completed work | 486,833.77 |
| 1.1% of stored material | 7,273.00 |
| Total retainage | 494,106.77 |
| Total earned less retainage | 6,484,258.89 |
| Less previous certificates of payment | 6,449,161.89 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 35,097.00 |
| Balance to finish, including retainage | 3,320,034.39 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____ Date: _____

State of: _____ County of: _____

Subscribed and sworn to before me this _____

_____ (year), Notary Public

My commission expires: _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect:

By: _____ Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

D71

NEW037

NEW03793

Attachment A to Application and Certificate for Payment

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ _35,099.00_

**Engineer:**

By: _____   Date: _12/29/02_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

D72

# Application and Certificate For Payment

Page 1

| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 | | Application No: | 21 | Date: 11/30/03 |
|---|---|---|---|---|---|---|---|
| | | | | | Period To: | 11/30/03 | |
| From<br>(Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | Contractor Job<br>Number: | 02-2 | | Architect's<br>Project No: | | |
| | | Via (Architect): | | | Contract Date: | | |
| Phone: | 215 364-4000 | Contract For: | | | | | |

## Contractor's Application For Payment

| Change Order Summary | | Additions | Deductions |
|---|---|---|---|
| Change orders approved in<br>previous months by owner | | 133,335.78 | -18,042.50 |
| | Number | Date<br>Approved | |
| Change<br>orders<br>approved<br>this month | CO18.1 11/05/03 | 10,000.00 | |
| Totals | | 10,000.00 | |
| Net change by change<br>orders | | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,983,046.66 |
| Retainage | |
| 7.7% of completed work | 486,833.77 |
| 1.0% of stored material | 6,631.40 |
| Total retainage | 493,465.17 |
| Total earned less retainage | 6,489,581.49 |
| Less previous certificates of payment | 6,484,258.89 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 5,322.60 |
| Balance to finish, including retainage | 3,314,711.79 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge,
information, and belief the work covered by this Application for Payment has been completed
in accordance with the Contract Documents, that all amounts have been paid by the Contractor
for work for which previous Certificates for Payment were issued and payments received from
the Owner, and that current payment shown herein is now due.

Contractor:

By: _____ Date: _____

State of: _____ County of: _____

Subscribed and sworn to before me this _____

_____ Year; Notary public:

My commission expires _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the date
comprising the above application the Architect certifies to the Owner that to the best of the
Architect's knowledge, information and belief the Work has progressed as indicated, the quality
of the Work is in accordance with the Contract Documents, and the Contractor is entitled to
payment of the Amount Certified.

Amount Certified:  $ _____

Architect:

By: _____ Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance,
payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this
Contract.

NEW03794

NEW03798

Attachment A to Application and Certificate for Payment

Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ _5,322.60_

Engineer:

By: _____  Date: _12/27/01_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

## Application and Certificate For Payment

Page 1

| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 | Application No: | 22 | Date: 11/30/03 |
|---|---|---|---|---|---|---|
| From<br>(Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | Contractor Job<br>Number: | 02-2 | Period To: | 11/30/03 | |
| | | Via (Architect): | | Architect's<br>Project No: | | |
| Phone: | 215 364-4000 | Contract For: | | Contract Date: | | |

### Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in<br>previous months by owner | 133,335.78 | -18,042.50 |

| Change<br>orders<br>approved<br>this month | Number | Date<br>Approved | | |
|---|---|---|---|---|
| | CO18.1 | 11/05/03 | 10,000.00 | |

| Totals | 10,000.00 | |
|---|---|---|
| Net change by change<br>orders | 125,293.28 | |

| | | |
|---|---|---|
| Original contract sum | | 9,679,000.00 |
| Net change by change orders | | 125,293.28 |
| Contract sum to date | | 9,804,293.28 |
| Total completed and stored to date | | 6,935,775.66 |
| Retainage | | |
| 7.7% of completed work | | 486,833.77 |
| 1.1% of stored material | | 7,273.30 |
| Total retainage | | 494,107.07 |
| Total earned less retainage | | 6,441,668.59 |
| Less previous certificates of payment | | 6,489,581.49 |
| Current sales tax | | |
| 0.000% of taxable amount | | 0.00 |
| Current sales tax | | 0.00 |
| Current payment due | | -47,912.90 |
| Balance to finish, including retainage | | 3,362,624.69 |

e undersigned Contractor certifies that to the best of the Contractor's knowledge,
ormation, and belief the work covered by this Application for Payment has been completed
accordance with the Contract Documents, that all amounts have been paid by the Contractor
work for which previous Certificates for Payment were issued and payments received from
Owner, and that current payment shown herein is now due.

ntractor:

te of:

iscribed and sworn to before me on

this _____ day of _____

[stamp: ...NOTARIAL SEAL... PUBLIC ... Twp., Bucks County My Commission Expires May 19, 2003]

ly commission expires _____ (year)

D75

### Architect's Certificate for Payment

n accordance with the Contract Documents, based on _____ and the data
comprising the above application the Architect certifies to the Owner that to the best of the
rchitect's knowledge, information and belief the Work has progressed as indicated, the quality
f the Work is in accordance with the Contract Documents, and the Contractor is entitled to
ayment of the Amount Certified.

mount Certified:   $ _____

Architect:

By: _____  Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance,
payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this
Contract.

NEW03809

NEW03823

Attachment A to Application and Certificate for Payment

## Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ — 42,912.90

Engineer:

By: _____  Date: 12/25/02

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

# Application and Certificate For Payment

|  |  |  |
|---|---|---|
| **To Owner:** | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | **Project:** NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 |
| **From<br>(Contractor):** | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | **Contractor Job Number:** 02-2<br>**Via (Architect):** |
| **Phone:** | 215. 364-4000 | **Contract For:** |

|  |  |
|---|---|
| **Application No:** | 23 |
| **Period To:** | 12/31/03 |
| **Architect's Project No:** | |
| **Contract Date:** | |

Page 1

Date: 12/31/03

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 143,335.78 | -18,042.50 |

| Change orders approved this month | Number | Date Approved |
|---|---|---|
| | | |

| Totals | | 125,293.28 |
|---|---|---|
| Net change by change orders | | 125,293.28 |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 7,006,051.55 |
| Retainage | |
| 7.7% of completed work | 486,833.70 |
| 1.8% of stored material | 12,546.09 |
| Total retainage | 499,379.79 |
| Total earned less retainage | 6,506,671.76 |
| Less previous certificates of payment | 6,441,668.59 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 65,003.17 |
| Balance to finish, including retainage | 3,297,621.52 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that the current payment shown herein is now due.

Contractor:

By: _____ Date: _____

State of: _____ County of: _____

A NOTARIAL SEAL
OLIVER ANNE ZMUDA, Notary Public
Southampton Twp., Bucks County
My Commission Expires May 13, 2008

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application for payment, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified:    $ _____

Architect: _____

By: _____ Date: _____

See Attached

This Certificate is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

D77

NEW037.03

NEW03707

Attachment A to Application and Certificate for Payment

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ 65,003.17

**Engineer:**

By: _____    Date: 1/22/04

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

D78

# ITEMIZED STATEMENT OF DAMAGES

## Cost of the Work Performed by DMD

| | |
|---|---|
| 1. Payroll Cost for DMD Employees (para. 11.4.1) | $1,633.577.65 |
|    - Contractor's Fee of 15% (para. 11.6.2.1) | $245,036.65 |
| | |
| 2. Cost of Materials (para. 11.4.2.) | $687,435.69 |
|    - Contractor's Fee of 15% (para. 11.6.2.1) | $103,115.35 |
| | |
| 3. Cost of Equipment (para. 11.4.2) | $5,468,597.90[1] |
|    - Contractor's Fee of 15% (para. 11.6.2.1) | $820,289.68 |
| | |
| 4. Amounts Billed By Subcontractors (para. 11.4.3) | $2,771,080.49 |
|    - Contractor's Fee of 5% (para. 11.6.2.2) | $138,554.03 |
| | |
| 5. Amounts Paid to Special Consultants (para. 11.4.4) | $313,061.08[2] |
| | $12,180,748.52 |
|     Payments by City of Newark to DMD | ($6,230,744.97) |
|     Payments by City of Newark to DMD Subs | ($457,337.00) |

**Unpaid Cost of the Work as of the Date of Termination:**   **$5,492,666.55**

## Post-Termination Costs and Expenses

| | |
|---|---|
| 6. Unpaid Consultant/Professional/Expenses (para. 17.5) | $1,740,751.38[3] |
| 7. Equipment Sales for Operating Revenue: | $433,891.79 |
| 8. Loans and Expenses on Life Insurance Policies: | $1,210,262.61 |
| 9. Repayment of Line of Credit Agreement: | $2,790,000.00[4] |

**TOTAL**   **$11,667,572.33**

---

[1] Includes $3,514,466.30 of operating costs, and $1,954,131.60 of standby equipment costs
[2] Vibratech ($12,478.00); JSM Assoc. ($2,546.25); Hillis-Carnes ($945.00); Langan Eng. ($140,266.31); Duffield Assoc. ($1,424.40); Navtech ($86,900.00); and GeoSyntec ($68,501.12—pre-termination costs only).
[3] Includes unpaid counsel fees of DMD and Federal incurred through 09/29/06 and estimated through 10/02/06.
[4] The loans on the life insurance policy and the line of credit draws were used to pay ongoing business operating expenses, as well as some of the litigation expenses, including partial payment of DMD's attorney's fees.

DUR-68

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

CITY OF NEWARK PROPOSED ADDITIONAL JURY INSTRUCTIONS
Revised October 4, 2006

## PROPER MEASURE OF DAMAGES

Damages for breach of contract are measured in accordance with Delaware law which provides:

1.    The non-breaching party is entitled to compensation of an amount sufficient to return the party to the position they would have been had the breach not occurred.[2]

2.    Good will, lost future profits, and lost customers are not awarded in breach of contract actions.[3]

3.    Each party pays its own litigation costs absent a statutory, equitable or contractual provision.[4]

---

[2] *J.J. White, Inc. v. Metropolitan Merchandise Mart, Inc.*, 107 A.2d 892, 894 (Del.Super.1954)
[3] *Crowell Corp. v. Himont USA, Inc.*, 1994 WL 762663 at *3 (Del.Super.,1994)
[4] *Brice v. State, Dept. of Correction*, 704 A.2d 1176, 1179 (Del.Supr. 1998)

## CERTIFICATE OF SERVICE

I certify that on October 1, 2007, I electronically served the APPENDIX OF

DOCUMENTS IN SUPPORT OF CITY OF NEWARK DEFENDANTS' BRIEF REGARDING

THE DELAWARE COMMON LAW MEASURE OF DAMAGES by CM/ECF to counsel of

record as follows:

Paul Logan, Esquire
Powell, Trachtman, Logan, Carrle &
    Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

David G. Culley, Esquire
Tybout, Redfearn & Pell
750 S. Madison Street, Ste. 400
P.O. Box 2092
Wilmington, DE 19899-2092

*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1130
P.O. Box 588
Wilmington, DE 19899

*Attorneys for Intervener Plaintiff,*
*St. Paul Fire & Marine Insurance Company*

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

*Attorneys for URS Corporation, Inc.*

Patrick Kingsley, Esquire
Kevin W. Goldstein, Esquire
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

*Attorneys for Federal Insurance Company*

_____

Collins J. Seitz, Jr. (Bar No. 2237)