## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

| | |
|---|---|
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

## APPENDIX OF DOCUMENTS IN SUPPORT OF
## COURT ORDERED REPLY BRIEF OF PLAINTIFF IN SUPPORT OF THE
## BREACH OF CONTRACT AWARD

**POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.**
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin
Contracting*

Dated:  October 5, 2007

**TABLE OF CONTENTS**

**Document**                                                                                          **Page**

Selected Portions of the Trial Transcript....………………..……………………….A44

Pay Applications (DUR9)…....………………………………………………….A49

Contract Section 9.11…………………………………………………….…........A61

Contract Section 17.5……………………………………………………………..A62

Donald Durkin - direct

1              I am not telling you this to try to get some

2    type of sympathy.  But I am telling you that it's his name,

3    it's our company name, it's our family name, that's on all

4    the letterhead.  It's on the truck that I drove down here

5    this morning in.  And it's our family name.  And it took his

6    lifetime, it took my grandfather's lifetime, took half of my

7    lifetime to nurture this reputation that we had.

8              Which kind of brings me to my next point, my

9    mother.

10             My mother was never wrapped up in this

11   construction company, never.  She was invaluable to my

12   father as his life partner, and remains today as such, as

13   his caregiver, but she was never involved in any of this.

14             I think you need to understand that I also had

15   two sisters, and we all have children.  And she had to get

16   into this because she had to liquidate personal assets so

17   that we could endure.  She sold homes that have been in our

18   family for over 30 years, homes that she has memories of me.

19   She has memories of my brother.  She has memories of my

20   sisters.  She has memories of her grandchildren, my

21   children.  And she liquidated all that.  Two houses.

22             A lot of personal assets was put back into this.

23   And that's not easy for someone to do when they are 77 years

24   old.  It's not easy.  And some would say, why would you do

25   something like that?  I want you to remember, we didn't have

Donald Durkin - cross

1    A.    Three outstanding claim issues, yes.

2    Q.    And so putting those aside, because the engineer said

3    that was part of your contract and not a change order, and

4    also you mentioned weather, did you ever submit a change

5    order for costs due to weather delays?

6    A.    We never got to that point.  The job was never

7    completed.

8    Q.    So you never submitted a change order for that item.

9    Correct?

10   A.    A request for payment for that item, no.

11   Q.    So, again, under the contract, if the engineer's

12   interpretation is correct, you had been paid six million for

13   a job at that point that was costing you 12 million.

14   Correct?

15   A.    I don't agree with that, no.

16              This calculation --

17   Q.    Sir, let me ask another question.

18              THE COURT:  Let him finish answering the

19   question.

20              THE WITNESS:  This calculation was based on the

21   language of the contract.  I thought we kind of went through

22   that in detail yesterday, all this 11.4.1 and 11.6 .2.1 --

23   that's where this calculation came from.

24   BY MR. COTTRELL:

25   Q.    Yes.  I am asking you to ignore that calculation for

A-45

Donald Durkin - cross

1    the moment, and just answer the question as to, if you had

2    never been terminated, at the point in time of February '04,

3    in fact, your company was losing six million dollars on this

4    project?

5    A.    I don't agree with that.

6    Q.    When you look at Item 6 on your itemized statement of

7    damages, which is post-termination costs, unpaid consultant,

8    professional expenses and so forth, these are all costs

9    related to this litigation?

10    A.    Yes.

11    Q.    And with regard to Nos. 7, 8 and 9, they appear to

12    total over four million dollars?

13    A.    That's correct.

14    Q.    And it's your testimony they are all operating

15    expenses of your business since February '04?

16    A.    We have those and some of the litigation costs.

17    Q.    The Durkin Company has just three employees.  Correct?

18    A.    Presently, we have five.

19    Q.    Okay.  You and your two brothers?

20    A.    That's correct.

21    Q.    And who are the other two employees?

22    A.    One is a woman that works in the office.  And the

23    other is a gentleman that works with me in the, let's say

24    the take-off part of the work.

25    Q.    And you testified yesterday the company has had no

Donald Durkin - cross

1    jobs since February of '04?

2    A.    No contract jobs.  We have done some equipment rental

3    type things.

4    Q.    Okay.  And isn't it true that at the time you bid the

5    Newark job, your company had virtually no work on hand?

6    A.    No.  That's not correct.  Prior to the Newark job, we

7    had recently been the successful bidder on a school site

8    preparation project.

9    Q.    And what was the sum of that contract?

10   A.    I think it was in the three- to four-million-dollar

11   range.

12   Q.    And you were awarded that contract?

13   A.    Yes.

14   Q.    Did you complete that contract?

15   A.    Yes.

16   Q.    Now, you testified yesterday about a meeting with Mark

17   Prouty in November, on November 4, 2003, where you told him

18   you could build the Zone IV cover layer as designed, but you

19   would make a claim for extra every time you had to push the

20   soils back up the slope.

21              Do you remember that testimony?

22   A.    Yes.

23   Q.    In light of all the damages that you now claim to your

24   company's reputation and so forth, why did you do that?

25   A.    We never got the opportunity to.

A46a

1    event of a default and termination and to Durkin's advantage

2    in the event of a termination for convenience provision,

3    again only as to the costs for terminating their

4    subcontracts.

5            It is also our position, as we included in our

6    proposed jury instructions, that Delaware law says lost

7    profits and all these other types of things aren't

8    recoverable in a breach of contract action.

9            MR. BOLGER:  As far as I can tell, Your Honor,

10   we haven't pled or introduced evidence of lost profits.

11           What we have introduced evidence on the board is

12   of our computation of the work that was performed as well as

13   those costs that directly flow from the breach.  I think Ms.

14   Petrone was alluding earlier to the two instances.  She is

15   talking about specifically attorneys' fees and professional

16   fees when she is talking about the two instances in the

17   contract.

18           As far as the other elements, we are not seeking

19   lost profits.  We are not seeking lost opportunities.  We

20   are seeking reimbursement for costs as a direct and

21   proximate result of the breach.

22           MS. PETRONE:  Then none of that should be in

23   there.  If they are not seeking that, none of that should be

24   listed.

25           THE COURT:  I confess that, as I read it rather

1    for public work.  And they refused to come back to the site

2    when invited to do so and complete the Zone IV materials.

3                  So with regard to your verdict, as to the breach

4    of contract claim, the only sum specifically owed under the

5    Durkin contract was the sum of approximately $275,000.  We

6    ask that you award that to the Durkins as compensation.

7                  As to the conversion claim, I submit you should

8    find for the defendants, as no tort claim has been proven

9    and there has been no damage, as to the civil rights claim,

10   again, that council acted in a reasonable manner.  And we

11   ask that you return a verdict in favor of the defendants.

12                 Again, I thank you for your patience, ladies and

13   gentlemen.  And I am sure you will seek to do justice here.

14                 Thank you.

15                 THE COURT:  Does any member of the jury need a

16   break before we hear from Mr. Green and then Mr. Logan's

17   rebuttal?

18                 Everyone is okay.  All right.

19                 Mr. Green.

20                 MR. GREEN:  Thank you, Your Honor.

21                 If it please the Court, members of the jury, I

22   am not sure if it is morning or afternoon.  I will say both.

23                 I, too, would like to sincerely thank you on

24   behalf of my client, URS, and my colleague, Kevin Guerke.  I

25   apologize for him, he has another court appearance that he

# Application and Certificate for Payment

Page 1

| To (Owner): | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 | Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 | | Application No: | 18 | Date: 10/31/03 |
|---|---|---|---|---|---|---|---|
| From (Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 | Contractor Job Number: | 02-2 | | Period To: | 10/31/03 | |
| | | Via (Architect): | | | Architect's Project No: | | |
| Phone: | 215 364-4000 | Contract For: | | | Contract Date: | | |

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 75,717.03 | -18,042.50 |

| | Number | Date Approved | | |
|---|---|---|---|---|
| Change orders approved this month | 15<br>17 | 10/06/03<br>10/22/03 | 54,600.00<br>3,018.75 | |

| Totals | 57,618.75 | |
|---|---|---|
| Net change by change orders | 115,293.28 | |

| | | |
|---|---|---|
| Original contract sum | | 9,679,000.00 |
| Net change by change orders | | 115,293.28 |
| Contract sum to date | | 9,794,293.28 |
| Total completed and stored to date | | 6,928,734.86 |
| Retainage | | |
| 7.7% of completed work | 486,588.85 | |
| 1.1% of stored material | 6,987.52 | |
| Total retainage | | 493,576.37 |
| Total earned less retainage | | 6,435,158.49 |
| Less previous certificates of payment | | 6,230,744.97 |
| Current sales tax | | |
| 0.000% of taxable amount | | 0.00 |
| Current sales tax | | 0.00 |
| Current payment due | | 204,413.52 |
| Balance to finish, including retainage | | 3,359,134.79 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____ Date: _____

State of: _____ County of: _____

Subscribed and sworn to before me this _____
day of _____ (year). Notary Public _____
My commission expires _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect: _____

By: _____ Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03693

Plaintiff's Exhibit
DUR - 9

NEW03697

Attachment A to Application and Certificate for Payment

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ 204,463.52

**Engineer:**

By: _____  Date: 12/29/03

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

A-50

# Application and Certificate For Payment

| | | |
|---|---|---|
| To Owner: | Project: | Application No: 19   Date: 11/15/03 |
| CITY OF NEWARK | NEWARK WATER RESERVOIR | Period To: 11/15/03 |
| 220 ELKTON ROAD | OLD PAPER MILL ROAD | |
| PO BOX 390 | NEWARK, DE 19715 | Architect's Project No: |
| NEWARK, DE 19715-0390 | | |
| From (Contractor): | Contractor Job Number: 02-2 | Project Date: |
| DONALD M DURKIN CONTRACTING | Via (Architect): | Contract Date: |
| 1310 INDUSTRIAL BLVD | | |
| SUITE 201 | Contract For: | |
| SOUTHAMPTON, PA 18966 | | |
| Phone: 215 364-4000 | | |

Page 1

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 133,335.78 | -18,042.50 |
| Change orders approved this month | | |
| Number      Date Approved | | |
| CO18.1      11/05/03 | 10,000.00 | |
| Totals | 10,000.00 | |
| Net change by change orders | 125,293.28 | |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,943,268.66 |
| Retainage | |
| 7.7% of completed work | 486,833.77 |
| 1.1% of stored material | 7,273.00 |
| Total retainage | 494,106.77 |
| Total earned less retainage | 6,449,161.89 |
| Less previous certificates of payment | 6,435,158.49 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 14,003.40 |
| Balance to finish, including retainage | 3,355,131.39 |

Contractor:

By: _____  Date: 11-26-03

State of: _____  County of: _____

Subscribed and sworn to before me this ___ day of _____

Notary Public: _____

My commission expires: _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect:

By: _____  Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

Attachment A to Application and Certificate for Payment

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ _14,003.70_

Engineer:

By: _[signature]_

Date: _12/29/07_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03778

A-52

# Application and Certificate For Payment

Page 1

| | |
|---|---|
| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 |
| From (Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 |
| Phone: | 215 364-4000 |

Project: NEWARK WATER RESERVOIR
OLD PAPER MILL ROAD
NEWARK, DE 19715

Via (Architect):

Contractor Job Number: 02-2

Contract For:

Application No: 20    Date: 11/26/03
Period To: 11/30/03
Architect's Project No:
Contract Date:

## Contractor's Application For Payment

### Change Order Summary

| | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 133,335.78 | -18,042.50 |
| Change orders approved this month<br>Number  Date Approved<br>CO18.1  11/05/03 | 10,000.00 | |
| **Totals** | 10,000.00 | |
| **Net change by change orders** | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,978,365.66 |
| Retainage : | |
| 7.7% of completed work | 486,833.77 |
| 1.1% of stored material | 7,273.00 |
| Total retainage | 494,106.77 |
| Total earned less retainage | 6,484,258.89 |
| Less previous certificates of payment | 6,449,161.89 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | **35,097.00** |
| Balance to finish, including retainage | 3,320,034.39 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____  Date: 11/26/03

State of: _____  County of: _____

Subscribed and sworn to before me this _____ day of _____ 20___

My commission expires _____

Notary Public

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect:

By: _____  Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

A-53

Attachment A to Application and Certificate for Payment

Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ ___35,049.00___

Engineer:

By: _____    Date: _12/26/03_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

# Application and Certificate For Payment

| | |
|---|---|
| To Owner: | CITY OF NEWARK |
| | 220 ELKTON ROAD |
| | PO BOX 390 |
| | NEWARK, DE 19715-0390 |

| Project: | NEWARK WATER RESERVOIR | Application No: | 21 | Date: 11/30/03 |
|---|---|---|---|---|
| | OLD PAPER MILL ROAD | Period To: | 11/30/03 | |
| | NEWARK, DE 19715 | | | |

| From (Contractor): | DONALD M DURKIN CONTRACTING |
|---|---|
| | 1310 INDUSTRIAL BLVD |
| | SUITE 201 |
| | SOUTHAMPTON, PA 18966 |

| | | | |
|---|---|---|---|
| | Via (Architect): | Architect's Project No: | |
| | Contract For: | Contract Date: | |

Phone: 215 364-4000    Contractor Job Number: 02-2

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 133,335.78 | -18,042.50 |

| Change orders approved this month | Number | Date Approved | |
|---|---|---|---|
| | CO18.1 | 11/05/03 | 10,000.00 |

| Totals | 10,000.00 | |
|---|---|---|
| Net change by change orders | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,983,046.66 |
| Retainage | |
| 7.7% of completed work | 486,833.77 |
| 1.0% of stored material | 6,631.40 |
| Total retainage | 493,465.17 |
| Total earned less retainage | 6,489,581.49 |
| Less previous certificates of payment | 6,484,258.89 |
| Current payment due | 5,322.60 |
| Current sales tax | 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Balance to finish, including retainage | 3,314,711.79 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the Work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____  Date: 12-1-03

State of: _____  County of: _____

Subscribed and sworn to before me this ___ day of _____

_____ Notary public

My commission expires: _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect:

By: _____  Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03794

A-55

Attachment A to Application and Certificate for Payment

Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ _____5322.60_____

Engineer:

By: _____    Date: _12/27/03_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03798

A-56

# Application and Certificate For Payment

Page 1

To Owner:
CITY OF NEWARK
220 ELKTON ROAD
PO BOX 390
NEWARK, DE 19715-0390

From
(Contractor):
DONALD M DURKIN CONTRACTING
1310 INDUSTRIAL BLVD
SUITE 201
SOUTHAMPTON, PA 18966

Phone: 215 364-4000

Project:
NEWARK WATER RESERVOIR
OLD PAPER MILL ROAD
NEWARK, DE 19715

Via (Architect):

Contractor Job
Number: 02-2

Contract For:

Application No: 22　　Date: 11/30/03
Period To: 11/30/03
Architect's
Project No:
Contract Date:

## Contractor's Application For Payment

| Change Order Summary | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 133,335.78 | -18,042.50 |
| Change orders approved this month | Number | Date Approved |
| | C018.1　11/05/03 | 10,000.00 |
| Totals | 10,000.00 | |
| Net change by change orders | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 6,935,775.66 |
| Retainage | |
|   7.7% of completed work | 486,833.77 |
|   1.1% of stored material | 7,273.30 |
|   Total retainage | 494,107.07 |
| Total earned less retainage | 6,441,668.59 |
| Less previous certificates of payment | 6,489,581.49 |
| Current sales tax | |
|   0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | -47,912.90 |
| Balance to finish, including retainage | 3,362,624.69 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that the current payment shown herein is now due.

Contractor:
By: _____ Date: 12-10-3

Subscribed and sworn to before me this ___ day of ___
date of ___ 2003 (year)
County of ___

Notary public: _____
My commission expires: Commission Expires May 13, 2003

[Notary stamp:] NOTARIAL SEAL
GAIL ... NOTARY PUBLIC
Southampton Twp., BUCKS County
My Commission Expires May 13, 2003

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

(Attach explanation if amount certified differs from the amount applied. Initial all figures on this Application and on the Continuation Sheet that are changed to conform with the amount certified.)

Architect:
By: _____ Date: _____

This Certification is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

Attachment A to Application and Certificate for Payment

Engineer's Certificate for Payment:

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due:  $    − 42.92.90

Engineer:

By: _____  Date: _____

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

NEW03823

A-58

# Application and Certificate for Payment

**Page 1**

| | |
|---|---|
| To Owner: | CITY OF NEWARK<br>220 ELKTON ROAD<br>PO BOX 390<br>NEWARK, DE 19715-0390 |
| From (Contractor): | DONALD M DURKIN CONTRACTING<br>1310 INDUSTRIAL BLVD<br>SUITE 201<br>SOUTHAMPTON, PA 18966 |
| Phone: | 215 364-4000 |
| Project: | NEWARK WATER RESERVOIR<br>OLD PAPER MILL ROAD<br>NEWARK, DE 19715 |
| Contractor Job Number: | 02-2 |
| Via (Architect): | |
| Contract For: | |

| | |
|---|---|
| Application No: | 23 |
| Period To: | 12/31/03 |
| Date: | 12/31/03 |
| Architect's Project No: | |
| Contract Date: | |

## Contractor's Application For Payment

### Change Order Summary

| | Additions | Deductions |
|---|---|---|
| Change orders approved in previous months by owner | 143,335.78 | -18,042.50 |

| Change orders approved this month | Number | Date Approved |
|---|---|---|

| | | |
|---|---|---|
| Totals | 143,335.78 | -18,042.50 |
| Net change by change orders | 125,293.28 | |

| | |
|---|---|
| Original contract sum | 9,679,000.00 |
| Net change by change orders | 125,293.28 |
| Contract sum to date | 9,804,293.28 |
| Total completed and stored to date | 7,006,051.55 |
| Retainage | |
| 7.7% of completed work | 486,833.70 |
| 1.8% of stored material | 12,546.09 |
| Total retainage | 499,379.79 |
| Total earned less retainage | 6,506,671.76 |
| Less previous certificates of payment | 6,441,668.59 |
| Current sales tax | |
| 0.000% of taxable amount | 0.00 |
| Current sales tax | 0.00 |
| Current payment due | 65,003.17 |
| Balance to finish, including retainage | 3,297,621.52 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates for Payment were issued and payments received from the Owner, and that current payment shown herein is now due.

Contractor:

By: _____ Date: _____

## Architect's Certificate for Payment

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the Amount Certified.

Amount Certified: $ _____

Architect:

By: _____ Date: _____

This Certificate is not negotiable. The Amount Certified is payable only to the Contractor named herein. Issuance, payment, and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

See Attached

**NEW03703**

A-59

NEW03707

**Attachment A to Application and Certificate for Payment**

**Engineer's Certificate for Payment:**

In accordance with the contract documents based on onsite observations and data comprising the above application, the Engineer states to the Owner that to the best of the Engineer's knowledge, information and belief, the work has progressed as indicated, the quality of work is in accordance with the contract documents and the contractor is entitled to payment of the "Amount Due".

Amount Due: $ _65,002.17_

**Engineer:**

By: _____  Date: _1/22/04_

This Certification is not negotiable. The Amount Due is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

*A-60*

that ENGINEER believes will not produce a completed Project that conforms to the Contract Documents or that will prejudice the integrity of the design concept of the completed Project as a functioning whole as indicated by the Contract Documents. ENGINEER will also have authority to require special inspection or testing of the Work as provided in paragraph 13.9, whether or not the Work is fabricated, installed or completed.

### *Shop Drawings, Change Orders and Payments:*

9.7.  In connection with ENGINEER's authority as to Shop Drawings and Samples, see paragraphs 6.24 through 6.28 inclusive.

9.8.  In connection with ENGINEER's authority as to Change Orders, see Articles 10, 11, and 12.

9.9.  In connection with ENGINEER's authority as to Applications for Payment, see Article 14.

### *Determinations for Unit Prices:*

9.10.  ENGINEER will determine the actual quantities and classifications of Unit Price Work performed by CONTRACTOR. ENGINEER will review with CONTRACTOR the ENGINEER's preliminary determinations on such matters before rendering a written decision thereon (by recommendation of an Application for Payment or otherwise). ENGINEER's written decision thereon will be final and binding upon OWNER and CONTRACTOR, unless, within ten days after the date of any such decision, either OWNER or CONTRACTOR delivers to the other and to ENGINEER written notice of intention to appeal from ENGINEER's decision and: (i) an appeal from ENGINEER's decision is taken within the time limits and in accordance with the procedures set forth in Exhibit GC-A, "Dispute Resolution Agreement," entered into between OWNER and CONTRACTOR pursuant to Article 16, or (ii) if no such Dispute Resolution Agreement has been entered into, a formal proceeding is instituted by the appealing party in a forum of competent jurisdiction to exercise such rights or remedies as the appealing party may have with respect to ENGINEER's decision, unless otherwise agreed in writing by OWNER and CONTRACTOR. Such appeal will not be subject to the procedures of paragraph 9.11.

### *Decisions on Disputes:*

9.11.  ENGINEER will be the initial interpreter of the requirements of the Contract Documents and judge of the acceptability of the Work thereunder. Claims, disputes and other matters relating to the acceptability of the Work or the interpretation of the requirements of the Contract Documents pertaining to the performance and furnishing of the Work and Claims under Articles 11 and 12 in respect of changes in the Contract Price or Contract Times will be referred initially to ENGINEER in writing with a request for a formal decision in accordance with this paragraph. Written notice of each such claim, dispute or other matter will be delivered by the claimant

to ENGINEER and the other party to the Agreement promptly (but in no event later than thirty days) after the start of the occurrence or event giving rise thereto, and written supporting data will be submitted to ENGINEER and the other party within sixty days after the start of such occurrence or event unless ENGINEER allows an additional period of time for the submission of additional or more accurate data in support of such claim, dispute or other matter. The opposing party shall submit any response to ENGINEER and the claimant within thirty days after receipt of the claimant's last submittal (unless ENGINEER allows additional time). ENGINEER will render a formal decision in writing within thirty days after receipt of the opposing party's submittal, if any, in accordance with this paragraph. ENGINEER's written decision on such claim, dispute or other matter will be final and binding upon OWNER and CONTRACTOR unless: (i) an appeal from ENGINEER's decision is taken within the time limits and in accordance with the procedures set forth in EXHIBIT GC-A, "Dispute Resolution Agreement," entered into between OWNER and CONTRACTOR pursuant to Article 16, or (ii) if no such Dispute Resolution Agreement has been entered into, a written notice of intention to appeal from ENGINEER's written decision is delivered by OWNER or CONTRACTOR to the other and to ENGINEER within thirty days after the date of such decision and a formal proceeding is instituted by the appealing party in a forum of competent jurisdiction to exercise such rights or remedies as the appealing party may have with respect to such claim, dispute or other matter in accordance with applicable Laws and Regulations within sixty days of the date of such decision, unless otherwise agreed in writing by OWNER and CONTRACTOR.

9.12.  When functioning as interpreter and judge under paragraphs 9.10 and 9.11, ENGINEER will not show partiality to OWNER or CONTRACTOR and will not be liable in connection with any interpretation or decision rendered in good faith in such capacity. The rendering of a decision by ENGINEER pursuant to paragraphs 9.10 or 9.11 with respect to any such claim, dispute or other matter (except any which have been waived by the making or acceptance of final payment as provided in paragraph 14.16) will be a condition precedent to any exercise by OWNER or CONTRACTOR of such rights or remedies as either may otherwise have under the Contract Documents or by Laws or Regulations in respect of any such claim, dispute or other matter pursuant to Article 16.

### 9.13.  *Limitations on ENGINEER's Authority and Responsibilities:*

9.13.1.  Neither ENGINEER's authority or responsibility under this Article 9 or under any other provision of the Contract Documents nor any decision made by ENGINEER in good faith either to exercise or not exercise such authority or responsibility or the undertaking, exercise or performance of any authority or responsibility by ENGINEER shall create, impose or give rise to any duty owed by ENGINEER to CONTRACTOR, any Subcontractor, any Supplier, any other person or organization, or to any surety for or employee or agent of any of them.

31

such rights or remedies as either may otherwise have under the Contract Documents or by Laws or Regulations in respect of any dispute.

## ARTICLE 17—MISCELLANEOUS

*Giving Notice:*

17.1.   Whenever any provision of the Contract Documents requires the giving of written notice, it will be deemed to have been validly given if delivered in person to the individual or to a member of the firm or to an officer of the corporation for whom it is intended, or if delivered at or sent by registered or certified mail, postage prepaid, to the last business address known to the giver of the notice.

*Computation of Times:*

17.2.1.   When any period of time is referred to in the Contract Documents by days, it will be computed to exclude the first and include the last day of such period. If the last day of any such period falls on a Saturday or Sunday or on a day made a legal holiday by the law of the applicable jurisdiction, such day will be omitted from the computation.

17.2.2.   A calendar day of twenty-four hours measured from midnight to the next midnight will constitute a day.

*Notice of Claim:*

17.3.   Should OWNER or CONTRACTOR suffer injury or damage to person or property because of any error, omission or act of the other party or of any of the other party's employees or agents or others for whose acts the other party is legally liable, claim will be made in writing to the other party within a reasonable time of the first observance of such injury or damage. The provisions of this paragraph 17.3 shall not be construed as a substitute for or a waiver of the provisions of any applicable statute of limitations or repose.

*Cumulative Remedies:*

17.4.   The duties and obligations imposed by these General Conditions and the rights and remedies available hereunder to the parties hereto, and, in particular but without limitation, the warranties, guarantees and obligations imposed upon CON-TRACTOR by paragraphs 6.12, 6.16, 6.30, 6.31, 6.32, 13.1, 13.12, 13.14, 14.3 and 15.2 and all of the rights and remedies available to OWNER and ENGINEER thereunder, are in addition to, and are not to be construed in any way as a limitation of, any rights and remedies available to any or all of them which are otherwise imposed or available by Laws or Regulations, by special warranty or guarantee or by other provisions of the Contract Documents, and the provisions of this paragraph will be as effective as if repeated specifically in the Contract Documents in connection with each particular duty, obligation, right and remedy to which they apply.

*Professional Fees and Court Costs Included:*

17.5.   Whenever reference is made to "claims, costs, losses and damages," it shall include in each case, but not be limited to, all fees and charges of engineers, architects, attorneys and other professionals and all court or arbitration or other dispute resolution costs.

[The remainder of this page was left blank intentionally.]

42

A-62