IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DONALD M. DURKIN CONTRACTING, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 04-0163-GMS |
| CITY OF NEWARK, HAROLD F. GODWIN, JOHN H. FARRELL, IV, JERRY CLIFTON, KARL G. KALBACHER, DAVID J. ATHEY, FRANK J. OSBORNE, JR., and CHRISTINA REWA, | ) ) ) ) ) ) ) | |
| Defendants/ Third-Party Plaintiffs, v. | ) ) ) ) | |
| FEDERAL INSURANCE COMPANY, | ) ) | |
| Third-Party Defendant. | ) ) ) | |
| ------------------------------------------------ | ) ) | |
| CITY OF NEWARK, | ) ) | |
| Third-Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| URS CORPORATION, | ) ) | |
| Third-Party Defendant. | ) | |

**CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF REGARDING
THE DELAWARE COMMON LAW MEASURE OF DAMAGES**

          CONNOLLY BOVE LODGE & HUTZ LLP
          Collins J. Seitz, Jr. (Bar No. 2237)
          Max B. Walton (Bar No. 3876)
          Josiah R. Wolcott (Bar No. 4796)
          1007 North Orange Street
          P.O. Box 2207
          Wilmington, DE 19899
          (302) 658-9141

*Attorneys for Defendants, City of Newark, Harold F. Godwin, John H. Farrell, IV, Jerry Clifton, Karl G. Kalbacher, David J. Athey, Frank J. Osborne, Jr., and Christina Rewa*

Dated: October 8, 2007

## TABLE OF CONTENTS

| | | |
|---|---|---|
| ARGUMENT | | 1 |
| 1. | What Is The Delaware Common Law Measure Of Damages For Breach Of Contract? | 1 |
| 2. | What Amount Of Damages Is Due, Measured By The Delaware Common Law Rule, And Based On Evidence Of Record? | 2 |
| 3. | Other Argument Relevant To The Calculation Of Damages Consistent With Delaware Common Law | 4 |
| CONCLUSION | | 5 |

i

# TABLE OF AUTHORITIES

**Cases**     Page

*Bausch & Lomb, Inc. v. Bressler*,
  977 F.2d 720 (2d Cir. 1992) .................................................................................. 5

*Chemipal Ltd. v. Slimfast Nutritional Foods International, Inc.*,
  350 F. Supp. 2d 582 (D. Del. 2004) ...................................................................... 2

*Coca-Cola Bottling Co. of Elizabethtown, Inc. v. The Coca-Cola Co.*,
  696 F. Supp. 57 (D. Del. 1988) ............................................................................. 5

*Crowell Corp. v. Himont USA, Inc.*,
  Civ. A. No. 86C-11-125, 1994 WL 762663
  (Del. Super. Ct. Dec. 8, 1994) ............................................................................... 2

*Davis v. Forrest River, Inc.*,
  No. C5-01-1398, 2002 WL 764262 (Minn. App. Apr. 30, 2002) ......................... 4

*Diversified Packing & Development Corp. v. Dore & Associates Contracting, Inc.*,
  48 Fed Appx. 392 (3d Cir. 2002) .......................................................................... 3

*Duncan v. Theratx Inc.*,
  775 A.2d 1019 (Del. 2001) ................................................................................... 5

*Huggins v. B. Gary Scott, Inc.*,
  C. A. No. 88C-OC-80, 1992 WL 179482 (Del. Super. Ct. June 25, 1992) ......... 5

*McGee Const. Co. v. Neshobe Dev., Inc.*,
  594 A.2d 415 (Vt. 1991) ................................................................................... 2, 4

*Sullivan v. Bullock*,
  864 P.2d 184 (Idaho App. 1993) ....................................................................... 4, 5

*Tampa Pipeline Trans. Co. v. Chase Manhattan Serv. Corp.*,
  928 F. Supp. 1568 (M.D. Fla. 1995) ..................................................................... 4

**Other Authorities**

Restatement (Second) Contracts § 347 ............................................................ passim

Restatement (Second) of Contracts § 349 .................................................................. 5

## ARGUMENT

Following the parties' opening submissions, three principles are now established: (1) Durkin admits that the jury's award is based on Durkin Trial Exhibit 68 ("DUR68"), which calculated damages according to the change order provisions of the Construction Contract; (2) the Court has ruled that "[t]here is no dispute that the jury's findings were based on Durkin's Itemized Statement of Damages, which tied the damages requested to Article 11 of the Construction Contract . . . [and] the cost of work method in Article 11 is . . . an inappropriate measure of damages." (Op. at 8, D.I. 357); and (3) the parties agree that the Delaware common law measure of damages is set forth in the expectation damages test in Restatement (Second) Contracts § 347.

Durkin continues to cling to Article 11, and claims that it was not plain error to calculate the damages according to Article 11 of contract. The Court has already decided, however, that the "cost of work" method under Article 11 is an inappropriate method to measure damages. Even more significant, although Durkin also agrees that § 347 of the Restatement represents the Delaware common law damages standard, it refuses to apply each of the elements of the test to the evidentiary record. When the three elements are applied, the Court will find that, other than what the City has proffered, there is no record support for two of the three necessary elements of the Restatement test.

1. **What Is The Delaware Common Law Measure Of Damages For Breach Of Contract?** (Order p. 2). The parties now agree that the Delaware courts follow the Restatement § 347 to measure breach of contract damages. *See* D.I. 358, at 2 and D.I. 359, at 2-3. The Restatement measures the "expectation interest" of the non-breaching party by examining three factors:

      (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus
      (b) any other loss, including incidental or consequential loss, caused by the breach, less
      (c) any cost or other loss that he has avoided by not having to perform.

Restatement (Second) Contracts § 347.

      Although Durkin continues to claim post-termination "reputational" damages as part of DUR68, it has no answer for this Court's decision in *Chemipal Ltd. v. Slimfast Nutritional Foods International, Inc.*, 350 F. Supp. 2d 582, 595 (D. Del. 2004), which unequivocally holds that "under Delaware law 'consequential damages in the form of good will, lost future profits, and lost customers are not awarded in breach of contract actions.'" (*quoting Crowell Corp. v. Himont USA, Inc.*, Civ. A. No. 86C-11-125, 1994 WL 762663, at *3 (Del. Super. Ct. Dec. 8, 1994)).

    **2.**     **What Amount Of Damages Is Due, Measured By The Delaware Common Law Rule, And Based On Evidence Of Record?** (Order p. 2).

      (a) <u>The "loss in value" to Durkin</u>. Element (a) of § 347 is another way of describing the $9.8 million contract price – the value Durkin would have received under the contract if it had been completed by the parties. *See McGee Const. Co. v. Neshobe Dev., Inc.*, 594 A.2d 415, 419 (Vt. 1991) (§ 347(a) is the contract price); Restatement § 347 cmt b. and Illustration 6 (using contract price for loss in value).

      (b) <u>Any other loss, including incidental and consequential loss caused by the breach</u>. Although Durkin agrees that § 347 is the proper measure of damages under Delaware law, Durkin asks the court to disregard the goal of § 347 – to compensate Durkin's "expectation" under the contract instead of awarding Durkin its out of pocket losses. D.I. 358, at 7. Under § 347, Durkin's expectation is measured by the contract price (or so much as remains unpaid), plus incidental or consequential damages, less the amount it would cost Durkin to complete the work.

2

§ 347, Illustration 6; *Diversified Packing & Development Corp. v. Dore & Associates Contracting, Inc.*, 48 Fed Appx. 392, 399-400 (3d Cir. 2002).

Instead of applying the test, Durkin ignores element (a) of the Restatement, and as shown below, also ignores element (c). After ignoring two elements of the test, Durkin then cherry picks element (b), and attempts to include in (b) costs Durkin incurred to perform under the contract. The flaw in Durkin's analysis is apparent – § 347 is an interconnected formula, not a smorgasbord from which to pick only one element or another. Durkin's out of pocket costs are not "losses" for purposes of § 347(b) because they are costs that would have been incurred to perform under the contract. If the Court accepts Durkin's argument, Durkin would recover the contract price under § 347(a), which already takes into account Durkin's costs to perform under the contract, and then double-dip and recover a second time the same costs to perform under the contract.

Durkin is also not entitled to recover damages for weather delays. Durkin argues that weather delays during construction essentially allow it to double the contract price. However, Durkin never submitted a change order for weather related delays as required by Article 11 of the contract, which precludes recovery without a change order. *See* D34 Article 11.1; Tr. 950; D60. Finally Durkin does not (and cannot) point the Court to anywhere in the trial record to establish the value of the claimed weather related delays, even if a change order had been submitted. DUR68, the sole basis for the jury's damage award, does not mention weather delays. D79. These alleged "losses" for weather delays are not recoverable.

(c) <u>Cost or other loss avoided by not having to perform</u>. From the contract price (§ 347(a)) plus incidental or consequential damages (§ 347(b)), the Court must subtract "any cost or loss that [the contractor] . . . has avoided by not having to perform." Restatement § 347(c), cmt. d and Illustration 6. In DUR68, Durkin never calculated the cost to complete the remainder of

3

the contract that Durkin avoided following termination. *See* Tr. 948; D58 (contract was only 70% complete). Because the record contains no evidence of the cost of completion (other than the calculation provided by the City), Durkin has once again failed to satisfy all necessary elements of the Restatement test. *See McGee Const. Co.*, 594 A.2d at 419 (finding error under § 347 where contractor failed to introduce evidence of the costs of completion that were avoided following termination); *Sullivan v. Bullock*, 864 P.2d 184, 190-91 (Idaho App. 1993) (jury erred because it did not account for the savings obtained by the non-breaching party that had been relieved of the duty to perform).

3.  **Other Argument Relevant To The Calculation Of Damages Consistent With Delaware Common Law** (Order p. 2). At bottom, the problem permeating Durkin's submission is that Durkin conflates "expectation" damages under § 347 with "reliance" damages under § 349.[1] The two theories are, however, mutually exclusive. If Durkin recovers both expectation damages and reliance damages, it will double recover the same amounts captured by each theory. *See* Restatement (Second) of Contracts § 349 (reliance and expectation damages are alternatives); *Davis v. Forrest River, Inc.*, No. C5-01-1398, 2002 WL 764262, at *2 (Minn. App. Apr. 30, 2002) ("Reliance damages and expectation damages are alternative, mutually exclusive remedies; recovery under both theories would result in double recovery."); *Tampa Pipeline Trans. Co. v. Chase Manhattan Serv. Corp.*, 928 F. Supp. 1568, 1584 (M.D. Fla. 1995) (same).

Even though Durkin has agreed that § 347 is the appropriate measure of damages, a "reliance" claim is not without serious flaws on the current record. DUR68 does not represent

---

[1] The Restatement sets forth the three interests protected under separate theories of recovery: (a) the "expectation interest," which is the interest in having the benefit of the bargain by being put in as good a position as the non-breaching party would have been in had the contract been performed, (b) the "reliance interest," which is the interest in being reimbursed for loss caused by reliance on the contract by being put in as good a position as the non-breaching party would have been in had the contract not been made, or (c) the "restitution interest," which is the interest in having restored any benefit that the non-breaching party has conferred on the other party. Restatement (Second) of Contracts § 344.

4

Durkin's actual costs. As one example, Durkin added on a 15% "Contractor's Fee" totaling in excess of $1.3 million based upon paragraph 11.6.2.1 of the Construction Contract. D79. Moreover, DUR68 does not provide any offset for losses that Durkin would have suffered if the contract had been performed. *See Bausch & Lomb, Inc. v. Bressler*, 977 F.2d 720, 729 (2d Cir. 1992); Restatement (Second) of Contracts § 349 and cmt. a. (requiring deduction for losses resulting from continued performance).

Equally important, DUR68 would allow Durkin to recover more than it would have received under the contract. Whether the expectation or reliance test is used, a party "cannot recover damages which put them in a better position than they would have enjoyed if no breach occurred." *Coca-Cola Bottling Co. of Elizabethtown, Inc. v. The Coca-Cola Co.*, 696 F. Supp. 57, 70 (D. Del. 1988); *Duncan v. Theratx Inc.*, 775 A.2d 1019, 1022 (Del. 2001); *Sullivan*, 864 P.2d at 190-91. Under DUR68 and payments already made by the City, Durkin would receive approximately $8.4 million *more* than the contract price when it only performed 70% of the work. Tr. 948; D58.

## CONCLUSION

A new trial should be granted, or Durkin should be awarded $421,579.43.

CONNOLLY BOVE LODGE & HUTZ LLP

_____
Collins J. Seitz, Jr. (Bar No. 2237)
Max B. Walton (Bar No. 3876)
1007 North Orange Street
Wilmington, DE 19899
(302) 658-9141
*Attorneys for the City Defendants*

Dated: October 8, 2007

5

**CERTIFICATE OF SERVICE**

I certify that on October 8, 2007, I electronically served CITY OF NEWARK DEFENDANTS' ANSWERING BRIEF REGARDING THE DELAWARE COMMON LAW MEASURE OF DAMAGES by CM/ECF to counsel of record as follows:

Paul Logan, Esquire
Powell, Trachtman, Logan, Carrle &
 Lombardo, P.C.
475 Allendale Road, Suite 200
King of Prussia, PA 19406

David G. Culley, Esquire
Tybout Redfearn & Pell
750 South Madison Street
Suite 400
P.O. Box 2092
Wilmington, DE 19899

*Attorneys for Plaintiff,*
*Donald M. Durkin Contracting, Inc.*

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suite 1130
P.O. Box 588
Wilmington, DE 19899

*Attorneys for Intervener Plaintiff,*
*St. Paul Fire & Marine Insurance*
*Company*

James S. Green, Esquire
Seitz, Van Ogtrop & Green, P.A.
222 Delaware Avenue, Suite 1500
P.O. Box 68
Wilmington, DE 19899

*Attorneys for URS Corporation, Inc.*

Patrick Kingsley, Esquire
Kevin W. Goldstein, Esquire
Stradley Ronon Stevens & Young, LLP
300 Delaware Avenue
Suite 800
Wilmington, DE 19801

*Attorneys for Federal Insurance Company*

_____
Collins J. Seitz, Jr. (Bar No. 2237)

6