IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff*<br><br>vs.<br><br>CITY OF NEWARK, et al., *Defendants*<br><br>and<br><br>CITY OF NEWARK, *Third-Party Plaintiff*<br><br>vs.<br><br>DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | CASE NO. 04-0163-GMS |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY, *Intervenor* | |

**SUPPLEMENTAL BRIEF OF PLAINTIFF
IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEYS' FEES, COSTS AND POST-JUDGMENT INTEREST (D.I. 307)
PURSUANT TO 42 U.S.C. §1988 AND FEDERAL RULE OF CIVIL PROCEDURE 54**

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.
Paul A. Logan
Delaware Supreme Court ID #3339
475 Allendale Road, Suite 200
King of Prussia, PA 19406
Telephone: 610-354-9700
Telefacsimile: 610-354-9760
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: October 12, 2007

## TABLE OF CONTENTS

**Page**

TABLE OF CITATIONS ................................................................................................................ iii

I.   NATURE AND STAGE OF PROCEEDINGS ..................................................................1

II.  SUMMARY OF ARGUMENT ..........................................................................................1

III. CONCISE STATEMENT OF FACTS ...............................................................................2

IV.  ARGUMENT ......................................................................................................................2

V.   CONCLUSION AND RELIEF SOUGHT .........................................................................3

## TABLE OF CITATIONS

**Page**

### Cases

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) ................................................................................... 1

### Statutes

42 U.S.C. §1988 .......................................................................................................................... 1, 2

I.   **NATURE AND STAGE OF PROCEEDINGS**

The jury returned a verdict for Plaintiff and Third Party Defendant Donald M. Durkin Contracting, Inc. ("Durkin") against Defendant City of Newark and Councilpersons (collectively the "City") on October 5, 2006, and the Court entered judgment for Durkin on October 11, 2006, which included judgment in the amount of $25 million dollars on the claims under 42 U.S.C. §1983. Durkin filed a Motion for attorneys' fees, costs and post-judgment interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 (D.I. 307) and an Opening Brief in support thereof (D.I. 308) on October 25, 2006. Thereafter, Durkin filed an additional Opening Brief pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 to supplement the attorneys' fees and costs claimed on January 26, 2007. (D.I. 343) On September 17, 2007, this Court denied both the City's motion for judgment as a matter of law and the City's motion for a new trial or remittitur on the civil rights claim. (D.I. 357) Durkin now further supplements its Opening Brief to provide updated attorneys' fees and expense information.

II.   **SUMMARY OF ARGUMENT**

Durkin is entitled to recover its attorneys' fees, costs and post-judgment interest (as well as an enhancement multiplier on its fees due to delay) because it has met all of the requirements for reimbursement under 42 U.S.C. §1988. First, Durkin is a prevailing party. Second, the attorneys' fees and costs incurred were reasonably incurred. And, finally, the attorneys' fees charged are market rates. See *Hensley v. Eckerhart,* 461 U.S. 424 (1983). See also 42 U.S.C. §1988.

Durkin recognizes that the jury verdict and judgment includes some portion of the attorneys' fees incurred in this matter (Jury Verdict I.A.3).[1] The City has attempted to seek

---

[1] Durkin reserves the right to supplement the additional attorneys' fees and expenses incurred since the jury's verdict (Jury Verdict I.A.3). Section 17.5 allows for recovery of attorneys' fees and expenses in all

- 1 -

disallowance of those fees awarded by the jury under Section 17.5 of the Contract. *See e.g.* D.I. 346, D.I. 354, D.I. 359, D.I. 363. Durkin submits that this Motion for attorneys' fees, costs and post-judgment interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 sets forth an entirely independent basis for an award of attorneys' fees and costs.[2] Durkin respectfully requests that this Court allow it to timely supplement this Motion with additional attorneys fees and expenses that will be incurred in the post trial and appeal phases of this matter.[3]

### III. CONCISE STATEMENT OF FACTS

The relevant factual background is set forth in Durkin's Opening Brief in support of its Motion for attorneys' fees, costs and post-judgment interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54. (D.I. 343).

### IV. ARGUMENT

Durkin relies on the arguments set forth in its Durkin's Opening Brief in support of its Motion for attorneys' fees, costs and post-judgment interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 (D.I. 343). Durkin submits this Supplemental Opening Brief to provide updated information on the attorneys' fees and costs incurred.

---

court proceedings. Section 17.5, App. A1002. Those supplemental attorneys' fees and expenses would include any attorneys' fees and expenses that are not covered within Durkin's Motion for Attorneys' Fees, Costs and Post Judgment Interest Pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 (including but not limited to, those fees and expenses incurred by Durkin's surety – Federal Insurance Company)

[2] Durkin reserves the right to supplement its Motion for Attorneys' Fees, Costs and Post Judgment Interest Pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 as additional attorneys' fees and costs are incurred in the post-trial phase of this matter.

[3] Durkin further recognizes that should this Court affirm the portion of the jury verdict that awarded Durkin its attorneys' fees under Section 17.5 (Jury Verdict I.A.3) <u>and</u> grant Durkin's §1988 Petition, the amount of fees awarded under the §1988 Petition will need to be reduced by the fees of Powell, Trachtman, Logan, Carrle & Lombardo, P.C. that were subsumed within the counsel fees awarded by the jury under Section 17.5 to avoid a double recovery on attorneys' fees.

Timesheets setting forth the additional services rendered in this matter since Durkin's previous supplementation, for which compensation is sought, are found in the Appendix. Timesheets for Paul A. Logan, Esquire App. A900-A913. Timesheets for David T. Bolger, Esquire App. A914-A933. Timesheets for Marsha E. Flora, Esquire App. A934-A988.

Documentation setting forth the additional out of pocket expenses incurred since Durkin's previous supplementation, for which reimbursement is sought, are found in the Appendix. App. A989-A1001.

## V.   CONCLUSION AND RELIEF SOUGHT

For the reasons set forth above and in prior submissions to the Court (D.I. 343, D.I. 344) Plaintiff Donald M. Durkin Contracting, Inc. respectfully requests that this Court grant its Motion for Attorneys' Fees, Costs and Post-Judgment Interest pursuant to 42 U.S.C. §1988 and Federal Rule of Civil Procedure 54 along with granting an enhancement multiplier to the lodestar for delay. In conclusion, Durkin respectfully requests leave to further supplement its claims for attorneys' fees and expenses with appropriate backup documentation as necessary to reflect all subsequent fees and costs incurred in the post-trial activities through conclusion of the appeal process in this case.

POWELL, TRACHTMAN, LOGAN,
CARRLE & LOMBARDO, P.C.

By:   /s/ Paul A. Logan
Paul A. Logan
*Attorneys for Plaintiff and Third Party
Defendant Donald M. Durkin Contracting*

Dated: October 12, 2007