IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN                    )
CONTRACTING, INC.,                  )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )        No. 04-0163-GMS
                                    )
CITY OF NEWARK, HAROLD F.           )
GODWIN, JOHN H. FARRELL, IV,        )
JERRY CLIFTON, KARL G.              )
KALBACHER, DAVID J. ATHEY,          )
FRANK J. OSBORNE, JR., and          )
CHRISTINA REWA,                     )
                                    )
        Defendants/                 )
        Third-Party Plaintiffs,     )
    v.                              )
                                    )
FEDERAL INSURANCE COMPANY,          )
                                    )
        Third-Party Defendant.      )
                                    )
------------------------------------    )
                                    )
CITY OF NEWARK,                     )
                                    )
        Third-Party Plaintiff,      )
                                    )
    v.                              )
                                    )
URS CORPORATION,                    )
                                    )
        Third-Party Defendant.      )

**APPENDIX OF DOCUMENTS IN SUPPORT OF CITY OF NEWARK'S
ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION IN
SUPPORT OF ATTORNEYS' FEES, COSTS
AND POST-JUDGMENT INTEREST**

**B1-B21**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

DONALD M. DURKIN CONTRACTING,
INC., *Plaintiff*

vs.

CITY OF NEWARK, et al., *Defendants*

and

CITY OF NEWARK, *Third-Party Plaintiff*

vs.

DONALD M. DURKIN CONTRACTING,
FEDERAL INSURANCE COMPANY and
URS CORPORATION, *Third-Party
Defendants*

CASE NO. 04-0163-GMS

## PRETRIAL ORDER

This matter, having come before the Court at a pretrial conference held pursuant to

Fed.R.Civ.P. ("Rule") 16, and Paul A. Logan and David T. Bolger, Powell, Trachtman, Logan,

Carrle & Lombardo, P.C., 475 Allendale Road, Suite 200, King of Prussia, PA 19406, (610)

3544-9700, having appeared as counsel for plaintiff, and Paul Cottrell and Victoria K. Petrone,

Tighe, Cottrell & Logan, P.A., First Federal Plaza, Suite 400, Wilmington, DE 19899, (302)

658-6400, having appeared as counsel for the City of Newark and City Council, and Patrick R.

Kingsley, David M. Burkholder and Kevin W. Goldstein, Stradley Ronon, 2600 One Commerce

Square, Philadelphia, PA 19103, (215) 564-8000, having appeared as counsel for Federal

Insurance Company, and James S. Green, Seitz, Van Ogtrop & Green, P.A., 222 Delaware

Avenue, Suite 1500, Wilmington, DE 19899, (302) 888-0600, having appeared as counsel for

URS Corporation, the following actions were taken:

KOP:347576v2 3514-04

1.      This is an action breach of contract, interference with existing and prospective contractual relations, defamation, conversion, fraud, misrepresentation, common law conspiracy, breach of contract and civil rights violations under 42 U.S.C. §1983, and the jurisdiction of the Court is involved under 28 U.S.C. §1331 and 28 U.S.C. §1332, which amounts are in excess of $75,000. Jurisdiction is not disputed.

2.      The following stipulations and statements were submitted and are attached to and made a part of this Order.

a.      A comprehensive stipulation or statement of all uncontested facts was prepared by Donald M. Durkin Contracting, Inc. and circulated to all counsel of record. Federal Insurance Company joins in the stipulations prepared by Donald M. Durkin Contracting, Inc., and the City of Newark has interposed objections that are listed below the proposed stipulated facts, the compilation of which is attached as Exhibit "A".

b.      In addition to the objections interposed by the City of Newark to the proposed stipulations of uncontested facts, a statement of the contested issues of fact and law is attached as Exhibit "B".

c.      A schedule of all exhibits designated by Donald M. Durkin Contracting, Inc., Federal Insurance Company, URS Corporation and the City of Newark is attached as Exhibit "C".

d.      A schedule of demonstrative exhibits and experiments to be offered at trial is attached as Exhibit "D".

e.    A list of names and addresses of potential witnesses for each party, and any objections to calling such potential witnesses, is attached as Exhibit "E".

f.    A list of all depositions and/or portions thereof to be read into evidence and statements of any objections thereto is attached as Exhibit "F".

g.    An itemized statement of special damages for Donald M. Durkin Contracting, Inc., the City of Newark and URS Corporation is attached as Exhibit "G".

h.    No claims or defenses have been waived or abandoned by any party.

i.    The following are provided by each party:

(i)    Trial briefs of each party are being filed separately by the respective parties;

(ii)    The proposed jury instructions, verdict forms, with objections by the City of Newark, are attached as Exhibit "H"; and

(iii)    A list of proposed voir dire questions are attached as Exhibit "I".

j.    No proposed findings of fact or conclusions of law are being submitted, as this case is to be tried by a jury.

k.    The parties have made numerous attempts at settlement of this case, both through informal discussions between counsel, and in two (2) separate mediation proceedings, the first of which was with Howard Venzie, Esquire, on November 30 – December 1, 2004 and the 2nd session was with Joshua W. Martin, III, Esquire on June 15-15, 2005. At the

conclusion of the 2nd mediation session, it was recognized by all parties that any future attempts at settlement would not be productive.

    l.    The parties have completed discovery, with the exception of certain members of City Council and URS Corporation's expert, Dov Lechinsky, Ph.D, P.E. All depositions will be completed in advance of the pretrial conference.

    m.    All motions in limine, and answers thereto, are being filed separately by the parties.

3.    Trial of this case, assuming the case is bifurcated, is expected to take ten (10) days.

4.    This will be a trial by ☒ jury        non-jury

5.    The parties recommend that 12 jurors be selected at the commencement of the trial.

6.    This Order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice.

7.    Possibility of settlement was considered by the parties.

8.    Federal Insurance Company reserves the right to file one or more motions to strike or otherwise exclude portions of the City of Newark's pretrial filings based upon procedural and substantive grounds.

KOP:347576v2 3514-04

B4

_____          _____
Date                             The Honorable Gregory M. Sleet
                                 United States District Judge


_____          _____
Date                             Paul A. Logan
                                 Counsel for Donald M. Durkin Contracting, Inc.


_____          _____
Date                             Paul Cottrell
                                 Counsel for City of Newark and City Council


_____          _____
Date                             James S. Green
                                 Counsel for URS Corporation


_____          _____
Date                             Patrick R. Kingsley
                                 Counsel for Federal Insurance Company

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., *Plaintiff* | |
| vs. | |
| CITY OF NEWARK, et al., *Defendants* | CASE NO. 04-0163-GMS |
| and | |
| CITY OF NEWARK, *Third-Party Plaintiff* | |
| vs. | |
| DONALD M. DURKIN CONTRACTING, FEDERAL INSURANCE COMPANY and URS CORPORATION, *Third-Party Defendants* | |

## EXHIBIT G TO PRETRIAL ORDER

Donald M. Durkin Contracting, Inc. submits the following itemized statement of special damages:

1. Unpaid time and material costs for incomplete work:  $5,638,122.00

2. Consultants/Professional/Claims Expenses to date(includes counsel fees for DMD and Federal):  $1,420,459.89

3. Lost Equity in Equipment Lease/Purchase Agreements:  $622,962.00

4. Unreimbursed Insurance Costs:  $509,865.00

5. Loans and Expenses on Life Insurance Policies:  $1,043,429.19

6. Repayment of Line of Credit Agreement:  $3,500,000.00

KOP:347871v1 3514-04

B6

# CITY OF NEWARK DAMAGES
Updated July 28, 2006
(Damages claimed as to Durkin and Federal.
As to URS see * for indemnification and Durkin's damages for contribution/breach of contract)

| | | |
|---|---|---|
| Durkin Disbursements | $ | 6,230,745 |
| | | |
| Durkin Subcontractors Paid: | | |
| Talley Brothers | | 165,214 |
| MPI | | 58,987 |
| Furness | | 74,142 |
| Hallaton | | 97,133 |
| Construction Techniques | | 54,604 |
| Intergeo | | 7,257 |
| Durkin Subcontractor Total | | 457,337 |
| | | |
| George & Lynch Disbursements | | 5,895,932 |
| | | |
| URS Rebidding & Claims Assistance | | 172,126 |
| URS Extended Inspections, Survey & | | |
| Construction Management | | 485,645 |
| URS Claims Pending | | 239,156 |
| URS Claims for Litigation Support | | 251,000 |
| URS Subtotal | | 975,801 |
| | | |
| Iron Filings Filter Material | | |
| (Construction Estimate) | | 700,000 |
| Landscaping and Architectural Finishes | | |
| (Construction Estimate) | | 260,000 |
| Deleted Features Subtotal | | 960,000 |
| | | |
| Other Costs to Complete | | 271,255 |
| | | |
| Full Completion Value | $ | 14,791,070 |
| | | |
| Durkin Contract Price | | 9,833,053 |
| Excess Costs to Complete | | 4,958,017 |
| | | |
| Legal Fees, Unreimbursed to date | | 46,263 * |
| Projected Litigation Fees | | 400,000 * |
| Purchased Water, 2004-2005 | | 1,129,676 |
| Additional Damages | | 1,575,939 |
| | | |
| TOTAL PROJECTED DAMAGES | $ | 6,533,956 |

*B7*

**URS Corporation**
**Itemized Statement of Special Damages**
**Newark Reservoir**
**Construction Review Services**
**Unpaid Billings**
**8/21/2006**

| | JOB NUMBER | DESCRIPTION | DATE(S) | URS WILMINGTON | URS GAITHERSBU | URS FT WASHINGTO | URS MECHANICED | URS DENVER | OTHER | TOTAL AMOUNT | LOADED |
|---|---|---|---|---|---|---|---|---|---|---|---|
| [A] | 20606836 | Remaining Claims Assistance for Response to the Richardson Reports | 12/10/2004 | | | | | | | $ 73,548.56 | YES |
| [B] | 20706830 | Bill for URS Construction Review Services from September 28, 2005 through October 30, 2005 | 2/22/2006 | $ 24,780.05 | $ 8,329.84 | $ 25,364.29 | $ 625.00 | | | $ 59,099.18 | YES |
| [C] | 20706830 | Bill for URS Construction Review Services from October 31, 2005 through March 3, 2006 | 3/24/2006 | $ 49,410.79 | $ 13,997.34 | $ 49,804.92 | $ 8,812.50 | | | $ 122,015.55 | YES |
| [D] | 20706830 | Draft Bill dated 6/9/06 for services from March 3, 2006 through May 22s, 2006 | 6/9/2006 | $ 16,503.74 | $ 4,898.31 | $ 125.00 | $ 2,875.00 | | | $ 24,402.05 | YES |
| [D] | 20706830 (future PO) | Estimate to Complete | est to complete 6/30/06 | $ 5,770.00 | $ 4,000.00 | $ 2,000.00 | $ 3,000.00 | $ 420.00 | $ 5,000.00 | $ 20,190.00 | YES |
| [E] | 20706834 | URS Wilmington Legal Effort | 4/19/2006 | $ 8,373.29 | | | | | | $ 8,373.29 | NO |
| [F] | 19990203 | URS Ft Washington Legal Effort | 4/26/2006 | | | $ 77,607.87 | | | | $ 77,607.87 | NO |
| [G] | 15297150 | URS Gaithersburg Legal Effort | 4/26/2006 | | $ 15,259.81 | | | | | $ 15,259.81 | NO |
| [H] | 20606836 | Technivate | 12/17/2004 | $ 20,184.00 | | | | | | $ 20,184.00 | N/A |
| [I] | 3011612 | Legal Services Newark Reservoir | 4/9/04 - 3/4/05 | $ 22,885.35 | | | | | | $ 22,885.35 | YES |
| [J]-1 | | Attorney Fees (Latham Watkins) | 11/2004 - 12/2004 | | | | | | $ 1,932.50 | $ 1,932.50 | N/A |
| [J]-2 | | Attorney Fees (Morris, James) | 6/2004 - 12/2004 | | | | | | $ 72,317.55 | $ 72,317.55 | N/A |
| [J]-3 | | Attorney Fees (Seitz, Green) | 12/2004 - 3/2006 | | | | | | $ 189,113.04 | $ 189,113.04 | N/A |
| [K] | | Expert Fees | 12/2004 - 9/2005 | | | | | | $ 33,615.51 | $ 33,615.51 | N/A |
| [L] | | Brandywine Nurseries | 8/1/2004 | | | | | | $ 450.00 | $ 450.00 | N/A |
| | | TOTAL | | $ 147,907.22 | $ 46,475.30 | $ 154,902.08 | $ 15,312.50 | $ 420.00 | $ 302,428.60 | $ 740,994.26 | |

NOTE: LABOR ONLY FOR URS BILLINGS AS EXPENSES WERE NOT IN THE CONTRACT
file: Newark cost claim expenses 6-9-06.xls

B8

720

```
 1              IN THE UNITED STATES DISTRICT COURT

 2              IN AND FOR THE DISTRICT OF DELAWARE

 3

 4    DONALD M. DURKIN CONTRACTING        :     Civil Action
      INC.,
 5                                        :
                    Plaintiff,
 6                                        :

 7         v.                             :

 8    CITY OF NEWARK, HAROLD F. GODWIN,   :
      JOHN F. FARRELL, IV, JERRY CLIFTON,
 9    KARL G. KALBACHER, DAVID J. ATHEY,  :
      FRANK J. OSBORNE, JR., CHRISTINA NEVA, :
10    and URS CORPORATION,                :

11                    Defendants.         :

12         -and-                          :

13    CITY OF NEWARK, HAROLD F. GODWIN,   :
      JOHN H. FARRELL, IV, JERRY CLIFTON, :
14    KARL G. KALBACHER, DAVID J. ATHEY,  :
      FRANK J. OSBORNE, JR., CHRSTINA REWA, :
15                                        :
                 Third-Party Plaintiffs,  :
16                                        :
           v.                             :
17
      FEDERAL INSURANCE COMPANY,          :
18                                        :
                 Third-Party Defendant.   :     No. 04-163(GMS)
19
                        -  -  -
20
                     Wilmington, Delaware
21                   Monday, October 2, 2006
                          9:30 a.m.
22
                        -  -  -
23

24    BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury

25                   FIFTH DAY OF TRIAL
```

884

Donald Durkin - direct

1          (Recess taken.)

2          THE COURT:  Okay.  Ms. Walker.

3          MR. COTTRELL:  Your Honor, if I may, before the

4    jury comes in, I just want to make of record our continuing

5    objection to the damages --

6          THE COURT:  It is not necessary in this

7    courtroom.  You have preserved your issue.

8          MR. COTTRELL:  Very well, Your Honor.

9          MR. LOGAN:  Your Honor, may I raise another

10   issue at this time?  There is a document that I would like

11   to use as demonstrative evidence for the witness to testify

12   as to the numbers.  I know that Mr. Cottrell has an

13   objection to using that demonstrative evidence.  I would

14   just like to raise the issue now.

15         THE COURT:  Is this the same basis you have been

16   articulating?

17         MR. COTTRELL:  In addition, Your Honor, we have

18   never gotten a breakdown like this as shown in this

19   document.

20         MR. LOGAN:  Your Honor, the backup documentation

21   has always been in the possession of the city.  What this

22   is, Mr. Durkin will go through this and show how those lump

23   sums were derived.  In point of fact, the numbers have

24   dropped in major areas that certainly Mr. Cottrell could ask

25   him why they dropped.  But they are, in fact, all the -- the

917

Donald Durkin - direct

1    would.  One of my jurors has a problem that has occurred

2    over the weekend with a death in her family, Juror No. 1.

3    She has a funeral to attend next Tuesday.  I think we are

4    going to be on trial, in all likelihood, at the rate we are

5    going, unless counsel tell me otherwise.

6                MR. LOGAN:  Your Honor, if I can address that.

7    Mr. Durkin is our final witness.  We will be resting after

8    Mr. Durkin's cross-examination.  I know that there are

9    likely to be motions by counsel.  But we are prepared to

10   address in advance and hopefully streamline a number of the

11   issues.

12               THE COURT:  The motions?

13               MR. LOGAN:  Even in advance of the motions.

14               THE COURT:  We are not going to be spending a

15   lot of time on motions.

16               MR. LOGAN:  I understand that, Your Honor.  But

17   we intend to voluntarily discontinue a number of claims.

18   Having done some of the research rather than have Your Honor

19   go through it, we have studied the applicable law, based on

20   some of the motions in limine.  And we believe that some of

21   those claims are no longer well-taken.  We will be

22   discontinuing them.

23               We will be asking, since there has been a ruling

24   on the default and the counterclaim, what the witnesses that

25   may be called by the city are going to be directed to

B11

918

1    because at the end of the day I believe you will see that we

2    will have a contract claim, which of course is still there,

3    we will have the civil rights claim, we are prepared to

4    address those issues, and there is the conversion claim.

5            All of the other tort claims, having researched

6    now the issues, we believe, under the immunity statute as it

7    is written in Delaware, that regardless of whether they are

8    intentional torts or otherwise, it is an absolute immunity.

9    That is why we will be voluntarily discontinuing those,

10    Judge.

11            I believe that may streamline.  I am advising

12    counsel of that.  Hopefully, they can then re-tailor.  But I

13    will be asking for an offer of proof of whoever is going to

14    be called as to contract matters.  Their affirmative defense

15    has been stricken.  There are only, I believe, three other

16    affirmative defenses that may even come into play.  The tort

17    claim immunity, which we believe is well-taken, as we have

18    indicated.  But there are no other affirmative defenses

19    other than failure to state a cause of action that have been

20    pleaded.

21            So I don't know what is left, frankly, after

22    this, Your Honor.

23            And, again, to advise the Court of where we

24    would be going, we would be submitting to you in writing

25    what I have just said.  We wanted to conclude the research

1    in order to do that and advise the Court and counsel that we

2    are hopeful that this will speed up the matter.

3              THE COURT:  I am sure it will help everyone if

4    you whittle away the submission of writing to the Court and

5    advise your opponents of your position so they can formulate

6    their positions in response, order their witnesses or not.

7    I am sure Mr. Green, in particular, is interested from URS's

8    point of view.  Clearly, the city is going to be remaining

9    at the table, at least for the time being.

10             Does any of this that you are contemplating

11   impact URS in a significant way?

12             MR. LOGAN:  I believe it will, Your Honor,

13   because when all of the tort claims leave, I believe that

14   Mr. Green's -- I will let him speak for himself -- the

15   claims over against him kind of evaporate.  I could be

16   wrong.  He will speak for himself.  But he would agree with

17   me readily to that statement.

18             As far as the claim about the contract, there is

19   no claim over against him in a contract circumstance.  And

20   there is no contribution or indemnity provisions that apply

21   in the civil rights matter that we found.  The only other

22   item out there is the sole exception that we found of a tort

23   claim, and I use the term advisedly, which is conversion,

24   which for some reason, for some reason, I know why, the

25   Delaware Courts have said that is not within the scope of

1    the immunity.  And there is a case on point.

2              I don't believe there is any claim left, and I

3    will let Mr. Green articulate it, against him for purposes

4    of claims over.  If that was going to be a part of the

5    city's case-in-chief, I know Mr. Green has an affirmative

6    claim himself.  And we certainly couldn't affect that and

7    wouldn't try to.  We will be offering no witnesses

8    whatsoever with regard to and probably we will not even ask

9    questions about his claim.  So that again, we will be

10   discontinuing.

11             In fact, Your Honor, at this time, we move to

12   voluntarily discontinue the claim of defamation, trade

13   libel -- they are, in fact, Count II, which is interference

14   with contracts, Count III, defamation, Count V, fraud and

15   misrepresentation, Count VI, common law conspiracy, we would

16   discontinue those voluntarily at this time, Your Honor.  I

17   think that would streamline things, I hope, precipitously.

18             THE COURT:  Let's hear from Mr. Cottrell.

19             MR. COTTRELL:  I am not sure it will, Your

20   Honor.  The major issues are the breach of contract.

21             So I am just hearing this for the first time.

22   My first-blush reaction is I don't think it will really

23   narrow things down.

24             But I am hopeful that we can complete, if

25   plaintiff's case-in-chief is done tomorrow, I am hopeful we

## ITEMIZED STATEMENT OF DAMAGES

### Cost of the Work Performed by DMD

| | | |
|---|---|---|
| 1. Payroll Cost for DMD Employees (para. 11.4.1) | | $1,633.577.65 |
| - Contractor's Fee of 15% (para. 11.6.2.1) | | $245,036.65 |
| 2. Cost of Materials (para. 11.4.2.) | | $687,435.69 |
| - Contractor's Fee of 15% (para. 11.6.2.1) | | $103,115.35 |
| 3. Cost of Equipment (para. 11.4.2) | | $5,468,597.90[1] |
| - Contractor's Fee of 15% (para. 11.6.2.1) | | $820,289.68 |
| 4. Amounts Billed By Subcontractors (para. 11.4.3) | | $2,771,080.49 |
| - Contractor's Fee of 5% (para. 11.6.2.2) | | $138,554.03 |
| 5. Amounts Paid to Special Consultants (para. 11.4.4) | | $313,061.08[2] |
| | | $12,180,748.52 |
| Payments by City of Newark to DMD | | ($6,230,744.97) |
| Payments by City of Newark to DMD Subs | | ($457,337.00) |

**Unpaid Cost of the Work as of the Date of Termination:**  **$5,492,666.55**

### Post-Termination Costs and Expenses

| | | |
|---|---|---|
| 6. Unpaid Consultant/Professional/Expenses (para. 17.5) | | $1,740,751.38[3] |
| 7. Equipment Sales for Operating Revenue: | | $433,891.79 |
| 8. Loans and Expenses on Life Insurance Policies: | | $1,210,262.61 |
| 9. Repayment of Line of Credit Agreement: | | $2,790,000.00[4] |

**TOTAL**    **$11,667,572.33**

---

[1] Includes $3,514,466.30 of operating costs, and $1,954,131.60 of standby equipment costs

[2] Vibratech ($12,478.00); JSM Assoc. ($2,546.25); Hillis-Carnes ($945.00); Langan Eng. ($140,266.31); Duffield Assoc. ($1,424,40); Navtech ($86,900.00); and GeoSyntec ($68,501.12—pre-termination costs only).

[3] Includes unpaid counsel fees of DMD and Federal incurred through 09/29/06 and estimated through 10/02/06.

[4] The loans on the life insurance policy and the line of credit draws were used to pay ongoing business operating expenses, as well as some of the litigation expenses, including partial payment of DMD's attorney's fees.

DUR-68

931

```
 1                IN THE UNITED STATES DISTRICT COURT

 2               IN AND FOR THE DISTRICT OF DELAWARE

 3                           -   -   -

 4   DONALD M. DURKIN CONTRACTING        :     Civil Action
     INC.,                              :
 5                                       :
              Plaintiff,                 :
 6                                       :
         v.                              :
 7                                       :
     CITY OF NEWARK, HAROLD F. GODWIN,   :
 8   JOHN F. FARRELL, IV, JERRY CLIFTON, :
     KARL G. KALBACHER, DAVID J. ATHEY,  :
 9   FRANK J. OSBORNE, JR., CHRISTINA NEVA, :
     and URS CORPORATION,                :
10                                       :
              Defendants.                :
11                                       :
         -and-                           :
12                                       :
     CITY OF NEWARK, HAROLD F. GODWIN,   :
13   JOHN H. FARRELL, IV, JERRY CLIFTON, :
     KARL G. KALBACHER, DAVID J. ATHEY,  :
14   FRANK J. OSBORNE, JR., CHRISTINA REWA, :
                                         :
15            Third-Party Plaintiffs,    :
                                         :
16       v.                              :
                                         :
17   FEDERAL INSURANCE COMPANY,          :
                                         :
18            Third-Party Defendant.     :   No. 04-163(GMS)

19                           -   -   -

20                     Wilmington, Delaware
                     Tuesday, October 3, 2006
21                          8:55 a.m.

22

23
     BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury
24

25                      SIXTH DAY OF TRIAL
```

1          THE COURT:  Good morning, please be seated.  One

2     of the things on the agenda for today is a request for an

3     offer of proof as by the defendant city.  Is that correct?

4          MR. LOGAN:  Yes, Your Honor, that would be

5     correct.

6          MR. COTTRELL:  Good morning, Your Honor.

7          THE COURT:  Good morning.

8          MR. COTTRELL:  Your Honor, in this case, with

9     regard to the civil rights claim, one of the elements of the

10    claim that plaintiffs have to prove is that a reasonably

11    competent official should have known that his conduct was

12    unlawful, and that's from Carrigan v. Delaware, 975 --

13         THE COURT:  I don't need citations.  I am real

14    familiar with the law in this area.

15         MR. COTTRELL:  Yes, sir.  So our evidence on the

16    decision-making process goes to whether the officials should

17    have known their conduct was unlawful.  In the brief which

18    plaintiffs filed about 10:00 o'clock last night, they for

19    the first time attempt to identify what their specific

20    constitutional claim is.  I am looking at Page 3 of their

21    brief.

22         THE COURT:  I don't have the benefit of the

23    briefs.  I have not had the benefit of the brief.

24         MR. COTTRELL:  I realize that, Your Honor.  I

25    just want to point out that the two cases they depend on to

1020

1          IN THE UNITED STATES DISTRICT COURT

2          IN AND FOR THE DISTRICT OF DELAWARE

3                    -   -   -

4   DONALD M. DURKIN CONTRACTING        :    Civil Action
    INC.,                               :
5                                       :
              Plaintiff,                :
6                                       :
         v.                             :
7                                       :
    CITY OF NEWARK, HAROLD F. GODWIN,   :
8   JOHN F. FARRELL, IV, JERRY CLIFTON, :
    KARL G. KALBACHER, DAVID J. ATHEY,  :
9   FRANK J. OSBORNE, JR., CHRISTINA REWA, :
    and URS CORPORATION,                :
10                                      :
              Defendants.               :
11                                      :
         -and-                          :
12                                      :
    CITY OF NEWARK, HAROLD F. GODWIN,   :
13  JOHN H. FARRELL, IV, JERRY CLIFTON, :
    KARL G. KALBACHER, DAVID J. ATHEY,  :
14  FRANK J. OSBORNE, JR., CHRISTINA REWA, :
                                        :
15            Third-Party Plaintiffs,   :
                                        :
16       v.                             :
                                        :
17  FEDERAL INSURANCE COMPANY,          :
                                        :
18            Third-Party Defendant.    :    No. 04-163(GMS)

19                    -   -   -

20                 Wilmington, Delaware
               Wednesday, October 4, 2006
21                    9:00 a.m.

22

23

    BEFORE:  HONORABLE GREGORY M. SLEET, U.S.D.C.J, and a Jury
24

25               SEVENTH DAY OF TRIAL

1

2          THE COURT:  Good morning.  Please be seated.

3          (Counsel respond "Good morning.")

4          THE COURT:  All right.  Until a few minutes ago

5    I thought we had about eight matters to discuss.

6    Apparently, we have some additional matters.  We are going

7    to go through my list first.

8          The city's good-faith defense.  The Court is

9    going to permit the city to call its witnesses in support of

10   that defense and the Court will permit the amendment

11   pursuant to Rule 15(b) of the pleadings to conform to the

12   evidence in the case.

13         Durkin's identification of a constitutional

14   right.  The city correctly points out that it is only

15   recently, as recent as Docket Item 272, actually, that

16   Durkin has identified the specific constitutional right at

17   issue.  However, again, pursuant to Rule 15(b), the Court

18   will allow Durkin to amend to specifically identify the

19   alleged deprivation, constitutional deprivation, which, as I

20   understand it, is a deprivation of the right to pursue one's

21   profession.  Is that correct?

22         MR. LOGAN:  Yes, Your Honor.  It is a liberty

23   interest.

24         THE COURT:  That will, just to fast-forward a

25   bit, we will presently have a discussion about the jury

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC. | ) Civil Action No.: 04-0163 GMS |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CITY OF NEWARK, HAROLD F. GODWIN, | ) JURY TRIAL DEMANDED |
| JOHN H. FARRELL, IV, JERRY CLIFTON, | ) |
| KARL G. KALBACHER, DAVID J. ATHEY, | ) |
| FRANK J. OSBORNE, JR., CHRISTINA REWA | ) |
| AND URS CORPORATION | ) |
| | ) |
| Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| FEDERAL INSURANCE COMPANY | ) |
| | ) |
| Third Party Defendant. | ) |

### AFFIDAVIT OF WILMA T. GARRIZ, CPA

STATE OF DELAWARE        :
                         :        ss
COUNTY OF NEW CASTLE     :

Wilma T. Garriz, CPA, being duly sworn, does depose and say:

1.      I speak from personal knowledge and am competent to make this Affidavit.

2.      I am employed by the City of Newark ("Newark") as the Acting Finance Director

effective November 8, 2006. From January 2005 to November 7, 2006 I held the position

of Assistant Finance Director and was responsible for Newark financial reporting. I am a

certified public accountant.

3.      Based on the last nine months of operations, Newark's average monthly cash

disbursements were $6.3 million which included approximately $1.2 million in payroll

costs. Newark's average monthly cash revenue was $6 million. The monthly deficit averaged $300,000 and was paid from Newark's prior year cash reserve investments, the balance of which was $17.5 million at the end of September 30, 2006.

4.    If cash investments are attached through execution on a judgment or taken to secure a bond, there are no funds remaining to adequately fund the City operations and City services will cease.

5.    Newark does not have sufficient liquid collateral to secure a supersedeas bond for $37 million.

_____
Wilma T. Gariz, CPA

SWORN TO AND SUBSCRIBED before me this 9th day of November, 2006.

_____
Notary Public

JOAN C. BARRETT
NOTARY PUBLIC
STATE OF DELAWARE
MY COMMISSION EXPIRES 2-25-07