IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, et al., <br><br> Defendants, <br><br> and <br><br> CITY OF NEWARK, et al., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> DONALD M. DURKIN CONTRACTING, INC., AND FEDERAL INSURANCE COMPANY, <br><br> Third-Party Defendants. | C.A. No. 04-163 GMS |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

The court previously denied the renewed motion of the Defendants, City of Newark, Delaware, and its City Council members in their official capacities only, (collectively, "the City") for judgment as a matter of law, or in the alternative, for a new trial pursuant to Federal Rule of Civil Procedure 59(a) as to all but one of Donald M. Durkin Contracting, Inc.

...

("Durkin")'s claims. Remaining before the court is the renewed motion of the City for judgment as a matter of law or for a new trial on the measure of damages for Durkin's breach of contract claim.

## II.    BACKGROUND

The court's prior Memoranda and Orders contain extensive recitations of the factual and procedural background of this matter. The court will therefore address only the relevant facts herein.

After trial, the court denied the defendants' renewed motion for judgment as a matter of law or for a new trial on Durkin's civil rights and conversion claims, and awarded attorneys' fees to URS. The court reserved judgment, however, on the issue of breach of contract damages. The court found that the jury based its award on Article 11 of the Contract.[1] The court also determined that Delaware common law, not Article 11, provides the proper method for calculating breach of contract damages. To assist its efforts to determine the amount of the award, the court requested supplemental briefing from the parties. The parties have provided such briefing. The court now turns to the City's motion for judgment as a matter of law, or, in the alternative, a new trial, as to the breach of contract damages it owes Durkin under Delaware law.

## III.    LEGAL STANDARD

### A.    Motion for Judgment as a Matter of Law

---

[1] Article 11 provides that the Contract price may not be changed, except through change orders or written amendments to the Contract. Article 11 also provides a default cost-calculation method that applies if the parties cannot agree upon the cost of the additional work called for by the change order or written amendment.

The court should grant a Rule 50 motion for judgment as a matter of law only if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1).

### B. Motion for a New Trial

Federal Rule of Civil Procedure 59(a) provides that:

> [a] new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a). It is within the discretion of the district court whether or not to grant a new trial. *Wagner v. Fair Acres Geriatric Ctr.*, 49 F.3d 1002, 1017 (3d Cir. 1995). Although Rule 59 does not detail the grounds on which a new trial may be granted, the following grounds have been recognized by this Circuit: "the verdict is against the clear weight of the evidence; damages are excessive; the trial was unfair; and that substantial errors were made in the admission or rejection of evidence or the giving or refusal of instructions." *Lightning Lube, Inc. v. Witco Corp.*, 802 F. Supp. 1180, 1186 (D.N.J. 1992), *aff'd* 4 F.3d 1153 (3d Cir. 1993).

When reviewing a motion for a new trial, a court must view the evidence in the light most favorable to the party for whom the verdict was returned. *Wagner v. Firestone Tire & Rubber Co.*, 890 F.2d 652, 656 (3d Cir. 1989). Where a motion for a new trial is based primarily on the weight of the evidence, the discretion of the trial court is limited. *Klein v. Hollings*, 992 F.2d 1285, 1290 (3d Cir. 1993); *see also Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 366 (3d Cir. 1999). Indeed, "new trials because the verdict is against the weight of the evidence are proper only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the

verdict, on the record, cries out to be overturned or shocks [the] conscience." *Williamson*, 926 F.2d at 1353; *see also Greenleaf*, 174 F.3d at 366. Although a court is permitted to consider the credibility of trial witnesses and to weigh evidence, it must "exercise restraint to avoid usurping the jury's primary function." *Hurley v. Atl. City Police Dep't*, 933 F. Supp. 396, 403 (D.N.J. 1996), *aff'd* 174 F.3d 95 (3d Cir. 1999).

## IV. DISCUSSION

### A. Breach of Contract Damages Under Delaware Law

The issue before the court is whether the amount of damages awarded by the jury as a result of the City's breach of its contract with Durkin comports with Delaware law. The City argues that Delaware law limits Durkin's recovery to its expectation interest. According to the City, the $11.6 million awarded by the jury improperly consists of Durkin's actual costs incurred both before and after the City's notification of termination. Durkin counters that Delaware law entitles it to recover both its pre- and post-termination expenses, and that substantial evidence was adduced at trial supporting this aspect of the jury's damages decision.

In Delaware, "the standard remedy for breach of contract is based upon the reasonable expectations of the parties *ex ante*." *Duncan v. Theratx Inc.*, 775 A.2d 1019, 1022 (Del. 2001). A party's reasonable expectations, or expectation interest, is the amount of money necessary to put the harmed party in the same position as if the breaching party had fully performed the contract. In this regard, Delaware follows the Restatement (Second) of Contracts §347. *Id.* (citing §347); *E.I. DuPont de Nemours and Co. v. Pensak et al.*, 679 A.2d 436, 445 (Del. 1996) (same).

The Restatement provides that the non-breaching party is entitled to: "(a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or loss that he has avoided by not having to perform." Restatement (Second) of Contracts §347. "In the context of a construction contract where the builder is precluded from completing his performance by a material breach of the owner, this means that the builder is entitled to receive the contract price (or so much as remains unpaid) less the amount it would cost the builder to complete the job." *Diversified Packing and Development Corp. v. Dore & Assoc. Contracting, Inc., et al.*, 48 Fed. Appx. 392, 399-400 (3d Cir. 2002) (internal quotations omitted) (citing McCormick, *Handbook on the Law of Damages* §164 (1935)); *e.g., Walker v. Concrete Creations*, 2005 Del. C.P. LEXIS 33 at *10-11 (Del. C. P. 2005).

As previously noted, the jury based its award on Durkin's Itemized Statement of Damages. The Statement included Durkin's actual pre-termination expenses measured according to Article 11's default cost-calculation method, rather than the value to Durkin of the City's full performance under the Contract. In addition, the Statement did not account for Durkin's avoided costs. Through no fault of its own, therefore, the jury employed a calculus in making its determination that was legally incorrect. As a result, the court will grant the City's motion for judgment as a matter of law and re-calculate the measure of damages under Delaware law, based on evidence in the record.

**B.  Calculating Durkin's Breach of Contract Damages Under Delaware Law**

The court will address in turn each portion of Restatement factors.

### 1. Durkin's Loss of Value of the City's Performance Under the Contract

Durkin argues that it incurred pre-termination costs due to severe weather conditions, and that these costs are recoverable. Durkin bases its position, in part, on the contention that §347 of the Restatement provides for the recovery of "all losses, however described." Restatement (Second) of Contracts §347 cmt. c. The cited section of the Restatement, however, refers to recovery of losses "caused by the breach." Durkin's pre-termination losses were caused by the weather. Thus, this section of the Restatement does not support Durkin's recovery of its pre-termination costs.

Durkin also cites to three Pennsylvania cases in support of its recovery of pre-termination costs. *I.A. Construction, et al. v. PaDOT*, 139 Pa. Commw. 509 (1991); *PaDOT v. Trumbull Corp.*, 99 Pa. Commw. 557 (1986); *PaDOT v. Imbt, Inc.*, 157 Pa. Commw. 573 (1993). As an initial matter, the court finds that Delaware law provides more than sufficient guidance regarding breach of contract damages. *E.g.*, *E.I. DuPont de Nemours and Co.*, 679 A.2d at 445. Durkin itself, as discussed below, cites to two such Delaware cases in its reply brief.

Even were the court to look to these cases for guidance, their holdings do not support the jury's award to Durkin of its actual pre-termination costs. In each of the cases, the court found that the Pennsylvania Department of Transportation was responsible for the contractor's higher-than-expected pre-termination costs. Based on this finding, the court ruled that the contractor was entitled to recover damages, including those costs, beyond the original contract price. *See Green Constr. Co. v. Dep't of Transp.*, 164 Pa. Commw. 566, 578-81 (Pa. Cmwlth. 1994), *petition denied*, 672 A.2d 311 (Pa. 1996) (discussing *I.A. Construction*, *Trumbull Corp.*, and

*Imbt, Inc.*). According to Durkin, its pre-termination costs were caused by weather conditions – not the City. Thus, these cases do not support the conclusion that Durkin is entitled as a matter of law to recover its pre-termination costs as part of its breach of contract damages. *Cf. Green Constr. Co.*, 164 Pa. Commw. at 579-81.

Finally, Durkin cites to two Delaware cases in support of its claim for pre-termination costs as part of its breach of contract damages. *Bill Zack Construction Co., Inc. v. Petroccitto*, 2000 Del. C.P. LEXIS 100 (2000), and *Creative Builders, Inc. v. Jackson*, 2000 Del. C.P. LEXIS 90 (2000). These cases may also be distinguished. In each, the plaintiff-contractor was entitled to recover actual pre-termination expenses or costs beyond the original contract price. This was so, however, because the court found that an additional contract was formed that provided for such payment, *Bill Zack Construction* at *1-3, 12-13, or that the defendant had waived the contract's provision governing change of contract price. *Creative Builders* at *1, 5, 13-14. Durkin cites to no such evidence in the trial record in this case. Therefore, the court finds that Delaware law does not provide for Durkin's recovery of its actual pre-termination costs incurred as part of its expectation damages.

Besides general pre-termination costs, Durkin further claims entitlement to two specific amounts: $275,926.79 in progress payments owed and $499,379.79 in accrued retainage. First, Durkin claims that it is specifically entitled to $275,926.79 in progress payments for work satisfactorily completed before the City's breach. The City argues that this amount, which is based on change orders submitted by Durkin but not approved by the City, cannot be added to the contract price because Article 11 requires approval by all parties before incorporating a

change into the contract price. The city maintained at trial, however, that "the only sum specifically owed under the Durkin contract" was this "approximately $275,000." Therefore, the court finds that the City has conceded that this amount, which is based on unaccepted change orders for work satisfactorily performed, remains owed to Durkin.

Durkin also asserts that its award should include $499,379.79 that the City owed in accrued retainage at the time of wrongful termination. Although the City did not separately address this retainage in its supplemental briefs, the nature of the calculation of expectation damages implicitly includes any amount that was part of the contract price but remains to be paid, such as retainage. The court therefore finds that the City does not separately owe Durkin this retainage amount.

The parties do not dispute that the City paid Durkin or its subsidiaries $6,688,081.97. Therefore, the measure of Durkin's lost value due to the City's failure to perform is the contract price, including approved change orders, of $9,833,053, plus the amount the City conceded at trial that it owed to Durkin for work satisfactorily completed but not included in the adjusted contract price, $275,926.79, less progress payments received by Durkin, $6,688,081.97. This calculation results in a net loss of contractual value of $3,420,897.82. *Diversified Packing*, 2002 U.S. App. LEXIS 21346 at *402; Restatement (Second) of Contracts §347.

### 2. Durkin's Other Losses Caused by the City's Breach

In addition to its loss of contractual value, Durkin is also entitled to "any other loss, including incidental or consequential loss, caused by the breach." Restatement (Second) of Contracts §347. In other words, Durkin is also entitled to recover losses beyond the contract

price, so long as those losses were caused by the City's breach. Such recovery is permitted in order to restore a party such as Durkin to the same position as if a party such as the City had satisfactorily performed the contract. *Id.* These losses must be shown with reasonable certainty; speculative losses are not recoverable under Delaware law. *Tanner v. Exxon Corp.*, 1981 Del. Super. LEXIS 819, at *6-7 (Del. Super. Ct. July 23, 1981); *see Chemipal Ltd. v. Slim-Fast Nutritional Foods Int'l*, 350 F. Supp. 2d 582, 596-98 (D. Del. 2005) (discussing Delaware law, including *Tanner*).

At trial, Durkin adduced evidence of post-termination damages, consisting of operating expenses and attorneys' fees, which the jury awarded in full. The City argues that Delaware law does not permit recovery of these types of post-termination damages. Durkin counters that it may recover its post-termination expenses because the expenses are not speculative, were proven at trial, flowed directly from the breach, and because the Contract provides for the recovery of attorneys' fees. In short, Durkin argues that its post-termination expenses qualify as "other losses" as contemplated by §347(b) of the Restatement.

As noted above, the jury awarded Durkin $6,174,905.78 in post-termination expenses, based on the post-termination costs and expenses section of Durkin's Itemized Statement of Damages. This part of the Statement, and thus the jury's award, comprised four amounts. First, the jury found that Durkin had incurred $1,740,751.38 in post-termination legal fees, and awarded Durkin those fees in full. Delaware follows the American Rule, under which prevailing litigants are responsible for their own attorneys' fees, unless otherwise provided by contract or statute. *Brice v. Department of Correction*, 704 A.2d 1176, 1178 (Del. 1998); *McNeil v. McNeil*,

9

704 A.2d 1176, 1178 (Del. 2002). Durkin claims that the Article 17.5 of the Contract provides for its recovery of attorneys' fees. Article 17.5 states in relevant part that when "reference is made to 'claims, costs, losses, and damages,' it shall include in each case … all fees and charges of engineers, architects, attorneys, and other professionals and all court or arbitration or other dispute resolution costs." According to the City, however, this provision only defines the term "claims, costs, losses, and damages" as used elsewhere in the Contract. Furthermore, the City contends, where the Contract employs the term, it does so to provide the City, not Durkin, the right to recover attorneys' fees. The court agrees. Thus, since neither Delaware law nor the Contract provides for Durkin's recovery of its attorneys' fees for a claim arising under the Contract, Durkin is not entitled to such recovery here.

The second amount that the jury awarded as part of Durkin's post-termination damages was $433,891.79 in losses that Durkin incurred by selling equipment to generate operating revenue. The City argues that Delaware law does not allow recovery of consequential damages in the form of good will, lost future profits, and lost customers in breach of contract actions because such damages are too "speculative." *Crowell Corp. v. Himont USA, Inc.*, 1994 Del. Super. LEXIS 557, at *8-9 (Del. Super. Ct. 1994); *Chemipal Ltd.*, 350 F. Supp. 2d at 595 (discussing *Crowell Corp.*). Durkin does not dispute this statement of law. Durkin contends instead that it is entitled to this award because its damages are not speculative at all, and that it proved at trial that these specific losses were caused by the City. But Durkin's briefs belie this contention: nowhere within them does Durkin cite to any record evidence that would support a finding that these operating costs were in fact caused by the City's breach, rather than by bad

weather or, perhaps, difficulties with attracting new customers. As such, Durkin is not entitled under Delaware law to recover these claimed losses.

The final two amounts that the jury awarded as part of Durkin's post-termination costs and expenses, "Loans and Expenses on Life Insurance Policies" and "Repayment of Line of Credit Agreement," are costs comprising a combination of post-termination operating costs and litigation expenses. As discussed above, Delaware law does not permit Durkin's recovery of such operating costs or litigation expenses. Thus, Durkin cannot recover these final two amounts.

In sum, Durkin's post-termination costs consist of post-termination operating expenses, lost future business, and attorneys' fees relating to this litigation. Delaware law does not allow recovery for these types of damages in the context of the facts of this case. Accordingly, the court finds that Durkin is not entitled to recover the approximately $6.17 million in claimed post-termination expenses.

### 3. Costs That Durkin Avoided By Not Fully Performing the Contract

The City's breach caused Durkin to lose out on the unpaid portion of the agreed-upon contracted price. And, as noted above, Delaware law entitles Durkin to the loss in value under the contract caused by the City's breach. Durkin may not, however, recover the amount it would have cost Durkin to complete the job; keeping that money would put it in a better position than that which it bargained for. *Diversified Packing and Development Corp. v. Dore & Associates Contracting, Inc., et al.*, 2002 U.S. App. LEXIS 21346, at *399-400 (3d Cir. 2002) (citing McCormick, *Handbook on Law of Damages* §164 (1935)). Although Durkin did not address its

completion cost in its supplemental briefs, that cost must be calculated and deducted from its recovery. Here, the total adjusted contract price was $10,108,979.79. The City argues that Durkin's cost of completion was more than $2 million. The City's calculation relies on two assumptions, both of which come from uncontroverted testimony offered by Durkin at trial. First, Durkin established that it completed approximately 70% of the contract. Second, Durkin estimated its anticipated profit for the project at 8% of the contract price. Based on this evidence, the court finds that the cost of completing the last 30% of the project is $3,032,693.94 (30% of $10,108,979.79) less Durkin's anticipated profit of $242,615.51 (8% of $3,032,693.94), for a net completion cost of $2,790,078.42. Because Durkin avoided this cost by not having to perform the contract fully, it must be deducted from Durkin's expectation interest. Restatement (Second) of Contracts §347; *Diversified Packing*, 2002 U.S. App. LEXIS 21346 at *402.

Based on these values, Durkin's expectation interest is Durkin's loss of value due to the City's failure to perform, plus Durkin's other recoverable losses actually suffered due to the breach, less Durkin's loss avoided by not having to perform: $3,420,897.82 + (zero) – $2,790,078.42. Thus, the expectation interest to which Durkin is entitled for its breach of contract claim is $630,819.40.

### C. Motion for New Trial

The court has considered the various grounds on which a new trial may be granted. *Lightning Lube, Inc.*, 802 F. Supp. at 1186 (D.N.J. 1992), *aff'd* 4 F.3d 1153 (3d Cir. 1993). The court finds that none apply here. Accordingly, the City's motion for new trial is denied.

V.      CONCLUSION

Durkin is entitled to recover its expectation interest under Delaware law. Delaware law does not entitle Durkin to the jury's breach of contract damages award because the award exceeded Durkin's expectation interest. As discussed above, therefore, the court will grant the City's motion for judgment as a matter of law. Based on evidence adduced at trial, the court finds that Durkin's expectation interest was $630,819.40. The court will issue an order amending the jury's award accordingly.

Dated: April 9, 2008                                   CHIEF, UNITED STATES DISTRICT JUDGE

FILED

APR - 9 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DONALD M. DURKIN CONTRACTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, et al., <br><br> Defendants, <br><br> and <br><br> CITY OF NEWARK, et al., <br><br> Third-Party Plaintiff, <br><br> v. <br><br> DONALD M. DURKIN CONTRACTING, INC., AND FEDERAL INSURANCE COMPANY, <br><br> Third-Party Defendants. | C.A. No. 04-163 GMS |

## ORDER

For the reasons stated in the court's Memorandum Opinion of this same date, IT IS HEREBY ORDERED that:

1. The City's motion for judgment as a matter of law on the breach of contract damages award is GRANTED; and

2. The judgment as to breach of contract damages shall be amended to reflect judgment in favor of Durkin and against the defendant, City of Newark, in the amount of $630,819.40.

Dated: April 9, 2008

_____
CHIEF, UNITED STATES DISTRICT JUDGE

FILED
APR - 9 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE